## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, individually and on behalf all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                  Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Donna Wood, individually and on behalf of all others similarly situated, by her attorneys, Shavitz Law Group, P.A. and Outten & Golden LLP, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as exempt-classified Campaign Field Organizers or similarly titled positions ("FOs") for Defendant Mike Bloomberg 2020, Inc. ("Defendant or "Bloomberg"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.      On November 24, 2019, Mike Bloomberg announced his candidacy for President of the United States in the 2020 Presidential Election.

3.      As part of Mr. Bloomberg's national campaign, in or around January 2020, Defendant Bloomberg began hiring FOs throughout the United States.

4.      Because Mr. Bloomberg was late to enter the election, in order to attract employees to the FO and other campaign positions, Defendant guaranteed employment through the presidential election in November 2020, even if Mr. Bloomberg did not win the Democratic

nomination.  Specifically, Defendant promised FOs and other campaign employees, including but not limited to Field Organizers, Regional Organizing Directors, and Deputy Organizing Directors, that even if Mr. Bloomberg did not win the Democratic nomination, Defendant would pay for FOs and other campaign employees to support the Democratic nominee.  Defendant also promised to provide full employer-paid healthcare benefits to FOs and other campaign employees, and their spouses, partners and children.

5.      Many FOs and other campaign employees resigned or took leaves of absences from their then-current employment and many relocated to different cities and/or states in order to work for Defendant.

6.      On March 4, 2020, following Super Tuesday, Mike Bloomberg dropped out of the 2020 presidential race.

7.      Thereafter, in contravention of its promise of continued employment through November 2020 and in the face of a worldwide pandemic and likely global recession, Defendant terminated the vast majority of its FOs and other campaign employees.

8.      Defendant's termination of FOs and other campaign employees deprived them of promised income and health care benefits, leaving them and their families potentially uninsured in the face of a global pandemic.

9.      While employed for Defendant, FOs' primary duties included calling prospective voters nationwide to promote Mr. Bloomberg's candidacy for president and to recruit volunteers for phone banking and canvassing efforts.

10.     FOs regularly worked in excess of 40 hours per workweek.

11.     Bloomberg's policy was to uniformly classify FOs as exempt from the FLSA's overtime provisions and therefore to not pay FOs overtime wages.

12.     The primary duties of FOs do not fall under any of the exemptions to the FLSA.

13.     Defendant violated the FLSA by failing to pay FOs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

14.     Through the conduct described in this Collective and Class Action Complaint, Bloomberg fraudulently induced Plaintiff and FOs and other campaign employees to enter into employment with Bloomberg, and breached its contract with Plaintiff and FOs and other campaign employees to provide them with continued employment through the 2020 presidential election.

## THE PARTIES

### *Plaintiff*

15.     Plaintiff is an adult individual who worked as a FO for Defendant Bloomberg.

16.     Plaintiff is a covered employee within the meaning of the FLSA.

17.     A written consent form for Plaintiff is attached as Exhibit A.

### *Defendant Mike Bloomberg 2020, Inc.*

18.     Defendant Bloomberg is a Delaware corporation with its headquarters in New York.

19.     Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA.  Defendant had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

20.     Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated FOs.

21.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated FOs, including timekeeping, payroll, and other employment

practices that applied to them.

22.     Defendant applied the same employment policies, practices, and procedures to all FOs during the Relevant Period.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

24.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

26.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

27.     A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York, New York.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

28.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as FOs during the Relevant Period (the "FLSA Collective").

29.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Bloomberg and/or Bloomberg has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

30.     As part of its regular business practice, during the Relevant Period, Bloomberg

engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the

FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.    failing to pay Plaintiff and the members of the FLSA Collective overtime
           wages for hours that they worked in excess of 40 hours per workweek; and

      b.    misclassifying Plaintiff and the members of the FLSA Collective as exempt
           from the protections of the FLSA.

31.    Bloomberg is aware or should have been aware that federal law required them to

pay employees performing non-exempt duties, including Plaintiff and members of the FLSA

Collective, an overtime premium for hours worked in excess of 40 per workweek.

32.    Plaintiff and the FLSA Collective all perform or performed the same or similar

primary duty.

33.    Throughout their employment with Bloomberg, Plaintiff and the members of the

FLSA Collective consistently worked more than 40 hours per week.

34.    Bloomberg failed to pay Plaintiff and the members of the FLSA Collective any

overtime compensation for any of the hours worked over 40 in a workweek.

35.    Plaintiff and the FLSA Collective's primary duty was not management but rather

non-exempt job duties such as making phone calls nationwide to potential voters to promote Mr.

Bloomberg's candidacy for President of the United States and to recruit volunteers to aid in

phone banking and canvassing efforts for Mr. Bloomberg's campaign.

36.    Plaintiff and the FLSA Collective did not exercise a meaningful degree of

independent discretion with respect to the exercise of their duties and were required to follow the

policies, practices, and procedures set by Bloomberg.  Plaintiff and the FLSA Collective did not

have any independent discretionary authority to deviate from these policies, practices, and

procedures.

## <u>CLASS-WIDE FACTUAL ALLEGATIONS</u>

37.    Pursuant brings this claim as a class action pursuant to the Federal Rule of Civil Procedure 23.

38.    The putative class that Plaintiff seeks to represent is defined as:

Defendant's employees throughout the United States who were terminated on or after March 4, 2020 (the "Class").

39.    <u>Numerosity</u>:  Upon information and belief, the number of FOs employed by Defendant is in the thousands. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

40.    <u>Existence and Predominance of Common Questions</u>:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the Classes.  These common questions of law and fact include, without limitation:

a.    Whether Defendant contracted with Class Members to provide employment through November 2020.

b.    Whether Defendant failed to provide employment to Class Members through November 2020.

c.    Whether Defendant is liable to Class Members for fraudulent inducement into a contract.

d.    Whether Defendant is liable to Class Members for breach of contract.

e.    The proper formula for calculating damages owed to Plaintiff and putative Class Members as alleged herein.

41.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class she seeks to represent.  Defendant's conduct as alleged herein has caused Plaintiff and the putative Class Members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class she seeks to represent.

42.     <u>Adequacy</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class that she seeks to represent because Plaintiff's interests do not conflict with the interests of the members of the Class she seeks to represent.  Plaintiff has retained Counsel competent and experienced in complex class action litigation on behalf of employees and intends to prosecute this action vigorously.  Plaintiff and her Counsel will fairly and adequately protect the interests of the Classes.

43.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class.  Individualized litigation increases the delay and expense to all parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

44.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

45.     Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

46.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     Defendant Bloomberg engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

49.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Bloomberg.

52.     Bloomberg is an employer engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54.     Bloomberg failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

55.     Bloomberg has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

56.     As a result of Bloomberg's violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

57.     As a result of the unlawful acts of Bloomberg, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fraudulent Inducement**
**(Brought on behalf of Plaintiff and the Class)**

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Bloomberg made a misrepresentation of material fact by repeatedly stating, both verbally and in writing, that employees would be employed by Bloomberg through November 2020.  Specifically, Bloomberg promised paid employment with family, employer-paid healthcare benefits to FOs and other campaign employees through November 2020.

60.     Bloomberg made this misrepresentation in order to induce employees to quit their then-current employment and work for Bloomberg.

61.     Employees reasonably relied on Bloomberg's representations, to their economic peril, in leaving their jobs and working for Bloomberg.  In addition, based on Bloomberg's fraudulent representations about their length of employments, employees are left with potentially no healthcare in the face of a worldwide pandemic.

62.     But for Bloomberg's misrepresentation, employees would not have accepted employment with Defendant.

63.     Employees have been damaged by losing their jobs with Bloomberg approximately eight months early, losing their income, and losing their healthcare.

64.     Bloomberg's conduct amounts to such gross, wanton or willful fraud, dishonest and intentional non-disclosure of material facts as to involve a high degree of moral culpability, making it appropriate to deter Bloomberg from engaging in similar conduct in the future.

65.     For the foregoing reasons, the Court should award Plaintiff and the Class compensatory damages, costs, interests, punitive damages, exemplary damages, and attorneys' fees.

### THIRD CAUSE OF ACTION
### Breach of Contract
### (Brought on behalf of Plaintiff and the Class)

66.     Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

67.     Plaintiff and the Class and Bloomberg entered into a binding contract supported by adequate consideration, which obligated Bloomberg to employ FOs through November 2020.

68.     Bloomberg materially breached the contract by terminating thousands of employees in March 2020.

69.     As a direct result of Bloomberg's breach of contract, Plaintiff and the Class are entitled to damages to be proven at trial, pre-judgment interest, and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     A declaratory judgment that Defendant has violated the FLSA.

C.     Unpaid overtime pay, and an additional and equal amount as liquidated damages

pursuant to the FLSA and the supporting United States Department of Labor's regulations;

D.     Damages for fraudulent inducement and breach of contract;

E.     Pre-judgment interest and post-judgment interest as provided by law;

F.     Attorneys' fees and costs of the action;

G.     Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, NY                        Respectfully submitted,
        March 22, 2020

                                           /s/ Justin M. Swartz
                                           Justin M. Swartz
                                           **OUTTEN & GOLDEN LLP**
                                           685 Third Avenue, 25th Floor
                                           New York, NY 10017
                                           Telephone: 212-245-1000
                                           Facsimile: 646-509-2060
                                           jms@outtengolden.com

                                           Sally J. Abrahamson
                                           **OUTTEN & GOLDEN LLP**
                                           601 Massachusetts Avenue NW, Ste 200W
                                           Washington, D.C. 20001
                                           Telephone: 202-847-4400
                                           Facsimile: 202-847-4410
                                           sabrahamson@outtengolden.com

                                           Gregg I. Shavitz*
                                           Tamra Givens*
                                           **SHAVITZ LAW GROUP, P.A.**
                                           951 Yamato Road, Suite 285
                                           Boca Raton, FL 33431
                                           Telephone: (561) 447-8888
                                           Facsimile: (561) 447-8831
                                           gshavitz@shavitzlaw.com
                                           tgivens@shavitzlaw.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

***Attorneys for Plaintiff and the Putative Collective and Class***

*to apply for *pro hac vice* admission