

April 15, 2020

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:  *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

  Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter.  We write pursuant to the Court's Individual Rule of Practice 2(A)-(B) to request a pre-motion conference regarding Plaintiffs' anticipated motion for conditional certification of a collective and authorization of notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The parties have conferred regarding Plaintiffs' anticipated motion.  If the Court grants Plaintiffs leave to file, the parties request that Defendant have 30 days to respond to the motion, and that Plaintiffs be permitted to submit a reply within 30 days of Defendant's response.

**I.**  **Litigation History**

  Plaintiff Donna Wood filed a Class and Collective Action Complaint on March 23, 2020, alleging violations of the FLSA and additional common law claims.  ECF No. 1.  Specifically, Plaintiff Wood alleged that Defendant Mike Bloomberg 2020, Inc. ("the Campaign") violated the FLSA by misclassifying her and other similarly-situated Field Organizers as exempt from the law's overtime requirements and failing to pay them overtime compensation for the hours worked above 40 in a workweek.  *See id.*  A week later, on March 30, 2020, Ms. Wood filed a First Amended Class and Collective Action Complaint, joined by 49 additional Plaintiffs, adding state law wage-and-hour claims from seven states and additional common law claims.  ECF No. 29.  Including Ms. Wood, 95 individuals have joined this case as opt-in plaintiffs.  *See* ECF No. 50.

**II.**  **Factual Background**

  Prior to its abrupt and well-publicized mass layoff, the Bloomberg campaign employed thousands of Field Organizers in field offices throughout the country.  ECF No. 29 (1st Am. Compl.) ¶ 134.  Field Organizers worked very long hours and spent nearly all of their time contacting potential voters by phone or through in-person canvassing to generate support for the Campaign.  As explicitly stated in the Campaign's job postings, Field Organizers worked under the

New York 685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
Chicago 161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
San Francisco One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC 601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

The Honorable Gabriel W. Gorenstein
April 15, 2020
Page 2 of 3

direction of one or more Regional Organizing Directors ("ROD") in each field office and were further directed by state-level Directors and national campaign officials based in the Campaign's headquarters in New York, NY.

The Campaign uniformly classified all Field Organizers nationwide as exempt from the FLSA's overtime requirements and did not pay any wages for hours worked beyond 40 in a workweek. The Campaign also required Plaintiffs and Field Organizers to work well over 40 hours each week. Evidence accompanying Plaintiffs' motion will show that in accordance with the Field Organizer job posting requiring "long hours and weekends," Plaintiffs usually exceeded 70 hours per week and never received any pay or overtime wages for hours worked over 40 in a week.

All Bloomberg campaign Field Organizers performed the same job duty: contacting potential voters. The Field Organizer position did not require any specific education or training. Field Organizers spent the vast majority of their time in campaign offices speaking to voters by phone or canvassing assigned neighborhoods to speak with voters in person. Field Organizers were not managers and did not have authority to make decisions on any matters of significance with respect to campaign staffing, strategy, or operations. These decisions were made by officials in the Campaign's New York headquarters. They could not hire, fire, or discipline other employees, nor could they set other employees' schedules. Instead, all such decisions were made by a state Director or a Regional Organizing Director in the field office in accordance with the Campaign's policies and procedures.

### III.     Plaintiffs' Motion

Plaintiffs seek leave to file a motion for conditional certification of a collective and authorization of notice pursuant to Section 216(b) of the FLSA. Notice is necessary to facilitate the FLSA's "broad remedial purpose," *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), and to inform similarly-situated field organizers "of the pendency of the action and of their opportunity to opt-in as represented plaintiffs," *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). It is important for employees to receive notice early in order for the "intended benefits of the collection action . . . to accrue." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007). Timely notice "will facilitate swift and economic justice." *Lu v. Purple Sushi Inc.*, No. 19 Civ. 5828, 2020 WL 1303572, at *2 (S.D.N.Y. Mar. 19, 2020).

Courts in the Second Circuit employ a two-step approach when considering a motion for conditional certification. *Myers*, 624 F.3d at 554-55. At the initial "notice stage," plaintiffs must establish that other employees "may be similarly situated" to them. *Id.* at 555. "Nothing more is needed at this stage of the litigation." *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010). Plaintiffs can meet their burden "by making some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Myers*, 624 F.3d at 555 (quoting *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259 (11th Cir. 2008)). Plaintiffs face a "low standard of proof" and need only make a "modest factual showing" that they and others are similarly situated. *Id.* This is because "the purpose of [the] first

The Honorable Gabriel W. Gorenstein
April 15, 2020
Page 2 of 3

stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.*

Plaintiffs will easily meet their low burden to show that they and other Field Organizers are similarly situated with respect to their FLSA claims and their job duties by providing common corporate job descriptions, the declarations of at least 23 Field Organizers who worked at Campaign field offices in 15 different states, and the well-pled allegations of the First Amended Complaint.

First, Plaintiffs will demonstrate that they and Field Organizers nationwide are similarly situated with respect to their FLSA claims. Plaintiffs challenge the Bloomberg campaign's straightforward, uniform, and unlawful policy—its classification of all Field Organizers across the country as exempt from the FLSA's overtime requirements, and its subsequent failure to pay them overtime wages as required under 29 U.S.C. § 207(a)(1). Because all Field Organizers were subject to the same policy, were paid a salary, worked overtime hours, and were not paid overtime wages, they are similarly harmed by the same policy and seek the same relief.

Second, Plaintiffs will show that they and Field Organizers are similarly situated with respect to their job duties. In addition to their allegations in the First Amended Complaint, Plaintiffs will provide uniform nationwide Field Organizer job postings, declarations of at least 23 Field Organizers in 15 states stating that they performed the same non-exempt duties, and the Regional Organizing Director job posting, which states that the ROD position (not Field Organizers) perform the exempt duties of "managing" and "hiring, leading, training and mentoring." Courts routinely grant conditional certification where plaintiffs present similar job descriptions and other evidence of common job duties at the first step. *See, e.g., Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17 Civ. 3556, 2019 WL 1417125, at *2 (S.D.N.Y. Mar. 29, 2019) (plaintiffs established that collective members had "similar job requirements" with four declarations); *Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17 Civ. 261, 2019 WL 125888, at *3 (S.D.N.Y. Jan. 7, 2019) (same).[1]

Notice is especially important early in this litigation because Field Organizers are transient. Many moved to different cities and states to work for the Campaign. Some moved again following the Campaign's abrupt mass layoff. As time passes, it becomes harder to contact individuals and locate witnesses. Moreover, given the unprecedented impact of the Coronavirus pandemic on individuals' lives and living arrangements, prompt notice by mail, e-mail, and text message is especially appropriate here. We thank the Court for its attention to this matter.

Respectfully submitted,

Sally J. Abrahamson

cc:   Nicholas M. Reiter, Defendant's Counsel (via email)
      All Counsel of Record (via ECF)

---

[1] The evidence Plaintiffs will present is sufficient to satisfy even the second-stage standard recently announced by the Second Circuit. *See Scott v. Chipotle Mexican Grill, Inc.*, -- F.3d ---, 2020 WL 1541069, at *9 (2d Cir. Apr. 1, 2020).