

Advocates for Workplace Fairness

April 16, 2020

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter. We write in opposition to Defendant's letter motion, ECF No. 57, requesting the Court reconsider its decision to grant Plaintiffs leave to file their motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), ECF No. 52.

      Plaintiffs respectfully submit that the Court should not reconsider its order granting leave to file their motion for conditional certification. Defendant offers no reason why Plaintiffs' motion for conditional certification cannot be briefed simultaneously with Defendant's "anticipated" motion to dismiss, and decided in due course. Prompt notice is particularly important here where, in the face of a worldwide pandemic and recession, these recently terminated workers need a resolution of their claims for unpaid wages as swiftly as is reasonably possible, given the circumstances.

**I.    Expeditious Notice of the Collective Action is Necessary.**

      Early notice of a FLSA action is essential to facilitating putative opt-in plaintiffs' rights to join this action. *See Scott v. Chipotle Mexican Grill, Inc.*, --- F.3d ----, 2020 WL 1541069, at *8 (2d Cir. Apr. 1, 2020) (stating that the FLSA "establishes a '*right* . . . of any employee to become a party plaintiff to any such action'" (quoting 29 U.S.C. § 216(b))). Here, Field Organizers should receive notice early because it "will facilitate swift and economic justice." *Lu v. Purple Sushi Inc.*, No. 19 Civ. 5828, 2020 WL 1303572, at *2 (S.D.N.Y. Mar. 19, 2020). With the U.S. unemployment rate at approximately 20 percent,[1] Field Organizers have a particular urgency to recover unpaid wages owed to them because of the precarious financial situation they now face.

---

[1]    https://www.washingtonpost.com/business/2020/04/16/unemployment-claims-coronavirus/ (last visited on April 16, 2020).

New York  685 Third Avenue  25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
Chicago  161 N Clark Street  Suite 1600   Chicago, IL 60601   Tel (312) 809-7010   Fax (312) 809-7011
San Francisco  One California Street  12th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
Washington DC  601 Massachusetts Ave NW  Suite 200W   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

The Honorable Gabriel W. Gorenstein
April 16, 2020
Page 2 of 4

Staying Plaintiffs' motion for conditional certification "will substantially injure Plaintiffs. Delayed notice would make it more difficult to locate class and collective members, and delay in the progress of this action would itself constitute substantial injury to Plaintiffs." *Blum v. Merrill Lynch & Co.*, No. 15 CIV. 01636, 2015 WL 6685357, at *2 (S.D.N.Y. Oct. 22, 2015). Potential collective members are entitled to the earliest notice practicable so that they can choose whether to join the case and participate in the litigation. *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007).

Early notice also minimizes the number of potential plaintiffs who cannot be found because they have moved, which is a danger for this population, many of whom moved to work for Defendant and will likely move again now that they have been terminated. Similarly, a delay in notice will mean email addresses will become stale because people change their email addresses over time. Early notice also allows workers who are interested in protecting their rights to participate actively in doing so by assisting counsel with their ongoing fact investigation and otherwise.

**II.     There Is No Basis to Delay Briefing and Consideration of Plaintiffs' Motion.**

   **A.     Whether Defendant Will File a Motion to Dismiss Remains Speculative.**

Defendant seeks to stay briefing of Plaintiffs' motion based on the *possibility* that it will file a motion to dismiss months from now. As Defendant admits, it is merely "evaluating its defenses" and "anticipates filing" a motion. ECF No. 57 at 1. Because that motion may never be filed, Plaintiffs will be prejudiced if the Court stays briefing and consideration of their motion now. Defendant has not yet even initiated the required pre-motion process under Judge Swain's Individual Rules, which require that:

> prior to making a motion of any type . . . the parties must use their best efforts to resolve informally the matters in controversy. Such efforts must include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic . . . discussion of the matters. If a motion pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) is contemplated, the plaintiff . . . must indicate whether it wishes to amend the subject pleading prior to motion practice, and the parties must consider in good faith a stipulation permitting such amendment.

*See* Individual Practices of Judge Laura Taylor Swain ¶ 2(b)(i)(1)-(2). Until Defendant engages in this required process, its hypothetical motion does not provide any basis to stay briefing of Plaintiffs' motion, which the Court has already authorized.

Should Defendant seek to file a motion to dismiss along the lines it described in its letter, such a motion would be without merit. The Bloomberg campaign is unquestionably a covered employer under the FLSA—it employed thousands of employees who operated, traveled, placed telephone calls, and emailed across state lines; oversaw an interstate enterprise directed from its New York headquarters through the use of tools of commerce, including nationwide telephone

The Honorable Gabriel W. Gorenstein
April 16, 2020
Page 3 of 4

conference calls and emails; brought in revenue in the range of hundreds of millions of dollars through political contributions and purchases made in its online store; and it spent that revenue on its nationwide operations. *See* ECF No. 29 (First Am. Compl.) at ¶¶ 19-21, 134-39, 151. These facts demonstrate that Defendant is an "enterprise engaged in commerce or the production of goods for commerce," and/or that in Field Organizers' work for Defendant, they engaged in commerce or the production of goods. 29 U.S.C. § 203(s).

Moreover, if Defendant does eventually initiate the required pre-motion conference process and Plaintiffs determine that their complaint does not resolve the issues Defendant raises, Plaintiffs will have an opportunity to amend their complaint. *See* Individual Practices of Judge Laura Taylor Swain ¶ 2(b)(i)(1)-(2). Defendant would then have an opportunity to answer or move again. Potential opt-in plaintiffs should not have to wait until the end of this procedural wrangling to find out about this case and their opportunity to join it.

### B. Should Defendant File a Motion to Dismiss, the Court Should Consider the Parties' Motions Simultaneously and Decide Each in Due Course.

Even if Defendant eventually files a motion to dismiss, the Court should allow Plaintiffs' motion to be briefed and considered simultaneously with Defendant's motion. No efficiencies would be gained by staying Plaintiffs' motion. *See, e.g.*, *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187, 2014 WL 4593944, at *1 (S.D.N.Y. Sept. 15, 2014) (denying defendant's motion to dismiss and granting conditional certification based on employee affidavits). Motions for conditional certification of a collective and the authorization of notice regularly occurs at the very beginning of a case. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (describing framework and noting that first step is an "initial determination").

Because plaintiffs routinely request authorization to send notice early in a litigation, courts regularly consider motions for conditional certification before or simultaneously with motions to dismiss. *See, e.g.*, *Urata v. Amici 519 LLC*, No. 17 Civ. 3547, 2018 WL 3579850, at *1 (S.D.N.Y. July 25, 2018) ("Though not directly related, they are more efficiently decided in one order due to considerable overlap in the arguments forwarded by defense counsel."); *Martinez v. Bloomberg L.P.*, No. 17 Civ. 4555, 2017 WL 6988039, at *1 (S.D.N.Y. Dec. 7, 2017) (deciding motions for conditional certification and to dismiss simultaneously); *Kucher v. Domino's Pizza, Inc.*, No. 16 Civ. 2492, 2017 WL 2987214, at *1 (S.D.N.Y. Feb. 13, 2017) (deciding a motion for conditional certification and motion to dismiss simultaneously, and granting the former while denying the latter without prejudice for renewal after additional discovery); *Maximo v. 140 Green Laundromat*, No. 14 Civ. 6948, 2015 WL 4095248, at *1 (S.D.N.Y. July 7, 2015) (deciding a motion for conditional certification and a motion to dismiss simultaneously); *Hart v. Rick's Cabaret Int'l Inc.*, No. 09 Civ. 3043, ECF No. 79 (S.D.N.Y. Dec. 17, 2009) (same); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) (same).

Plaintiffs respectfully request that the Court follow this well-worn path here and permit briefing of Plaintiffs' motion to continue simultaneously with, or before, any potential motion to dismiss.

The Honorable Gabriel W. Gorenstein
April 16, 2020
Page 4 of 4

                                              Respectfully submitted,

                                              Sally J. Abrahamson

cc:      All Counsel of Record (via ECF)