# MEMORANDUM ENDROSED



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

April 15, 2020

**VIA ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

Nicholas M. Reiter

T 212.370.6296
F 212.307.5598
nmreiter@venable.com

Re:   *Donna Wood et al. v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ. (LTS) (GWG)
      Defendant's Response to Plaintiffs' April 15, 2020 Pre-Motion Conference Request

Dear Judge Gorenstein:

  This law firm and Proskauer Rose LLP are co-counsel to Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Bloomberg Campaign") in the above-referenced matter. In accordance with paragraph 2.B. of Your Honor's Individual Practices, we write in response to the Plaintiffs' April 15, 2020 pre-motion conference request for permission to move for conditional certification of a collective action and authorization of notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). We also write in light of the Court's endorsement memo issued a few hours after Plaintiff's pre-motion conference request in which the Court granted Plaintiffs leave to file their FLSA conditional certification motion. Defendant previously anticipated the opportunity to respond to Plaintiffs' pre-motion conference request within two business days from Plaintiffs' request letter. As stated herein, the Bloomberg Campaign respectfully requests the Court re-consider its decision and deny without prejudice Plaintiffs' request for leave to file their FLSA conditional certification motion.

  As a preliminary matter, the contemplated motion would be premature. The Bloomberg Campaign has not yet responded to the First Amended Complaint. Pursuant to a stipulation between counsel, Defendant's deadline to respond to the First Amended Complaint is June 1, 2020. *See* Stipulation, Dkt. No. 56. There are substantial questions about the viability of Plaintiffs' FLSA claim, including whether Plaintiffs have sufficiently pleaded facts to satisfy the interstate commerce requirement for overtime wages under federal law. Other federal courts have dismissed similar FLSA claims against federal election campaigns for this same reason. *See Johnson v. Trump for President, Inc.*, No. 19-CV-00475-T-02SPF, 2019 WL 2492122, at *5 (M.D. Fla. June 14, 2019); *Katz v. DNC Services Corp.*, No. 16-CV-5800, 2018 WL 692164, at *4 (E.D. Pa. Feb. 2, 2018).

  The Bloomberg Campaign is presently evaluating its defenses to the First Amended Complaint and anticipates filing before Hon. Laura T. Swain a motion for dismissal of the FLSA claim (among other claims) pursuant to Federal Rule of Civil Procedure 12(b)(6). In the interest

**VENABLE** LLP

Hon. Gabriel W. Gorenstein
April 15, 2020
Page 2

of judicial economy and efficiency, Defendant respectfully requests the Court: (1) deny without prejudice Plaintiffs' request for leave to file their FLSA conditional certification motion; and (2) grant Plaintiffs leave to re-file their FLSA conditional certification motion in the event the Court denies the Bloomberg Campaign's forthcoming motion for dismissal of the FLSA claim. *See, e.g., Perez v. Pinon Mgmt., Inc.*, No. 12-CV-00653-MSK-MEH, 2013 WL 792693 (D. Colo. Mar. 1, 2013) (denying without prejudice a motion for FLSA conditional certification because "efficiency and economy are best served by not reaching the issue of certification until the District Court has determined the validity of Plaintiff's claims"); *Stephens v. Farmers Rest. Grp.*, 291 F. Supp. 3d 95, 115 (D.D.C. 2018) (holding that conditional certification "would be unfair to Defendants, who have had no opportunity to test the sufficiency of these new allegations at the pleading stage").

Even assuming *arguendo* that the FLSA conditional certification motion would not be premature at this time, which it would be, the request for permission to file the motion should still be denied. In order to grant conditional certification, the named plaintiffs must establish that they are similarly situated to the potential collective action members for purposes of establishing a FLSA violation. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Where, as is the case here, employees' job duties are central to the ultimate question of overtime eligibility, the named plaintiffs must establish that their job duties were sufficiently similar to the job duties of the potential collective action members. *Augustyniak v. Lowe's Home Ctr, LLC*, 102 F. Supp. 3d 479 (W.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 555). Although Plaintiffs' burden for conditional certification "is low, it is not non-existent – certification is not automatic." *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465442, at *1 (S.D.N.Y. Jan. 27, 2014) (quoting *Romero v. H.B. Auto. Grp., Inc.,* No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (internal quotation marks omitted)).

Plaintiffs' pre-motion conference request relies upon several misstated facts relative to the standards above. For starters, different Bloomberg Campaign Field Organizers often performed different job duties as compared to one another. It is not difficult to contemplate that a Field Organizer in Colorado may have been responsible for different day-to-day tasks than a Field Organizer in Florida. Different regions of the Bloomberg Campaign's operations involved different work assignments in order to accomplish different organizational objectives. The same goes for the level of authority with which all Field Organizers were vested. Some Field Organizers had more autonomy than others.

Whether particular Field Organizers were exempt from overtime wages under the FLSA will likely require a fact-intensive analysis specific to each collective action member. In the event the FLSA claim can survive Defendant's forthcoming motion for dismissal, civil discovery will establish substantial variations between the primary job duties and decision-making authority for different Field Organizers. These differences undercut any suggestion of similarly situatedness and weigh against adjudication of the FLSA claim on a collective basis.



Hon. Gabriel W. Gorenstein
April 15, 2020
Page 3

    Defendant's request will not prejudice potential collective action members. As Plaintiffs acknowledged in their pre-motion conference request, this matter has been well-publicized and a substantial number of plaintiffs have already joined the action, even without court-authorized notice. There are no upcoming statutes of limitations for the FLSA claims, and if necessary, Defendant is willing to enter into a reasonable tolling agreement with Plaintiffs' counsel to avoid prejudice for any potential timeliness issues arising from the request herein. If conditional certification is later granted, Defendant is further willing to consent to distribution of the court-authorized notice via e-mail, which will mitigate any potential prejudice associated with potential collective action members who may change their primary residence. Balanced with considerations of judicial economy and efficiency, Defendants respectfully submit the Court should first consider as a threshold matter whether the FLSA claim will survive the pleading stage before considering whether to distribute court-authorized notice of the lawsuit as a collective action.

    For the foregoing reasons, the Bloomberg Campaign respectfully requests the Court issue an Order: (1) denying without prejudice Plaintiffs' request for leave to file their FLSA conditional certification motion; and (2) granting Plaintiffs leave to re-file their FLSA conditional certification motion in the event the Court denies the Bloomberg Campaign's forthcoming motion for dismissal of the FLSA claim.

                                                                                         Respectfully,

                                                                                        Nicholas M. Reiter

Plaintiffs' position, stated with consent and request of Plaintiffs' counsel:

    After the Court's endorsement memo issued earlier today, Defendant's counsel conferred with Plaintiffs' counsel about affording Defendant the opportunity to be heard on the pre-motion conference request. Although Plaintiffs were ready to file their motion earlier today, out of professional courtesy, they have agreed to refrain from re-filing their FLSA conditional certification motion until the Court rules on Defendant's response letter. For the reasons stated in Plaintiffs' letter, Plaintiffs contend that their motion is appropriate now, the Court's order granting them leave to file their motion was well-considered, that the Court should not rescind such permission, and that the briefing should proceed according to the proposed briefing schedule. Defendant consented to the briefing-schedule language that Plaintiffs included in their pre-motion letter.

cc:    Gregg I. Shavitz, Esq. (*via ECF*)
        Hannah Wynne Cole-Chu (*via ECF*)
        Michael C. Danna, Esq. (*via ECF*)



Hon. Gabriel W. Gorenstein
April 15, 2020
Page 4

      Michael J. Palitz, Esq. (*via ECF*)
      Sally J. Abrahamson, Esq. (*via ECF*)
      Justin M. Swartz, Esq. (*via ECF*)
      *Counsel for Plaintiffs Donna Wood et al.*

      Elise M. Bloom, Esq. (*via e-mail*)
      Rachel S. Philion, Esq. (*via e-mail*)
      *Counsel for Mike Bloomberg 2020, Inc.*

It appears defendant seeks to move to stay this litigation -- or perhaps to stay only the disposition of plaintiff's proposed motion.  In any event, the Court's pre-motion conference requirement for either motion is waived.  If filed, the briefing schedule shall be in accordance with paragraph 2.B of the Court's Individual Practices.  The Court notes that the docketing of this letter did not comply with paragraph 1.B of the Court's Individual Practices (sentence 3).  In the future, please be sure to comply.
So Ordered.
Dated: April 16, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge