

June 26, 2020

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter. We write to oppose Defendant's June 24, 2020 Letter, ECF No. 117, requesting the Court stay discovery, adjourn the July 6, 2020 Initial Case Management Conference, and relieve the parties from their obligation to hold a Federal Rule of Civil Procedure 26(f) conference prior to the July 6, 2020 Court Conference.

      Defendant fails to demonstrate there is good cause to stay discovery or to postpone the initial case management conference. As a preliminary matter, for the reasons outlined below, the Campaign's partial motion to dismiss is unlikely to succeed. Furthermore, as the Campaign concedes, Plaintiffs' state law claims are not subject to the Campaign's partial motion to dismiss, and therefore, will continue regardless of the outcome of that motion. ECF No. 117 at 4. As described below, Plaintiffs are amenable to progressive discovery that begins with negotiating an ESI protocol and the production of non-ESI documents, both of which will have to occur regardless of the outcome of Defendant's partial motion to dismiss. Finally, Plaintiffs will suffer prejudice if discovery is stayed because not only will it further delay the resolution of this case but, because the Bloomberg Campaign has now dissolved, the more time that passes, the harder it is will be to locate witnesses and address any spoliation issues.

      \*     \*     \*

      The Court should not stay discovery pending the outcome of Defendant's partial motion to dismiss. Even a motion to dismiss all of the claims in a case "does not automatically stay discovery." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, M.J.) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed" (citation omitted)). This is particularly true when the motion to dismiss, if successful, would not dispose of the entire case. *See, e.g.*, *Medina v. City of New York*, No. 19 Civ. 9412, 2020 WL 3050971, at \*2-3 (S.D.N.Y. June 8, 2020). In

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
Chicago  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
San Francisco  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

The Honorable Gabriel W. Gorenstein
June 26, 2020
Page 2 of 6

deciding a motion to stay discovery pending a motion to dismiss, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (quoting *Brooks v. Macy's, Inc.*, No. 10 Civ. 5304, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2020)). Each of these factors weighs against staying discovery here.

### A. Discovery Can be Conducted in Phases Which Obviates Any Perceived Burden to the Campaign.

Plaintiffs' state wage and hour claims are not subject to the Campaign's motion to dismiss, and, therefore, there is no reason to stay discovery on those claims. Even if the partial motion to dismiss were successful, which it will not be, the case will continue.

The parties should hold a Rule 26(f) conference to determine an efficient manner to proceed with discovery, starting with negotiating the ESI protocol and engaging in necessary discovery regardless of the pending partial motion to dismiss. *See Medina*, 2020 WL 3050971, at *3 (finding that defendant's arguments that all discovery should be stayed despite filing only a partial motion to dismiss had "no merit"); *see also OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (ordering the parties to hold a Rule 26(f) conference and engage in discovery notwithstanding an anticipated motion to dismiss because the complaint appeared to be "facially" sufficient). Here, the Campaign agrees it is able to negotiate an ESI protocol while its motion is pending . ECF No. 117 at 1-2. There is no reason that the parties should not, for example, come to a mutual understanding regarding the search methodologies, production formats, and expectations regarding cooperation and redactions.

Furthermore, Plaintiffs are amenable to phasing discovery. The parties should start with non-ESI document productions and interrogatories that would inform the parties about how to proceed with ESI; for instance, potential topics, sources, and custodians.

Finally, to the extent the Campaign views discovery on the state wage and hour claims as "narrow," ECF No. 117 at 4, it defies reason that discovery on the Fair Labor Standards Act ("FLSA") claim would be "burdensome," *id.* The state wage and hour claims and the FLSA claim almost completely overlap and rely on virtually the same evidence. *See Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740, 2016 WL 3221146, at *2 (S.D.N.Y. June 7, 2016) (noting that the discovery requirements for FLSA and state wage and hour claims does not vary much because the "operative facts underlying those claims are largely the same"). The overlapping nature of these claims further undermines Defendant's request to delay discovery.

### B. Plaintiffs Will Be Prejudiced by Delayed Discovery.

Plaintiffs will be prejudiced if discovery is stayed. The Bloomberg Campaign terminated Plaintiffs after promising them employment through November 2020. Relying on those fraudulent promises, Plaintiffs quit their jobs and forewent other job opportunities. Because Defendant reneged on its promise during a global pandemic and national recession, the vast majority of Plaintiffs have been unable to find employment. They are relying on this case

The Honorable Gabriel W. Gorenstein
June 26, 2020
Page 3 of 6

moving expeditiously to a resolution.

Moreover, as the Campaign noted in its Letter, Plaintiffs have concerns about the unique challenges to discovery because of the temporary nature of the Bloomberg Campaign. Because the Campaign is no longer operating, it likely no longer employs the necessary witnesses. Therefore, Plaintiffs may not be able to notice depositions or propound discovery on the witnesses by serving the Campaign. Rather, Plaintiffs may have to subpoena them for testimony and discovery. As time goes on, it will become more difficult to locate witnesses because they will move and/or change contact information, and the Campaign will no longer have up-to-date contact information.

Furthermore, while the Campaign represents it is complying with "its preservation obligations," inadvertent spoliation may occur. This is more likely to happen the more time that passes. And the more time that passes, the harder it will be to address. Likewise, while the Campaign may be complying in good faith with what it believes its preservation obligations to be, Plaintiffs may have a different view. This can be sorted out only through prompt conferral and negotiation.

      C.     **The Campaign's Motion to Dismiss is Likely to Fail.**

A motion to stay must be supported by "substantial arguments for dismissal." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72. The Campaign fails to make this "strong showing that [Plaintiffs'] claim is unmeritorious." *Id.* In fact, the Court will likely deny the Campaign's motion to dismiss in its entirety because Plaintiffs' Second Amended Complaint ("SAC") states claims for fraudulent inducement, promissory estoppel, and unpaid overtime wages under the FLSA, and adequately pleads class allegations. In light of the permissive pleading standard and the requirement that the Court draw every inference in favor of the non-moving party, Plaintiffs will succeed in showing that their complaint is properly pled. For these reasons, a stay of the proceedings is not appropriate.

      1.     **The Campaign is Covered by the FLSA.**

The Campaign is unquestionably a covered employer under the FLSA because, as Plaintiffs allege in the operative Complaint, it engaged in the sale of goods in competition with other sellers and had a gross volume of sales exceeding $500,000. 29 U.S.C. §§ 203(s)(1)(A)(i), (ii); *see also* SAC (ECF No. 86) ¶¶ 180-210. To date, the Campaign admits or does not dispute any of the facts relevant to this analysis: that it sold nearly $900,000 in merchandise online, that the sales were integral to its general operations, that it was in competition with other commercial sellers of similar products, and that it did not operate with any charitable, religious, or educational purpose. SAC (ECF No. 86) ¶¶ 180-210.

Despite these admissions, the Campaign makes several arguments against FLSA coverage, all of which are meritless. As Plaintiffs will explain in greater detail in their opposition brief to the Campaign's partial motion to dismiss, and recently explained in their reply brief in support of conditional certification pursuant to 29 U.S.C. § 216(b), ECF No. 114:

(1) the Campaign's volume of sales counts toward the FLSA's $500,000 threshold; and (2) even if the Campaign engaged in some activities analogous to those of charitable, religious, or educational entities, it also engaged in "ordinary commercial activities," "served the general public in competition with ordinary commercial enterprises," and operated with a "business purpose" sufficient to bring it within the ambit of the FLSA. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 297-99 (1985) (citing 29 C.F.R. § 779.214).

That the Campaign is a tax-exempt political organization is irrelevant to this inquiry because tax-exempt organizations engaged in commercial activity are covered by the FLSA. There is no exemption for political organizations. Notably, the Campaign fails to cite a single case supporting an exemption for political organizations. Even if the Court concludes that the Campaign is not an enterprise covered by the FLSA, which it is, Plaintiffs are individually covered by the FLSA because their work related to interstate commerce. Accordingly, Plaintiffs state a claim under the FLSA and the Court will likely deny the motion to dismiss this claim.

## 2. Plaintiffs State a Claim for Fraudulent Inducement.

Plaintiffs allege sufficient facts to state a claim for fraudulent inducement. First, a material representation pertaining to a future action is actionable where, as here, "a promise was actually made with a preconceived and undisclosed intention of not performing it." *Sabo v. Delman*, 3 N.Y.2d 155, 160 (N.Y. 1957) (citing *Adams v. Clark*, 329 N.Y. 403, 410 (1925)); *see also Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992) (representations regarding defendant's present securing of resources and planning were not future promises and supported fraud claim); *see also* SAC (ECF No. 86) ¶¶ 8, 13 (falsely stating that field office leases were signed through November 2020), 14 (falsely stating that Campaign was "building machine" to operate through November), 15 (falsely stating that committed resources to have offices "open till November").

Second, Plaintiffs' allegations give rise to a strong inference of fraudulent intent because they show that the Campaign "had both motive and opportunity to commit fraud." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). The Campaign had motive and opportunity to commit fraud because Mr. Bloomberg was mounting an aggressive bid for the nation's highest office and used his resources and sizable platform to carry it out. SAC (ECF No. 86) ¶¶ 9-10, 25-29. Importantly, allegations of intent may be "alleged generally," Fed. R. Civ. P. 9(b), and be "based on information and belief when facts are peculiarly within the opposing party's knowledge." *Trugman-Nash, Inc. v. New Zealand Dairy Bd.*, 942 F. Supp. 905, 924 (S.D.N.Y. 1996).

Third, Plaintiffs allege sufficient facts to show they reasonably relied on the Campaign's promise because, for example, the promise was repeated dozens of time by Campaign officials throughout the country, the promise was incorporated into a written interview guide, and Mr. Bloomberg pointed to his own vast personal wealth to confirm he could and would continue to employ Plaintiffs. SAC (ECF No. 86) ¶¶ 12-30, 38, 52, 56. Fourth, Plaintiffs allege a cognizable legal injury in that they left other employment to join the Campaign. SAC (ECF No. 86) ¶¶ 28, 54, 56, 81-179; *see also Hyman v. Int'l Bus. Machines Corp.*, No. 98 Civ. 1371, 2000

The Honorable Gabriel W. Gorenstein
June 26, 2020
Page 5 of 6

WL 1538161, at *3 (S.D.N.Y. Oct. 17, 2000) (holding that "leaving a former place of employment" is an injury unrelated to termination and sufficient to state a fraud claim); *Stewart*, 976 F.2d at 89.  In its letter, the Campaign fails to identify any specific reason why these allegations are insufficient and only states, in conclusory fashion, that Plaintiffs "do not satisfy any of the requisite elements."  Because Plaintiffs' allegations sufficiently plead a claim for fraudulent inducement, the Campaign's motion to dismiss this claim will likely fail.

### 3. Plaintiffs State a Claim for Promissory Estoppel.

Plaintiffs plead sufficient facts to state a claim for promissory estoppel.  Courts, in fact, *do* permit promissory estoppel claims in the employment context.  *See, e.g.*, *Katsoolis v. Liquid Media Grp., Ltd.*, No. 18 Civ. 9382, 2019 WL 4735364, at *4 (S.D.N.Y. Sept. 27, 2019)..  Further, just as with their fraudulent inducement claim, Plaintiffs' plead facts alleging reasonable reliance and unconscionable injury sufficient to survive a motion to dismiss.  SAC (ECF No. 86) ¶¶ 12-30, 38, 52, 54, 56, 81-179.  The Campaign's motion to dismiss this claim will likely fail.

### 4. Plaintiffs' Class Allegations Should Not be Stricken.

Plaintiffs also adequately plead class allegations.  As an initial matter, courts strongly disfavor striking class claims at the pleading stage.  *Chenensky v. New York Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) ("Motions to strike are generally looked upon with disfavor." (citation omitted)).  Granting such a motion is only appropriate where it addresses issues "separate and apart from the issues that will be decided on a class certification motion."  *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (internal quotation omitted).  Otherwise, discovery is necessary to evaluate suitability for class treatment.  *See Ironforge.com*, 747 F. Supp. 2d at 404.

In light of these considerations, a motion to strike class allegations is only appropriate where the Campaign can "demonstrate from the face of the Complaint that it would be *impossible* to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery."  *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 698 (S.D.N.Y. Mar. 31, 2015) (emphasis added).  The Campaign cannot meet that burden.  Class certification of common law claims is appropriate where, as here, "the misrepresentations relied upon were materially uniform, allowing such misrepresentations to be demonstrated using generalized rather than individualized proof."  *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1249 (2d Cir. 2002).  All Plaintiffs and putative Class Members were told the same promise, without variation, SAC (ECF No. 86) ¶¶ 12-30, and whether the statements were false will depend on common evidence from the Campaign's senior officials, which applies to all Class Members.  With respect to reliance, any differences in how each Class Member relied on the promise are irrelevant because whether reliance on the promise was reasonable is a common issue that depends on common facts.  For these reasons, the motion to strike class allegations will also likely fail.

\*   \*   \*

  We thank the Court for its attention to this matter.

              Respectfully submitted,

              Sally J. Abrahamson

CC: All Counsel of Record (via ECF)