![Proskauer logo] Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

# MEMORANDUM ENDORSED

June 24, 2020

<div style="float:right">
Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com
</div>

**VIA ECF AND FIRST CLASS MAIL**

The Honorable Gabriel W. Gorenstein
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Donna Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

     We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced action. In accordance with the Court's Individual Practices, the Campaign respectfully requests that the Court permit the Campaign to move for a stay of discovery pending a decision on the partial motion to dismiss filed by the Campaign. Because the Campaign believes that a stay of discovery is appropriate, it also seeks an adjournment *sine die* of the Initial Case Management Conference ("ICMC") currently scheduled for July 6, 2020, with a corresponding adjournment of the parties' obligations to participate in a Rule 26(f) conference and to file a proposed scheduling order. This is the Campaign's first request for an adjournment of the ICMC and the parties' related obligations.

     The Campaign has conferred in good faith with Plaintiffs' counsel regarding this request in accordance with Your Honor's Individual Practices, and have reached an impasse. Specifically, we first wrote to Plaintiffs' counsel via email on June 19, 2020 to ask whether they would consent to the Campaign's request or, alternatively, to schedule a time to meet and confer by telephone. On June 22, 2020 Plaintiffs' counsel responded that the parties should hold a Rule 26(f) conference and participate in the July 6 ICMC. On June 23, 2020, counsel for the Campaign (Elise Bloom, Rachel Philion, Mark Batten and Pinchos Goldberg of Proskauer Rose LLP, and Nick Reiter of Venable LLP) participated in a telephonic conference with counsel for Plaintiffs (Sally Abrahamson of Outten & Golden, LLP and Michael Palitz of Shavitz Law Group, P.A.) to discuss the Campaign's anticipated application. During the telephonic conference, which was approximately 22 minutes in duration, Plaintiffs' counsel stated that they would be willing to agree to a stay of discovery targeted to Plaintiffs' common law claims, but do not agree to a stay of discovery relating to Plaintiffs' wage and hour claims or to an adjournment of the ICMC and wished to also negotiate an ESI protocol. Following the conference, the Campaign sent an email to Plaintiffs' counsel requesting clarification of Plaintiffs' position. Plaintiffs' counsel responded with Plaintiffs' proposal that the parties negotiate an ESI protocol and engage in discovery relating to Plaintiffs' wage and hour claims, including ESI searching, while the motion to dismiss is pending. We then advised Plaintiffs' counsel that while the Campaign is willing to offer as a compromise to negotiate an ESI protocol

during the pendency of its dispositive motion, we do not agree to proceed with piecemeal discovery or ESI searches before the motion is decided, for the reasons discussed in further detail below. We informed Plaintiffs' counsel that the parties are at an impasse and the Campaign would file this letter with the Court.

**Request for a Pre-Motion Conference to Stay Discovery Pending Resolution of the Campaign's Dispositive Motion**

As an initial matter, the Campaign requests a pre-motion conference to address its anticipated motion for a stay of discovery pursuant to Fed. R. Civ. P. 26(c) pending a determination on the Campaign's partial motion to dismiss. In particular, on June 17, 2020, the Campaign moved for the dismissal of Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA"), as well as their common law claims for fraudulent inducement and promissory estoppel (the "Common Law" claims).[1] (Doc. Nos. 110-113.) Given that Plaintiffs purport to assert these claims on behalf of a putative nationwide collective and putative nationwide Rule 23 class, respectively, the Campaign's motion, if granted, will substantially narrow the scope of Plaintiffs' claims and unquestionably will impact the scope of discovery. Moreover, Plaintiffs have reserved their right to seek leave to further amend the Second Amended Complaint by July 17, 2020 in response to the Campaign's motion to dismiss and the Campaign may not even see the operative complaint in advance of the ICMC, which is currently scheduled for 11 days *before* the deadline for Plaintiffs to seek such leave.

A district court has considerable discretion to stay discovery under Rule 26 for good cause pending the determining of a dispositive motion. *See, e.g., O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS)(GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, J.). In determining whether to stay discovery pending a motion to dismiss, courts generally consider the following factors: (1) the strength of defendant's motion to dismiss; (2) the breadth of discovery; and (3) any prejudice that would result from a stay. *Id.; Hong Leong Fin. Ltd. (Singapore) v. Pinnace Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (Gorenstein, J.). All three factors militate in favor of stay of discovery here.

The Claims Subject to the Campaign's Pending Motion to Dismiss Are Unmeritorious

As to the first factor, a stay of discovery is warranted because the Campaign's pending motion presents "substantial arguments" for dismissal of Plaintiffs' FLSA and Common Law claims. *O'Sullivan*, 2018 WL 1989585, at *4. Plaintiffs were employed as field organizers for the Campaign beginning in January 2020. In connection with the commencement of their employment, Plaintiffs signed offer letters and were provided with an employee handbook for which they signed an acknowledgment form. All of the foregoing specifically stated that Plaintiffs' employment was "at will" and could be terminated "at any time." These documents also made clear that no statement varying the at-will nature of Plaintiffs' employment would be effective unless set forth in a signed writing from an authorized representative of the Campaign.

---

[1] Plaintiffs' Second Amended Complaint ("SAC") (Doc. No. 86) also asserts claims pursuant to various state wage-and-hour laws, which were not the subject to the Campaign's motion to dismiss.

A few weeks after Mr. Bloomberg withdrew from the race in March 2020, the Campaign terminated Plaintiffs' employment.  (*See* Dkt. No. 111.)

In the Second Amended Complaint, Plaintiffs allege that the Campaign misclassified them as exempt from the FLSA and failed to pay them overtime during the few weeks in which they were employed by the Campaign.  They also allege—notwithstanding their express acknowledgment of their at-will status—that they were "promised" continued employment through the general election in November 2020 regardless of whether Mr. Bloomberg won the Democratic nomination.  Plaintiffs' claims under the FLSA and Common Law claims are barred as a matter of law and should be dismissed in full for several independent reasons.

- Plaintiffs' FLSA claim fails at the outset because the FLSA does not, as a matter of law, apply to political campaign organizations like the Campaign.  Congress enacted the FLSA to regulate labor conditions in "industries engaged in commerce or in the production of goods for commerce," so as to prevent "unfair method[s] of competition" and employment practices that "burden[ ] commerce and the free flow of goods in commerce" and "interfere[ ] with the orderly and fair marketing of goods in commerce."  29 U.S.C. § 202.  The statute prescribes minimum wages and overtime requirements for such "industries," and makes it unlawful for any person to "ship, deliver, or sell in commerce, . . . any goods" produced in violation of those requirements.  29 U.S.C. §§ 206, 207, 215.  The Campaign is not such an enterprise.  It is a tax-exempt, nonprofit political advocacy organization.  The Campaign did not engage in any "industry" or the "marketing of goods in commerce," nor engage in "competition" with any businesses; it was formed for the sole purpose of advocating for the election of Michael Bloomberg to the Presidency. Plaintiffs, who were field organizers and other organizing employees of the Campaign's various state operations, were responsible for carrying that message to individual voters at the most grassroots level: engaging local voters, recruiting and managing volunteers, and performing "get out the vote" activities, including knocking on doors, posting yard signs, and making phone calls within their state, to share Mr. Bloomberg's ideas and philosophy and to urge his election to the Presidency.

- Plaintiffs' fraudulent inducement claim fails because Plaintiffs do not satisfy any of the requisite elements for such a claim: (i) they do not allege any material representation of any <u>present</u> facts, and instead rely only on purported <u>future</u> promises of continued employment, which are not cognizable; (ii) they do not allege any specific facts giving rise to a strong inference of fraudulent intent; (iii) they cannot establish reasonable reliance given the at-will nature of their employment; and (iv) they do not allege any legally cognizable injuries.

- Plaintiffs' promissory estoppel claim is equally meritless.  As a threshold matter, New York does not recognize promissory estoppel in the employment context.  Moreover, the Complaint does not satisfy the essential elements of reasonable reliance or an unconscionable injury.[2]

---

[2] The motion to dismiss also seeks, in the alternative, to strike the class allegations under Rule 23(d)(1)(D) with respect to the Common Law claims.  In the unlikely event that these claims withstand the motion to dismiss, which they should not, the Campaign also has made a strong showing that Plaintiffs' class allegations should be stricken

The Campaign's motion to dismiss, and case law cited therein, presents a strong showing in favor of dismissal of the claims asserted in the Second Amended Complaint under the FLSA and the Common Law claims. Accordingly, the first factor supports a stay of discovery pending a determination on the dispositive motion. *See, e.g., O'Sullivan*, 2018 WL 1989585, at *4-7 (granting motion to stay discovery pending resolution of defendants' motion to dismiss); *Hong Leong*, 297 F.R.D. 69 (same); *N.Y. by James v. Penn. Higher Educ. Assistance Agency*, No. 19-cv-9155 (ER), 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (staying discovery where defendant's arguments for dismissal "are not frivolous and constitute the 'strong showing' necessary to weigh in favor of stay"); *Spinelli v. Nat'l Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay of discovery warranted when "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss").

Discovery Would Be Broad and Burdensome

The second factor also weighs in favor of a stay. Discovery in this case is likely to be significantly burdensome given that Plaintiffs purport to bring: (i) FLSA misclassification claims on behalf of themselves and all similarly situated persons nationwide who work or have worked for the Campaign as "Field Organizers," or other "similar job titles" ("including but not limited to, State Directors of Outreach to the LGBTQ Community and State Directors of Outreach to the Latino Community"; and (ii) the Common Law claims on behalf of a putative Rule 23 class of "thousands" of "Field Employees throughout the United States." (SAC ¶¶ 217, 226-29 & n.1.) Moreover, discovery is likely to be highly individualized for the Common Law claims with respect to the alleged promises made to each of the Plaintiffs and the alleged opportunities they purportedly forewent to join the Campaign, and, for the wage and hour claims, with respect to the hours worked and duties performed by each of the Plaintiffs.

A stay of discovery therefore will prevent the parties from engaging in onerous and economically burdensome discovery—including but not limited to costly ESI, which Plaintiffs have stated they intend to seek—on claims and issues that ultimately may be unnecessary depending on the outcome of the Campaign's pending dispositive motion. Given the narrow scope of the state law claims that are not subject to the Campaign's pending motion, staying discovery on all claims will promote efficiency and reduce duplicative efforts for both parties. *See, e.g., Spinelli,* 2015 WL 7302266, at *2 ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable"); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) ("[I]n the event that only some of the causes are dismissed…by staying discovery now it will serve to substantially reduce the economic burden of full party discovery. By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated … ."); *Buffalo Emergency Assocs., LLP v. Unitedhealth*

---

because it is clear from the face of the Complaint that the Common Law claims are highly individualized and not suitable for class treatment. If granted, this prong of the motion would significantly narrow the scope of discovery on the Common Law claims to only Plaintiffs' individual claims, as opposed to a nationwide putative class.

*Grp., Inc.*, No. 19-cv-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020) (granting motion to stay discovery because defendants' pending motion to dismiss "may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.").

<u>No Prejudice Would Result from a Stay</u>

As to the third factor, a limited stay of discovery pending a determination on the Campaign's motion to dismiss will not be prejudicial to Plaintiffs. *See, e.g., O'Sullivan*, 2018 WL 1989585, at *9 (explaining that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). This is particularly true here where, according to Plaintiffs' own allegations, they were only hired temporarily for less than one year. During our telephonic meet and confer, Plaintiffs' counsel raised that the Campaign was a "temporary entity" but as we assured them, the Campaign is complying with its preservation obligations. Accordingly, any discoverable information that is available now still will be available after a stay is lifted pending a determination on the Campaign's motion. Moreover, the lack of prejudice is further demonstrated by the fact that this action was commenced less than three months ago, the parties are actively briefing on a reasonable agreed-upon schedule threshold legal issues that may drastically limit the scope of discovery, and the parties have not yet begun the discovery process. *See Giminez v. Law Offices of Hoffman & Hoffman*, No. 12-cv-0669 (JFB)(ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (no risk of unfair prejudice where action was in its "infancy" and no discovery had yet taken place); *Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy and the hearing date for the motion is less than two months away.").

**Request for an Adjournment of the ICMC**

In light of the foregoing, the Campaign also respectfully requests that the Rule 16 ICMC, which is currently scheduled for July 6, 2020 at 4:00 p.m., be adjourned *sine die* pending Your Honor's determination on the Campaign's anticipated motion to stay discovery. We further respectfully request that the Court grant a corresponding adjournment of the parties' obligations to participate in a Rule 26(f) conference and to submit a proposed scheduling order in advance of the ICMC.

\* \* \*

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF)

---

The Court's premotion conference requirement is waived. The briefing schedule shall be in accordance with paragraph 2.B of the Court's Individual Practices. While there is no stay in effect pending the briefing and decision on the motion for a stay, the Court directs the parties to attempt to agree on a phased discovery schedule in an effort to postpone the most burdensome aspects of discovery. The pretrial conference will proceed on July 6, 2020, unless the parties agree to an adjournment. The parties may also agree to postpone the date of the filing of the Rule 26(f) plan.
So Ordered.
Dated: June 29, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge