## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PROPOSED SCHEDULING ORDER** |
| ALEXIS SKLAIR, STERLING RETTKE, NATHANIEL BROWN, BRIAN GILES, JOCELYN REYNOLDS, AND CARYN AUSTEN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>MIKE BLOOMBERG 2020, INC., AND MICHAEL BLOOMBERG<br><br>Defendants. | 20 Civ. 2495 (LTS) (GWG)<br><br>**PROPOSED SCHEDULING ORDER** |

1. **Appearances of Parties**:

| Plaintiffs' Counsel | Defendants' Counsel |
| --- | --- |
| Michael Palitz<br>SHAVITZ LAW GROUP, P.A.<br>800 3rd Avenue, Suite 2800<br>New York, NY 10022<br>Telephone: (800) 616-4000<br>mpalitz@shavitzlaw.com<br><br>Justin M. Swartz<br>Michael Danna<br>OUTTEN & GOLDEN LLP<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: 212-245-1000<br>jms@outtengolden.com<br>mdanna@outtengolden.com<br><br>Sally J. Abrahamson<br>Hannah Cole-Chu<br>OUTTEN & GOLDEN LLP<br>601 Massachusetts Avenue NW, Ste 200W<br>Washington, D.C. 20001<br>Telephone: 202-847-4400<br>sabrahamson@outtengolden.com<br>hcolechu@outtengolden.com<br><br>Gregg I. Shavitz<br>Tamra Givens<br>SHAVITZ LAW GROUP, P.A.<br>951 Yamato Road, Suite 285<br>Boca Raton, FL 33431<br>Telephone: (561) 447-8888<br>gshavitz@shavitzlaw.com<br>tgivens@shavitzlaw.com<br><br>Ilann Maazel<br>David Berman<br>EMERY CELLI BRINCKERHOFF &<br>ABADY LLP<br>600 Fifth Avenue, 10th Floor<br>New York, NY 10003 | Elise M. Bloom<br>Rachel S. Philion<br>Pinchos N. Goldberg<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>Telephone:  212.969.3000<br>ebloom@proskauer.com<br>rphilion@proskauer.com<br>pgoldberg@proskauer.com<br><br>Mark W. Batten<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, Massachusetts 02110<br>Telephone:  617.526.9850<br>mbatten@proskauer.com<br><br>Nicholas M. Reiter<br>VENABLE LLP<br>1270 Avenue of the Americas, 24th Floor<br>New York, New York 10020<br>Telephone: 212.307.5500<br>nmreiter@venable.com |

| | |
|---|---|
| 212-763-5000<br>imaazel@ecbalaw.com<br>dberman@ecbalaw.com<br><br>Peter Romer-Friedman<br>Gupta Wessler PLLC<br>1900 L Street, NW, Suite 312<br>Washington, DC 20036<br>202-888-1741<br>peter@guptawessler.com | |

2. **Statement of Issues**:

**Plaintiffs' Position**

Plaintiffs in these cases are Field Organizers ("FOs"), Regional Organizing Directors ("RODs"), and Deputy Organizing Directors ("DODs") (collectively, "Field Employees") who worked for Defendant Mike Bloomberg 2020, Inc. ("the Campaign") to assist in Michael Bloomberg's campaign to become president of the United States. Michael Bloomberg personally is an additional Defendant in the *Sklair* matter.

Plaintiffs filed these cases to address two primary issues. First, they seek redress for the Campaign and Mr. Bloomberg falsely promising that all Bloomberg campaign field staffers would have the opportunity to perform both primary and general election work, whether the nominee was Mr. Bloomberg or another candidate, and then terminating the staffers in March 2020. Plaintiffs in both *Sklair* and *Wood* bring fraudulent inducement and promissory estoppel claims challenging this. ECF No. 86 (Second Amended Complaint ("SAC")) ¶¶ 415-32 (*Wood*); ECF No. 36 (*Sklair* First Amended Complaint) (¶¶ 117-36).

Second, the *Wood* matter also asserts the Campaign violated the FLSA and various other state labor laws by misclassifying FOs as exempt from the law's overtime requirements, failing

3

to pay them overtime compensation for the hours worked above 40 in a workweek, and violating other state labor law requirements.  *See id.* ¶¶ 314-414 ("Wage Claims").  As of July 9, 2020, 150 individuals, including Ms. Wood, have already joined the *Wood* case as opt-in plaintiffs to prosecute their FLSA overtime claims collectively.  *See* ECF No. 91.

**Defendants' Position**

Plaintiffs' claims in the *Wood* and *Sklair* cases lack merit and, with the exception of the state law wage and hour claims of certain Plaintiffs in the *Wood* case which are not subject to immediate dismissal based on the pleadings, should be dismissed outright.  Plaintiffs were employed at will.  Upon their hire by Defendant Mike Bloomberg 2020, Inc. (the "Campaign"), Plaintiffs signed multiple documents—including an offer letter and acknowledgment form to the Campaign's employee handbook—in which they acknowledged that their employment was "at will" and could be terminated "at any time."  These documents also made clear that no statement varying the at-will nature of Plaintiffs' employment would be effective unless set forth in a signed writing from an authorized representative of the Campaign, which neither happened nor is alleged to have happened.

Plaintiffs now allege—notwithstanding their express acknowledgment of their at-will status—that they were "promised" continued employment through the general election in November 2020 regardless of whether Mr. Bloomberg won the Democratic nomination.  They assert common law claims for fraudulent inducement and promissory estoppel premised on that alleged "promise" in both cases, and also assert an overtime claim under the FLSA in *Wood*.

As set forth more extensively in the Campaign's pending motions to dismiss pursuant to Fed. R. Civ. 12(b)(6),[1] Plaintiffs' fraudulent inducement claim fails as a matter of law because Plaintiffs do not satisfy any of the requisite elements for such a claim: (i) their claims are based solely only on purported future promises of continued employment, which are not cognizable; (ii) they do not allege any specific facts giving rise to a strong inference of fraudulent intent, as Rule 9(b) requires; (iii) they cannot establish reasonable reliance as a matter of law given the "at will" nature of their employment; and (iv) they do not allege any legally cognizable injuries. Plaintiffs' promissory estoppel claim is equally meritless because (i) New York does not recognize promissory estoppel in the employment context, and (ii) Plaintiffs cannot satisfy the essential elements of reasonable reliance or an unconscionable injury.

The *Wood* Plaintiffs' FLSA claim similarly fails because the FLSA does not, as a matter of law, apply to political campaign organizations like the Campaign or to the Plaintiffs individually because they did not engage in interstate commerce. The *Wood* Plaintiffs also are not entitled to recovery under the FLSA or any state wage-and-hour statutes because, among other reasons, their duties rendered them exempt from the overtime provisions of all applicable laws.

Finally, Plaintiffs' common law claims in both cases will require highly individualized inquiries into each putative class member's communications with the Campaign, state of mind, and purported injuries, which will predominate over any claimed common issues of fact that could be decided for the class. Accordingly, Plaintiffs' class allegations with respect to their common law claims should be stricken.

---

[1] In response to the Campaign's motion to dismiss the initial complaint in *Sklair*, the Plaintiffs in that case filed an Amended Complaint on July 6, 2020. Defendants anticipate filing a motion to dismiss the Amended Complaint based on similar grounds.

3. **<u>Proposed Schedule</u>**:

    a. <u>Dates by which Parties can Propound Initial Document Requests and Initial Interrogatories</u>

The parties agree to serve initial disclosures concerning the Named Plaintiffs by August 3, 2020. The parties also agree to propound initial document requests and interrogatories by August 14, 2020.

    i. **Plaintiffs Propose**: Plaintiffs propose the parties commence with written discovery and interrogatories with respect to Defendants' employment policies and practices (including, but not limited to, general employment policies and practices, Campaign staff call outlines, general interview forms, and talking points generated by Defendant), and the hiring, onboarding, job duties, and termination of Plaintiffs and opt-in *Wood* Plaintiffs with state wage and hour claims. Similarly, Defendant's discovery would commence with Named Plaintiffs (and in the *Wood* matter, Named Plaintiffs who are class representatives).

Plaintiffs also anticipate starting electronic discovery and negotiating an ESI protocol with Defendant. The parties will be able to identify relevant ESI custodians and work cooperatively to determine how and when to search their electronic files for relevant documents. As part of their forthcoming discovery requests, Plaintiffs will seek the production of the Bloomberg electronic mailboxes of certain named Plaintiffs, the review of which will shed light on relevant custodians and categories of relevant and responsive ESI. The goal of searching and assessing this narrowly targeted ESI is to advance ESI discovery in a proportional, staged approach. There are little to no efficiencies to be gained by handling all ESI at once rather than in stages, due to universal practices such as de-duplication and email threading. As such, Plaintiffs' proposal aims to proportionally streamline the Parties' initial fact-finding steps.

Plaintiffs will oppose any motion to stay because there is no good cause to do so. As a preliminary matter, Defendants' motions to dismiss are unlikely to succeed. Furthermore, as the Campaign concedes, Plaintiffs' state law claims are not subject to the Campaign's partial motion to dismiss, and therefore, will continue regardless of the outcome of that motion. ECF No. 117 at 4. Plaintiffs will also suffer prejudice if discovery is stayed because the Bloomberg Campaign has now dissolved, and the more time that passes, the harder it is will be to locate witnesses and address any spoliation issues.

          ii.  **Defendants Propose**: Defendants propose that the parties propound by August 14, 2020 limited written discovery concerning the Named Plaintiffs directed at their hiring/onboarding with the Campaign. With respect to the *Wood* action only, the Campaign proposes additional written discovery concerning the Named Plaintiffs and a limited number of opt-in plaintiffs (whose state law wage and hour claims are not the subject of the Campaign's motion to dismiss), directed at their state wage and hour claims. To the extent Plaintiffs intend to serve written discovery concerning all opt-in plaintiffs in *Wood*, as they seemingly indicate above, Defendants object to this aspect of their proposal on the grounds that it is overly broad and unduly burdensome and not proportionate to the needs of the case.

While Defendants are willing to negotiate an ESI protocol with Plaintiffs, Defendants contend that any further discovery—including commencing with onerous and time-consuming discovery of electronically stored information ("ESI") as proposed by Plaintiffs, the burden of which will fall disproportionately on Defendants—should be stayed until after Defendants' motions to dismiss in both actions are resolved by the Court. If granted, Defendants' motions will result in the dismissal of all of the claims in *Sklair* and the dismissal of all claims other than the state wage and hour claims in *Wood*. Given that the legal issues in dispute will drive the

scope of discovery, a stay of discovery will prevent the parties from engaging in burdensome discovery on claims and issues that ultimately may be unnecessary depending on the outcome of the Campaign's pending dispositive motion.  A stay will simplify and streamline discovery to focus only on the claims that have been established as potentially viable.

Plaintiffs also offer no basis for their argument that the termination of the campaign somehow makes discovery more urgent.  The Campaign has preserved documents and other discoverable materials.  Nor is there any reason to believe that witnesses are any less available today than they have been since March, when the campaign ended, or that their availability will be materially diminished if discovery awaits the outcome of the Campaign's pending motions.

Defendants will file motions to stay in both cases by July 20, 2020.

Notwithstanding that discovery may be rendered unnecessary all together in *Sklair* and/or substantially reduced in scope in *Wood*, Plaintiffs seek to begin substantive ESI discovery and suggest doing so in a piece-meal approach that will include, *inter alia*, running test searches over certain custodians.  However, Plaintiffs ignore that this proposal will require the parties to expend significant time and resources in connection with identifying ESI custodians, collecting relevant data sources for these custodians, engaging a vendor to host the data, processing the data, and negotiating of search terms and search parameters, among other interim steps, when the parties do not yet know what the potential scope of discovery will be (and with respect to the *Sklair* case, whether there will be a need for any discovery at all).  For example, de-duplication and email threading will more efficient when the relevant universe of ESI is located, as opposed to the emails of a few named Plaintiffs.  If anything, Plaintiffs' proposal only underscores how burdensome discovery in this case is likely to be, particularly with respect to ESI.

    b. Deadline for Joining Parties or Filing Amended Pleadings

        i. **Plaintiffs Propose**: If the Court approves Plaintiffs' Motion for Conditional Certification of a Collective, ECF No. 32, 60 days after the opt-in period closes. If the Court denies, Plaintiffs' Motion, 30 days after the Order is issued. Plaintiffs in the *Sklair* matter have no conditional certification motion, but propose that they track the *Wood* matter so the cases can proceed on parallel tracks.

        ii. **Defendants Propose**: The Campaign proposes that with respect to the *Wood* action, if the Court approves Plaintiffs' Motion for Conditional Certification of a Collective, Plaintiffs must move for leave within 30 days after the opt-in period closes for the purpose of adding state law wage and hour claims (for states represented by future opt-ins) only. With respect to *Sklair* and *Wood*, other than as set forth above, Defendants propose a deadline of October 1, 2020.

    c. Names of Non-Expert Witnesses Expected at this Time to be Deposed (if Known)

        i. **Plaintiffs**: Plaintiffs anticipate deposing the following witnesses, among others, prior to the close of discovery: (1) Michael Bloomberg; (2) Campaign Manager Kevin Sheekey; (3) Senior Advisor Tim O'Brien; (4) the States Director for the Campaign Dan Kanninen; and (5) Human Resources Recruiter Catherine Whelan; (6) other national, regional or state hiring managers or other officials who spoke with Plaintiffs about working with the Campaign and/or Bloomberg or have knowledge about the statements made by the Campaign and/or Bloomberg about the staffers' work. Plaintiffs further object to Defendants' characterization with respect to the propriety of deposing Bloomberg, Sheekey, and O'Brien. As a preliminary matter, the issue is not ripe for the Court's consideration. Further, contrary to Defendants' representations, Plaintiffs allege specific statements each of these individuals made

that are relevant to Plaintiffs' claims.  However, Plaintiffs are not limited to deposing only individuals who are listed in their complaints.

        ii.  **Defendants**: Defendants anticipate deposing the Plaintiffs, and reserve all rights to identify additional deponents, including members of the putative class and collective.  With respect to the depositions Plaintiff has identified, Defendants also object to Plaintiffs' stated intent to seek the depositions of Michael Bloomberg Campaign Manager Kevin Sheekey, and senior advisor Tim O'Brien, and reserve all rights, including but not limited to moving for a protective order.  As underscored by Plaintiffs' allegations in both cases, none of these individuals is alleged to have made promises to Plaintiffs; oversaw State operations; or supervised the day to day job responsibilities of Plaintiffs and thus do not have any unique first-hand relevant knowledge.  At the very least, Plaintiffs must first seek information from other individuals who may have relevant knowledge regarding the parties' claims and defenses prior to pursuing any depositions from Messrs. Bloomberg, Sheekey, and O'Brien.

        iii.  The parties agree that they will meet and confer regarding the scope of Rule 30(b)(6) deposition(s).

    d.  <u>Date by Which Non-Expert Discovery Shall be Completed</u>: Ten months after the Court's decision on Plaintiffs' Motion for Conditional Certification of a Collective, *Wood* ECF No. 32, and/or Defendant's Motion to Dismiss, *Wood* ECF No. 110, or Defendants' renewed Motion to Dismiss the First Amended Complaint in *Sklair*, whichever comes last.

    e.  <u>Expert Discovery</u>:

        i.  <u>Anticipated Fields of Expert Testimony</u>: Calculation of Damages.  The parties do not yet know at this stage of the litigation whether they will also engage merits experts.

10

   ii. <u>Expert Disclosure and Report Deadline</u>: 45 days after close of fact discovery.

   iii. <u>Rebuttal Report Deadline</u>: 45 days after the initial disclosure and report deadline.

   iv. <u>Expert Deposition Deadline</u>: 45 days after the rebuttal report.

  f. <u>Date by when Pre-Trial Motions Will be Filed:</u> A month after the expert deposition deadline. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

 **4. Statement of Limitations to be Placed on Discovery**

 The parties anticipate entering into a proposed confidentiality order and are in the process of negotiating an ESI protocol. Furthermore, the parties have agreed to phase discovery as follows: The parties will negotiate an ESI protocol. The parties also will commence with non-ESI document productions and interrogatories that will inform the parties about how to proceed with ESI. Specifically, the parties will propound and respond to limited written discovery.

  a. **Plaintiffs Propose**: Plaintiffs propose the parties commence with written discovery and interrogatories with respect to Defendant's employment policies and practices (including, but not limited to, general employment policies and practices, Campaign staff call outlines, general interview forms, and talking points generated by Defendant), and the hiring, onboarding, job duties, and termination of Plaintiffs and opt-in *Wood* Plaintiffs with state wage and hour claims. Plaintiffs also propose that the parties negotiate an ESI protocol and commence ESI discovery, working cooperatively to reach an agreed upon process and identify the relevant custodians and timing of searches and production.

      b. **Defendants Propose**: Defendants propose written discovery be limited to discovery concerning the Named Plaintiffs directed at their hiring/onboarding with the Campaign, and with respect to the *Wood* Plaintiffs and a limited number of opt-in plaintiffs whose state law wage and hour claims are not the subject of the Campaign's motion to dismiss, discovery directed at their state wage and hour claims. The Campaign will produce the Named Plaintiffs' hiring/onboarding documents, personnel files and, for *Wood* only, payroll records. The Campaign also will produce general employment policies and practices applicable to the Named Plaintiffs, which shall include the Employee Handbook Policies & Procedures; Code of Conduct; Confidentiality, Non-Interference and Invention Assignment Agreements; and Prevention of Coordination Policy.

5. **Description of Discovery Issues**

The parties' respective positions regarding limitations on discovery are outlined in section 4.

6. **Anticipated Length of Trial**

The parties are not in a position yet to accurately anticipate the length of trial, but estimate it would take at least two weeks.

7. **Statement Regarding Mediation**

Plaintiffs remain open to engaging in settlement discussions with the assistance of a mediator at any stage of the litigation. Defendants believe it is unlikely that mediation would be productive at this stage in the litigation.

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as

soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

Dated: July 14, 2020
      New York, New York

By: */s/ Sally J. Abrahamson*
      Sally J. Abrahamson

**OUTTEN & GOLDEN LLP**
Sally J. Abrahamson
Hannah Cole-Chu (admitted *pro hac vice*)
601 Massachusetts Avenue NW, Ste 200W
Washington D.C. 20001
Telephone: 202-847-4400
Fax: (646) 509-2060
sabrahamson@outtengolden.com
hcolechu@outtengolden.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael C. Danna
685 Third Avenue, 25th Floor
New York, New York 10017
Fax: (646) 509-2060
jms@outtengolden.com
mdanna@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Tamra Givens
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com

By: */s/ Elise M. Bloom*
      Elise M. Bloom

**PROSKAUER ROSE LLP**
Elise M. Bloom
Rachel S. Philion
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
rphilion@proskauer.com

**VENABLE LLP**
Nicholas M. Reiter
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 307-5500
Fax: (212) 307-5598
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

13

tgivens@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

*Attorneys for Wood Plaintiffs and
the Putative Collective and Classes*

**EMERY CELLI BRINCKERHOFF
& ABADY LLP**
 /s/
Ilann M. Maazel
David Berman

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000


**GUPTA WESSLER PLLC**

Peter Romer-Friedman

1900 L Street, NW, Suite 312
Washington, DC 20036
Phone: (202) 888-1741

*Attorneys for Sklair Plaintiffs and the Putative
Class*

SO ORDERED:

14