UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, *et al*., individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br>   v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                   Defendant. | 20 Civ. 2489 (KMW) (GWG) |
| ALEXIS SKLAIR, STERLING RETTKE, NATHANIEL BROWN, BRIAN GILES, JOCELYN REYNOLDS, AND CARYN AUSTEN on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br>-vs.-<br><br>MIKE BLOOMBERG 2020, INC., AND MICHAEL BLOOMBERG<br><br>                   Defendants. | 20 Civ. 2495 (KMW) (GWG) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
<u>LIMITED MOTION TO STAY DISCOVERY</u>**

- i -

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 3

I.      There is No Live Dispute Regarding the Scope of Discovery. .......................................... 3

II.     Plaintiffs Will Be Prejudiced by Delayed Discovery. ........................................................ 4

III.    The Campaign's Motion to Dismiss Is Likely to Fail. ....................................................... 7

        A.     Plaintiffs State a Claim for Fraudulent Inducement. .............................................. 7

        B.     Plaintiffs State a Claim for Promissory Estoppel. .................................................. 9

        C.     The Campaign Is Covered by the FLSA. ............................................................... 9

        D.     Plaintiffs Adequately Plead Class Allegations. .................................................... 10

CONCLUSION ........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                              **Page(s)**

*Brooks v. Macy's, Inc.*,
   No. 10 Civ. 5304, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010) ............................................... 3

*Chen-Oster v. Goldman, Sachs & Co.*,
   877 F. Supp. 2d 113 (S.D.N.Y. 2012) ....................................................................................... 10

*Chenensky v. New York Life Ins. Co.*,
   No. 07 Civ. 11504, 2011 WL 1795305 (S.D.N.Y. Apr. 27, 2011) ........................................... 10

*Cole-Hoover v. N.Y. Dep't of Corr. Servs.*,
   No. 02 Civ. 826, 2012 WL 13000661 (W.D.N.Y. Oct. 10, 2012) ............................................. 5

*Drexel Burnham Lambert Grp. v. Microgenesys, Inc.*,
   775 F. Supp. 660 (S.D.N.Y 1991) ............................................................................................. 8

*Flood v. Carlson Rests. Inc.*,
   No. 14 Civ. 2740, 2016 WL 3221146 (S.D.N.Y. June 7, 2016) ................................................ 6

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
   297 F.R.D. 69 (S.D.N.Y. 2013) ............................................................................................. 3, 7

*Hyman v. Int'l Bus. Machines Corp.*,
   No. 98 Civ. 1371, 2000 WL 1538161 (S.D.N.Y. Oct. 17, 2000) ........................................... 8, 9

*Ironforge.com v. Paychex, Inc.*,
   747 F. Supp. 2d 384 (W.D.N.Y. 2010) .................................................................................... 10

*Katsoolis v. Liquid Media Grp., Ltd.*,
   No. 18 Civ. 9382, 2019 WL 4735364 (S.D.N.Y. Sept. 27, 2019) ............................................. 9

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
   No. 10 Civ. 1899, 2014 WL 1245053 (N.D. Ill. Mar. 26, 2014) ............................................... 5

*Mayfield v. Asta Funding, Inc.*,
   95 F. Supp. 3d 685 (S.D.N.Y. Mar. 31, 2015) ......................................................................... 10

*Medina v. City of New York*,
   No. 19 Civ. 9412, 2020 WL 3050971 (S.D.N.Y. June 8, 2020) ................................................ 3

*Mirra v. Jordan*,
   No. 15 Civ. 4100, 2016 WL 889559 (S.D.N.Y. Mar. 1, 2016) .................................................. 3

*Moore v. PaineWebber, Inc.*,
   306 F.3d 1247 (2d Cir. 2002) ................................................................................................... 11

*Moran v. Flaherty*,
    No. 92 Civ. 3200, 1992 WL 276913 (S.D.N.Y. Sept. 25, 1991) ............................................... 3

*Moss v. Hollis*,
    No. 90 Civ. 177, 1990 WL 138531 (D. Conn. June 29, 1990) ................................................... 5

*Pearce v. Manhattan Ensemble Theater, Inc.*,
    528 F. Supp. 2d 175 (S.D.N.Y. 2007) ......................................................................................... 9

*Sabo v. Delman*,
    3 N.Y.2d 155 (N.Y. 1957) ........................................................................................................... 8

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994) ........................................................................................................ 8

*Stewart v. Jackson & Nash*,
    976 F.2d 86 (2d Cir. 1992) ..................................................................................................... 8, 9

*Tony & Susan Alamo Found. v. Sec'y of Labor*,
    471 U.S. 290 (1985) .................................................................................................................. 10

*Trugman-Nash, Inc. v. New Zealand Dairy Bd.*,
    942 F. Supp. 905 (S.D.N.Y. 1996) .............................................................................................. 8

*Weitzner v. Sciton, Inc.*,
    No. 2005 Civ. 2533, 2006 WL 3827422 (E.D.N.Y. Dec. 27, 2006) ........................................... 6

*Williams v. Swack*,
    No. 13 Civ. 974, 2015 WL 2237216 (W.D.N.Y. May 12, 2015) ............................................... 5

**Statutes**

29 U.S.C. §§ 203(s)(1)(A)(i), (ii) ......................................................................................................... 9

**Other Authorities**

29 C.F.R. § 779.214 ............................................................................................................................ 10

Fed. R. Civ. P. 26 .................................................................................................................................. 5

## INTRODUCTION

The Campaign's limited motion to stay should be denied because there is no live dispute regarding the scope of discovery.  On July 16, 2020, during the status conference, the Court ordered that the parties begin an initial phase of discovery, which consists of written discovery and some discovery of electronically-stored information ("ESI").  The Campaign concedes discovery will commence as the Court ordered.  A stay is further unwarranted on the merits.  First, the Campaign's partial motion to dismiss is likely to fail.  Second, discovery is necessary regardless of the outcome of the Campaign's partial motion to dismiss and Plaintiffs would be prejudiced by a stay because the Campaign has discontinued.  The motion should be denied.

## BACKGROUND

Plaintiffs in these cases are field employees who worked for Defendant Mike Bloomberg 2020, Inc. ("the Campaign"), Michael Bloomberg's campaign to become president of the United States.[1]  Plaintiffs bring fraudulent inducement and promissory estoppel claims challenging the Campaign's fraudulent promise that they would have the opportunity to perform both primary and general election work but terminated them in March 2020.  ECF No. 86 (*Wood* Second Amended Complaint ("SAC")) ¶¶ 415-32; ECF No. 36 (*Sklair* First Amended Complaint) ¶¶ 117-36.  Plaintiffs in the *Wood* matter also bring state and federal claims for unpaid overtime wages because the Campaign misclassified certain field employees as exempt from overtime requirements.  ECF No. 86 (*Wood* SAC) ¶¶ 314-414.

On April 16, 2020, the Court waived the Campaign's pre-motion conference requirement for any motion to stay the litigation.  ECF No. 62.  On June 17, 2020, the Campaign filed a

---

[1] Plaintiffs in the *Sklair* matter have also named Michael Bloomberg in his individual capacity as a defendant.

partial motion to dismiss or strike the complaint.  ECF No. 110.  On June 24, 2020, more than two months after the Court waived the pre-motion conference requirement, the Campaign filed another letter requesting a pre-motion conference on a motion to stay discovery pending resolution of the Campaign's partial motion to dismiss.  ECF No. 117.  On June 29, 2020, the Court waived its pre-motion conference requirement and directed the parties to agree to a briefing schedule pursuant to its Individual Practices.  ECF No. 119.  The Court also directed the parties "to attempt to agree on a phased discovery schedule in an effort to postpone the most burdensome aspects of discovery."  *Id.*

The parties met, conferred, and agreed that the parties would begin discovery on the following issues:

1. Plaintiffs will serve document requests and interrogatories regarding the Campaign's employment policies and practices, and the hiring, onboarding, job duties, and termination of Plaintiffs and opt-in *Wood* Plaintiffs with state wage and hour claims.
2. The Campaign will serve discovery requests, in *Sklair*, on the Named Plaintiffs and, in *Wood*, on the Class Representatives and a limited number of Opt-In Plaintiffs.
3. The parties will negotiate an ESI Protocol.

ECF No. 130 (Proposed Scheduling Order) at 6-7; Exhibit A (Excerpts from Initial Conference Hrg. Tr.) at 8:24-9:23; 11:21-12:5.  In the Proposed Scheduling Order, Plaintiffs stated that they also requested the production of the Bloomberg electronic mailboxes of certain Named Plaintiffs, which the Campaign opposed.  ECF No. 130 at 6-7.

On July 16, 2020, at the Initial Case Management Conference, after hearing the parties' positions, the Court ordered that the parties "go down the road in the way the plaintiffs have proposed."  Ex. A at 29:8-10.  Specifically, the parties would engage in "written document discovery to the extent there's agreement, starting down the ESI manner protocol, and starting the process with the vendor and with the particular plaintiffs that the parties have agreed are

- 2 -

going to be the initial subjects of any discovery." *Id.* at 29:8-16.

Despite the Court's Order, which provides a clear path forward for discovery to begin—discovery which likely will take several months—the Campaign filed its Limited Motion to Stay Discovery seeking to stay discovery "beyond that ordered by the Court." ECF No. 135.

## LEGAL ARGUMENT

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, M.J.) (quoting *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1991)). This is particularly true when the motion to dismiss, if successful, would not dispose of the entire case. *See, e.g.*, *Medina v. City of New York*, No. 19 Civ. 9412, 2020 WL 3050971, at *9 (S.D.N.Y. June 8, 2020). The party seeking to stay discovery bears the burden to request and show good cause for a stay. *See Mirra v. Jordan*, No. 15 Civ. 4100, 2016 WL 889559, at *2-3 (S.D.N.Y. Mar. 1, 2016) ("The party seeking a stay of discovery bears the burden of showing good cause."). In deciding a motion to stay discovery pending a motion to dismiss, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (quoting *Brooks v. Macy's, Inc.*, No. 10 Civ. 5304, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

I.    **There is No Live Dispute Regarding the Scope of Discovery.**

The Campaign's motion is premature because there is no live dispute regarding the scope of discovery. At present, the Court has ordered, and Campaign has agreed, that the parties should serve and respond to written discovery on various issues and limited ESI. Yet the Campaign's motion seeks to stay future discovery of yet undefined scope that likely will not

transpire for months.  This is not necessary because if the Court rules on the Campaign's motions to dismiss, any stay would be moot.

Further, if the parties complete this first phase of discovery and Court has not ruled on the Campaign's motions, Plaintiffs expect that the parties will be well-positioned to negotiate a discovery plan for the search and production of additional ESI that is efficient and not overly burdensome on the Campaign.  As Plaintiffs explained in the Joint Proposed Scheduling Order, ECF No. 130, they anticipate that the parties can work cooperatively together to identify ESI custodians and determine how to search their electronic files for relevant documents, "to advance ESI discovery in a proportional, staged approach." ECF No. 130 at 6.  The information and documents produced in the first phase will aid in this endeavor.  Indeed, during the Initial Case Management Conference and in its motion, the Campaign represents that court intervention is not needed where the scope of discovery had not been negotiated in full between the parties.  Ex. A at 18:17-20; ECF No. 9 at 9 n.5.  The circumstances of this motion are no different: there is no live dispute regarding the scope of discovery requiring court intervention now.  To the extent the parties are unable to agree on the extent of appropriate custodians and searches at some undetermined point in the future, Defendants could properly raise their motion at that time.

## II.    Plaintiffs Will Be Prejudiced by Delayed Discovery.

Plaintiffs will be prejudiced if discovery is stayed.  The Campaign terminated Plaintiffs after promising them, *inter alia*, the opportunity to work on the general election through November 2020.  Relying on those fraudulent promises, Plaintiffs quit their jobs and forwent other opportunities.  Because the Campaign reneged on its promise during a global pandemic and national recession, the vast majority of Plaintiffs have been unable to find new employment.  They are relying on this case moving expeditiously to a resolution.

Moreover, these cases present unique challenges to discovery because of the temporary nature of the Campaign. Because the Campaign is no longer operating, it likely no longer employs the necessary witnesses. Therefore, Plaintiffs may not be able to notice depositions or propound discovery on the witnesses by serving Defendant. Rather, Plaintiffs may have to serve third-party subpoenas on witnesses for testimony and discovery. As time passes, it will become more difficult to locate witnesses because they will move and/or change contact information, and the parties will have more difficulty contacting them. *See Williams v. Swack*, No. 13 Civ. 974, 2015 WL 2237216, at *3 (W.D.N.Y. May 12, 2015) (that witnesses' memories fade counsels against a stay); *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10 Civ. 1899, 2014 WL 1245053, at *3 (N.D. Ill. Mar. 26, 2014) (noting a stay could "increase[] difficulty in locating class members as time goes by"); *Cole-Hoover v. N.Y. Dep't of Corr. Servs.*, No. 02 Civ. 826, 2012 WL 13000661, at *4 (W.D.N.Y. Oct. 10, 2012) (denying adjournment where memories will fade and witnesses may become unavailable); *Moss v. Hollis*, No. 90 Civ. 177, 1990 WL 138531, at *1 (D. Conn. June 29, 1990) (denying stay where plaintiffs argued it would "possibly prejudice their ability to obtain relevant information"). This harm, which stems from delayed discovery, disproportionately impacts Plaintiffs because the Campaign is disproportionally in possession of relevant information. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (noting that the plaintiff often "may have very little discoverable information" but the "other party may have vast amounts of information").

Furthermore, while the Campaign has represented that it "has preserved documents and other discoverable materials," ECF No. 130 at 8, inadvertent spoliation may occur. This is more likely to happen the more time that passes and is of particular risk where, as here, a significant amount of the discovery is ESI. *See* Fed. R. Civ. P. 26(f) advisory committee's note to 2006

amendment ("The volume and dynamic nature of electronically stored information may complicate preservation obligations. The ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information."). The more time that passes, the more difficult it will be to mitigate the harm. Likewise, while the Campaign may be complying in good faith with what it believes its preservation obligations to be, Plaintiffs may have a different view. This can be sorted out only through prompt conferral and negotiation.

While Plaintiffs will be prejudiced by a delay in discovery, the Campaign faces little to no burden proceeding with discovery. As the Court noted at the Initial Conference, the issues relating to the fraudulent inducement and promissory estoppel claims are fairly narrow and discovery into those issues should be straightforward. Discovery on *Wood* Plaintiffs' state wage and hour claims are not subject to the Campaign's motion to dismiss and will need to proceed with discovery regardless of the status of the other claims. *Weitzner v. Sciton, Inc.*, No. 2005 Civ. 2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006) (denying stay when, *inter alia*, granting of motion "would not extinguish plaintiff's claims here, as plaintiff would still have a right to bring suit on his individual claims in state court"). To the extent the Campaign views discovery on the state wage and hour claims as "narrow," it defies reason that discovery on the Fair Labor Standards Act ("FLSA") claim would be "burdensome." *See* ECF No. 135 at 7. The state wage and hour claims and the FLSA claim almost completely overlap and rely on virtually the same evidence. *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2016 WL 3221146, at *2 (S.D.N.Y. June 7, 2016) (noting that the discovery requirements for FLSA and state wage and hour claims do not vary much because the "operative facts underlying those claims are largely the same"). The fact that Plaintiffs will need ESI regardless of the outcome of the motions to

dismiss, and the overlapping nature of these claims, shows that the Campaign's request to stay discovery is unwarranted.

Finally, the Campaign claims, presumptively, that its motions to dismiss in *Wood* and *Sklair* can be decided "promptly" and that only a "brief period" is needed to resolve them. ECF No. 135 at 1, 8. Plaintiffs do not so easily assume that the Court will "promptly" reach a decision on two motions to dismiss in two different cases consisting of hundreds of pages of briefing and pleadings. The Court's docket is busy, and it would be reasonable to expect that the Court will need several months to review and prepare its decisions on the motions. That timeframe is likely to only expand in the coming months due to the understandable backlog of criminal proceedings and trials caused by the COVID-19 pandemic. Discovery should not be delayed while the Campaign's motions are under consideration.

### III. The Campaign's Motion to Dismiss Is Likely to Fail.

A motion to stay must be supported by "substantial arguments for dismissal." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72. The Campaign fails to make this "strong showing that [Plaintiffs'] claim is unmeritorious." *Id.* As Plaintiffs' set forth in their opposition to the Campaign's motion to dismiss, *Wood* ECF No. 133, Plaintiffs' SAC adequately pleads claims for fraudulent inducement, promissory estoppel, and unpaid overtime wages under the FLSA, and class allegations. In light of the permissive pleading standard and the requirement that the Court draw every inference in favor of the non-moving party, Plaintiffs will succeed in showing that their complaint is properly pled. For these reasons, a stay of any discovery is unwarranted.

#### A. Plaintiffs State a Claim for Fraudulent Inducement.

Plaintiffs allege sufficient facts to state a claim for fraudulent inducement. The Campaign harps on Plaintiffs' status as at-will employees—but that is not dispositive of their

claims.  With respect to the elements of a fraudulent inducement claim, first, Plaintiffs adequately plead material misrepresentations by alleging that the Campaign made promises "with a preconceived and undisclosed intention of not performing [them]." *Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992) (quoting *Sabo v. Delman*, 3 N.Y.2d 155, 160 (N.Y. 1957)); *see also* SAC (ECF No. 86) ¶ 8.

Second, Plaintiffs' allegations give rise to a strong inference of fraudulent intent because they show that the Campaign "had both motive and opportunity to commit fraud." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  At the pleading stage, this is all that is required.  *Drexel Burnham Lambert Grp. v. Microgenesys, Inc.*, 775 F. Supp. 660, 664 (S.D.N.Y 1991) (providing that "great specificity" is not required for pleading fraudulent intent "as it would be unrealistic to expect a plaintiff to plead a defendant's actual state of mind").  The Campaign had motive and opportunity to commit fraud because Mr. Bloomberg was mounting an aggressive bid for the nation's highest office and used his resources and sizable platform to carry it out.  SAC (ECF No. 86) ¶¶ 9-10, 25-29.  Importantly, allegations of intent may be "alleged generally," Fed. R. Civ. P. 9(b), and be based on information and belief when facts are peculiarly within the opposing party's knowledge, *Trugman-Nash, Inc. v. New Zealand Dairy Bd.*, 942 F. Supp. 905, 924 (S.D.N.Y. 1996).

Third, Plaintiffs allege sufficient facts to show their reliance on the Campaign's promises was reasonable because the promises—repeated, consistent, and specific—caused Plaintiffs to forgo other opportunities when they were induced to take jobs with the Campaign.  SAC (ECF No. 86) ¶¶ 12-30, 38, 52, 56; *see also Hyman v. Int'l Bus. Machines Corp.*, No. 98 Civ. 1371, 2000 WL 1538161, at *3 (S.D.N.Y. Oct. 17, 2000).  Plaintiffs allege a cognizable legal injury in that they left other employment to join the Campaign.  SAC (ECF No. 86) ¶¶ 28, 54, 56, 81-179;

*see also Hyman*, 2000 WL 1538161, at *3 (holding that "leaving a former place of employment" is an injury unrelated to termination and sufficient to state a fraud claim); *Stewart*, 976 F.2d at 89. Because Plaintiffs' allegations sufficiently plead a claim for fraudulent inducement, the Campaign's motion on this issue will fail.

### B. Plaintiffs State a Claim for Promissory Estoppel.

Plaintiffs plead sufficient facts to state a claim for promissory estoppel. Contrary to the Campaigns representations, courts *do* permit promissory estoppel claims in the employment context. *See, e.g.*, *Katsoolis v. Liquid Media Grp., Ltd.*, No. 18 Civ. 9382, 2019 WL 4735364, at *4 (S.D.N.Y. Sept. 27, 2019); *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175 (S.D.N.Y. 2007). Further, just as with their fraudulent inducement claim, Plaintiffs plead facts alleging reasonable reliance and injury sufficient to survive a motion to dismiss. SAC (ECF No. 86) ¶¶ 12-30, 38, 52, 54, 56, 81-179.

### C. The Campaign Is Covered by the FLSA.

The Campaign is a covered employer under the FLSA because it engaged in the sale of goods in competition with other sellers and had a gross volume of sales exceeding $500,000. 29 U.S.C. §§ 203(s)(1)(A)(i), (ii); *see also* SAC (ECF No. 86) ¶¶ 180-210. To date, the Campaign admits or does not dispute any of the facts relevant to this analysis: that it sold nearly $900,000 in merchandise online, that the sales were integral to its general operations, that it was in competition with other commercial sellers of similar products, and that it did not operate with any charitable, religious, or educational purpose. ECF No. 86 at ¶¶ 180-210.

Despite these admissions, the Campaign make several arguments against FLSA coverage, all of which are meritless. As Plaintiffs explain in greater detail in their opposition brief to the Campaign's partial motion to dismiss: (1) the Campaign's volume of sales counts toward the

FLSA's $500,000 threshold; and (2) even if the Campaign engaged in some activities analogous to those of charitable, religious, or educational entities, it also engaged in "ordinary commercial activities," "served the general public in competition with ordinary commercial enterprises," and operated with a "business purpose" sufficient to bring it within the ambit of the FLSA. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 297-99 (1985) (citing 29 C.F.R. § 779.214).

### D. Plaintiffs Adequately Plead Class Allegations.

Plaintiffs also adequately plead class allegations. As an initial matter, courts strongly disfavor striking class claims at the pleading stage. *Chenensky v. New York Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) ("Motions to strike are generally looked upon with disfavor." (quoting *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010))). Granting such a motion is only appropriate where it addresses issues "separate and apart from the issues that will be decided on a class certification motion." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (internal quotation omitted). Otherwise, discovery is necessary to evaluate suitability for class treatment. *See Ironforge.com*, 747 F. Supp. 2d at 404.

In light of these considerations, a motion to strike class allegations is only appropriate where the Campaign can "demonstrate from the face of the Complaint that it would be *impossible* to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery." *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 698 (S.D.N.Y. Mar. 31, 2015) (emphasis added). The Campaign cannot meet that burden here. Class certification of common law claims is appropriate where, as here, "the misrepresentations relied upon were materially uniform, allowing such misrepresentations to be demonstrated using generalized

rather than individualized proof." *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1249 (2d Cir. 2002). All Plaintiffs and putative Class Members were told the same promise, without variation, SAC (ECF No. 86) ¶¶ 12-30, and whether the statements were false will depend on common evidence from the Campaign's senior officials, which applies to all Class Members. With respect to reliance, all Class Members relied in a common way—by accepting the jobs and working for the Campaign—and whether reliance on the promise was reasonable is a common issue that depends on common facts. For these reasons, the motion to strike class allegations will also likely fail.

## CONCLUSION

For the foregoing reasons, the Campaign's limited motion to stay discovery should be denied.

Dated: July 27, 2020  
New York, NY

Respectfully submitted,  
*/s/ Sally J. Abrahamson*

Sally J. Abrahamson  
Hannah Cole-Chu*  
**OUTTEN & GOLDEN LLP**  
601 Massachusetts Avenue NW, Ste 200W  
Washington, D.C. 20001  
Telephone: 202-847-4400  
sabrahamson@outtengolden.com  
hcolechu@outtengolden.com

Justin M. Swartz  
Michael C. Danna  
**OUTTEN & GOLDEN LLP**  
685 Third Avenue, 25th Floor  
New York, NY 10017  
Telephone: 212-245-1000  
jms@outtengolden.com  
mdanna@outtengolden.com

Gregg I. Shavitz*  
Tamra Givens*  
**SHAVITZ LAW GROUP, P.A.**

951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
mpalitz@shavitzlaw.com

Ilann Maazel
David Berman
**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**
600 Fifth Avenue, 10th Floor
New York, NY 10003
212-763-5000
imaazel@ecbawm.com
dberman@ecbawm.com

Peter Romer-Friedman
**GUPTA WESSLER PLLC**
1900 L Street, NW, Suite 312
Washington, DC 20036
202-888-1741
peter@guptawessler.com

*Attorneys for Plaintiffs and the Putative Collective and Classes*

\* Admitted *pro hac vice*

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 27, 2020, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: */s/ Sally J. Abrahamson*