UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA WOOD, et al., individually and on
behalf of all others similarly situated,

                    Plaintiffs,

     v.

MIKE BLOOMBERG 2020, INC.,

                 Defendant.

20 Civ. 2489 (KMW)(GWG)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
LIMITED MOTION TO STAY DISCOVERY**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................... 1

LEGAL ARGUMENT .................................................................................................. 2

    A.    The Campaign's Motion For A Limited Stay Of Discovery Presents A
Live Dispute .............................................................................................. 2

    B.    A Limited Stay Of Discovery Is Warranted On the Merits ................................... 3

        1.    The Campaign's Motion to Dismiss Presents Substantial
Arguments for Dismissal of Plaintiffs' Claims............................... 4

            a.    The Campaign Is Not Subject to the FLSA. .................................. 4

            b.    Plaintiffs' At-Will Employment Status Precludes their
Fraudulent Inducement and Promissory Estoppel Claims. ............. 5

            c.    Plaintiffs Do Not Adequately Allege the Remaining
Elements of Fraudulent Inducement. .................................... 5

            d.    Plaintiffs Do Not Adequately Allege the Remaining
Elements of Promissory Estoppel. .................................... 6

            e.    Plaintiffs' Class Allegations Should Be Stricken. .......................... 6

        2.    Additional Discovery Beyond That Already Ordered Will Be
Expansive and Would Disproportionately Burden the Campaign. ............. 7

        3.    A Limited Stay Of Additional Discovery Will Not Be Prejudicial
to Plaintiffs. ............................................................................... 10

CONCLUSION ........................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Bethpage Water Dist. v. Northrop Grumman Corp.*,
No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529 (E.D.N.Y. Dec. 3, 2014)........................11

*Chrysler Capital Corp. v. Century Power Corp.*,
137 F.R.D. 209 (S.D.N.Y. 1991) ............................................................................................8

*Cole-Hoover v. N.Y. Dep't of Corr. Servs.*,
No. 02–cv-826, 2012 WL 13000661 (W.D.N.Y. Oct. 10, 2012) ...........................................11

*Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*,
297 F.R.D. 69 (S.D.N.Y. 2013) ...............................................................................................3

*In re Term Commodities Cotton Futures Litig.*,
No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738 (S.D.N.Y. May 8, 2013).................11, 12

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
No. 10–cv-1899, 2014 WL 1245053 (N.D. Ill. Mar. 26, 2014).............................................11

*Moss v. Hollis*,
No. 90-cv-177 (PCD), 1990 WL 138531 (D. Conn. June 29, 1990).....................................11

*O'Sullivan v. Deutsche Bank AG*,
No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) ...........3, 10, 12

*Spinelli v. Nat'l Football League*,
13-cv-7398 (RWS), 2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015) ........................................8

*Williams v. Swack*,
No. 13–cv-974, 2015 WL 2237216 (W.D.N.Y. May 12, 2015).............................................11

STATUTES

26 U.S.C. § 527(c)(3).................................................................................................................4

OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ...................................................................................................................6

Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") respectfully submits its reply memorandum in further support of its motion to stay any discovery beyond that ordered by the Court during the July 16, 2020 Initial Case Management Conference ("ICMC") for the brief period needed to resolve the Campaign's pending motion to dismiss or to strike the class claims (the "Motion to Dismiss or Strike").[1]

## INTRODUCTION

Plaintiffs' opposition to the Campaign's limited motion for a stay of discovery does not present any legitimate arguments as to why a brief stay should not be granted. They first assert that there is not a live discovery dispute but, later in their brief, object to the Campaign's request for a stay and claim that they will be prejudiced if the parties do not commence with full-blown discovery immediately. While the Campaign is prepared to move forward with the limited discovery ordered by the Court at the ICMC, which includes production of certain categories of Non-ESI Discovery[2] and emails sent or received by the eight representative plaintiffs, the parties unquestionably disagree whether any further discovery should proceed prior to the resolution of Motion to Dismiss or Strike, which, if granted, would result in the dismissal of all of the claims in this action other than state wage and hour claims.

Given the Campaign's strong legal arguments for dismissal of the FLSA claims, as well as their fraudulent inducement and promissory estoppel claims (the common law claims), the

---

[1] The Motion to Dismiss or Strike will be fully briefed as of today, July 31, 2020. (*See* Dkt. 106.)

[2] As explained in the Campaign's Memorandum of Law in Support of Defendant's Limited Motion to Stay Discovery ("Moving Brief"), prior to the ICMC, the Campaign already had agreed as a compromise to produce the following categories of Non-ESI Discovery: (i) the Named Plaintiffs' hiring/onboarding documents; (ii) the Named Plaintiffs' personnel files; (iii) general employment policies and practices (including the Campaign's Employee Handbook Policies & Procedures, Code of Conduct, Confidentiality, Non-Interference and Invention Assignment Agreements, and Prevention of Coordination Policy); and (iv) payroll records relevant to the state wage-and-hour claims of the Named Plaintiffs and a limited number of opt-in plaintiffs whose state wage and hour claims are not the subject of the Campaign's pending motion to dismiss. (*See* Dkt. 135 at 2-3.)

significant burdens associated with proceeding with full-blown discovery on claims that likely will be dismissed, and the absence of any actual prejudice to Plaintiffs, the Court should exercise its discretion and enter a limited stay of discovery pending resolution of the Motion to Dismiss or Strike.

## **LEGAL ARGUMENT**

### A.    THE CAMPAIGN'S MOTION FOR A LIMITED STAY OF DISCOVERY PRESENTS A LIVE DISPUTE

Contrary to Plaintiff's suggestion, the Campaign's motion is not "premature."  The parties actively dispute whether any additional discovery beyond that ordered by the Court during the ICMC should be conducted prior to the resolution of the Motion to Dismiss or Strike.  As it relates to ESI, the Campaign contends that it would be unduly burdensome, inefficient, and a waste of resources to conduct additional ESI (beyond producing emails from the eight representative Plaintiffs) until the Motion to Dismiss or Strike is resolved because that motion, if granted, will resolve all of Plaintiffs' claims, except for the state wage and hour claims, and will significantly narrow the subjects of discovery.  Plaintiffs, on the other hand, openly acknowledge in their opposition that they will be seeking "the search and production of additional ESI" from other ESI custodians after they receive emails from the eight representative Plaintiffs, even if the Motion to Dismiss or Strike has not yet been resolved.  (Dkt. 140 ("Opp.") at 4.)  Additionally, Plaintiffs claim they will be prejudiced if they are not able to immediately serve third-party subpoenas seeking deposition testimony from former Campaign employees.[3]  (*See* Opp. at 5.)  In contrast, the Campaign believes that it is inefficient and unnecessary to commence with depositions when

---

[3] Plaintiffs' contention that they want to proceed with third parties' depositions is well beyond the discovery they represented to the Campaign and the Court they wish to proceed with now.  Their expanding list further illustrates the burden that will be associated with undertaking further discovery while the Campaign's Motion to Dismiss or Strike is pending and underscores that the parties' dispute is ripe and a limited stay is appropriate.

the majority of Plaintiffs' claims are unlikely to survive the Motion to Dismiss or Strike (and, as explained in Section B.3, below Plaintiffs have failed to demonstrate any actual prejudice).

Plaintiffs' attempt to downplay the parties' dispute by casting it as one concerning only the "scope of discovery" is fundamentally misleading. What is actually in dispute is whether Defendants should be saddled with the burden and costs of conducting full-blown discovery—which Plaintiffs acknowledge will necessarily include, but not be limited to, the Campaign having to collect, process, analyze, review and produce voluminous ESI from an unknown number of additional ESI custodians, as well as issues relating to third-party subpoenas—*at all* before the Court decides whether Plaintiffs have even pled viable FLSA and common law claims. Without question, the Campaign's motion for a limited stay of discovery beyond that ordered during the ICMC presents a live dispute ripe for resolution now.

## B.    A LIMITED STAY OF DISCOVERY IS WARRANTED ON THE MERITS

Plaintiffs do not dispute that the Court has "considerable discretion" to stay discovery pending resolution of a motion to dismiss. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, M.J.) Indeed, while Plaintiffs cite *Hong Leong Financial Ltd.* for the proposition that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," they neglect to mention that in that case, this Court recognized that a pending motion to dismiss can constitute good cause to stay discovery in certain circumstances and, indeed, *granted* defendants' motion to stay discovery. *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). As in *Hong Leong Financial Ltd.*, the circumstances and posture of this case also present good cause for a stay of discovery, particularly since the Campaign already has agreed to produce various categories of Non-ESI Documents, as well as emails for the eight representative plaintiffs,

and only is seeking a limited stay of discovery to the extent necessary to avoid the burden associated with conducting further discovery on claims that ultimately may be dismissed.

### 1. *The Campaign's Motion to Dismiss Presents Substantial Arguments for Dismissal of Plaintiffs' Claims.*

As the Campaign explains in more detail in its Motion to Dismiss or Strike reply brief—which as of today's filing is now fully submitted to the Court for a ruling—Plaintiffs cannot rebut the multiple grounds requiring dismissal of their claims.   Accordingly, the strength of the Campaign's Motion militates in favor of a limited stay of discovery.

#### a.   The Campaign Is Not Subject to the FLSA.

Plaintiffs largely have no answer to the overwhelming statutory and case law establishing that the Campaign is not subject to the FLSA.  They do not even attempt to defend their claim that they are individuals covered under the statute, arguing only that the Campaign is a covered "enterprise."  For that limited argument, they rely entirely on the Campaign's sale of merchandise and assume without explanation (or citation to any legal authority) that those sales were "in commerce" for FLSA coverage purposes, even though the statute governing such merchandise explicitly provides that "proceeds from the sale of campaign materials . . . *are not received in the ordinary course of any trade or business.*"  26 U.S.C. §527(c)(3) (emphasis added); *see also* S. Rept. 93-1357 (1974) ("political activity (including the financing of political activity) as such *is not a trade or business* which is appropriately subject to tax") (emphasis added).[4]  The fact that the revenue – which constitutes political contributions under federal election law – was not received in the ordinary course of any trade or business is conclusive as a matter of law.  Plaintiffs

---

[4] Plaintiffs unaccountably insist that the Campaign somehow "admits or does not dispute" that its sales of merchandise were in competition with other sellers, Opp. at 9; to the contrary, the Campaign has consistently explained why its sales are not in competition with others as a matter of law.  *See, e.g.,* the Campaign's Motion to Dismiss or Strike (Dkt. 111 at 7-13.)

also argue for an unduly narrow construction of the FLSA, which has no support in the statutory text or the regulations, that only charitable, religious, or educational organizations lack the "business purpose" necessary for establishing coverage. Their contention ignores explicit instruction from Congress and the U.S. Department of Labor that the issue is not whether a non-profit entity fits squarely within those narrow classifications, but rather whether the entity similarly operated without a business purpose. There can be no dispute that the Campaign had a purely electoral, and no business, purpose. It did not engage in "commerce," its political activity was not for the purpose of conducting business activity, and it is not a covered enterprise under the FLSA. These are purely legal issues and Plaintiffs' request for discovery could not cure the flaws in their theory.

        b.     Plaintiffs' At-Will Employment Status Precludes their Fraudulent <u>Inducement and Promissory Estoppel Claims</u>.

Plaintiffs' at-will employment status is fatal to their fraudulent inducement and promissory estoppel claims. Plaintiffs dismissively refer to that undeniable fact as "not dispositive," but ignore that courts routinely grant motions to dismiss on the basis that at-will employees cannot reasonably rely upon a promise of future continued employment as a matter of law. (*See* Dkt. 111 at 20-21, 24-26) (citing cases). Indeed, for this same reason, courts do not even recognize promissory estoppel as a valid cause of action in the at-will employment context. (*See id.* at 24) (citing cases).

        c.     Plaintiffs Do Not Adequately Allege the Remaining Elements of <u>Fraudulent Inducement</u>.

Plaintiffs also fail to establish the remaining elements of their fraudulent inducement claim. They do not allege facts giving rise to a "strong inference" of fraudulent intent and, instead, wrongly argue that a "permissible inference" is sufficient. They do not allege any misrepresentations of present fact; indeed, Plaintiffs themselves misrepresent the statements that they claim misled them. (*See* SAC ¶¶ 13-15.) They also do not allege any legally cognizable

injury because their alleged damages flow directly from their terminations.  (*See* Dkt. 111 at 21 (citing SAC ¶ 423); *see also* SAC ¶ 47.)

Plaintiffs also fail to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard, as they do not allege that any specific misrepresentation was made to any specific plaintiff.

> d. Plaintiffs Do Not Adequately Allege the Remaining Elements of Promissory Estoppel.

Contrary to Plaintiffs' argument, court do not recognize promissory estoppel as a valid cause of action for employees, like Plaintiffs here, who were employed at-will.  Moreover, the generalized statements reported in the press upon which Plaintiffs rely do not constitute a "clear and unambiguous promise" by the Campaign and Plaintiffs do not allege any facts demonstrating that they suffered an "unconscionable injury."  (*See* Dkt. 111 at 25-27.)

> e. Plaintiffs' Class Allegations Should Be Stricken.

Even if the common law claims survived, they would depend on thousands of individual oral promises that would prevent resolution on a class basis.  (*See* Dkt. 111 at 29-30.)  Plaintiffs ignore the multiple cases holding that claims of promissory estoppel or fraud that include an element of reasonable reliance are not susceptible to class treatment and they do not articulate how their alleged injuries, which are premised on them leaving their respective prior employers and/or relocating to work for the Campaign, can be proven on a class-wide basis.  (*See* Dkt. 111 at 30-33.)

Accordingly, the first factor weighs heavily in favor of a limited stay of discovery because the Motion to Dismiss or Strike, and case law cited therein, presents a strong showing in favor of dismissal of the claims asserted in the Second Amended Complaint under the FLSA and the common law claims, and to proceed, if at all, solely as an individual rather than class action.

2.    ***Additional Discovery Beyond That Already Ordered Will Be Expansive and Would Disproportionately Burden the Campaign.***

The second factor—whether discovery is likely to be broad and would be burdensome—also weighs in favor of granting a limited stay of discovery.  Notably, Plaintiffs do not dispute that they intend to seek broad discovery in this case.  In fact, in addition to the several categories of Non-ESI Documents and emails from eight representative plaintiffs that the Court ordered to be produced during the ICMC, Plaintiffs have indicated that they will be requesting production of: (i) seven other categories of Non-ESI Documents from the Campaign (Dkt. 141-1 at 11:5-16); (ii) ESI from an unknown number of additional ESI custodians from the Campaign (Dkt. 140 at 4); and (iii) documents from third-party witnesses via subpoena (*id.* at 5).  And, notably, these are just the subjects of discovery identified to date, before Plaintiffs have even served any written discovery demands.  In addition, Plaintiffs have represented that they will be seeking to conduct numerous depositions, including of "national, regional or state hiring managers or other officials who spoke with Plaintiffs about working with the Campaign and/or Bloomberg or have knowledge about the statements made by the Campaign."  (Dkt. 130 at 9.)

As it relates to ESI discovery in particular, during the ICMC, Plaintiffs expressly acknowledged that the reason they want ESI from additional custodians beyond the eight representative plaintiffs is to obtain discovery relating to their common law claims:

> THE COURT: And the reasons you would want other custodians down the road is you want to see if other custodians talk to each other about whatever these promises and inducements were, is that right?
>
> MS. ABRAHAMSON: Yes, Your Honor.

(Dkt. 141-1 at 14:16-20.)  The Campaign has presented substantial arguments for dismissal of these claims, as explained above and in its Motion to Dismiss or Strike.  Proceeding with full-blown ESI discovery on the common law claims, as Plaintiffs admittedly intend to do, will be

significantly and disproportionately burdensome on the Campaign, and will be rendered entirely unnecessary if the Court dismisses these claims, which the Campaign believes is likely to occur. This case accordingly presents a situation where a brief stay of discovery will "have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). *See also Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210 (S.D.N.Y. 1991) (granting motion to stay discovery where defendants argued that "because much of the discovery relates to claims likely to be dismissed, it would be an unnecessary hardship to allow extensive discovery before their motions to dismiss are decided").

Plaintiffs' conclusory assertion that "the Campaign faces little to no burden proceeding with discovery" (Opp. at 6) also ignores reality. Conducting ESI discovery in this action will unquestionably be onerous and time-consuming, as it will require the parties to expend significant time and resources in connection with identifying ESI custodians, collecting relevant data sources for these custodians, having the data uploaded and processed by a vendor for review, de-duplicating the data against other ESI data sets that were previously uploaded, negotiating search terms and search parameters, reviewing ESI, and preparing it for production, among other steps, when the parties do not yet know what the potential scope of discovery.

The burden in this case is particularly significant given the highly individualized nature of Plaintiffs' claims and the fact that they purport to bring their common law claims on behalf of a putative class of "thousands" of individuals across the county. (SAC ¶¶ 226-29 & n.1.) For instance, because Plaintiffs would have to prove that the Campaign made material misrepresentations of present fact (the first element of Plaintiffs' fraudulent inducement claim) or

a clear and unambiguous promise (the first element of Plaintiffs' promissory estoppel claim), discovery into their common law claims will involve inquiries into each putative class member's individualized communications with Campaign personnel. This will be a highly burdensome and time-intensive process because Plaintiffs worked in different states, each of which was led by its own state leadership team. Moreover, within a single state, Field Organizers ("FOs") and Regional Organizing Directors ("RODs") worked in a particular geographic territory ("turf") within the state and FOs reported to the RODs in their specific turf. Plaintiffs do not dispute the individualized nature of this discovery and, indeed, have represented that they intend to seek discovery from "regional or state hiring managers" on issues relating to their common law claims. (*See* Dkt. 130 at 9.)

Similarly, Plaintiffs' representation that "state wage and hour claims and the FLSA claim almost completely overlap" (Opp. at 6) is an oversimplification of the legal claims in this case. The Second Amended Complaint purports to allege claims under the wage and hour laws of only seven states, with each cause of action allegedly being brought on behalf of individuals who worked in that respective state. Plaintiffs' FLSA claims, in contrast, are purportedly brought on behalf of all Field Organizers and "similar job titles, including but not limited to, State Directors of Outreach to the LGBTQ Community and State Directors of Outreach to the Latino Community" nationwide. (SAC ¶¶ 217 & n.1.) While the Campaign will be producing emails for the state law representative plaintiffs as well as payroll records, as ordered at the ICMC, proceeding with discovery concerning the FLSA Plaintiffs who do not assert state law wage and hour claims certainly would add additional undue burden and would not be proportional to the needs of the case given that the Court has not yet determined whether Plaintiffs' FLSA claims are viable.

Given that the legal issues in dispute in the Motion to Dismiss or Strike will drive the scope of discovery, a limited stay of discovery will prevent the parties from engaging in burdensome discovery on claims and issues that ultimately may be unnecessary depending on the outcome of the Campaign's pending dispositive motion.

> **3.** ***A Limited Stay Of Additional Discovery Will Not Be Prejudicial to Plaintiffs.***

Plaintiffs will not suffer any prejudice if a limited stay of discovery is granted pending resolution of the Campaign's pending Motion to Dismiss or Strike.

Plaintiffs first contend that a stay would be prejudicial because they have an interest in the case "moving expeditiously to a resolution." As an initial matter, contrary to Plaintiffs' current professed interest in expeditiously proceeding this case, Plaintiffs did not file their Second Amended Complaint until approximately a month after being notified of the basis for the Campaign's motion to dismiss. (*See* Dkts. 110 & 86.) Regardless, as this Court previously has recognized, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan*, 2018 WL 1989585, at *9. Aside from speculating about hypothetical harms that "might" ensue if full discovery does not commence immediately, Plaintiffs have not identified any actual prejudice that would result from the limited stay sought in this case.

Plaintiffs assert that the Campaign "likely no longer employs the necessary witnesses" so they may need to serve third-party subpoenas for discovery. (Opp. at 5.) But, this does not mean that a brief stay of discovery is prejudicial to Plaintiffs, given that third-party subpoenas likely will be necessary regardless of whether discovery proceeds now or later. Tellingly, Plaintiffs do not identify any specific witnesses or information that they believe would be more readily accessible now than after the Motion to Dismiss or Strike is decided.

Plaintiffs further speculate that a limited stay of discovery might make locating third-party witnesses and other information more difficult, but the cases they cite as support for this proposition involve lawsuits that had been pending for <u>several years</u> before a stay was sought.  *See, e.g., Williams v. Swack*, No. 13–cv-974, 2015 WL 2237216, at *3 (W.D.N.Y. May 12, 2015) (in a case that had been stayed for three years, noting that memories "may fade" if a further stay was granted); *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10–cv-1899, 2014 WL 1245053, at *3 (N.D. Ill. Mar. 26, 2014) (in a case that had been pending for four years, noting a stay could "increase[] difficulty in locating class members"); *Cole-Hoover v. N.Y. Dep't of Corr. Servs*., No. 02–cv-826, 2012 WL 13000661, at *4 (W.D.N.Y. Oct. 10, 2012) (denying a motion to adjourn trial, made on the eve of trial, in a case that had been pending for "nearly ten years").[5]  These cases are readily distinguishable from this action, which has been pending only for approximately <u>four months</u> and involves underlying events that allegedly occurred this year.   A limited stay of discovery will not be prejudicial under such circumstances and Plaintiffs do not point to any facts to establish the contrary.  *See, e.g., In re Term Commodities Cotton Futures Litig*., No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay of discovery and rejecting "plaintiffs' assertions that…witnesses' memories fade with the passage of time" because this is a  "usual litigation risk[] that affect all the parties equally, regardless of the amount of time permitted for discovery."); *Bethpage Water Dist. v. Northrop Grumman Corp*., No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (rejecting plaintiff's claim that

---

[5] Plaintiffs also cite to *Moss v. Hollis*, No. 90-cv-177 (PCD), 1990 WL 138531, at *1 (D. Conn. June 29, 1990), for the proposition that a stay should be denied if it "possibly prejudice[s] [plaintiffs'] ability to obtain relevant information."  In *Moss*, however, the court did not deny the motion to stay discovery because of prejudice to plaintiffs, but rather denied the motion because defendants had "not attempted to point out any glaring deficiencies, either substantively or jurisdictionally, in plaintiff's complaint that would subject it to dismissal" and thus did not make the requisite showing that their motions to dismiss would be successful.  *Id.*  Unlike in *Moss*, here, the Campaign has demonstrated that its motion to dismiss presents substantial arguments for dismissal of Plaintiffs' FLSA and common law claims.   (*See* Moving Brief at 4-6; *supra* at 4-6.)

a stay would be prejudicial because plaintiff "has not provided any specific examples of evidence that may become stale or witnesses whose memories may fade during the stay").

Finally, Plaintiffs' suggestion that inadvertent spoliation "may occur" if full-blown ESI discovery does not proceed immediately (Opp. at 5-6) is purely speculative.  Plaintiffs' attempt to miscast the Campaign as a "temporary" entity has no basis in reality.  The Campaign continues to have obligations in addition to this lawsuit, including related to ongoing FEC obligations, and has not disbanded.  The Campaign is complying and will continue to comply with its legal obligations, and Plaintiffs' rank speculation offers no basis to conclude otherwise.  Not only is Plaintiffs' conjecture devoid of any underlying factual basis, but it also is directly undermined by Plaintiffs' own statements elsewhere in their opposition brief that any additional ESI discovery beyond the eight representative plaintiffs "likely will not transpire for months" consistent with Plaintiffs' proposal that ESI proceed in a "staged approach."  (Opp. at 3-4.).  If Plaintiffs truly believed that a legitimate risk of inadvertent spoliation existed in this case (which it does not), then surely they would not be advocating for a piece-meal approach to ESI.  Regardless, the Campaign has complied with its preservation obligations in this case, and Plaintiffs' speculation about the potential risk of inadvertent document loss during the brief period while the Court decides the Campaign's dispositive motion does not establish any "unfair prejudice."  *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 (rejecting plaintiffs' claim that a stay would be prejudicial due to "potential" for destruction of evidence); *O'Sullivan*, 2018 WL 1989585, at *9 (the "ordinary risk of litigation" of non-party document destruction "does not constitute sufficient prejudice to warrant denying a stay of discovery").

The absence of any prejudice to Plaintiffs therefore justifies a limited stay of discovery.

*   *   *

12

In sum, Plaintiffs have not offered any legitimate reason to deny a limited stay of discovery. As it would be substantially prejudicial to require the parties to spend significant time, effort, and money engaging in discovery for putative class and collective action claims that fail as a matter of law and should not be permitted to proceed, the Court should exercise its discretion to stay the following categories of discovery until the Court has ruled on the pending Motion to Dismiss or Strike:

- Written Discovery beyond the limited Written Discovery agreed-to by the parties;[6]

- ESI Discovery other than emails for the eight representative Plaintiffs; and

- Depositions.

## **CONCLUSION**

For all of the foregoing reasons and the reasons set forth in the Campaign's moving brief, the Court should stay discovery beyond that ordered by the Court during the ICMC pending a decision on the Motion to Dismiss or Strike.

Dated: July 31, 2020                    PROSKAUER ROSE LLP

                                        /s/ Elise M. Bloom
                                        Elise M. Bloom
                                        Rachel S. Philion
                                        Pinchos N. Goldberg

                                        Eleven Times Square
                                        New York, New York 10036
                                        (T)  212.969.3000
                                        ebloom@proskauer.com
                                        rphilion@proskauer.com
                                        pgoldberg@proskauer.com

---

[6] The Campaign will continue to meet and confer with Plaintiffs regarding the disputed categories of Non-ESI Discovery sought by Plaintiffs.  Accordingly, and as the Court noted during the ICMC, this issue is not ripe for the Court's intervention.

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.