# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ABDOULAYE GUEYE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00487-P |
| | § | |
| MIKE BLOOMBERG 2020 INC., | § | |
| | § | |
| Defendant. | § | |

## <u>DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Mike Bloomberg 2020, Inc. (the "Campaign") moves to dismiss all claims filed by Plaintiff Abdoulaye Gueye and submits this brief in support.[1]  For the reasons that follow, Plaintiff fails to state a claim upon which relief can be granted, and the Court should dismiss his claims with prejudice.

---

[1] *See* N.D. Tex. L.R. 5.1.

## Table of Contents

I.   Introduction ............................................................................................................1

II.  Legal Standard .......................................................................................................2

III. Factual and Procedural Background .....................................................................3

IV.  Arguments and Authorities ...................................................................................4

    A.   Plaintiff fails to state a claim for breach of oral contract..........................4

    B.   The Court should dismiss Plaintiff's fraud claim because it is barred by the economic-loss rule and because Plaintiff fails to plausibly plead justifiable reliance. ......................................................................................................5

        1.   The economic-loss rule precludes Plaintiff's fraud claim. ........................5

        2.   Plaintiff cannot plausibly plead that he justifiably relied on the alleged representations about the nature of his employment in light of the written At-Will Agreement. ...................................................................7

    C.   Plaintiff fails to state a claim for promissory estoppel. ............................9

    D.   Plaintiff fails to state a claim for unjust enrichment. .............................10

V.   Conclusion ...........................................................................................................12

## Table of Authorities

**Cases**

*Anyafulu v. EquiCredit Corp. of Am.*,
   664 F. App'x 410 (5th Cir. 2016) ........................................................................... 6, 7

*Areizaga v. ADW Corp.*, 3:14-CV-2899-P,
   2015 WL 13567554 (N.D. Tex. May 19, 2015) ....................................................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................. 2, 3

*Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*,
   590 S.W.3d 471 (Tex. 2019)................................................................................... 8, 9

*Baxter v. PNC Bank Nat'l Ass'n*,
   541 F. App'x 395 (5th Cir. 2013) .............................................................................. 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................. 2, 3

*Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*,
   445 S.W.3d 716 (Tex. 2014)........................................................................................ 6

*City of Clinton v. Pilgrim's Pride Corp.*,
   632 F.3d 148 (5th Cir. 2010) ...................................................................................... 4

*City of Clinton v. Pilgrim's Pride Corp.*,
   654 F. Supp. 2d 536 (N.D. Tex. 2009) ..................................................................... 10

*David J. Sacks, P.C. v. Haden*,
   266 S.W.3d 447 (Tex. 2008)........................................................................................ 5

*Dorsey v. Portfolio Equities, Inc.*,
   540 F.3d 333 (5th Cir. 2008) ...................................................................................... 1

*DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*,
   112 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ..................... 8

*DT Apt. Grp., LP v. CWCapital, LLC*,
   No. 3:12–CV–0437–D, 2012 WL 6693192 (N.D. Tex. Dec. 26, 2012)................... 8, 9

*Elias v. Pilo*,
   781 F. App'x 336 (5th Cir. 2019) .............................................................................. 12

*Fortune Prod. Co. v. Conoco, Inc.*,
   52 S.W.3d 671 (Tex. 2000)........................................................................................ 10

*Garza-Selcer v. 1600 Pacific Subtenant, LLC*,
  No. 3:15-CV-03791-N, 2016 WL 11474103 (N.D. Tex. Aug. 30, 2016) ........................ 10, 11

*Heldenfels Bros. v. City of Corpus Christi*,
  832 S.W.2d 39 (Tex.1992) ........................................................................................ 11

*Jhaver v. Zapata Off-Shore Co.*,
  903 F.2d 381 (5th Cir. 1990) .................................................................................... 10

*Jim Walter Homes, Inc. v. Reed*,
  711 S.W.2d 617 (Tex. 1986) .................................................................................... 6, 7

*Johnson v. Wells Fargo Bank, N.A.*,
  999 F. Supp. 2d 919 (N.D. Tex. 2014) ...................................................................... 11

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*,
  546 S.W.3d 648 (Tex. 2018) ...................................................................................... 9

*Lexington Ins. Co. v. Chubb & Son, Inc.*,
  No. 3:09-cv-00561, 2009 WL 1940485 (N.D. Tex. July 6, 2009) ............................ 11

*Mercedes-Benz, LLC v. Carduco*,
  583 S.W.3d 553 (Tex. 2019) .................................................................................... 8, 9

*Miller v. CitiMortgage, Inc.*,
  970 F. Supp. 2d 568 (N.D. Tex. 2013) ........................................................................ 6

*Mowbray v. Avery*,
  76 S.W.3d 663 (Tex. App.—Corpus Christi 2002, pet. denied) ................................ 11

*Mullins v. TestAmerica, Inc.*,
  564 F.3d 386 (5th Cir. 2009) ...................................................................................... 4

*Nat'l Prop. Holdings, L.P. v. Westergren*,
  453 S.W.3d 419 (Tex. 2015) .................................................................................... 8, 9

*Reliable Consultants, Inc. v. Earle*,
  517 F.3d 738 (5th Cir. 2008) ...................................................................................... 2

*Shakeri v. ADT Sec. Servs., Inc.*,
  816 F3d 283 (5th Cir. 2016) ...................................................................................... 6

*Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 3:16-CV-1451-D,
  2017 WL 588656 (N.D. Tex. Feb. 13, 2017) ............................................................ 12

*Simms v. Jones*,
  879 F. Supp. 2d 595 (N.D. Tex. 2012) ........................................................................ 7

*Stephens v. The Clipper, Inc.*,
  No. 3–91–1392, 1992 WL 163659 (N.D. Tex. Mar. 24, 1992) .................................. 5

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000) ................................................................................ 5, 11

*Sw. Bell Tel. Co. v. DeLanney*,
    809 S.W.2d 493 (Tex. 1991) ................................................................................... 6, 7

*Tuchman v. DSC Commc'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ...................................................................................... 6

*Walch v. Adjutant General's Dep't of Tex.*,
    533 F.3d 289 (5th Cir. 2008) ...................................................................................... 1

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) ...................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................... i, 2

**Other Authorities**

N.D. Tex. L.R. 5.1 .......................................................................................................... i

## I.      INTRODUCTION

In February of this year, Plaintiff executed a written employment agreement (the "At-Will Agreement") with the Campaign making clear that either Plaintiff or the Campaign *"may terminate [Plaintiff's] employment at any time, with or without notice and with or without cause, for any reason or no reason."*  At-Will Agreement at 1, attached as Ex. A (exhibits omitted) (emphasis added).[2]  The At-Will Agreement further stated that no statement varying the terms of the At-Will Agreement was enforceable unless in a writing signed by an officer of the Campaign.

Notwithstanding the explicit terms of the At-Will Agreement, Plaintiff seeks to bring claims against the Campaign for terminating Plaintiff's employment in accordance with those terms.  Plaintiff asserts claims against the Campaign for breach of oral contract, fraud, promissory estoppel, and unjust enrichment, each of which relate to his employment with the Campaign.  The Court should dismiss each of Plaintiff's four claims for the following reasons.

*First*, as to the breach-of-oral-contract claim, the parties' written At-Will Agreement governs the employment relationship, and it is quite clear that the Plaintiff's employment was "at will."  Plaintiff may not rely on alleged oral representations to contradict the written terms of the At-Will Agreement.  In addition, the Campaign notes that Plaintiff does not actually plead that the Campaign breached any agreement.  But in light of the written agreement, amendment of the breach-of-oral-contract claim would be futile, and the Court thus should dismiss that claim with prejudice.

---

[2] The Court may consider "documents incorporated into the complaint by reference" when ruling on a motion to dismiss.  *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (holding that two documents attached to motion to dismiss could be considered in ruling on that motion because they "were sufficiently referenced in the complaint").  Plaintiff specifically refers to the parties' written agreement. *See, e.g.*, Pet. at 2 [Dkt. No. 1-4].  Accordingly, the Court should consider the At-Will Agreement in deciding this motion and should not convert it into a summary-judgment motion.

*Second*, Plaintiff's fraud claim is barred as a matter of law because the harm Plaintiff claims consists of the allegedly wrongful termination of the written At-Will Agreement.  Under Texas law, the economic-loss doctrine bars any such claim.  In addition, Plaintiff fails to plausibly establish reasonable reliance—an essential element of his fraud claim—as a matter of law in light of the At-Will Agreement that Plaintiff executed that contradicts the fraud claim.  Dismissal with prejudice therefore is proper.

*Third*, Plaintiff's promissory-estoppel claim fails as a matter of law because the parties have entered into a valid agreement that governs Plaintiff's employment.  And, because amendment would be futile, the Court should dismiss the promissory-estoppel claim with prejudice.

*Finally*, Plaintiff's claim for unjust enrichment fails because a valid agreement governs Plaintiff's employment.  Texas law precludes an unjust enrichment claim in those circumstances.  Moreover, Plaintiff pleads no facts from which the Court could infer that the Campaign was unjustly enriched.  Because amendment of any such claim would be futile, dismissal with prejudice is proper.

## II.   LEGAL STANDARD

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  A claim is plausible where the plaintiff pleads sufficient factual content to support the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  The factual allegations in the complaint must be enough to raise a right to relief

2

above the speculative level. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Original Petition in state court on March 23, 2020, and subsequently amended his petition. On May 15, 2020, the Campaign timely removed to this Court on the basis of diversity jurisdiction. *See* Notice of Removal [Dkt. No. 1].

In his First Amended Original Petition ("Petition"), Plaintiff asserts claims for breach of oral contract, fraud, promissory estoppel, and unjust enrichment. *See* Pet. at 2–3 [Dkt. No. 1-4]. The factual basis for these claims is sparse, comprising less than a page of the Petition. *See id.* at 2. And each claim against the Campaign consists of a single conclusory sentence. *See, e.g.*, *id.* at 3 ("Defendant committed fraud against Plaintiff.").

Each of Plaintiff's claims relates to Plaintiff's employment with the Campaign. Plaintiff alleges that, contrary to the unambiguous terms of the At-Will Agreement that he signed, the Campaign "promised Plaintiff . . . that even if Mike Bloomberg withdrew from his campaign, [the Campaign] would continue to employ and pay Plaintiff through the November election 'no matter what.'" *Id.* at 2. According to Plaintiff, the Campaign "guaranteed Plaintiff a job through the November election," and "Plaintiff relied on this representation to his detriment, leaving other employment and forgoing other employment opportunities." *Id.* Plaintiff claims that he relied on these representations when he entered into a written employment agreement with the Campaign. *Id.* He seeks lost wages and employment benefits, lost earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, damage to professional reputation, attorneys' fees, and "other damages." *Id.* at 2, 3, 5.

## IV.   ARGUMENTS AND AUTHORITIES

**A.   Plaintiff fails to state a claim for breach of oral contract.[3]**

This Court should dismiss Plaintiff's breach-of-contract claim because he has failed to state a claim.   "In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."   *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (alteration omitted).   To state a claim for breach of contract, a plaintiff must allege facts sufficient to establish each of these elements.   *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.").

Plaintiff cannot pursue a claim for breach of an oral contract because he entered into a written agreement that directly contradicts the terms of the alleged oral contract.   Although Plaintiff alleges that the Campaign "guaranteed Plaintiff a job through the November election," the parties' written At-Will Agreement expressly provides that Plaintiff's employment was at will and not for any fixed duration.   *See* At-Will Agreement at 1, attached as Ex. A.   Under Texas law, Plaintiff may not enforce an oral contract that directly contradicts the parties' written agreement.   *See, e.g.*, *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008) (determining that evidence of oral agreement capping attorney's fees at $10,000 was inadmissible to alter written agreement that contained no cap because "[a]n unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports"); *Stephens v. The Clipper, Inc.*,

---

[3] Plaintiff has failed to plead that the Campaign breached the alleged contract.   In the single sentence supporting Plaintiff's breach-of-contract claim, Plaintiff alleges only that "Defendant and Plaintiff entered into an oral contract performable within one year."   Pet. at 2.   Nowhere does Plaintiff claim that the Campaign breached any contract.   Accordingly, he has failed to state a breach-of-contract claim and, at a minimum, the Court should require him to replead.

No. 3–91–1392, 1992 WL 163659, at *5 (N.D. Tex. Mar. 24, 1992) (dismissing breach-of-oral-contract claim in part because the plaintiff could not introduce oral representations to vary or contradict the terms of the written agreement).   Furthermore, the parties' written agreement expressly states that "[n]o statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of [Defendant]."   At-Will Agreement at 2, attached as Ex. A.   Accordingly, Plaintiff cannot now claim that he was not an at-will employee.   *See* Pet. at 2 (alleging, for example, that Plaintiff was "guaranteed . . . a job through the November election").

Simply put, the written At-Will Agreement—which provided that Plaintiff was an at-will employee—governs the employment relationship, and Plaintiff cannot state a claim for breach of oral contract as a matter of law.   And because the written At-Will Agreement makes amendment of the breach-of-oral-contract claim futile, dismissal should be with prejudice.   *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (determining that amendment would be futile where "[t]he amended complaint would fail to state a claim upon which relief could be granted").

**B.    The Court should dismiss Plaintiff's fraud claim because it is barred by the economic-loss rule and because Plaintiff fails to plausibly plead justifiable reliance.[4]**

1.    <u>The economic-loss rule precludes Plaintiff's fraud claim.</u>

Plaintiff's fraud claim fails as a matter of Texas law because of the economic-loss rule, "which generally precludes recovery in tort for economic losses resulting from a party's failure to

---

[4] In addition to failing on substantive grounds, Plaintiff has not satisfied Rule 9(b)'s heightened pleading standards.   It is well established that "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'"   *Williams v. WMX Techs., Inc.*, 112 F.3d 175,177 (5th Cir. 1997) (second alteration in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *see also Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (determining that "vague allegations as to the who, what, when, where, and why . . . are not sufficient to plead a claim of fraud or fraudulent inducement with the particularity that Rule 9(b) requires").   Despite that clear dictate, Plaintiff makes no

perform under a contract when the harm consists only of the economic loss of a contractual expectancy.'" *Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x 410, 413 (5th Cir. 2016) (quoting *Shakeri v. ADT Sec. Servs., Inc.*, 816 F3d 283, 292 (5th Cir. 2016)); *see also Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). Thus, "if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *see also, e.g.*, *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("The nature of the injury most often determines which duty or duties are breached.").

In *Anyafulu*, for example, the plaintiff claimed that the defendants promised her that they would not foreclose on her home while she sought a loan modification. *See* 664 F. App'x at 413. She later sued for fraud and fraudulent misrepresentation when the defendants accelerated the terms of her loan and began foreclosure proceedings following her failure to timely pay her mortgage. *See id*. The Fifth Circuit held that "liability would only arise if [defendants'] conduct constituted breach of the parties' loan agreement"; therefore, "the district court properly concluded that her fraudulent misrepresentation claims are barred by the economic loss rule because the alleged loss complained of is the subject matter of the loan agreement, or contract, between the parties." *Id.*

Similarly, in *Simms v. Jones*, this Court dismissed a plaintiff's fraudulent-concealment claims because they were barred by the economic-loss rule. *See* 879 F. Supp. 2d 595, 599-600 (N.D. Tex. 2012). The plaintiffs alleged that the defendants fraudulently concealed that the plaintiffs' seats for the Super Bowl were in a location with an obstructed view. *Id.* The court concluded that because "the duties alleged [we]re owed only by virtue of the contractual

---

attempt to meet these requirements. At a minimum, the Court should require Plaintiff to replead his fraud claim to comply with Rule 9(b).

relationship . . . and [p]laintiffs' alleged injuries arise only from that contract," the plaintiffs' claims were barred by the economic-loss rule. *Id*. at 600.

So too here. The economic-loss rule bars Plaintiff's fraud claim because the claimed damages arise from the Campaign's alleged failure to perform under a contract (i.e., "liability would only arise if [the Campaign's] conduct constituted a breach of the parties' . . . agreement"). *Anyafulu*, 664 F. App'x at 413; *see also Delanney*, 809 S.W.2d at 495 (holding that economic-loss rule barred tort claim because the plaintiff "clearly sought to recover the benefit of his bargain with [the defendant]"); *Jim Miller Homes*, 711 S.W.2d at 618 (economic-loss rule barred tort recovery for a breach of the contract). Specifically, Plaintiff appears to allege that the Campaign, made statements regarding his employment in direct contradiction of the At-Will Agreement he signed. Pet. at 2. Plaintiff seeks lost wages and employment benefits as a result of the Campaign's alleged failure to employ or pay him through November 2020. *See, e.g.*, *id*. at 2, 3. Because Plaintiff seeks recovery of amounts he claims are owed to him under a contract, the Court should dismiss Plaintiff's fraud claim as barred by the economic-loss rule.

2. <u>Plaintiff cannot plausibly plead that he justifiably relied on the alleged representations about the nature of his employment in light of the written At-Will Agreement.</u>

In addition to running afoul of the economic-loss doctrine, Plaintiff's fraud claim also fails as a matter of Texas law because an essential element of that claim—justifiable reliance—is missing. To state a fraud claim, Plaintiff must allege facts to support the following elements: "(1) the defendant made a false, material representation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff *justifiably relied on the representation*, which caused the plaintiff injury." *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (emphasis added

and internal quotation marks and citation omitted).  Because Plaintiff does not plausibly allege

facts to establish justifiable reliance, the Court should dismiss his fraud claim as a matter of law.

Courts routinely hold that reliance on an oral statement that contradicts a written agreement

is not justifiable as a matter of law.  *See, e.g.*, *DT Apt. Grp., LP v. CWCapital, LLC*, No. 3:12–

CV–0437–D, 2012 WL 6693192, at *9 (N.D. Tex. Dec. 26, 2012) (dismissing fraudulent-

inducement claim, which also has a justifiable-reliance element, because "plaintiffs have not

plausibly pleaded justifiable reliance" because "'reliance upon an oral representation that is

directly contradicted by the express, unambiguous terms of a written agreement between the

parties is not justified as a matter of law'" (quoting *DRC Parts & Accessories, L.L.C. v. VM Motori,*

*S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)); *see also Nat'l*

*Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015) ("A party to a written

contract *cannot justifiably rely on oral misrepresentations regarding the contract's unambiguous*

*terms*." (emphasis added)); *Barrow-Shaver Res Co.*, 590 S.W.3d at 499; *Mercedes-Benz, LLC v.*

*Carduco*, 583 S.W.3d 553, 558 (Tex. 2019); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P.,*

*L.L.C.*, 546 S.W.3d 648, 658–59 (Tex. 2018).

For example, in *Barrow-Shaver Resources Co. v. Carrizo Oil & Gas, Inc.*, the Texas

Supreme Court addressed an oil-and-gas drilling company's claim that Carrizo Oil & Gas, Inc.,

another oil-and-gas company, committed fraud by orally representing that it would not withhold

its consent to allow the drilling company to assign its interest in a contract and later refusing to

consent to the assignment.  590 S.W.3d at 497.  Carrizo Oil & Gas, Inc. had insisted on deleting

language in the contract that provided that it "shall not be unreasonably with[o]ld" its consent, but

the drilling company nonetheless claimed that Carrizo Oil & Gas, Inc. orally represented three

separate times that it would consent to an assignment.  *Id.*  The Texas Supreme Court held that the

drilling company could not reasonably rely on the oral representations in light of the language in

the contract and therefore held that the driller's fraud claim failed as a matter of law. *See id.* at 499–500, 502.

That reasoning applies here. The plain language of the parties' At-Will Agreement provides that Plaintiff's employment is "at-will." *See* At-Will Agreement at 1, attached as Ex. A. Plaintiff alleges that he relied on the Campaign's "representations when he signed an agreement." Pet. at 2. Any contention that Plaintiff reasonably relied on the Campaign's alleged promise that he would be employed "through November 2020" is contradicted by the plain language of the At-Will Agreement. *See id.*; At-Will Agreement at 1, attached as Ex. A. Accordingly, Plaintiff fails to plausibly plead justifiable reliance, and the Court should dismiss his fraudulent-inducement claim as a matter of law. *See, e.g.*, *DT Apt. Grp., LP*, 2012 WL 6693192, at *9; *Mercedes-Benz, LLC*, 583 S.W.3d at 558; *Barrow-Shaver Res Co.*, 590 S.W.3d at 499; *JPMorgan Chase Bank, N.A.*, 546 S.W.3d at 658–59; *Nat'l Prop. Holdings, L.P.*, 453 S.W.3d at 424.

**C.      Plaintiff fails to state a claim for promissory estoppel.**

In a single sentence, Plaintiff alleges in conclusory fashion that "Defendant made a promise upon which Plaintiff reasonably relied upon [sic] to his detriment." Pet. at 3. However, the existence of the employment agreement prevents a claim for promissory estoppel. As the Fifth Circuit has made clear, "[u]nder Texas law, a contract comprising the disputed promise precludes recovery under promissory estoppel." *See Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990). In accordance with this mandate, courts routinely dismiss promissory-estoppel claims where a valid agreement exists. *See, e.g.*, *Garza-Selcer v. 1600 Pacific Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *4 (N.D. Tex. Aug. 30, 2016) (dismissing promissory-estoppel claim because plaintiff alleged the existence of an express contract); *Areizaga v. ADW Corp.*, 3:14-CV-2899-P, 2015 WL 13567554, at *2 (N.D. Tex. May 19, 2015) (dismissing promissory-estoppel claim because, "where a party alleges a valid contract governing the dispute

at issue, Texas law precludes recovery under promissory estoppel"); *City of Clinton v. Pilgrim's Pride Corp.*, 654 F. Supp. 2d 536, 544 (N.D. Tex. 2009) (dismissing promissory-estoppel claims in part because an express agreement covered the subject matter); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ."). Plaintiff expressly acknowledges that he entered into an employment agreement. Pet. at 2. Accordingly, he cannot state a claim for promissory estoppel, and dismissal with prejudice is proper.

## D.    Plaintiff fails to state a claim for unjust enrichment.

Plaintiff's unjust-enrichment claim states only that the Campaign "benefited from hiring and touting that it had built a campaign team made up of Plaintiff and others and was unjustly enriched at Plaintiff's expense." Pet. at 3. The Court should dismiss this claim for two independent reasons.

*First*, as was the case with Plaintiff's promissory-estoppel claim, the existence of the employment agreement—which Plaintiff expressly acknowledges—precludes a claim for unjust enrichment. "The unjust enrichment doctrine applies the principles of restitution to disputes *where there is no actual contract* . . . ." *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied) (emphasis added). As the Fifth Circuit has made clear, "[t]here can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract." *See Baxter v. PNC Bank Nat'l Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013). Accordingly, where a valid agreement exists, an unjust-enrichment claim is improper. *See, e.g.*, *Garza-Selcer*, 2016 WL 11474103, at *4 (dismissing unjust-enrichment claim because plaintiff alleged the existence of an express contract); *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014) (noting that, although a plaintiff may plead an unjust enrichment as an

10

alternative to a breach-of-contract claim, it cannot do so if neither party "disputes the existence of a contract governing the dispute"); *Lexington Ins. Co. v. Chubb & Son, Inc.*, No. 3:09-cv-00561, 2009 WL 1940485, at *4 (N.D. Tex. July 6, 2009) (dismissing unjust-enrichment claim because the dispute was "covered by a valid express contract").

*Second*, Plaintiff fails to allege facts from which the Court could plausibly infer that the Campaign was unjustly enriched.  "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).  Plaintiff pleads no facts to support his contention that he provided a benefit to the Campaign for which he was not compensated.  Nor does he plead facts that would support the conclusion that the Campaign obtained a benefit by fraud, duress, or the taking of undue advantage.  Accordingly, dismissal is proper.  *See, e.g.*, *Elias v. Pilo*, 781 F. App'x 336, 339 (5th Cir. 2019) (affirming the dismissal of a plaintiff's unjust-enrichment claim where "the complaint fails to plausibly state that [the defendant] 'has obtained a benefit from' [the plaintiff]"); *Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 3:16-CV-1451-D, 2017 WL 588656, at *6 (N.D. Tex. Feb. 13, 2017) (dismissing an unjust-enrichment claim where the plaintiff "failed to plead a plausible claim that [the defendant] obtained a benefit from [the plaintiff] by fraud, duress, or the taking of an undue advantage").

Because the parties entered into a written agreement, the Court must dismiss Plaintiff's unjust-enrichment claim.  And because Plaintiff cannot avoid the At-Will Agreement through amendment of its unjust enrichment claim, dismissal should be with prejudice.  *See Stripling*, 234 F.3d at 873.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted, and dismissal is proper under Rule 12(b)(6).  Moreover, because amendment would be futile, the Court should dismiss the claims with prejudice.

Dated:  May 22, 2020.

Respectfully submitted,

*/s/ J. Meghan McCaig*
Greg W. Curry
State Bar No. 05270300
Greg.Curry@tklaw.com

J. Meghan McCaig
State Bar No. 24070083
Meghan.McCaig@tklaw.com

Dina McKenney
State Bar No. 24092809
Dina.McKenney@tklaw.com

Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
(214) 969-1700
(214) 969-1751 (facsimile)

ATTORNEYS FOR DEFENDANT

# EXHIBIT A

DocuSign Envelope ID: 15D4645D-855A-4529-8E9D-99C85FAF8CB9

Mike Bloomberg 2020 Inc.
c/o 909 Third Avenue, 15th floor
New York, NY 10022


February 5, 2020


Abdoulaye Gueye



Re:      Offer of Employment


Dear Abdoulaye:

On behalf of Mike Bloomberg 2020 Inc. (the "Organization"), it is my pleasure to formally confirm our offer to you to join the Organization. Assuming the required documentation is complete, we look forward to welcoming you on February 10, 2020.

You will be compensated at the rate of $3,000.00 semi-monthly.  Such compensation shall be payable biweekly or bimonthly in accordance with the Organization's regular payroll practices.  In light of your job duties and compensation, this position is classified as exempt from the overtime provisions of federal and applicable state laws.

You will be eligible to participate in all employee benefits plans from time to time adopted by the Organization and in effect for similarly situated employees of the Organization. Notwithstanding the foregoing, the Organization expressly reserves the right to amend, modify or terminate any employee benefit plan or policy at any time, with or without notice.

The Organization may withhold and deposit all federal, state, and local income and employment taxes that are owed with respect to all amounts paid or benefits provided to or for you by the Organization.

The nature of your employment at the Organization is and will continue to be "at will," as defined by applicable law, meaning that either we or you may terminate your employment at any time, with or without notice and with or without cause, for any reason or for no reason.  Upon any termination of your employment for any reason, no further payments by the Organization to you will be due other than accrued but unpaid salary through the applicable date of your termination and any other accrued benefits to which you may be entitled pursuant to the terms of benefits plans in which you participate at the time of such termination.

1.      The Organization's offer hereunder is contingent on the acceptable results of a background investigation.  In the event that the results of the background check are not acceptable to the Organization in its reasonable discretion, this offer shall be void *ab initio*.

2.      As a condition of, and prior to commencement of, your employment with the Organization, you shall have executed and delivered to the Organization the Confidentiality, Non-Interference, and Invention Assignment Agreement and Code of Conduct attached hereto as Exhibits A and B, respectively.

DocuSign Envelope ID: 1ED4645D-8EEA-45D2-9DE8-D99635FAF6CB9

Case 1:20-cv-02489-LTS-GWG   Document 147-2   Filed 09/02/20   Page 21 of 22
Case 4:20-cv-00487-P   Document 5-1   Filed 05/22/20   Page 3 of 3   PageID 142

EXHIBIT A

1.   No statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of the Organization.

We are very excited to have you as a part of the Organization's team.  We have many exciting challenges ahead and we are confident you can make a significant contribution to our future growth.

Sincerely,                                          Acknowledged and agreed to
                                                    This Date,
                                                     2/5/2020

_____                               _____
Katherine Sayers                                    Abdoulaye Gueye
February 5, 2020

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ABDOULAYE GUEYE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00487-P |
| | § | |
| MIKE BLOOMBERG 2020, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On this day, the Court considered Mike Bloomberg 2020, Inc.'s Motion to Dismiss all claims filed by Plaintiff Abdoulaye Gueye against it.  Having considered the Motion, the Court finds that it is well taken, and it is therefore **ORDERED** that Plaintiff's claims against Mike Bloomberg 2020, Inc. shall be and are hereby **DISMISSED WITH PREJUDICE**.

Signed this _____ day of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE