UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | 20 Civ. 2489 (KMW)(GWG) |

### DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING CONDITIONAL CERTIFICATION AND MOTION TO STAY THE SENDING OF NOTICE

Plaintiffs propose to send notice of this action, and an invitation to join it as plaintiffs, to hundreds of former employees of Defendant Mike Bloomberg 2020, Inc. (the "Campaign") around the country. They make that proposal under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (the "FLSA"), even though the Campaign is not subject to the FLSA as a matter of law. That deficiency is discussed in detail in the Campaign's pending motion to dismiss, Docket No. 110, which is fully briefed and awaits decision.

Rather than waiting for this Court to resolve the motion to dismiss, however, Magistrate Judge Gorenstein granted Plaintiffs' request to send notice in an Opinion and Order dated September 3, 2020, Docket No. 148 (the "O&O"). The Magistrate Judge declined to consider the Plaintiffs' threshold failure, holding that even a dispositive legal issue "go[es] to the ultimate merits" and so, as a matter of law, could not be considered on a motion for conditional certification. O&O at 6; *see id*. at 6-8.

Neither the case law nor practical consideration for judicial and party resources supports that decision. As it stands, hundreds of former Campaign employees will receive notice of this

action and a deadline to indicate a willingness to join as parties before the Court has even determined whether Plaintiffs state a viable claim.  There is no reason to invoke the machinery of notice and consent to join a putative collective action asserting FLSA claims that should not even survive Rule 12(b)(6).  Many courts have recognized the potential futility and waste of resources in such a course, particularly where a motion to dismiss is pending, and have either denied conditional certification or stayed consideration of the issue until after the motion is decided.  The Court should do the same here.

ARGUMENT

    A.    **Standard of Review.**

Federal Rule of Civil Procedure 72 provides that when a Magistrate Judge resolves a non-dispositive matter, the District Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *See also* 28 U.S.C. §636(b)(1)(A).  Review of factual findings accordingly is deferential, but review of legal conclusions is de novo.  *See, e.g.*, *Ungar v. City of N.Y.*, 329 F.R.D. 8, 11–12 (E.D.N.Y. 2018) ("Questions of law . . . are reviewed de novo"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2018 WL 4158290, at *8–9 (E.D.N.Y. Aug. 30, 2018) ("In reviewing issues of law, as is the case here, there is also no practical difference between a court's application of the 'contrary to law' standard and the de novo standard under Rule 72(b).") (citing *Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*, No. 10-cv-827, 2010 WL 4514287, at *2 n.2 (D. Conn. Nov. 2, 2010); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010)).

The Campaign here challenges only the O&O's legal conclusion that threshold legal deficiencies in a complaint asserting claims under the FLSA cannot be considered on a motion for conditional certification pursuant to 29 U.S.C. §216(b).  Review accordingly is de novo.

B.  **Notice Should Not Have Been Ordered Because Plaintiffs' FLSA Claims Fail at the Threshold.**

Congress enacted the FLSA's unusual opt-in collective action in response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Its use is limited to instances where plaintiffs can demonstrate that they and the proposed collective "together were victims of a common policy or plan *that violated the law*." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (emphasis added) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). To be sure, conditional certification does not depend upon proof that the defendant actually broke the law. But it does require, at the barest minimum, that plaintiffs plead a set of allegations that, if proved, would make out a violation of the statute. Plaintiffs cannot meet that minimal test, as the Campaign explained in detail in its motion to dismiss, Docket Nos. 111 and 142, and in opposition to conditional certification, Docket No. 94.[1]

1.  **The Campaign Is Not Covered By The FLSA.**

The FLSA by its terms covers only commercial enterprises that do business, and that do so at a certain scale (the so-called "enterprise coverage" test), and to employees of non-covered enterprises who nevertheless individually engage in such commerce ("individual coverage"). 29 U.S.C. §§203(r), 203(s), 206(a). The Campaign falls outside the statute under either test.

First, the Campaign did not engage in any "commerce" with a "business purpose" – that is, the buying and selling of goods or services. 29 U.S.C. §203(r)(1). Nonprofit organizations accordingly are not subject to the FLSA except to the extent that they "compete in the

---

[1] The merits of the motion to dismiss are not at issue here, because the O&O declined to consider the Campaign's arguments at all, and the issue presented on these Objections is whether that refusal was appropriate. Also, the motion to dismiss currently pending before the Court explains the deficiencies of the Second Amended Complaint in detail. We therefore review the legal issue only briefly here.

marketplace with ordinary commercial enterprises." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 87 (E.D.N.Y. 2010); 29 C.F.R. §779.214; *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 292 (1985); *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. 2009) ("Generally, non-profit organizations that do not 'engage in ordinary commercial activities' . . . operate without a 'business purpose' and therefore are not enterprises"). As a matter of law, the Campaign was not engaged in commercial activity but in political activity, and its employees' responsibilities, according to their own allegations, were to advocate, to spread ideas, to share a political philosophy, and to persuade voters. Congress has recognized that distinction: in granting political organizations tax-exempt status, 29 U.S.C. §527(e), the Senate Report explains that "political activity (including the financing of political activity) as such is not a trade or business . . . ." The FLSA simply does not cover political campaigns, as a matter of law.[2]

Second, for the same reasons, Plaintiffs are not covered by the FLSA under the "individual coverage" provision, which extends the statute to employees who are "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§206(a), 207(a)(1). Plaintiffs seek to satisfy this requirement with allegations that they spoke with Campaign staff in the New York headquarters about the campaign, or made interstate telephone calls to contact voters. Second Amended Complaint ("SAC") ¶¶68-73. But Plaintiffs' own allegations establish that those activities, like the activities of the Campaign overall, were not undertaken for a commercial or business purpose; rather, they were pure political advocacy. To use Plaintiffs'

---

[2] Plaintiffs attempted to argue that facts about the Campaign's sale of merchandise like bumper stickers and t-shirts might affect the determination of whether the Campaign is subject to the FLSA. As explained in the Campaign's motion to dismiss and its opposition to conditional certification, however, such sales are not in commerce; as a matter of law, the purchases of campaign merchandise are deemed to be political contributions, not commercial sales. *See* Motion to Dismiss (Docket No. 111) at 11-13.

characterization, they were "making phone calls nationwide to potential voters *to promote Mr. Bloomberg's candidacy* for President of the United States and *to recruit volunteers to aid in phone banking and canvassing efforts* for Mr. Bloomberg's Campaign." SAC ¶224. Where facilities of interstate commerce are used in furtherance of non-commercial activities, they do not suffice to bring those employees within the scope of the FLSA. *Reagor v. Okmulgee Cnty. Fam. Res. Ctr., Inc.*, 501 F. App'x 805, 810 (10th Cir. 2012); *Kitchings v. Fla. United Methodist Childs. Home, Inc.*, 393 F. Supp. 2d 1282, 1294 n.28 (M.D. Fla. 2005). As a matter of law, and taking the allegations of the Second Amended Complaint as true, Plaintiffs simply fail to state a claim for violation of the FLSA, and cannot do so.

### 2. The O&O Erred In Declining To Resolve These Threshold Legal Issues.

There is no reason to put the cart before the horse and take steps to expand the collective before even determining whether Plaintiffs state a claim. Many courts have recognized that stating a valid claim, at least sufficiently to survive a motion to dismiss, is a prerequisite to conditional certification and the sending of notice. For example, in *Marcial v. New Hudson Family Restaurant Inc.*, No. 18-cv-0663 (NSR) (JCM), 2019 WL 1900336 (S.D.N.Y. Apr. 29, 2019), defendants challenged plaintiffs' standing to assert an FLSA claim, and the Court held that it would "consider whether Plaintiffs have standing to assert FLSA minimum wage claims before deciding whether to grant Plaintiff's motion for conditional certification because 'it is black letter law that a rule of procedure cannot create standing.'" *Id*. at *4 (citing *Pub. Emps. Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 480 (S.D.N.Y. 2010)). A rule of procedure cannot expand the scope of the FLSA, either, and that is what Plaintiffs implicitly attempt here.

Similarly, in *Lusk v. Serve U Brands, Inc.*, No. 17-cv-06451 (MAT), 2018 WL 826857 (W.D.N.Y. Feb. 12, 2018), the complaint failed to provide sufficient information for the court to conclude that plaintiffs had been paid less than minimum wage.  Though both motions were pending, the court decided the motion to dismiss first and, having granted it, held the request for conditional certification moot: "By definition," the court held, "the Court cannot certify an FLSA collective action where no plausible FLSA claim has been alleged."  *Id*. at *3; *see also Islam v. BYO Co. (USA), Ltd.*, 16-cv-927 (PGG), 2017 WL 2693717 (S.D.N.Y. June 20, 2017) (denying conditional certification where plaintiffs failed to show that the facts alleged in the complaint made out a violation of the FLSA).[3]

The O&O cited a few cases declining to consider threshold issues of FLSA coverage, *see* O&O at 6, but those cases concerned defenses that required discovery to resolve – they did not present pure questions of law, as the Campaign's motion to dismiss does here.  For example, the defendant in *Jeong Woo Kim v. 511 E. 5th Street, LLC*, 985 F. Supp. 2d 439 (S.D.N.Y. 2013), *cited in* O&O at 6, argued that certification should be denied because the plaintiffs were independent contractors rather than employees – an inherently fact-bound determination, such that discovery might sustain or refute the defense.  *See id*. at 447 (describing factors to be investigated); *see also Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 527 (S.D.N.Y. 2015), *cited in* O&O at 6 (declining to consider whether plaintiffs were properly classified as

---

[3] Specifically, in *Islam* the plaintiffs alleged that they were paid less than minimum wage because of a tip pool that improperly included employees who did not provide direct customer service. *Id*. at *5. The Court, while acknowledging the lenient standard applicable to conditional certification motions, denied certification because "Plaintiffs have cited no law to this Court suggesting that a tip pool is illegal when the members of the tip pool . . . [all] spend less than twenty percent of their workweek on non-tipped activities." *Id.* at *7. In other words, the plaintiffs' failure to show that their allegations, taken as true, made out a violation of the FLSA resulted in denial of the motion.  The same was true in *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 352 (E.D.N.Y. 2015), where the plaintiffs' allegations that they were "encouraged" to perform off-the-clock work did not meet the *Myers* requirement that plaintiffs show they were subjected to a "common policy or plan *that violated the law*" (original emphasis).

employees and whether arbitration agreements with some but not all of the plaintiffs would be enforceable).[4]

These cases have no application to the purely legal issue that is the subject of the Campaign's motion.  In any event, even where FLSA coverage does turn on questions of fact that require discovery, some courts deny conditional certification until the threshold issue can be investigated and decided.  *See, e.g.*, *Arena v. Delux Transp. Servs., Inc.*, No. 12-cv-1718, 2013 WL 654418, at *3 (E.D.N.Y. Feb. 15, 2013) (denying motion to dismiss as premature where defendant contended plaintiffs were contractors rather than employees pending discovery, but holding that "in light of the need to determine the preliminary question of whether the FLSA applies, Plaintiff's motion to conditionally certify a class under FLSA § 216(b) . . . [is] hereby denied, without prejudice to renew"); *Auffray v. FXFL, LLC*, No. 15-cv-9379 (GHW), 2016 WL 6810863 (S.D.N.Y. Nov. 16, 2016) (denying motion for conditional certification without prejudice to renew pending a decision on a defendant's motion to dismiss filed four months after plaintiffs moved for conditional certification; defendant argued that the FLSA's exemption for certain amusement and recreational establishments barred the claim).

Also, some of the cases attribute their disinclination to consider factual threshold issues to the FLSA's unusual statute of limitations, which continues to run as to each individual until that person affirmatively opts to join the case.  That is not a concern here, however.  The limitations period is two years, and all of the potential collective members were employed no earlier than November 2019 nor after March 2020.  There accordingly is ample time for consideration of the Campaign's motion to dismiss.

---

[4] Similarly, in *Zeledon v. Dimi Gyro LLC*, No. 15-cv-7301 (TPG) (DF), 2016 WL 6561404, at *7 (S.D.N.Y. Oct. 13, 2016), *cited in* O&O at 6, the defendant had not moved to dismiss, and its argument in opposition that challenged FLSA coverage did not account for the allegations of "enterprise" coverage in the complaint.

The Court should follow the reasoning of the cases that take up legal defenses prior to conditional certification, and the dictates of common sense, to vacate the O&O. The Court should deny conditional certification without prejudice to Plaintiffs' renewal of the issue should their FLSA claims survive the Campaign's motion to dismiss, or else vacate the O&O and direct the Magistrate Judge to consider the threshold legal question of FLSA coverage.

  **C. Alternatively, the Court Should Stay Notice Until After Defendants' Motion to Dismiss Is Decided.**

Other courts have concluded that it is inappropriate to issue notice while a motion to dismiss is pending. *See, e.g.*, *Hamoudeh v. UnitedHealth Grp. Inc.*, No. 16-cv-790 (PKC) (RML), 2016 WL 2894870, at *1 (E.D.N.Y. May 17, 2016) ("[p]ermitting Plaintiffs to seek certification of a collective action at this time would be putting the cart before the horse: Plaintiffs may only move for certification on behalf of similarly situated parties . . . [which] hinges on the outcome of this motion to compel arbitration"); *Feamster v. Compucom Sys, Inc.*, No. 15-cv-00564, 2016 WL 722190, at *5 (W.D. Va. Feb. 19, 2016) (confronted with motions to dismiss and for conditional certification, the court noted that "[i]f all three named plaintiffs are barred from bringing a collective action [as defendants argued], the case simply may not proceed," and accordingly "the court decline[d] to issue notices to potential class members at this time and . . . grant[ed] defendant's motion to stay a decision on plaintiff's' motion for conditional class certification until the court rules on the dispositive motion"); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916 (CMA) (KLM), 2012 WL 6153513, at *2 (D. Colo. Dec. 11, 2012) (staying consideration of conditional certification pending resolution of summary judgment motion, which "will not cause substantial harm to Plaintiff"); *Cobble v. 20/20 Commc'ns, Inc.*, No. 17-cv-53 (TAV) (MCLC), 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017) (staying briefing of motion for conditional certification pending resolution of defendant's motion to

dismiss or transfer, because "principles of judicial economy require the Court to consider defendant's motions before deciding whether to conditionally certify this matter as a collective action").

## CONCLUSION

As the court said in *Hamoudeh*, "[t]his Court is reluctant to employ the § 216(b) case management mechanism where it may soon rule that there is no case to manage." 2016 WL 2894870, at *2. Whether by sustaining the Campaign's objection to the Magistrate Judge's refusal to consider the legal deficiencies of the Second Amended Complaint, or by staying the issuance of notice until those deficiencies can be evaluated, the Court should order that no notice be sent to putative collective members at this time.

Dated: September 17, 2020
       New York, New York

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

Mark W. Batten
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.