**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, | No. 20 Civ. 2489 (KMW) (GWG) |
| Plaintiffs, | |
| v. | |
| MIKE BLOOMBERG 2020, INC., | |
| Defendant. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING CONDITIONAL
CERTIFICATION AND MOTION TO STAY THE SENDING OF NOTICE**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

RELEVANT FACTUAL AND PROCEDURAL HISTORY ........................................... 1

ARGUMENT .................................................................................................................. 2

   I.   Legal Standard ................................................................................................... 2

   II.   The Magistrate Judge Correctly Granted Plaintiffs' Motion .............................. 3

      A.   The Magistrate Applied the Correct Law in Rejecting the Campaign's Arguments
         About Purported Deficiencies in Plaintiffs' Complaint ..................................... 3

      B.   The Campaign Provides No Authority to Support Its Allegation that the Magistrate
         Judge's Order Was Clearly Erroneous or Contrary to Law ............................... 5

      C.   The Campaign's Motion to Dismiss Will Fail ................................................... 7

         1.   The Campaign Satisfies the FLSA's Enterprise Requirement ...................... 7

         2.   Plaintiffs Are Covered Individuals Under the FLSA ................................ 10

   III.   The Court Should Not Stay Notice .................................................................. 12

CONCLUSION ............................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Archie v. Grand Cent. P'ship, Inc.*,
    997 F. Supp. 504 (S.D.N.Y. 1998) ...................................................................................8, 10

*Arena v. Delux Transp. Servs., Inc.*,
    No. 12 Civ. 1718, 2013 WL 654418 (E.D.N.Y. Feb. 15, 2013)...............................................6

*Arzeno v. Big B World, Inc.*,
    No. 15 Civ. 9724, 2016 WL 9049939 (S.D.N.Y. July 20, 2016) .............................................4

*Auffray v. FXFL, LLC*,
    No. 15 Civ. 9379, 2016 WL 6810863 (S.D.N.Y. Nov. 16, 2016) ............................................6

*Balderas v. Barmadon Mgmt. LLC*,
    No. 17 Civ. 7489, 2019 WL 1258921 (S.D.N.Y. Mar. 19, 2019) ............................................8

*Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc.*,
    No. 18 Civ. 9297, 2020 WL 359941 (S.D.N.Y. Jan. 22, 2020)...............................................14

*Boekemeier v. Fourth Universalist Soc'y in City of New York*,
    86 F. Supp. 2d 280 (S.D.N.Y. 2000).......................................................................9, 10, 12

*Catskill Dev., LLC v. Park Place Entm't*,
    206 F.R.D. 78 (S.D.N.Y. 2002) ...........................................................................................3, 5

*Cobble v. 20/20 Commc'ns, Inc.*,
    No. 17 Civ. 53, 2017 WL 4544598 (E.D. Tenn. Oct. 11, 2017)..............................................15

*Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*,
    753 F. Supp. 1078 (E.D.N.Y. 1990) ........................................................................................3

*Davis v. Grp. Home for Children, Inc.*,
    No. 09 Civ. 415, 2009 WL 2905767 (M.D. Ala. Sept. 8, 2009)............................................10

*Easley v. Cromartie*,
    532 U.S. 234 (2001).................................................................................................................3

*Ellis v. J.R.'s Country Stores, Inc.*,
    No. 12 Civ. 1916, 2012 WL 6153513 (D. Colo. Dec. 11, 2012)............................................15

*Feamster v. Compucom Sys, Inc.*,
    No. 15 Civ. 564, 2016 WL 722190 (W.D. Va. Feb. 19, 2016)..............................................15

*Foster v. Gold & Silver Private Club, Inc.*,
    No. 14 Civ. 698, 2015 WL 8489998 (W.D. Va. Dec. 9, 2015) ..............................................11

*Franze v. Bimbo Foods Bakeries Distrib., LLC*,
  No. 17 Civ. 3556, 2019 WL 1417125 (S.D.N.Y. Mar. 29, 2019) ............................................6

*Grand v. Schwarz*,
  No. 15 Civ. 8779, 2018 WL 1604057 (S.D.N.Y. Mar. 28, 2018) .........................................2, 3

*Graves v. Deutsche Bank Secs. Inc.*,
  No. 07 Civ. 547, 2010 WL 997178 (S.D.N.Y. Mar. 18, 2010) ........................................2, 3, 7

*Guzman v. Three Amigos SJL Inc.*,
  117 F. Supp. 3d 516 (S.D.N.Y. 2015) ....................................................................................3

*Hamoudeh v. Unitedhealth Grp. Inc.*,
  No. 16 Civ. 790, 2016 WL 2894870 (E.D.N.Y. May 17, 2016) ...........................................14

*In re HSBC Bank, NA., Debit Card Overdraft Fee Litig.*,
  99 F. Supp. 3d 288 (E.D.N.Y. 2015) ....................................................................................13

*Islam v. BYO Co. (USA), Ltd.*,
  No. 16 Civ. 927, 2017 WL 2693717 (S.D.N.Y. June 20, 2017) .............................................6

*Jacobs v. N.Y. Foundling Hosp.*,
  577 F.3d 93 (2d Cir. 2009) ................................................................................................9, 10

*Jacobs v. New York Foundling Hosp.*,
  483 F. Supp. 2d 251 (E.D.N.Y. 2007) .....................................................................................11

*Jeong Woo Kim v. 511 E. 5th St., LLC*,
  985 F. Supp. 2d 439 (S.D.N.Y. 2013) ................................................................................3, 4

*Kitchings v. Fla. United Methodist Children's Home, Inc.*,
  393 F. Supp. 2d 1282 (M.D. Fla. 2005) ...............................................................................11

*Kucher v. Domino's Pizza, Inc.*,
  No. 16 Civ. 2492, 2017 WL 2987214 (S.D.N.Y. Feb. 13, 2017) ...........................................6

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ...............................................................................................................14

*Locke v. St. Augustine's Episcopal Church*,
  690 F. Supp. 2d 77 (E.D.N.Y. 2010) .......................................................................................8

*Lusk v. Serve U Brands, Inc.*,
  No. 17 Civ. 6451, 2018 WL 826857 (W.D.N.Y. Feb. 12, 2018) ............................................5

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007) .....................................................................................3

*Marcial v. New Hudson Family Rest., Inc.*,
No. 18 Civ. 663, 2019 WL 1900336 (S.D.N.Y. Apr. 29, 2019) ................................5

*Moreira v. Sherwood Landscaping Inc.*,
No. 13 Civ. 2640, 2014 WL 12539653 (E.D.N.Y. Mar. 31, 2014) ...........................6

*N. Jersey Media Group, Inc. v. Fox News Network, LLC*,
No. 14 Civ. 7630, 2015 WL 7444822 (S.D.N.Y. Nov. 23, 2015) ............................12

*Ortiz v. Barkley*,
558 F. Supp. 2d 444 (S.D.N.Y. 2008).....................................................................12

*Pippins v. KPMG LLP*,
No. 11 Civ. 377, 2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) ............................14

*Reagor v. Okmulgee Cnty. Fam. Resource Ctr.*,
501 F. App'x 805 (10th Cir. 2012) .........................................................................11

*Saget v. Trump*,
345 F. Supp. 3d 287 (E.D.N.Y. 2018) ..............................................................13, 15

*Salustio v. 106 Columbia Deli Corp.*,
264 F. Supp. 3d 540 (S.D.N.Y. 2017)........................................................................7

*SEC v. LaGuardia*,
435 F. Supp. 3d 616 (S.D.N.Y. 2020).....................................................................12

*SEC v. Straub*,
921 F. Supp. 2d 244 (S.D.N.Y. 2013)......................................................................11

*SEC v. Straub*,
No. 11 Civ. 9645, 2016 WL 5793398 (S.D.N.Y. Sept. 30, 2016) .........................11

*Smith v. Dasuya Enters. LLC*,
No. 17 Civ. 17895, 2020 WL 210277 (E.D. La. Jan. 14, 2020) ..............................4

*Smith v. Hulihan*,
No. 11 Civ. 2948, 2012 WL 4928904 (S.D.N.Y. Oct. 17, 2012) ..........................12

*Spiciarich v. Mexican Radio Corp.*,
No. 15 Civ. 851, 2017 WL 1194017 (N.D.N.Y. Mar. 30, 2017)...........................13

*Sun v. Sushi Fussion Express, Inc.*,
No. 16 Civ. 4840, 2018 WL 1168578 (E.D.N.Y. Mar. 5, 2018) ............................6

*Tarafa v. Artus*,
No. 10 Civ. 3870, 2013 WL 3789089 (S.D.N.Y. July 18, 2013) ...........................12

*Tony & Susan Alamo Found. v. Sec'y of Labor*,
    471 U.S. 290 (1985) ................................................................................................9, 10

*Torralba v. Little India Stores*,
    No. 14 Civ. 595, 2016 WL 771192 (S.D.N.Y. Feb. 29, 2016) .................................................10

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
    886 F. Supp. 1134 (S.D.N.Y. 1995)........................................................................................12, 13

*United States v. Hornaday*,
    392 F.3d 1306 (11th Cir. 2004) ...........................................................................................11

*Youngbloods v. BMG MUSIC*,
    No. 07 Civ. 2394, 2011 WL 43510 (S.D.N.Y. Jan. 6, 2011)..................................................14

*Zeledon v. Dimi Gyro LLC*,
    No. 15 Civ. 7301, 2016 WL 6561404 (S.D.N.Y. Oct. 13, 2016) ............................................3

**Statutes & Regulations**

28 U.S.C. § 636(b)(1)(A) .............................................................................................................3

29 U.S.C. § 203(s)(1)(A) .............................................................................................................7

29 C.F.R. § 779.103 ...................................................................................................................11

29 C.F.R. § 779.214 .....................................................................................................................9

29 C.F.R. §§ 779.265-.269...........................................................................................................9

**Other Authorities**

12 Wright, Miller, et al., Federal Practice and Procedure § 3069, at 350-51 (2d ed.
    1997) ..................................................................................................................................3

## INTRODUCTION

The Court should overrule Defendant Mike Bloomberg 2020, Inc.'s ("the Campaign's") objections to the Magistrate Judge's September 3, 2020 Order, ECF No. 148 ("Order"), because the Campaign has not met its high burden to show that the decision was clearly erroneous or contrary to law.  Critically, the Campaign does not challenge the Magistrate Judge's conclusion that Field Organizers are similarly situated or that Plaintiffs met their burden for conditional certification.  Rather, the Campaign merely cites other cases in which other district courts have held motions for conditional certification in abeyance until a motion to dismiss is decided.  The Campaign entirely ignores the body of case law that supports disseminating notice at this stage of the litigation, which the Magistrate Judge set forth in detail in the Order, *see* Order at 6-7.

The Court should also overrule the Campaign's request to stay the dissemination of notice.  Prompt notice of a collective action is critical, particularly in a case like this where the Campaign laid off all the potential Collective Members—after promising them employment through November 2020—and their contact information may change.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are Field Organizers and similarly-titled campaign staffers who worked for Michael Bloomberg's presidential campaign.  Plaintiffs left employment or forwent other opportunities—and many even relocated to other states—to work for the Campaign, which assured them that it would employ them and provide them benefits through November 2020 and give them an opportunity to work on the general election.  ECF No. 86 (Second Am. Compl. ("SAC")) ¶¶ 3, 135, 141, 168, 174, 420.  Plaintiffs and other Field Organizers worked tirelessly for the Bloomberg Campaign—many regularly working at least 12 hours a day, seven days a week.  *Id.* ¶¶ 108, 163, 175.  Despite these long hours, the Campaign failed to pay these staffers

any overtime compensation, in violation of the Fair Labor Standards Act ("FLSA").  *Id.* ¶ 63.

Then, despite its promises of employment through November 2020, the Campaign abruptly laid

them off in late March 2020, in the middle of an unprecedented economic and public health

crisis.  *Id.* ¶ 43.  Plaintiff Donna Wood filed this action on March 23, 2020, and was joined by

Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Zia Oram, Alan

Robinson, Alexandra Marie Wheatley-Diaz, and 42 others ("Plaintiffs") bringing promissory

estoppel, fraudulent inducement, and unpaid overtime claims under state and federal law.  ECF

Nos. 1, 29.  To date, almost 160 Plaintiffs and Opt-In Plaintiffs have filed FLSA consent form to

join this case.  *See* ECF No. 153.

On April 17, 2020, Plaintiffs moved for conditional certification of a FLSA collective

and authorization of notice to all Field Organizers who worked for the Campaign.  ECF No. 63.

On September 3, 2020, the Magistrate Judge granted Plaintiffs' Motion, conditionally certifying

a nationwide FLSA collective .  ECF No. 148.  The Campaign filed objections to the Magistrate

Judge's Order on September 17, 2020.  ECF No. 151 ("Objections").

## ARGUMENT

### I.   Legal Standard

"Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge

to hear and issue an order on any non-dispositive motion pending before the court.  As a general

matter, magistrate judges have 'broad discretion' in resolving these matters[.]"  *Grand v.

Schwarz*, No. 15 Civ. 8779, 2018 WL 1604057, at *2 (S.D.N.Y. Mar. 28, 2018) (Wood, J.).  "On

appeal, the district court judge should not reject the magistrate judge's findings 'merely because

the court would have decided the matter differently.'"  *Id.* (quoting *Graves v. Deutsche Bank

Secs. Inc.*, No. 07 Civ. 547, 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010)).  "[T]he district

court may reconsider the magistrate's ruling only 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'"  *Grand*, 2018 WL 1604057, at *2 (quoting 28 U.S.C. § 636(b)(1)(A)).  "[S]uch a decision is 'clearly erroneous' if the district court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Graves*, 2010 WL 997178, at *7 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds that the magistrate judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure."  *Catskill Dev., LLC v. Park Place Entm't*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).  Accordingly, "the party seeking to reverse the magistrate judge's order has a 'heavy burden.'"  *Grand*, 2018 WL 1604057, at *2  (quoting *Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990)); *see also* 12 Wright, Miller, et al., Federal Practice and Procedure § 3069, at 350-51 (2d ed. 1997) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II.     The Magistrate Judge Correctly Granted Plaintiffs' Motion.

### A.     The Magistrate Applied the Correct Law in Rejecting the Campaign's Arguments About Purported Deficiencies in Plaintiffs' Complaint.

The law is clear that the Court must not make substantive merits determinations regarding Plaintiffs' claims at the conditional certification stage.  Order at 6 (citing cases).  As the Magistrate Judge stated, only one court has applied an exception to this rule where there were "manifestly deficient pleadings."  *Id.* at 6-7.  The Magistrate Judge applied this law correctly and appropriately rejected the Campaign's argument that he should reach the merits of its substantive defenses, finding that Plaintiffs' Complaint was not "manifestly deficient."  Order at 6-7 (citing *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *Zeledon v. Dimi Gyro LLC*, No. 15 Civ. 7301, 2016 WL 6561404, at *7 (S.D.N.Y. Oct. 13, 2016); *Guzman v.*

*Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 527 (S.D.N.Y. 2015); and *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013)).  Further, the Magistrate Judge cited cases that "specifically declined to consider at the conditional approval stage the very types of arguments that the Bloomberg campaign raises here."  Order at 7-8 (citing *Smith v. Dasuya Enters. LLC*, No. 17 Civ. 17895, 2020 WL 210277, at *2, 4 (E.D. La. Jan. 14, 2020) (declining to consider argument that FLSA "individual coverage does not apply because Plaintiffs were not engaged in interstate commerce" given that "the resolution of issues regarding FLSA coverage is premature at" the conditional approval stage)); and *Arzeno v. Big B World, Inc.*, No. 15 Civ. 9724, 2016 WL 9049939, at *1 (S.D.N.Y. July 20, 2016) (argument that defendant "is not an 'enterprise' as defined under the FLSA" goes "to the merits of Plaintiffs' underlying claims and [is] thus beyond the scope of the conditional certification stage").  The Campaign is therefore wrong that its arguments regarding the substantive viability of Plaintiffs' claims should foreclose the Magistrate Judge's authority to decide the conditional certification motion before a motion to dismiss.  *See* Objections at 5-7.

The Court's review of the Magistrate Judge's Order should end there.  In its Objections, the Campaign explicitly states it "challenges *only* the [Order's] legal conclusion that threshold legal deficiencies in a complaint asserting claims under the FLSA cannot be considered on a motion for conditional certification pursuant to 29 U.S.C. § 216(b)."  *Id.* at 2 (emphasis added).  The authority on which the Magistrate Judge relied, outlined above, is directly on point.  The Magistrate Judge: (1) considered the Campaign's arguments regarding the purported legal deficiencies in the Amended Complaint; (2) determined that the Campaign's arguments address merits issues that are not properly considered at the conditional certification stage; and (3) decided that Plaintiffs' Second Amended Complaint was not "manifestly deficient" and,

therefore, did not warrant a merits analysis at the conditional certification stage.  Order at 6-7.
Each step of the Magistrate Judge's analysis was well-supported by established case law.

### B.     The Campaign Provides No Authority to Support Its Allegation that the Magistrate Judge's Order Was Clearly Erroneous or Contrary to Law.

The Campaign cannot show that the Magistrate Judge "fail[ed] to apply or misapplie[d]
relevant statutes, case law or rules of procedure" because there are multiple cases granting
conditional certification in this District under identical circumstances.  *See, e.g.*, *Catskill Dev.,
LLC*, 206 F.R.D. at 86.  The Campaign relies heavily on two cases where the Court decided a
motion to dismiss and a motion for conditional certification in the same opinion.  Objections at
5-7 (citing *Marcial v. New Hudson Family Rest., Inc.*, No. 18 Civ. 663, 2019 WL 1900336
(S.D.N.Y. Apr. 29, 2019); and *Lusk v. Serve U Brands, Inc.*, No. 17 Civ. 6451, 2018 WL 826857
(W.D.N.Y. Feb. 12, 2018)).

*Marcial* and *Lusk* are distinguishable.  The court in *Marcial* determined that because the
plaintiffs asserting minimum wage claims were paid above the minimum wage, they could not be
similarly situated with respect to potential collective members paid below the minimum wage.
2019 WL 1900336, at *7.  However, the court still authorized notice for the plaintiffs' overtime
claim.  *Id.* at *8.  In *Lusk*, the court determined that the complaint was deficient because the
plaintiffs failed to assert specific workweeks in which they were paid less than the minimum
wage and worked more than 40 hours without receiving overtime compensation.  2018 WL
826857, at *2-3.  Such is not the case here where Plaintiffs plead numerous, detailed allegations
relating to FLSA enterprise and individual coverage, which the Magistrate Judge deemed
sufficient.  Order at 6-7; SAC at ¶¶ 68-73, 180-210.  While *Marcial* and *Lusk* may provide
examples of instances in which the court decided a motion to dismiss and a motion for
conditional certification simultaneously, they do not support the Campaign's argument that the

Magistrate Judge's decision was clearly erroneous or contrary to law.  The Magistrate Judge's Order was well-supposed by existing case law.  *See* Order at 6-7 (citing cases).

The Campaign also cites *Islam v. BYO Co. (USA), Ltd.*, No. 16 Civ. 927, 2017 WL 2693717 (S.D.N.Y. June 20, 2017), *see* Objections at 6, which is equally distinguishable.  In *Islam*, the court found that the plaintiffs' declarations failed to show they had personal knowledge beyond their own job titles and that they did not sufficiently allege a FLSA violation. 2017 WL 2693717, at *5-6, 7-8.  Here, in contrast, the Magistrate Judge found that Plaintiffs' 23 declarations from Field Organizers in 15 states, along with other documents, satisfied Plaintiffs' evidentiary burden, while Plaintiffs also sufficiently allege that the Campaign's classification and failure to pay overtime violated the FLSA.  Order at 8-9.[1]

Notwithstanding the Campaign's argument to the contrary, Objections at 7-8, courts routinely decide motions for conditional certification while motions to dismiss or for summary judgment are pending.  *See, e.g.*, *Kucher v. Domino's Pizza, Inc.*, No. 16 Civ. 2492, 2017 WL 2987214, at *9 (S.D.N.Y. Feb. 13, 2017) (granting conditional certification motion notwithstanding pending motion to dismiss); *Sun v. Sushi Fussion Express, Inc.*, No. 16 Civ. 4840, 2018 WL 1168578, at *1 n.1 (E.D.N.Y. Mar. 5, 2018) (same); *Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640, 2014 WL 12539653, at *2 nn. 4, 5 (E.D.N.Y. Mar. 31, 2014) (same); *see also Franze v. Bimbo Foods Bakeries Distrib., LLC*, No. 17 Civ. 3556, 2019 WL 1417125, at *1 (S.D.N.Y. Mar. 29, 2019) (same for summary judgment motion).  Put

---

[1]     The Campaign also cites two additional cases, *Arena v. Delux Transp. Servs., Inc.*, No. 12 Civ. 1718, 2013 WL 654418 (E.D.N.Y. Feb. 15, 2013) and *Auffray v. FXFL, LLC*, No. 15 Civ. 9379, 2016 WL 6810863 (S.D.N.Y. Nov. 16, 2016), that do not render the Magistrate Judge's Order clearly erroneous of contrary to law.  *See* Objections at 7.  In *Arena* and *Auffray*, the courts decided dispositive motions before the motion for conditional certification.  However, these cases do not support the proposition that deciding a motion for conditional certification before a dispositive motion is clearly erroneous or contrary to law.

simply, the Campaign's grievance here is that the Magistrate Judge decided the motion for conditional certification before the motion to dismiss.  However, for the reasons above, the Magistrate Judge's decision to rule on Plaintiffs' Motion notwithstanding the Campaign's pending motion to dismiss was not clear error or contrary to law.  *Graves*, 2010 WL 997178, at *7 (stating standard).

### C.   The Campaign's Motion to Dismiss Will Fail.

Plaintiffs have pleaded sufficient facts to establish that the Campaign is a covered enterprise under the FLSA because it engaged in the sale of goods, in competition with other sellers, and had a gross volume of sales exceeding $500,000.  29 U.S.C. §§ 203(s)(1)(A)(i), (ii); *see also* SAC ¶¶ 180-210.  Instead of identifying anything in the Magistrate Judge's decision as clearly erroneous or contrary to law, the Campaign dedicates the vast majority of its Objections to regurgitating its merits argument already set forth in its Opposition to Plaintiffs' Motion for Conditional Certification, ECF No. 94 at 4-19, which the Magistrate Judge rejected as premature. Order at 6-7 (noting Plaintiffs' pleadings are not "manifestly deficient" and, therefore, merits arguments should not be considered at the conditional certification stage).

### 1.   The Campaign Satisfies the FLSA's Enterprise Requirement.

While arguments on the merits are not appropriate at this stage, the Campaign is clearly covered by the FLSA.  "Enterprise coverage . . . applies when an employer (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]"  *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 551 (S.D.N.Y. 2017) (quoting 29 U.S.C. § 203(s)(1)(A)).  Plaintiffs have alleged sufficient facts to establish both these prongs.  SAC ¶¶ 180-210 (alleging the campaign

grossed at least $890,000 in sales of goods).  Additionally, courts have stated that where the

$500,000 sales threshold is satisfied, "the plaintiff is 'virtually' guaranteed to satisfy the first

prong."  *Balderas v. Barmadon Mgmt. LLC*, No. 17 Civ. 7489, 2019 WL 1258921, at *3

(S.D.N.Y. Mar. 19, 2019) (quoting *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528

(S.D.N.Y. 1998)).

Here, the Campaign admits or does not dispute all facts relevant to this analysis:  it sold

merchandise online, ECF No. 110 at 11; SAC ¶¶ 186-203; the approximately $890,000 reported

in its public filings were entirely the result of its online sales, ECF No. 110 at 11-12; SAC

¶¶ 203-207; its online sale of products was integral to its general operations because it intended

that such sales would "communicate messages concerning Michael Bloomberg's candidacy . . .

and energize his supporters," ECF No. 94 at 11 n.6; SAC ¶¶ 186, 210; it was in competition with

other commercial sellers of similar products, ECF No. 110 at 13; SAC ¶¶ 192-94, 198-200; and it

did not operate with any charitable, religious, or educational purpose.  ECF No. 110; SAC

¶¶ 184-85.  There is no dispute that the Campaign meets the basic requirements for enterprise

coverage.

The Campaign's reliance on *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d

77 (E.D.N.Y. 2010) is easily distinguishable.  In *Locke*, the court stated that the charitable

donations made to the defendant, a church, separate from any commercial transactions, would

not count toward the threshold, but such religious donations could count toward the threshold if

used in "furthering commercial activities."  *Id.* at 89.  Here, although the FEC classifies the over

$890,000 in revenue that the Campaign made in selling merchandise as "contributions" for the

specific purposes of election law, such classification has no bearing on whether these sales are

commerce activities as defined by the FLSA.  The DOL regulations expressly provide for how to

calculate an entity's gross dollar volume of sales.  *See* 29 C.F.R. §§ 779.265-.269.  Courts

routinely count revenue raised by a nonprofit entity's commercial activity toward the $500,000

FLSA threshold.  *See Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp.

2d 280, 285-86 (S.D.N.Y. 2000) (including church's rental income towards the FLSA threshold).

The Court should reject the Campaign's novel and unsupported argument that it, and all

other political campaigns, are exempt from FLSA coverage simply because it is a tax-exempt

organization.  Congress's 1961 amendment to the FLSA, which added enterprise coverage, was

intended to "substantially broaden[] the scope of the Act to include any employee of an

enterprise engaged in interstate commerce."  *See Tony & Susan Alamo Found. v. Sec'y of Labor*,

471 U.S. 290, 295 n.8 (1985); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96-97 (2d

Cir. 2009).  After the 1961 amendment, there are only three specific types of entities that are

presumed to lack the business purpose necessary for establishing FLSA coverage: charitable,

religious, or educational organizations.  *See* 29 C.F.R. § 779.214.  Notably, even these types of

organizations are covered by the FLSA if they are engaged in commercial activities.  *See id.*; *see*

*also Tony & Susan Alamo Found.*, 471 U.S. at 296 ("The statute contains no express or implied

exception for commercial activities conduct by religious or other nonprofit organizations[.]").

The Campaign admits that it did not operate with any charitable, religious, or educational

purpose.  *See* ECF No. 110 at 10.  No provision of the FLSA or its supporting regulations

provide an exemption for political organizations.  This is where the inquiry should end.

Even if, contrary to the Campaign's admission, the Campaign's activities were analogous

to those of charitable, religious, or educational entities, the FLSA applies.  Where an entity,

regardless of tax status, "engage[s] in ordinary commercial activities" or "serve[s] general public

in competition with ordinary commercial enterprises," it operates with a "business purpose" and

is a covered enterprise under the FLSA. *See Tony & Susan Alamo Found.*, 471 U.S. at 297-99

(citing 29 C.F.R. § 779.214); *see also Jacobs*, 577 F.3d at 97. Here, the Campaign sold nearly

$1 million of merchandise in the online marketplace in competition with other sellers. While the

Campaign asserts generally that it has a political mission and did not earn a profit on its sales,

these facts are not relevant.[2] The Supreme Court has made clear that even nonprofit entities with

a "religious character" are covered where they have engaged in commercial activities. *Tony &*

*Susan Alamo Found.*, 471 U.S. at 306; *see also Boekemeier*, 86 F. Supp. 2d at 285-86 (in case

involving church, court "agrees" that activities including "extensive advertising campaign to

solicit interstate special event renters are more than sufficient to invoke enterprise coverage" and

"[a]s the Church's rental activities are in direct competition with other short and long-term

commercial landlords and special event locations, they are clearly commercial under the standard

articulated by *Alamo* and its progeny"); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504,

529 (S.D.N.Y. 1998) (homeless services nonprofit's activities "serve the general public in

competition with ordinary commercial enterprises," invoking FLSA coverage).

### 2.    Plaintiffs Are Covered Individuals Under the FLSA.

Even if the Court finds that the Campaign is not a covered entity, Plaintiffs have alleged

sufficient facts to demonstrate that they and other FOs are individually covered by the FLSA.

This type of coverage "applies to an employee who has 'engaged in commerce'" and whose

work is "related to interstate commerce." *Torralba v. Little India Stores*, No. 14 Civ. 595, 2016

WL 771192, at *4 (S.D.N.Y. Feb. 29, 2016). Individual coverage applies when employees

---

[2]      Even if these facts were relevant to the FLSA enterprise analysis, Plaintiffs are entitled to
discovery regarding the Campaign's mission and business activities. *See Davis v. Grp. Home for*
*Children, Inc.*, No. 09 Civ. 415, 2009 WL 2905767, at *5 (M.D. Ala. Sept. 8, 2009) (noting that
these issues are more appropriately decided following discovery).

"handle or otherwise work on goods moving in interstate commerce," such as the "regular[] use [of] the mails, telephone or telegraph for interstate communication."  29 C.F.R. § 779.103; *Foster v. Gold & Silver Private Club, Inc.*, No. 14 Civ. 698, 2015 WL 8489998, at *6 (W.D. Va. Dec. 9, 2015) (stating in FLSA case that "[i]t is well-settled that '[t]he internet is an instrumentality of [interstate] commerce.'" (quoting *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004))); *see also SEC v. Straub*, No. 11 Civ. 9645, 2016 WL 5793398, at *11 (S.D.N.Y. Sept. 30, 2016) ("The Internet unquestionably constitutes an 'instrumentality of interstate commerce.'" (quoting *SEC v. Straub*, 921 F. Supp. 2d 244, 262 (S.D.N.Y. 2013))).

Plaintiffs allege that all FOs used the internet and telephones to communicate with the Campaign's New York headquarters and other Campaign employees daily.  *See* SAC ¶¶ 68-73. Plaintiffs also allege that FOs used an internet-based auto-dialer to call prospective voters daily, including prospective voters across state lines.  *Id.*  Plaintiffs further allege that they were involved in the sale of Campaign merchandise because they were instructed to direct attendees at events to the Campaign's online store in order to purchase merchandise.  *Id.* ¶ 209.  These facts are sufficient to establish individual FLSA coverage at the pleading stage, which the cases cited by the Campaign confirm; indeed, the cases the Campaign cites were decided *after* discovery, at the summary judgment stage.[3]  As courts in this Circuit recognize, "determination of whether an individual employee is engaged in commerce is a fact-specific inquiry," and accordingly is more appropriate to consider following discovery, at summary judgment.  *See Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 264 (E.D.N.Y. 2007) (deciding issue at summary

---

[3]      *See Reagor v. Okmulgee Cnty. Fam. Resource Ctr.*, 501 F. App'x 805, 810 (10th Cir. 2012) (no individual coverage where plaintiff did not allege that she used telephone regularly or for interstate communications); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292-93 (M.D. Fla. 2005) (at summary judgment, plaintiffs did not present evidence regarding individual coverage).

judgment); *Boekemeier*, 86 F. Supp. 2d at 287-88 (same).  As further discovery will show, Field

Organizers additionally used the internet to produce, upload, and transmit data generated by their

outreach to potential voters, and such data is regularly bought and sold in the marketplace by

former campaigns.  These factual allegations are sufficient at this stage.

## III.    The Court Should Not Stay Notice.

The Campaign's request for a stay should be denied because the request is procedurally

improper and the Campaign has not met its heavy burden to show a stay is necessary.  The

Campaign fails to articulate any governing standard for staying 216(b) notice or even state why a

stay is appropriate here.  Further, the Campaign also did not file a motion for a stay which is the

appropriate way to seek such relief—not through Rule 72 Objections.

As a threshold issue, the Campaign has waived the argument that notice should be stayed

until after its motion to dismiss is decided because it failed to raise it in its brief in opposition to

Plaintiffs' motion for conditional certification.  *See Tarafa v. Artus*, No. 10 Civ. 3870, 2013 WL

3789089, at *2 (S.D.N.Y. July 18, 2013) (stating that "new arguments and factual assertions

cannot properly be raised for the first time in objections to the R & R, and indeed may not be

deemed objections at all" (quoting *Smith v. Hulihan*, No. 11 Civ. 2948, 2012 WL 4928904, at *1

(S.D.N.Y. Oct. 17, 2012))); *N. Jersey Media Group, Inc. v. Fox News Network, LLC*, No. 14 Civ.

7630, 2015 WL 7444822, at *2 n.2 (S.D.N.Y. Nov. 23, 2015) (refusing to consider new

argument raised in objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)

(providing that "a district court generally should not entertain new grounds for relief or

additional legal arguments not presented to the magistrate").

Even if the Campaign's stay request were properly raised, it should be denied because

"staying a civil case is 'an extraordinary remedy.'"  *SEC v. LaGuardia*, 435 F. Supp. 3d 616, 621

(S.D.N.Y. 2020) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).  "The factors courts use to decide when a stay is warranted are: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'"  *Saget v. Trump*, 345 F. Supp. 3d 287, 304 (E.D.N.Y. 2018) (quoting *In re HSBC Bank, NA., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015)).  The Campaign bears the burden "to establish a clear case of hardship or inequity in being required to go forward." *Id.*  The Campaign made no attempt to show that these factors support the Campaign's request—likely because the factors weigh in Plaintiffs' favor.

Under the first factor, Plaintiffs have a private interest in this case proceeding expeditiously and face prejudice if it is delayed because they have an urgent need to recoup their unpaid wages.  Despite promising employment, benefits, and the opportunity to work on the general election, the Campaign laid off Plaintiffs and the rest of its campaign staff.  SAC ¶ 41.  Further litigation delay will cause extreme harm to Plaintiffs and potential Collective Members, many of whom are still unemployed and struggling to find work during the pandemic.  *Spiciarich v. Mexican Radio Corp.*, No. 15 Civ. 851, 2017 WL 1194017, at *7-8 (N.D.N.Y. Mar. 30, 2017) (rejecting stay of litigation which causes harm to plaintiffs seeking unpaid wages).  As to the second factor, sending notice imposes no burden on the Campaign beyond the task of providing putative Collective Members' contact information to Plaintiffs' counsel.  Plaintiffs' counsel bears the cost of and oversees the dissemination of notice.  The third factor also weighs against a stay because the Court has an interest in moving the case forward and allowing aggrieved parties

to seek justice without delay.  *See Youngbloods v. BMG MUSIC*, No. 07 Civ. 2394, 2011 WL 43510, at *6 (S.D.N.Y. Jan. 6, 2011) (noting that judicial economy encompasses "the Court's ability to control the disposition of the cases on its docket 'with economy of time and effort for itself'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).  Finally, the fourth and fifth factors favor Plaintiffs.  The public has an interest in ensuring employers pay their employees for all their time worked and that employees who are harmed have the opportunity to seek relief in court.  *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2011 WL 1143010, at *6 (S.D.N.Y. Mar. 21, 2011) ("Public interest also favors the swift resolution of claims alleging violations of the FLSA."); *see also Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc.*, No. 18 Civ. 9297, 2020 WL 359941, at *2 (S.D.N.Y. Jan. 22, 2020) (finding that "a speedy resolution of this dispute is in the interests of persons not parties to this litigation and the public interest").  As time passes by, it is less likely that collective members will receive a notice of this case—they will move, change e-mail addresses, and change cell phone numbers, making it harder to contact them.  A stay and delay of the notice process makes that potential harm a likely reality.  Therefore, the Court should deny the Campaign's request to stay issuance of notice to the FLSA collective members.

Rather than addressing any of the applicable factors to support a stay, the Campaign cites four district court cases—only one of which was decided by a court in the Second Circuit.  *See* Objections at 8-9.  None of the cases address whether to stay notice *after* the court granted a motion for conditional certification.  In *Hamoudeh v. Unitedhealth Grp. Inc.*, No. 16 Civ. 790, 2016 WL 2894870, at *1 (E.D.N.Y. May 17, 2016), the court did not stay the issuance of notice after conditional certification was granted; instead, the court denied plaintiffs' request to even file a motion for conditional certification.  Similarly, in the other three out-of-circuit cases, each

14

court decided to stay its decision of a pending motion for conditional certification in light of the filing of a dispositive motion.  *See Feamster v. Compucom Sys, Inc.*, No. 15 Civ. 564, 2016 WL 722190, at *5 (W.D. Va. Feb. 19, 2016); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12 Civ. 1916, 2012 WL 6153513, at *2 (D. Colo. Dec. 11, 2012); *Cobble v. 20/20 Commc'ns, Inc.*, No. 17 Civ. 53, 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017).  Here, in contrast, the Magistrate Judge—within his authority and with full knowledge that a motion to dismiss was pending—granted Plaintiffs' Motion.  And, critically, the Magistrate Judge had rejected the Campaign's attempts to prevent Plaintiffs from moving for conditional certification early on in the case.  ECF No. 62.  For these reasons, the Court should not stay notice.  *Saget*, 345 F. Supp. 3d at 304.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule the Campaign' Objections and affirm the Magistrate Judge's Order.


Dated: New York, New York
         October 1, 2020

Respectfully submitted,

 */s/ Justin M. Swartz*
Justin M. Swartz
Michael Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
mdanna@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Sally J. Abrahamson
Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
sabrahamson@outtengolden.com
hcolechu@outtengolden.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs and the Putative Collective
and Classes*

*admitted *pro hac vice*