UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                  Defendant. | 20 Civ. 2489 (LTS)(GWG) |

**DEFENDANT'S REPLY IN SUPPORT OF OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER GRANTING CONDITIONAL
CERTIFICATION AND MOTION TO STAY THE SENDING OF NOTICE**

<u>**ORAL ARGUMENT REQUESTED**</u>

      The Fair Labor Standards Act ("FLSA") does not apply in this case as a matter of law. That determination requires no discovery; the motion to dismiss filed by Defendant Mike Bloomberg 2020, Inc. (the "Campaign"), which has been fully briefed, accepts all of the allegations of the Second Amended Complaint as true. On the facts as alleged, neither the Campaign nor its employees engaged in "commerce" within the meaning of the FLSA's threshold requirements, as defined in the statute, applicable regulations, and numerous cases. Yet the Magistrate Judge, in granting conditional certification (Docket No. 148), held that the Court could not consider even purely legal deficiencies before sending more than a thousand notices of this action across the country. That conclusion was legal error, and the Opinion and Order (the "O&O") should be vacated.

## ARGUMENT

**A.     Standard of Review.**

Because the issue before the Court is purely a question of law, the deferential standards applied to review of Magistrate Judge's factual findings in a non-dispositive matter, which Plaintiffs emphasize, are irrelevant here.  Opp.[1] at 2-3.  A Magistrate Judge's ruling is "contrary to law" within the meaning of Fed. R. Civ. P. 72 and 28 U.S.C. §636(b)(1)(A) when the ruling "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *S.E.C. v. Cobalt Multifamily Invs. I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (Wood, J.).  That is precisely what happened here:  the O&O misapplied 29 U.S.C. §216(b) in holding, as a matter of law, that the legal sufficiency of the FLSA claim may not be considered on a motion for conditional certification.  Review of that purely legal determination is effectively de novo.[2]

**B.     The Magistrate Judge Should Have Considered the Campaign's Purely Legal Challenge to the Complaint.**

In its objections, the Campaign cited cases holding that legal deficiencies should be considered before, or as part of, deciding a motion for conditional certification.[3]  The O&O cited other cases in which courts declined to consider merits arguments at the conditional certification

---

[1] Plaintiffs' Response in Opposition to Defendant's Objections to the Magistrate's Order Granting Conditional Certification and Motion to Stay the Sending of Notice (Docket No. 155) is referred to herein as "Opp."

[2] *See, e.g.*, *Ungar v. City of N.Y.*, 329 F.R.D. 8, 11–12 (E.D.N.Y. 2018) ("Questions of law . . . are reviewed de novo"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2018 WL 4158290, at *8–9 (E.D.N.Y. Aug. 30, 2018) ("In reviewing issues of law, as is the case here, there is also no practical difference between a court's application of the 'contrary to law' standard and the de novo standard under Rule 72(b).") (citing *Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*, No. 10-cv-827 (JCH), 2010 WL 4514287, at *2 n.2 (D. Conn. Nov. 2, 2010); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010)).

[3] *Marcial v. New Hudson Fam. Rest. Inc.*, No. 18-cv-0663 (NSR), 2019 WL 1900336 (S.D.N.Y. Apr. 29, 2019); *Lusk v. Serve U Brands, Inc*, No. 17-cv-06451 (MAT), 2018 WL 826857 (W.D.N.Y. Feb. 12, 2018); *Islam v. BYO Co. (USA), Ltd.*, 16-cv-927 (PGG), 2017 WL 2693717 (S.D.N.Y. June 20, 2017); *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 352 (E.D.N.Y. 2015).

stage, which Plaintiffs largely parrot in opposition. See O&O at 6-7; Opp. at 3-4. All of these cases are consistent with one another, and follow legal principles that the O&O did not. As explained in the opening brief, merits defenses that require discovery to resolve often are not decided on a motion for conditional certification.[4] But where the merits defense is a pure question of law, requiring no facts beyond the pleadings to resolve, courts do consider and decide such matters before inviting others to join.

Struggling to distinguish this latter group of cases, Plaintiffs merely argue that the particulars of those defenses were different than those asserted by the Campaign in this case. Opp. at 5-6. They argue that their own pleadings do not suffer from the same defects discussed in those cases. Their focus on the particular defenses at issue misses the larger point that harmonizes all of the cases: purely legal questions about the sufficiency of the pleadings should be decided before sending notice to a potential nationwide collective, while challenges that require discovery to resolve do not as often foreclose the sending of notice. To be sure, the deficiencies in Plaintiffs' FLSA claim here are different than the deficiencies at issue in *Marcial*, *Lusk*, and *Islam*, but those cases stand for the proposition that legal deficiencies in an FLSA claim requiring no discovery to assess should be decided before considering whether to send notice to the potential collective.

Plaintiffs also argue that the Magistrate Judge "deemed sufficient" their pleadings about FLSA coverage, Opp. at 5, and held that "Plaintiffs also sufficiently allege . . . violat[ions of] the FLSA," *id.* at 6. Those arguments mischaracterize the O&O. The Magistrate Judge specifically declined to consider the FLSA coverage question, or the sufficiency of the Second Amended

---

[4] Some courts, however, have denied conditional certification without prejudice in the face of a merits defense in order to permit the parties to litigate the potentially dispositive question first. *See Auffray v. FXFL, LLC*, No. 15-cv-9379 (GHW), 2016 WL 6810863 (S.D.N.Y. Nov. 16, 2016); *Arena v. Delux Transp. Servs., Inc.*, No. 12-cv-1718, 2013 WL 654418, at *3 (E.D.N.Y. Feb. 15, 2013).

Complaint on that point, at all.  The O&O's express refusal holds in effect that even if Plaintiffs fail to state a claim, notice of the action nevertheless should be sent to all Field Organizers nationwide.  That approach misunderstands the case law and impractically expands a case that may not survive preliminary scrutiny.

Plaintiffs supplement the O&O with a few more cases that granted conditional certification while a motion to dismiss was pending, but those cases are consistent with the principles described above.  Opp. at 6.  The first, *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492 (AJN), 2017 WL 2987214, at *9 (S.D.N.Y. Feb. 13, 2017), concerned a motion to dismiss FLSA claims only as to an individual defendant; the court held that whether or not the individual was subject to the court's personal jurisdiction had no bearing on whether notice should be sent at least as to the claims against the corporate defendant, over whom jurisdiction admittedly was proper.  The same is true of *Sun v. Sushi Fussion Express, Inc.*, No. 16-cv-4840 (WFK), 2018 WL 1168578, at *1 n.1 (E.D.N.Y. Mar. 6, 2018): the motion concerned only a subset of defendants -- and turned on facts as to which there had been no discovery.  *See id*. at *3-*4.  Indeed, the Court in *Sun* did not refuse to consider the arguments asserted in the motion to dismiss, as the O&O does here; rather the Court evaluated those arguments and found them wanting.  *See id*.

Neither of the other cases Plaintiffs cite here, *Moriera v. Sherwood Landscaping Inc.*, No. 13-cv-2640 (JS), 2014 WL 12539653 (E.D.N.Y. Mar. 31, 2014) and *Franze v. Bimbo Foods Bakeries Distrib., LLC*, No. 17-cv-3556 (NSR), 2019 WL 1417125 (S.D.N.Y. Mar. 29, 2019), describes the basis for the motion to dismiss or for summary judgment, preventing any comparison to the other cases.  But the defendant in *Moriera* apparently asserted no legal arguments in opposition to conditional certification; it contended only that the plaintiffs'

submissions were insufficiently detailed.  2014 WL 12539653, at *6-7.  And *Franze* concerned a claim of independent contractor misclassification; assuming that the pending motion for summary judgment contended that the plaintiffs were properly classified, that is a deeply fact-bound determination that typically is not considered on a motion for conditional certification – one that contrasts sharply with the purely legal question at issue here.

The O&O understood the case law to prohibit any consideration of objections to conditional certification that go to the merits.  That was an error of law.  In fact the law permits the consideration of truly threshold issues, at least where they raise only legal questions that may dispose of the entire case.  That approach also has the sensible benefit of ensuring that there is a claim to adjudicate before inviting others to join in asserting it.  The O&O should be vacated, and conditional certification denied without prejudice, subject to refiling if the Court should deny the pending motion to dismiss.

### C. Alternatively, the Court Should Stay the Sending of Notice Until After a Decision on the Motion to Dismiss.

The Campaign's motion to dismiss is fully briefed and awaits decision.  A brief stay of the sending of notice while that motion is decided would not prejudice the Plaintiffs in any way.[5]  First, the statute of limitations imposes no significant concern, because these claims arose no earlier than November 2019 and the statutory limitations period is at least two years.  29 U.S.C. §255.  Plaintiffs also complain that they have "an urgent need to recoup their unpaid wages," Opp. at 13, but a short delay in the sending of notice to permit the Court to assess whether Plaintiffs even state a claim will not materially lengthen this litigation.  Regardless of whether

---

[5] Plaintiffs complain that the Campaign should have sought a stay via motion rather than through objections to the O&O.  They elevate form over substance; the title of the Campaign's objection was "Defendant's Objections To The Magistrate Judge's Order Granting Conditional Certification ***And Motion To Stay The Sending Of Notice***" (emphasis added).

notice is sent now or briefly delayed, this litigation is in its early stages, with discovery only just beginning.  Staying the sending of notice will not appreciably delay a judgment.

The other concerns the Plaintiffs articulate – the supposed interests of the Court and nonparties, *see* Opp. at 13-14 – actually support proceeding as the Campaign proposes.  There is no reason for the Court or anyone else to be burdened with the process of notice, or for potential collective members to undertake to learn about the claims in this case and to decide whether to join it, until after the very preliminary question of whether the FLSA covers the Campaign has been resolved.  That is the outcome that favors judicial economy and any public interest in swift resolution of this case.

In the opening brief, the Campaign cited several cases staying consideration of conditional certification pending resolution of a motion to dismiss.[6]  In response Plaintiffs offer only the meaningless distinction that these courts stayed even consideration of the motion, rather than staying the sending of notice after conditional certification was granted.  The argument only emphasizes that these proceedings have already gone further than they should: the motion for conditional certification should not have been considered at all until after the motion to dismiss is decided.  Failing that, the next best choice is to stay the sending of notice until the Court determines whether the Complaint even states a valid claim for other plaintiffs to join.

---

[6] Objections at 8-9 (citing *Hamoudeh v. UnitedHealth Grp. Inc.*, No. 16-cv-790 (PKC), 2016 WL 2894870, at *1 (E.D.N.Y. May 17, 2016); *Feamster v. Compucom Sys, Inc.*, No. 15-cv-00564 (GEC), 2016 WL 722190, at *5 (W.D. Va. Feb. 19, 2016); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916 (CMA), 2012 WL 6153513, at *2 (D. Colo. Dec. 11, 2012); *Cobble v. 20/20 Commc'ns, Inc.*, No. 17-cv-53 (TAV), 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017)).

## CONCLUSION

For all the foregoing reasons, the Campaign's objections should be sustained. Alternatively, the Court should stay the issuance of notice until after a decision on the pending motion to dismiss.

Dated: October 7, 2020
New York, New York

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

Mark W. Batten
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com


VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.