IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this Response to Defendant's Notice of Supplemental Authority

regarding a summary decision in an individual case under Texas law, *Scott v. Mike Bloomberg*

- 1 -

*2020 Inc.*, No. 20 Civ. 2261 (S.D. Tex.).  ECF No. 162.  The decision in *Scott*, which is wholly contained in an 11-page transcript, lends no support to the Campaign's pending partial motion to dismiss in this case.

First, the decision in *Scott* relied upon a document that is not properly considered at this stage in the case.  In *Scott*, the plaintiff attached her written employment agreement to her Original Petition, Exhibit 1 to Original Petition, *Scott v. Mike Bloomberg 2020 Inc.*, No. 20 Civ. 2261 (S.D. Tex. June 26, 2020), ECF No. 1-8, and plaintiff's counsel seemed to concede that it was proper for the Court to rely on the agreement in deciding the Campaign's motion to dismiss.  ECF No. 162-2 at 3:23-4:6.  In contrast, here, Plaintiffs did not attach any written agreements to their complaint and did not reference or allege facts relating to the substance of any employment agreements in their complaint.  *Id.*  Accordingly, unlike in *Scott*, the Court should not consider any written documents or any facts outside of the four corners of Plaintiffs' complaint in deciding the pending motion.  *See* ECF No. 133 at 7 n.1.  Moreover, as the briefing on the Campaign's motion to dismiss shows, the parties in this case "disagree as to whether and how [any extrinsic documents] relate to or affect" the claims at issue, demonstrating that the documents are not integral to the Complaint.  *Id.* (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)).  Accordingly, reliance on them is improper here.

Second, even if the Court chooses to rely on the employment agreement, Plaintiffs' purported status as at-will employees is not dispositive of either common law claim.  *See* ECF No. 133 at 13.  Plaintiffs' fraudulent inducement claim does not flow from their termination by the Campaign; it flows from the harm they endured by forgoing other opportunities when they were induced to take the job.  ECF No. 133 at 9-8 (citing *Stewart v. Jackson & Nash*, 976 F.2d 86, 88-90 (2d Cir. 1992) (reversing district court's order dismissing fraudulent inducement

claims where plaintiff relied on defendants' false statements in accepting employment with defendants); *Walia v. Veritas Healthcare Sols., L.L.C.*, No. 13 Civ. 6935, 2015 WL 4743542, at *8 (S.D.N.Y. Aug. 11, 2015) ("a valid fraud claim can arise out of misrepresentations leading to the acceptance of an at-will employment contract.")); *see also id.* at 13 (citing *Hyman v. Int'l Bus. Machines Corp.*, No. 98 Civ. 1371, 2000 WL 1538161, at *3 (S.D.N.Y. Oct. 17, 2000); *Cole v. Kobs & Draft Adver., Inc.*, 921 F. Supp. 220, 224-26 (S.D.N.Y. 1996); *Garnier v. J.C. Penney Co.*, 863 F. Supp. 139, 143 (S.D.N.Y. 1994)). Moreover, at-will employees can bring promissory estoppel claims under New York law, particularly where the claims involve promises of employment for a specific duration of time less than one year, like the promises made to Plaintiffs here. ECF No. 133 at 18 & n.4 (citing *Baguer v. Spanish Broad. Sys., Inc.*, No. 04 Civ. 8393, 2007 WL 2780390, at *6, 5 (S.D.N.Y. Sept. 20, 2007); *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175, 181 (S.D.N.Y. 2007)). For these reasons, the recent decision in the *Scott* case does not lend any additional support the Campaign's pending partial motion to dismiss.

Dated: October 28, 2020  
      New York, NY

Respectfully submitted,

*/s/ Deirdre A. Aaron*

Justin M. Swartz  
Deirdre A. Aaron  
Michael C. Danna  
**OUTTEN & GOLDEN LLP**  
685 Third Avenue, 25th Floor  
New York, NY 10017  
Telephone: 212-245-1000  
jms@outtengolden.com  
daaron@outtengolden.com  
mdanna@outtengolden.com

Hannah Cole-Chu*  
**OUTTEN & GOLDEN LLP**

601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
hcolechu@outtengolden.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
mpalitz@shavitzlaw.com

*Attorneys for Plaintiffs and the
Putative Collective and Classes*

* Admitted *pro hac vice*

## CERTIFICATION OF SERVICE

    I hereby certify that on October 28, 2020, the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                     By: */s/ Deirdre A. Aaron*
                                                                             Deirdre A. Aaron