UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, Plaintiffs ("Plaintiffs" or individually "Plaintiff"[1]) bring claims against Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") (collectively, "the Parties");

**WHEREAS**, certain documents and information have been and may be sought, produced, exhibited or disclosed in this action (the "Action") which relate to the Parties' political strategy and/or strategic information, political operations, proprietary information, financial information, personnel information, development, personally identifying information or other personal information, and/or other non-public information;

**WHEREAS**, the Parties in this Action, through their respective counsel, wish to enter into a protective order preserving the confidentiality of and limiting access to certain documents and information produced by either party and their respective counsel or by any non-party in the course of discovery;

**IT IS HEREBY STIPULATED AND AGREED THAT**:

1.  This Protective Order shall govern the treatment of all documents, the information contained therein, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Documents or Information"), by any party or other person in this Action including non-parties (the "Producing Party") to any other party (the "Discovering Party"), when the foregoing are designated by a party (the "Designating Party") in accordance with the procedures set forth herein. This Protective Order is binding upon the Parties to the Action, including any party who may join the Action, and

---

[1] "Plaintiffs" or "Plaintiff" as used herein shall mean the Plaintiffs identified in the case caption above, and all opt-in Plaintiffs, as well as any other individually named plaintiff in this case or in any case that is consolidated with this matter and any other individual who opts in to this case or any such consolidated matter.

2


including their respective attorneys, agents, representatives, officers, directors, employees and others as set forth in this Protective Order.

2. "Confidential Information" as used herein means any Documents or Information that are designated pursuant to this Protective Order as "Confidential" or "Confidential–Attorneys' Eyes Only" and where (1) counsel determines in good faith that designation of the Documents or Information as confidential is necessary to protect the interests of their client in Documents or Information that constitute non-public proprietary or strategic information, private information of a personal or financial nature—including but not limited to personal home addresses and telephone numbers—or other information that is of a highly sensitive nature;  and (2) the Designating Party believes in good faith that the Documents or Information should be restricted to only those persons to whom access is essential for the prosecution or defense of the Action and for the sole and exclusive purpose of resolving the disputed issues of fact and law in this Action.

3. Documents or Information shall, if appropriate, be designated as Confidential Information, as defined herein, by marking the first page of the document and each subsequent page thereof containing such Documents or Information as "Confidential."  A party may designate Confidential Information as "Confidential–Attorneys' Eyes Only" by stamping on the document "Confidential – Attorneys' Eyes Only" in the same way that a "Confidential" designation would be affixed to Confidential Information.  Designations shall be made by the Producing Party, except to the extent that any Parties or non-parties produce any Documents or Information developed by, pertaining to, or belonging to a party to this action, in which case counsel for such party reserves the right to designate those documents as Confidential Information pursuant to this Protective Order by providing written notice to the Producing Party, copied to all Parties in this action,

containing the Bates Stamps of the documents to be designated and the corresponding designations.

4. Counsel for any Designating Party shall have the right to exclude from depositions, other than the deponent and the deponent's counsel, any person who is not authorized by this Protective Order to receive or access Documents or Information based on the designation of such Documents or Information. Unless agreed otherwise pursant to Paragraph 9 of this Protective Order, Deponents shall not be shown Documents or Information to which they are not entitled pursuant to the terms of this Protective Order. Disclosures made at a deposition taken in connection with this Action may be designated as "Confidential" or "Confidential–Attorneys' Eyes Only" by either party, by:

   a. designating testimony as "Confidential" or "Confidential–Attorneys' Eyes Only" on the record during the taking of the deposition; or

   b. notifying the reporter and all counsel of record, in writing, within ten (10) business days after receipt of a final and official deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential–Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control accordingly. Only those portions of testimony that are designated for protection shall be covered by the provisions of this Order. If any portion of a videotaped deposition is designated, the original and all copies of any videocassette, videotape, DVD or other media container shall be labeled with the appropriate legend. During the 10-day designation period, the entire transcript of any testimony, including exhibits, shall be deemed Confidential, unless exhibits or testimony are identified on the record during the deposition as Confidential–Attorneys' Eyes Only, in which case the entire transcript,

including exhibits, shall be deemed so designated.

5. Confidential Information designed "Confidential" shall not be furnished, shown, distributed, quoted, summarized or disclosed in any way to any person or entity, including at a deposition, except to:

    a. the Parties;

    b. outside counsel employed by the Parties to assist in the Action, as well as the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel;

    c. such current and former officers and employees of the Discovering Party, including in-house counsel, as outside counsel for that party deem necessary for the sole purpose of assisting in this Action;

    d. any outside consultant or expert who is assisting counsel or a party to the Action to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action, subject to compliance with Paragraph 11 of this Protective Order;

    e. third party trial or deposition witnesses, who are examined in good faith by counsel with respect to Confidential Information for legitimate discovery or trial purposes, counsel for such witnesses, and any person whom counsel believes in good faith may be a witness in this action and whose examination with respect to Confidential Information may be necessary in connection with that testimony, subject to compliance with Paragraph 11 of this Protective Order;

    f. any individual who can reasonably be identified as having sent, drafted, or received the Document or Information, as facially identifiable by the four corners of the Document or Information;

    g.  the Court, the members of the jury, and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action;

    h.  stenographic employees and court reporters recording or transcribing testimony relating to the Action; and

    i.  any other person agreed to by the Parties in writing, and subject to compliance with Paragraph 11 of this Protective Order.

  6.  Confidential Information designated as "Confidential–Attorneys Eyes Only" means that the Producing Party believes in good faith that the Confidential Information is particularly sensitive information and the harm resulting to the privacy of a person or entity in interest from disclosure of the Confidential Information clearly outweighs the public interest in disclosure. Except with the prior written consent of the Producing Party or by order of the Court, "Confidential–Attorneys' Eyes Only" information shall not be furnished, shown or disclosed to any person or entity except for those listed in Paragraphs 5(b), 5(d), 5(f), 5(g), 5(h), 5(i), and Defendant's in-house counsel.

  7.  Anyone having knowledge of Documents or Information designated pursuant to this Protective Order shall use it only in connection with the prosecution or appeal of the Action and shall not use it for any purpose nor disclose it to any party other than those permitted by this Protective Order; provided, however, that this Protective Order in no way restricts anyone's use of information known to him/her unrelated to the disclosures made in this Action, so long as such information was not obtained through improper means and is not otherwise subject to a confidentiality requirement existing in contract or otherwise at law. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain

within the possession of counsel for the Parties or those designated persons entitled to access pursuant to the terms of this Protective Order.

8. Nothing shall prevent disclosure beyond the terms of this Protective Order if all Parties consent in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

9. If any person subject to this Protective Order who has custody of any Confidential Information produced by a Producing Party receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena; provided, however, that should such Subpoena by its terms limit disclosure of its existence, no such notice of the Subpoena to the Designating Party is required.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any materials designated as "Confidential" or "Confidential–Attorneys' Eyes Only" pursuant to the Subpoena prior to the date specified for production on the Subpoena.

10. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will take all reasonable steps to limit access to Confidential Information to those persons listed in Paragraph 5 or 6, as applicable, of this Protective Order. Documents or Information designated pursuant to this Protective Order will be kept in outside

counsels' possession and/or in the possession of outside consultants or experts or other persons entitled to receive copies of the documents pursuant to the terms of this Protective Order.

11. Prior to the disclosure of any Confidential Information to any person identified in paragraphs 5(d) and (e) of this Protective Order, such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms, shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera, or by a party who has reasonable grounds to believe that the terms of this Protective Order may have been violated.

12. Any Designating Party may redesignate or withdraw a designation regarding any Documents or Information that it has designated during the course of this Action ("Redesignated Material"), _provided_ that such redesignation shall be effective only as of the date of such redesignation. Any redesignation or withdrawal of designations shall be accomplished by notifying counsel for each party in writing of such redesignation or withdrawal. Upon receipt of any such notice, counsel of record shall: (a) not make any further disclosure or communication of such redesignated material except as provided for in this Protective Order; (b) take reasonable steps to notify any persons known to have possession of any redesignated material of the effect of such redesignation under this Protective Order; and (c) promptly endeavor to procure all copies of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under this Protective Order and have such persons sign on to the certification attached as Exhibit A hereto as applicable. In addition, the Designating Party

shall provide the other Party with replacement versions of such documents within ten (10) business days of providing such notice. The Parties specifically reserve the right to withdraw any designation on any document or information they designated in this litigation.

13. Any party may object to the propriety of the designation, redesignation, or lack of designation ("Objecting Party") of specific Documents or Information as "Confidential" or "Confidential–Attorneys' Eyes Only" including any objections by other parties to designations or redesignations made by the Parties pursuant to Paragraph 3 of this Protective Order, by serving a written objection upon the Designating Party's counsel. The Designating Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing by either: (a) agreeing to remove, revise, or add the designation pursuant to the Objecting Party's request; or (b) stating the reason why the designation (or decision not to designate) was made. If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the Documents or Information in issue, the Objecting Party shall be free to move the Court for an Order removing, adding, or modifying the disputed designation. Pending the resolution of the motion, the Documents or Information in issue shall continue to be treated in the manner as designated by the Designating Party unless and until the Court orders otherwise.

14. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any Confidential Information other than as permitted by this Protective Order.

15. Production of Documents or Information prior to the execution of this agreement, or inadvertent production of any Documents or Information, including that which is disclosed

during a deposition, without a designation will not be deemed to waive a party's right to subsequently designate said Documents or Information pursuant to this Protective Order at a later date.  Disclosure of said Documents or Information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order; provided, however, that the party that disclosed the redesignated Documents or Information shall make a reasonable effort to procure all copies of such redesignated Documents or Information from any persons known to have possession who are not entitled to receipt thereof under this Protective Order and have such persons sign the certification attached as Exhibit A hereto.  In addition, the Designating Party shall provide the other Party with replacement versions of such documents that bear the "Confidential" designation within ten (10) business days of providing such notice.

16. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Documents or Information are entitled to be filed with the Court under seal.  To the extent that any Confidential Information (including any portions of a deposition transcript) is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, the Parties agree to meet and confer consistent with Section A.5.b.ii of Hon. Laura Taylor Swain's Individual Practices.  If, after conferring, the Designating Party's position is that certain Documents or submissions be filed under seal or with Confidential Information redacted, counsel shall file that submission pursuant to either the District Judge's rule pertaining to Electronic Filing Under Seal in Civil and Miscellaneous Cases (*see* Section A.5 of Hon. Laura Taylor Swain's Individual Practices) or the Magistrate Judge's rule pertaining to Requests to File Materials Under Seal (*see* Section 2.E of Hon. Gabriel W. Gorenstein's Individual Practices).  Prior to filing any such submission, the

appropriate application must be made to the Court to seal the documents and/or file documents in redacted form in accordance with the above-referenced rules.

17. Nothing herein shall be construed to affect in any manner the admissibility at any evidentiary hearing or trial of any Documents or Information. Nor shall this Protective Order be deemed to waive any privilege recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for a protective order relating to Confidential Information; to review Documents or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production; to object to the production of Documents or Information; to redact content contained within Documents or Information, regardless of their designations; or to apply to the Court for an order compelling the production of Documents or Information. This Protective Order may be enforced by any party.

18. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of either party, all Confidential Information, and any and all copies thereof, shall be be returned or destroyed within sixty (60) calendar days to the Designating Party at the Designating Party's expense, provided, however, that counsel may retain their attorney work product and all court-filed documents, all of which shall remain subject to the terms of this Protective Order; and counsel are entitled to retain one archival copy of all trial transcripts, deposition transcripts, hearing transcripts, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product, even if such materials contain confidential material, provided that such materials remain subject to the terms of this Protective Order. In the

alternative, either the Designating Party or the person receiving the Confidential Information may elect to have the same destroyed.

19. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information, and shall promptly endeavor to procure all copies of such Documents or Information have each person sign on to the certification attached as Exhibit A hereto.

20. Should the need arise for any of the Parties to disclose Confidential Information during any hearing before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the party seeking to disclose the Documents or Information, shall deem necessary to preserve the confidentiality of such Confidential Information. If the Party seeks to disclose Documents or Information designated as confidential by the opposing party, the opposing party shall explain the need to preserve the confidentiality of such Confidential Information. Should the need arise for any of the Parties to designate Confidential Information as an exhibit at trial, the Parties shall first meet and confer to determine whether any agreement can be reached as to the disclosure of such Confidential Information for purposes of trial. If, after conferring, a Designating Party maintains that certain Confidential Information should not be disclosed at trial, the Designating Party shall make a motion to the court explaining the need to preserve the confidentiality of such Confidential Information at trial.

21. Nothing contained in this Protective Order shall preclude any party from using its own Documents or Information in any manner it sees fit, without prior consent of any other party or the Court, unless Plaintiffs have retained or produced any Documents or Information belonging to Defendant or which Plaintiffs were obligated to return to Defendant at the end of their employment, in which case Plaintiffs shall not use those Documents or Information except for purposes of litigating this Action as governed by this Protective Order, shall not disclose those Documents or Information except to those individuals entitled to disclosure pursuant to this Protective Order, and shall subsequently destroy or return those Documents or Information pursuant to Paragraph 18 of this Protective Order.

22. Nothing herein shall operate as an admission by any of the Parties hereto that any particular material contains or reflects confidential or proprietary information. This stipulation is entered into based on the representations and agreements of the Parties and for the purposes of facilitating discovery. The fact that a Party has entered into this Protective Order is not, and shall not be argued or deemed to constitue, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or work-product privilege).

23. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

24. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular document or information.

SO STIPULATED AND AGREED.

By: _____
      Deirdre A. Aaron

**OUTTEN & GOLDEN LLP**
Deirdre A. Aaron
Justin M. Swartz
Michael C. Danna
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Fax:  (646) 509-2060
daaron@outtengolden.com
jms@outtengolden.com
mdanna@outtengolden.com

**OUTTEN & GOLDEN LLP**
Hannah Cole-Chu (admitted *pro hac vice*)
601  Massachusetts Avenue NW, Ste 200W
Washington D.C. 20001
Telephone: (202) 847-4400
Fax:  (646) 509-2060
hcolechu@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Tamra Givens
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:  (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone:  (800) 616-4000
Fax:  (561) 447-8831
mpalitz@shavitzlaw.com

*Attorneys for Plaintiffs and
the Putative Collective and Classes*

By: _____
      Elise M. Bloom

**PROSKAUER ROSE LLP**
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com
amartin@proskauer.com

**PROSKAUER ROSE LLP**
Mark W. Batten
One International Place
Boston, Massachusetts 02110
Telephone:  (617) 526-9850
Fax:  (617) 526-9899
mbatten@proskauer.com

**VENABLE LLP**
Nicholas M. Reiter
1270 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 307-5500
Fax:  (212) 307-5598
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

**SO ORDERED**, on: _____

BY THE COURT:

_____
Gabriel W. Gorenstein
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,<br><br>       Plaintiffs,<br><br> v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>       Defendant. | No. 20 Civ. 2489 (LTS) (GWG)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of "Confidential" or "Confidential–Attorneys' Eyes Only" Information.  I agree that I will not disclose to anyone, or use in any way, such "Confidential" or "Confidential–Attorney's Eyes Only" Information other than for purposes of this litigation as defined in the Protective Order, and that at the conclusion of the litigation I will return all such information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____
                                By: