**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,<br><br>                      Plaintiffs,<br><br>   v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                      Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby submit this Notice regarding the U.S. District Court for the Northern District of Texas's recent Order in *McCrary, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 1264 (N.D. Tex. Feb. 23, 2021), attached hereto as Exhibit A.

In *McCrary*, the Northern District of Texas considered Defendant Mike Bloomberg 2020, Inc.'s (hereinafter, "Bloomberg") motion to dismiss similar claims as those asserted in the instant *Wood* action, including claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and claims for breach of contract, promissory estoppel, and fraud. Bloomberg moved to dismiss the *McCrary* claims on the same bases, supported by the same arguments, advanced by Bloomberg here. (*McCrary*, ECF No. 20). In addition, many of the arguments set forth by the *McCrary* plaintiffs as to the FLSA claim in opposition to Bloomberg's motion to dismiss (*McCrary*, ECF No. 23) closely mirror (in some instances nearly verbatim) arguments previously made by the *Wood* Plaintiffs in their brief in opposition to Bloomberg's motion to dismiss (ECF No. 133) and in their reply in support of their motion for conditional certification of the FLSA Collective (ECF No. 114). Accordingly, on a substantially similar record, the *McCrary* Court denied Bloomberg's motion to dismiss and allowed the claims to proceed as plead.[1] This Court should do the same.

---

[1] Defendant may point the Court to a series of orders issued on February 24, 2021 in four related cases by Judge Pittman in the Northern District of Texas. These cases involved individual plaintiffs represented by the same counsel. These cases are: *Gueye v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 487 (N.D. Tex.) (ECF No. 71); *Hamilton v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 488 (N.D. Tex) (ECF No. 71); *Jefferson v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 489 (N.D. Tex.) (ECF No. 72), and *Snow v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 490 (N.D. Tex.) (ECF No. 69). Plaintiffs previously submitted a Notice of Supplemental Authority regarding an earlier decision in these cases. ECF No. 147. On February 24, the court granted Defendant's motions to dismiss without prejudice to file an amended complaint in each case. The court did not comment on the cognizability of plaintiffs' claims, but, rather, dismissed the claims solely on the basis that the plaintiffs pled inadequate facts to support them. The court found that the claims were plead insufficiently and in "bare-bones fashion," finding that "[t]he court is not convinced that Plaintiff has pleaded its best case or that it would be futile for him to reassert the claims[.]" Bloomberg previously distinguished these cases because they "involve the application of Texas law," under which Plaintiffs have not asserted claims here. ECF No. 149. These decisions are also

Additionally, Plaintiffs include as supplemental authority the following recent decisions:

(a)     *Hallett v. Stuart Dean Co.*, No. 20 Civ. 3881, 2021 WL 405831, at *18 (S.D.N.Y. Feb. 5, 2021) (Rakoff, J.) (attached hereto as Exhibit B).  Judge Rakoff recognized that promissory estoppel claims may asserted in the employment context under New York law.  Specifically, Judge Rakoff stated: "Defendants first argue that New York does not recognize promissory estoppel in the employment context.  This Court previously rejected that claim, yet defendants' renewed argument is unresponsive to the Court's ruling.  Defendants have still offered no New York state court case showing that promissory estoppel is categorically unavailable in the employment context.  The Court adheres to its ruling."

(b)     *Joshi v. Trustees of Columbia Univ. in City of New York*, No. 17 Civ. 4112, 2021 WL 236032, at *17 (S.D.N.Y. Jan. 25, 2021) (Koetl, J.) (attached hereto as Exhibit C).  Judge Koetl impliedly recognized the availability of a promissory estoppel claim in the employment context, but granted summary judgment because the plaintiff's estoppel claim was duplicative of his breach of contract claim.

(c)     *Wolet Capital Corp. v. Walmart Inc.*, No. 18 Civ. 12380, 2021 WL 242297, at *13 (S.D.N.Y. Jan. 25, 2021) (Liman, J.) (attached hereto as Exhibit D).  Judge Liman reaffirmed that promissory estoppel claims do not require a showing of unconscionable injury except in instances where the agreement at issue was subject to the Statute of Frauds and the plaintiff claims a defect

---

distinguishable because, unlike the court determined there, Plaintiffs here more than meet the pleadings requirement and are supported by robust and detailed factual assertions.

Additionally, in *Scott v. Mike Bloomberg 2020, Inc.*, No. 4:20-cv-2261 (S.D. Tex.) (ECF No. 31), where the Court on February 24, 2021 granted Defendant's motion to dismiss, the claims asserted materially differ from the claims asserted in the instant case. Notably, of the several claims asserted in the *Scott* case, only one of the claims – promissory estoppel – overlaps with the claims asserted in the instant case.  The transcript from the hearing on Defendant's motion to dismiss, wherein the *Scott* Court stated its reasoning on the record, is not yet available; accordingly, the *Wood* Plaintiffs have not yet had an opportunity to evaluate or distinguish *Scott*.

- 2 -

with the writing.  Specifically, Judge Liman stated: "Where a plaintiff's claim for promissory estoppel relies on a writing that does not satisfy the Statute of Frauds, she must demonstrate that the defendant's actions caused her to suffer an 'unconscionable' injury." (quoting *Vioni v. Am. Capital Strategies LTD.*, No. 08 Civ. 2950, 2009 WL 174937, at *5 (S.D.N.Y. Jan. 23, 2009)).

(d)  *Mason v. Reed's Inc.*, No. 18 Civ. 10826, 2021 WL 293326, at *8 (S.D.N.Y. Jan. 28, 2021) (Koetl, J.) (attached hereto as Exhibit E).  Judge Koetl denied a motion to strike the plaintiff's class allegations, including as to fraud claim.  Judge Koetl specifically stated: "The question of whether to strike the class allegations requires a more developed record on the facts and law.  Accordingly, the motion to strike the class action allegations is denied without prejudice to renewal in connection with a motion for class action certification."

Dated: New York, NY
       March 2, 2021

Respectfully submitted,

*s/Michael Palitz*
Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Justin M. Swartz
Deirdre A. Aaron
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
daaron@outtengolden.com
mdanna@outtengolden.com

Hannah Cole-Chu
**OUTTEN & GOLDEN LLP**

- 2 -

601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Gregg I. Shavitz
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*to apply for *pro hac vice* admission

- 2 -