UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS)(GWG) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") hereby submits this response to Plaintiffs' "Notice of Supplemental Authority." Dkt. No. 180. None of the cases have any bearing on the issues before this Court.

Plaintiffs' citation of a two-sentence order in *McCrary, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 1264 (N.D. Tex. Feb. 23, 2021), offers no value to this Court, because the order simply denies the motion without any reasoning or explanation. There is no persuasive value in an order that declines to engage at all with the arguments presented.

Neither does the motley of other cases Plaintiffs round up provide any relevant guidance on the pending motion. The decision in *Hallett v. Stuart Dean Co.*, No. 20 Civ. 3881, 2021 WL 405831 (S.D.N.Y. Feb. 5, 2021), declines to follow more than a dozen decisions of this court stretching back more than a decade, all uniformly holding that an at-will employee has no cause of action for promissory estoppel under New York law.[1] The decision declines to adopt that rule

---

[1] *See, e.g., Roelcke v. Zip Aviation, LCC*, No. 15 Civ. 6284, 2018 WL 1792374, at *12 (S.D.N.Y. Mar. 26, 2018); *Leschak v. Raiseworks, LLC*, No. 14 Civ. 8072, 2016 WL 11695068, at *8 (S.D.N.Y. Mar. 7, 2016); *Wittig v. Mount Sinai Med. Ctr., Inc.*, No. 14 Civ. 5808, 2014 WL 7234612, at *2 (S.D.N.Y. Dec. 18, 2014); *Andrews v. Sotheby Int'l Realty, Inc.*, No. 12 Civ. 8824, 2014 WL 626968, at *10 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F. App'x 76 (2d Cir. 2014)

without an express decision on the point from a New York state court.  While a federal court sitting in diversity applies the law of the forum state on substantive matters, there is of course no requirement that every point of law be established in a state court decision before a federal court may so interpret the state's law.  (And in any case, the Appellate Division has held that a promise of employment on certain terms that induces a plaintiff to leave other employment to remain with the defendant "does not create a cause of action for promissory estoppel."  *Dalton v. Union Bank of Switz.*, 134 A.D.2d 174, 176 (1st Dep't 1987)).  *Hallett* offers no other reason to ignore these many decisions.

In any case, after declining to adopt a categorical bar on estoppel claims by at-will employees, the *Hallett* court went on to dismiss the promissory estoppel claim for lack of reasonable reliance – noting, as the Campaign has argued here, that reliance on an oral promise is not reasonable where it is contradicted by a written agreement.  2021 WL 405831, at *46-*48.

Even less relevant is *Joshi v. Trustees of Columbia University in City of New York*, No. 17 Civ. 4112, 2021 WL 236032 (S.D.N.Y. Jan. 25, 2021), where the court (Koeltl, J.) did not even consider the legal question of whether at-will employees may ever assert promissory estoppel claims.  Plaintiffs try to find in the decision some "implied[ ] recogni[tion]" that such

---

(granting motion to dismiss on this basis); *Allison v. Clos-ette Too, LLC*, No. 14 Civ. 1618, 2014 WL 4996358, at *9 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted*, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014) (same); *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 322 (S.D.N.Y. 2012); *Ashmore v. CGI Grp. Inc.*, No. 11 Civ. 8611, 2012 WL 2148899, at *7 (S.D.N.Y. June 12, 2012); *Rojo v. Deutsche Bank*, No. 06 Civ. 13574, 2010 U.S. Dist. LEXIS 62796, at *23-24 (S.D.N.Y. June 23, 2010) ("New York law, which governs here, does not recognize promissory estoppel in the employment context") (collecting cases); *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 422 (E.D.N.Y. 2010) (same); *Egan v. Marsh & McLennan Cos.*, No. 07 Civ. 7134, 2008 WL 245511, at *5 (S.D.N.Y. Jan. 30, 2008); *Baguer v. Spanish Broad. Sys., Inc.*, No. 04 Civ. 8393, 2007 WL 2780390, at *6 (S.D.N.Y. Sept. 20, 2007); *Bessemer Tr. Co., N.A. v. Branin*, 498 F. Supp. 2d 632, 639 (S.D.N.Y. 2007) ("New York law does not recognize promissory estoppel in the employment context."), *aff'd*, 618 F.3d 76 (2d Cir. 2010).

claims may be theoretically valid for at-will employees, but that is their own invention; in fact the Court did not consider that issue at all, but summarily dismissed the estoppel claim as "inappropriate" because the plaintiff contended there was a binding written contract.  2021 WL 236032, at *17-*18.

Plaintiffs similarly distort the holding of *Wolet Capital Corp. v. Walmart Inc.*, No. 18 Civ. 12380, 2021 WL 242297 (S.D.N.Y. Jan. 25, 2021).  They claim that *Wolet* holds that "promissory estoppel claims do not require a showing of unconscionable injury" except in certain circumstances, Notice at 2, but the decision does not say that at all.  Confining its reasoning to the issue before it, *Wolet* holds that proof of unconscionable injury is required where an agreement is within the Statute of Frauds.  That holding directly supports the Campaign's argument here that the oral promises on which Plaintiffs rely are within the Statute of Frauds and they must therefore plead unconscionable injury, which they have failed to do. *See, e.g.*, Reply in Support of Motion to Dismiss, Dkt No. 142, at 14.  Moreover, the Campaign has also explained that the unconscionable injury requirement applies even where estoppel is not invoked as a Statute of Frauds defense, *see id.*, and *Wolet* has nothing to say that is contrary to that argument.

Finally, Plaintiffs point out that the court in *Mason v. Reed's Inc.*, No. 18 Civ. 10826, 2021 WL 293326 (S.D.N.Y. Jan. 28, 2021) denied a motion to strike class allegations "due to the variations in state law across the country," choosing to wait for a "more developed record."  *Id*. at *8.  *Mason* is neither a FLSA case nor even an employment case; it challenges a soda label's claim that its ingredients are "All-Natural."  The court declined to dismiss class allegations only after denying most of the defendant's motion to dismiss, and most of the claims that survived included no reliance element.  (Plaintiffs inexplicably say that the court denied the motion to

strike the class "including as to fraud claim [sic]," but in fact the court dismissed the fraud claim before deferring action on the class allegations).  Here, as the Campaign has explained, the pleadings already make clear beyond doubt that the claims Plaintiffs have chosen to pursue – turning on each individual's state of mind for purposes of alleged reliance, the alleged misrepresentations made to each, and individual variations in alleged injuries – cannot be resolved on a class basis.  *Mason* offers no model for the Court's assessment of the class claims in this case.

Dated: March 3, 2021
       New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP
*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com
amartin@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.