UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS)(GWG) |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the annexed transcript from a February 24, 2021 hearing in which Judge Keith Ellison in the United States District Court, Southern District of Texas, issued an oral ruling in *Tracy Yvette Scott v. Mike Bloomberg 2020 Inc.*, No. 20 Civ. 2261 (KPE). The *Scott* decision supports the Campaign's pending Partial Motion to Dismiss the Second Amended Class and Collective Action Complaint (Dkt. 110).

As explained in the Notice of Supplemental Authority that Defendant filed on March 3, 2021 before the transcript from the February 24, 2021 *Scott* hearing was available (Dkt. 182), the *Scott* plaintiff is a former Field Organizer for the Campaign who alleged fraudulent inducement[1] and promissory estoppel, among other claims, premised on the allegation that the Campaign promised her employment through the November 2020 general election, irrespective of whether Mr. Bloomberg secured the Democratic nomination for President, and that the Campaign terminated Scott's employment in March 2020 following Mr. Bloomberg's withdrawal from the

---

[1] On October 19, 2020, Judge Ellison granted the Campaign's motion to dismiss and dismissed Scott's fraudulent inducement claim with prejudice. (*See* Dkt. 162.)

race.  Scott signed the same offer letter the *Wood* Plaintiffs signed in this case, which specifically provided that her employment was at will and could be terminated at any time, and that no statement varying the at-will nature of her employment would be effective unless set forth in a signed writing from an authorized representative of the Campaign.

Relying on the plain language of the employment agreement that Scott signed, Judge Ellison dismissed Scott's amended complaint in its entirety with prejudice on the record during the February 24, 2021 hearing.  The court explained, *inter alia*, that Scott's allegations concerning public statements purportedly made by "various senior campaign employees" about continuing employment were insufficient to modify the express terms of Scott's employment agreement and, moreover, any such public statements were not specific to Scott.  Judge Ellison further held that the employment agreement precluded Scott's claim for promissory estoppel.

The transcript of the February 24, 2021 hearing reflecting the *Scott* court's dismissal of all claims with prejudice is attached as Exhibit A.

Dated: March 11, 2021
      New York, New York

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com
amartin@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten (admitted *pro hac vice*)
One International Place

Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.