# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


 TRACY YVETTE SCOTT              *     4:20-CV-2261
                                 *     Houston, Texas
 VS.                             *
                                 *     2:58 p.m.
 MIKE BLOOMBERG 2020, INC.       *     February 24, 2021


                          MOTION HEARING


           BEFORE THE HONORABLE KEITH P. ELLISON
                  UNITED STATES DISTRICT JUDGE
```

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Carrol G. Robinson
**ROBINSON LAW GROUP**
4203 Yoakum Blvd., Suite 310
Houston, Texas 77006
713.526.2900


**FOR THE DEFENDANT:**
Rex D. VanMiddlesworth
Jennifer Meghan McCaig
**THOMPSON & KNOGHT, LLP**
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
512.469.6180


Gregory William Curry
**THOMPSON & KNIGHT, LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700

*Johnny C. Sanchez, RMR, CRR - jcscourtreporter@aol.com*

```
 1  Court Reporter:
    Johnny C. Sanchez, RPR, RMR, CRR
 2  515 Rusk, #8004
    Houston, Texas 77002
 3  713.250.5581

 4  Proceedings recorded by mechanical stenography.
    Transcript produced by computer-assisted transcription.
 5
```

```
 1              THE COURT:  I hope you survived last week
 2   with undue trouble.  We'll take appearances of counsel,
 3   beginning with plaintiff Scott.
 4              MR. ROBINSON:  This is attorney Carroll
 5   Robinson for plaintiff.
 6              THE COURT:  Hello, Mr. Robinson.
 7              MR. ROBINSON:  How are you doing, Your
 8   Honor?
 9              THE COURT:  Okay.
10              MR. VanMIDDLESWORTH:  Yes, Your Honor.  This
11   is Rex VanMiddlesworth for Mike Bloomberg 2020, Inc.  With
12   me on the call Meghan McCaig and Greg Curry.
13              THE COURT:  Welcome to all of you.
14              This, of course, involves an unfortunate
15   set of circumstances which is different from whether it's
16   a viable claim for relief.
17              I do find, Mr. Robinson, that defendant's
18   motion is generally well taken.  I want to give you all
19   the time in the world, though, that you wanted to respond
20   to it.
21              You can assume I've read the papers.
22              MR. ROBINSON:  Well, Your Honor, essentially
23   the crux of the defense argument is not that there was no
24   promise.  From all the filing before the Court is clear
25   that the statement was made before, concurrent with and
```

1  subsequent to employment, and their sole argument --

2              THE COURT:  Mr. Robinson, I agree with you
3  entirely.  Misrepresentations were made.

4              MR. ROBINSON:  Yes.  Absolutely, they were
5  made.

6              And the core argument from the defense is
7  they have a written agreement characterized as "at will
8  with a requirement for a written amendment," but Texas
9  case law recognizes the ability for a contract to be
10 orally modified.  And the contract at issue in this case
11 is not even subject to the statute of fraud because it was
12 performable in less than one year.

13             And so, if that's the case, the issue is
14 we have, our argument is there was an oral modification to
15 the contract simply in terms of the term, that no change
16 in the payment for pay period, except simply that it went
17 from an at-will contract to a contract at term by oral
18 modification made after the employee was brought onboard.

19             THE COURT:  But didn't the language in the
20 contract always call for at-will employment?

21             MR. ROBINSON:  But Texas law recognizes that
22 a contract can be subject to oral modification.  That's
23 the argument we're having.  I mean, if it's subject to
24 oral modification and a promise was made, if you accept
25 that the written document is the contract at issue, then

03:01:39

the question is, was the modification made by the oral promise after she was employed that she would be employed until November 2020, and Texas law recognizes that even a contract subject to the statute of fraud -- which this one is not -- there can be an oral modification.

THE COURT: But even if we accept all of that as true, Texas law would not permit reliance on a statement to *Vanity Fair* or a statement to NBC, or report by NBC news, or a *Texas Monthly* excerpt. That's not the kind of way in which you would modify a written contract, is it?

MR. ROBINSON: Well, Your Honor, the affidavit filed by Tracy Scott in the amended complaint says she was told that she would be employed until November 2020 by the leadership team of the Bloomberg campaign team in Texas, Dr. Carla Brailey and Ms. Turner. This is exactly the point of why the case shouldn't be dismissed at the pleading stage because I'm still entitled to discovery to confirm in fact that the statement was made because it's on documents produced by the campaign, and discovery would at least allow me to talk to the lawyers, the HR folks about why, in such a sophisticated operation, they were still out publicly making those promises after employment of Ms. Scott and others, but specifically of Ms. Scott, and why they allowed the Texas

*Johnny C. Sanchez, RMR, CRR - jcscourtreporter@aol.com*

|  |  |
|---|---|
|  | 1   leadership to make the promise to her, which is validated |
|  | 2   by the fact that other Texas employees were also made the |
|  | 3   same promise after employment. |
|  | 4              THE COURT:  I understand what you're saying. |
| 03:03:24 | 5   Let me say, one of my former law clerks was caught up with |
|  | 6   the very same problem.  He signed up for campaign, too.  I |
|  | 7   do recall the statements that were made.  I recall |
|  | 8   publicly that was said that there would be employment |
|  | 9   until the election.  And I'm disappointed in the Bloomberg |
| 03:03:44 | 10  campaign they did not honor that commitment, but I think |
|  | 11  that's different from whether we have a contract |
|  | 12  modification. |
|  | 13             Let me hear from Mr. VanMiddlesworth. |
|  | 14             MR. VanMIDDLESWORTH:  Thank you, Your Honor. |
| 03:04:01 | 15             In October, this Court dismissed |
|  | 16  plaintiff's claim for breach of contract promissory |
|  | 17  estoppel. |
|  | 18             THE COURT:  Yes.  I know. |
|  | 19             MR. VanMIDDLESWORTH:  There's nothing that |
| 03:04:08 | 20  changes that. |
|  | 21             We agree, Your Honor, you pointed out |
|  | 22  there is a specific employment contract, it is -- it says |
|  | 23  it can be terminated by either party at any time, and so |
|  | 24  on? |
| 03:04:21 | 25             Texas law takes written agreements |

seriously.  And then once plaintiffs sign, that sign could not be more clear on the terms of the agreement.  And not only does the amended complaint not salvage these claims, but it actually makes even more clear that should be dismissed.

As you know, there are a bunch of articles attached and linked to videos attached to the amended complaint, but one wasn't.  Footnote 1 in the complaint the plaintiff includes a link to a video interview of the candidate itself in January 2020 when Ms. Scott was employed.  And in that very interview that the candidate specifically says that if he is not the nominee, the campaign would not keep all of the 1,000 employees it had hired for the primaries.  That's about minute three and a half in that link in the amended complaint.

Now, the amended complaint quotes some later things that the candidate indicated he would keep some staff and offices, but it ignores the specific statement in that footnote in the complaint that the candidate made clear that the plaintiffs -- neither plaintiff nor anyone else would be guaranteed a job.

As to the oral modification.  Again, the original complaint complained representatives of the campaign made statements about employment through November, both before and after.  And the amended

1 complaint reiterates those claims and puts them in bold
2 type, but it adds nothing new.
3          Those statements, even if made, would not
4 negate the specific at-will terms of the agreement.  A
5 unilateral statement or promise to enhance the benefits of
6 an employment contract doesn't create an enforceable
7 obligation, be it a promise of a bonus, like in the
8 Casanova case, or pay increase, or extension of the term.
9 And the reason is that there's no consideration to support
10 that unilateral promise.  That's what Casanova says quite
11 clearly.  And the complaint makes it clear that there is
12 no consideration to support it.
13          Paragraph 33 says there were no changes to
14 plaintiff's obligations under the written agreement as a
15 result of this claim modification.  Quote, the
16 modification did not materially alter any obligation.
17          So, in short, there is no consideration
18 and no meeting of the minds on any new contract.  The
19 written contract under Texas law is valid and stands.  And
20 even accepting plaintiff's allegations as true, which
21 there are not, there is no claim for a breach of oral
22 contract.
23          MR. ROBINSON:  Your Honor, let me just
24 respond.
25          We have at least two Texas Supreme Court

*Johnny C. Sanchez, RMR, CRR - jcscourtreporter@aol.com*

cases that go back to as early as 1955 that recognizes that a written contract can be orally modified, even if the written contract is subject to the statute of fraud, and the argument that if the contract of the statement is true and it was made, and the plaintiff agreed to stay on and work until November, that's not consideration.  Those are discovery issues and oral -- and substantive argument at trial.  I mean, we're at the pleading stages, and they're saying that this case should be dismissed without discovery when in fact they admit that the statement was made.

Texas Supreme Court law acknowledges that a written contract could be orally modified, and that the statements were made by Bloomberg.  And even if you accept that it was not everybody, they haven't -- I haven't had a chance at this stage to prove that Ms. Scott, through discovery, was one of the people that would be covered by the extension of employment.

Then, more importantly, their own actions, I mean, the last time on our last hearing, the Court described it as magnanimous when in fact there was evidence that they themselves waived the written requirements for amendment to the contract.

So they can't have it always, they can't start out saying the statement was made at the wrong time

```
 1  but now was made at the right time, that the law --
 2              THE COURT:  I need --
 3              MR. ROBINSON:  Recognizes oral modification,
 4  and that they themselves modified the contract
 5  inconsistent with the modification provision, but that
 6  provision should now be used at the pleading stage to
 7  dismiss Ms. Scott's case.
 8              THE COURT:  We're going to take a short
 9  break.  I'll be right back with you.
10              **(Recessed at 3:09 p.m.)**
11              THE COURT:  Okay.  I'm sorry.  We're back.
12              Mr. Robinson, I know you're a good lawyer,
13  I know you feel strongly about this case, but I think
14  under Texas law I can't offer you any relief.  I don't
15  think there's a valid defense to the motion to dismiss.
16  I'm going to have dismiss it and dismiss all the pending
17  motions with it.
18              Thank you very much.  Thank you.
19              **(Recessed at 3:11 p.m.)**
20              **(COURT CALLED BACK INTO SESSION)**
21              THE COURT:  Okay.  This is Keith Ellison.
22  Mr. Sanchez, the court reporter, is here with us.
23              Who is here for the respective parties.
24              MR. ROBINSON:  That is Carroll Robinson, for
25  plaintiff Tracy Scott.
```

```
03:47:13

 1            MR. VanMIDDLESWORTH:  For defendant, Rex
 2   VanMiddlesworth and Meghan McCaig.
 3            THE COURT:  Okay.  I understand you got
 4   disconnected right at the critical time Mr. Robinson?
 5            MR. ROBINSON:  Yes, I was.
 6            THE COURT:  I apologize for that.  We're in
 7   a whole new world trying to do things by telephone.  I've
 8   had plenty on my end, too.  So I understand how it
 9   happens.
10            In terms of the motion to dismiss, on the
11   question of contract modification, I'm afraid Ms. Scott
12   fails to plead facts sufficient to indicate a contract
13   modification based on subsequent oral promises.
14            She attempts to run on two sets of
15   promises.  First, she alleges that various senior campaign
16   employees, including Mr. Bloomberg himself, made public
17   statements about continuing employment until November.
18   But these public statements cannot amount to a meeting of
19   the mind sufficient to modify express term of a written
20   contract.  And the nature of the statements are such they
21   don't reference her in forming agreement specifically.
22            And, secondly, Ms. Scott attaches her own
23   affidavit to the response, and the same similar affidavit
24   to motion for leave to supplement the petition.  Those
25   affidavits, of course, present a number of problems:
```

```
 1  First, they're improper as they are not referenced in the
 2  amended complaint, and the Court is limited to pleadings
 3  when considering a motion to dismiss.
 4              Those allegations could have been made at
 5  the time the motion -- at the time the complaint was
 6  amended, but they weren't.  But more generally, more
 7  fundamentally, I don't think these statements are
 8  sufficiently specific to modify a existing contract.
 9              Contract says, "No statement varying any
10  of the terms of the letter shall be enforceable unless set
11  forth in writing signed by a duly authorized officer of
12  the organization."
13              I acknowledge this is not a statute of
14  frauds contract, but still I think the language is hard to
15  ignore.
16              On promissory estoppel, Judge Rosenthal
17  said in a recent case here in the Southern District, "When
18  a contract between the parties, in other words, the
19  alleged promise, promissory estoppel is not applicable to
20  that promise.  Instead, the wronged party must seek
21  damages under the contract."
22              And on the breach of express warranty,
23  it's a clever argument, the notion that Ms. Scott sold --
24  the campaign ["sold"] (inaudible) of Ms. Scott's services
25  of the opportunity to help defeat Donald Trump, but this
```

```
 1  interpretation of the sale of services is not supported by
 2  any case law that we've been able to find.  It seems to be
 3  a straightforward contract for employment.
 4              So for all the those reasons, and despite
 5  the greatest respect I have for you, Mr. Robinson, I'm
 6  going to have to grant the motion to dismiss, and also
 7  dismiss other pending motions.
 8              MR. ROBINSON:  No problem, Your Honor.
 9              MR. VanMIDDLESWORTH:  Thank you, Your Honor.
10              MR. ROBINSON:  Your Honor, I just want make
11  sure I'm clear and it's on the record.  There is a finding
12  of fact that in fact the affidavit reflects that a promise
13  was made, but you're saying it wasn't specific enough?
14              THE COURT:  Let me think about that before I
15  agree to something.
16              I think the affidavit is improper.  So it
17  can't be considered at all.  And I think the statements
18  made contributed to Ms. Brailey are too general to be a
19  modification of a specific contract.
20              Thank you very much.
21          (Recessed at 3:51 p.m.)
22
23
24
25
```

*Johnny C. Sanchez, RMR, CRR - jcscourtreporter@aol.com*

**CERTIFICATE**

I, Johnny C. Sanchez, RMR, CRR, certify that as an Official Federal Court Reporter for the Southern District of Texas, Houston Division, I have transcribed the audio-recorded hearing of the foregoing entitled case to the best of my ability; that any inaudible designations are because of audio or telephonic interference that precluded me from understanding the words spoken; and that the foregoing typewritten matter contains a full, true and correct transcript of my understanding of the aforesaid proceedings as reported to the best of my skill and ability.


/S/   JOHNNY C. SANCHEZ
_____
Johnny C. Sanchez, RPR, RMR, CRR
Official Court Reporter

**#8004** [1] - 2:2
**/S** [1] - 14:17
**1** [1] - 7:8
**1,000** [1] - 7:13
**1500** [1] - 1:22
**1722** [1] - 1:22
**1900** [1] - 1:18
**1955** [1] - 9:1
**2020** [5] - 1:6, 3:11, 5:3, 5:15, 7:10
**2021** [1] - 1:6
**214.969.1700** [1] - 1:23
**24** [1] - 1:6
**2:58** [1] - 1:5
**310** [1] - 1:13
**33** [1] - 8:13
**3:09** [1] - 10:10
**3:11** [1] - 10:19
**3:51** [1] - 13:21
**4203** [1] - 1:13
**4:20-CV-2261** [1] - 1:4
**512.469.6180** [1] - 1:19
**515** [1] - 2:2
**713.250.5581** [1] - 2:3
**713.526.2900** [1] - 1:14
**75201** [1] - 1:22
**77002** [1] - 2:2
**77006** [1] - 1:14
**78701** [1] - 1:19
**98** [1] - 1:18
**ability** [3] - 4:9, 14:7, 14:13
**able** [1] - 13:2
**absolutely** [1] - 4:4
**accept** [3] - 4:24, 5:6, 9:14
**accepting** [1] - 8:20
**acknowledge** [1] - 12:13
**acknowledges** [1] - 9:12
**actions** [1] - 9:19
**adds** [1] - 8:2
**admit** [1] - 9:10
**affidavit** [5] - 5:13, 11:23, 13:12, 13:16
**affidavits** [1] - 11:25
**aforesaid** [1] - 14:11
**afraid** [1] - 11:11
**agree** [3] - 4:2, 6:21, 13:15
**agreed** [1] - 9:5
**agreement** [5] - 4:7, 7:2, 8:4, 8:14, 11:21
**agreements** [1] - 6:25
**allegations** [2] - 8:20, 12:4
**alleged** [1] - 12:19
**alleges** [1] - 11:15
**allow** [1] - 5:21
**allowed** [1] - 5:25
**alter** [1] - 8:16
**amended** [8] - 5:13, 7:3, 7:7, 7:15, 7:16, 7:25, 12:2, 12:6
**amendment** [2] - 4:8, 9:23
**amount** [1] - 11:18
**apologize** [1] - 11:6
**appearances** [1] - 3:2
**APPEARANCES** [1] - 1:11
**applicable** [1] - 12:19

**argument** [8] - 3:23, 4:1, 4:6, 4:14, 4:23, 9:4, 9:7, 12:23
**articles** [1] - 7:6
**assisted** [1] - 2:4
**assume** [1] - 3:21
**at-will** [3] - 4:17, 4:20, 8:4
**attached** [2] - 7:7
**attaches** [1] - 11:22
**attempts** [1] - 11:14
**attorney** [1] - 3:4
**audio** [2] - 14:6, 14:8
**audio-recorded** [1] - 14:6
**Austin** [1] - 1:19
**authorized** [1] - 12:11
**BACK** [1] - 10:20
**based** [1] - 11:13
**BEFORE** [1] - 1:9
**beginning** [1] - 3:3
**benefits** [1] - 8:5
**best** [2] - 14:7, 14:12
**between** [1] - 12:18
**Bloomberg** [5] - 3:11, 5:15, 6:9, 9:14, 11:16
**BLOOMBERG** [1] - 1:6
**Blvd** [2] - 1:13, 1:18
**bold** [1] - 8:1
**bonus** [1] - 8:7
**Brailey** [2] - 5:16, 13:18
**breach** [3] - 6:16, 8:21, 12:22
**break** [1] - 10:9
**brought** [1] - 4:18
**bunch** [1] - 7:6
**CALLED** [1] - 10:20
**campaign** [8] - 5:16, 5:20, 6:6, 6:10, 7:13, 7:24, 11:15, 12:24
**candidate** [4] - 7:10, 7:11, 7:17, 7:20
**cannot** [1] - 11:18
**Carla** [1] - 5:16
**Carrol** [1] - 1:12
**Carroll** [2] - 3:4, 10:24
**Casanova** [2] - 8:8, 8:10
**case** [11] - 4:9, 4:10, 4:13, 5:17, 8:8, 9:9, 10:7, 10:13, 12:17, 13:2, 14:6
**cases** [1] - 9:1
**caught** [1] - 6:5
**CERTIFICATE** [1] - 14:1
**certify** [1] - 14:3
**chance** [1] - 9:16
**change** [1] - 4:15
**changes** [2] - 6:20, 8:13
**characterized** [1] - 4:7
**circumstances** [1] - 3:15
**claim** [4] - 3:16, 6:16, 8:15, 8:21
**claims** [2] - 7:3, 8:1
**clear** [6] - 3:24, 7:2, 7:4, 7:20, 8:11, 13:11
**clearly** [1] - 8:11
**clerks** [1] - 6:5
**clever** [1] - 12:23
**commitment** [1] - 6:10
**complained** [1] - 7:23
**complaint** [12] - 5:13, 7:3, 7:8, 7:15, 7:16, 7:19, 7:23, 8:1, 8:11, 12:2, 12:5

**computer** [1] - 2:4
**computer-assisted** [1] - 2:4
**concurrent** [1] - 3:25
**confirm** [1] - 5:19
**consideration** [4] - 8:9, 8:12, 8:17, 9:6
**considered** [1] - 13:17
**considering** [1] - 12:3
**contains** [1] - 14:10
**continuing** [1] - 11:17
**contract** [33] - 4:9, 4:10, 4:15, 4:17, 4:20, 4:22, 4:25, 5:4, 5:10, 6:11, 6:16, 6:22, 8:6, 8:18, 8:19, 8:22, 9:2, 9:3, 9:4, 9:13, 9:23, 10:4, 11:11, 11:12, 11:20, 12:8, 12:9, 12:14, 12:18, 12:21, 13:3, 13:19
**contributed** [1] - 13:18
**core** [1] - 4:6
**correct** [1] - 14:11
**counsel** [1] - 3:2
**course** [2] - 3:14, 11:25
**court** [1] - 10:22
**Court** [9] - 2:1, 3:24, 6:15, 8:25, 9:12, 9:20, 12:2, 14:4, 14:19
**COURT** [18] - 1:1, 3:1, 3:6, 3:9, 3:13, 4:2, 4:19, 5:6, 6:4, 6:18, 10:2, 10:8, 10:11, 10:20, 10:21, 11:3, 11:6, 13:14
**covered** [1] - 9:17
**create** [1] - 8:6
**critical** [1] - 11:4
**CRR** [3] - 2:1, 14:3, 14:18
**crux** [1] - 3:23
**Curry** [2] - 1:21, 3:12
**Dallas** [1] - 1:22
**damages** [1] - 12:21
**defeat** [1] - 12:25
**DEFENDANT** [1] - 1:16
**defendant** [1] - 11:1
**defendant's** [1] - 3:17
**defense** [3] - 3:23, 4:6, 10:15
**described** [1] - 9:21
**designations** [1] - 14:7
**despite** [1] - 13:4
**different** [2] - 3:15, 6:11
**disappointed** [1] - 6:9
**disconnected** [1] - 11:4
**discovery** [5] - 5:19, 5:21, 9:7, 9:10, 9:17
**dismiss** [8] - 10:7, 10:15, 10:16, 11:10, 12:3, 13:6, 13:7
**dismissed** [4] - 5:18, 6:15, 7:5, 9:9
**District** [2] - 12:17, 14:5
**DISTRICT** [3] - 1:1, 1:1, 1:9
**Division** [1] - 14:5
**DIVISION** [1] - 1:2
**document** [1] - 4:25
**documents** [1] - 5:20
**Donald** [1] - 12:25
**Dr** [1] - 5:16
**duly** [1] - 12:11
**early** [1] - 9:1
**either** [1] - 6:23

election [1] - 6:9
ELLISON [1] - 1:9
Ellison [1] - 10:21
employed [4] - 5:2, 5:14, 7:11
employee [1] - 4:18
employees [3] - 6:2, 7:13, 11:16
employment [11] - 4:1, 4:20, 5:24, 6:3, 6:8, 6:22, 7:24, 8:6, 9:18, 11:17, 13:3
end [1] - 11:8
enforceable [2] - 8:6, 12:10
enhance [1] - 8:5
entirely [1] - 4:3
entitled [2] - 5:18, 14:6
essentially [1] - 3:22
estoppel [3] - 6:17, 12:16, 12:19
evidence [1] - 9:22
exactly [1] - 5:17
except [1] - 4:16
excerpt [1] - 5:9
existing [1] - 12:8
express [2] - 11:19, 12:22
extension [2] - 8:8, 9:18
fact [6] - 5:19, 6:2, 9:10, 9:21, 13:12
facts [1] - 11:12
fails [1] - 11:12
Fair [1] - 5:8
February [1] - 1:6
Federal [1] - 14:4
filed [1] - 5:13
filing [1] - 3:24
first [2] - 11:15, 12:1
folks [1] - 5:22
footnote [2] - 7:8, 7:19
FOR [2] - 1:12, 1:16
foregoing [2] - 14:6, 14:10
former [1] - 6:5
forming [1] - 11:21
forth [1] - 12:11
fraud [3] - 4:11, 5:4, 9:3
frauds [1] - 12:14
full [1] - 14:10
fundamentally [1] - 12:7
general [1] - 13:18
generally [2] - 3:18, 12:6
grant [1] - 13:6
greatest [1] - 13:5
Greg [1] - 3:12
Gregory [1] - 1:21
GROUP [1] - 1:13
guaranteed [1] - 7:21
half [1] - 7:15
hard [1] - 12:14
hear [1] - 6:13
hearing [2] - 9:20, 14:6
HEARING [1] - 1:7
hello [1] - 3:6
help [1] - 12:25
himself [1] - 11:16
hired [1] - 7:14
Honor [10] - 3:8, 3:10, 3:22, 5:12, 6:14, 6:21, 8:23, 13:8, 13:9, 13:10
honor [1] - 6:10

HONORABLE [1] - 1:9
hope [1] - 3:1
HOUSTON [1] - 1:2
Houston [4] - 1:4, 1:14, 2:2, 14:5
HR [1] - 5:22
ignore [1] - 12:15
ignores [1] - 7:18
importantly [1] - 9:19
improper [2] - 12:1, 13:16
inaudible [2] - 12:24, 14:7
Inc [1] - 3:11
INC [1] - 1:6
includes [1] - 7:9
including [1] - 11:16
inconsistent [1] - 10:5
increase [1] - 8:8
indicate [1] - 11:12
indicated [1] - 7:17
instead [1] - 12:20
interference [1] - 14:8
interpretation [1] - 13:1
interview [2] - 7:9, 7:11
INTO [1] - 10:20
involves [1] - 3:14
issue [3] - 4:10, 4:13, 4:25
issues [1] - 9:7
itself [1] - 7:10
Jacinto [1] - 1:18
January [1] - 7:10
Jennifer [1] - 1:17
job [1] - 7:21
Johnny [3] - 2:1, 14:3, 14:18
JOHNNY [1] - 14:17
Judge [1] - 12:16
JUDGE [1] - 1:9
keep [2] - 7:13, 7:17
KEITH [1] - 1:9
Keith [1] - 10:21
kind [1] - 5:10
KNIGHT [1] - 1:21
KNOGHT [1] - 1:18
language [2] - 4:19, 12:14
last [3] - 3:1, 9:20
LAW [1] - 1:13
law [11] - 4:9, 4:21, 5:3, 5:7, 6:5, 6:25, 8:19, 9:12, 10:1, 10:14, 13:2
lawyer [1] - 10:12
lawyers [1] - 5:22
leadership [2] - 5:15, 6:1
least [2] - 5:21, 8:25
leave [1] - 11:24
less [1] - 4:12
letter [1] - 12:10
limited [1] - 12:2
link [2] - 7:9, 7:15
linked [1] - 7:7
LLP [2] - 1:18, 1:21
magnanimous [1] - 9:21
materially [1] - 8:16
matter [1] - 14:10
McCaig [3] - 1:17, 3:12, 11:2
mean [3] - 4:23, 9:8, 9:20

mechanical [1] - 2:4
meeting [2] - 8:18, 11:18
Meghan [3] - 1:17, 3:12, 11:2
Mike [1] - 3:11
MIKE [1] - 1:6
mind [1] - 11:19
minds [1] - 8:18
minute [1] - 7:14
misrepresentations [1] - 4:3
modification [15] - 4:14, 4:18, 4:22, 4:24, 5:1, 5:5, 6:12, 7:22, 8:15, 8:16, 10:3, 10:5, 11:11, 11:13, 13:19
modified [4] - 4:10, 9:2, 9:13, 10:4
modify [3] - 5:10, 11:19, 12:8
Monthly [1] - 5:9
MOTION [1] - 1:7
motion [7] - 3:18, 10:15, 11:10, 11:24, 12:3, 12:5, 13:6
motions [2] - 10:17, 13:7
MR [17] - 3:4, 3:7, 3:10, 3:22, 4:4, 4:21, 5:12, 6:14, 6:19, 8:23, 10:3, 10:24, 11:1, 11:5, 13:8, 13:9, 13:10
must [1] - 12:20
nature [1] - 11:20
NBC [2] - 5:8, 5:9
need [1] - 10:2
negate [1] - 8:4
new [3] - 8:2, 8:18, 11:7
news [1] - 5:9
nominee [1] - 7:12
nothing [2] - 6:19, 8:2
notion [1] - 12:23
November [5] - 5:3, 5:15, 7:25, 9:6, 11:17
number [1] - 11:25
obligation [2] - 8:7, 8:16
obligations [1] - 8:14
October [1] - 6:15
OF [1] - 1:1
offer [1] - 10:14
officer [1] - 12:11
offices [1] - 7:18
Official [2] - 14:4, 14:19
onboard [1] - 4:18
once [1] - 7:1
one [5] - 4:12, 5:4, 6:5, 7:8, 9:17
operation [1] - 5:23
opportunity [1] - 12:25
oral [11] - 4:14, 4:17, 4:22, 4:24, 5:1, 5:5, 7:22, 8:21, 9:7, 10:3, 11:13
orally [3] - 4:10, 9:2, 9:13
organization [1] - 12:12
original [1] - 7:23
own [2] - 9:19, 11:22
p.m [4] - 1:5, 10:10, 10:19, 13:21
papers [1] - 3:21
Paragraph [1] - 8:13
parties [2] - 10:23, 12:18
party [2] - 6:23, 12:20
pay [2] - 4:16, 8:8
payment [1] - 4:16
pending [2] - 10:16, 13:7

**people** [1] - 9:17
**performable** [1] - 4:12
**period** [1] - 4:16
**permit** [1] - 5:7
**petition** [1] - 11:24
**plaintiff** [6] - 3:3, 3:5, 7:9, 7:21, 9:5, 10:25
**PLAINTIFF** [1] - 1:12
**plaintiff's** [3] - 6:16, 8:14, 8:20
**plaintiffs** [2] - 7:1, 7:20
**plead** [1] - 11:12
**pleading** [3] - 5:18, 9:8, 10:6
**pleadings** [1] - 12:2
**plenty** [1] - 11:8
**point** [1] - 5:17
**pointed** [1] - 6:21
**precluded** [1] - 14:9
**present** [1] - 11:25
**primaries** [1] - 7:14
**problem** [2] - 6:6, 13:8
**problems** [1] - 11:25
**proceedings** [1] - 14:12
**Proceedings** [1] - 2:4
**produced** [2] - 2:4, 5:20
**promise** [11] - 3:24, 4:24, 5:2, 6:1, 6:3, 8:5, 8:7, 8:10, 12:19, 12:20, 13:12
**promises** [3] - 5:24, 11:13, 11:15
**promissory** [3] - 6:16, 12:16, 12:19
**prove** [1] - 9:16
**provision** [2] - 10:5, 10:6
**public** [2] - 11:16, 11:18
**publicly** [2] - 5:23, 6:8
**puts** [1] - 8:1
**quite** [1] - 8:10
**quote** [1] - 8:15
**quotes** [1] - 7:16
**read** [1] - 3:21
**reason** [1] - 8:9
**reasons** [1] - 13:4
**recent** [1] - 12:17
**Recessed** [3] - 10:10, 10:19, 13:21
**recognizes** [5] - 4:9, 4:21, 5:3, 9:1, 10:3
**record** [1] - 13:11
**recorded** [2] - 2:4, 14:6
**reference** [1] - 11:21
**referenced** [1] - 12:1
**reflects** [1] - 13:12
**reiterates** [1] - 8:1
**reliance** [1] - 5:7
**relief** [2] - 3:16, 10:14
**report** [1] - 5:8
**reported** [1] - 14:12
**reporter** [1] - 10:22
**Reporter** [3] - 2:1, 14:4, 14:19
**representatives** [1] - 7:23
**requirement** [1] - 4:8
**requirements** [1] - 9:23
**respect** [1] - 13:5
**respective** [1] - 10:23
**respond** [2] - 3:19, 8:24
**response** [1] - 11:23

**result** [1] - 8:15
**Rex** [3] - 1:17, 3:11, 11:1
**RMR** [3] - 2:1, 14:3, 14:18
**Robinson** [9] - 1:12, 3:5, 3:6, 3:17, 4:2, 10:12, 10:24, 11:4, 13:5
**ROBINSON** [13] - 1:13, 3:4, 3:7, 3:22, 4:4, 4:21, 5:12, 8:23, 10:3, 10:24, 11:5, 13:8, 13:10
**Rosenthal** [1] - 12:16
**Routh** [1] - 1:22
**RPR** [2] - 2:1, 14:18
**run** [1] - 11:14
**Rusk** [1] - 2:2
**sale** [1] - 13:1
**salvage** [1] - 7:3
**San** [1] - 1:18
**SANCHEZ** [1] - 14:17
**Sanchez** [4] - 2:1, 10:22, 14:3, 14:18
**SCOTT** [1] - 1:4
**Scott** [10] - 3:3, 5:13, 5:24, 5:25, 7:10, 9:16, 10:25, 11:11, 11:22, 12:23
**Scott's** [2] - 10:7, 12:24
**secondly** [1] - 11:22
**seek** [1] - 12:20
**senior** [1] - 11:15
**seriously** [1] - 7:1
**services** [2] - 12:24, 13:1
**SESSION** [1] - 10:20
**set** [2] - 3:15, 12:10
**sets** [1] - 11:14
**shall** [1] - 12:10
**short** [2] - 8:17, 10:8
**sign** [2] - 7:1
**signed** [2] - 6:6, 12:11
**similar** [1] - 11:23
**simply** [2] - 4:15, 4:16
**skill** [1] - 14:12
**sold** [2] - 12:23, 12:24
**sole** [1] - 4:1
**sophisticated** [1] - 5:22
**sorry** [1] - 10:11
**Southern** [2] - 12:17, 14:4
**SOUTHERN** [1] - 1:1
**specific** [6] - 6:22, 7:18, 8:4, 12:8, 13:13, 13:19
**specifically** [3] - 5:25, 7:12, 11:21
**spoken** [1] - 14:9
**staff** [1] - 7:18
**stage** [3] - 5:18, 9:16, 10:6
**stages** [1] - 9:8
**stands** [1] - 8:19
**start** [1] - 9:25
**statement** [10] - 3:25, 5:8, 5:19, 7:19, 8:5, 9:4, 9:10, 9:25, 12:9
**statements** [9] - 6:7, 7:24, 8:3, 9:14, 11:17, 11:18, 11:20, 12:7, 13:17
**STATES** [2] - 1:1, 1:9
**statute** [4] - 4:11, 5:4, 9:3, 12:13
**stay** [1] - 9:5
**stenography** [1] - 2:4
**still** [3] - 5:18, 5:23, 12:14
**straightforward** [1] - 13:3

**Street** [1] - 1:22
**strongly** [1] - 10:13
**subject** [5] - 4:11, 4:22, 4:23, 5:4, 9:3
**subsequent** [2] - 4:1, 11:13
**substantive** [1] - 9:7
**sufficient** [2] - 11:12, 11:19
**sufficiently** [1] - 12:8
**Suite** [3] - 1:13, 1:18, 1:22
**supplement** [1] - 11:24
**support** [2] - 8:9, 8:12
**supported** [1] - 13:1
**Supreme** [2] - 8:25, 9:12
**survived** [1] - 3:1
**team** [2] - 5:15, 5:16
**telephone** [1] - 11:7
**telephonic** [1] - 14:8
**term** [4] - 4:15, 4:17, 8:8, 11:19
**terminated** [1] - 6:23
**terms** [5] - 4:15, 7:2, 8:4, 11:10, 12:10
**TEXAS** [1] - 1:1
**Texas** [19] - 1:4, 1:14, 1:19, 1:22, 2:2, 4:8, 4:21, 5:3, 5:7, 5:9, 5:16, 5:25, 6:2, 6:25, 8:19, 8:25, 9:12, 10:14, 14:5
**THE** [19] - 1:9, 1:12, 1:16, 3:1, 3:6, 3:9, 3:13, 4:2, 4:19, 5:6, 6:4, 6:18, 10:2, 10:8, 10:11, 10:21, 11:3, 11:6, 13:14
**themselves** [2] - 9:22, 10:4
**THOMPSON** [2] - 1:18, 1:21
**three** [1] - 7:14
**Tracy** [2] - 5:13, 10:25
**TRACY** [1] - 1:4
**transcribed** [1] - 14:5
**Transcript** [1] - 2:4
**transcript** [1] - 14:11
**transcription** [1] - 2:4
**trial** [1] - 9:8
**trouble** [1] - 3:2
**true** [4] - 5:7, 8:20, 9:5, 14:10
**Trump** [1] - 12:25
**trying** [1] - 11:7
**Turner** [1] - 5:16
**two** [2] - 8:25, 11:14
**type** [1] - 8:2
**typewritten** [1] - 14:10
**under** [4] - 8:14, 8:19, 10:14, 12:21
**undue** [1] - 3:2
**unfortunate** [1] - 3:14
**unilateral** [2] - 8:5, 8:10
**UNITED** [2] - 1:1, 1:9
**unless** [1] - 12:10
**up** [2] - 6:5, 6:6
**valid** [2] - 8:19, 10:15
**validated** [1] - 6:1
**Vanity** [1] - 5:8
**VanMiddlesworth** [9] - 1:17, 3:10, 3:11, 6:13, 6:14, 6:19, 11:1, 11:2, 13:9
**various** [1] - 11:15
**varying** [1] - 12:9
**viable** [1] - 3:16
**video** [1] - 7:9
**videos** [1] - 7:7
**VS** [1] - 1:5

**waived** [1] - 9:22
**warranty** [1] - 12:22
**week** [1] - 3:1
**welcome** [1] - 3:13
**whole** [1] - 11:7
**William** [1] - 1:21
**words** [2] - 12:18, 14:9
**world** [2] - 3:19, 11:7
**writing** [1] - 12:11
**written** [12] - 4:7, 4:8, 4:25, 5:10, 6:25, 8:14, 8:19, 9:2, 9:3, 9:13, 9:22, 11:19
**wronged** [1] - 12:20
**year** [1] - 4:12
**Yoakum** [1] - 1:13
**YVETTE** [1] - 1:4