IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, <br><br>                   Plaintiffs, <br><br>    v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br>                   Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**PLAINTIFFS' RESPONSE TO DEFENANDANT'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

On March 3, 2021, in support of its Partial Motion to Dismiss [ECF No. 110], Defendant submitted a minute order and transcript from *Scott v. Mike Bloomberg 2020 Inc.*, No. 20 Civ. 2261, (S.D. Tex., Feb. 24, 2021) ("*Scott*") in which the court granted defendant's motion to dismiss. ECF No. 182.  On March 11, 2021, Defendant thereafter supplemented its Notice of Supplemental Authority and attached the transcript from the hearing. ECF No. 183.  The Court should disregard Defendant's supplemental authority for two reasons.

As a threshold matter, the decision rendered by the Judge Ellison in the Southern District of Texas has no binding or persuasive effect on the claims at issue in the instant case.  Defendant has previously taken the position to this Court that decisions rendered in Texas are distinguishable because they "involve the application of Texas law," which Plaintiffs have not asserted here.  ECF No. 149.  Now, Defendant seeks to have the Court consider a decision rendered in Texas, which interprets Texas law.  *See* ECF No. 183-1 at p. 11 (*Scott* Hearing Tr.) ("under Texas law I can't offer you any relief").  Defendant is essentially cherry-picking the decisions it seeks to have the Court consider in evaluating its motion.

In addition, the issues in the motion to dismiss in *Scott* are wholly distinguishable from the issue here.  In *Scott*, following the original motion to dismiss, the plaintiff filed an amended petition which referenced a document that purportedly set forth the plaintiff's terms of employment—a document that was attached to the original petition.  *Scott v. Mike Bloomberg 2020 Inc.*, No. 20 Civ. 2261 (S.D. Tex. June 26, 2020), ECF No. 1-8; 28.  In deciding the motion to dismiss plaintiff's amended petition, the court again relied on the fact that there was a purported written at-will employment agreement that, under the facts alleged, was not modified by any subsequent contract.  ECF No. 183-1.  In contrast, here, Plaintiffs argue in their brief opposing the Campaign's Partial Motion to Dismiss as well as Plaintiffs' Response to

Defendant's October 23, 2020 Notice of Supplemental Authority ("NSA") (addressing the ruling on the original motion to dismiss in *Scott*) that reliance on such evidence is categorically improper because Plaintiffs neither reference nor allege facts relating to the substance of the employment agreements in their Complaint. *See* ECF No. 133 at 7 n.1; ECF No. 163. Moreover, as Plaintiffs also noted in their opposition to the Campaign's Partial Motion to Dismiss and Response to Defendant's October 23, 2020 NSA, under New York law which applies in this case, at-will employees *can* bring promissory estoppel claims. *See* ECF No. 133 at 18 & n.4; ECF No. 163 at 3.

Thus, for these reasons, as well as the same reasons previously set forth in Plaintiffs' Response to Defendant's Notice of Supplemental Authority (ECF No. 163), the Court should disregard the decision in *Scott* in its evaluation of Defendant's Partial Motion to Dismiss.

Dated: New York, NY
       March 19, 2021

Respectfully submitted,

*s/Michael Palitz*
Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Justin M. Swartz
Deirdre A. Aaron
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
daaron@outtengolden.com
mdanna@outtengolden.com

2

Hannah Cole-Chu
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Gregg I. Shavitz
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*to apply for *pro hac vice* admission