UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS)(GWG) |

## **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") hereby submits this response to Plaintiffs' "Notice of Supplemental Authority." Dkt. No. 185. Plaintiffs purport to notify this Court of "supplemental authority" by introducing a March 9, 2020 email from a Campaign employee that was publicly filed in the U.S. District Court for the Northern District of Texas in connection with motions for summary judgment submitted in four cases brought by individual plaintiffs in that court. This Court should disregard Plaintiffs' purported supplemental authority for two reasons.

*First*, Plaintiffs' purported "Notice of Supplemental Authority" does not contain a single authority (*i.e.*, case, statute or regulation), but is instead an attempt to apprise the Court of additional facts. As nearly every court that has encountered this issue has determined, this is plainly improper. *See MYL Litig. Recovery I LLC v. Mylan N.V.*, No. 19-CV-1799 (JPO), 2020 WL 1503673, at *4 (S.D.N.Y. Mar. 30, 2020) (declining to consider notice of supplemental authority "that cited no new legal authority, but instead attempted [to] apprise this Court of additional facts alleged in a complaint [] filed in another district court"); *United States v. Strock*, No. 15-CV-0887-FPG, 2018 WL 647471, at *5 n.1 (W.D.N.Y. Jan. 31, 2018) (declining to

consider notice of supplemental authority that "inject[ed] new facts outside the scope of the facts in the Complaint"); *see also, e.g.*, *United States v. Boutte*, No. 1:17-CR-3338-JMC, 2019 WL 2929049, at *1 n.1 (D.N.M. July 8, 2019) (declining to consider supplemental authority where the notice "contains no supplemental authority—no citations to case law, statutes, or regulations"); *Brown v. King Cty.*, No. C16-1332-JCC-JPD, 2018 WL 3353001, at *11 (W.D. Wash. May 21, 2018) (determining that a memorandum did not constitute "supplemental authority" when it consisted entirely of facts and exhibits and did not cite a single authority); *Davis v. USA Nutra Labs*, No. CV 15-01107 MV/SCY, 2016 WL 9774945, at *2 n.2 (D.N.M. Dec. 21, 2016) (disregarding a submission of supplemental authority where it "contains supplemental evidence and not supplemental authority"); *Brown v. NCL (Bahamas) Ltd.*, No. 15-21732-CIV, 2016 WL 8716482, at *5 (S.D. Fla. Oct. 13, 2016) ("Plaintiff's 'supplemental authority' is not 'authority' at all, but rather is being offered for certain factual information contained in the Order.").

*Second*, even if the Court considers Plaintiffs' improper submission, any request by Plaintiffs to amend their Complaint yet again (they have already amended twice) to reference the proffered email should be rejected, as any such amendment would not cure the numerous, independent grounds warranting dismissal discussed in the Campaign's opening and reply briefs (Dkt. Nos. 111 and 142) and therefore would be futile. The entire premise of Plaintiffs' common law claims of promissory estoppel and fraudulent inducement is their allegation—repeated dozens of times in the Second Amended Complaint[1]—that the Campaign promised them continued employment through November 2020. The March 9, 2020 email offered by Plaintiffs

---

[1] *See, e.g.*, Dkt. No. 86 at ¶¶ 3, 5, 7, 11, 15, 16, 20, 35, 37, 41, 42, 48, 50, 53, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 158, 160, 162, 164, 166, 168, 170, 172, 174, 176, 178, 231, 416, 427, 428, 430.

merely repeats this claim and therefore adds nothing to the allegations in the Second Amended Complaint, which are taken as true for purposes of the Campaign's Motion to Dismiss.

Because Plaintiffs' notice adds no "authority" but instead improperly attempts to introduce duplicative facts that are already alleged *ad nauseam* in the Second Complaint, this Court should disregard it.

Dated: April 30, 2021  
       New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP  
*/s/ Elise M. Bloom*  
Elise M. Bloom  
Rachel S. Philion  
Pinchos N. Goldberg  
Allison L. Martin  
Eleven Times Square  
New York, New York 10036  
(T) 212.969.3000  
ebloom@proskauer.com  
rphilion@proskauer.com  
pgoldberg@proskauer.com  
amartin@proskauer.com

PROSKAUER ROSE LLP  
Mark W. Batten  
One International Place  
Boston, Massachusetts 02110  
(T) 617.526.9850  
mbatten@proskauer.com

VENABLE LLP  
Nicholas M. Reiter  
1270 Avenue of the Americas, 24th Floor  
New York, New York 10020  
(T) 212.307.5500  
nmreiter@venable.com

*Attorneys for Defendant*  
MIKE BLOOMBERG 2020, INC.