UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS)(GWG) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention three recent decisions by Magistrate Judge Hal R. Ray, Jr. in the United States District Court, Northern District of Texas, styled *Gregory Snow v. Mike Bloomberg 2020 Inc.*, No. 4:20-cv-00490-BP; *Argunda Jefferson v. Mike Bloomberg 2020 Inc.*, No. 4:20-cv-00489-BP, and *Melinda Hamilton v. Mike Bloomberg 2020 Inc.*, No, 4:20-cv-00488-BP.  The Court issued orders on May 17, 2021 granting the Campaign's motions for summary judgment in each of these cases.  The arguments presented to the Court, and which the Court accepted, are the same in relevant part as those presented to this Court in the Campaign's pending Partial Motion to Dismiss the Second Amended Class and Collective Action Complaint (Dkt. 110).

As here, the plaintiffs in *Snow*, *Jefferson*, and *Hamilton* are all former Campaign employees who worked as field organizers and who alleged breach of contract, fraudulent inducement, and promissory estoppel, premised on the allegation that the Campaign promised each of them employment through the November 2020 general election, irrespective of whether Mr. Bloomberg secured the Democratic nomination for President, and that the Campaign terminated

their employment in March 2020 following Mr. Bloomberg's withdrawal from the race – all as alleged in this action.  The plaintiffs also alleged that they were denied overtime required to be paid under the Fair Labor Standards Act, as do the Plaintiffs in this action.

The Texas court held that those plaintiffs' common-law claims all failed as a matter of law because they, like the Plaintiffs here, signed at-will employment agreements, as well as employee handbooks that confirmed their at-will status.  The Texas plaintiffs all claimed that promises of extended employment were made to them both before and after they signed those agreements, but the court held that those promises, even assuming that they were made, were not sufficient to overcome the written agreements.  The court's reasoning was not predicated on any facts peculiar to the Texas cases, and its reasoning applies equally here.

The Texas court also agreed with the Campaign's arguments that the Campaign is not a covered "enterprise," nor were any of the plaintiffs covered individuals, within the meaning of the FLSA.  The Texas plaintiffs had argued, as have Plaintiffs in this case, that the Campaign's distribution of campaign merchandise (t-shirts, bumper stickers, and so forth) was "commercial" activity that brought the Campaign within the scope of the FLSA, but the Texas court rejected that argument for the reasons that the Campaign presented both there and in this Court.  The Texas court rejected the argument for individual coverage on the ground that any interstate activity by those plaintiffs was incidental.

The common-law claims in *Snow*, *Jefferson*, and *Hamilton* were decided under Texas law, but the relevant principles on which the court there relied do not differ materially under New York law, as explained in the Campaign's pending Motion to Dismiss.

The docket entries reflecting the court's entry of summary judgment in each of the cases are attached as Exhibit A, and the memorandum opinions and orders are attached as Exhibit B.

| | |
|---|---|
| Dated: May 17, 2021<br>New York, New York | PROSKAUER ROSE LLP<br><br>/s/ *Elise M. Bloom*<br>Elise M. Bloom<br>Rachel S. Philion<br>Pinchos N. Goldberg<br>Allison L. Martin<br><br>Eleven Times Square<br>New York, New York 10036<br>(T)  212.969.3000<br>ebloom@proskauer.com<br>rphilion@proskauer.com<br>pgoldberg@proskauer.com<br>amartin@proskauer.com<br><br>PROSKAUER ROSE LLP<br>Mark W. Batten (admitted *pro hac vice*)<br>One International Place<br>Boston, Massachusetts 02110<br>(T)  617.526.9850<br>mbatten@proskauer.com<br><br>VENABLE LLP<br>Nicholas M. Reiter<br>1270 Avenue of the Americas, 24th Floor<br>New York, New York 10020<br>(T)  212.307.5500<br>nmreiter@venable.com<br><br>*Attorneys for Defendant*<br>MIKE BLOOMBERG 2020, INC. |