# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr>
<td>

DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,

<br>

Plaintiffs,

<br>

v.

<br>

MIKE BLOOMBERG 2020, INC.,

<br>

Defendant.

</td>
<td>

No. 20 Civ. 2489 (LTS) (GWG)

</td>
</tr>
</table>

## PLAINTIFFS' RESPONSE TO DEFENANDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 187]

Plaintiffs submit this response to Defendant's Notice of Supplemental Authority opinions rendered in three individual cases under Texas law, styled *Gregory Snow v. Mike Bloomberg 2020 Inc.*, No. 4:20-cv-00490-BP; *Argunda Jefferson v. Mike Bloomberg 2020 Inc.*, No. 4:20-cv-00489-BP, and *Melinda Hamilton v. Mike Bloomberg 2020 Inc.*, No, 4:20-cv-00488-BP (collectively, "Texas Cases.")  The court in the Texas Cases granted the defendant's motions for summary judgment.  Now, Defendant seeks to utilize these decisions, which are identical, as supplemental authority for its pending Partial Motion to Dismiss.  ECF No. 110.

As a threshold matter, Defendant seeks to have the court consider decisions rendered in motions for summary judgment as persuasive authority in ruling on their partial motion to dismiss.  When evaluating a motion for summary judgment, courts consider the sufficiency of the evidence on the record following completion of discovery.  By contrast, when evaluating a motion to dismiss, courts only look at whether the plaintiff has pled sufficient facts that, if true, would establish liability against the defendant and should only consider information contained within the four corners of the complaint.  ECF No. 133 at 4-5.  The parties in the Texas Cases had the benefit of full discovery prior to summary judgment briefing, and submitted lengthy evidentiary appendices in connection with the briefing.  In deciding the motions for summary judgment, the Texas court relied on evidence submitted by the parties, including the fact that there was a purported written at-will employment agreement that it found was not modified by any subsequent contract, as well as a signed employee handbook in which the plaintiffs affirmed their respective statuses as at-will employees.  ECF No. 187-2 at pp. 2, 22, 40.  In contrast, here, Plaintiffs have repeatedly maintained in their brief opposing the Campaign's Partial Motion to Dismiss as well as Plaintiffs' Responses to Defendant's Notices of Supplemental Authority ("NSAs") that reliance on such evidence is categorically improper at the motion to dismiss

phase.  *See* ECF No. 133 at 7 n.1; ECF No. 163; ECF No. 184.

In addition, the decisions rendered in the Texas Cases have no binding or persuasive effect on the claims at issue in the instant case because these decisions address claims made under Texas law, unlike the instant case which involves promissory estoppel and fraudulent inducement claims under New York law (as well as unpaid wage claims under state and federal laws).  There are significant differences between Texas and New York law relating to the promissory estoppel and fraudulent inducement claims.  For example, the court in the Texas Cases dismissed the plaintiffs' promissory estoppel claims because "Texas law clearly forecloses [plaintiff's] alternative claim under a promissory estoppel theory."  ECF No. 187-2 at pp. 11, 29, 47.  As noted in Plaintiffs' prior briefing and submissions, unlike Texas law, New York law allows for promissory estoppel claims in the employment context as many courts in the Second Circuit have recognized.  *See* ECF No. 133 at 18 & n.4; ECF No. 163 at 3; ECF No. 180; ECF No. 184 at 3.  Moreover, New York law also recognizes fraudulent inducement claims in the employment context.  ECF No. 133 at 7-9.

Defendant has previously taken the position to this Court that decisions rendered in Texas are distinguishable because they "involve the application of Texas law," which Plaintiffs have not asserted here.  ECF No. 149.  Now, Defendant seeks to have the Court consider a decision rendered in Texas, which interprets Texas law.

The Texas court's analysis of the FLSA claims also does not aid Defendant's cause, for several reasons.  First, the court erroneously relied upon the decision in *Johnson v. Trump for President, Inc.*, No. 19 Civ. 475, 2019 WL 2492122 (M.D. Fla. June 14, 2019) for the proposition that FLSA "enterprise coverage does not apply to political campaigns."  ECF No. 187-2 at p. 18, 36, 54.  As Plaintiffs already explained in their opposition to Defendant's Partial Motion to

Dismiss, the court in *Johnson* did not hold as a matter of law that political campaigns cannot be covered by the FLSA.  ECF No. 133, at 27.  Rather, it was limited to a finding that the specific allegations in the complaint regarding enterprise coverage were insufficient, and therefore dismissed with leave to amend.  *See id*; *Johnson*, 2019 WL 2492122 at *6.  To the extent the Texas court relied on *Johnson* to conclude that political campaigns are not covered by the FLSA, that reliance is misplaced.

Second, the Texas court improperly created a new standard, unsupported by caselaw, that a company must "derive the bulk of its income from operating commercial businesses" in order for enterprise coverage to apply.  ECF No. 187-2 at 18, 36, 55.  Support for this standard can be found nowhere in the FLSA.  Furthermore, it is inconsistent with interpreting regulations and Supreme Court precedent explaining that an entity operates with "a business purpose" when it "engage[s] in ordinary commercial activities" or "serve[s] the general public in competition with ordinary commercial enterprises."  *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. at 290, 297-99 (1985) (citing 29 C.F.R. § 779.214); Pls.' Opp. at 26 (citing same).  Under this (correct) standard, Plaintiffs have alleged more than adequate facts to show that Defendant operated with a business purpose.  *See* Pls.' Second Amended Complaint ("SAC") at ¶ ¶¶ 184, 186-88, ¶¶ 192-200.

Third, the Texas court also accepted the Defendant's argument, without any analysis, that an FEC regulation on how campaign funds should be tracked and reported is dispositive of the analysis under the FLSA that a company is engaged in commercial activity exceeding $500,000. This ruling, without any case or record support, would establish as a matter of law that any political campaign cannot be covered.  This conclusion cannot be squared with the FLSA's broad remedial purpose, that courts regularly conclude that nonprofits are covered by the FLSA, and that Congress

specifically listed the exemptions to coverage in the statute.  *See* ECF No. 133 at 25-26.

Finally, Plaintiffs' complaint alleges facts supporting the elements of enterprise and individual FLSA coverage that are more robust than those the Texas court found to be lacking. *See* ECF No. 86 (Second Amended Complaint) ¶¶ 186-88 (alleging that the Campaign is an enterprise covered by the FLSA because it engaged in commercial activities, used the instrumentalities of interstate commerce, and had sales of products exceeding $500,000), ¶¶ 192-200 (the Campaign competed in a commercial marketplace for political campaign merchandise and merchandise marketed to individuals who disfavored President Trump), ¶ 184 (that the Campaign "did not operate with any charitable, educational, or religious purpose"), ¶¶ 68-79, 209 (allegations showing Plaintiffs performed interstate work regularly).  For the reasons set forth in Plaintiffs' opposition brief, these allegations are sufficient to show that Defendant is a covered entity under the FLSA and that Plaintiffs and other Field Officers are covered individuals.

Thus, for these reasons, the Court should disregard the decision in Texas Cases in its evaluation of Defendant's Partial Motion to Dismiss.

Dated: New York, NY
       May 20, 2021

Respectfully submitted,

*s/Michael Palitz*
Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Justin M. Swartz
Deirdre A. Aaron
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000

Facsimile: 646-509-2060
jms@outtengolden.com
daaron@outtengolden.com
mdanna@outtengolden.com

Hannah Cole-Chu
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Gregg I. Shavitz
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*to apply for *pro hac vice* admission