IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,<br><br>                      Plaintiffs,<br><br>   v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                      Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby submit this Notice regarding a recent order from the Massachusetts Superior Court in *Fontaine v. Mike Bloomberg 2020, Inc.*, Civil Action No. 2020-01192 (Mass. Super. July 1, 2021) (attached as Exhibit 1), and a recent summary judgment decision in *Dobrosmylov v. DeSales Media Group, Inc.*, No. 19 Civ. 5122, 2021 WL 2779303 (E.D.N.Y. July 2, 2021) (Cogan, J.). These recent orders support Plaintiffs' Opposition to Defendant's Partial Motion to Dismiss the Second Amended Complaint, ECF No. 133 ("Pls.' Opp. Br.").

The plaintiffs in *Fontaine*—former employees of Defendant Mike Bloomberg 2020, Inc. ("the Campaign")—bring promissory estoppel and breach of contract claims under Massachusetts common law based on substantially similar facts as those alleged by Plaintiffs here. The elements of promissory estoppel claims under Massachusetts and New York law are similar. As here, the Campaign moved to dismiss the plaintiffs' claims by arguing, among other things, that their purported written employment agreements with the Campaign foreclosed their promissory estoppel claims under state law. *See* Ex. 1 at 9. The court rejected the Campaign's argument and denied the motion to dismiss the promissory estoppel claims. *See id.* at 9-11.

Significantly, the court rejected the Campaign's request to consider evidence outside of the plaintiffs' complaint in considering the motion to dismiss. As part of its motion to dismiss, the Campaign attached documents including the plaintiffs' purported offer letters and confidentiality agreements, and an employee handbook. *See id.* at 7. In declining to consider that evidence, the court found that because "plaintiffs neither attached these documents to their complaint nor relied on [them] in framing their complaint, the court cannot rely on them without converting [the motion to dismiss] to a motion for summary judgment." *Id.* at 8. Similarly, in this case, the Campaign has put forth purported employment agreements and a handbook in support of its motion to dismiss, and Plaintiffs maintain that it is improper for the Campaign to enter evidence that

Plaintiffs neither reference in their complaint nor are integral to their complaint.  *See* Pls.' Opp. Br. (ECF No. 133) at 7 n.1.  The court's decision in *Fontaine* lends further support to Plaintiffs' argument that extrinsic evidence beyond the complaint should not be considered at this stage.

In *Dobrosmylov*, the court denied the defendant employer's motion for summary judgment on the issue of whether the plaintiff had established enterprise coverage under the FLSA based on facts analogous to those here.  The defendant argued—as the Campaign does here—that (1) it lacked a business purpose and (2) its status under the tax code exempted it from the FLSA.  The court rejected both arguments.  2021 WL 2779303, at *1-3.

First, the court applied the Second Circuit's straightforward test and stated that a corporation engages in "ordinary commercial activities" when it "serve[s] the general public in competition with ordinary commercial enterprises."  *Id.* at *2 (quoting *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. 2009) and *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 297, 299 (1985)).  The court found that there was a genuine issue of fact warranting denial of summary judgment because the defendant "competes with other news organizations for viewers."  *Id.* at *2.  Here, Plaintiffs have alleged that the Campaign sold approximately $890,000 in merchandise through its online store and competed with other commercial sellers of similar products, including Zazzle and TeePublic.  *See* Sec. Am. Compl. (ECF No. 86) ¶¶ 186-210.

Second, the court stated that while a 501(c)(3) entity may be defined under the tax code to be "operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes"—i.e., a non-commercial purpose—"when that corporation enters the marketplace and competes with commercial enterprises, it must follow the FLSA."  *Id.* at *3 (internal citation omitted).  Here, while the Campaign has argued that its status as "a tax-exempt, nonprofit political advocacy organization" exempts it from the FLSA, *see* ECF No. 111 at 2,

Plaintiffs have alleged that it engaged in selling of merchandise in the marketplace in competition with other sellers. Faced with a similar record after discovery, the *Dobrosmylov* court denied the defendant's summary judgment motion.

Dated: July 16, 2021

Respectfully submitted,
 /s/ *Deirdre Aaron*
Justin M. Swartz
Deirdre A. Aaron
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
daaron@outtengolden.com
mdanna@outtengolden.com

Hannah Cole-Chu
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com

tgivens@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*to apply for *pro hac vice* admission