UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>　　　　　　　　　　Defendant. | 20 Civ. 2489 (LTS)(GWG) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") hereby submits this response to Plaintiffs' "Notice of Supplemental Authority." Dkt. No. 194. Neither of the matters Plaintiffs bring to the Court's attention has any relevant bearing on the pending motion.

1.	The first decision to which Plaintiffs refer, *Fontaine v. Mike Bloomberg 2020, Inc.*, Civil Action No. 2020-01192 (Mass. Super. July 1, 2021), is pending in Massachusetts state court, not in a federal court that applies the Federal Rules of Civil Procedure. The Massachusetts court's decision not to consider plaintiffs' at-will agreements applies a different standard than applies in this Court, citing Massachusetts state cases to hold that a Massachusetts court on a motion to dismiss may consider only "factual allegations contained within the complaint or within attached exhibits." Mem. at 7 (quoting *Eigerman v. Putnam Invs., Inc.*, 450 Mass. 281, 285 n.6 (2007)). This Court, by contrast, may consider employment documents "neither attached to nor incorporated by explicit reference into the Complaint" where the claim is "based entirely on [plaintiff's] employment relationship with [defendant]." *Hamzaraj v. ABM Janitorial Ne. Inc.*, No. 15 Civ. 2030 (ER), 2016 WL 3571387, at *1 n.2 (S.D.N.Y. June 27, 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (reasoning that the rule

limiting documents to be considered on a Rule 12(b)(6) motion without conversion to a summary judgment motion is based on the plaintiff's "lack of notice that the material may be considered," and permits consideration of documents "integral to the Amended Complaint").

In any case, as explained in the Campaign's reply memorandum supporting its motion to dismiss (Dkt. No. 142), the Plaintiffs here do not contest that they were at-will employees; they assert no claim for breach of contract, but merely for promissory estoppel and fraudulent inducement.  *See id.* at 7.  Their claims accordingly fail with or without consideration of their multiple signed acknowledgements that their employment was at will.  *See id*. at 7-8.  In *Fontaine*, the plaintiffs allege that they were not at-will employees, and sue for breach of a contract to employ them for a fixed period.

2. Plaintiffs' citation to *Dobrosmylov v. DeSales Media Group, Inc*., No. 19 Civ. 5122 (BMC), 2021 WL 2779303 (E.D.N.Y. July 2, 2021), continues their straw-man effort to attack an argument that the Campaign does not make.  *Dobrosmylov* holds, unremarkably, that a non-profit engaged in "commercial" activity "in competition with ordinary commercial enterprises" – there, the sale of advertising – can be subject to the Fair Labor Standards Act.  *Id.* at *2.  That has been the law for more than 35 years, as the Campaign expressly acknowledged in its original brief on its motion to dismiss.  *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985).  Plaintiffs continue to ignore the Campaign's actual argument here, which is that political contributions made in exchange for campaign merchandise "are not received in the ordinary course of any trade or business," 26 U.S.C. §527(c)(3), and therefore are not commercial sales under the FLSA *as a matter of law*.  *See* Dkt. No. 142 at 1-4.

*Dobrosmylov* accordingly is entirely compatible with the Campaign's position, and offers no support to Plaintiffs.  The court there recognized that a non-profit organization "is not an

[FLSA-covered] enterprise merely because it receives income"; the question rather is to what extent the income arises because the organization "enters the marketplace and competes with commercial enterprises." 2021 WL 2779303, at *3. The employer in *Dobrosmylov* did so: it produced a "nightly newscast," distributed through cable television providers, covering the Catholic Church as well as "secular news." *Id.* at *2. It thereby "compete[d] with other news organizations for viewers"; it also solicited advertisers in competition with other media. *Id.* Here, by contrast, the only activity at issue is the collection of political contributions in exchange for merchandise, which Congress has declared as a matter of law not to be commercial income.

For these reasons, neither of the decisions Plaintiffs cite has any bearing on the issues before the Court on the Campaign's motion to dismiss.

Dated: July 19, 2021
       New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP
*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com
amartin@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor

- 4 -

    New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

- 4 -