IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, <br><br> Plaintiffs, <br><br>    v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR EQUITABLE TOLLING</u>**

## **INTRODUCTION**

In this conditionally certified Fair Labor Standards Act ("FLSA") collective action, the claims of every potential opt-in Plaintiff are at risk of expiring entirely, absent action by the Court. Equitable tolling is necessary to preserve the FLSA claims of hundreds of potential opt-in Plaintiffs who have not yet received notice of this action or had the opportunity to join, because their claims are weeks away from being extinguished by the two-year statute of limitations.

Nearly 15 months ago, on September 3, 2020, Magistrate Judge Gorenstein authorized notice to potential opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b). ECF No. 148. At that time, had notice been distributed, every potential opt-in Plaintiff would have had the opportunity to join this case without any risk of an impending statute of limitations deadline. However, because the Campaign's objections to that Order still remain pending before the Court, notice has not yet issued. Plaintiffs therefore now respectfully request that the Court equitably toll the FLSA claims of potential opt-in Plaintiffs for the period of time that the Campaign's objections have been pending, through the date the Court resolves those objections. As discussed below, tolling is appropriate because Plaintiffs have acted diligently and extraordinary circumstances outside their control have impacted potential opt-in Plaintiffs' ability to receive notice and join this case.

## **PROCEDURAL HISTORY**

Plaintiffs promptly initiated this lawsuit on March 23, 2020, following termination of their employment by the Campaign earlier that same month. ECF No. 1. Plaintiffs, opt-in Plaintiffs, and potential opt-in Plaintiffs are primarily field organizers who worked for Defendant Mike Bloomberg 2020, Inc. ("the Campaign") for approximately three to four months, from late 2019 through March 2020. ECF No. 86 (Sec. Am. Compl.) ¶¶ 2, 41. To preserve the FLSA claims of potential opt-in Plaintiffs, Plaintiffs also moved very quickly—within a week of filing

1

the case—to request Court authorization to send notice to potential opt-in Plaintiffs, on March 31, 2020.  ECF Nos. 32-33.

Magistrate Judge Gorenstein granted Plaintiffs' second motion for conditional certification on September 3, 2020—nearly 15 months ago—authorizing notice to putative opt-in Plaintiffs regarding their FLSA claims and how to act on those rights by joining this litigation.  ECF No. 148.  The Campaign previously moved to dismiss Plaintiffs' FLSA claims in June 2020, and that motion has been fully briefed and pending for nearly 16 months.  ECF Nos. 110-111, 133, 142.  Shortly after Magistrate Judge Gorenstein's Order granting conditional certification, the Campaign also filed objections and requested a stay of notice pending the outcome of the motion to dismiss.  ECF No. 151.  Those objections have been fully briefed since October 7, 2020 and pending for almost 14 months.  ECF Nos. 155, 160.

## ARGUMENT

Courts "may toll the limitations period in an FLSA case to avoid inequitable circumstances."  *Reyes v. NY F&B Servs. LLC*, No. 15 Civ. 2882, 2016 WL 796859, at *5 (S.D.N.Y. Feb. 22, 2016) (Swain, J.) (quoting *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014)).  Courts within this Circuit regularly grant equitable tolling during the pendency of conditional certification motions because it is "consistent with the FLSA's remedial nature."  *Duran v. R&L Interior Renovations & Const. Corp.*, No. 20 Civ. 9344, 2021 WL 4847074, at *4-5 (S.D.N.Y. Oct. 18, 2021) (granting tolling where motion was pending for seven months); *see also, e.g.*, *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, No. 20 Civ. 421, 2021 WL 4502479, at *7 (E.D.N.Y. Sept. 30, 2021) (same, for period of five months); *Chui v. Am. Yuexianggui of LI LLC*, No. 18 Civ. 5091, 2020 WL 3618892, at *10 (E.D.N.Y. July 2, 2020) (same, where motion was filed a year period to order, "[g]iven the length of time that has

2

passed since the instant motion was filed"); *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 355-56 (S.D.N.Y. 2017) (seven months); *Reyes*, 2016 WL 796859, at *5 (same, where motion was filed six months prior to order); *Jackson*, 298 F.R.D. at 170 (seven months).

Equitable tolling may be granted where (1) "the plaintiffs have acted with reasonable diligence in pursuing their claims" and (2) "the circumstances are extraordinary enough to warrant equitable relief." *Reyes*, 2016 WL 796859, at *5 (quoting *Jackson*, 298 F.R.D. at 170). Both factors are satisfied here.

### A. Plaintiffs Have Diligently Pursued Their Claims and Protected the Rights of Potential Opt-In Plaintiffs.

Plaintiffs have acted diligently to pursue and protect potential opt-in Plaintiffs' FLSA claims. First, Plaintiffs promptly filed this action within days of their employment being terminated by the Campaign. Next, Plaintiffs promptly sought court authorization to distribute a notice of this action to potential opt-in Plaintiffs under Section 216(b) of the FLSA, *years* before any potential statute of limitations issue could arise. Following Magistrate Judge Gorenstein's Order authorizing that notice, Plaintiffs then promptly began to confer with the Campaign regarding the contents of the notice, even as the Campaign sought to stay notice pending the outcome of its Motion to Dismiss. Now, as the potential opt-in Plaintiffs' claims are increasingly at risk of expiring under the two-year FLSA statute of limitations,[1] Plaintiffs have again acted with diligence—before any claims expire—to seek tolling for potential opt-in Plaintiffs. Courts—including this Court in a prior decision—find that similar efforts by the named Plaintiffs demonstrate the diligence required to satisfy this element. *See Reyes*, 2016 WL

---

[1] The statute of limitations for claims brought under the FLSA is two years, though Plaintiffs will argue that a three-year statute of limitations will ultimately apply, due to the Campaign's willful violations of the FLSA. 29 U.S.C. § 255(a).

3

796859, at *5; *see also, e.g.*, *Aleman-Valdivia*, 2021 WL 4502479, at *7 (finding that the named plaintiff was "diligent in moving for conditional certification"). Accordingly, Plaintiffs more than adequately satisfy this requirement.

> **B.    This Case Presents Extraordinary Circumstances Warranting Tolling.**

"[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (citation omitted). Accordingly, as cited above, courts routinely allow for tolling during the pendency of a motion for conditional certification. *See, e.g.*, *Reyes*, 2016 WL 796859, at *5.

First, the circumstances here are particularly dire. Because potential opt-in Plaintiffs worked for the Campaign for a relatively short period of time—from late 2019 through March 2020—there is a significant risk that, absent tolling, *every* potential opt-in Plaintiffs' claims will *entirely* expire under the two-year statute of limitations in just a few months. This is through no fault of Plaintiffs or the potential opt-in Plaintiffs, but is instead entirely a consequence of the Court's heavy docket. While the time required for the Court to rule on a motion might not ordinarily justify tolling in a typical case, here the situation is outside the norm because the length of time that the Court's decision on the Campaign's objections and stay of notice has been pending—approximately 14 months—risks wiping out all potential opt-in Plaintiffs' claims. Allowing the two-year statute of limitations period to expire is a particularly unfair and prejudicial result here, given that, unlike with a pending certification motion, the Court has already conditionally certified the collective and authorized notice to be disseminated, but notice has been delayed by the Campaign's objections and request for a stay.

4

"The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (quotations and citations omitted). In this case, where unforeseen circumstances beyond the control of the potential opt-in Plaintiffs endangers their rights, that flexibility is their only lifeline "to avoid inequitable circumstances." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (quoting *McGlone*, 867 F. Supp. 2d at 445).

Second, courts routinely grant equitable tolling based on the length of time that a motion for notice has been pending alone, even where the statute of limitations period was not at risk of foreclosing all opt-ins' claims. *See, e.g.*, *Reyes*, 2016 WL 796859, at *5 (granting tolling after motion pending less than a year); *Duran*, 2021 WL 4847074, at *4-5 (same after seven months). Here, the Court authorized a FLSA notice nearly 15 months ago, and the Campaign's objections have been pending for nearly as long, which is far longer than that found to justify tolling in other cases, including by this Court in *Reyes*.

Third, equitable tolling for potential opt-in Plaintiffs is still necessary even if the Court rules on the Campaign's objections in the coming weeks because the time required for Plaintiffs to retain a notice administrator, for the parties to resolve any remaining disputes as to the contents of the notice, for the Campaign to provide the administrator with contact information for potential opt-in Plaintiffs, for the notice administrator to update those addresses, for the notice to be distributed, and for potential opt-in Plaintiffs to receive that notice and return consent-to-join forms may still result in at least a portion if not all of potential opt-in Plaintiffs' claims being extinguished by the two-year statute of limitations.

     **C.**     **The Requested Tolling Period Is Appropriate.**

Plaintiffs request tolling for the period from October 7, 2020 (*i.e.*, the date on which the Campaign's objections became fully ripe for the Court's review) through the date that the Court rules on the Campaign's objections. This tolling period is narrowly drawn to address the extraordinary circumstances present here. The beginning of the tolling period conservatively reflects the period of time for which potential opt-in Plaintiffs' are unquestionably impacted by the pendency of the Campaign's objections. Had notice issued in due course following Magistrate Judge Gorenstein's Order granting Plaintiffs' 216(b) motion, none of the potential opt-in Plaintiffs would have been at risk of having their claims diminish or expire. While some courts begin tolling on the date a conditional certification motion was filed, or the date the complaint was filed, here Plaintiffs seek only the period of time that their FLSA notice has been delayed while the Campaign's objections are pending.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for equitable tolling until the date the Court resolves the Campaign's objections to the Magistrate Judge's Order authorizing Section 216(b) notice should be granted.

Dated: November 23, 2021  
       New York, NY

Respectfully submitted,

  /s/ Deirdre Aaron  
Justin M. Swartz  
Deirdre A. Aaron  
Michael C. Danna  
**OUTTEN & GOLDEN LLP**  
685 Third Avenue, 25th Floor  
New York, NY 10017  
Telephone: 212-245-1000  
Facsimile: 646-509-2060  
jms@outtengolden.com  
daaron@outtengolden.com  
mdanna@outtengolden.com

6

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*Admitted *pro hac vice*