**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Pursuant to the Court's September 3, 2020 Order ("Order"), ECF No. 148 at 12 n.4, the parties write jointly to bring to the Court's attention certain disagreements regarding the contents of the Fair Labor Standards Act ("FLSA") notice ("Notice").  Following the Court's Order, the parties conferred by email and by phone in a good faith effort to resolve any disagreements regarding the contents of the Notice, including exchanging several drafts of the Notice.  The parties were able to narrow the points of dispute to those items described herein.  For the Court's convenience, Plaintiffs' proposed Notice is attached as Exhibit 1, Defendant's proposed Notice is attached as Exhibit 2, and a redline version showing the differences is attached as Exhibit 3.[1]

## PLAINTIFFS' POSITION

**I.    Notice Contents**

      Plaintiffs request that the Court adopt Plaintiffs' proposed Notice on each of the six points below.  With respect to each issue, Plaintiffs believe that their proposed language ensures that the Notice will be clear and will provide the information necessary for potential opt-in Plaintiffs to make an informed decision regarding their right to join this case.  In approving notices, courts "consider the overarching policies of the collective suit provisions," *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007), which are "to inform as many potential plaintiffs as possible of the collective action and their right to opt-in," *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013), and effectuate the "broad remedial purpose of the [FLSA]," *Braunstein v. E. Photographic Labs. Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).  A court should not alter a plaintiff's proposed notice "unless such alteration is necessary." *Heitman v. City of Chicago*, No. 04 Civ. 3304, 2004 WL 1718420, at *3 (N.D. Ill. June 30, 2004) (quoting *King v. ITT Continental Baking Co.*, No. 84 Civ. 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986)).

      **Court Authorization**.  Plaintiffs' proposed Notice clearly informs potential opt-in Plaintiffs that the Notice has been authorized by this Court.  *See* Ex. 1 (Pls.' Notice) at 1.  This information will ensure that potential opt-in Plaintiffs do not confuse the Notice with junk mail

---

[1]    Defendant has raised no disagreements regarding Plaintiffs' proposed methods of distribution for the Notice, ECF No. 63-1 (Proposed Order) ¶ 3 (describing distribution).

1

and instead recognize that it is an important mailing regarding their legal rights.[2]  Inclusion of such language is routine and accords with the Federal Judicial Center's example notice.[3]  During the meet-and-confer process, Plaintiffs proposed either a sentence stating "a court authorized this notice" or, alternatively, a header stating "Court-Authorized Notice of Lawsuit" at the top of the first page.  Defendant rejected both proposals and argued that including this routine language implies that the Court has endorsed the lawsuit.  Plaintiffs are aware of no support for Defendant's claim, and Defendant cites none here.  Because this information is important to explaining to potential opt-in Plaintiffs why they are receiving the Notice, Plaintiffs believe it should be included.

**Information Regarding Other Claims**.  Plaintiffs' proposed Notice provides clear, neutral information to inform potential opt-in Plaintiffs that, while there are other claims in this case, the Notice concerns only the FLSA claims in this action.  This case uniquely involves both FLSA overtime claims and distinct class common law claims stemming from Defendant's termination of its field staff.  These common law claims in particular have attracted significant media attention.[4]  Potential opt-in Plaintiffs are therefore likely to be confused about whether and how this Notice relates to those common law claims and whether their decision to affirmatively opt into this case will impact their status as absent class members for the common law claims.  For example, a potential opt-in Plaintiff is likely to be confused as to whether her choice not to submit a Consent to Join form means she cannot be a class member for the common law claims.  To preempt such confusion, Plaintiffs believe the Notice should clearly inform potential opt-in Plaintiffs that, while there are other claims in this lawsuit, the Notice concerns only their FLSA rights.  *See* Ex. 1 (Pls.' Notice) at 1, 3.  Defendant argued in the meet-and-confer process that this amounts to "advertising," and now argues such references are "improper."  However, Defendant's cited cases are inapposite.  *See Keawsri v. Ramen-Ya Inc.*, No. 17 Civ. 2406, 2018 WL 279756, at *7 (S.D.N.Y. Jan. 2, 2018) (NYLL references "superfluous"); *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) (references "apt to confuse" where notice stated it concerned "opportunity to join a lawsuit asserting violations of the [FLSA] and New York Labor Laws," *see* No. 15 Civ. 7423, ECF No. 32-4).  While such language may have confused individuals, Plaintiffs' proposed Notice describes the other claims

---

[2] *Judges' Class Action Notice & Claims Process Checklist & Plain Language Guide* ("Notice Guide") at 5, Fed. Judicial Ctr. (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

[3] *See Employment Discrimination Class Action Notice* ("FJC Notice") at 1, Fed. Jud. Ctr., https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf ("A court authorized this notice.").  Courts in this District have relied on the Model Notice when considering what information should be disseminated to potential collective members in FLSA cases, and the Court should do so here.  *See, e.g., Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 212 (E.D.N.Y. 2015) (rejecting "addition of content that is absent from the FJC's model notices"); *Zhirzhan v. AGL Indus., Inc.*, No. 14 Civ. 7567, 2015 WL 13742429, at *6 (E.D.N.Y. Sept. 15, 2015) (approving plaintiff's notice, in part because it mirrored FJC models); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2010 WL 5508296, at *2 (S.D.N.Y. Dec. 22, 2010) (same).

[4] *See, e.g.*, Rebecca Ruiz, *Ex-Field Organizers Sue Bloomberg Campaign, Claiming They Were Misled*, N.Y. Times (Mar. 23, 2020), https://www.nytimes.com/2020/03/23/us/politics/bloomberg-employee-lawsuit.html.

only to ensure that individuals understand the specific consequences of their decision whether to opt in for their FLSA claims.  Other courts in this Circuit find that references to other claims can be appropriate and relevant.  *See, e.g.*, *Hilaire v. Underwest Westside Operating Corp.*, No. 19 Civ. 3169, 2020 WL 774133, at *7 (S.D.N.Y. Feb. 17, 2020) ("The Court finds that failing to refer to the state claims at all in this instance could itself be confusing, because the omission would not apprise potential opt-in plaintiffs of the full scope of what the lawsuit claims and what they would be opting into."); *Zai You Zhu v. Pmeo Japanese Grill & Sushi Inc.*, No. 17 Civ. 3521, 2018 WL 6531592, at *1 (E.D.N.Y. Dec. 11, 2018) (state law references "appropriate").

**Summary Table of Legal Options**.  As is routine in class and collective action notices and featured in the Federal Judicial Center's model notice,[5] Plaintiffs' proposed Notice includes a summary table on the first page informing potential opt-in Plaintiffs of their options and the consequences for each.  *See* Ex. 1 (Pls.' Notice) at 1.  A summary table ensures that potential opt-in Plaintiffs are able to quickly and easily access the most important information about their decision, and should be included.  Defendant argues only that there is "no need," but provides no explanation for why it should be deleted from Plaintiffs' proposed Notice.

**Failure to Submit Timely Form.**  Plaintiffs' proposed Notice correctly states that the failure to submit a Consent to Join Form by the deadline will mean that the individual will not participate in the lawsuit, will not share in a monetary recovery, and will not be bound by a settlement or judgment.  Defendant's concern that this is "inaccurate" is misplaced; the Notice is appropriately silent on the potential monetary recoveries from hypothetical other individual suits that Defendant describes.

**Statute of Limitations**.  Plaintiffs' proposed Notice informs potential opt-in Plaintiffs that a two-year statute of limitations will continue to run if they choose not to join this action.  As Plaintiffs recently highlighted in their Motion for Equitable Tolling, ECF Nos. 200-201, potential opt-in Plaintiffs' claims will begin to expire in the coming weeks.  In order to provide accurate information in the Notice for potential opt-in Plaintiffs to make an informed decision on whether to join this case, this information should be included in the summary table on the first page, as well as in Paragraph 7, which answers "What happens if I do nothing at all?"  There is no legitimate basis to exclude such information, and given the imminent expiration of opt-in Plaintiffs' statute of limitations, and excluding it may result in individuals' claims expiring without their knowing.  The Notice appropriately contains information regarding the consequences of not opting in, and the existence of a statute of limitations is an importance piece of that, as potential opt-in Plaintiffs who choose not to opt in or otherwise assert their claims face the risk of never being able to assert their claims.  Defendant draws an arbitrary line between the information regarding the other consequences of not opting in and this information about the statute of limitations—not objecting to the former, but calling the latter "legal advice."  Indeed, Defendant offers no explanation or support for why the information should not be included. Instead, Defendant focuses entirely on its forthcoming arguments in opposition to equitable tolling, which are are irrelevant to the information in Plaintiffs' proposed Notice.

---

[5]   *See* FJC Notice at 1 (containing summary table titled "Your Legal Rights And Options In This Lawsuit"); Notice Guide at 8 (first page of the notice should contain a "table of rights").

**Contact Information for Defendant's Counsel**.  Defendant suggests, without explanation, that it is appropriate for potential collective members to contact its lawyers for information about the case.  *See infra*.  Defendant's counsel's contact information should not appear in the notice because it implicates serious ethical concerns and will lead to confusion. Once a court certifies a collective action, individuals who opt in to the lawsuit are represented by plaintiffs' counsel and communications between defense counsel and opt-ins are prohibited by ethics rules.  *Chhab*, 2013 WL 5308004, at *16 (stating that "[o]nly plaintiffs' counsel can potentially represent the individuals to whom the notice is mailed").  Including contact information for defense counsel creates the risk that putative collective members, whose interests are adverse to the defendant's, will contact defense counsel, resulting in collective member confusion, at best, and unethical communications, at worst.  *Agerbrink v. Model Serv. LLC*, No. 14 Civ. 841, 2016 WL 406385, at *6 (S.D.N.Y. Feb. 2, 2016); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 90 (E.D.N.Y. 2008); *see also Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (prohibiting inclusion of defense counsel contact information because it "risks violation of ethical rules"); *Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18 Civ. 550, 2018 WL 5776373, at *7 (D. Colo. Nov. 1, 2018) (same).  Defendant fails to explain what its lawyers could possibly say to a putative collective member who has questions about joining the case while complying with their ethical obligations.  *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) ("The Court is not aware of any reason potential plaintiffs would need to communicate with the defendants' counsel, or vice versa.").

Moreover, defense counsel does not play a role in the distribution of the notice or the gathering of consent forms, so including their contact information "is likely to create confusion rending distribution or collection of consent forms less effective."  *Cabrera v. Stephens*, No. 16 Civ. 3234, 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017); *Gurrieri v. Cty. of Nassau*, No. 16 Civ. 6983, 2019 WL 2233830, at *11 (E.D.N.Y. May 23, 2019).  Defendant argues that courts in this District have permitted the inclusion of defense counsel's contact information in 216(b) notices but, more often than not in such cases, the court summarily approved the request without analysis, and Defendant's cases rely on that faulty line of cases.  *See, e.g.*, *Slamna v. API Rest. Corp.*, No. 12 Civ. 757, 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013) (citing *Cano* and *Gjurovich* for proposition that inclusion of defense counsel's contact information is appropriate); *Cano v. Four M Food Corp.*, No. 08 Civ. 5, 2009 WL 5710143, at *11 (E.D.N.Y. Feb. 3, 2009) (agreeing without analysis that "both counsel's contact information should be included in the notice" and citing *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003), where the issue was not contested and not addressed at all).  In contrast, the cases that have analyzed this question concluded that including defense counsel contact information is inappropriate.  Accordingly, the Court should reject Defendant's request to include its lawyers' contact information in the notice.

## II. Production of Contact Information for Potential Opt-In Plaintiffs

Defendant refuses to produce potential opt-in Plaintiffs' names and contact information while its Objections and Motion to Stay remain pending.  In Defendant's view, the mere request for a stay should result in the notice being stayed, without need for a Court order granting the request.  However, as this Court stated in its November 24, 2021 Order, "there is no stay in effect of the Court's Opinion and Order . . . and thus nothing prevents or has prevented the notices

from being sent." ECF No. 203. Accordingly, Plaintiffs request that the Court require Defendant to produce the information requested in Plaintiffs' FLSA motion, *see* ECF Nos. 63-65, which is necessary to facilitate the distribution of the Notice.[6] Because this Court's September 3, 2020 Order required the parties to confer only on "the form of notice or methods of distribution," and otherwise granted Plaintiffs' FLSA motion, Plaintiffs understand that the Court has already ordered Defendant to produce all requested categories of information. Defendant has expressed no position on production of this information in its Opposition or Objections, *see* ECF Nos. 94, 151, or during the meet-and-confer process regarding notice since the Court's September 3, 2020 Order. During a telephonic conferral on December 3, 2021, however, Defendant informed Plaintiffs of its view that it need not produce this information until after the Court resolves its Objections and Motion to Stay the Court's September 3, 2020 Order. Because this Court has already resolved the question as to whether the Notice can be distributed now, Plaintiffs request that the Court require Defendant to produce the requested information.

## DEFENDANT'S POSITION

I. **Notice Contents**

**Court Authorization**. Given that the proposed notice names the court at the very top, the language stating that "A court authorized this notice" is unnecessary and unduly suggestive, as it implies that the Court is endorsing this action and/or encouraging former employees to join the collective. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").

**Information Regarding Other Claims**. Plaintiffs' attempt to reference their state-law claims in their proposed notice is improper and should be rejected. The purpose of the notice is to inform former employees of the Campaign that they may be eligible to join the collective with respect to the federal FLSA claims asserted in this action. The Court therefore should remove any reference to Plaintiffs' non-FLSA claims, which arise under state law and involve completely distinct facts. *See Keawsri v. Ramen-Ya Inc.*, No. 17-cv-2406 (VEC), 2018 WL 279756, at *7 (S.D.N.Y. Jan. 2, 2018) ("[T]his Court believes the references to state claims may be confusing and are, in any event, superfluous. Accordingly, the Proposed Notice and Consent must be revised to remove the references to the NYLL."); *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) ("[T]he proposed notice's references to the NYLL and to plaintiffs' other non-FLSA claims are apt to confuse potential plaintiffs about the nature of this action…. Therefore, the Court directs plaintiffs to edit the notice so that it refers only to plaintiffs' unpaid overtime claim under the FLSA.").

**Summary Table of Legal Options**. Plaintiffs' proposed "summary table" should be deleted because its only repeats information stated elsewhere in the proposed notice and adds

---

[6] Specifically, Plaintiffs requested "a computer-readable data file containing the names, last known mailing addresses, last known telephone and cellular phone numbers, last known personal email addresses, last four digits of Collective Members' Social Security numbers (for those notices returned undeliverable), and work locations and dates of employment at each location for all Collective Members." ECF No. 63-1 (Proposed Order).

5

nothing. Unlike the model notice cited by Plaintiffs—which is designed to provide notice to a Rule 23 class *after* the Court had certified the class and is 8-pages long—the proposed notice in this case is not lengthy and there is no need to summarize it.

**Implication of Failure to Submit Consent to Join Form**. Plaintiffs' proposed language in response to Question 6 stating that notice recipients will not share in a monetary recovery if they do not timely submit a Consent to Join Form is inaccurate, as it neglects the possibility that recipients may file their own action if they decide not to opt-in to this lawsuit. It also has the effect of pressuring recipients to join the action rather than maintaining strict neutrality on the subject.

**Statute of Limitations**. There is no need to provide legal advice to notice recipients who have not sought counsel (and, as set forth clearly in the notice, can contact Plaintiffs' counsel if they have questions or wish to seek such advice). Additionally, as will be set forth in detail in Defendant's opposition to Plaintiffs' belated motion for equitable tolling, Plaintiffs' purported concerns about the limitations period is overstated for a number of reasons. It is unlikely that the claims of potential opt-in Plaintiffs may expire without them knowing about this action. As Plaintiffs acknowledge, this lawsuit has garnered "significant media attention" since it was filed on March 23, 2020.[7] Plaintiffs and their counsel, moreover, have widely publicized the lawsuit. Outten & Golden LLP and Shavitz Law Group P.A. have featured the lawsuit prominently on their firm websites[8] and also created a separate "Bloomberg Staffers" website encouraging former campaign employees to reach out to them for purposes of this lawsuit.[9] Additionally, evidence produced in discovery shows that Plaintiffs have also reached out *en masse* to their former campaign co-workers, explicitly encouraging them, among other things, to "spread the word" of the lawsuit to other former campaign employees, informing them that they had to "OPT-IN" to the "overtime" portion of the lawsuit, and providing their attorneys' contact information for others to reach out to counsel about joining the lawsuit. To date, more than 200 individuals have filed consents to join the FLSA portion of this action.

It also bears mentioning that Plaintiffs waited approximately twenty-one months after they commenced this action to first seek equitable tolling. Accordingly, to the extent that any potential opt-in Plaintiffs' FLSA claims may run up against an applicable statute of limitations, that is attributable to Plaintiffs' lack of diligence.

**Contact Information for Defendant's Counsel**. As a number of the cases cited by Plaintiffs confirm, courts routinely permit the notice to include the contact information for

---

[7] Contrary to Plaintiff's suggestion, it is not just Plaintiffs' common law claims that have attracted significant media attention. For example, the New York Times article they cite prominently references Plaintiffs' overtime claims in this lawsuit several times.

[8] *See* https://www.outtengolden.com/case/wage-hour/bloomberg-staffers-lawsuit-employment-lawyers-outten-golden-llp; https://shavitzlaw.com/the-bloomberg-2020-campaign-broke-its-promises-withheld-overtime-pay-from-its-field-organizers/.

[9] *See* https://www.bloombergstafferslawsuit.com/. Although Outten & Golden's website contains a link to the "Bloomberg Staffers" website, the link appears to be inactive as of the date of this filing. Nevertheless, a link to the website as it appeared earlier this year is available at: https://web.archive.org/web/20210416232741/https://www.bloombergstafferslawsuit.com/.

defense counsel. *See*, *e.g.*, *Desir v. NYU Langone Health Sys.*, No. 19-cv-8144 (JPC)(SLC), 2020 WL 7631434, at *6 (S.D.N.Y. Oct. 19, 2020), report and recommendation adopted, No. 19-cv-8144 (JPC), 2020 WL 7630623 (S.D.N.Y. Dec. 22, 2020) ("Courts in this Circuit have generally concluded that the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action."); *Moses v. Griffin Indus., LLC*, No. 18-cv-1200 (ALC)(OTW), 2020 WL 5813737, at *4 (S.D.N.Y. Sept. 30, 2020) ("The notice should include contact information for defense counsel."); *Agerbrink v. Model Serv. LLC*, No. 14-cv-7841 (JPO)(JCF), 2016 WL 406385, at *6 (S.D.N.Y. Feb. 2, 2016) ("Inclusion [of defense counsel's contact] information is *routine*.") (emphasis added, citation omitted). There is no merit to Plaintiffs' argument that inclusion of defense counsel's contact information would create confusion or implicate ethical concerns. *See Martinez v. JLM Decorating Inc.*, No. 20-cv-2969 (AJN), 2021 WL 4253395, at *4 (S.D.N.Y. Sept. 17, 2021) ("Although Plaintiffs argue that the inclusion of defense counsel's contact information could lead to confusion, the Court trusts that the parties can draft a notice that makes sufficiently clear which counsel represents which party."); *Agerbrink*, 2016 WL 406385, at *6 (addressing potential ethical concerns by moving defendants' counsel's contact information to different section of the proposed notice).

## II.     Production of Contact Information for Potential Opt-In Plaintiffs

Plaintiff's belated request for the production of contact information for potential opt-in Plaintiffs should be rejected, as producing such information now would moot Defendant's objections to this Court's Order granting collective certification now pending before Judge Swain. Specifically, this Court issued its Order granting Plaintiffs' motion for conditional certification on September 3, 2020 (the "Conditional Certification Order"), and Defendant filed its objections to same and a motion to stay the sending of notice on September 17, 2020. ECF Nos. 148, 151. Although Plaintiffs submitted a proposed order with their motion which would have required Defendant to produce the names and contact information for the potential opt-in Plaintiffs, ECF No. 63-1, the Conditional Certification Order did not adopt Plaintiffs' proposed order or otherwise direct Defendant to produce this information. Instead, it directed the parties to confer on "the form of notice or methods of distribution." ECF No. 148 at 12, n.4. Plaintiffs now claim that they understood the Conditional Certification Order to have required Defendant to produce contact information for the potential opt-in Plaintiffs, but their purported "understanding" is belied by their own inaction. Notably, until this Court observed in an Order issued on November 24, 2021—more than one year after Defendant filed its objections to the Conditional Certification Order—that there is no stay in effect, ECF No. 203, Plaintiffs did not once ask Defendant to produce the names and contact information for the potential opt-in Plaintiffs.

Moreover, and in any event, Defendant respectfully submits that the cases cited in this Court's November 24, 2021 Order are distinguishable, as those cases concerned stays of discovery orders. *See Shim-Larkin v. City of New York*, No. 16-cv-6099 (AJN), 2019 WL 4688703, at *1 (S.D.N.Y. Sept. 25, 2019); *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 359 (W.D.N.Y. 2005). The potential prejudice in that context is limited, as any discovery produced in the interim can be ignored by a court or not presented to a trier of fact if the objections to the stay of discovery are sustained. Here, in contrast, there will be no effective way to "put the toothpaste back in the tube" so to speak, as here notice would be sent to thousands of former employees and could not be undone.

As set forth in Defendant's objections, courts have concluded that it is inappropriate to issue notice while a motion to dismiss is pending.  *See* ECF No. 151 at 8-9 (citing cases); *see also Agarunova v. Stella Orton Home Care Agency, Inc.*, No. 16-cv-638 (MKB), 2019 WL 1114897, at *3 (E.D.N.Y. Mar. 11, 2019) ("[I]t makes little sense to authorize the dissemination of notice of this action only to have Judge Brodie's and/or the Second Circuit's impending decisions potentially foreclose the claims of members of the collective.").  Requiring Defendant to produce contact information to Plaintiffs before Judge Swain rules on the pending motions would empower Plaintiffs unilaterally to moot Defendant's objections to the Conditional Certification Order.  The Court should deny Plaintiffs' request as premature.

Dated: December 10, 2021
      New York, NY

| | |
|---|---|
| */s/ Deirdre Aaron* | */s/ Elise M. Bloom* |
| Justin M. Swartz | Elise M. Bloom |
| Deirdre A. Aaron | Rachel S. Philion |
| Michael C. Danna | Pinchos N. Goldberg |
| **OUTTEN & GOLDEN LLP** | Allison L. Martin |
| 685 Third Avenue, 25th Floor | Eleven Times Square |
| New York, NY 10017 | **PROSKAUER ROSE LLP** |
| Telephone: 212-245-1000 | New York, New York 10036 |
| Facsimile: 646-509-2060 | (T) 212.969.3000 |
| jms@outtengolden.com | ebloom@proskauer.com |
| daaron@outtengolden.com | rphilion@proskauer.com |
| mdanna@outtengolden.com | pgoldberg@proskauer.com |
| | amartin@proskauer.com |
| | |
| Michael Palitz | Mark W. Batten |
| **SHAVITZ LAW GROUP, P.A.** | **PROSKAUER ROSE LLP** |
| 800 3rd Avenue, Suite 2800 | One International Place |
| New York, NY 10022 | Boston, Massachusetts 02110 |
| Telephone: (800) 616-4000 | (T) 617.526.9850 |
| Facsimile: (561) 447-8831 | mbatten@proskauer.com |
| mpalitz@shavitzlaw.com | |
| | |
| Gregg I. Shavitz* | Nicholas M. Reiter |
| Tamra Givens* | **VENABLE LLP** |
| **SHAVITZ LAW GROUP, P.A.** | 1270 Avenue of the Americas, 24th Floor |
| 951 Yamato Road, Suite 285 | New York, New York 10020 |
| Boca Raton, FL 33431 | nmreiter@venable.com |
| Telephone: (561) 447-8888 | |
| Facsimile: (561) 447-8831 | |
| gshavitz@shavitzlaw.com | |
| tgivens@shavitzlaw.com | |
| | |
| ***Attorneys for Plaintiffs, the Collective, and the Putative Classes*** | ***Attorneys for Defendant*** **MIKE BLOOMBERG 2020, INC.** |
| *Admitted *pro hac vice* | |

8