# Exhibit 2

# <u>NOTICE OF LAWSUIT</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**If you were a Field Organizer with Mike Bloomberg 2020
between November 24, 2019 and April 30, 2020, please read this notice
carefully.**

*Your options are explained in this notice. This is not a solicitation from a lawyer.*

- Fifty former Field Organizers and other campaign staffers (called the Plaintiffs) have brought a lawsuit against Mike Bloomberg 2020 (called the Campaign), alleging that the Campaign failed to pay Field Organizers overtime compensation for all hours worked over 40 in a workweek, as required by the federal Fair Labor Standards Act ("FLSA").

- The lawsuit is a collective action on behalf of Field Organizers and similar field jobs who worked for the Bloomberg campaign between November 24, 2019 and the present.

- The Court has not decided who is right and who is wrong, and this notice is not an expression of the Court's opinion as to the merits of the claims or defenses in the case.

## 1. Why did I get this notice?

You are getting this notice because the Campaign's records show that you worked as an exempt Field Organizer between November 24, 2019 and April 30, 2020.

## 2. What is this lawsuit about?

The lawsuit alleges that Field Organizers should have received overtime under the FLSA for the hours they worked over 40 in a workweek because the Campaign improperly classified them as "exempt" from the FLSA's overtime protections. The Campaign denies these allegations and claims that Field Organizers were properly classified as exempt from overtime. The Court has not yet decided who is correct.

The Honorable Laura T. Swain and the Honorable Gabriel W. Gorenstein, judges for the United States District Court in the Southern District of New York, are overseeing the lawsuit. The lawsuit is known as *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489.

## 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more people may bring a lawsuit on behalf of themselves and others who are similarly situated to them. If you complete the attached Consent to Join form and join the case, you will become part of the "Collective." One court resolves the issues for all Collective Members.

**4. Has the Court decided who is right?**

The Court has not decided which side is correct. By authorizing the issuance of this notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

**5. What are the Plaintiffs asking for?**

The Plaintiffs are seeking to recover unpaid overtime and an additional amount as liquidated damages, plus attorneys' fees and costs, for themselves and others who join the case.

**6. How do I ask the Court to include me in the case?**

If you would like to be included in the case, you should fill out and return the enclosed form, called "Consent to Join," by no later than [insert date that is 60 days from mailing of notice]. An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Attn: Bloomberg Campaign Overtime Case**
**[Insert Claims Administrator Address and Contact Information]**

You may also submit an electronic consent form at [insert website address] or by email to [email address].

**If your signed Consent to Join Form is not submitted by [insert DATE], you will not participate in this lawsuit.**

**7. What happens if I do nothing at all?**

If you do nothing (i.e., do not submit the "Consent to Join" form), you will not be a part of the lawsuit. You will not be entitled to share in any amounts recovered by the Plaintiffs for the FLSA claims in this case, and you will not be affected by any decision regarding those claims, whether favorable or unfavorable. You will be free to hire your own lawyer and file your own FLSA lawsuit or not, as you choose.

**8. What happens if I join the lawsuit?**

If you choose to join the Collective (i.e., you submit the "Consent to Join" form), you will be bound by and share in any ruling, settlement, or judgment relating to the FLSA claims, whether favorable or unfavorable. You will be represented by the Plaintiffs and their lawyers, who will make decisions and agreements on your behalf concerning the lawsuit. Decisions made and agreements entered into by the Plaintiffs will be binding on you if you join the lawsuit, including approving any settlement, entering into any agreement with counsel regarding payment of attorneys' fees and costs, and deciding all other matters pertaining to this lawsuit. By joining this lawsuit, you may be asked to search for and produce documents and information about your employment with the Campaign and sit for a deposition.

**9. I think I signed a non-disclosure agreement. Can I still join the lawsuit?**

Yes. Even if you think you signed a document containing language about non-disclosures of confidential information, you may still join this case. Non-disclosure agreements do not limit your ability to vindicate your legal rights.

### 10. Can the Bloomberg campaign and/or my current employer retaliate against me if I join the lawsuit?

No.  It is a violation of federal law for the Bloomberg campaign or any other employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

### 11. Do I have a lawyer in this case?

If you choose to join the lawsuit, you will be represented by the attorneys who represent the Plaintiffs: Outten & Golden LLP and Shavitz Law Group, P.A.  More information about Plaintiffs' counsel is available at www.outtengolden.com and www.shavitzlaw.com, and their contact information is listed in Paragraph 14.

You do not need to hire your own lawyer because the Plaintiffs' attorneys will be working on your behalf.  You may hire your own lawyer at your own expense.

Defendant is represented by the following attorneys:

| | |
|---|---|
| Elise M. Bloom<br>Mark W. Batten<br>Rachel S. Philion<br>Pinchos N. Goldberg<br>Allison L. Martin<br>PROSKAUER ROSE LLP<br>11 Times Square<br>New York, New York 10036<br>(212) 969-3000<br>ebloom@proskauer.com<br>mbatten@proskauer.com<br>rphilion@proskauer.com<br>pgoldberg@proskauer.com<br>amartin@proskauer.com | Nicholas M. Reiter<br>VENABLE LLP<br>1270 Avenue of the Americas, 24th Floor<br>New York, New York 10020<br>(212) 307-5500<br>nmreiter@venable.com |

### 12. How will the Plaintiffs' lawyers be paid?

You will not be required to pay any attorneys' fees or costs out of your own pocket if Plaintiffs prevail.  The Plaintiffs entered into a contingency fee agreement with counsel, which means that if the Plaintiffs do not win, counsel will not charge attorneys' fees or costs to you.  Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will apply to the Court for a portion of any settlement obtained or money judgment entered in favor of the Plaintiffs and the Collective in an amount the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly

rates by the amount of time expended on the lawsuit; or (2) one-third of the gross settlement or judgment amount.  Fees may be part of a settlement obtained or money judgment entered in favor of the Plaintiffs, or may be ordered by the Court to be separately paid by the Bloomberg campaign, or may be a combination of the two.  Plaintiffs' counsel will apply for their costs incurred in the litigation.

## 13. Questions?

If you have any questions, you may write, e-mail, or call Plaintiffs' counsel:

| | |
|---|---|
| Justin M. Swartz<br>Deirdre A. Aaron<br>Hannah Cole-Chu<br>Michael C. Danna<br>Outten & Golden LLP<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>(212) 245-1000<br>Bloomberg2020Case@outtengolden.com | Gregg Shavitz<br>Michael Palitz<br>Tamra Givens<br>Logan Pardell<br>Shavitz Law Group, P.A.<br>1515 South Federal Highway Suite 404<br>Boca Raton, FL 33432<br>(800) 616-4000<br>info@shavitzlaw.com |

DATED:  _____, 2021