UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

                Plaintiffs,

  -v-                                                              No.  1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

                Defendant.

-------------------------------------------------------x

## ORDER

        Plaintiffs bring this action asserting, among other claims, that their former employer, Mike Bloomberg 2020, Inc. (the "Campaign"), failed to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq.  On April 17, 2020, Plaintiffs filed a motion for conditional certification of a collective and court authorized notice pursuant to 29 U.S.C. § 216(b).  (Docket entry no. 63.)  Magistrate Judge Gorenstein granted Plaintiffs' motion on September 3, 2020.  (Docket entry no. 148.)  Judge Gorenstein found Plaintiffs met their burden to show they are similarly situated to potential opt-in plaintiffs, defined as "all individuals who have worked as Bloomberg campaign Field Organizers nationwide between November 24, 2019 and the present" because Plaintiffs proffered evidence, including 23 declarations from Field Organizers across 15 states, as well as a job posting for the Field Organizer position, that the proposed members of the collective shared the same job title, performed the same job duties, and were subject to the same Campaign policy considering Field Officers exempt from the FLSA overtime requirements.  (Id. at 8-12.)  Defendant timely objected to Judge Gorenstein's September 3, 2020, Opinion and Order granting Plaintiffs'

motion for conditional certification of the FLSA collective and court-authorized notice, and moved in the alternative to stay the issuance of such notice pending this Court's determination on Defendant's motion to dismiss. (Docket entry no. 151, the "Objection.") The Court has considered carefully the parties' arguments and submissions in connection with Defendant's Objection and, for the following reasons, the Objection is overruled and Defendant's motion to stay the issuance of court-authorized notice is denied as moot.

Section 636(b)(1)(A) of Title 28 of the U.S. Code authorizes a magistrate judge to hear and determine non-dispositive pretrial matters and further provides that, upon a timely objection, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (Westlaw P.L. 117-102). Similarly, Federal Rule of Civil Procedure 72(a) provides that, following a party's timely objection to a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Defendant objects to Judge Gorenstein's decision approving the collective action and permitting notice to be sent to potential opt-in plaintiffs on the basis that Judge Gorenstein misapplied 29 U.S.C. § 216(b) and relevant case law in concluding that the Court should not consider the legal sufficiency of a FLSA claim in deciding a motion for conditional certification. Put another way, Defendant argues that Plaintiffs have not pled allegations that, taken as true, state a claim under the FLSA, and Judge Gorenstein erred in granting Plaintiffs' motion for conditional certification without first deciding whether Plaintiffs have stated a viable claim for relief.

However, the Objection does not demonstrate that Judge Gorenstein's assessment of Plaintiff's motion for approval of a collective action and court-authorized notice pursuant to 29 U.S.C. § 216(b) was clearly erroneous or contrary to law.  Instead, Defendant's Objection amounts to an improper attempt to overlay the standard of review for a motion to dismiss under Federal Rule of Procedure 12(b)(6) onto a motion for approval of a collective action pursuant to 29 U.S.C. § 216(b).  As Judge Gorenstein thoroughly and thoughtfully explained, at this procedural posture, the court need not consider the merits of Plaintiffs' claims.  (Docket entry no. 148, at 6-8 (collecting cases); see also id. at 6-7 (acknowledging that one court made an exception where the pleadings were "manifestly deficient," which decision Judge Gorenstein found inapplicable to the current case (citation omitted)).)  Instead, all that is required is for the plaintiff to make a "modest factual showing" that they and potential opt-in plaintiffs are similarly situated, in that they were "victims of a common policy or plan that violated the law."  (Id. at 8 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).)  The Objection does not challenge the sufficiency of the evidence submitted by Plaintiffs, including the 23 declarations from Field Officers across 15 states and a job posting for the FO position, to meet this burden.  Thus, Defendant's Objection is accordingly overruled.  Defendant's motion in the alternative to stay notice until after Defendant's motion to dismiss is decided is denied as moot in light of this Court's recent order denying the motion to dismiss as to Plaintiffs' FLSA claims.  This Order resolves docket entry no. 151.

     SO ORDERED.

Dated: New York, New York
      March 25, 2022

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge