# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,

      Plaintiffs,

 v.

MIKE BLOOMBERG 2020, INC.,

      Defendant.

No. 20 Civ. 2489 (LTS) (GWG)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PARTIAL JUDGMENT UNDER FED. R. CIV. P. 54(b)**

**INTRODUCTION**

Plaintiffs respectfully request that this Court enter final judgment under Federal Rule of Civil Procedure 54(b)—and make an express determination that there is no just reason to delay—on Plaintiffs' fraudulent inducement and promissory estoppel claims (Counts 16, 17), which the Court recently dismissed with prejudice. ECF No. 258 ("Order"). Rule 54(b) empowers district courts to enter a final judgment "as to one or more, but fewer than all, claims" if it finds "that there is no just reason for delay" in doing so—thereby permitting Plaintiffs to immediately appeal the Order on those claims. Fed. R. Civ. P. 54(b).

Partial judgment on Plaintiffs' claims is warranted for several reasons. First, an appeal of this Court's related order in *Sklair v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2495—which raises substantially the same claims, legal arguments, and factual allegations—is already pending. Entering judgment now allows the Second Circuit to efficiently consider this case in tandem with *Sklair* and avoids burdening the appellate court with deciding the same issues twice in separate appeals. Second, the dismissed claims are entirely distinct and separable from Plaintiffs' remaining federal and state wage-and-hour claims, and continued litigation of those claims will not impact the Second Circuit's consideration of the dismissed claims. Third, six Plaintiffs in this case have no remaining claims, and there is no reason to delay resolution of their claims while the remaining Plaintiffs litigate their unrelated wage claims. Finally, there is risk of harm to Plaintiffs if an appeal is delayed given the possibility that the Campaign may cease its existence and deplete its remaining funds at any time.

Entering judgment under Rule 54(b) will promote judicial efficiency. Defendant does not oppose the relief requested in this motion. Plaintiffs therefore request that this Court enter final judgment on Counts 16 and 17 and certify that there is no just reason to delay.

## BACKGROUND

Plaintiffs are fifty former Campaign field staffers who worked between January 2020 and March 2020 in field offices nationwide. *See* ECF No. 86 (SAC) ¶¶ 81-179. During the job application process, and repeatedly thereafter, the Campaign uniformly told Plaintiffs that they would be provided with a paid opportunity to work on the primary and general election campaigns, through November 2020, even if Michael Bloomberg was not the Democratic nominee. *Id.* ¶¶ 3-24. The Campaign's top officials admitted in email correspondence that "the campaign and candidate repeatedly promised" that "all organizing staff . . . [would] be slotted into a position of some sort (location not guaranteed) through November." ECF No. 185 (Pls.' Notice of Supp. Auth.). Similarly, in press statements, Campaign Manager Kevin Sheekey quoted Michael Bloomberg saying to "[h]ire those people through November." ECF No. 86 (SAC) ¶ 13. Senior Advisor Tim O'Brien said publicly, "[e]verybody is hired through the election." *Id.* ¶ 15. If the Campaign ended, Plaintiffs were told that Bloomberg would employ them in a continued campaign effort to support the nominee. *See id.* ¶¶ 7, 13-18. However, in late March 2020, the Campaign and Bloomberg broke that promise by suspending the campaign, laying off all employees, and failing to provide Plaintiffs with the promised opportunity to continue working for another campaign entity to support the Democratic nominee. *Id.* ¶¶ 41, 43.

Following this mass termination, Plaintiffs promptly initiated this lawsuit on March 23, 2020 to protect their rights and those of their former colleagues. ECF No. 1. Plaintiffs asserted two claims to enforce the Campaign's broken promises under theories of promissory estoppel and fraudulent inducement. ECF No. 86 (SAC), Counts 16 and 17. Plaintiffs alleged that the Campaign made false promises and intentionally misrepresented the Campaign's and Bloomberg's intentions, in order to induce Plaintiffs to accept positions, due to Bloomberg's late

3

entry into the primary race. Plaintiffs relied on these promises and forwent other opportunities. *Id.* ¶¶ 28, 38-39, 51-54, 56. Plaintiffs' reliance was reasonable because the Campaign reiterated the direct promises to Plaintiffs repeatedly in meetings, calls, and public statements, and because Mr. Bloomberg referenced his vast personal wealth to demonstrate that he would fund such an operation. *Id.* ¶¶ 26-27.

Forty-four Plaintiffs who worked as Field Organizers also brought wage and hour claims under the Fair Labor Standards Act ("FLSA") and state laws,[1] asserting that they were misclassified as exempt from overtime and are owed unpaid overtime wages. *Id.*, Counts 1, 2, 5, 11-15. Plaintiffs further allege violations of New York law, including failure to provide accurate wage notices and wage statements, *id.*, Counts 3-4, and California law, for failure to provide timely and accurate wage statements, meal and rest breaks, reimbursement for business expenses, and timely payment of wages, *id.*, Counts 6-10.

On March 25, 2022, the Court dismissed Plaintiffs' fraudulent inducement and promissory estoppel claims with prejudice. ECF No. 258 at 16-25. The Court determined "as a matter of law" that "Plaintiffs' fraudulent inducement claim is not cognizable because any reliance on the Campaign's promises of continued employment was unreasonable." *Id.* at 16-17. The Court further held that Plaintiffs had not alleged that the Campaign's representations were "collateral" to their employment, but rather related only to "the duration of their employment." *Id.* at 18. Additionally, the Court held that Plaintiffs had not pleaded with sufficient particularity the elements of a fraudulent inducement claim. *Id.* at 19-21. With respect to Plaintiffs' promissory estoppel claims, the Court held that "Plaintiffs are unable to plausibly plead

---

[1] Plaintiffs Jonathan Barrio, a former North Carolina Director of LGBTQIA Issues, and Desmond Batts, Jane Conrad, Josh Fredrickson, Nathaniel Robert Groh, and Joseph Nestor, former Regional Organizing Directors, do not assert wage-and-hour claims.

4

reasonable reliance on Defendant's representations of continued employment when they were at-will employees." *Id.* at 23.  The Court further found that Plaintiffs had not pleaded with sufficient particularity the elements of a promissory estoppel claim.  *Id.* at 24.  While the Court found that Plaintiffs had not pleaded sufficient information to allege their claims, it denied Plaintiffs' request for leave to amend because it determined that "any further opportunity to amend would be futile" given the Court's conclusion that "the at-will terms of their contracts rendered reliance . . . unreasonable as a matter of law."  *Id.* at 25.

## ARGUMENT

Plaintiffs respectfully request that the Court enter final judgment under Rule 54(b) as to their dismissed fraudulent inducement and promissory estoppel claims.  Rule 54(b) permits a district court to certify a judgment "when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express[] determin[ation] that there is no just reason for delay.'"  *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)) (alterations in original).  The express determination need only be "a brief, reasoned explanation."  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (quoting *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (1985)).  "The decision to direct entry of judgment under Rule 54(b) 'is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration.'"  *Garcia v. Edel Family Mgmt. Corp.*, No. 16 Civ. 5542, 2018 U.S. Dist. LEXIS 101506, at *6 (S.D.N.Y. June 18, 2018) (Swain, J.) (quoting *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992)).

**I.       Factors 1 and 2: This Case Involves Multiple Claims and Parties, and the Claims of Many Plaintiffs Have Been Finally Determined.**

The first two requirements are satisfied. First, this case involves fifty Plaintiffs and seventeen claims, only two of which were dismissed. The Court's Order dismissed all fifty Plaintiffs' promissory estoppel and fraudulent inducement claims with prejudice, denied dismissal of forty-four Plaintiffs' FLSA claims, and did not reach Plaintiffs' fourteen other wage-and-hour claims, as they were not the subject of the Campaign's motion. Following the Order, six Plaintiffs have no remaining live claims in the case, while forty-four other Plaintiffs continue to assert FLSA and state wage law claims.

Second, the Court's ruling on their claims is "final" because the Court's dismissal with prejudice was the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). For purposes of Rule 54(b), a ruling as to certain claims is also considered final where the claims "are based upon factual and legal questions that are distinct from those questions remaining before the trial court." *Acumen*, 769 F.3d at 141 (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989)); *cf. In re Morgan Stanley Mortg. Pass-Through Certs. Litig.*, No. 09 Civ. 2137, 2010 U.S. Dist. LEXIS 124902, at *7-8 (S.D.N.Y. Nov. 22, 2010) (Swain, J.) (denying Rule 54(b) certification because "the dismissed and remaining claims here arise from many of the same factual allegations"). Here, the dismissed claims are distinct from Plaintiffs' remaining wage-and-hour claims because they do not rely on overlapping theories of recovery, factual allegations, or damages. *See ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 662 F. App'x 19, 23 (2d Cir. 2016) (affirming 54(b) certification where remaining issues were "entirely independent" from resolved claims).

**II.     Factor 3: There Is No Just Reason to Delay Judgment and an Appeal for the Fraudulent Inducement and Promissory Estoppel Claims.**

The Court should determine that there is no just reason to delay judgment for several reasons.  Under this prong, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'"  *Ginett*, 962 F.2d at 1095 (quoting *Curtiss-Wright*, 446 U.S. at 8).  Courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues twice."  *Id.*  Courts also find that "certification . . . is appropriate . . . where there is some danger of unusual hardship or injustice through delay."  *New York ex rel. Khurana v. Spherion Corp.*, No. 15 Civ. 6605, 2018 U.S. Dist. LEXIS 103350, at *10 (S.D.N.Y. June 20, 2018).  Both factors weigh in favor of certification.

**A.     An Appeal Now Is an Efficient Use of the Court's Resources.**

The Second Circuit has instructed district courts to apply Rule 54(b) such that the appellate court is not "require[d] to decide issues twice."  *Ginett*, 962 F.2d at 1095.  Entering judgment now and permitting Plaintiffs to appeal is therefore an efficient use of the Second Circuit's resources because it allows the appellate court to consider Plaintiffs' appeal simultaneously with the Court's nearly identical order in *Sklair*.  These circumstances exemplify the purpose of Rule 54(b).  This lawsuit and *Sklair* have been prosecuted in tandem since they were both filed in March 2020 and are designated as related cases.  Both cases include similar fraudulent inducement and promissory estoppel claims stemming from the Campaign's mass termination of field staff after promising employment opportunities through November 2020.  The Court's March 25, 2022 Orders dismissed these claims in both cases for substantially the same reasons.[2]  ECF No. 258; *Sklair* ECF Nos. 83 (Order), 84 (Judgment).  Because an appeal of

---

[2]     The Court has recognized the substantial overlap between the two cases for years.  In addition to issuing the

7

these issues in *Sklair* is already pending, the Second Circuit should consider the same issues in *Wood* simultaneously, given the overlap in claims, arguments, and factual allegations. If judgment is not entered, contrary to the purpose of Rule 54(b), the Second Circuit will instead be required to review the same arguments and "decide the same issues twice."

In evaluating the efficiency concern, courts also look at "whether the claims under review [are] separable from the others remaining to be adjudicated." *Choi v. Tower Rsch. Cap. LLC*, No. 14 Civ. 9912, 2020 U.S. Dist. LEXIS 82973, at *1 (S.D.N.Y. May 11, 2020) (alterations in original) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Here, while the dismissed claims overlap almost entirely with the *Sklair* claims on appeal, they are entirely separable and distinct from Plaintiffs' remaining wage-and-hour claims. The legal theories, required elements, underlying factual allegations, and damages are all distinct and largely non-overlapping. Accordingly, there is no "possibility that the ultimate dispositions of" Plaintiffs' wage claims could "moot [the appellate court's] decision on the appealed claim[s]." *Ginett*, 962 F.2d at 1095. For example, while Plaintiffs' fraudulent inducement and promissory estoppel claims turn on the nature of specific promises of employment made to Plaintiffs by Campaign officials, including the candidate Michael Bloomberg, and whether reliance on those promises was reasonable, Plaintiffs' wage claims depend largely on their job duties and the number of hours they worked. Continued litigation on the wage claims will not impact the appellate court's review of the promissory estoppel and fraudulent inducement claims, and the Second Circuit can resolve an appeal of the dismissed claims now without revisiting the same issues for any future appeal relating to the wage claims. *See HSW Enters. v. Woo Lae Oak, Inc.*, No. 08 Civ. 8467, 2010 U.S.

---

dismissal orders on the same day, the Court has also held joint hearings with counsel in both cases to consider case management and scheduling issues and resolve discovery disputes. *See, e.g.*, ECF No. 130 (Parties' Proposed Scheduling Order, double captioned with *Sklair* and *Wood* cases); ECF No. 167 (Nov. 12, 2020 Order setting oral argument, double captioned with *Sklair* and *Wood* cases).

Dist. LEXIS 39288, at *6 (S.D.N.Y. Apr. 21, 2010) (finding element satisfied where "Court of Appeals would not have to address the same issues twice").

### B. There Is Risk of Hardship and Injustice From Further Delay.

There is also risk of hardship and injustice from the delay in entering judgment on Plaintiffs' claims. First, as more time passes, Plaintiffs face a growing risk that their access to meaningful discovery and witness testimony will diminish. Plaintiffs additionally face risk that the Campaign, which ceased operations over two years ago, may at any time choose to wind down and deplete any funds necessary to satisfy a potential future recovery. *See Harrison-Hoge Indus. v. Panther Martin S.R.L.*, No. 05 Civ. 2851, 2008 U.S. Dist. LEXIS 25480, at *111-12 (E.D.N.Y. Mar. 31, 2008) ("A court may find that 'no just reason for delay' exists when a plaintiff might be prejudiced by a delay in recovering a monetary award." (collecting cases)); *Woo Lae Oak*, 2010 U.S. Dist. LEXIS 39288, at *8 (stating that "a material risk that the delay in the entry of final judgment may impair Plaintiff's ability to collect a judgment from Defendants" supports 54(b) certification).

Additionally, six Plaintiffs have no additional live claims. These individuals face unfair injustice from the delay in resolution of their claims while other Plaintiffs litigate unrelated wage-and-hour claims. *See Reid v. SuperShuttle Int'l, Inc.*, No. 08 Civ. 4854, 2010 U.S. Dist. LEXIS 76689, at *4 (E.D.N.Y. July 29, 2010) (finding no just reason for delay where plaintiffs faced "hardship" that they "may be required to wait several years before they can appeal"). These concerns further support a determination that there is no just reason to delay judgment.

### CONCLUSION

Plaintiffs request that the Court enter final judgment on their fraudulent inducement and promissory estoppel claims (Counts 16, 17) and certify that there is no just reason for delay.

Dated: April 22, 2022
       New York, NY

Respectfully submitted,

 /s/ *Justin M. Swartz*
Justin M. Swartz
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
daaron@outtengolden.com
mdanna@outtengolden.com

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
Logan Pardell*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com
lpardell@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*Admitted *pro hac vice*