**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO**
**CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## <u>Table of Contents</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

      I.      Legal Standard ................................................................................................ 3

      II.     Defendant Fails to Meet Any of the Requirements for an Interlocutory Appeal.... 4

            A.     The Issue Raised by Defendant Is Not Controlling on this Litigation........ 4

            B.     There Are No Substantial Grounds for Difference of Opinion................... 7

            C.     An Immediate Appeal Will Not Materially Advance the Litigation. ......... 9

CONCLUSION ................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*In re Barclays Liquidity Cross & High Frequency Trading Litig.*,
   No. 14 MD 2589, 2019 U.S. Dist. LEXIS 118196 (S.D.N.Y. July 16, 2019)..........................4

*Buehlman v. Ide Pontiac, Inc.*
   268 F. Supp. 3d 437 (W.D.N.Y. 2017) ...................................................................................7

*Century Pac., Inc. v. Hilton Hotels Corp.*,
   574 F. Supp. 2d 369 (S.D.N.Y. 2008).....................................................................................4

*Consub Del. LLC v. Schahin Engenharia Limitada*,
   476 F. Supp. 2d 305 (S.D.N.Y. 2007).....................................................................................4

*In re Facebook, Inc.*,
   986 F. Supp. 2d 524 (S.D.N.Y. 2014)...........................................................................5, 7, 8, 9

*In re Flor*,
   79 F.3d 281 (2d Cir. 1996).....................................................................................................8

*Florio v. City of New York*,
   No. 06 Civ. 6473, 2008 U.S. Dist. LEXIS 59022 (S.D.N.Y. Aug. 5, 2008) ...........................9

*Garber v. Off. of the Com'r of Baseball*,
   120 F. Supp. 3d 334 (S.D.N.Y. 2014)............................................................................1, 3, 4

*Glatt v. Fox Searchlight Pictures Inc.*,
   No. 11. Civ. 6784, 2013 U.S. Dist. LEXIS 139594 (S.D.N.Y. Sept. 17, 2013) ......................6

*Harris v. TD Ameritrade*,
   No. 17 Civ. 6033, 2019 U.S. Dist. LEXIS 234268 (S.D.N.Y. July 9, 2019).................. *passim*

*Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*,
   804 F.2d 24 (2d Cir. 1986)...................................................................................................10

*Koehler v. Bank of Bermuda Ltd.*,
   101 F.3d 863 (2d Cir. 1996)................................................................................................4, 9

*Kuzinski v. Schering Corp.*,
   614 F. Supp. 2d 247 (D. Conn. 2009) ...................................................................................7

*In re Lloyd's Am. Trust Fund Litig.*,
   No. 96 Civ. 1262, 1997 U.S. Dist. LEXIS 11937 (S.D.N.Y. Aug. 12, 1997) ..........................5

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
   293 F. Supp. 3d 394 (S.D.N.Y. 2018)..................................................................................5, 9

*Mullins v. City of New York*,
No. 04 Civ. 2979, 2008 U.S. Dist. LEXIS 2206 (S.D.N.Y. Jan. 9, 2008) ...............................6

*Ramos v. Telgian Corp.*,
14 Civ. 3422, 2016 U.S. Dist. LEXIS 58574 (S.D.N.Y. May 3, 2016) ...................................6

*In re St. Clair*,
13 Misc. 1057, 2014 U.S. Dist. LEXIS 8615 (E.D.N.Y. Jan. 21, 2014) ..................................7

*Verizon N.Y. Inc. v. Vill. of Westhampton Beach*,
No. 11 Civ. 252, 2014 U.S. Dist. LEXIS 200892 (E.D.N.Y. Dec. 22, 2014)...................3, 5, 6

*Wang v. Hearst Corp.*,
No. 12 Civ. 793, 2013 U.S. Dist. LEXIS 92091 (S.D.N.Y. June 21, 2013)............................6

*Westwood Pharms. v. Nat'l Fuel Gas Distrib.*,
964 F.2d 85 (2d Cir. 1992).......................................................................................................10

**Statutes**

28 U.S.C. § 1292(b) .............................................................................................................4, 7

**INTRODUCTION**

This is not an "extraordinary case" warranting interlocutory review. *Garber v. Off. of the Com'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014). Defendant Mike Bloomberg 2020, Inc.'s request for an immediate appeal should be denied because it fails to meet a single one of the three statutory requirements for an interlocutory appeal. *See* 28 U.S.C. § 1292(b).

First, the issue Defendant identifies is not "controlling" because Plaintiffs alleged an alternative basis for Fair Labor Standards Act ("FLSA") coverage that was not addressed by the Court's order and would not be resolved by an appeal. Plaintiffs' FLSA claims, and their analogous state overtime claims, will therefore proceed regardless of an appeal now. Any order from the Second Circuit now on the narrow question of individual FLSA coverage will have very little impact on the remainder of the litigation. Second, there is not "substantial ground for difference of opinion" on whether Plaintiffs are covered individuals under the FLSA; instead, as the Court explained in its Order, it applied "well settled" principles that accord with other courts of this Circuit. Third, an appeal now would do virtually nothing to "materially advance the ultimate termination of the litigation." Regardless of the outcome of any appeal, Plaintiffs' FLSA claims will proceed under the enterprise theory of FLSA coverage. Further, no matter how the Second Circuit might rule, no issues will be streamlined because Plaintiffs' overlapping state overtime claims will continue and will require largely the same discovery, motion practice, and a trial on the same questions about Defendant's administrative exemption defense.

Because Defendant cannot establish even one of the statutory requirements for an immediate interlocutory appeal, its motion should be denied.

# BACKGROUND

Plaintiffs are former field staffers who were employed by Defendant between January 2020 and March 2020 in field offices nationwide.  *See* ECF No. 86 (SAC) ¶¶ 81-179.  Forty-four of the fifty named Plaintiffs assert claims for unpaid overtime wages under the FLSA.  *Id.*, Count 1.[1]  Plaintiffs alleged facts sufficient to establish that the FLSA provides them with employment protections under two alternative theories.  First, Plaintiffs alleged that the Defendant is a covered enterprise under the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), (ii), because it engaged in commercial activities, including selling branded merchandise and anti-President Trump paraphernalia, in competition with other sellers of similar goods in the marketplace.  ECF No. 86 (SAC) ¶¶ 180-210.  Defendant ultimately raised approximately $890,000 in revenue from these sales, with the business purposes of raising revenue, collecting voter data, and marketing Defendant.  *Id.*  Second, Plaintiffs allege that the FLSA covers them individually because they "engaged in commerce" through the use of email and telephone calls.  29 C.F.R. § 779.103; ECF No. 86 (SAC) ¶¶ 68-73, 209.

Defendant moved to dismiss Plaintiffs' FLSA claims, arguing that they satisfied neither the enterprise nor individual coverage requirements.  ECF No. 111 (Mot. to Dismiss) at 7-13 (enterprise coverage), 13-16 (individual coverage).  The parties thoroughly briefed both FLSA coverage issues.  *See* ECF No. 133 (Pls.' Opp.) at 23-27 (enterprise coverage), 28-29 (individual coverage); ECF No. 142 (Def.'s Reply) at 1-4 (enterprise coverage), 4-6 (individual coverage).

On March 25, 2022, the Court denied Defendant's motion to dismiss the FLSA claims.  ECF No. 258 (Order) at 10-15.  The Court "found that Plaintiffs have plausibly stated a claim for

---

[1]      Following the Court's authorization of notice pursuant to 29 U.S.C. § 216(b), over 700 individuals have joined this action to assert FLSA overtime claims.

individual coverage under the FLSA." *Id.* at 15.  Specifically, the Court analyzed and rejected

Defendant's argument that the FLSA could not individually apply to Plaintiffs because their

actions lacked a business purpose, stating that Defendant "conflat[ed] the separate inquiries that

apply to enterprise versus individual coverage" and that it is "well settled that . . . any employee

'engaged in commerce' will be covered by the FLSA 'irrespective of whether his employer is an

enterprise engaged in commerce.'" *Id.* at 12 (quoting *Bowrin v. Catholic Guardian Soc'y*, 417 F.

Supp. 2d 449, 464-65 (S.D.N.Y. 2006)).  The court "decline[d] to address . . . enterprise

coverage under the FLSA." *Id.* at 15.

Plaintiffs also allege claims for unpaid overtime wages under analogous state laws of

New York, California, Michigan, Wisconsin, Illinois, Minnesota, and North Carolina.  ECF No.

86 (SAC), Counts 2, 5, 11-15.  Plaintiffs further allege violations of New York law, including

failure to provide accurate wage notices and wage statements, *id.*, Counts 3-4, and California

law, for failure to provide timely and accurate wage statements, meal and rest breaks,

reimbursement for business expenses, and timely payment of wages, *id.*, Counts 6-10.

## ARGUMENT

## I.    Legal Standard

"Interlocutory appeals are presumptively disfavored."  *Garber*, 120 F. Supp. 3d at 337.

Certification of an appeal under 28 U.S.C. § 1292(b) is warranted in "only the rarest of cases."

*Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, No. 11 Civ. 252, 2014 U.S. Dist. LEXIS

200892, at *38 (E.D.N.Y. Dec. 22, 2014).  As this Court has stated, such appeals are "an

exception to the general policy against piecemeal appellate review embodied in the final

judgment rule, and only exceptional circumstances will justify a departure from the basic policy

of postponing appellate review until after the entry of a final judgment."  *Harris v. TD*

*Ameritrade*, No. 17 Civ. 6033, 2019 U.S. Dist. LEXIS 234268, *5-6 (S.D.N.Y. July 9, 2019) (Swain, J.) (quoting *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002)). Indeed, as the Second Circuit has emphasized, certification under 1292(b) must be "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-866 (2d Cir. 1996). Section 1292(b) is "not intended as a vehicle to provide early review of difficult rulings in hard cases," *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), or where there is simply "[d]isagreement as to the interpretation of persuasive authority," *Harris*, 2019 U.S. Dist. LEXIS 234268, at *6 (citing *Aspen Ford, Inc. v. Ford Motor Co.*, Nos. 01 Civ. 4677 & 99 Civ. 5978, 2008 U.S. Dist. LEXIS 3163, at *2 (E.D.N.Y. Jan. 15, 2008)).

A court may grant interlocutory review only where all three of the following requirements are met: (1) the "order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking interlocutory review "bears the burden of demonstrating that all three prongs of Section 1292(b) are met." *In re Barclays Liquidity Cross & High Frequency Trading Litig.*, No. 14 MD 2589, 2019 U.S. Dist. LEXIS 118196, at *7-8 (S.D.N.Y. July 16, 2019) (alterations omitted). Even where the requirements are met, this assessment "lies squarely within the discretion of the district court." *Garber*, 120 F. Supp. 3d at 337.

## II.    Defendant Fails to Meet Any of the Requirements for an Interlocutory Appeal.

### A.    The Issue Raised by Defendant Is Not Controlling on this Litigation.

A "controlling" question for the purposes of section 1292(b) is one that is "pure" and one that the appellate court can decide "quickly and cleanly without having to study the record."

*Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal

quotation marks and citations omitted); *see also In re Facebook, Inc.*, 986 F. Supp. 2d 524, 536

(S.D.N.Y. 2014) (same).  Courts recognize that "a question that 'turns on the . . . assessment of

the pleadings, is not a 'pure question of law' suited for interlocutory appeal." *McGraw-Hill*

*Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018) (quoting

*Picard v. Estate of Madoff*, 464 B.R. 578 (S.D.N.Y. 2011)); *see also In re Lloyd's Am. Trust*

*Fund Litig.*, No. 96 Civ. 1262, 1997 U.S. Dist. LEXIS 11937, at *11 (S.D.N.Y. Aug. 12, 1997)

("As a general matter, rulings on the sufficiency of pleadings are not appropriate for

interlocutory appeal.").  Additionally, the question is "controlling" if "reversal on appeal 'could

result in the dismissal of the action or could 'significantly affect the conduct of the action.'"

*Verizon*, 2014 U.S. Dist. LEXIS 200892, at *37 (quoting *City of N.Y. v. Milhelm Attea & Bros.*,

No. 06 Civ. 3620, 2012 U.S. Dist. LEXIS 149512, at *4 (E.D.N.Y. Oct. 16, 2012)).

     The issue identified by Defendant—whether the FLSA can apply to individuals even if

their activities were not undertaken for a commercial or business purpose, ECF No. 268 (Def.'s

1292(b) Mot.) at 5—is not controlling for several reasons.  First, it would require the Second

Circuit to evaluate Plaintiffs' pleadings and determine if, as Defendant contends, Plaintiffs'

activities had no commercial or business purpose.  *See McGraw-Hill*, 293 F. Supp. 3d at 399.

Second, and more importantly, the issue is not controlling because its answer will have virtually

no impact on the continued litigation.  Contrary to Defendant's claim, *see* ECF No. 268 (Def.'s

1292(b) Mot.) at 5-6, appellate review of this question will not result in a single individual losing

their FLSA claims because Plaintiffs have alleged alternative grounds for FLSA coverage that

were not addressed by the Court in its decision.  Further, the issue is not controlling on the scope

of issues to be litigated and tried to a jury because Plaintiffs' state law overtime claims are

substantially the same as their FLSA claims, meaning that discovery, motion briefing, and trial will proceed on all of the same issues even if the Second Circuit ruled for Defendant on an appeal now.  Because the individual coverage issue identified by Defendant has no impact on the continued litigation, it is not "controlling."  *Verizon*, 2014 U.S. Dist. LEXIS 200892, at *37.

Defendant did not identify a single case in which the issue of individual FLSA coverage was "controlling" to support an immediate appeal.  *See* ECF No. 268 (Def.'s 1292(b) Mot.) at 4-5.  In fact, none of Defendant's cited cases support its argument that a controlling question is present here.  In *Glatt v. Fox Searchlight Pictures Inc.*, the court certified the question of what "[t]he standard for determining whether an unpaid intern is an 'employee' covered by the FLSA and the NYLL" is because that issue was "the primary issue in determining Defendants' liability" and "[t]he standard permeates the case, affecting liability as well as the propriety of certifying a class action and an FLSA collective action."  No. 11 Civ. 6784, 2013 U.S. Dist. LEXIS 139594, at *4-5 (S.D.N.Y. Sept. 17, 2013).[2]  Similarly, in *Mullins v. City of New York*, the court certified questions that were dispositive of the merits inquiry, including whether U.S. Department of Labor regulations "mandate[d] the non-exemption [from overtime] of police sergeants."  No. 04 Civ. 2979, 2008 U.S. Dist. LEXIS 2206, at *4-5 (S.D.N.Y. Jan. 9, 2008).  In *Ramos v. Telgian Corp.*, the court found that the issue presented—application of the fluctuating workweek regulation—was purely "statutory construction," the answer to which "would effectively resolve the liability determination with regard to Plaintiffs' FLSA overtime claims."  14 Civ. 3422, 2016 U.S. Dist. LEXIS 58574, at *6-7 (S.D.N.Y. May 3, 2016).  In *Buehlman v.*

---

[2]     The same issue was certified in *Wang v. Hearst Corp.*, cited by Defendant, where the court also recognized that the issue was controlling not just on that case but "will significantly affect the conduct of other lawsuits now pending in the district courts."  No. 12 Civ. 793, 2013 U.S. Dist. LEXIS 92091, at *5-6 (S.D.N.Y. June 21, 2013).

*Ide Pontiac, Inc.*,[3] the court found that an issue was controlling because it was "an issue of statutory interpretation" "that would end the litigation" and concerned the defendants' liability "under either the FLSA or the NYLL." 268 F. Supp. 3d 437, 441 (W.D.N.Y. 2017). Finally, in *Kuzinski v. Schering Corp.*, the court found that the answer to whether the plaintiffs "fall within the FLSA outside sales exemption" could "terminate" the litigation. 614 F. Supp. 2d 247, 250-51 (D. Conn. 2009).

In stark contrast to these cases, here the issue identified by Defendant will not impact the scope or outcome of the remaining litigation.

### B.    There Are No Substantial Grounds for Difference of Opinion.

Section 1292(b) requires a showing of "substantial grounds for difference of opinion." 28 U.S.C. § 1292(b). This Court has stated that "[d]isagreement as to the interpretation of persuasive authority, or a claim that the district court's decision is incorrect, will generally be insufficient to establish a substantial ground for a difference of opinion." *Harris*, 2019 U.S. Dist. LEXIS 234268, at *6 (citing *Aspen Ford, Inc.*, 2008 U.S. Dist. LEXIS 3163, at *2). "[F]or there to be 'substantial grounds for difference of opinion,' the issue must involve more than strong disagreement between the parties." *In re St. Clair*, 13 Misc. 1057, 2014 U.S. Dist. LEXIS 8615, at *13 (E.D.N.Y. Jan. 21, 2014) (citation omitted). "[A] motion for certification may not be used to simply 'repeat arguments made in a motion to dismiss.'" *In re Facebook*, 986 F. Supp. 2d at 531 (quoting *S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 U.S. Dist. LEXIS 114007, at *10 (S.D.N.Y. Aug. 13, 2012)).

Here, Defendant raises no substantial grounds for difference of opinion. To the contrary, in considering Defendant's arguments, the Court stated that "it is well settled" that "any

---

[3]    Defendants misstate that the court in *Buehlman* certified issues for appeal; it did not.

employee 'engaged in commerce' will be covered by the FLSA," and whether an employer
"operate[s] with a 'business purpose'" relates to whether it can "be considered an enterprise
under the FLSA."  ECF No. 258 (Order) at 12.  As Defendant concedes, the Court fully
considered and "distinguished" the cases it cited in support.  ECF No. 268 (Def.'s 1292(b) Mot.)
at 6; *see also* ECF No. 258 (Order) at 13-14 (analyzing cases cited by Defendant).  As in its
motion to dismiss, Defendant does not identify a single case that contrasts with this Court's
analysis or conclusion.  Instead, Defendant now argues that this is a "question of first
impression."  ECF No. 268 (Def.'s 1292(b) Mot.) at 6.  But as this Court recognized, there is
settled case law regarding the application of FLSA coverage to nonprofit employees.  Even if
this were an issue of first impression, this Court has previously recognized that this alone does
not warrant a finding that there are substantial grounds for difference of opinion.  *See Harris*,
2019 U.S. Dist. LEXIS 234268, at *7 ("To the extent that Plaintiff seeks to certify questions as
to which there is little or no authority, the Court finds that she has not met the strict standard for
certification."); *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[T]he mere presence of a disputed
issue that is a question of first impression, standing alone, is insufficient to demonstrate a
substantial ground for difference of opinion.").

Defendant's remaining arguments do not relate to the purported "controlling" issue
Defendant identified for appeal and instead concern only the sufficiency of Plaintiffs' pleadings.
*See* ECF No. 268 (Def.'s 1292(b) Mot.) at 6-8.  Here, "the issues raised by Defendant[] are a
repeat of the arguments Defendant[] unsuccessfully raised in its motion to dismiss," which is not
appropriate grounds for an appeal.  *In re Facebook*, 986 F. Supp. 2d at 530-31.  Mere
"disagreement" with the Court's reasoning on its assessment of the pleadings does not satisfy

8

§ 1292(b).  *Harris*, 2019 U.S. Dist. LEXIS 234268, at *6.[4]

**C.    An Immediate Appeal Will Not Materially Advance the Litigation.**

Defendant additionally fails to demonstrate how its requested appeal would materially advance the litigation.  The Second Circuit has instructed that "[t]he use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."  *Koehler*, 101 F.3d at 865-66.  An appeal would "advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"  *Florio v. City of New York*, No. 06 Civ. 6473, 2008 U.S. Dist. LEXIS 59022, at *1 (S.D.N.Y. Aug. 5, 2008) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).  "[C]ourts place particular weight" on this requirement.  *In re Facebook*, 986 F. Supp. 2d at 531.

Even if Defendant were able to identify a controlling question for which there is substantial ground for difference of opinion—which it cannot—Defendant still fails this final requirement.  Contrary to Defendant's suggestions that success on an appeal "would significantly streamline this litigation" and cause hundreds of individuals to "no longer have any claims," Plaintiffs' FLSA claims will continue regardless of an appeal on the individual coverage issue because there exist alternative grounds for FLSA coverage that were not addressed in the Court's order.  ECF No. 258 (Order) at 15 ("declin[ing] to address . . . enterprise coverage").

Moreover, while Defendant places great weight on the number of opt-in plaintiffs with federal but not state wage claims, it fails to explain how even eliminating their federal claims "would significantly streamline this litigation."  *See* ECF No. 268 (Def.'s 1292(b) Mot.) at 9. Plaintiffs' state overtime claims largely overlap with their FLSA claims, and discovery as to their

---

[4]        This question is also not "controlling" because it "turns on the . . . assessment of the pleadings."  *McGraw-Hill*, 293 F. Supp. 3d at 399 (citation omitted).

job duties, hours worked, and other issues related to any of Defendant's affirmative defenses will still proceed to trial, where a jury will be required to weigh these issues and the application of Defendant's administrative exemption defense.  Plaintiffs are not aware of any streamlining that could plausibly be achieved by an appeal of the individual coverage issue while FLSA claims under enterprise coverage and the state wage claims proceed.  *See Westwood Pharms. v. Nat'l Fuel Gas Distrib.*, 964 F.2d 85, 88 (2d Cir. 1992) (cautioning against the certification where "many of the same factual issues . . . would still have to be litigated"); *Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*, 804 F.2d 24, 25-26 (2d Cir. 1986) (where two issues are "closely related," even if one "were eliminated at this stage of the litigation, there is scant basis for believing that trial of the latter claims would be concluded with any appreciable saving of time.").

## CONCLUSION

Because Defendant has not satisfied any of the § 1292(b) requirements, an interlocutory appeal is not warranted.  Plaintiffs respectfully request that the Court deny the motion.


Dated: May 5, 2022                               Respectfully submitted,
       New York, NY

                                                 */s/ Justin M. Swartz*
                                                 Justin M. Swartz
                                                 Michael C. Danna
                                                 **OUTTEN & GOLDEN LLP**
                                                 685 Third Avenue, 25th Floor
                                                 New York, NY 10017
                                                 Telephone: 212-245-1000
                                                 jms@outtengolden.com
                                                 mdanna@outtengolden.com

                                                 Hannah Cole-Chu*
                                                 **OUTTEN & GOLDEN LLP**
                                                 601 Massachusetts Avenue NW, Ste 200W
                                                 Washington, D.C. 20001
                                                 Telephone: 202-847-4400
                                                 hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
Logan Pardell*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com
lpardell@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*Admitted *pro hac vice*

11

**<u>CERTIFICATE OF SERVICE</u>**

I, Justin Swartz, hereby certify that on May 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing system.

*/s/ Justin M. Swartz*
Justin M. Swartz
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
jms@outtengolden.com