UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>                            Plaintiffs,<br><br>                v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                            Defendant. | 20 Civ. 2489 (LTS) (GWG) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant submits this reply memorandum of law in further support of its motion to certify for appeal pursuant to 28 U.S.C. § 1292(b).[1]

## PRELIMINARY STATEMENT

As demonstrated in the Campaign's moving brief, the issue of whether staffers of a nonprofit political campaign can assert claims under the FLSA satisfies all three requirements for an immediate appeal under Section 1292(b).  Contrary to Plaintiffs' suggestion that issues not reached by this Court would not be resolved by an appeal, it is well within the Second Circuit's discretion to decide any pure questions of law previously briefed before this Court, including the scope of the FLSA's enterprise coverage provisions.

Although it is true that interlocutory appeals generally are the exception rather than the rule, this is one of the exceptional cases where immediate appeal is justified, particularly in light of recent developments.  Less than one week after the Campaign filed the instant motion, this Court granted Plaintiffs' motion for entry of judgment under Rule 54(b), thereby allowing Plaintiffs to appeal the MTD Order to the extent that this Court partially ruled in favor of the Campaign.  Now that a panel of the Second Circuit will need to familiarize itself with this case, permitting the Campaign to appeal that same MTD Order to the extent that it ruled against the Campaign would promote the strong federal policy against piecemeal appeals.  The Campaign's motion should be granted.

## ARGUMENT

**I.   Whether Plaintiffs Can Plausibly Allege Individual and Enterprise Coverage are Controlling Questions of Law.**

Plaintiffs argue that the MTD Order does not present a controlling question of law because their FLSA claims will proceed under the enterprise theory of coverage regardless of the outcome

---

[1] Defined terms used herein have the same meaning as in Defendant's moving brief (Dkt. 268) ("Mot.").

of any appeal. But they ignore that the Second Circuit has "broad discretion" to consider "purely legal" issues that "were raised, briefed, and argued in the District Court, but that were not reached there." *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418-19 (2d Cir. 2001); *see also Rai v. WB Imico Lexington Fee, LLC*, 802 F.3d 353, 368 (2d Cir. 2015) (deciding issue not reached below, in part, because it was a "purely legal issue"); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (noting that exercising discretion is appropriate where issue "is a matter of law suitable for determination by an appellate tribunal in the first instance"). Here, the question of whether a political campaign that did not engage in commerce and was not conducted for a business purpose can nevertheless be a covered enterprise under the FLSA is a pure question of law that was briefed extensively before this Court. (*See* Dkt. 111 at 7-13; Dkt. 133 at 23-28; Dkt. 142 at 1-4.) Accordingly, the Second Circuit may exercise its discretion to consider this question.

Equally unavailing is Plaintiffs' argument that the MTD Order does not present a controlling question of law for purposes of Section 1292(b) because it turns on an assessment of the pleadings. As one of the very cases on which Plaintiffs rely held, "decisions on the pleadings may be appropriate for interlocutory review when they present difficult questions of substantive law, rather than the technical sufficiency of the pleadings." *In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (certifying interlocutory appeal of decision denying motion to dismiss); *see also Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007) (certifying interlocutory appeal of decision on motion under Rule 12(b)(1) that presented "close and difficult questions"). The scope of the FLSA's individual coverage provision in this case is undoubtedly a difficult question of substantive law which can be decided without consideration of any technical defects in the pleadings. (*See* Mot. at 5.)

## II. There is Substantial Ground for Differences of Opinion as to these Questions.

Plaintiffs do not dispute that the scope of the FLSA's individual coverage provision as it relates to political campaigns, and even nonprofits in general, is a question of first impression in the Second Circuit. (*See* Mot. at 6.) The dearth of relevant case law in this Circuit confirms that there is a substantial ground for differences of opinion with respect to the proposed questions. *See Red Bull Assocs. v. Best W. Int'l, Inc.*, 686 F. Supp. 447, 453 (S.D.N.Y. 1988), *aff'd*, 862 F.2d 963 (2d Cir. 1988) ("We reject the suggestion that the lack of conflicting (or indeed any) authority on the question before us automatically renders it one on which there are no substantial grounds for disagreement. Indeed, it would seem that the very absence of precedent leaves the field wide open for differences of opinion."); *see also Batalla Vidal v. Nielsen*, 2018 WL 10127043, at *2 (E.D.N.Y. Apr. 30, 2018) ("An order furnishes 'substantial ground for difference of opinion' when it presents issues that are 'difficult and of first impression.'") (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)).

Moreover, Plaintiffs' failure to identify a single case in this Circuit holding that similarly vague and generalized allegations regarding individual coverage were sufficient to survive a motion to dismiss further confirms that there are substantial grounds for differences of opinion with respect to this Court's conclusion. (*See* Mot. at 7-8) (collecting cases requiring *each* plaintiff to allege facts demonstrating that they *personally* engaged in interstate commerce).

## III. Certification of an Interlocutory Appeal as to the FLSA Claims Would Promote Judicial Economy and Further the Federal Policy against Piecemeal Appeals.

The policy that usually discourages interlocutory appeals actually favors an immediate appeal given the unusual circumstances of this case. As a general matter, interlocutory appeals under Section 1292(b) are discouraged in light of the "historic federal policy against piecemeal appeals." *Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287, 350 (E.D.N.Y. 2015) (quoting *Curtiss-*

3

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)); *see also Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) ("[T]he institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b)."). As the Second Circuit has explained, "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case …." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991).

This case, however, is now in a unique procedural posture which turns the usual presumption on its head. Shortly after the Campaign filed the instant motion to certify the MTD Order for immediate appeal under Section 1292(b) with respect to Plaintiffs' FLSA claims, this Court granted Plaintiffs' motion for entry of judgment under Rule 54(b) with respect to Plaintiffs' common law claims, and Plaintiffs promptly filed a notice of appeal. (Dkts. 272, 275.) A panel of the Second Circuit therefore will soon be tasked with considering issues raised in the MTD Order—the very same order which the Campaign seeks to certify for interlocutory appeal. Accordingly, unlike in most cases, certification under Section 1292(b) in this case would ***further*** the federal policy against piecemeal appeals, as it would allow a single three-judge panel to consider all legal issues raised in the MTD Order at the same time. *Cf. Linde*, 97 F. Supp. 3d at 350 ("The upcoming damages trial in this case will allow a judgment under Rule 54(b) which will bring all of the issues defendant raises in its § 1292(b) motion before the Circuit. That by itself is sufficient reason to deny certification."). Denial of the instant motion, in contrast, would lead to multiple appeals in this case, which would create judicial inefficiencies.

A resolution now of whether Plaintiffs state a claim under the FLSA would also materially streamline this litigation, as more than 40% of the potential class and collective members would no longer have any claim in this case if the FLSA claims were dismissed. (*See* Mot. at 9.) Contrary

4

to Plaintiffs' suggestion that discovery relating to the federal and state wage-and-hour claims will largely overlap, this Court's decision permitting Plaintiffs' FLSA claims to proceed on the sole ground of individual coverage virtually guarantees that discovery will require highly individualized inquiries into each plaintiff's interstate activities. Where, as here, an immediate appeal could significantly diminish the number of claimants and potential recovery, the last prong of Section 1292(b) is satisfied. *See* Mot. at 9 (citing *Bank of N.Y. Mellon*); *see also Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 337-338 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) (material advancement standard is met where the appellate ruling would "significantly restrict the scope of [the] litigation" by narrowing "the scope of discovery in [the] case and the proof that the parties would be able to present at trial, saving the parties and the public time and money"); *Bilello v. JPMorgan Chase Ret. Plan,* 603 F. Supp. 2d 590, 592–93 (S.D.N.Y. 2009) (noting that the third prong is satisfied where appellate reversal on the legal issue presented would result in significant reduction in the potential damages).

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's initial moving papers, the Court should grant Defendant's motion.

Dated: May 11, 2022                                PROSKAUER ROSE LLP

                                                   */s/ Elise M. Bloom*
                                                   Elise M. Bloom
                                                   Rachel S. Philion
                                                   Pinchos N. Goldberg

                                                   Eleven Times Square
                                                   New York, New York 10036
                                                   (T) 212.969.3000
                                                   ebloom@proskauer.com
                                                   rphilion@proskauer.com
                                                   pgoldberg@proskauer.com

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

6