**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO**
**CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiffs submit this brief sur-reply to address new arguments raised for the first time in Defendant's reply brief, ECF No. 276.

## I.     A "Controlling Issue" Must Appear in the Order to be Appealed.

Section 1292(b) states that an order is not appealable unless it "involves a controlling question of law."  28 U.S.C. § 1292(b).  Where this requirement is not met, the Second Circuit lacks jurisdiction to hear an appeal.  *Id.*  The Court should therefore reject Defendant's new argument that "whether plaintiffs can plausibly allege . . . enterprise coverage," ECF No. 276 at 1, or more broadly "whether Plaintiffs state a claim under the FLSA," *id.* at 4, are "controlling" questions supporting appeal because these issues were not discussed or decided by the Court's dismissal order.  *See* ECF No. 258 at 15 ("declin[ing] to address . . . enterprise coverage"). While Defendant concedes that its previously proposed question of law is not actually controlling unless it is considered in tandem with these other issues, *see* ECF No. 276 at 1-2, this defect cannot be remedied without bypassing the statute's clear requirements.  Notably, Defendant does not cite a single case in which a district court or appellate court permitted an interlocutory appeal on issues that were not in the appealed order.

Instead, Defendant confuses § 1292(b)'s jurisdictional requirements with the Second Circuit's discretionary practice to consider reaching issues in the first instance where it otherwise already has jurisdiction.[1]  *Id.* at 2.  The cases cited by Defendant do not support its arguments or even consider § 1292(b)'s requirements because they follow entry of judgment and are not interlocutory appeals.  *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418-19 (2d Cir. 2001) (considering choice-of-law question not decided by the district court because it was a "purely

---

[1]     *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (where circuit has jurisdiction over appeal from final judgment the rule that "a federal appellate court does not consider an issue not passed upon below" is "one of prudence and not appellate jurisdiction").

legal issue" that "Courts of Appeals often" consider and "not considering the choice of law issue will likely lead to a substantial injustice"); *Rai v. WB Imico Lexington Fee, LLC*, 802 F.3d 353, 368 (2d Cir. 2015) (reaching an issue that "was raised and briefed before the district court, *and indeed decided by that court*" with respect to other plaintiffs (emphasis added)); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (reaching "an issue that the district court discussed but did not decide" because "[t]he existence of the First Amendment right" was appropriate to decide "in the first instance").

Defendant cannot meet § 1292(b)'s requirements because the dismissal order did not "involve" issues relating to enterprise coverage under the FLSA.

## II.   The Sufficiency of Plaintiffs' Pleadings Is Not a Controlling Issue.

Defendant continues to argue there are "differences of opinion" with the Court's analysis of the sufficiency of Plaintiffs' pleadings—an issue which it did not identify as a "controlling question of law," nor could it because it is not a pure legal question but instead would require a close examination of the pleadings by an appellate panel. *See* ECF No. 268 at 6-8 (discussing criticisms of "general allegations" "that were not tied to any specific Plaintiff" only in context of difference of opinion prong); ECF No. 276 at 3 (same). However, § 1292(b) is clear that it requires there be "substantial ground for difference of opinion" as to the "controlling question of law" itself, not as to any other aspects of the order that Defendant finds objectionable. Mere "disagreement" with an aspect of the Court's reasoning cannot satisfy § 1292(b)'s requirements. *See Harris v. TD Ameritrade*, No. 17 Civ. 6033, 2019 U.S. Dist. LEXIS 234268, *5-6 (S.D.N.Y. July 9, 2019) (Swain, J.); *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530-31 (S.D.N.Y. 2014) (motion "may not be used to simply 'repeat arguments made in a motion to dismiss'").

III.    **Defendant Misrepresents Plaintiffs' Position as to Whether There Is a Question of First Impression.**

Plaintiffs disagree that the Court's dismissal order involved questions of first impression. As stated in their Opposition, ECF No. 274 at 7-8, Plaintiffs agree with the Court's analysis that the standard for applying FLSA's individual coverage provisions "is well settled," ECF No. 258 at 12.  Defendant offered no support to suggest that established precedent applying the FLSA to nonprofit entities should not apply to Defendant.

IV.    **An Immediate Appeal Will Not Advance the Litigation or Avoid Piecemeal Appeals.**

Plaintiffs' appeal regarding the dismissed fraudulent inducement and promissory estoppel claims does not support Defendant's request for an interlocutory appeal of the individual coverage issue.  As the Court recognized in adopting Plaintiffs' reasoning for entry of partial judgment under Rule 54(b), *see* ECF No. 272, the dismissed claims are entirely distinct from Plaintiffs' remaining federal and state wage-and-hour claims, and an appeal of the dismissed claims is appropriate now so that the Second Circuit can consider them in tandem with the identical issues raised in *Sklair v. Mike Bloomberg, 2020, Inc.*  The record, claims, and legal issues present in that appeal are unrelated to the FLSA issue Defendant raises, and no efficiency is gained by burdening the Second Circuit with an entirely separate set of factual allegations and legal arguments to consider.  Given the close overlap between Plaintiffs' FLSA and state law wage claims, the Second Circuit can more efficiently resolve any issues that arise on the wage claims together following resolution of this litigation.

Defendant additionally fails to explain how an appeal now would significantly streamline the remaining issues in this litigation.  In its Reply, it identified just one discrete discovery issue—Plaintiffs' interstate activities—that may be limited by success on an appeal.  However, that topic is rooted in Plaintiffs' job duties, which will already be the major focus of discovery

and trial in this wage-and-hour case, no matter the outcome of an appeal.  Defendant offers no

explanation for how avoiding such a narrow discovery issue would "materially advance the

ultimate termination of the litigation," as § 1292(b) requires.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's motion.

Dated: May 12, 2022                    Respectfully submitted,
        New York, NY

                                        */s/ Justin M. Swartz*
                                        Justin M. Swartz
                                        Michael C. Danna
                                        **OUTTEN & GOLDEN LLP**
                                        685 Third Avenue, 25th Floor
                                        New York, NY 10017
                                        Telephone: 212-245-1000
                                        jms@outtengolden.com
                                        mdanna@outtengolden.com

                                        Hannah Cole-Chu*
                                        **OUTTEN & GOLDEN LLP**
                                        601 Massachusetts Avenue NW, Ste 200W
                                        Washington, D.C. 20001
                                        Telephone: 202-847-4400
                                        hcolechu@outtengolden.com

                                        Michael Palitz
                                        **SHAVITZ LAW GROUP, P.A.**
                                        800 3rd Avenue, Suite 2800
                                        New York, NY 10022
                                        Telephone: (800) 616-4000
                                        mpalitz@shavitzlaw.com

                                        Gregg I. Shavitz*
                                        Tamra Givens*
                                        Logan Pardell*
                                        **SHAVITZ LAW GROUP, P.A.**
                                        951 Yamato Road, Suite 285
                                        Boca Raton, FL 33431
                                        Telephone: (561) 447-8888
                                        gshavitz@shavitzlaw.com
                                        tgivens@shavitzlaw.com
                                        lpardell@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin Swartz, hereby certify that on May 12, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing system.

*/s/ Justin M. Swartz*
Justin M. Swartz
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
jms@outtengolden.com