**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, ZIA ORAM, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, ROBIN CEPPOS, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, LAKISHA WATSON-MOORE, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, | No. 20 Civ. 2489 (LTS) (GWG) |
| Plaintiffs, | |
| v. | |
| MIKE BLOOMBERG 2020, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT</u>**

- i -

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1
RELEVANT FACTS AND PROCEDURAL HISTORY ............................................................... 1
ARGUMENT ................................................................................................................................... 4
    I.       Motions to Amend Are Freely Granted ................................................................... 4
    II.      Plaintiffs' Proposed Amendments Satisfy Rules 15 and 21 .................................... 5
            A.       All Rule 15 Factors are Satisfied ................................................................ 5
                   1.       There Has Been No Delay, Bad Faith, or Dilatory Motive ............ 5
                   2.       The Proposed Amendment Will Not Prejudice the Campaign ....... 7
                   3.       The Proposed Amendment Is Not Futile ........................................ 8
            B.       Rule 21's Permissive Joinder Standard is Satisfied as to Proposed Class Representatives ....................................................................................... 10
CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    680 F.3d 162 (2d Cir. 2012) ..................................................................................................4

*Aros v. United Rentals, Inc.*,
    No. 10 Civ. 73, 2011 U.S. Dist. LEXIS 46702 (D. Conn. Apr. 25, 2011) ..............................8

*Billhofer v. Flamel Techs., S.A.*,
    No. 07 Civ. 9920, 2010 WL 3703838 (S.D.N.Y. Sept. 21, 2010) ...........................................5

*Block v. First Blood Assocs.*,
    988 F.2d. 344 (2d Cir. 1993) ...........................................................................................4, 7, 8

*Burch v. Pioneer Credit Recovery, Inc.*,
    551 F.3d 122 (2d Cir. 2008) ....................................................................................................4

*Coney Island Resorts, Inc. v. Giuliani*,
    103 F. Supp. 2d 645 (E.D.N.Y. 2000), *aff'd*, 11 F. App'x 11 (2d Cir. 2001) .........................9

*Gilliam v. Addicts Rehab. Ctr. Fund*,
    No. 05 Civ. 3452, 2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006) ..................................5, 7, 10

*Haddock v. Nationwide Fin. Servs. Inc.*,
    514 F. Supp. 2d 267 (D. Conn. 2007) .....................................................................................7

*Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Grp. Inc.*,
    No. 04 Civ. 1512, 2005 WL 1038991 (D. Conn. May 3, 2005) .............................................4

*Johnson v. Bryson*,
    851 F. Supp. 2d 688 (S.D.N.Y. 2012) .................................................................................5, 9

*Munoz v. Chipotle Mexican Grill, Inc.*,
    238 Cal. App. 4th 291 (2015) ..................................................................................................9

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ....................................................................................................6

*Torres Lopez v. JVA Indus., Inc.*,
    No. 14 Civ. 9988, 2016 U.S. Dist. LEXIS 202622 (S.D.N.Y. Feb. 23, 2016) ........................4

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) .................................................................................................................5

**Other Authorities**

Cal. Lab. Code § 2699.3 ...............................................................................................1, 2, 8

- iv -

Cal. Lab. Code § 2699.5 ...........................................................................................................8, 9

Cal. Labor Code §§ 2698, *et seq.*..................................................................................................1

6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1484
    (3d ed.) ......................................................................................................................................5

Fed. R. Civ. P. 21................................................................................................................5, 10

Fed. R. Civ. P. 15......................................................................................................................4

**INTRODUCTION**

Plaintiffs, through undersigned counsel, pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, hereby respectfully move this Court for an Order permitting them to file a Third Amended Complaint ("TAC").  *See* Exhibits A (proposed TAC); Exhibit B (redlined TAC).  The Third Amended Complaint makes three technical changes to the operative complaint: (1) removing Plaintiff Zia Oram as class representative for the Michigan claims and replacing her with Lakisha Watson-Moore; (2) removing Alexandra Marie Wheatley-Diaz as class representative and replacing her with Robin Ceppos and Nick Coker; and (3) adding a claim for penalties pursuant to California's Private Attorney General Act of 2004, Cal. Labor Code §§ 2698 *et seq.* ("PAGA"), that are derivative of the California labor law violations already alleged.  Plaintiffs meet the low standard for leave to amend under Rules 15 and 20 and Defendant Mike Bloomberg 2020, Inc. ("the Campaign"), which has long been on notice of these proposed amendments, will suffer no prejudice if the Court grants this Motion.  For the reasons set forth below, Plaintiffs' Motion should be granted.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Donna Wood filed this lawsuit on March 23, 2020.  ECF No. 1.  On March 30, 2020, Plaintiff Wood filed a First Amended Complaint, adding 49 additional plaintiffs and several new causes of action to the suit.  ECF No. 29.  On March 31, 2020, Plaintiff Alexandra Marie Wheatley-Diaz filed a notice with the California's Labor & Workforce Development Agency ("LWDA") stating that she intended to bring claims for penalties under PAGA.  Exhibit 1, Declaration of Justin Swartz ("Swartz Decl.") (PAGA Notice).  PAGA requires individuals to wait 65 days after filing a PAGA notice before adding PAGA claims to a lawsuit, to permit the LWDA to decide whether to investigate the alleged violation.  Cal. Lab. Code § 2699.3(a)(2)(A).

Plaintiffs served a copy of the PAGA letter on the Campaign's registered agent, by certified mail, as required by Cal. Lab. Code § 2699.3(a)(1).  Swartz Decl. ¶ 5.

       The Campaign notified Plaintiffs that it intended to file a motion to dismiss the First Amended Complaint on April 21, 2020.  *Id.* ¶ 6.  On June 17, 2020, the Campaign filed a partial motion to dismiss.  ECF No. 111.  Plaintiffs filed their opposition on July 17, 2020, ECF No. 133, and the Campaign filed its reply on July 31, 2020, ECF No. 142.  In late 2020 and early 2021, while the motion was pending, the parties engaged in limited discovery.  Swartz Decl. ¶ 7.  Plaintiffs responded to interrogatories and produced documents for a sample of Plaintiffs, including proposed named Class Representatives Watson-Moore and Ceppos,[1] and the Campaign produced limited responses to Plaintiffs' discovery requests, including documents from named Class Representatives' email accounts and limited documents related to onboarding and hiring.  *Id.* ¶ 8.  The parties are still in the beginning stages of discovery, having just begun negotiating ESI custodians and search process.  The Campaign has not produced any additional documents, and the parties have not yet noticed or taken any depositions.  *Id.* ¶ 9.

       Plaintiffs notified the Campaign on October 19, 2020 that they would seek leave to file their TAC substituting the current Michigan and California Representatives and adding PAGA claims but stated that, in the interests of efficiency, they would try to postpone any filing until the Court ruled on the Campaign's partial motion to dismiss.  *Id.* ¶ 10.  On November 25, 2020, Plaintiffs sent a draft of the TAC to the Campaign and requested its consent to filing it.  *Id.* ¶ 11.  The Campaign did not provide any response.  *Id.*  On January 4, 2021, Plaintiffs again requested that the Campaign provide its position on the TAC.  *Id.* ¶ 12.  Plaintiffs stated that they planned

---

[1]    Plaintiffs will serve interrogatory responses and produce documents on behalf of proposed named Class Representative Nick Coker in the coming weeks.  Swartz Decl. ¶ 8.

to file the TAC soon, but that they would postpone filing if the Campaign agreed to toll the statute of limitations for the PAGA claims. *Id.* ¶ 13. Several months passed without a decision on the Campaign's partial motion to dismiss, and Plaintiffs decided that, without tolling, in order to preserve the statute of limitations on Plaintiffs' PAGA claims, they should not delay filing the TAC any longer. *Id.* ¶ 14. On May 7, 2021, Plaintiffs provided the Campaign with the current proposed TAC,[2] notified the Campaign that they intended to file this Motion no later than May 14, 2021, and asked again if it would either consent to the filing of the TAC or agree to toll Plaintiffs' PAGA claims. *Id.* ¶ 15. The Campaign agreed to tolling and, on May 18, 2021, the parties executed a tolling agreement. *Id.* ¶ 16; Exhibit 2, Swartz Decl. (Tolling Agreement)

On March 25, 2022, the Court granted in part and denied in part the Campaign's partial motion to dismiss. ECF No. 258. The Court dismissed Plaintiffs' fraudulent inducement and promissory estoppel claims with prejudice but denied the Campaign's motion as to Plaintiffs' FLSA claim. *Id.* Plaintiffs' state law unpaid overtime claims, *see* Second Amended Complaint ¶¶ 325-414 (Plaintiffs' Second through Fifteenth causes of action), remain in the case, as the Campaign did not seek to dismiss them.

On April 27, 2022, Plaintiffs requested that the Court enter judgement under Rule 54(b) on Plaintiffs' fraudulent inducement and promissory estoppel claims, ECF No. 270, which the Court granted on April 28, 2022, ECF Nos. 272, 273. Plaintiffs timely filed their notice of appeal on May 6, 2022. ECF No. 275. On April 11, 2022, the Court entered a scheduling order, setting May 31, 2022 at the deadline to amend pleadings and January 31, 2021 as the non-expert

---

[2] The only difference between the current proposed TAC and the draft Plaintiffs provided to the Campaign on November 25, 2020 was that it also added Mr. Coker as a California Representative in addition to Ms. Ceppos. Swartz Decl. ¶ 15. Nonetheless, the Campaign has been on notice of Plaintiffs' intent to add a new California Class Representative since October 2020. *Id.*

- 3 -

discovery deadline.  ECF No. 262.  Plaintiffs contacted the Campaign on May 20, 2022, requesting again that the Campaign advise whether it intended to oppose Plaintiffs' motion, given the liberal pleading standard and the parties' mutual interest in avoiding unnecessary briefing and consumption of Court resources.  Swartz Decl. ¶ 17.  The Campaign responded that it still intended to oppose any application to amend.  *Id.* ¶ 18.

## ARGUMENT

### I.     Motions to Amend Are Freely Granted.

Fed. R. Civ. P. 15 ("Rule 15") embodies a liberal amendment policy.  *See* Fed. R. Civ. P. 15(a)(2); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("When a party requests leave to amend its complaint, permission generally should be freely granted."). "The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'"  *Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Grp. Inc.*, No. 04 Civ. 1512, 2005 WL 1038991, at *4 (D. Conn. May 3, 2005) (quoting *Rachman Bag Co. v. Liberty Mutual Ins.*, 46 F.3d 230, 235 (2d Cir. 1995)).

Motions to amend should be denied only "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *Block v. First Blood Assocs.*, 988 F.2d. 344, 350 (2d Cir. 1993).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Torres Lopez v. JVA Indus., Inc.*, No. 14 Civ. 9988, 2016 U.S. Dist. LEXIS 202622, at *2 (S.D.N.Y. Feb. 23, 2016) (quoting *State*

*Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  Accordingly, "[i]f no prejudice is found, then leave normally will be granted."  6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1484 (3d ed.).

The addition of new parties is also governed by Fed. R. Civ. P. 21 ("Rule 21"), which provides that "the court may at any time, on just terms, add or drop a party."  In class actions, courts routinely allow plaintiffs to "add or modify class representatives during pre-class certification discovery."  *See Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006).  Moreover, it is routine to allow substitution of named plaintiffs in class litigation.  *See Billhofer v. Flamel Techs., S.A.*, No. 07 Civ. 9920, 2010 WL 3703838, at *2 (S.D.N.Y. Sept. 21, 2010) (finding that courts have ability to withdraw and substitute plaintiffs throughout the litigation of a class action without even amending the complaint and citing cases).  The same liberal standard favoring amendment applies under Rule 21 as under Rule 15.  *See Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012) ("[T]he showing necessary under Rule 21 is the same as that required under Rule 15(a)."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

**II.    Plaintiffs' Proposed Amendments Satisfy Rules 15 and 21.**

    **A.    All Rule 15 Factors are Satisfied.**

        **1.    There Has Been No Delay, Bad Faith, or Dilatory Motive.**

Plaintiffs have not delayed in moving to amend and there is no evidence of bad faith.  Plaintiffs notified the Campaign in October 2020 that they intended to file the TAC and, in May 2021, the parties ultimately agreed to toll the PAGA claims of the California Representatives and potential PAGA Members during the pendency of the Campaign's partial motion to dismiss.

- 5 -

Swartz Decl. ¶ 18.  Postponing the amendment until after the Court ruled on the partial motion to dismiss allowed for potential case efficiencies, as Plaintiffs would have avoided yet another amended complaint if the Court had granted any portion of the Campaign's motion to dismiss but with leave to amend.  *Id.* ¶ 20.  Now that the Court has ruled on the Campaign's motion, the Court has entered a scheduling order, and the parties are resuming discovery, it is appropriate that Plaintiffs seek to amend the complaint now.  Additionally, the Court has issued a scheduling order that includes a deadline to amend the pleadings, ECF No. 262, which Plaintiffs have met.

Importantly, the timing of Plaintiffs' request for leave to file their TAC has not delayed any aspect of the case.  First, the parties are still in the beginning stages of discovery.  The Campaign has produced only limited documents in response to Plaintiffs' requests, the parties are in the beginning stages of negotiating ESI custodians and search process, and depositions have not yet begun.  Swartz Decl. ¶ 9.  Second, the parties have operated under the assumption that the Complaint would be amended to substitute Class Representatives for Michigan and California since October 2020.  Plaintiffs have provided complete interrogatory responses and produced all relevant and responsive documents in their possession for the proposed Michigan Class Representative and one proposed California Class Representative, and will do so shortly for the other proposed California Class Representative.  *Id.* ¶ 8.

Furthermore, even if the Court finds delay, which it should not, this would not by itself be grounds to deny leave to amend because there is no evidence of any bad motive on Plaintiffs' part.  "[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."  *State Teachers Ret. Bd.*, 654 F.2d at 856 (granting leave to amend when no trial date had been set and no motion for summary judgment had been filed by defendants).  Where courts have found "no evidence that the [movants] have

intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted. *See Haddock v. Nationwide Fin. Servs. Inc*., 514 F. Supp. 2d 267, 271 (D. Conn. 2007). Similarly, there is no such evidence here.

### 2. The Proposed Amendment Will Not Prejudice the Campaign.

The Campaign cannot show that it will be prejudiced by the amendment. To evaluate whether a party would be prejudiced by an amendment, courts in this Circuit consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Here, the proposed amendments will not require the parties to spend any additional resources and will not delay the progress of the case at all. (The third factor does not apply here).

With respect to the substitution of Class Representatives, the Campaign was already on notice of Plaintiffs Watson-Moore and Ceppos, who were already named as plaintiffs in the caption of First Amended Complaint, ECF No. 29. All three proposed Class Representatives had already opted in to the case as FLSA opt-ins. ECF Nos. 13, 25, 127. Again, Plaintiffs informed the Campaign that they intended to file the TAC substituting new representatives for California and Michigan in October 2020. Swartz Decl. ¶ 10. Such substitutions in wage and hour class and collective actions are routine. *See, e.g.*, *Gilliam*, 2006 WL 1049352, at *2 (finding no prejudice where "the new named plaintiffs and class representatives have either already opted into the lawsuit prior to seeking this amendment, thus, providing defendants with prior notice of their claims, or assert identical wage and hour claims as those of the plaintiffs in the original complaint").

With respect to the PAGA claims, the proposed amendment does not allege any new substantive facts, but merely seeks add PAGA claims that are derivative of the already-pled California claims. *See* ECF No. 29 (Second Amended Complaint) ¶¶ 342-371; Cal. Lab. Code § 2699.5 (listing provisions of the Labor Code covered by PAGA). The Campaign was already on notice that Plaintiffs intended to bring a claim under PAGA, but Plaintiffs could not plead the claim until the LWDA waiting period expired. Swartz Decl. ¶ 22; Cal. Lab. Code § 2699.3(a)(2)(A). After the waiting period expired, Plaintiffs notified the Campaign of their intent to amend and the Campaign eventually agreed to toll the statute of limitations for the PAGA claims to allow Plaintiffs to wait until the Court ruled on the Campaign's motion to dismiss. Swartz Decl. ¶¶ 10-16.

Additionally, as discussed above, the Campaign will not be prejudiced by any amendment because the parties are in the beginning stages of discovery (which is not scheduled to end until January 31, 2023) and Plaintiffs have provided discovery responses on behalf of two of the proposed Class Representatives thus far. *Id.* ¶¶ 8-9, 23; *see also Aros v. United Rentals, Inc.*, No. 10 Civ. 73, 2011 U.S. Dist. LEXIS 46702, at *4 (D. Conn. Apr. 25, 2011) (finding no prejudice because "[t]he parties have engaged in only limited discovery at this stage, and the defendants have not lost any opportunity to obtain discovery"). For these reasons, the TAC would not require the Campaign to "expend significant additional resources to conduct discovery and prepare for trial," nor will it "significantly delay the resolution of the dispute." *Block*, 988 F.2d at 350. Accordingly, the Campaign cannot claim any prejudice.

### 3.     The Proposed Amendment Is Not Futile.

Plaintiffs' proposed amendments are not futile because they would survive a motion to dismiss. In this Circuit, "[a]n amendment would be futile if it could not survive a motion to

dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Coney Island Resorts, Inc. v. Giuliani*, 103 F. Supp. 2d 645, 657 n.8 (E.D.N.Y. 2000), *aff'd*, 11 F. App'x 11 (2d Cir. 2001); *Johnson*, 851 F. Supp. 2d at 703.  Here, the Campaign has not moved to dismiss any of the state law claims.  Accordingly, the proposed classes the proposed Class Representatives seek to represent, as well as the derivative PAGA claims, will continue to be litigated in this case after the motion to dismiss is decided.

Additionally, Plaintiffs allege sufficient facts to support the addition of the proposed Class Representatives for Michigan and California.  All proposed Class Representatives worked as Field Organizers for the Campaign, relied on the Campaign's promise of employment and suffered damages as a result, performed substantially similar job duties, and worked overtime for which they received no overtime premium pay.  TAC ¶¶ 83-86, 97-98.  Plaintiffs Watson-Moore, Ceppos, and Coker are willing and able to serve as Class Representatives and they worked within the applicable statute of limitations for the state law claims they are now seeking to bring.  *Id.* ¶¶ 83, 85, 97.

The proposed PAGA claims would not be futile because they are allowed by statute. *Munoz v. Chipotle Mexican Grill, Inc.*, 238 Cal. App. 4th 291, 310 (2015) (providing that "civil penalties under the PAGA are available for violations of those Labor Code sections set forth in Labor Code section 2699.5").[3]

---

[3]  The TAC includes Plaintiffs' claims for fraudulent inducement and promissory estoppel. Though these claims were dismissed by the Court, ECF No. 258, Plaintiffs have appealed the dismissal of those claims and include them in the TAC because they do not intend to waive those claims.  Swartz Decl. ¶ 24.

### B. Rule 21's Permissive Joinder Standard is Satisfied as to Proposed Class Representatives.

Plaintiffs' motion should also be granted under Rule 21's lenient joinder standard, which provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As discussed above, "[t]he addition of new plaintiffs and class representatives in an FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,'" as the original complaint. *Gilliam*, 2006 WL 1049352, at *2 (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). Here, naming Plaintiffs Watson-Moore, Ceppos, and Coker as Class Representatives for Michigan and California is appropriate under Rule 21 because they are already named plaintiffs in this action, sufficiently allege facts supporting their naming as class representatives, and have cooperated with discovery on the same timeline as the other Class Representatives or will serve responses promptly. Swartz Decl. ¶ 25. Plaintiffs do not seek to add or change any factual allegations relating to the Michigan or California state claims. For this reason, Plaintiffs easily meet Rule 21's permissive joinder standard.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint should be granted.

Dated: New York, NY
May 31, 2022

Respectfully submitted,

 */s/ Justin Swartz*
Justin M. Swartz
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060

jms@outtengolden.com
mdanna@outtengolden.com

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*Admitted *pro hac vice*