UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (KMW) (GWG) |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

I, Justin M. Swartz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, NY. I am admitted to practice before this Court. Along with lawyers from Shavitz Law Group, P.A., I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the collective.

2. I make this declaration in connection with Plaintiffs' Motion for Leave to File Third Amended Complaint.

3. I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

**Relevant Facts and Procedural History**

4. On March 31, 2020, Plaintiff Alexandra Marie Wheatley-Diaz filed a notice with the California's Labor & Workforce Development Agency ("LWDA") stating that she intended to bring claims for penalties under PAGA. *See* Exhibit 1.

5. Plaintiffs served a copy of the PAGA letter on the Campaign's registered agent,

- 1 -

by certified mail, as required by Cal. Lab. Code § 2699.3(a)(1).

6. The Campaign notified Plaintiffs that it intended to file a motion to dismiss the First Amended Complaint on April 21, 2020.

7. In late 2020 and early 2021, while the motion was pending, the parties engaged in limited discovery.

8. Plaintiffs responded to interrogatories and produced documents for a sample of Plaintiffs, including proposed named Class Representatives Watson-Moore and Ceppos, and the Campaign produced limited responses to Plaintiffs' discovery requests, including documents from named Class Representatives' email accounts and limited documents related to onboarding and hiring. Plaintiffs will serve interrogatory responses and produce documents on behalf of proposed named Class Representative Nick Coker in the coming weeks.

9. Currently, the parties are still in the beginning stages of discovery, having just begun negotiating ESI custodians and search process. The Campaign has not produced any additional documents, and the parties have not yet noticed or taken any depositions.

10. Plaintiffs notified the Campaign on October 19, 2020 that they would seek leave to file their TAC substituting the current Michigan and California Representatives and adding PAGA claims but stated that, in the interests of efficiency, they would try to postpone any filing until the Court ruled on the Campaign's partial motion to dismiss.

11. On November 25, 2020, Plaintiffs sent a draft of the TAC to the Campaign and requested its consent to filing it. The Campaign did not provide any response.

12. On January 4, 2021, Plaintiffs again requested that the Campaign provide its position on the TAC.

13. Plaintiffs stated that they planned to file the TAC soon, but that they would

postpone filing if the Campaign agreed to toll the statute of limitations for the PAGA claims.

14. Several months passed without a decision on the Campaign's partial motion to dismiss, and Plaintiffs decided that, without tolling, in order to preserve the statute of limitations on Plaintiffs' PAGA claims, they should not delay filing the TAC any longer.

15. On May 7, 2021, Plaintiffs provided the Campaign with the current proposed TAC, notified the Campaign that they intended to file this Motion no later than May 14, 2021, and asked again if it would either consent to the filing of the TAC or agree to toll Plaintiffs' PAGA claims. The only difference between the current proposed TAC and the draft Plaintiffs provided to the Campaign on November 25, 2020 was that it also added Mr. Coker as a California Representative in addition to Ms. Ceppos. Nonetheless, the Campaign has been on notice of Plaintiffs' intent to add a new California Class Representative since October 2020.

16. The Campaign agreed to toll and, on May 18, 2021, the parties executed a tolling agreement.

17. Following the Court's order on the partial motion to dismiss, Plaintiffs contacted the Campaign on May 20, 2022, requesting that the Campaign advise whether it intended to oppose Plaintiffs' motion, given the liberal pleading standard and the parties' mutual interest in avoiding unnecessary briefing and consumption of Court resources.

18. The Campaign responded that it still intended to oppose any application to amend.

**There Has Been No Delay, Bad Faith, or Dilatory Motive.**

19. Plaintiffs have not delayed in moving to amend and there is no evidence of bad faith. Plaintiffs notified the Campaign in October 2020 that they intended to file the TAC and, in May 2021, the parties ultimately agreed to toll the PAGA claims of the California Representatives and potential PAGA Members during the pendency of the Campaign's partial

motion to dismiss.

20.     Postponing the amendment until after the Court ruled on the partial motion to dismiss allowed for potential case efficiencies, as Plaintiffs would have avoided yet another amended complaint if the Court had granted any portion of the Campaign's motion to dismiss but with leave to amend.

**The Proposed Amendment Will Not Prejudice the Campaign.**

21.     Plaintiffs informed the Campaign that they intended to file the TAC substituting new representatives for California and Michigan.

22.     With respect to the PAGA claim, the Campaign was already on notice that Plaintiffs intended to bring a claim under PAGA, but Plaintiffs could not plead the claim until the LWDA waiting period expired.

23.     The parties are in the beginning stages of discovery and Plaintiffs have served discovery on behalf of two of the proposed Class Representatives thus far.

24.     The TAC includes Plaintiffs' claims for fraudulent inducement and promissory estoppel.  Though these claims were dismissed by the Court, ECF No. 258, Plaintiffs have appealed the dismissal of those claims and include them in the TAC because they do not intend to waive those claims.

**Rule 21's Permissive Joinder Standard is Satisfied as to Proposed Class Representatives.**

25.     Naming Plaintiffs Watson-Moore, Ceppos, and Coker as Class Representatives for Michigan and California is appropriate under Rule 21 because they are already named plaintiffs in this action, sufficiently allege facts supporting their naming as class representatives, and have cooperated with discovery on the same timeline as the other Class Representatives or will serve responses promptly.

**Exhibits**

26. **Exhibit 1** attached hereto is a true and correct copy of the notice submitted to California's Labor & Workforce Development Agency ("LWDA") stating that Plaintiff Wheatley-Diaz intended to bring claims for penalties under PAGA.

27. **Exhibit 2** attached hereto is a true and correct copy of the tolling agreement executed by the parties on May 18, 2021.

*    *    *

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: May 31, 2022
New York, NY

*/s/ Justin M. Swartz*
Justin M. Swartz
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: (646) 509-2060
jms@outtengolden.com