UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA WOOD, et al., individually and on behalf of
all others similarly situated,

                Plaintiffs,

      v.

MIKE BLOOMBERG 2020, INC.,

                Defendant.

---

20 Civ. 2489 (LTS) (GWG)

 

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT FACTS ............................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

I.      Applicable Legal Standard.......................................................................................... 3

II.     Plaintiffs' Proposed PAGA Claim Is Subject To Dismissal Under Rule 12(b)(6);
Any Amendment Therefore Is Futile. ...................................................................... 4

        A.    The Potential PAGA Plaintiffs Failed to Satisfy PAGA's Administrative
Exhaustion Requirements. ............................................................................ 4

        B.    Because it is Now Too Late to Provide Timely Notice to the LWDA, any
Proposed Amendment to Add a PAGA Claim Would be Futile. .......................... 7

III.    Plaintiffs' Attempt To Replead The Already-Dismissed Common Law Claims
Should Be Rejected. ................................................................................................... 8

IV.    Amendment Is Not Required To Designate Proposed Class Representatives. ................... 9

CONCLUSION ....................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Aguilar v. Advanced MEPF Servs. Corp.*,
   2022 WL 598148 (E.D.N.Y. Jan. 20, 2022) ........................................................................10

*Alcantar v. Hobart Serv.*,
   2013 WL 228501 (C.D. Cal. Jan. 22, 2013) ...........................................................................5

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*,
   46 Cal. 4th 993 (2009) ............................................................................................................6

*Ambuehl v. Collins*,
   Super. Ct. Los Angeles Cnty. Case No. 20STCV13565 (Sept. 17, 2021) ...............................5

*Arias v. Super. Ct.*,
   46 Cal. 4th 969 (2009) ............................................................................................................4

*Barclay v. Poland*,
   2010 WL 3657664 (W.D.N.Y. Mar. 24, 2010) .......................................................................9

*Benitez v. W. Milling, LLC*,
   2020 WL 3412725 (E.D. Cal. June 22, 2020) .........................................................................4

*Brown v. Ralphs Grocery Co.*,
   28 Cal. App. 5th 824 (2018) .................................................................................................4, 7

*Bush v. Vaco Tech. Servs., LLC*,
   2018 WL 2047807 (N.D. Cal. May 2, 2018) ........................................................................6, 7

*Campbell v. City of Los Angeles*,
   903 F.3d 1090 (9th Cir. 2018) ...............................................................................................10

*Estate of Harrington v. Marten Transp., Ltd.*,
   2017 WL 5513635 (C.D. Cal. Nov. 6, 2017) ........................................................................6, 7

*Feinman v. Schulman Berlin & Davis*,
   677 F. Supp. 168 (S.D.N.Y. 1988) ..........................................................................................9

*Green v. Von Dutch, LLC*,
   Super. Ct. Riverside Cnty. Case No. CVRI2101925 (Aug. 23, 2021) .....................................5

*Hannan v. City of N.Y.*,
   2020 WL 3892498 (S.D.N.Y. July 10, 2020) ..........................................................................9

*Harris v. TD Ameritrade Inc.*,
   338 F. Supp. 3d 170 (S.D.N.Y. 2018) ..................................................................... 2

*Health-Chem Corp. v. Baker*,
   915 F.2d 805 (2d Cir. 1990) ................................................................................... 3

*Johnson v. Maxim Healthcare Servs., Inc.*,
   66 Cal. App. 5th 924 (2021) ................................................................................... 5

*Jones v. City of N.Y.*,
   2021 WL 5562694 (S.D.N.Y. Nov. 29, 2021) ........................................................ 4

*Jones v. Cuomo*,
   542 F. Supp. 3d 207 (S.D.N.Y. 2021) ..................................................................... 2

*Kamar v. RadioShack Corp.*,
   2008 WL 2229166 (C.D. Cal. May 15, 2008) ......................................................... 5

*Lucas v. Michael Kors (USA), Inc.*,
   2018 WL 6177222 (C.D. Cal. May 23, 2018) ......................................................... 8

*Maricultura Del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*,
   2016 WL 9735720 (S.D.N.Y. Dec. 7, 2016), *aff'd*, 769 F. App'x 44 (2d Cir.
   2019) ...................................................................................................................... 9

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) ................................................................................... 3

*Moreno v. Castlerock Farming & Transp. Inc.*,
   2022 WL 902597 (E.D. Cal. Mar. 28, 2022) .......................................................... 4

*Perez v. DXC Tech. Servs. LLC*,
   2020 WL 5517276 (N.D. Cal. Sept. 14, 2020) ....................................................... 2

*Premier Health Ctr., P.C. v. CureMD.com, Inc.*,
   2018 WL 1578384 (S.D.N.Y. Mar. 28, 2018) (Swain, J.) ...................................... 4

*Rohrer v. FSI Futures, Inc.*,
   1997 WL 792955 (S.D.N.Y. Dec. 23, 1997) ........................................................ 10

*S. Telecom Inc. v. ThreeSixty Brands Grp., LLC*,
   2021 WL 979567 (S.D.N.Y. Mar. 16, 2021) .......................................................... 4

*Thomas v. Home Depot USA Inc.*,
   527 F. Supp. 2d 1003 (N.D. Cal. 2007) .................................................................. 5

*Tuan Vo v. LoanMe, Inc.*,
   2018 WL 6137577 (C.D. Cal. Sept. 24, 2018) ....................................................... 7

*Wyland v. Berry Petroleum Co., LLC,*
  2019 WL 5079562 (E.D. Cal. Oct. 10, 2019) ..........................................................................8

**STATUTES**

29 U.S.C. § 216(b) .........................................................................................................................10

Cal. Lab. Code § 2699.3(a)(1)(A) ....................................................................................................4

Cal. Lab. Code § 2699.3(a)(2)(A) ....................................................................................................2

Fed. R. Civ. P. 15(a)(2) ....................................................................................................................3

Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") respectfully submits this memorandum of law in opposition to Plaintiffs' motion for leave to file a Third Amended Complaint.

## PRELIMINARY STATEMENT

After amending their complaint twice, Plaintiffs now seek leave to amend for a third time to add a claim under California's Private Attorneys General Act ("PAGA"), and to designate new proposed class representatives for the California and Michigan state law claims. Plaintiffs' proposed amendment to add a PAGA claim should be rejected as futile because the Plaintiffs who worked in California failed to satisfy PAGA's administrative exhaustion requirements and their time to do so has expired. Plaintiffs' proposal to replead their common law claims in the proposed Third Amended Complaint, moreover, is wholly improper given that this Court already dismissed those claims with prejudice after holding that any amendment would be futile. Finally, to the extent that Plaintiffs seek to substitute certain class representatives, they do not need to file yet another amended complaint to do so because all three proposed class representatives are already party plaintiffs in this case and can be designated as necessary if and when Plaintiffs seek class certification. The motion should be denied.

## RELEVANT FACTS

The operative complaint in this putative class and collective action is the Second Amended Complaint filed by Plaintiffs on May 18, 2020 (Dkt. 86) ("SAC"). In the SAC, Plaintiffs purport to assert wage-and-hour claims under the Fair Labor Standards Act of 1938 ("FLSA") and the laws of seven states: New York, California, Michigan, Wisconsin, Illinois, Minnesota, and North

Carolina.  *See* SAC at ¶¶ 74-80, 83-96, 244-313, 325-414.[1]  Plaintiffs designated seven Plaintiffs to serve as class representatives in each of those states, pursuant to Federal Rule of Civil Procedure 23.  *Id*.

For the putative California class, Plaintiffs designated Plaintiff Alexandra Marie Wheatley-Diaz as the class representative.  *See* SAC at ¶¶ 80, 254-255.  Wheatley-Diaz worked for the Campaign in California between January and March 2020.  *See* SAC at ¶ 95.  On March 31, 2020, Wheatley-Diaz filed a notice with California's Labor & Workforce Development Agency ("LWDA") stating that she intended to bring claims against the Campaign for penalties pursuant to PAGA.  *See* Dkt. 280-1.[2]  (Though Plaintiffs could have waited a few weeks to file the SAC and sought to add a PAGA claim in that pleading, they did not do so).[3]  On October 19, 2020, Plaintiffs informed the Campaign that they intended to amend the SAC to substitute Plaintiff Robin Ceppos as the California class representative in the place of Wheatley-Diaz, and to plead representative claims under PAGA.  *See* Bloom Decl. at ¶ 5.  More than two months later, on January 4, 2021, Plaintiffs informed the Campaign that they planned to seek to amend by the end of the month, but would be willing to postpone the filing if the Campaign would agree to toll the statute of limitations for the proposed PAGA claim.  *Id*. at ¶ 6.  They did not follow through on

---

[1] Plaintiffs also alleged common law claims for fraudulent inducement and promissory estoppel in the SAC, but on March 25, 2022, this Court granted the Campaign's partial motion to dismiss as to those claims and dismissed them with prejudice and without leave to amend.  *See* Dkt. 258.

[2] A copy of a screenshot showing the results of a search for Wheatley-Diaz's name on California's "PAGA Case Search" website is attached as Exhibit A to the accompanying Declaration of Elise M. Bloom ("Bloom Decl.").  The Court can take judicial notice of this document because it is a record from an official government website.  *See Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 187 (S.D.N.Y. 2018) (Swain, J.) (court may take judicial notice of "documents filed with governmental entities and available on their official websites") (citation omitted); *Jones v. Cuomo*, 542 F. Supp. 3d 207, 211 n.1 (S.D.N.Y. 2021) ("When considering a motion made pursuant to Rule 12(b)(6), the Court may take judicial notice of documents retrieved from official government websites.") (cleaned up); *see also Perez v. DXC Tech. Servs. LLC*, 2020 WL 5517276, at *2 (N.D. Cal. Sept. 14, 2020) ("Courts routinely take judicial notice of PAGA notices at the motion to dismiss stage.").

[3] PAGA requires that an "aggrieved employee" give the LWDA 65 days to review the administrative claim before filing suit.  Cal. Lab. Code § 2699.3(a)(2)(A).  Accordingly, Wheatley-Diaz could have added a timely PAGA claim as of June 5, 2020, which was the 66th day after she filed her PAGA notice with the LWDA.

that proposal, however, until May 7, 2021—more than 13 months after Plaintiffs' employment with the Campaign ended in March 2020—when Plaintiffs informed the Campaign that they also intended to add a new Plaintiff to this case, Nick Coker, and that Coker would serve as a California class representative in addition to Ceppos.  *Id.* at ¶ 7.  Plaintiffs also stated they remained open to negotiating a tolling agreement, and the parties subsequently executed such an agreement on May 18, 2021.  *Id.*

Like Wheatley-Diaz, Ceppos and Coker worked for the Campaign in California between January and March 2020.  *See* SAC at ¶ 109; Proposed Third Amended Complaint ("TAC") (Dkt. 279-1) at ¶ 85.  Unlike Wheatley-Diaz, however, neither Ceppos nor Coker ever filed PAGA notices with the LWDA regarding any alleged violations by the Campaign of the California Labor Code.[4]  Because, as explained below, PAGA requires such claims to be filed within one year of the alleged violation, Ceppos' and Coker's opportunity to do so expired no later than March 31, 2021 (more than one month before the tolling agreement became effective).

## ARGUMENT

### I.   APPLICABLE LEGAL STANDARD.

Although Federal Rule of Civil Procedure 15 provides that leave to amend shall be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Second Circuit has made clear that where "there is no merit in the proposed amendments, leave to amend should be denied."  *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990).  District courts have broad discretion to deny leave to amend based on (i) undue delay; (ii) bad faith; (iii) futility; or (iv) prejudice to the non-moving party.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

---

[4] A search for Robin Ceppos on the PAGA Case Search website returns no results.  *See* Bloom Decl. Ex. B.  A search for Nick Coker reveals that someone with that name filed a PAGA notice against a different employer (a cannabis dispensary), but not against the Campaign.  *See* Bloom Decl. Ex. C.

Leave to amend should be denied on grounds of futility "if the proposed amended pleading could not withstand a motion to dismiss … under Rule 12(b)(6) for failure to state a claim." *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) (Swain, J.) (denying motion to amend under Rule 15(a) on ground of futility); *S. Telecom Inc. v. ThreeSixty Brands Grp., LLC*, 2021 WL 979567, at *3–4 (S.D.N.Y. Mar. 16, 2021) (same); *see also Jones v. City of N.Y.*, 2021 WL 5562694, at *5 (S.D.N.Y. Nov. 29, 2021) ("[A] court does not have to wait for a motion to dismiss, and waste judicial time and resources, but may instead deny a motion to amend to add time-barred claims as futile.") (quotation marks and citation omitted).

## II.    PLAINTIFFS' PROPOSED PAGA CLAIM IS SUBJECT TO DISMISSAL UNDER RULE 12(B)(6); ANY AMENDMENT THEREFORE IS FUTILE.

### A.    The Potential PAGA Plaintiffs Failed to Satisfy PAGA's Administrative Exhaustion Requirements.

Under PAGA, employees are empowered to "stand in the shoes of the state of California" to enforce claims on behalf of the state for violations of the California Labor Code. *Benitez v. W. Milling, LLC*, 2020 WL 3412725, at *7 (E.D. Cal. June 22, 2020).  Before bringing a PAGA claim, however, a purportedly "aggrieved employee" must first send a letter to the LWDA and the employer detailing the alleged Labor Code violations and the specific factual allegations and legal theories that relate thereto.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); *see also Arias v. Super. Ct.*, 46 Cal. 4th 969, 981 (2009) (PAGA "requires the employee to give written notice of the alleged Labor Code violation to both the employer and the Labor and Workforce Development Agency, and the notice must describe facts and theories supporting the violation").  Administrative exhaustion through timely and sufficient notice to the LWDA is mandatory.  *See Moreno v. Castlerock Farming & Transp. Inc.*, 2022 WL 902597, at *14 (E.D. Cal. Mar. 28, 2022) ("As this exhaustion is a condition precedent to a PAGA claim, Plaintiffs' PAGA causes of action must be dismissed."); *Brown v. Ralphs Grocery Co*., 28 Cal. App. 5th 824, 835 (2018) ("Proper notice under section

4

2699.3 is a 'condition' of a PAGA lawsuit.") (citations omitted); *Kamar v. RadioShack Corp*., 2008 WL 2229166, at *14 (C.D. Cal. May 15, 2008) ("[T]he Court holds that to the extent Plaintiffs rely on PAGA for a private right of action to recover the civil penalty allowed by section 558, they are required to meet that Act's pre-filing notice and cure requirements.") (citation omitted); *see also, e.g., Alcantar v. Hobart Serv.*, 2013 WL 228501, at *6 (C.D. Cal. Jan. 22, 2013) ("Defendants specifically recognized that Plaintiff had not just failed to exhaust administrative remedies, but had failed to exhaust the jurisdictional requirements imposed by PAGA, the Court finds that there was enough information to put Plaintiff on notice of the affirmative defense."); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) ("Individuals who bring claims under PAGA must comply with the administrative procedures set forth in Labor Code § 2699.3.").[5]

Here, two facts regarding PAGA notice are beyond dispute:  First, the **only** individual who ever gave notice to the LWDA of alleged Labor Code violations is the now-former Plaintiff, Wheatley-Diaz, who did so on March 31, 2020.  *See* Bloom Decl. Ex. A.  Second, neither of the new proposed California Plaintiffs, Ceppos and Coker, **ever** gave notice to the LWDA.  *See id.*, Exs. B and C.  Recognizing this jurisdictional problem, Plaintiffs attempt to ride on the coattails

---

[5] *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 5th 924 (2021), is not to the contrary.  There, the proposed PAGA representative remained an active employee, continued to be subject to a noncompetition agreement that she claimed was unlawful, and sought to represent other current employees with timely claims.  Here, by contrast, none of the Plaintiffs nor the allegedly aggrieved employees whom they purport to represent has a timely claim, and none is any longer subject to any challenged practice as their employment with the Campaign ended in March 2020.  Indeed, multiple courts have distinguished *Johnson* on this basis.  *See S. Cal. Pizza Wage & Hour Cases*, 2022 WL 714179, at *9 (Super. Ct. Orange Cnty. Feb. 28, 2022) (holding *Johnson* was not applicable where "all of the plaintiffs are ex-employees"); *Ambuehl v. Collins*, Super. Ct. Los Angeles Cnty. Case No. 20STCV13565, Slip op. at 5 (Sept. 17, 2021) ("*Johnson* is distinguishable from the instant action, since the plaintiff in *Johnson* was still employed by the defendant employer during the statutory period when the alleged violations against other aggrieved employees occurred (notwithstanding the fact her [individual] claim was time-barred)[.]"); *Green v. Von Dutch, LLC*, Super. Ct. Riverside Cnty. Case No. CVRI2101925, Slip op. at 3 (Aug. 23, 2021) ("*Johnson* is distinguishable and the Court of Appeal specifically discussed that the plaintiff there remained an employee and continued to be governed by the agreement.").  The *Ambuehl* and *Green* rulings are not readily available on Westlaw and therefore are attached to the Bloom Declaration as Exhibits D and E.

of Wheatley-Diaz's original PAGA notice, which they cite in support of their proposed PAGA claim.  *See* TAC at ¶ 439.

As the California Supreme Court has explained, however, PAGA does not create any assignable or transferrable right from one party to another.  *See Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*, 46 Cal. 4th 993, 1003 (2009) ("[T]he right to recover a statutory penalty may not be assigned. … [U]nder … [PAGA] an aggrieved employee cannot assign a claim for statutory penalties because the employee does not own an assignable interest.") (citations omitted).  Thus, even if she wanted to, Wheatley-Diaz cannot deputize either Ceppos or Coker to pursue the PAGA claim she abandoned.  Rather, any potential PAGA plaintiff (*i.e.*, the aggrieved employee seeking to stand in the shoes of the State) ***personally*** must administratively exhaust a PAGA claim by providing timely notice to the LWDA.  *See, e.g., Estate of Harrington v. Marten Transp., Ltd.*, 2017 WL 5513635, at *5 (C.D. Cal. Nov. 6, 2017) ("[T]he SAC Plaintiffs cannot pursue civil penalties on the State's behalf by maintaining Harrington's PAGA claim because they themselves have not been deputized to do so."); *Bush v. Vaco Tech. Servs., LLC*, 2018 WL 2047807, at *13-14 (N.D. Cal. May 2, 2018) (plaintiff who failed to timely provide notice to LWDA could not rely on another employee's timely notice to pursue a PAGA claim).

*Harrington* is particularly instructive.  There, the original plaintiff had timely given notice of alleged Labor Code violations to the LWDA and later filed a putative class and PAGA action.  *See* 2017 WL 5513635, at *1.  After filing a motion for class certification, he passed away.  *Id*.  Later on, another group of class representatives and the deceased plaintiff's estate sought to step into his shoes and take over the PAGA and class claims.  *Id*. at *2.  The court rejected the substitute plaintiffs' contention that they could take over their predecessor's PAGA claim, noting that only the original plaintiff had been deputized by the State to pursue PAGA penalties.  *Id*. at *5.  To

permit "another aggrieved employee [to maintain] the suit after the first aggrieved employee commences it" "would render the administrative exhaustion requirements meaningless." *Id.* at *6. The facts here closely resemble *Harrington*, except that the original plaintiff who filed the LWDA claim (Wheatley-Diaz) presumably is still alive but has merely chosen to drop her claims.[6]

Similarly, in *Bush*, the court rejected a plaintiff's attempt to rely on a timely PAGA notice by a plaintiff in a prior action to satisfy her obligation to administratively exhaust a PAGA claim. 2018 WL 2047807, at *14-15.  Relying on *Harrington*, the court noted that "the tolling principles that apply to class actions are not applicable to PAGA actions." *Id*. at *14.  The same is true here.

Therefore, it is irrelevant that, as Plaintiffs now claim, they do not allege any new facts in support of their proposed new PAGA cause of action.  Because Ceppos and Coker never provided the required notice to the LWDA, they are precluded from pursuing a PAGA claim in the proposed TAC.

**B.      Because it is Now Too Late to Provide Timely Notice to the LWDA, any Proposed Amendment to Add a PAGA Claim Would be Futile.**

A prospective PAGA plaintiff must file the required notice with the LWDA and send it to the employer within one year of the alleged violation.  *See Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 (2018) ("The statute of limitations for PAGA claims is one year."); *Tuan Vo v. LoanMe, Inc.*, 2018 WL 6137577, at *2 (C.D. Cal. Sept. 24, 2018) ("Putting aside that this court filing was itself one day past the limitations period, Vo had not started administrative proceedings with the LWDA at that point. So he could not bring a PAGA claim.").  As set forth above, neither Ceppos nor Coker have done so, nor can they.

---

[6] There is not even the connection to the original plaintiff here that there was in *Harrington*, where those petitioning to pick up the original plaintiff's claim included his estate.  The *Harrington* court held that the estate could not prosecute the claim on behalf of the deceased plaintiff because a PAGA claim "is not a right that can be assigned," and as a result "is simply not the kind of claim that survives a plaintiff's death." *Id*. at *5-6.

Both Ceppos and Coker last worked for the Campaign in March 2020.  SAC at ¶ 109; TAC at ¶ 85.  Thus, their deadline to administratively exhaust any PAGA claim with the LWDA expired no later than the end of March 2021.  Accordingly, by the time the parties entered into a tolling agreement two months later (in May 2021), neither had a viable PAGA claim because they could not have been "aggrieved" by the alleged violation during the previous one-year limitations period.  Now, more than two years after their employment ended, neither Ceppos nor Coker can turn back the clock and timely give notice.

Because any purported amendment to add a PAGA claim would be futile, leave to amend should be denied.  *See Wyland v. Berry Petroleum Co., LLC*, 2019 WL 5079562, at *4 (E.D. Cal. Oct. 10, 2019) ("Here, the court has already concluded that plaintiff's notice to the LWDA is deficient, thus granting him leave to amend at this juncture would be futile because he cannot present the court with a notice that satisfies PAGA's requirements."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 6177222, at *4 (C.D. Cal. May 23, 2018) ("While the Court is typically loathe to deny a plaintiff's request to amend absent a showing of prejudice, Defendants here have made a very strong showing of futility. If the Court did allow Plaintiff to add a PAGA claim, Defendants would no doubt move to dismiss the PAGA claim, and the Court would no doubt grant that motion without leave to amend based upon the plainly deficient PAGA Letter. That, obviously, would not be a fruitful use of anybody's time.").

### III.   PLAINTIFFS' ATTEMPT TO REPLEAD THE ALREADY-DISMISSED COMMON LAW CLAIMS SHOULD BE REJECTED.

Plaintiffs also should not be permitted to file their proposed Third Amended Complaint because it asserts the very same common law claims that this Court has already dismissed with prejudice and without leave to amend.  *See* Dkt. 258 at 25 ("The Court denies Plaintiffs' request for leave to amend their allegations as to their fraudulent inducement and promissory estoppel

claims because the at-will terms of their contracts rendered reliance on the alleged representations of guaranteed continued employment unreasonable as a matter of law, and thus any further opportunity to amend would be futile.").

Plaintiffs say that they included the common law claims in the TAC because they have appealed the dismissal of those claims and do not intend to waive them, Dkt. 279 at 9 n.3, but tellingly cite no authority in support of their position.  That lack of any case law is unsurprising because courts routinely reject attempts to replead claims that have been dismissed with prejudice. *See*, *e.g.*, *Hannan v. City of N.Y.*, 2020 WL 3892498, at *1 (S.D.N.Y. July 10, 2020) (granting motion to amend "except to the extent that Plaintiff has sought to include, in his proposed amended pleading, a claim that has already been dismissed with prejudice"); *Maricultura Del Norte, S. de R.L. de C.V. v. WorldBusiness Cap., Inc.*, 2016 WL 9735720, at *5 (S.D.N.Y. Dec. 7, 2016), *aff'd*, 769 F. App'x 44 (2d Cir. 2019) ("Plaintiffs' breach of the covenant of good faith and fair dealing claim … was previously dismissed with prejudice by this Court … Plaintiffs' mistaken attempt to revive claims that the Court already addressed has only delayed this litigation."); *Feinman v. Schulman Berlin & Davis*, 677 F. Supp. 168, 173 (S.D.N.Y. 1988) ("Plaintiffs obviously may not replead as to matters which the Court has dismissed with prejudice."); *Barclay v. Poland*, 2010 WL 3657664, at *4 (W.D.N.Y. Mar. 24, 2010) ("I turn first to Barclay's proposed amendment to reinstate claims that the district court has already dismissed with prejudice. Clearly, any amendment of his complaint to reassert those claims would be futile.").  This Court should reach the same conclusion here.

## IV.  AMENDMENT IS NOT REQUIRED TO DESIGNATE PROPOSED CLASS REPRESENTATIVES.

Plaintiffs also claim that amendment of the operative complaint is required to substitute the class representatives for Michigan and California state law claims, but they do not need to file yet another amended complaint to accomplish this goal because all three proposed class

representatives are already Plaintiffs in this case.  Specifically, Robin Ceppos and Lakisha Watson-Moore are named Plaintiffs in the SAC (Dkt. 86) and filed FLSA opt-in forms (Dkts. 13, 25), and Nick Coker also filed an FLSA opt-in form (Dkt. 127).  Accordingly, all three individuals are already "full parties for all purposes."  *Aguilar v. Advanced MEPF Servs. Corp.*, 2022 WL 598148, at *3 (E.D.N.Y. Jan. 20, 2022) (citation omitted).  *See also* 29 U.S.C. § 216(b) (stating that employees become a "party plaintiff" when they file a consent form with the court); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) ("The FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.'") (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)).

To the extent Plaintiffs seek to designate new class representatives from among the existing party plaintiffs, they can do so if and when they file a motion for class certification, assuming those representatives have timely claims.  *See Rohrer v. FSI Futures, Inc.*, 1997 WL 792955, at *1 (S.D.N.Y. Dec. 23, 1997) (rejecting argument that plaintiffs could not designate new class representatives until after they "had made a formal motion under Rule 15(a) to amend their complaint yet again," holding that such designations could be made "at the end of class certification discovery").

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion for leave to file a Third Amended Complaint should be denied in its entirety.

Dated: June 14, 2022       PROSKAUER ROSE LLP

             /s/ Elise M. Bloom
             Elise M. Bloom
             Rachel S. Philion
             Pinchos N. Goldberg

             Eleven Times Square

New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.