# EXHIBIT D

FILED
Superior Court of California
County of Los Angeles

SEP 17 2021

Sherri R. Carter, Executive Officer/Clerk
By_____ A. Barton _____ Deputy
A. Barton

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**DEPARTMENT 71**

RULING ON SUBMITTED MATTER

| | |
|---|---|
| CINDY AMBUEHL, et al., | Case No.: 20STCV13565 |
| vs. | |
| CHRISTINA COLLINS, et al. | Hearing Date: September 17, 2021 |

**Cross-Defendants' demurrer to the 11th cause of action is sustained in part and overruled in part. To the extent the cause of action is based on Cross-Defendant's alleged violation of Labor Code §§226(b) and 1198.5 [failure to permit inspection of records] the demurrer is overruled. To the extent the cause of action is based on alleged Labor Code violations occurring during Collins's employment, the demurrer is sustained *without* leave to amend.**

**Cross-Defendants' motion to strike is moot as to allegations/requests damages asserted in connection with the 11th causes of action *to the extent* they are based on alleged Labor Code violations that occurred during Collins's employment. (FACC ¶¶118-147, 151-152.) The motion to strike is denied as to allegations/requests for damages asserted in connection with the 11th cause of action *to the extent* they are based on Cross-Defendants' alleged violation of Labor Code §§ 226(b) and 1198.5 by failing to permit Collins to inspect records. (FACC ¶¶115-117, 148-150, 153-155, Prayer for Relief ¶11.) The motion to strike the request for injunctive relief, to the extent it is incorporated into the 11th COA, is granted.**

**An answer to the Cross-Complaint is to be filed within 20 days of receipt of this order.**

The Court had a hearing on the demurrer on September 16, 2021. The Court has considered the pleadings and the arguments at the hearing and rules as follows:

1

A. Demurrer

Cross-Defendants Cindy Ambuehl ("Ambuehl") and Anvis, Inc. ("Anvis") (collectively, "Cross-Defendants") demur to the 11th (violations of Labor Code §2698 et seq.) cause of action in the first amended cross complaint ("FACC") of Cross-Complainant Christina Collins ("Collins"). Cross-Defendants move on the grounds that the cause of action is barred by the statute of limitations and Collins failed to fulfill the prerequisites to filing a civil action based on the facts alleged. (Notice of Demurrer, pg. 2.)

Cross-Defendants' 6/16/21 request for judicial notice is granted. However, the Court does not take judicial notice of the truth of the matters asserted in the Collins's October 16, 2020 Notice Letter ("PAGA Notice") to the Labor Workforce Development Agency ("LWDA"). (RJN, Exh. 1.)

*Background*

Cross-Defendants filed the initial complaint in this action against Collins on April 7, 2020, and thereafter, a first amended complaint ("FAC") on December 9, 2020. On October 1, 2020, Collins filed her cross-complaint alleging causes of action for Labor Code violations, defamation, and related causes of action, and on April 29, 2021, she filed her FACC, in which she *added* a cause of action for violations of Labor Code §2698 et seq., the California Private Attorneys General act of 2004 ("PAGA").

Collins's 11th cause of action is based on the following allegations: (1) PAGA provides for a civil penalty to be assessed and collected by the LWDA for a violation of the California Labor Code to be recovered through a civil action by an aggrieved employee on behalf of herself and other current or former employees; and (2) Collins and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by Labor Code §2699(c) in that they are all current or former employees of Cross-Defendants and one or more of the alleged violations were committed against them including but not limited to: (a) failure to pay minimum wages, (b) failure to pay overtime wages, (c) failure to provide meal periods, (d) failure to provide rest breaks, (e) failure to issue accurate wage statements, (f) failure to issue semi-monthly payments, (g) failure to keep records,

2

(h) waiting time penalties, (i) failure to reimburse business expenses, (j) failure to permit inspection, and (k) failure to provide sick days. (FACC ¶¶116-155.) Collins alleges she provided written notice to the LWDA on October 16, 2020, and that she did not receive notice from the LWDA of its intent to pursue the action within 65 days. (FACC ¶35.) Collins alleges she began working for Cross-Defendants as the personal assistant for Ambuehl in 2014, and that she resigned in the "summer of 2017." (FACC ¶¶10-11.) Collins alleges that on September 3, 2020, she requested from Cross-Defendants copies of her payroll records and personnel files and, to date, Cross-Defendants have failed to permit inspection or copying of records. (FACC ¶¶97-98.)

*PAGA – Labor Code §2689 (11th COA)*

Labor Code §2699(a) provides that, "[A]ny provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA], for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

"[O]nly an aggrieved employee has standing under PAGA. An 'aggrieved employee' is 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.' [Citation]'Under [PAGA], an 'aggrieved employee' may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations…. [In *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, the California Supreme Court] concluded an employee who settles and dismisses individual Labor Code claims does not lose standing to pursue a PAGA claim. [Citation.] To this end, the court emphasized that the plain language of section 2699, subdivision (c) has two requirements for standing: the plaintiff 'must be an aggrieved employee, that is, someone "who was employed by the alleged violator" and "against whom one or more of the alleged violations was committed."'" (Citation.) Our high court concluded that the employee satisfied those requirements because he was employed by the alleged violator, and he personally suffered at least one Labor Code violation on which the PAGA claim was based." (*Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924 (citations omitted).)

Cross-Defendants argue the 11th cause of action is time-barred by the one-year statute of limitations set forth in C.C.P. §340(a), even with the tolling

3

provided by Labor Code §2699.3(a) and (d), since Collins waited more than three years after her employment *ended* to pursue her PAGA claim. (Demurrer, pg. 11.)

Aside from allegations that Cross-Defendants did not permit Collins to inspect her personnel files and payroll records after her September 3, 2020 request, all allegations of Cross-Defendants' alleged Labor Code violations against Collins and other similarly situated aggrieved employees occurred *during* Collin's employment, and accordingly, in 2017 and before.

For the purposes of a demurrer, the PAGA cause of action based on Cross-Defendants' alleged violation of Labor Code §§226(b) and 1198.5 [failure to permit inspection of records] is not barred by the statute of limitations on the face of the pleading. Here, Collins alleged Cross-Defendants violated Labor Code §226(b) by failing to permit her, a former employee, to inspect or copy "all records" following her request on September 3, 2020, and through the filing of the FACC, which is within the limitations period. Notably, the allegations are taken as true for the purposes of a demurrer, and with respect to whether *this* alleged violation is barred by the statute of limitations, Cross-Defendants only argue the allegation is *untrue* as will be established through discovery and presentation of evidence, Cross-Defendants did in fact produce the available employment records. (Demurrer, pg. 10, fn. 3.) Cross-Defendants also argue Collins concedes she was permitted to inspect or copy records, only that "all records" were not provided; however, Cross-Defendants assert they can prove that they provided all available records, given many were not available due to Collins's own actions in destroying records. (Demurrer, pg. 14, fn. 4.) However, these arguments go beyond the scope of the pleadings, and do not address whether Collins has sufficiently alleged a PAGA claim based on Cross-Defendants' alleged violation of Labor Code §§226(b) and 1198.5. As such, Collins's PAGA claim, to the extent it is based on failure to permit inspection of records, is not time-barred on the face of the pleadings.

To the extent the PAGA claim is based on Cross-Defendants' *other* alleged violations of the Labor Code that occurred during Collins' employment from 2014 to 2017, the cause of action *is* time-barred on the face of the pleading since Collins does not have standing to assert those claims if asserted on behalf of employees within the statutory period. It is undisputed that the alleged Labor Code violations that occurred during Collins's employment did not occur within the one-year statute of limitations of filing the PAGA Notice. Collins does not cite to authority supporting her position that time-barred Labor Code violations may be included in

4

a PAGA claim based on a single timely violation. In addition, Collins's assertion that "she would still have standing to pursue the PAGA claims if any employee suffered a violation during the one-year limitations period" is misplaced. (Opposition, pg. 9; citing *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924, 930, 281 Cal.Rptr. 3d 478 ("*Johnson*").) *Johnson* is distinguishable from the instant action, since the plaintiff in *Johnson* was still employed by the defendant employer during the statutory period when the alleged violations against other aggrieved employees occurred (notwithstanding the fact her own claim was time-barred), and as such, she still had standing to pursue PAGA violations on behalf of other aggrieved employees. In *Johnson*, the Court *specifically noted* that, unlike in *Robinson*, the plaintiff remained an employee of defendant and continued to be governed by the at-issue non-competition agreement she had signed outside the statutory period, and as such, given the plaintiff's allegations defendant had persisted in requiring its employees to sign these same non-competition agreements, she had standing to bring a PAGA claim based on violations associated with the non-competition agreements that occurred during the applicable statutory period. (*Johnson v. Maxim Healthcare Services, Inc., supra,* 66 Cal.App.5th 924, 281 Cal.Rptr.3d at 483.) Here, however, it is undisputed that during the one-year limitations period prior to Collins's filing her PAGA Notice, she was *not* employed by Cross-Defendants, as her employment had ended in summer 2017. As such, Collins would not have standing to pursue PAGA penalties for Cross-Defendants' alleged Labor Code violations against other aggrieved employees during the statutory period when Collins was no longer employed by Cross-Defendants. (*See Robinson v. Southern Counties Oil Company* (2020) 53 Cal.App.5th 476, 484 [With respect to Labor Code violations that occurred after plaintiff's employment ended, the appellate court concluded the plaintiff lacked standing because he was not employed by the defendant at that time and was not affected by any of the alleged violations].) Accordingly, to the extent the cause of action is based on Cross-Defendants' Labor Code violations against Collins that occurred during her employment, the cause of action is time-barred on the face of the pleading and Collins lacks standing to pursue them on behalf of aggrieved employees of Cross-Defendants *during* the statutory period. Moreover, Collins does not meet her burden in addressing how this defect can be cured via amendment, especially since the dates of her employment are not in dispute.

Based on the foregoing, the demurrer to the 11th cause of action on the grounds it is time-barred is sustained in part and overruled in part. To the extent the cause of action is based on Cross-Defendant's alleged violation of Labor Code

5

§226(b) and 1198.5 [failure to permit inspection of records] the demurrer is overruled. To the extent the cause of action is based on alleged violations occurring during Collins's employment, the demurrer is sustained *without* leave to amend.

Cross-Defendants also argue the cause of action is subject to demurrer because Collins's PAGA Notice failed to include facts and theories to support Cross-Defendants' alleged statutory violations as required by Labor Code §2699.3(a)(1)(A). (Demurrer, pg. 15.) Specifically, Cross-Defendants assert the PAGA Notice only contains conclusory statements devoid of factual support, without providing facts of how other aggrieved employees suffered from any Labor Code violations, and instead parrot the language for the Labor Code sections themselves. (Demurrer, pgs. 15-16, citing *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 837- 838.)

First, in light of the ruling sustaining the demurrer as to the PAGA claim based on Labor Code violations that occurred during Collins's employ, the Court does not reach the issue of whether the PAGA Notice was deficient for these statutory violations. Second, for the purposes of a demurrer, the PAGA Notice sets forth sufficient facts and theories underlying Cross-Defendants' alleged violation of Labor Code §§226(b) and 1198.5 [failure to permit inspection of records], since it sets forth the date Collins requested to inspect records and that Cross-Defendants failed to provide her access to all records. (RJN, Exh. A.) Moreover, Cross-Defendants do not assert the language in the PAGA Notice surrounding *this* alleged violation is conclusory or insufficient, and instead focus on the other alleged Labor Code violations.

Based on the foregoing, Cross-Defendants' demurrer to the 11th cause of action on the grounds the PAGA Notice is insufficient is overruled in part. To the extent the cause of action is based on Cross-Defendant's alleged violation of Labor Code §226(b) [failure to permit inspection of records] the demurrer is overruled. To the extent the cause of action is based on alleged violations occurring during Collins's employment, the Court does not reach this issue.

*Conclusion*

Cross-Defendants' demurrer to the 11th cause of action is sustained in part and overruled in part. To the extent the cause of action is based on Cross-Defendant's alleged violation of Labor Code §226(b) and 1198.5 [failure to permit

6

inspection of records] the demurrer is overruled. To the extent the cause of action is based on alleged Labor Code violations occurring during Collins's employment, the demurrer is sustained *without* leave to amend.

### B. Motion to Strike

Cross-Defendants move to strike the following portions of the FACC filed by Collins: (1) 11th Cause of Action from the Caption, (2) allegations of Collins's PAGA notice to the LWDA: Paragraphs 34-37, (4) Paragraphs 115-155 [the entire 11th COA], and (5) Paragraph 11 from the Prayer for Relief [civil penalties sought in connection with the 11th COA]. Cross-Defendants move to strike on the grounds the PAGA cause of action is barred by the applicable statute of limitations and because Collins failed to fulfill prerequisites to filing a civil action for PAGA claims based on the facts alleged. (Notice of Motion, pg. 2.) The Court notes Cross-Defendants move to strike the request for injunctive relief in the 11th cause of action on the grounds PAGA does not provide for injunctive relief. (Motion, pg. 8, fn. 3, FACC ¶115, which incorporates ¶¶96 & 101, which request injunctive relief].)

C.C.P. §436 provides that the Court may, upon a motion made pursuant to C.C.P. §435, or at any time within its discretion and upon terms it deems proper, "strike out any irrelevant, false, or improper matter inserted in any pleading" and/or "strike out all or part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

Based on the ruling on the demurrer, the motion to strike is moot as to the allegations and/or prayer for punitive damages based the 11th COA, to the extent it is based on Labor Code violations during Collins's employment, as to which the Court sustained the demurrer *without* leave to amend. Namely, in light of the Court's ruling, the allegations as to which the demurrer was sustained are no longer part of the operative pleading and have been struck. (*See* FACC ¶¶118-147, 151-152.) As such, the only allegations remaining to be addressed are those supporting Collins's PAGA claim/11th COA based on Cross-Defendants' alleged violation of Labor Code §226(b) and 1198.5 by failing to permit Collins to access her records. In light of the Court's ruling on the demurrer, the motion to strike these allegations, and the prayer for relief associated therewith, is denied. (FACC ¶¶115-117, 148-150, 153-155, Prayer for Relief ¶11.) Finally, Cross-Defendants' *unopposed* motion to strike the request for injunctive relief, to the extent it is incorporated into the 11th COA, is granted.

7

An answer to the Cross-Complaint is to be filed within 20 days of receipt of this order. Cross-Defendants to give notice.

Dated: September 17, 2021

_____
Hon. Monica Bachner
Judge of the Superior Court

8