# EXHIBIT E

CVRI2101925

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 2 3 2021

D. Mathieu




AUG 25 2021

# Tentative Rulings for August 23, 2021
# Department 06

**To request oral argument, you must notify Judicial Secretary Amy Norton at (760) 904-5722 and inform all other counsel no later than 4:30 p.m.**

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at https://www.riverside.courts.ca.gov/OnlineServices/TentativeRulings/tentative-rulings.php. If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department 6 at (760) 904-5722 and (2) inform all other parties of the request and of their need to appear telephonically, as stated below. If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing. **UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING.**

IN LIGHT OF THE CORONAVIRUS PANDEMIC; AND UNTIL FURTHER NOTICE, COUNSEL AND SELF-REPRESENTED PARTIES MUST APPEAR AT ANY LAW AND MOTION DEPARTMENT TELEPHONICALLY WHEN REQUESTING ORAL ARGUMENTS. **IN-PERSON APPEARANCES WILL NOT BE PERMITTED**.

**TELEPHONIC APPEARANCES**: On the day of the hearing, call into one of the below listed phone numbers, and input the meeting number (followed by #):

- Call-in Numbers: 1 (213) 306-3065 or 1 (844) 621-3956 (Toll Free)
- Meeting Number: 803-052-139#
- Press # again

Please **MUTE** your phone until your case is called and it is your turn to speak. It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For additional information and instructions on telephonic appearances, visit the court's website at https://riverside.courts.ca.gov/PublicNotices/Webex-Appearances-Public-Access.pdf?rev=05-29-2020-09:54:48am

**Effective May 3, 2021, official court reporters will not be available in unlimited civil for any pretrial proceedings, law and motion matters, case management hearings, civil restraining orders, and civil petitions. (See General Administrative Order No. 2021-19-1)**

1.

| CVRI2101925 | GREEN vs VON DUTCH, LLC | Demurrer to First Cause of Action in Complaint |

**Tentative Ruling:**

**ANY REQUEST FOR ORAL ARGUMENT SHALL BE HEARD AT 9AM**

The Demurrer is SUSTAINED as to the first cause of action without leave to amend.

It is undisputed that Green's employment relationship ended on 8/13/19 and Munoz's employment relationship in December 2019. (*See* Complaint ¶ 29.) Thus, in order to assert a timely PAGA claim, Green was required to file his Complaint by 10/19/20 and Munoz by 3/8/21 (1 year and 65 days from their last day of employment- assuming Munoz worked all the way to 12/31/19). (*Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 839.) Plaintiffs however, did not file their Complaint until 4/8/21. As such, the PAGA cause of action is untimely.

Plaintiffs argue that the recent decision in *Johnson v. Maxim Healthcare Services, Inc. (2021) 281 Cal.Rptr.3d 478* (which discussed *Kim v. Reins Int'l California, Inc.* (2020) 9 Cal.5th 73) supports their claim that they are aggrieved employees and there is no one-year time bar to advancing PAGA claims so long as they were at one time an aggrieved employee. (See Opposition at 6:25-7:6.) Plaintiffs' reasoning is flawed.

It is true that in discussing standing, only an aggrieved employee has standing to sue under PAGA. (*Kim v. Reins International California, Inc.* (2020) 9 Cal. 5th 73, 81.) Under PAGA, an aggrieved employee is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (Cal. Labor Code § 2699(c).) In *Kim,* the Supreme Court discussed that an aggrieved employee does not lose standing to pursue PAGA once he settles and dismisses his individual claims. (*Id.* at 84.)

Recently, in *Johnson, supra*, 281 Cal.Rptr. 3d 478, the Court of Appeal further discussed PAGA standing and whether an employee whose individual claim is time-barred may still pursue a PAGA claim. There, the Plaintiff alleged that the Defendant violated the Labor Code by requiring its employees to sign a noncompetition agreement. The Plaintiff signed the Agreement on 9/7/16 and on 9/9/19 initiated a PAGA claim. Defendant demurred arguing that Plaintiff's individual claim was time-barred because she signed the agreement three years before she filed suit. The trial court agreed with Defendant and sustained the demurrer, determining that because Plaintiff's individual claim was time-barred, she did not have standing to bring a PAGA claim in a representative capacity. (*Id.* at 480.) Relying on *Kim*, the Court of Appeal reversed and noted:

> Under *Kim*, we conclude Johnson is an "aggrieved employee" with standing to pursue her PAGA claim. Johnson alleged she is employed by Maxim and that she personally suffered at least one Labor Code violation on which the PAGA claim is based. The fact that Johnson's individual claim may be time-barred does not nullify the alleged Labor Code violations nor strip Johnson of her standing to pursue PAGA remedies. In this sense, we find the fact that Johnson's claim is time-barred places her in a similar situation as a plaintiff who settles her individual claims or dismisses her individual claims to pursue a stand-alone PAGA claim. (*Id.* at 482-483, citations omitted.)

Plaintiffs contend that similar to *Kim and Johnson,* they have properly alleged they are aggrieved employees and regardless of whether they are entitled to recover individually (assuming those claims are time-barred), they have properly stated a claim for PAGA. Problematically for Plaintiffs, Defendant does not base its demurrer on the standing issue but rather contends that even if Plaintiffs are aggrieved, their claims are barred by the one year statute of limitations. In this regard,

*Johnson* is distinguishable and the Court of Appeal specifically discussed that the plaintiff there **remained an employee and continued to be governed by the agreement.** (*Id.* at 484.) Here, Plaintiffs' Complaint alleged they have not been employed (and therefore subject to the alleged Labor Code violations) since 8/13/19 and December 2019 respectively. As such, Plaintiff claims are time-barred by the one year statute of limitations.

2.

| RIC1807207 | FLORES VS ROYAL INTERPACK OF NORTH AMERICA INC | Motion for Final Approval of Class Action Settlement |

**Tentative Ruling:**

### ANY REQUEST FOR ORAL ARGUMENT SHALL BE HEARD AT 9AM

The Motion is CONTINUED to 9/23/21 at 9am for counsel to provide a proposed judgment (CMO J (7) and (8)) and more detailed information regarding the following:

The filing fees list what was being filed, but it is far too general to actually understand what was being filed (i.e. "Re-file declaration" for $35 on page 18 of the declaration). Furthermore, only some of the entries include dates. There are several entries for invoices from Beacon Economics. It is not explained what these are or for what time periods the invoices cover. These are significant costs ($897.20, $1,350, $6,225).

3.

| RIC1817493 | MOLLIK VS. ADOMINI INC | Motion to be Relieved as Counsel for ELECTRIC DRIVETRAINS, LLC |

**Tentative Ruling:**

### ANY REQUEST FOR ORAL ARGUMENT SHALL BE HEARD AT 9AM

The unopposed Motion is GRANTED. An OSC hearing RE: Why the complaint should not be stricken and the matter dismissed for failure of Plaintiff Electric Drivetrains, LLC to retain counsel is set on 9/23/2021. Counsel for moving party is ordered to give notice.

4.

| RIC1905743 | U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC | Motion to Disqualify Reed & Smith as Counsel of Record for U.S. Real Estate Credit Holding III A LP |

**Tentative Ruling:**

### ANY REQUEST FOR ORAL ARGUMENT SHALL BE HEARD AT 9AM

Plaintiff's Objection No. 1 [Dec.Rubin ¶ 5] is SUSTAINED. The Court declines to rule on the remaining objections as immaterial.

The Court declines to rule on Glenroy's Evidentiary Objections.

Plaintiff's Objection No. 5 [Supp.Dec.Rubin ¶ 7] is SUSTAINED. The Court declines to rule on the remaining objections as immaterial.

The Motion to Disqualify is DENIED.

This motion states it is brought by Rubin, individually, <u>and</u> "in his capacity as the Manager and owner of Glenroy Coachella Holdings, LLC, which is the sole equity owner and Managing Member of his co-defendant Glenroy Coachella, LLC (Glenroy.) (Motion, p. 3:4-6.) Importantly, Glenroy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
Ruling on Matter Submitted

08/26/2021
4:31 PM
Department 6

**CVRI2101925**
**GREEN vs VON DUTCH, LLC**

Honorable Sunshine Sykes, Judge
D. Mathieu, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
No Appearances

Court subsequently rules on matter taken under submission on: 08/23/2021 for Demurrer to First Cause of Action in Complaint.
Tentative ruling shall become the ruling of the court.
The Demurrer is sustained as to the first cause of action without leave to amend.
Notice to be given by Clerk to Ethan E. Rasi , Michaela R Goldstein.
Minute entry completed.