IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, *et al.*, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>        Defendant. | No. 20 Civ. 2489 (LTS) (GWG) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

  Defendant Mike Bloomberg 2020, Inc. ("the Campaign") fails to show that Plaintiffs' proposed Third Amended Complaint ("TAC") does not meet the lenient standard for amendment under Rules 15 and 21. As an initial matter, the Campaign does not argue – nor could it – that Plaintiffs' proposed TAC is improper on the grounds of delay, bad, faith, dilatory motive, or prejudice. *See* ECF No. 282 ("Opp. Br."). Further, the Campaign does not oppose Plaintiffs' request to substitute certain state class representatives, contending only that it is not required. Opp. Br. at 9-10.

  The Campaign's only argument in opposition to Plaintiffs' motion is that Plaintiffs' PAGA amendment should be denied as futile. Opp. Br. at 4-8. This argument fails for two reasons. First, while not necessary, proposed Class Representatives Ceppos and Coker have filed PAGA notices alerting the California's Labor and Workforce Development Agency ("LWDA") of their claims, which are identical to Plaintiff Wheatley-Diaz's. These notices are timely based on California's and the parties' tolling. Second, even if proposed Class Representatives Ceppos and Coker had not filed timely notices, they could serve as class representatives on the PAGA

- 1 -

claims raised by former Class Representative Alexandra Wheatley-Diaz, as courts have permitted this substitution. For these reasons, Plaintiffs' motion should be granted.

## ARGUMENT

I.   **Plaintiffs' PAGA Amendment Is Not Futile.**

The Campaign is wrong that Plaintiffs' proposed amendment to allege PAGA violations is futile. First, proposed Class Representatives Robin Ceppos and Nick Coker filed PAGA notices on June 21, 2022, which are timely based on the state's and parties' tolling.[1] PAGA claims are ordinarily governed by the one-year statute of limitations set out in Cal. Code Civ. P. § 340(a). *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding that civil penalties under PAGA are "penalties" under Cal. Code Civ. P. § 340(a) and accordingly the one-year statute of limitations under that provision applies). However, the PAGA statutes of limitations applicable to Plaintiffs' claims here, including the deadline to file notices with the LWDA, were tolled for 178 days in 2020 when the California courts tolled the statute of limitations for all civil actions due to the COVID-19 pandemic. *See* Rule 9(a), App'x I, Emergency Rules Related to COVID-19, https://www.courts.ca.gov/documents/appendix_I.pdf (Emergency Rule 9(a)). Accordingly, the window for proposed Class Representatives to file

---

[1] In an abundance of caution, Plaintiffs filed PAGA notices with the LWDA on behalf of Robin Ceppos and Nick Coker on June 21, 2022. *See* Supp. Decl. of Justin Swartz, Exhibits 1 and 2. Because the LWDA was already on notice of Plaintiffs' PAGA claims and it did not choose to investigate, and Plaintiffs' identical, supplemental notice does not preclude the LWDA from performing its administrative function, granting Plaintiffs leave to amend their complaint to allege the PAGA claims is appropriate. *See Garnett v. ADT, LLC*, 139 F. Supp. 3d 1121, 1128 (E.D. Cal. 2015) (providing that argument that defendant "could have moved to dismiss the existing PAGA claim earlier based on the failure to exhaust, that problem has now, in essence, been cured" by filing PAGA notice (quoting *Harris v. Vector Mktg. Corp.*, No. 08 Civ. 5198, 2010 U.S. Dist. LEXIS 5659, at *7 (N.D. Cal. Jan. 5, 2010))). Should the LWDA contact Plaintiffs' counsel in the next 65 days (on or before August 25, 2022) indicating that it intends to investigate Plaintiffs' PAGA claims, Plaintiffs will notify the Court promptly. If Plaintiffs receive no response from the LWDA by August 25, 2022, they will notify the Court.

their PAGA notices with the LWDA initially ran through September 25, 2021.[2]  *See Thomas v. Tks Rests.*, No. 30-2021C-01206884, 2021 Cal. Super. LEXIS 147773 (Cal. Sup. Ct. Dec. 10, 2021) (discussing deadline to file PAGA notice with LWDA considering Emergency Rule 9(a)).

In addition to California's judicial tolling, the parties also agreed to further tolling of the PAGA claims.  Months before this September 2021 deadline, on May 18, 2021, the parties agreed that "[n]o statute of limitations on any of the Claims shall run against California Representatives [Robin Ceppos and Nick Coker] or Potential PAGA Members and the same shall be tolled from the date of the execution of this agreement on behalf of all Parties."  ECF No. 280-2; *see also* ECF No. 280 (Decl. of Justin Swartz) ¶ 16.  In consideration, proposed Class Representatives agreed to "refrain and forebear from seeking leave to add the Claims to the Action, or commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against the Campaign raising the Claims."  ECF No. 280-2 at 2.  This provision necessarily encompasses the filing of additional PAGA notices on behalf of proposed Class Representatives, which could trigger a government investigation into the claims.  Because the Campaign agreed to toll the proposed Class Representatives' timely PAGA claims, and Plaintiffs agreed to forgo filing a supplemental PAGA notice, it cannot now argue that those claims are time-barred.  *See Harvey*, 2020 U.S. Dist. LEXIS 37580, at *48 (holding that defendants waived PAGA statute of limitations defense by agreeing to toll PAGA statute of limitations); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133, 128 S. Ct. 750, 753 (2008) (statute of limitations defense is an affirmative defense subject to waiver).  Because Plaintiffs'

---

[2]     This date was calculated as follows: proposed Class Representatives Robin Ceppos and Nick Coker were terminated by the Campaign on March 31, 2020.  Thus, their deadline to file the PAGA notice is one year, Cal. Code Civ. P. § 340(a), plus 178 days per Emergency Rule 9(a), or 543 days, from March 31, 2020.

PAGA notices are timely filed in light of the state's and parties' tolling, the Campaign will not succeed in arguing that Plaintiffs' these claims are time-barred or that Plaintiffs' PAGA claims are deficient on a motion to dismiss.

Second, even if proposed Class Representatives Robin Ceppos and Nick Coker had not filed timely PAGA notices, they could serve as PAGA representatives alleging the claims that original Class Representative Alexandra Wheatley-Diaz raised with the LWDA because the LWDA has already received identical notice of the claims and factual allegations and has had the opportunity to investigate. At least one court to analyze this specific issue concluded that individuals other than the original filer of a PAGA notice can represent a class of aggrieved employees asserting those same PAGA claims. *See Harvey v. Morgan Stanley Smith Barney LLC*, No. 18 Civ. 2835, 2020 U.S. Dist. LEXIS 37580, at *47 (N.D. Cal. Mar. 3, 2020). In *Harvey*, the Northern District of California held that the plaintiff in that case could serve as the PAGA representative for PAGA claims raised in another employee's LWDA notice. *Id.* at *47. The *Harvey* court reasoned that "[Plaintiff] Chen's pre-litigation notice gave the LWDA the opportunity to investigate violations since April 23, 2013, but the LWDA declined to do so," and as a result "[t]he LWDA would not be prejudiced if [Plaintiff] Harvey is allowed to maintain a PAGA claim." *Id.*; *see also Garnett v. ADT, LLC*, 139 F. Supp. 3d 1121, 1128 (E.D. Cal. 2015) ("The purpose of the pre-filing notice requirements is to provide LWDA with the opportunity to investigate the alleged violations.").

The *Harvey* court's analysis demonstrates that courts have differently interpreted the case law relating to the Campaign's argument that an aggrieved employee cannot stand in for an employee who previously filed a notice with the LWDA for PAGA violations. *See Estate of Harrington v. Marten Transp.*, No. 15 Civ. 1419, 2017 U.S. Dist. LEXIS 192220, at *6 (C.D.

Cal. Nov. 6, 2017); *Amalgamated Transit Union v. Superior Court*, 46 Cal. 4th 993, 1003, 95 Cal. Rptr. 3d 605, 612, 209 P.3d 937, 943 (2009). The key principle underpinning these cases, which the *Harvey* court also considered and relied upon, was the fact that "PAGA's administrative exhaustion requirement is designed to protect the interests of the LWDA and defendants, not PAGA plaintiffs." *Harvey*, 2020 U.S. Dist. LEXIS 37580, at *47. In light of the particular procedural structure of PAGA, the *Harvey* court concluded that as long as the LWDA has an opportunity to investigate, as the agency has had here, an aggrieved employee with identical claims can stand in for the employee who filed the original PAGA notice. *Id.*

Similarly, here, proposed Class Representatives Ceppos and Coker raise identical PAGA factual allegations and claims that the LWDA has already had the opportunity to investigate. *See Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011) ("Given that the LWDA demonstrated no interest in investigating this case, it is implausible that the agency would have been responsive to an additional letter asserting the same facts and theories . . . ."). As in *Cardenas*, because the LWDA took no action in response to the initial March 2020 PAGA notice, it is similarly "implausible" that the LWDA will choose to investigate proposed Class Representatives' identical PAGA claims, which are the same as Plaintiff Wheatley-Diaz's, which the LWDA did not investigate, and which will relate back to the filing of Plaintiff Wheatley-Diaz's claims. *Hutcheson v. Superior Court*, 74 Cal. App. 5th 932 (2022). The agency will therefore not suffer any prejudice with the proposed Class Representatives proceeding on behalf of the aggrieved employees alleging PAGA claims. Accordingly, proposed Class Representatives' PAGA claims are timely, not futile, and leave to

amend should be granted.

## II. Plaintiffs' Proposed TAC Properly Includes Their Common Law Claims.

The Campaign argued that Plaintiffs' TAC should not include the dismissed common law claims, which are the subject of a pending appeal. Opp. Br. at 8-9. While this Court has suggested that "when a court has not granted leave to amend a claim, plaintiffs need not replead that claim in order to preserve it for appeal," *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 Civ. 2262, 2016 U.S. Dist. LEXIS 51190, at *119 (S.D.N.Y. Apr. 14, 2016) (citing *P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004)), Plaintiffs' proposed TAC includes these claims to avoid any doubt that Plaintiffs do not waive their ability to re-assert those claims if successful on appeal.

## III. Substitution of Class Representatives is Appropriate.

The Campaign does not oppose the substitution of proposed Class Representatives Watson-Moore, Coker, and Ceppos. *See* Opp. Br. at 9-10. Accordingly, the Court should grant Plaintiffs' request to (1) remove Plaintiff Zia Oram as class representative for the Michigan claims and replace her with Lakisha Watson-Moore; and (2) remove Alexandra Marie Wheatley-Diaz as class representative and replace her with Robin Ceppos and Nick Coker. In class actions, courts routinely allow plaintiffs to "add or modify class representatives during pre-class certification discovery." *See Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 U.S. Dist. LEXIS 21377, at *5 (S.D.N.Y. Apr. 19, 2006). Although the Campaign correctly notes that Courts have concluded that formal amendment is not always required when substituting named plaintiffs in class litigation, *Billhofer v. Flamel Techs.*, No. 07 Civ. 9920, 2010 U.S. Dist. LEXIS 99438, at *5 (S.D.N.Y. Sep. 20, 2010), the Court has authority to grant leave to amend the complaint to substitute class representatives and regularly exercises it. *See, e.g., Gillam*, 2006

U.S. Dist. LEXIS 21377, at *5.  The proposed TAC sets out the proposed Class Representatives' allegations supporting their adequacy as class representatives and ties those allegations to their respective class claims.  Further, it appropriately names them as class representatives in the caption of the complaint.  Because the Court should grant Plaintiffs leave to amend their complaint to allege the PAGA claims, which would result in Plaintiffs docketing a new complaint, and particularly because the Campaign does not oppose Plaintiffs' request, Plaintiffs request that the Court grant them leave to substitute the proposed Class Representatives.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint should be granted.

Dated: New York, NY
       June 21, 2022

Respectfully submitted,

 /s/ Justin Swartz
Justin M. Swartz
Michael C. Danna
Theanne Liu
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
jms@outtengolden.com
mdanna@outtengolden.com
tliu@outtengolden.com

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW, Ste 200W
Washington, D.C. 20001
Telephone: 202-847-4400
Facsimile: 202-847-4410
hcolechu@outtengolden.com

Michael Palitz

**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I, Justin Swartz, hereby certify that on June 21, 2022, I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing system.

Dated: June 21, 2022                       */s/ Justin M. Swartz*
                                                             Justin M. Swartz
                                                            **OUTTEN & GOLDEN LLP**
                                                            685 Third Avenue, 25th Floor
                                                            New York, NY 10017
                                                            Telephone: (212) 245-1000
                                                            Facsimile: (646) 509-2060