UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>               Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**ANSWER AND<br><u>AFFIRMATIVE DEFENSES</u>** |

Defendant Mike Bloomberg 2020, Inc. (the "Campaign"), by its attorneys, Proskauer Rose LLP and Venable LLP, answers the Second Amended Class and Collective Action Complaint ("Complaint") filed by Plaintiffs Donna Wood, Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Zia Oram, Alan Robinson, Alexandra Marie Wheatley-Diaz, Cheryl Baldwin, Jonathan Barrio, Desmond Batts, Garrett Beckenbaugh, Cochiese Bowers, Miles Ceplecha, Robin Ceppos, Melinda Cirilo, Jane Conrad, Robert Cordova Jr., Christine Doczy, Rachel Douglas, Theresa Edwards, Eliza Fink, Jason Finkelstein, Ilse Mendez Fraga, Josh Fredrickson, Maria Gonzalez, Nathaniel Robert Groh, Brandi Harris, Peter Kamara, Mack Kennedy, Madison Oliver Mays, Patrick McHugh, Paul Monterosso, Rey Murphy, Frida Michelle Naranjo, Joseph Nestor, Luke Nicholas, Josephine Olinger, Alec Silvester, Daniel Smith, Chris Soth, Audra Tellez, Carlos Torres, Elliott Tricotti, Gloria Tyler, Lakisha Watson-Moore, Jesse Weinberg, Clem Wright, Anoosh Yaraghchian, and Jesus Zamora ("Plaintiffs") on or about May 18, 2020, as follows:

## <u>AS TO "NATURE OF THE ACTION"</u>

1.      The Campaign admits the allegations in Paragraph 1 of the Complaint.

2.      The Campaign denies the allegations in Paragraph 2 of the Complaint, except admits that in or about January 2020, the Campaign's States teams began hiring Field Employees within their individual states and territories.

3.      The allegations in Paragraph 3 of the Complaint relate solely to Plaintiffs' common law claims for fraudulent inducement and promissory estoppel, which were dismissed by the Court with prejudice on March 25, 2022 (Dkt. 258) (the "Dismissed Common Law Claims"), and to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 10 of the Complaint, except avers that Mr. Bloomberg previously served as mayor of New York City and is a well-known public figure.

11.     The allegations in Paragraph 11 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced article speaks for itself.

14.     The allegations in Paragraph 14 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced article speaks for itself.

15.     The allegations in Paragraph 15 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 15 of the Complaint, except avers that the referenced articles speak for themselves.

16.     The allegations in Paragraph 16 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign avers that the referenced article speaks for itself.

17.     The allegations in Paragraph 17 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign avers that the referenced email speaks for itself.

18.     The allegations in Paragraph 18 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign avers that the referenced article speaks for itself.

19.     The allegations in Paragraph 19 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign avers that the referenced document speaks for itself.

21.     The allegations in Paragraph 21 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign avers that the referenced document speaks for itself.

22.     The allegations in Paragraph 22 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 24 of the Complaint

25.     The allegations in Paragraph 25 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions purportedly taken by Plaintiffs prior to commencing their employment with the Campaign.

29.     The allegations in Paragraph 29 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 35 of the Complaint.

36.     The allegations in Paragraph 36 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 36 of the Complaint.

37.     The allegations in Paragraph 37 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions purportedly taken by Plaintiffs with respect to other employment opportunities.

39.     The allegations in Paragraph 39 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 39 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions purportedly taken by Plaintiffs with respect to other employment opportunities.

40.     The allegations in Paragraph 40 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 41 of the Complaint, except admits

that the Campaign terminated the employment of many of its employees beginning on or about March 9, 2020.

42.     The allegations in Paragraph 42 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 50 of the Complaint.

51.     The allegations in Paragraph 51 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 51 of the Complaint.

52.     The allegations in Paragraph 52 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 52 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective state of mind.

53.     The allegations in Paragraph 53 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 53 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' subjective state of mind.

54.     The allegations in Paragraph 54 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 55 of the Complaint.

56.     The allegations in Paragraph 56 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 58 of the Complaint.

59.     The Campaign denies the allegations in Paragraph 59 of the Complaint, except admits that calling prospective voters to promote Mr. Bloomberg's candidacy for president, door-to-door canvassing, and recruiting volunteers, were among the duties with which FOs were tasked.

60.     The Campaign denies the allegations in Paragraph 60 of the Complaint.

61.     The Campaign denies the allegations in Paragraph 61 of the Complaint.

62.     The Campaign denies the allegations in Paragraph 62 of the Complaint.

63.     The Campaign admits the allegations in Paragraph 63 of the Complaint, and avers that FOs were properly classified as exempt from all applicable federal and state wage and hour laws, and paid fixed salaries intended to cover all hours worked each workweek.

64.     The Campaign denies the allegations in Paragraph 64 of the Complaint, except admits that the Campaign paid FOs fixed salaries of $6,000 per month, which were intended to cover all hours worked each workweek.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint constitutes Plaintiffs' characterization of the relief sought by Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that Plaintiffs seek to recover overtime compensation, but denies that it has violated any federal or state wage and hour laws.

67.     Paragraph 67 of the Complaint constitutes Plaintiffs' characterization of the relief sought by Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that Plaintiffs make allegations pursuant to the FLSA, but denies that it has violated the FLSA.

68.     The Campaign denies the allegations in Paragraph 68 of the Complaint.

69.     The Campaign denies the allegations in Paragraph 69 of the Complaint.

70.     The Campaign denies the allegations in Paragraph 70 of the Complaint.

71.     The Campaign denies the allegations in Paragraph 71 of the Complaint.

72.     The Campaign denies the allegations in Paragraph 72 of the Complaint.

73.     The Campaign denies the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Illinois Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

75.     Paragraph 75 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

76.     Paragraph 76 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Minnesota Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to Minnesota law, but denies that it has violated Minnesota law.

77.     Paragraph 77 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the North Carolina Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations pursuant to North Carolina law, but denies that it has violated North Carolina law.

78.     Paragraph 78 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Michigan Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

79.     Paragraph 79 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Wisconsin Plaintiff to which no response is required.  To the extent a response is

deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

80.     Paragraph 80 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the California Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiff makes allegations pursuant to California law, but denies that it has violated California law.

## AS TO "THE PARTIES"

***Representative Plaintiffs***

**Plaintiff Donna Wood**

81.     The Campaign denies the allegations in Paragraph 81 of the Complaint, except admits that Plaintiff Wood worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wood's residence or actions purportedly taken by Plaintiff Wood with respect to other opportunities.

82.     The Campaign denies the allegations in Paragraph 82 of the Complaint, except admits that the Campaign paid Plaintiff Wood $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Caelan Doherty**

83.     The Campaign denies the allegations in Paragraph 83 of the Complaint, except admits that Plaintiff Doherty worked as an FO for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Doherty's residence or actions purportedly taken by Plaintiff Doherty with respect to other opportunities.

84.     The Campaign denies the allegations in Paragraph 84 of the Complaint, except admits that the Campaign paid Plaintiff Doherty $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Max Goldstein**

85.     The Campaign denies the allegations in Paragraph 85 of the Complaint, except admits that Plaintiff Goldstein worked as an FO for the Campaign in New York, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Goldstein's residence or actions purportedly taken by Plaintiff Goldstein with respect to other opportunities.

86.     The Campaign denies the allegations in Paragraph 86 of the Complaint, except admits that the Campaign paid Plaintiff Goldstein $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Bridget Logan**

87.     The Campaign denies the allegations in Paragraph 87 of the Complaint, except admits that Plaintiff Logan worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Logan's residence or actions purportedly taken by Plaintiff Logan with respect to other opportunities.

88.     The Campaign denies the allegations in Paragraph 88 of the Complaint, except admits that the Campaign paid Plaintiff Logan $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff James Kyle Newman**

89.     The Campaign denies the allegations in Paragraph 89 of the Complaint, except admits that Plaintiff Newman worked as an FO for the Campaign in North Carolina, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Newman's residence or actions purportedly taken by Plaintiff Newman with respect to other opportunities.

90.     The Campaign denies the allegations in Paragraph 90 of the Complaint, except admits that the Campaign paid Plaintiff Newman $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Zia Oram**

91.     The Campaign denies the allegations in Paragraph 91 of the Complaint, except admits that Plaintiff Oram worked as an FO for the Campaign in Michigan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Oram's residence or actions purportedly taken by Plaintiff Oram with respect to other opportunities.

92.     The Campaign denies the allegations in Paragraph 92 of the Complaint, except admits that the Campaign paid Plaintiff Oram $6,000 per month, and denies knowledge or information sufficient to form a belief as to Plaintiff Oram's family situation.

**Plaintiff Alan Robinson**

93.     The Campaign denies the allegations in Paragraph 93 of the Complaint, except admits that Plaintiff Robinson worked as an FO for the Campaign in Wisconsin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Robinson's residence or actions purportedly taken by Plaintiff Robinson  with respect to other opportunities.

94.     The Campaign denies the allegations in Paragraph 94 of the Complaint, except admits that the Campaign paid Plaintiff Robinson $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Alexandra Marie Wheatley-Diaz**

95.     The Campaign denies the allegations in Paragraph 95 of the Complaint, except admits that Plaintiff Wheatley-Diaz worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wheatley-Diaz's residence or actions purportedly taken by Plaintiff Wheatley-Diaz with respect to other opportunities.

96.     The Campaign denies the allegations in Paragraph 96 of the Complaint, except admits that the Campaign paid Plaintiff Wheatley-Diaz $6,000 per month and provided health insurance and other employee benefits.

*Individual Plaintiffs*

**Plaintiff Cheryl Baldwin**

97.     The Campaign denies the allegations in Paragraph 97 of the Complaint, except admits that Plaintiff Baldwin worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Baldwin's residence or actions purportedly taken by Plaintiff Baldwin with respect to other opportunities.

98.     The Campaign denies the allegations in Paragraph 98 of the Complaint, except admits that the Campaign paid Plaintiff Baldwin $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jonathan Barrio**

99.     The Campaign denies the allegations in Paragraph 99 of the Complaint, except avers that Plaintiff Barrio worked as a Deputy Constituency Director for the Campaign in North Carolina, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Barrio's residence or actions purportedly taken by Plaintiff Barrio with respect to other opportunities.

100.    The Campaign denies the allegations in Paragraph 100 of the Complaint, except admits that the Campaign paid Plaintiff Barrio $10,000 per month and provided health insurance and other employee benefits.

**Plaintiff Desmond Batts**

101.    The Campaign denies the allegations in Paragraph 101 of the Complaint, except admits that Plaintiff Batts worked as a Regional Organizing Director for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Batts's residence or actions purportedly taken by Plaintiff Batts with respect to other opportunities.

102.    The Campaign denies the allegations in Paragraph 102 of the Complaint, except admits that the Campaign paid Plaintiff Batts $8,000 per month and provided health insurance and other employee benefits.

**Plaintiff Garrett Beckenbaugh**

103.    The Campaign denies the allegations in Paragraph 103 of the Complaint, except admits that Plaintiff Beckenbaugh worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Plaintiff Beckenbaugh's residence or actions purportedly taken by Plaintiff Beckenbaugh with respect to other opportunities.

104.    The Campaign denies the allegations in Paragraph 104 of the Complaint, except admits that the Campaign paid Plaintiff Beckenbaugh $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Cochiese Bowers**

105.    The Campaign denies the allegations in Paragraph 105 of the Complaint, except admits that Plaintiff Bowers worked as an FO for the Campaign in Georgia, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Bowers's residence or actions purportedly taken by Plaintiff Bowers with respect to other opportunities.

106.    The Campaign denies the allegations in Paragraph 106 of the Complaint, except admits that the Campaign paid Plaintiff Bowers $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Miles Ceplecha**

107.    The Campaign denies the allegations in Paragraph 107 of the Complaint, except admits that Plaintiff Ceplecha worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Ceplecha's residence or actions purportedly taken by Plaintiff Ceplecha with respect to other opportunities.

108.    The Campaign denies the allegations in Paragraph 108 of the Complaint, except admits that the Campaign paid Plaintiff Ceplecha $6,000 per month and provided health insurance and other employee benefits.

18

**Plaintiff Robin Ceppos**

109.    The Campaign denies the allegations in Paragraph 109 of the Complaint, except admits that Plaintiff Ceppos worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Ceppos's residence or actions purportedly taken by Plaintiff Ceppos with respect to other opportunities.

110.    The Campaign denies the allegations in Paragraph 110 of the Complaint, except admits that the Campaign paid Plaintiff Ceppos $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Melinda Cirilo**

111.    The Campaign denies the allegations in Paragraph 111 of the Complaint, except admits that Plaintiff Cirilo worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Cirilo's residence or actions purportedly taken by Plaintiff Cirilo with respect to other opportunities.

112.    The Campaign denies the allegations in Paragraph 112 of the Complaint, except admits that the Campaign paid Plaintiff Cirilo $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jane Conrad**

113.    The Campaign denies the allegations in Paragraph 113 of the Complaint, except admits that Plaintiff Conrad worked as a Regional Organizing Director for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Conrad's residence or actions purportedly taken by Plaintiff Conrad with respect to other opportunities.

114.     The Campaign denies the allegations in Paragraph 114 of the Complaint, except admits that the Campaign paid Plaintiff Conrad $8,000 per month and provided health insurance and other employee benefits.

**Plaintiff Robert Cordova, Jr.**

115.     The Campaign denies the allegations in Paragraph 115 of the Complaint, except admits that Plaintiff Cordova worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Cordova's residence or actions purportedly taken by Plaintiff Cordova with respect to other opportunities.

116.     The Campaign denies the allegations in Paragraph 115 of the Complaint, except admits that the Campaign paid Plaintiff Cordova $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Christine Doczy**

117.     The Campaign denies the allegations in Paragraph 117 of the Complaint, except admits that Plaintiff Doczy worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Doczy's residence or actions purportedly taken by Plaintiff Doczy with respect to other opportunities.

118.     The Campaign denies the allegations in Paragraph 118 of the Complaint, except admits that the Campaign paid Plaintiff Doczy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Rachel Douglas**

119.     The Campaign denies the allegations in Paragraph 119 of the Complaint, except admits that Plaintiff Douglas worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Douglas's residence or actions purportedly taken by Plaintiff Douglas with respect to other opportunities.

120.     The Campaign denies the allegations in Paragraph 120 of the Complaint, except admits that the Campaign paid Plaintiff Douglas $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Theresa Edwards**

121.     The Campaign denies the allegations in Paragraph 121 of the Complaint, except admits that Plaintiff Edwards worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Edwards's residence or actions purportedly taken by Plaintiff Edwards with respect to other opportunities.

122.     The Campaign denies the allegations in Paragraph 122 of the Complaint, except admits that the Campaign paid Plaintiff Eswards $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Eliza Fink**

123.     The Campaign denies the allegations in Paragraph 123 of the Complaint, except admits that Plaintiff Fink worked as an FO for the Campaign in Connecticut, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Fink's residence or actions purportedly taken by Plaintiff Fink with respect to other opportunities.

124.    The Campaign denies the allegations in Paragraph 124 of the Complaint, except admits that the Campaign paid Plaintiff Fink $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jason Finkelstein**

125.    The Campaign denies the allegations in Paragraph 125 of the Complaint, except admits that Plaintiff Finkelstein worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Finkelstein's residence or actions purportedly taken by Plaintiff Finkelstein with respect to other opportunities.

126.    The Campaign denies the allegations in Paragraph 126 of the Complaint, except admits that the Campaign paid Plaintiff Finkelstein $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Ilse Mendez Fraga**

127.    The Campaign denies the allegations in Paragraph 127 of the Complaint, except admits that Plaintiff Mendez Fraga worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mendez Fraga's residence or actions purportedly taken by Plaintiff Mendez Fraga with respect to other opportunities.

128.    The Campaign denies the allegations in Paragraph 128 of the Complaint, except admits that the Campaign paid Plaintiff Mendez Fraga $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Josh Fredrickson**

129.     The Campaign denies the allegations in Paragraph 129 of the Complaint, except admits that Plaintiff Fredrickson worked as a Regional Organizing Director for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Fredrickson's residence or actions purportedly taken by Plaintiff Fredrickson with respect to other opportunities.

130.     The Campaign admits the allegations in Paragraph 130 of the Complaint.

**Plaintiff Maria Gonzalez**

131.     The Campaign denies the allegations in Paragraph 131 of the Complaint, except admits that Plaintiff Gonzalez worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gonzalez's residence or actions purportedly taken by Plaintiff Gonzalez with respect to other opportunities.

132.     The Campaign denies the allegations in Paragraph 132 of the Complaint, except admits that the Campaign paid Plaintiff Gonzalez $6,000 per month for the FO position and provided health insurance and other employee benefits.

**Plaintiff Nathaniel Robert Groh**

133.     The Campaign denies the allegations in Paragraph 133 of the Complaint, except admits that Plaintiff Groh worked as a Regional Organizing Director for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Groh's residence or actions purportedly taken by Plaintiff Groh with respect to other opportunities.

134.     The Campaign admits the allegations in Paragraph 134 of the Complaint.

**Plaintiff Brandi Harris**

135.    The Campaign denies the allegations in Paragraph 135 of the Complaint, except admits that Plaintiff Harris worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Harris's residence or actions purportedly taken by Plaintiff Harris with respect to other opportunities.

136.    The Campaign denies the allegations in Paragraph 136 of the Complaint, except admits that the Campaign paid Plaintiff Harris $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Peter Kamara**

137.    The Campaign denies the allegations in Paragraph 137 of the Complaint, except admits that Plaintiff Kamara worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Kamara's residence or actions purportedly taken by Plaintiff Kamara with respect to other opportunities.

138.    The Campaign denies the allegations in Paragraph 138 of the Complaint, except admits that the Campaign paid Plaintiff Kamara $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Mack Kennedy**

139.    The Campaign denies the allegations in Paragraph 139 of the Complaint, except admits that Plaintiff Kennedy worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Kennedy's residence or actions purportedly taken by Plaintiff Kennedy with respect to other opportunities.

140.     The Campaign denies the allegations in Paragraph 140 of the Complaint, except admits that the Campaign paid Plaintiff Kennedy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Madison Oliver Mays**

141.     The Campaign denies the allegations in Paragraph 141 of the Complaint, except admits that Plaintiff Mays worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mays's residence or actions purportedly taken by Plaintiff Mays with respect to other opportunities.

142.     The Campaign denies the allegations in Paragraph 142 of the Complaint, except admits that the Campaign paid Plaintiff Mays $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Patrick McHugh**

143.     The Campaign denies the allegations in Paragraph 143 of the Complaint, except admits that Plaintiff McHugh worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff McHugh's residence or actions purportedly taken by Plaintiff McHugh with respect to other opportunities.

144.     The Campaign denies the allegations in Paragraph 144 of the Complaint, except admits that the Campaign paid Plaintiff McHugh $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Paul Monterosso**

145.     The Campaign denies the allegations in Paragraph 145 of the Complaint, except admits that Plaintiff Monterosso worked as an FO for the Campaign in Florida, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Monterosso's residence or actions purportedly taken by Plaintiff Monterosso with respect to other opportunities.

146.    The Campaign denies the allegations in Paragraph 146 of the Complaint, except admits that the Campaign paid Plaintiff Monterosso $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Rey Murphy**

147.    The Campaign denies the allegations in Paragraph 147 of the Complaint, except admits that Plaintiff Murphy worked as an FO for the Campaign in Arizona, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Murphy's residence or actions purportedly taken by Plaintiff Murphy with respect to other opportunities.

148.    The Campaign denies the allegations in Paragraph 148 of the Complaint, except admits that the Campaign paid Plaintiff Murphy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Frida Michelle Naranjo**

149.    The Campaign denies the allegations in Paragraph 149 of the Complaint, except admits that Plaintiff Naranjo worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Naranjo's residence or actions purportedly taken by Plaintiff Naranjo with respect to other opportunities.

150.     The Campaign denies the allegations in Paragraph 150 of the Complaint, except admits that the Campaign paid Plaintiff Naranjo $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Joseph Nestor**

151.     The Campaign denies the allegations in Paragraph 151 of the Complaint, except admits that Plaintiff Nestor worked as a Regional Organizing Director for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Nestor's residence or actions purportedly taken by Plaintiff Nestor with respect to other opportunities.

152.     The Campaign admits the allegations in Paragraph 152 of the Complaint.

**Plaintiff Luke Nicholas**

153.     The Campaign denies the allegations in Paragraph 153 of the Complaint, except admits that Plaintiff Nicholas worked as an FO for the Campaign in Virginia, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Nicholas's residence or actions purportedly taken by Plaintiff Nicholas with respect to other opportunities.

154.     The Campaign denies the allegations in Paragraph 154 of the Complaint, except admits that the Campaign paid Plaintiff Nicholas $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Josephine Olinger**

155.     The Campaign denies the allegations in Paragraph 155 of the Complaint, except admits that Plaintiff Olinger worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff

Olinger's residence or actions purportedly taken by Plaintiff Olinger with respect to other opportunities.

156.    The Campaign denies the allegations in Paragraph 156 of the Complaint, except admits that the Campaign paid Plaintiff Olinger $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Alec Silvester**

157.    The Campaign denies the allegations in Paragraph 157 of the Complaint, except admits that Plaintiff Silvester worked as an FO for the Campaign in Florida and that the Campaign paid Plaintiff Silvester $6,000 per month and provided health insurance and other employee benefits, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Silvester's residence or actions purportedly taken by Plaintiff Silvester with respect to other opportunities.

**Plaintiff Daniel Smith**

158.    The Campaign denies the allegations in Paragraph 158 of the Complaint, except admits that Plaintiff Smith worked as an FO for the Campaign in Michigan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Smith's residence or actions purportedly taken by Plaintiff Smith with respect to other opportunities.

159.    The Campaign denies the allegations in Paragraph 159 of the Complaint, except admits that the Campaign paid Plaintiff Smith $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Chris Soth**

160.    The Campaign denies the allegations in Paragraph 160 of the Complaint, except admits that Plaintiff Soth worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Soth's residence or actions purportedly taken by Plaintiff Soth with respect to other opportunities.

161.    The Campaign denies the allegations in Paragraph 161 of the Complaint, except admits that the Campaign paid Plaintiff Soth $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Audra Tellez**

162.    The Campaign denies the allegations in Paragraph 162 of the Complaint, except admits that Plaintiff Tellez worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tellez's residence or actions purportedly taken by Plaintiff Tellez with respect to other opportunities.

163.    The Campaign denies the allegations in Paragraph 163 of the Complaint, except admits that the Campaign paid Plaintiff Tellez $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Carlos Torres**

164.    The Campaign denies the allegations in Paragraph 164 of the Complaint, except admits that Plaintiff Torres worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Torres's residence or actions purportedly taken by Plaintiff Torres with respect to other opportunities.

165.    The Campaign denies the allegations in Paragraph 165 of the Complaint, except admits that the Campaign paid Plaintiff Torres $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Elliot Tricotti**

166.    The Campaign denies the allegations in Paragraph 166 of the Complaint, except admits that Plaintiff Tricotti worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tricotti's residence or actions purportedly taken by Plaintiff Tricotti with respect to other opportunities.

167.    The Campaign denies the allegations in Paragraph 167 of the Complaint, except admits that the Campaign paid Plaintiff Tricotti $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Gloria Tyler**

168.    The Campaign denies the allegations in Paragraph 168 of the Complaint, except admits that Plaintiff Tyler worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tyler's residence or actions purportedly taken by Plaintiff Tyler with respect to other opportunities.

169.    The Campaign denies the allegations in Paragraph 169 of the Complaint, except admits that the Campaign paid Plaintiff Tyler $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Lakisha Watson-Moore**

170.    The Campaign denies the allegations in Paragraph 170 of the Complaint, except admits that Plaintiff Watson-Moore worked as an FO for the Campaign in Michigan, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Watson-Moore's residence or actions purportedly taken by Plaintiff Watson-Moore with respect to other opportunities.

171.   The Campaign denies the allegations in Paragraph 171 of the Complaint, except admits that the Campaign paid Plaintiff Watson-Moore $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jesse Weinberg**

172.   The Campaign denies the allegations in Paragraph 172 of the Complaint, except admits that Plaintiff Weinberg worked as an FO for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Weinberg's residence or actions purportedly taken by Plaintiff Weinberg with respect to other opportunities.

173.   The Campaign denies the allegations in Paragraph 173 of the Complaint, except admits that the Campaign paid Plaintiff Weinberg $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Clem Wright**

174.   The Campaign denies the allegations in Paragraph 174 of the Complaint, except admits that Plaintiff Wright worked as an FO for the Campaign in Michigan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wright's residence or actions purportedly taken by Plaintiff Wright with respect to other opportunities.

175.    The Campaign denies the allegations in Paragraph 175 of the Complaint, except admits that the Campaign paid Plaintiff Wright $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Anoosh Yaraghchian**

176.    The Campaign denies the allegations in Paragraph 176 of the Complaint, except admits that Plaintiff Yaraghchian worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Yaraghchian's residence or actions purportedly taken by Plaintiff Yaraghchian with respect to other opportunities.

177.    The Campaign denies the allegations in Paragraph 177 of the Complaint, except admits that the Campaign paid Plaintiff Yaraghchian $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jesus Zamora**

178.    The Campaign denies the allegations in Paragraph 178 of the Complaint, except admits that Plaintiff Zamora worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Zamora's residence or actions purportedly taken by Plaintiff Zamora with respect to other opportunities.

179.    The Campaign denies the allegations in Paragraph 179 of the Complaint, except admits that the Campaign paid Plaintiff Zamora $6,000 per month and provided health insurance and other employee benefits.

*As to "Defendant Mike Bloomberg 2020, Inc."*

180.     The Campaign denies the allegations in Paragraph 180 of the Complaint, except admits that it was incorporated in Delaware as a non-profit political organization within the meaning of 26 U.S.C. § 527 and registered as a principal campaign committee with the Federal Election Commission, and maintained offices in various states.

181.     Paragraph 181 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in that paragraph, except admits that the Campaign employed Plaintiffs in various states.

182.     Paragraph 182 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in that paragraph, except admits that the Campaign employed Plaintiffs in various states.

183.     The Campaign avers that the document referenced by Plaintiffs in Paragraph 183 of the Complaint speaks for itself.

184.     Paragraph 184 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 184 of the Complaint.

185.     The Campaign denies the allegations in Paragraph 185 of the Complaint.

186.     The Campaign denies the allegations in Paragraph 186 of the Complaint.

187.     The Campaign denies the allegations in Paragraph 187 of the Complaint.

188.     The Campaign denies the allegations in Paragraph 188 of the Complaint.

189.     The Campaign denies the allegations in Paragraph 189 of the Complaint.

190.     The Campaign denies the allegations in Paragraph 190 of the Complaint.

191.     The Campaign denies the allegations in Paragraph 191 of the Complaint.

192.    The Campaign denies the allegations in Paragraph 192 of the Complaint.

193.    The Campaign avers that the websites referenced by Plaintiffs in Paragraph 193 of the Complaint speaks for themselves.

194.    The Campaign denies the allegations in Paragraph 194 of the Complaint.

195.    The Campaign denies the allegations in Paragraph 195 of the Complaint.

196.    The Campaign denies the allegations in Paragraph 196 of the Complaint.

197.    The Campaign denies the allegations in Paragraph 197 of the Complaint.

198.    The Campaign denies the allegations in Paragraph 198 of the Complaint.

199.    The Campaign avers that the websites referenced by Plaintiffs in Paragraph 199 of the Complaint speaks for themselves.

200.    The Campaign denies the allegations in Paragraph 200 of the Complaint.

201.    The Campaign denies the allegations in Paragraph 201 of the Complaint.

202.    The Campaign avers that the website referenced by Plaintiffs in Paragraph 202 of the Complaint speaks for itself.

203.    The Campaign avers that the website referenced by Plaintiffs in Paragraph 203 of the Complaint speaks for itself.

204.    The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 204 of the Complaint speaks for themselves.

205.    The Campaign denies the allegations in Paragraph 205 of the Complaint.

206.    Paragraph 206 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced federal election laws speak for themselves.

207.    The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 207 of the Complaint speaks for themselves.

208.    The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 208 of the Complaint speaks for themselves.

209.    The Campaign denies the allegations in Paragraph 209 of the Complaint.

210.    The Campaign denies the allegations in Paragraph 210 of the Complaint.

211.    The Campaign denies the allegations in Paragraph 211 of the Complaint.

212.    The Campaign denies the allegations in Paragraph 212 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

213.    Paragraph 213 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 213 of the Complaint.

214.    Paragraph 214 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 214 of the Complaint.

215.    Paragraph 215 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 215 of the Complaint.

216.    Paragraph 216 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 216 of the Complaint.

<u>**AS TO "COLLECTIVE-WIDE FACTUAL ALLEGATIONS"**</u>

217.     Paragraph 217 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 217 of the Complaint and denies that certification of any collective is appropriate.

218.     The Campaign denies the allegations in Paragraph 218 of the Complaint.

219.     The Campaign denies the allegations in Paragraph 219 of the Complaint (including subparts (a) – (b)).

220.     The Campaign denies the allegations in Paragraph 220 of the Complaint.

221.     The Campaign denies the allegations in Paragraph 221 of the Complaint.

222.     The Campaign denies the allegations in Paragraph 222 of the Complaint.

223.     The Campaign denies the allegations in Paragraph 223 of the Complaint.

224.     The Campaign denies the allegations in Paragraph 224 of the Complaint.

225.     The Campaign denies the allegations in Paragraph 225 of the Complaint.

<u>**AS TO "CLASS-WIDE ALLEGATIONS"**</u>

226.     The allegations in Paragraph 226 of the Complaint relate solely to the Dismissed Common Law Claims and contain a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 226 of the Complaint and denies that certification of any class is appropriate.[1]

227.     The allegations in Paragraph 227 of the Complaint relate solely to the Dismissed Common Law Claims and contain a characterization of Plaintiffs' proposed class to which no

---

[1] To the extent the Complaint refers to "Class Members" or the "Class," the Campaign denies that at this stage in the litigation there exist any class members, and, where applicable, specifically incorporates this objection and denial throughout the remainder of its Answer and Affirmative Defenses.

response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 227 of the Complaint and denies that certification of any class is appropriate.

228.    The allegations in Paragraph 228 of the Complaint relate solely to the Dismissed Common Law Claims and contain a characterization of Plaintiffs' proposed subclasses to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 228 of the Complaint and denies that certification of any class or subclass is appropriate.

229.    The allegations in Paragraph 229 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 229 of the Complaint, except admits that the Campaign employed thousands of employees.

230.    The Campaign denies the allegations in Paragraph 230 of the Complaint.

231.    The Campaign denies the allegations in Paragraph 231 of the Complaint (including subparts (a) – (k)).

232.    The Campaign denies the allegations in Paragraph 232 of the Complaint.

233.    The Campaign denies the allegations in Paragraph 233 of the Complaint.

234.    The Campaign denies the allegations in Paragraph 234 of the Complaint.

235.    The Campaign denies the allegations in Paragraph 235 of the Complaint.

236.    The Campaign denies the allegations in Paragraph 236 of the Complaint.

237.    The Campaign denies the allegations in Paragraph 237 of the Complaint.

238.    The Campaign denies the allegations in Paragraph 238 of the Complaint.

239.    The Campaign denies the allegations in Paragraph 239 of the Complaint.

240.    The Campaign denies the allegations in Paragraph 240 of the Complaint.

241.    The Campaign denies the allegations in Paragraph 241 of the Complaint.

242.    The Campaign denies the allegations in Paragraph 242 of the Complaint.

243.    The Campaign denies the allegations in Paragraph 243 of the Complaint.

## AS TO "NEW YORK CLASS ALLEGATIONS"

244.    Paragraph 244 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 244 of the Complaint and denies that certification of any class is appropriate.

245.    Paragraph 245 of the Complaint contains a characterization of the New York Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 245 of the Complaint and denies that certification of any class is appropriate.

246.    The Campaign denies the allegations in Paragraph 246 of the Complaint, except admits that the number of FOs who worked for the Campaign in New York exceeds forty.

247.    The Campaign denies the allegations in Paragraph 247 of the Complaint (including subparts (a) – (e)).

248.    The Campaign denies the allegations in Paragraph 248 of the Complaint.

249.    The Campaign denies the allegations in Paragraph 249 of the Complaint.

250.    The Campaign denies the allegations in Paragraph 250 of the Complaint.

251.    The Campaign denies the allegations in Paragraph 251 of the Complaint.

252.    The Campaign denies the allegations in Paragraph 252 of the Complaint.

253.    The Campaign denies the allegations in Paragraph 253 of the Complaint.

## AS TO "CALIFORNIA CLASS ALLEGATIONS"

254.     Paragraph 254 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 254 of the Complaint and denies that certification of any class is appropriate.

255.     Paragraph 255 of the Complaint contains a characterization of the California Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 255 of the Complaint and denies that certification of any class is appropriate.

256.     The Campaign denies the allegations in Paragraph 256 of the Complaint, except admits that the number of FOs who worked for the Campaign in California exceeds forty.

257.     The Campaign denies the allegations in Paragraph 257 of the Complaint (including subparts (a) – (f)).

258.     The Campaign denies the allegations in Paragraph 258 of the Complaint.

259.     The Campaign denies the allegations in Paragraph 259 of the Complaint.

260.     The Campaign denies the allegations in Paragraph 260 of the Complaint.

261.     The Campaign denies the allegations in Paragraph 261 of the Complaint.

262.     The Campaign denies the allegations in Paragraph 262 of the Complaint.

263.     The Campaign denies the allegations in Paragraph 263 of the Complaint.

## AS TO "MICHIGAN CLASS ALLEGATIONS"

264.     Paragraph 264 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the

allegations in Paragraph 264 of the Complaint and denies that certification of any class is appropriate.

265.    Paragraph 265 of the Complaint contains a characterization of the Michigan Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 265 of the Complaint and denies that certification of any class is appropriate.

266.    The Campaign denies the allegations in Paragraph 266 of the Complaint, except admits that the number of FOs who worked for the Campaign in Michigan exceeds forty.

267.    The Campaign denies the allegations in Paragraph 267 of the Complaint (including subparts (a) – (b)).

268.    The Campaign denies the allegations in Paragraph 268 of the Complaint.

269.    The Campaign denies the allegations in Paragraph 269 of the Complaint.

270.    The Campaign denies the allegations in Paragraph 270 of the Complaint.

271.    The Campaign denies the allegations in Paragraph 271 of the Complaint.

272.    The Campaign denies the allegations in Paragraph 272 of the Complaint.

273.    The Campaign denies the allegations in Paragraph 273 of the Complaint.

### AS TO "WISCONSIN CLASS ALLEGATIONS"

274.    Paragraph 274 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 274 of the Complaint and denies that certification of any class is appropriate.

275.    Paragraph 275 of the Complaint contains a characterization of the Wisconsin Plaintiff's proposed class to which no response is required.  To the extent a response is deemed

required, the Campaign denies the allegations in Paragraph 275 of the Complaint and denies that certification of any class is appropriate.

276.    The Campaign denies the allegations in Paragraph 276 of the Complaint.

277.    The Campaign denies the allegations in Paragraph 277 of the Complaint (including subparts (a) – (b)).

278.    The Campaign denies the allegations in Paragraph 278 of the Complaint.

279.    The Campaign denies the allegations in Paragraph 279 of the Complaint.

280.    The Campaign denies the allegations in Paragraph 280 of the Complaint.

281.    The Campaign denies the allegations in Paragraph 281 of the Complaint.

282.    The Campaign denies the allegations in Paragraph 282 of the Complaint.

283.    The Campaign denies the allegations in Paragraph 283 of the Complaint.

## AS TO "ILLINOIS CLASS ALLEGATIONS"

284.    Paragraph 284 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 284 of the Complaint and denies that certification of any class is appropriate.

285.    Paragraph 285 of the Complaint contains a characterization of the Illinois Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 285 of the Complaint and denies that certification of any class is appropriate.

286.    The Campaign denies the allegations in Paragraph 286 of the Complaint, except admits that the number of FOs who worked for the Campaign in Illinois exceeds forty.

287.    The Campaign denies the allegations in Paragraph 287 of the Complaint (including subparts (a) – (b)).

288.    The Campaign denies the allegations in Paragraph 288 of the Complaint.

289.    The Campaign denies the allegations in Paragraph 289 of the Complaint.

290.    The Campaign denies the allegations in Paragraph 290 of the Complaint.

291.    The Campaign denies the allegations in Paragraph 291 of the Complaint.

292.    The Campaign denies the allegations in Paragraph 292 of the Complaint.

293.    The Campaign denies the allegations in Paragraph 293 of the Complaint.

## AS TO "MINNESOTA CLASS ALLEGATIONS"

294.    Paragraph 294 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 294 of the Complaint and denies that certification of any class is appropriate.

295.    Paragraph 295 of the Complaint contains a characterization of the Minnesota Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 295 of the Complaint and denies that certification of any class is appropriate.

296.    The Campaign denies the allegations in Paragraph 296 of the Complaint.

297.    The Campaign denies the allegations in Paragraph 297 of the Complaint (including subparts (a) – (b)).

298.    The Campaign denies the allegations in Paragraph 298 of the Complaint.

299.    The Campaign denies the allegations in Paragraph 299 of the Complaint.

300.    The Campaign denies the allegations in Paragraph 300 of the Complaint.

301.    The Campaign denies the allegations in Paragraph 301 of the Complaint.

302.    The Campaign denies the allegations in Paragraph 302 of the Complaint.

303.    The Campaign denies the allegations in Paragraph 303 of the Complaint.

## AS TO "NORTH CAROLINA CLASS ALLEGATIONS"

304.    Paragraph 304 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 304 of the Complaint and denies that certification of any class is appropriate.

305.    Paragraph 305 of the Complaint contains a characterization of the North Carolina Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 305 of the Complaint and denies that certification of any class is appropriate.

306.    The Campaign denies the allegations in Paragraph 306 of the Complaint, except admits that the number of FOs who worked for the Campaign in North Carolina exceeds forty.

307.    The Campaign denies the allegations in Paragraph 307 of the Complaint (including subparts (a) – (b)).

308.    The Campaign denies the allegations in Paragraph 307 of the Complaint.

309.    The Campaign denies the allegations in Paragraph 309 of the Complaint.

310.    The Campaign denies the allegations in Paragraph 310 of the Complaint.

311.    The Campaign denies the allegations in Paragraph 311 of the Complaint.

312.    The Campaign denies the allegations in Paragraph 312 of the Complaint.

313.    The Campaign denies the allegations in Paragraph 313 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

314.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

315.    The Campaign denies the allegations in Paragraph 315 of the Complaint.

316.    Paragraph 316 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced consent to join forms filed in this case speak for themselves.

317.    Paragraph 317 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 317 of the Complaint.

318.    Paragraph 318 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 318 of the Complaint.

319.    Paragraph 319 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 319 of the Complaint.

320.    Paragraph 320 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 320 of the Complaint.

321.    The Campaign denies the allegations in Paragraph 321 of the Complaint.

322.    Paragraph 322 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 322 of the Complaint.

323.     Paragraph 323 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 323 of the Complaint.

324.     Paragraph 324 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 324 of the Complaint.

### AS TO "SECOND CAUSE OF ACTION"
**NYLL – Unpaid Overtime**
**NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.***
**(Brought by the New York Plaintiff on Behalf of Himself and the New York Class)**

325.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

326.     The Campaign denies the allegations in Paragraph 326 of the Complaint.

327.     Paragraph 327 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 327 of the Complaint.

328.     Paragraph 328 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 328 of the Complaint, except admits that the New York Plaintiff worked for the Campaign.

329.     Paragraph 329 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 329 of the Complaint.

330.     The Campaign denies the allegations in Paragraph 330 of the Complaint.

331.     The Campaign denies the allegations in Paragraph 331 of the Complaint.

332.     Paragraph 332 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

333.     Paragraph 333 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

**AS TO "THIRD CAUSE OF ACTION"**
**NYLL – Failure to Provide Wages Notices**
**(Brought by the New York Plaintiff on Behalf of Himself and the New York Class)**

334.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

335.     The Campaign denies the allegations in Paragraph 335 of the Complaint.

336.     The Campaign denies the allegations in Paragraph 336 of the Complaint.

337.     The Campaign denies the allegations in Paragraph 337 of the Complaint.

**AS TO "FOURTH CAUSE OF ACTION"**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought by Plaintiff Goldstein on Behalf of Himself and the New York Class)**

338.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

339.     The Campaign denies the allegations in Paragraph 339 of the Complaint.

340.     The Campaign denies the allegations in Paragraph 340 of the Complaint.

341.     The Campaign denies the allegations in Paragraph 341 of the Complaint.

**AS TO "FIFTH CAUSE OF ACTION"**
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by the California Plaintiff on Behalf of Herself and the California Class)**

342.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

343.     The Campaign denies the allegations in Paragraph 343 of the Complaint.

344.     Paragraph 344 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 344 of the Complaint.

345.     Paragraph 345 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 345 of the Complaint, except admits that the California Plaintiff worked for the Campaign.

346.     Paragraph 346 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 346 of the Complaint.

347.     The Campaign denies the allegations in Paragraph 347 of the Complaint.

348.     The Campaign denies the allegations in Paragraph 348 of the Complaint.

**AS TO "SIXTH CAUSE OF ACTION"**
**California Wage Laws – Record-Keeping Violations**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 226, 1174, & 1174.5**
**(Brought by the California Plaintiff on Behalf of Herself and the California Class)**

349.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

350.     The Campaign denies the allegations in Paragraph 350 of the Complaint.

351.     The Campaign denies the allegations in Paragraph 351 of the Complaint.

**AS TO "SEVENTH CAUSE OF ACTION"**
**California Wage Laws – Meal and Rest Period Provisions**
**Cal. Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 218.5, 226.5, 226.7, & 512**
**(Brought by the California Plaintiff on Behalf of Herself and the California Class)**

352.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

353.     The Campaign denies the allegations in Paragraph 353 of the Complaint.

354.     The Campaign denies the allegations in Paragraph 354 of the Complaint.

355.     The Campaign denies the allegations in Paragraph 355 of the Complaint.

**AS TO "EIGHTH CAUSE OF ACTION"**
**California Wage Laws – Business Expenses**
**Cal. Lab. Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by the California Plaintiff on Behalf of Herself and the California Class)**

356.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

357.     Paragraph 357 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 357 of the Complaint.

358.     The Campaign denies the allegations in Paragraph 358 of the Complaint.

359.     Paragraph 359 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiff makes allegations pursuant to California law, but denies that it has violated California law.

## AS TO "NINTH CAUSE OF ACTION"
### California Wage Laws – Untimely Payment of Wages
### Cal. Labor Code §§ 204, 210
### (Brought by the California Plaintiff on Behalf of Herself and the California Class)

360.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

361.     Paragraph 361 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 361 of the Complaint.

362.     The Campaign denies the allegations in Paragraph 362 of the Complaint.

363.     The Campaign denies the allegations in Paragraph 363 of the Complaint.

## AS TO "TENTH CAUSE OF ACTION"
### California Wage Laws – Unfair Competition
### California Business & Professions Code §§ 17200 *et seq*.
### (Brought by the California Plaintiff on Behalf of Herself and the California Class)

364.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

365.     The Campaign denies the allegations in Paragraph 365 of the Complaint.

366.     The Campaign denies the allegations in Paragraph 366 of the Complaint.

367.     The Campaign denies the allegations in Paragraph 367 of the Complaint.

368.     The Campaign denies the allegations in Paragraph 368 of the Complaint.

369.     The Campaign denies the allegations in Paragraph 369 of the Complaint.

370.     Paragraph 370 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiff makes allegations pursuant to California law, but denies that it has violated California law.

371.     Paragraph 371 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiff makes allegations pursuant to California law, but denies that it has violated California law.

### AS TO "ELEVENTH CAUSE OF ACTION"
**Michigan Wage Law – Overtime**
**MWOWA, Mich. Comp. Laws §§ 408.414a; 408.412**
**(Brought by the Michigan Plaintiff on Behalf of Himself and the Michigan Class)**

372.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

373.     The Campaign denies the allegations in Paragraph 373 of the Complaint.

374.     Paragraph 374 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 374 of the Complaint.

375.     Paragraph 375 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 375 of the Complaint, except admits that the Michigan Plaintiff worked for the Campaign.

376.     Paragraph 376 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 376 of the Complaint.

377.     The Campaign denies the allegations in Paragraph 377 of the Complaint.

378.     The Campaign denies the allegations in Paragraph 378 of the Complaint.

379.     Paragraph 379 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Michigan Plaintiff to which no response is required.  To the extent a response is

deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

380.    Paragraph 380 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Michigan Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

### AS TO "TWELFTH CAUSE OF ACTION"
**Wisconsin Wage Law – Overtime**
**Wis. Stat. §§ 103 and 104, and Wis. Admin. Code § DWD 274.03**
**(Brought by the Wisconsin Plaintiff on Behalf of Himself and the Wisconsin Class)**

381.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

382.    The Campaign denies the allegations in Paragraph 382 of the Complaint.

383.    Paragraph 383 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 383 of the Complaint.

384.    Paragraph 384 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 384 of the Complaint, except admits that the Wisconsin Plaintiff worked for the Campaign.

385.    Paragraph 385 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 385 of the Complaint.

386.    The Campaign denies the allegations in Paragraph 386 of the Complaint.

387.    The Campaign denies the allegations in Paragraph 387 of the Complaint.

388.    Paragraph 388 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Wisconsin Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

389.    Paragraph 389 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Wisconsin Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

**AS TO "THIRTEENTH CAUSE OF ACTION"**
**Illinois Wage Law – Overtime**
**IMWL, 820 ILCS 105/1 *et seq.*,**
**(Brought by the Illinois Plaintiff on Behalf of Herself and the Illinois Class)**

390.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

391.    Paragraph 391 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 391 of the Complaint, except admits that the Illinois Plaintiff worked for the Campaign.

392.    Paragraph 392 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 392 of the Complaint.

393.    The Campaign denies the allegations in Paragraph 393 of the Complaint.

394.    The Campaign denies the allegations in Paragraph 394 of the Complaint.

395.    Paragraph 395 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Illinois Plaintiff to which no response is required.  To the extent a response is deemed

required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

396.    Paragraph 396 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Illinois Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

**AS TO "FOURTEENTH CAUSE OF ACTION"**
**Minnesota Wage Law – Overtime**
**MFLSA §§ 177.23, 177.25 and Minn. R. 5200 *et seq*.**
**(Brought by the Minnesota Plaintiff on Behalf of Herself and the Minnesota Class)**

397.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

398.    The Campaign denies the allegations in Paragraph 398 of the Complaint.

399.    Paragraph 399 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 399 of the Complaint.

400.    Paragraph 400 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 400 of the Complaint, except admits that the Minnesota Plaintiff worked for the Campaign.

401.    Paragraph 401 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 401 of the Complaint.

402.    The Campaign denies the allegations in Paragraph 402 of the Complaint.

403.    The Campaign denies the allegations in Paragraph 403 of the Complaint.

404.     Paragraph 404 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Minnesota Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to Minnesota law, but denies that it has violated Minnesota law.

405.     Paragraph 405 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Minnesota Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to Minnesota law, but denies that it has violated Minnesota law.

### AS TO "FIFTEENTH CAUSE OF ACTION"
**North Carolina Wage Law – Overtime**
**NCWHA, N.C. Gen. Stat. Ann. § 95-25.1 *et seq*.**
**(Brought by the North Carolina Plaintiff on Behalf of Himself and the North Carolina Class)**

406.     The Campaign repeats and restates each of the above responses as if fully set forth herein.

407.     The Campaign denies the allegations in Paragraph 407 of the Complaint.

408.     Paragraph 408 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 408 of the Complaint.

409.     Paragraph 409 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 409 of the Complaint, except admits that the North Carolina Plaintiff worked for the Campaign.

410.     Paragraph 410 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 410 of the Complaint.

411.    The Campaign denies the allegations in Paragraph 411 of the Complaint.

412.    The Campaign denies the allegations in Paragraph 412 of the Complaint.

413.    Paragraph 413 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the North Carolina Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations pursuant to North Carolina law, but denies that it has violated North Carolina law.

414.    Paragraph 414 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the North Carolina Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations pursuant to North Carolina law, but denies that it has violated North Carolina law.

**AS TO "SIXTEENTH CAUSE OF ACTION"**
**Fraudulent Inducement**
**(Brought on Behalf of Plaintiffs and the Class)**

415.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

416.    The allegations in Paragraph 416 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 416 of the Complaint.

417.    The allegations in Paragraph 417 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 417 of the Complaint.

418.    The allegations in Paragraph 418 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 418 of the Complaint.

419.    The allegations in Paragraph 419 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 419 of the Complaint.

420.    The allegations in Paragraph 420 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 420 of the Complaint.

421.    The allegations in Paragraph 421 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 421 of the Complaint.

422.    The allegations in Paragraph 422 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 422 of the Complaint.

423.    The allegations in Paragraph 423 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 423 of the Complaint.

424.    The allegations in Paragraph 424 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 424 of the Complaint.

425.    The allegations in Paragraph 425 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 425 of the Complaint.

## AS TO "SEVENTEENTH CAUSE OF ACTION"
### Promissory Estoppel
### (Brought on Behalf of Plaintiffs and the Class)

426.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

427.    The allegations in Paragraph 427 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 427 of the Complaint.

428.    The allegations in Paragraph 428 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 428 of the Complaint.

429.    The allegations in Paragraph 429 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 429 of the Complaint.

430.    The allegations in Paragraph 430 of the Complaint relate solely to the Dismissed Common Law Claims and contain legal conclusions to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 430 of the Complaint.

431.    The allegations in Paragraph 431 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 431 of the Complaint.

432.    The allegations in Paragraph 432 of the Complaint relate solely to the Dismissed Common Law Claims to which no response is required.   To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 432 of the Complaint

## AS TO "PRAYER FOR RELIEF"

The Campaign denies that the Representative Plaintiffs are entitled (on behalf of themselves or any other individuals) to the relief set forth in the "WHEREFORE" paragraphs of the Complaint and each subpart thereof.

## AS TO "JURY DEMAND"

The Campaign denies that the trial of any issue to a jury is warranted and denies that Plaintiffs are entitled (on behalf of themselves or any other individuals) to any relief.   The Campaign does not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

The Campaign denies each and every allegation in the Complaint that has not previously been specifically admitted or denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state, in whole or in part, a claim as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, because they were properly classified as exempt from overtime requirements under the state laws that purportedly serve as a basis for the claims alleged in the Complaint, including but not limited to as bona fide executive and/or administrative persons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, to the extent that individual's claims were not filed within the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent that individual failed to exhaust administrative remedies and/or fulfill all conditions precedent to suit.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent that they seek injunctive, declaratory, and/or other equitable relief, because Plaintiffs and/or any individual Plaintiffs seek to represent have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of the Campaign.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, because they have not suffered any injury or damage as a result of any act or omission of the Campaign.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred because they have been paid all monies that they are owed by the Campaign, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, to the extent that Plaintiffs and/or any individual Plaintiffs seek to represent failed to mitigate or avoid any of the damages alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

If the Campaign is found to have failed to pay Plaintiffs and/or any individual Plaintiffs seek to represent any amount due, which the Campaign denies, the Campaign is entitled to set off any overpayments or other sums owed against any judgment.

## TENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, by the doctrine of unjust enrichment, including to the extent that Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent has been overpaid for time worked or paid for time not worked.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are or may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that during the course of this litigation the Campaign acquires any evidence of wrongdoing by Plaintiffs and/or any individual Plaintiffs seek to represent, which wrongdoing would have been a breach of any agreement with the Campaign or would have resulted in termination or alteration of the relationship of that individual with the Campaign, such after-acquired evidence bars that individual's claims of liability or damages or shall reduce such claims as provided by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent covered by a prior compromise or release of claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Campaign is not an "employer," and Plaintiffs or any other individuals Plaintiff seeks to represent, are not "employees" within the meaning of all applicable federal and state wage and hour laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the Campaign is found to have failed to pay any amount to Plaintiffs or any individual Plaintiffs seek to represent, which the Campaign specifically denies, any remedy should be calculated at the rate of one-half of the hourly rate of such individual.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are inherently individualized and Plaintiffs cannot establish the requirements for certification of any class under Federal Rule of Civil Procedure 23.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiff seeks to represent are, in whole or in part, insufficient to establish a right to attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

In the event the Court certifies any class, the Campaign incorporates by reference and realleges each of its defenses to Plaintiffs' individual claims as if asserted in response to the claims of any member of the class.

The Campaign reserves the right to assert such other affirmative defenses as may become known to it through discovery or investigation.

WHEREFORE, the Campaign prays for judgment as follows:

(1)  Dismissing the Complaint, and each claim therein, in its entirety with prejudice;

(2)  Denying class action certification;

(3)  Striking the class allegations;

(4)  Denying all of the relief prayed for in the Complaint;

(5)  Entering judgment against Plaintiff and in favor of the Campaign;

(6)  Awarding the Campaign its costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(7)  Granting the Campaign such other and further relief as the Court deems just and proper.

Dated: New York, New York
          June 23, 2022

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.