UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>                     v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                     Defendant. | 20 Civ. 2489 (LTS) (GWG) |

**SURREPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") respectfully submits this surreply in opposition to Plaintiffs' motion for leave to file a Third Amended Complaint to address issues raised by Plaintiffs, for the first time, in their Reply brief.

## PRELIMINARY STATEMENT

As noted in the Campaign's Opposition, by the time the parties entered into their tolling agreement on May 18, 2021, more than a year had elapsed since Plaintiff Robin Ceppos ("Ceppos") and proposed Plaintiff Nick Coker ("Coker") (collectively, the "Proposed Substitute PAGA Plaintiffs") last worked for the Campaign. Yet, it is undisputed that, by that date, neither had provided notice of alleged violations of the California Labor Code to the Labor and Workforce Development Agency ("LWDA"), as required to pursue a claim under California's Labor Code Private Attorneys General Act of 2004 ("PAGA").

Plaintiffs do not argue (nor could they) that the parties' tolling agreement revived claims that had already expired by the date the parties entered into the agreement. Accordingly, the *only* way that the Proposed Substitute PAGA Plaintiffs could assert a PAGA claim is if their deadline to give notice to the LWDA had not yet expired by May 18, 2021. Unfortunately for them, that was not the case.

Nor does Rule 9 of the California Judicial Council's ("Judicial Council") Emergency Rules Related to COVID-19 (the "Emergency Rules") save their attempted PAGA claim. *First*, it is unclear that the Judicial Council had the authority to toll the statute of limitations for a PAGA claim, as Emergency Rule 9 is at odds with the statute of limitations set forth in the California Code of Civil Procedure. *Second*, even assuming that the Judicial Council had the authority to toll the statute of limitations for bringing a PAGA claim in California state courts, nothing in Emergency Rule 9 purports to extend the deadline for alleged "aggrieved employees" to give

notice to the LWDA under California Labor Code section 2699.3(a), which the Proposed Substitute PAGA Plaintiffs did not do until June 21, 2022.

Nor can the Proposed Substitute PAGA Plaintiffs rely on former Plaintiff Alexandra Wheatley-Diaz's original LWDA notice. The case they cite in support of this argument, *Harvey v. Morgan Stanley Smith Barney LLC*, No. 18-cv-02835-WHO, 2020 WL 1031801 (N.D. Cal. March 3, 2020), did not involve an untimely LWDA notice. Moreover, Plaintiffs' heavy reliance on *Harvey* fails to account for the far more extensive authority cited in Defendant's Opposition. *See* Opp. at 5-7.

Accordingly, for all of the reasons set forth in Defendant's Opposition, Plaintiffs' Motion should be denied.

## ARGUMENT

**I.     THE JUDICIAL COUNCIL LACKED AUTHORITY TO TOLL THE DEADLINE TO FILE A PAGA CLAIM.**

California's Constitution provides separate powers to each of the State's three branches of government—executive, legislative, and judicial. *See generally* Cal. Const., art. III, § 3. Each branch is precluded from exercising powers belonging to another, "except as permitted by th[e] Constitution." *Id*.

The power to set the time within which suits may be filed belongs to the legislative branch. *See Olivas v. Weiner*, 127 Cal. App. 2d 597, 599 (1954) ("Fixing the time within which particular rights must be asserted is a matter of legislative policy."). To that end, section 312 of the California Code of Civil Procedure makes clear that "[c]ivil actions, *without exception*, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed *by statute*." *Id.* (emphasis added).

While the California Constitution delegates some authority over the State's court system to the Judicial Council,[1] this power is limited: If a rule established by the Judicial Council "is inconsistent with a statute, *the statute controls*." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 532 (2002) (citations omitted) (emphasis added) ("Rules promulgated by the Judicial Council may not conflict with governing statutes."); *see also* Cal. Const., art. VI, § 6(d) ("The rules adopted [by the Judicial Council] shall not be inconsistent with statute.").

Here, the Judicial Council established Emergency Rule 9, in particular, to expand the statute of limitations in light of the ongoing COVID-19 pandemic. However, this extension is directly at odds with the one-year deadline to initiate a cause of action under PAGA established by section 340 of the Code of Civil Procedure – *i.e.*, Emergency Rule 9 is "inconsistent with [a] statute." Recognizing this conflict, California's Governor attempted to fix the problem by "suspending" the operation of any statute inconsistent with actions by the Judicial Council related to the COVID-19 emergency, via executive order. *See* Cal. Gov. Exec. Order No. N-38-20. However, the California Supreme Court has not confirmed that he had the power to do so—especially considering the limitations on the Judicial Council's authority imposed by the California Constitution. *See* Cal. Const., art. VI, § 6(d).[2]

---

[1] *See* Cal. Const., art. VI, § 6(d).

[2] Moreover, even Governor Newsom's executive order acknowledges that the actions of the Judicial Council relate to the operations of California state courts—the only courts over which the California Governor has any authority. *See* Cal. Gov. Exec. Order No. N-38-20 (referring to "the Judicial Branch" of California government and the authority of the "Judicial Branch" under Article VI, section 6 of the California Constitution to "adopt rules for court administration, practice, and procedure").

3

**II.     REGARDLESS OF WHETHER THE JUDICIAL COUNCIL COULD EXTEND THE DEADLINE TO FILE A PAGA ACTION IN CALIFORNIA COURTS, EMERGENCY RULE 9 DOES NOT AFFECT THE DEADLINE TO GIVE NOTICE TO THE LWDA.**

Even accepting (*arguendo*) that (a) the Judicial Council had authority to enact Emergency Rule 9, (b) it was intended to apply in federal court, and (c) it effectively tolled the statute of limitations for initiating a cause of action pursuant to PAGA, that *still* is not sufficient to resurrect the Proposed Substitute PAGA Plaintiffs' PAGA claim. Emergency Rule 9 is clear that it pertains only to the statute of limitations – *i.e.*, the deadline to file a claim in court. *See id.* at §§ (a)-(b). As the Advisory Committee Comment explains: "Emergency [R]ule 9 is intended to apply broadly to toll any statute of limitations *on the filing of a pleading in court* asserting a civil cause of action." (emphasis added).

The requirement that plaintiffs give notice to the LWDA of alleged Labor Code violations before bringing a PAGA action is set forth in California Labor Code section 2699.3. Nothing in Emergency Rule 9 purports to affect PAGA's notice requirement.

Accordingly, regardless of whether the Judicial Council had authority to enact Emergency Rule 9 or whether it applies to actions in federal court, Proposed Substitute PAGA Plaintiffs' delay in giving the LWDA notice is fatal to their attempted PAGA claim.

**III.    THE PROPOSED SUBSTITUTE PAGA PLAINTIFFS CANNOT RELY ON WHEATLEY-DIAZ'S PRIOR LWDA NOTICE.**

In the alternative to their argument based on Emergency Rule 9, Plaintiffs claim that *Harvey* establishes that the Proposed Substitute PAGA Plaintiffs may hitch their PAGA claim on former Plaintiff Wheatley-Diaz's timely 2020 LWDA notice. *See* Reply at 4. However, as the Campaign noted in its Opposition, multiple courts have held that PAGA claims are not assignable and only a party who has provided timely notice to the LWDA may serve as an "aggrieved employee." *See* Opp. at 5-7; *see also Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 2022

4

WL 2135491, at *4 n.2 (U.S. June 15, 2022) (confirming that "employees have no assignable interest in a PAGA claim").

*Harvey* did hold otherwise. The question in *Harvey* was whether a "a PAGA representative plaintiff … [could] pursue claims before the one-year limitations period calculated based on the date the PAGA notice is sent to the LWDA" in the context of a class action settlement. 2020 WL 1031801, at *15. In overruling another employee's objection to the scope of the PAGA settlement, the *Harvey* court noted that "the ordinary temporal scope of a PAGA claim is defined by the one-year limitations period but defendants may waive this statute of limitations affirmative defense." *Id.* at *17. Here, the parties are not settling a PAGA claim, nor is the Campaign waiving any such defense.

## CONCLUSION

For the foregoing reasons, and those stated in Defendant's Opposition, Plaintiffs' motion for leave to file a Third Amended Complaint should be denied.

Dated: June 24, 2022                           PROSKAUER ROSE LLP

/s/ *Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850

5

mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.