

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 13, 2022

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Gabriel W. Gorenstein
U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 6B
New York, New York 10007-1312

Re:   *Wood et al. v. Mike Bloomberg 2020, Inc.* (20 Civ. 2489) (LTS) (GWG)

Dear Judge Gorenstein:

Pursuant to the Court's September 6, 2022 order (Dkt. 289), we write on behalf of Defendant Mike Bloomberg 2020, Inc. (the "Campaign") to address *Hargrove v. Legacy Healthcare, Inc.*, 80 Cal. App. 5th 782 (Cal. App. 4th Dist. 2022) in advance of the oral argument scheduled on Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC"). In addition, the Campaign provides a brief response to Plaintiffs' latest proposal to have Alexandra Marie Wheatley-Diaz ("Wheatley-Diaz") remain in the case as a non-plaintiff representative for purposes of Plaintiffs' proposed claim pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), which should be rejected.

### *Hargrove v. Legacy Healthcare, Inc.* Supports the Campaign's Position

*Hargrove* supports the Campaign's position that Plaintiffs' motion for leave to amend their complaint for the third time should be denied because, among other reasons, their proposed claim under PAGA is subject to dismissal under Rule 12(b)(6) and, therefore, their proposed amendment is futile.

In *Hargrove*, the California Court of Appeal affirmed a trial court's denial of a motion to amend that sought to add a new potential PAGA plaintiff (Cornell) in the place of the original plaintiff (Hargrove) after Hargrove passed away. *Id.* at 789-792. Hargrove had worked for defendant Legacy Healthcare, Inc. ("Legacy") from August 2014 to August 2015, and provided written notice of alleged Labor Code violations to the California Labor and Workforce Development Agency ("LWDA") in August 2016; she initiated a PAGA action in October 2016. *Id.* at 786-87. Hargrove passed away, however, in February 2020, and her counsel sought to replace her with Cornell, who had worked for Legacy between May and August 2019, and who provided notice to the LWDA on May 13, 2020. *Id.* at 787.

The court began its analysis by reiterating that "[a]n employee does not have an assignable interest in … [a] PAGA claim." *Id.* at 790 (citing *Amalgamated Trans. Union, Local 1765, AFL-CIO v. Super. Ct.*, 46 Cal. 4th 993 (2009)). Applying the standard set forth in *Hutcheson v. Superior Court*, a case cited by Plaintiffs herein (*see* Dkt. 285 at 5), the court remarked that "Cornell may substitute into this action, and her PAGA claim may relate back to the original

**Proskauer»**

Hon. Gabriel W. Gorenstein
September 13, 2022
Page 2

complaint" only if "she meets PAGA's prerequisites (standing, notice, & statute of limitations) <u>and</u> the amended complaint is able to relate back to the original complaint (i.e., it rests on the same general set of facts, involves the same injury, & involves the same cause of injury)." *Id.* at 791 (italics in original) (citation omitted).  The court held that Cornell did not meet these requirements as to Hargrove's PAGA claim because Cornell "was not an 'aggrieved employee' at the time Hargrove filed her original complaint [alleging a PAGA claim] in October 2016." *Id.* at 792 (citation omitted).  As to Cornell's argument that she should be allowed to substitute in as a plaintiff based on the relation-back doctrine, the court noted that "'[t]he doctrine cannot be used to frustrate the intent of the Legislature to require compliance with administrative procedures as a condition to filing an action.'" *Id.* (citing *Brown v. Ralphs Grocery Store Co*. 28 Cal. App. 5th 824, 841 (Cal. App. 2d Dist. 2018)).  Accordingly, the court held that Cornell could not invoke the relation-back doctrine.  *Id.*

As in *Hargrove*, Plaintiffs here seek to "avoid the harsh reality" of their inability to pursue a PAGA claim "by attempting to assign the claim" to proposed substitute California class representatives Robin Ceppos ("Ceppos") and Nick Coker ("Coker").  *Id.* at 792.  However, like Cornell, Ceppos and Coker cannot satisfy the PAGA prerequisites because it is undisputed that they did not provide notice to the LWDA within one year of their separation from employment, as they were required to do.  As addressed extensively in the Campaign's opposition and surreply to Plaintiffs' motion (*see* Dkt. 282 at 7-8; Dkt. 288), this deficiency is fatal to their proposed PAGA claim.  *Hargrove* further confirms that application of the relation-back doctrine is inappropriate under the circumstances of this case because allowing Ceppos and Coker to pursue a PAGA claim based on their objectively untimely LWDA notice letters would "provide administrative compliance that does not exist."  *Hargrove*, 80 Cal. App. 5th at 792 (citing *Esparza v. Safeway, Inc.*, 36 Cal. App. 5th 42, 63 (2019)).[1]

Accordingly, *Hargrove* confirms that Plaintiffs' motion for leave to amend should be denied.

### **Wheatley-Diaz Cannot Serve as Non-Plaintiff PAGA Representative**

On September 8, 2022, with briefing on the motion to amend complete, Plaintiffs announced that they had a new idea: they wished to have Wheatley-Diaz remain in the case as a PAGA representative, along with Ceppos and Coker.[2]  However, any PAGA claim by Wheatley-

---

[1] As discussed in *Hargrove*, the relation-back doctrine operates to deem an "amended complaint" as having been filed at the time of an earlier "complaint" if certain conditions are satisfied.  *Id.* at 792 (citations omitted).  However, Plaintiffs in this case have never previously pled a PAGA claim and only seek to do so for the first time in the TAC.  Put differently, Plaintiffs are not relying on the relation-back doctrine to try to recover PAGA penalties for a longer time period based on an earlier pleading, as Cornell was seeking to do in *Hargrove*, but instead are asking the court to extend the doctrine in a manner that would obviate PAGA's LWDA notice requirement.

[2] In a draft of a letter they indicated they intended to file with the Court, Plaintiffs claimed they were making this new proposal after reading the Campaign's opposition to their motion to amend.  Plaintiffs'

**Proskauer»**

Hon. Gabriel W. Gorenstein
September 13, 2022
Page 3

Diaz, who announced that she did not want to be a plaintiff in October 2020, would be subject to dismissal under Rule 12(b)(6) and, therefore, should be rejected.[3]

First, any potential PAGA claim by Wheatley-Diaz is now time-barred based on her extensive delay in pursuing such a claim. Wheatley-Diaz last worked for the Campaign in March 2020 and provided notice to the LWDA on March 31, 2020. Accordingly, she had until June 4, 2021, at the very latest, to file a PAGA claim.[4] Thus, even assuming that the parties' May 18, 2021 tolling agreement tolled a PAGA claim by Wheatley-Diaz until May 31, 2022 (i.e., the date Plaintiffs filed their motion for leave to amend), only 17 days remained for Wheatley-Diaz to commence a PAGA claim at that time. Yet she did not even seek to do so until September 8, 2022—months after her deadline. Accordingly, like Ceppos and Coker, Wheatley-Diaz has not satisfied the prerequisites to bringing a PAGA claim.

Second, Wheatley-Diaz cannot act as a non-plaintiff "placeholder" for purposes of Plaintiffs' purported PAGA claim. As the U.S. Supreme Court explained recently in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (U.S. Aug. 22, 2022), "a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action. … When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Id.* at 1925. Therefore, if Wheatley-Diaz has no claims of her own in this lawsuit

---

mistakes in complying with PAGA's administrative exhaustion requirements provide no basis to relieve them of those mandates. *See, e.g.*, *Drake v. Morgan Stanley & Co., Inc.*, No. CV 09-6467 ODW(RCx), 2010 WL 11571243 at *4-5 (C.D. Cal. June 2, 2010) (denying leave to amend and granting summary adjudication on PAGA claim based on plaintiffs' admitted "inadvertent[]" failure to provide notice to the LWDA or defendant before filing a PAGA claim and delay in requesting leave to amend after they did).

[3] Plaintiffs first announced their last-minute tactic in an email to the Campaign's counsel on September 8, representing that Wheatley-Diaz wanted to be a PAGA representative only but not a class representative. The following day, defense counsel asked for a copy of the new version of the TAC. Plaintiffs did not respond to that request until today, September 13, just two days before the scheduled oral argument on their motion to amend. Moreover, Plaintiffs' September 13 version of the TAC purports to include Wheatley-Diaz as both a PAGA representative *and* a California class representative, even though this requested modification was different from what Plaintiffs' counsel had described just days earlier. It is therefore unclear exactly what Plaintiffs are currently proposing, but, for the reasons set forth below, none of their proposals salvage their PAGA claim.

[4] The statute of limitations to bring a PAGA claim is one year. *See Hargrove*, 80 Cal. App. 5th at 792 ("[A] PAGA action is subject to a one-year statute of limitations."). However, the deadline is tolled during the 65-day period during which the LWDA has the opportunity to act based on a PAGA notice letter. *See* Cal. Lab. Code § 2699.3(d).

**Proskauer»**

Hon. Gabriel W. Gorenstein
September 13, 2022
Page 4

(i.e., if she is not a named plaintiff), she lacks standing to pursue PAGA penalties on behalf of any others.

Third, Plaintiffs' last minute maneuver should be precluded on equitable grounds. For months, Wheatley-Diaz refused to participate in discovery, which forced the Campaign to engage in significant meet-and-confer efforts between October 2020 and February 2021. Even when she eventually provided responses to the Campaign's written discovery, Wheatley-Diaz indicated that she did not intend to pursue any claims other than as a passive member of the FLSA collective. The Campaign agreed to enter into the tolling agreement, on which Plaintiffs now heavily rely, only because Wheatley-Diaz had represented that she would not be pursuing such a claim.[5] Plaintiffs' attempted bait-and-switch should not be permitted.

With Wheatley-Diaz voluntarily out of the picture, the Campaign's opposition to Plaintiffs' motion for leave to amend was largely based on Ceppos' and Coker's untimely PAGA claims. If the Court should decide to permit Wheatley-Diaz to reverse course years later and pursue her claim, which it should not, then at a bare minimum the Court should require Plaintiffs to pay for the attorneys' fees that could have been avoided had Wheatley-Diaz asserted her PAGA claim before September 2022.

We thank the Court for its consideration of this matter.

Respectfully,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel (via ECF)

---

[5] The tolling agreement specifically notes that "nothing in this Agreement shall operate . . . to revive any claim, cause of action, or allegation that is otherwise barred by any statute of limitations or similar rule of law or equity prior to the effective date of this Agreement." *See* Dkt. 280-2 at 1-2.