

Advocates for Workplace Fairness

September 13, 2022

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Along with co-counsel, we represent Plaintiffs in the above-referenced matter. Plaintiffs hereby submit this supplemental letter concerning Plaintiffs' pending motion for leave to file a Third Amended Complaint ("TAC motion"), ECF No. 278, and, pursuant to the Court's September 6, 2022 order, ECF No. 289, to address the Court's inquiry about the recent decision in *Hargrove v. Legacy Healthcare, Inc.*, 80 Cal. App. 5th 782 (Cal. Ct. App. 2022).

**I.    Modification to Plaintiffs' Motion to Amend**

      As an initial matter, Plaintiffs seek to simplify the issues before the Court by modifying the relief they request in their pending motion. Instead of withdrawing as a named plaintiff, Plaintiff Alexandra Marie Wheatley-Diaz will remain in the case and seek to serve as a representative for the PAGA claims that Plaintiffs seek to assert. As set forth in Plaintiffs' proposed TAC, ECF No. 279-1, Plaintiff Wheatley-Diaz filed a timely letter with the LWDA in March 2020, notifying it of her claims and, under the emergency and contractual tolling applicable to her PAGA claim, now timely seeks to plead PAGA claims in this lawsuit. *See* TAC ¶ 439; ECF No. 285 at 2-3 (discussing tolling and the statute of limitations). This should eliminate any doubt that the PAGA claims may be pled, given that none of the exhaustion or timeliness issues that Defendant raises with respect to Plaintiffs Robin Ceppos and Nick Coker are applicable to Plaintiff Wheatley-Diaz.[1]

      Plaintiffs Ceppos and Coker still wish to serve as representatives for the PAGA claims, as requested in Plaintiffs' TAC motion, along with Wheatley-Diaz. The dispute, therefore, remains

---

[1]     Plaintiffs are taking this step in response to the parties' briefing because Plaintiffs first learned of Defendants' positions that Plaintiffs Ceppos and Coker failed to satisfy PAGA's administrative exhaustion requirement, that Plaintiff Wheatley-Diaz could not assign her PAGA claim to Plaintiffs Ceppos or Coker, and that Plaintiffs Ceppos and Coker could not provide timely notice to the LWDA in Defendant's brief in opposition to Plaintiffs' TAC motion. ECF No. 282 at 4-8.

The Honorable Gabriel W. Gorenstein
September 13, 2022
Page 2 of 3

as to whether Ceppos and Coker may serve as PAGA representatives, but not as to whether Plaintiffs' PAGA claims will be part of this lawsuit. Ceppos and Coker also still wish to serve as California class representatives for the California labor law claims, as requested in Plaintiffs' TAC motion, along with Wheatley-Diaz. Defendant does not oppose the naming of Plaintiffs Ceppos or Coker as class representatives for the California state law claims. ECF No. 285 at 9-10.

Plaintiffs respectfully request that the Court permit this letter to serve as a modification of Plaintiffs' TAC motion, and to give Defendant an opportunity to respond, if it wishes to do so. Plaintiffs have attached a revised proposed Third Amended Complaint as Exhibit A and a redlined version of the revised proposed Third Amended Complaint reflecting the changes to the Second Amended Complaint as Exhibit B.

**II.    Addressing Court's Inquiry About *Hargrove***

   **a.   *Hargrove* Does Not Apply.**

*Hargrove* is inapplicable to the present case because it concerned the substitution of a proposed PAGA representative into a lawsuit with existing PAGA claims and addressed whether the new representative's claims should relate back to the originally pled claims. *Hargrove*, 80 Cal. App. 5th at 786-87. Here, in contrast, PAGA claims have not yet been pled in the lawsuit, no substitution is taking place, and there are no claims to which Plaintiffs' allegations must "relate back." Plaintiffs, therefore, need not rely on relation back at all.

Plaintiff Wheatley-Diaz seeks to assert PAGA claims and does not need to rely on relation back to do so. Defendant cannot dispute that she was "employed by the alleged violator," and that she alleges that she is an individual "against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c); *Hutcheson v. Superior Court*, 74 Cal. App. 5th 932, 939 (Cal. Ct. App. 2022) (discussing PAGA standing requirements). It is also undisputed that she timely filed her PAGA notice on March 31, 2020. Plaintiff Wheatley-Diaz has now timely sought to assert PAGA claims here, relying on the emergency and contractual tolling applicable to her PAGA claim. *See* TAC ¶ 439; ECF No. 285 at 2-3 (discussing tolling and the statute of limitations).

Plaintiffs Ceppos and Coker also seek to assert PAGA claims in this lawsuit without relying on relation back. Both have met the administrative requirements to allege the claims, as they were "employed by the alleged violator," and are individuals "against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c); *Hutcheson*, 74 Cal. App. 5th at 939; *see also* Ex. A (Revised Proposed TAC) ¶¶ 85-88. They timely filed notice to the LWDA of their PAGA claims on June 21, 2022, which were timely due to emergency tolling established by California courts between early April and early October 2020 (178 days) and the parties' contractual tolling agreement executed in May 2021. ECF No. 285 at 2-3; Ex. A ¶ 80.

In Defendant's surreply, which was filed without Plaintiffs' knowledge or consent, Defendant makes the novel argument that California's emergency tolling was an improper

The Honorable Gabriel W. Gorenstein
September 13, 2022
Page 2 of 3

exercise of judicial authority and that it does not cover the filing of PAGA notices and, accordingly, Plaintiffs' proposed PAGA amendment is futile. Defendant is wrong, first, because it is wrong that the emergency tolling was invalid and did not apply to PAGA notices. Defendant cites to *no* authority supporting its position, *see* ECF No. 288 at 2-4, which alone suggests that Plaintiffs' amendment is not futile and should be permitted. Further, California courts interpreting Emergency Rule 9 have concluded that it tolled statutes of limitations for administrative deadlines required to be met prior to filing lawsuits, including those imposed by statute. *See Thomas v. Tks Rests.*, No. 30-2021C-01206884, 2021 Cal. Super. LEXIS 147773 (Cal. Sup. Ct. Dec. 10, 2021) (holding that Emergency Rule 9 tolled PAGA notice filing deadline by 178 days); *Lechabrier v. Sacramento Reg'l Transit*, Civ. No. 34-2020-00291601-CU-PO-GDS, 2021 Cal. Super. LEXIS 152446, at *3-4 (Cal. Sup. Ct. Sept. 8, 2021) (noting that Emergency Rule 9 tolled plaintiff's statutory deadline to file complaint with city of Sacramento prior to filing tort lawsuit).

Second, even if Defendant is correct that the emergency tolling provisions are invalid, which it is not, Plaintiffs' complaint is still not futile because they would have a strong argument that the statute of limitations should be equitably tolled. *See Johnson v. Bryson*, 851 F. Supp. 2d 688, 710-12 (S.D.N.Y. 2012) (rejecting argument that plaintiff's proposed amendment was time-barred because plaintiff demonstrated he may be entitled to equitable tolling of his deadline to raise discrimination claim with federal agency). Plaintiffs Ceppos and Coker have acted diligently and reasonably relied on the California Judicial Council's order to conclude that their PAGA notices, and the claims in this lawsuit, were timely brought. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (discussing standard for equitable tolling). Critically, Defendant cannot argue that it has been prejudiced because it has been on notice of Plaintiffs' intention to amend the complaint to allege PAGA claims since October 2020. ECF No. 2-3.

Under Rule 15, an amendment is futile only "if it could not survive a motion to dismiss." *Coney Island Resorts, Inc. v. Giuliani*, 103 F. Supp. 2d 645, 657 n.8 (E.D.N.Y. 2000), *aff'd*, 11 F. App'x 11 (2d Cir. 2001). At this stage, it cannot be said that Plaintiffs' proposed amendment would dismissed. Given the lack of merit of Defendant's arguments, the liberal pleading standard, and the strong policy favoring the enforcement of PAGA claims, Plaintiffs' TAC motion should be granted. *See Block v. First Blood Assocs.*, 988 F.2d. 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Hutcheson*, 74 Cal. App. 5th at 938 (discussing purpose of PAGA to increase enforcement of California's labor laws).

### b. If *Hargrove* Applies, It Supports Plaintiffs.

If the Court concludes that *Hargrove* applies here—for example, because the Court determines that Plaintiffs Ceppos and Coker's PAGA notices must relate back to Plaintiff Wheatley-Diaz's first-filed notice in 2020 in order to be timely—the case squarely supports Plaintiffs' request to amend the complaint. In *Hargrove*, the court held that "[a] PAGA complaint may be amended to provide for the substitution of another person as the representative plaintiff in the action" where the proposed substitute representative (1) has standing to bring the

The Honorable Gabriel W. Gorenstein
September 13, 2022
Page 2 of 3

PAGA claim, (2) provided timely notice to the LWDA, and (3) pleads allegations that relate back to the original complaint. 80 Cal. App. 5th at 789, 791 (discussing *Hutcheson*, 74 Cal. App. 5th at 932).

  Plaintiffs Ceppos and Coker have satisfied these first two elements. They have standing to bring PAGA claims because they were "aggrieved employees" within the meaning of the California Labor Code at the same time Plaintiff Wheatley-Diaz was an aggrieved employee. *Cf. Hargrove*, 80 Cal. App. 5th at 792 (finding that the proposed substitute plaintiff did not have standing because she was not an "aggrieved employee" at the time the original plaintiff filed her PAGA complaint). They also, as discussed above, provided timely notice to the LWDA.

  Regarding the third factor, the relation-back doctrine, Plaintiffs Ceppos and Coker satisfy its requirements because their PAGA claims relate back to Plaintiff Wheatley-Diaz's notice in March 2020. They worked at the same time as Plaintiff Wheatley-Diaz, in the same job title with the same job duties, and suffered identical injuries via the same instrumentalities. Ex. A ¶¶ 85-88, 101-102; *cf. Hargrove*, 80 Cal. App. 5th at 792-93 (allegations did not relate back because original and proposed substitute PAGA representatives worked for defendant during different periods, worked in different positions, and alleged different injuries). For these reasons, Plaintiffs Ceppos and Coker may join Plaintiff Wheatley-Diaz as PAGA representatives. Plaintiffs' TAC motion should therefore be granted.

  We thank the Court for its attention to this matter.

              Respectfully submitted,

              Hannah Cole-Chu

cc:  All Counsel of Record (via ECF)