

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 28, 2022

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Laura Taylor Swain
U.S. District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17C
New York, New York 10007-1312

Re:   *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Chief Judge Swain:

  We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter.  Pursuant to Your Honor's September 22, 2022 Order to Show Cause (Dkt. 297), we write to address the issue raised as to whether the Campaign's pending April 21, 2022 Motion to Certify for Appeal (Dkt. 267), under 28 U.S.C. § 1292(b), has been rendered moot by the Plaintiffs' filing of a Third Amended Complaint ("TAC") on September 20, 2022.  (Dkt. 296.)  As Your Honor's Order notes, the Campaign's pending motion seeks interlocutory review of the March 25, 2022 Memorandum Opinion and Order (Dkt. 258) to the extent the Court denied the Campaign's June 17, 2020 Motion to Dismiss Plaintiffs' Fair Labor Standards Act (the "FLSA") claim for unpaid overtime wages that was in the Second Amended Complaint ("SAC").  (Dkt. 86.)

  Although the Court could in its discretion find that the 1292(b) motion is not moot and decide it on its merits,[1] the Campaign acknowledges that the general rule is that the filing of a later amended complaint renders an earlier complaint "inoperative" and appellate courts typically decline to consider appeals stemming from orders connected to inoperative complaints.  S*ee, e.g.*, *Tripathy v. McClowski*, No. 21-3094, 2022 WL 2069228, at *2 (2d Cir. June 9, 2022).

  As a result, when the Campaign files its anticipated motion to dismiss Plaintiffs' newly pled claim under California's Private Attorney General Act of 2004 ("PAGA"),[2] it intends to

---

[1] To do so, the Court may have to determine that the March 25, 2022 Memorandum Opinion and Order also applies to the FLSA claim in the TAC, not simply the SAC.  When an amended complaint is substantially similar to an earlier complaint, courts can consider pending motions directed at an earlier complaint as if they had been directed at the amended complaint.  *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (holding that the district court "may either deny a pending motion . . . as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading"); *see also* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. Apr. 2022) ("[D]efendants should not be required to file a new motion . . . simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance.").

[2] On September 15, 2022, when Magistrate Judge Gabriel W. Gorenstein granted in part and denied in part Plaintiffs' motion to amend, he stated that he was allowing the PAGA claim to be pled without deciding whether it was futile and with "absolutely no effect on the defendant's ability to make whatever arguments it wishes in the future regarding

**Proskauer»**

Hon. Laura Taylor Swain
September 28, 2022
Page 2

exercise its right to move to dismiss the FLSA claim that Plaintiffs included in their new complaint.[3] Then, if necessary, the Campaign may later renew its 1292(b) motion for interlocutory review in the ordinary course.

The Campaign recognizes that the factual allegations in the TAC related to the FLSA claim appear largely the same as those that were in the SAC, but it is well-settled that the Court is free to evaluate anew the Campaign's motion, arguments, and recent judicial opinions.[4] Indeed, this past February, the Second Circuit Court of Appeals rejected the argument of a plaintiff who complained that the district court should not have dismissed claims the court had previously found sufficient when defendants filed a second motion to dismiss after an amendment to the pleadings. *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-CV, 2022 WL 433289 (2d Cir. Feb. 14, 2022).

The Court of Appeals ultimately disagreed with the substance of some of the district court's conclusions, but it found no error in the process or in the district court's authority to entertain the second motion to dismiss the same claims (even though the initial and amended complaints were "nearly identical") and to reach a different decision than it had at first. *Id.* at *6.

The Court of Appeals wrote that "[i]t would have been preferable for the District Court to explicitly acknowledge that it was granting motions to dismiss as to counts for which it had previously denied similar motions on a nearly identical complaint and articulate its rationales for doing so. But the law of the case doctrine 'generally does not limit a court's power to reconsider an issue,' and doing so is no abuse of discretion." *Id.* (quoting *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991)).

Accordingly, the Court in the present action could very well choose to reach a different conclusion on a motion to dismiss Plaintiffs' FLSA claim in the Third Amended Complaint, and doing so would be appropriate and consistent with recently affirmed practice in the Second Circuit.

Finally, the Campaign respectfully underscores that any course that would deny the Campaign the opportunity to petition for interlocutory review of a denial of a motion to dismiss

---

the statute of limitations. It's going to be free to file a motion to dismiss if it complies with the Court's individual practices." (Tr. at 34:5-10.) (Appended hereto is a true and correct copy of the Sept. 15, 2022 hearing transcript.)

[3] *See, e.g.*, *Huynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 7408230, at *5 (N.D. Cal. June 1, 2020) ("'[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect.' Thus, because [defendant] is responding to Plaintiffs' new complaint, [defendant] may challenge any claim in the Third Amended Complaint, including claims that were found sufficient under prior complaints." (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012))).

[4] *See, e.g.*, *U.S. Bank Nat. Ass'n ex rel. Lima Acquisition LP v. PHL Variable Ins. Co.*, No. 12 CIV. 6811, 2014 WL 998358, at *4 (S.D.N.Y. Mar. 14, 2014) (McMahon, J.) ("Even if the [prior] Order were binding on this Court, it would have little relevance here, where [plaintiff] has filed multiple amended complaints since the [prior] Order was issued. 'It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994))).

**Proskauer»**

Hon. Laura Taylor Swain
September 28, 2022
Page 3

the FLSA claim – whether the petition that is currently pending, or one that may be filed if the Court denies a motion filed in response to the TAC – would be inequitable and contrary to longstanding principles that reject the notion that a prevailing party is allowed via its unilateral actions (here, Plaintiffs' filing of the TAC) to deny the opposing party an opportunity to seek appellate review.

In analogous contexts, both the United States Supreme Court and Second Circuit Court of Appeals have unequivocally held that where mootness of an appeal results from the unilateral actions of a party that prevailed below, the decision challenged must be vacated so as to not prejudice the party that sought to appeal. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below."); *Oneida Indian Nation of New York v. Madison Cnty.*, 665 F.3d 408, 426 (2d Cir. 2011) ("It has been said that the winning party in the district court should not be able to prevent appellate review of a perhaps-erroneous decision by attempting to render the district court's judgment unappealable.").

Here, Plaintiffs prevailed in defeating the Campaign's attempt to have the FLSA claim in the SAC dismissed, and it is Plaintiffs' unilateral actions in filing a Third Amended Complaint – which the Campaign opposed – that has potentially led to the mootness of the Campaign's 1292(b) motion to certify the earlier decision for appeal, which motion has been pending since April 2022. Under the circumstances, basic principles of fairness dictate that Plaintiffs' actions "should not be able to prevent appellate review," or at least the opportunity of the Campaign to petition for appellate review under 1292(b). *Oneida Indian Nation*, 665 F.3d at 426. That matter can be taken up, if necessary, after resolution of the Campaign's motion to dismiss the FLSA claim asserted in the TAC.

We thank the Court for its consideration of this matter.

Respectfully,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:    Counsel of Record (via ECF)