# EXHIBIT 1

## TOLLING AGREEMENT

**WHEREAS**, on March 31, 2020, Alexandra Wheatley-Diaz provided notice by certified mail to the California Labor and Workforce Development Agency of certain legal claims, and simultaneously provided a copy of that notice by certified mail to Mike Bloomberg 2020, Inc. (the "Campaign");

**WHEREAS**, Plaintiffs in the matter styled Donna Wood, et al. v. Mike Bloomberg 2020, Inc., SDNY No. 20 Civ. 2489 (LTS) (GWG) (the "Action") have notified the Campaign of their intent to file a Motion to Amend the Second Amended Complaint in the Action to: (1) add claims under the California Private Attorneys General Act, Cal. Lab. Code, § 2698 *et seq.* ("PAGA") on behalf of aggrieved employees who worked for Defendant in California (collectively, the "Potential PAGA Members"); (2) substitute Robin Ceppos and Nick Coker as the proposed Class Representatives for California in place of Alexandra Wheatley-Diaz (together, the "California Representatives"); and (3) substitute Lakisha Watson-Moore as the proposed Class Representative for Michigan in place of Zia Oram;

**WHEREAS**, Plaintiffs and the Campaign (together, the "Parties") agree to toll the PAGA claims of the California Representatives and Potential PAGA Members (together, the "Claims");

**NOW THEREFORE**, for good and sufficient consideration, the receipt of which is hereby acknowledged, it is hereby agreed, by and among counsel for the Parties herein, that:

(1)     No statute of limitations on any of the Claims shall run against California Representatives or Potential PAGA Members and the same shall be tolled from the date of the execution of this agreement on behalf of all Parties until five (5) days after either party gives written notice of cancellation of tolling by email to the other party (the "Tolling Period").  Neither party shall put forward or rely upon the Tolling Period as a bar or laches or for any other purpose to defeat the Claims made or to be made in the Action or any other proceeding against the Campaign.  Notwithstanding the foregoing, nothing in

this Agreement shall operate (a) to toll or suspend any other statute of limitations or similar rule of law or equity, (b) to revive any claim, cause of action, or allegation that is otherwise barred by any statute of limitations or similar rule of law or equity prior to the effective date of this Agreement, or (c) as a waiver of or prejudice the Campaign's potential defenses of statute of limitations, laches, or untimeliness for reasons other than the execution of this Agreement and its tolling effect;

(2) During the term of this Agreement, California  Representatives shall refrain and forebear from seeking leave to add the Claims to the Action, or commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against the Campaign raising the Claims without giving the Campaign five (5) days written notice by email;

(3) During the term of this Agreement, the Campaign shall provide immediate written notice to counsel for California Representatives of any other pending, threatened, or contemplated litigation or arbitration, or pending, contemplated, scheduled, or actual negotiation or mediation, on behalf of one or more Potential PAGA Members relating to the Claims of which the Campaign or its counsel is or becomes aware.  The Campaign represents that it is not aware of any other pending, threatened, or contemplated litigation or arbitration relating to the Claims by or on behalf of one or more Potential PAGA Members, and that there is no pending, contemplated, scheduled, or actual negotiation or mediation relating to the Claims by or on behalf of one or more Potential PAGA Members.  If another PAGA notice is submitted or another lawsuit or arbitration raising PAGA claims is filed on behalf of one or more Potential PAGA Members, or if a negotiation or mediation relating to the Claims commences on behalf of one or more Potential PAGA Members concerning the Claims, the California Representatives may file a lawsuit without providing the Campaign advance notice.  The Campaign agrees that, if California Representatives seek leave to add the Claims to the Action under this provision, the Campaign will not argue that any other lawsuit raising PAGA claims on behalf of Potential PAGA Members is "first-filed" or move to dismiss, transfer, or consolidate the lawsuit on the basis that it was filed after any other lawsuit raising wage and hour claims on behalf of Potential PAGA Members.

(4) Nothing in this Agreement is intended as, shall constitute, or shall be used as evidence of an admission by the Campaign of any wrongdoing, liability, or fault; as an admission that any of the amendments to the Second Amended Complaint described above are appropriate or agreed to; as a waiver of any right or defense (except as expressly set forth above); as an estoppel; or as an admission as to any matter of law or fact, either as among the Parties or with respect to any person or entity not a party to this Agreement.  The Parties agree further that this Agreement will not be admissible for any purpose other than to rebut a defense based on the passage of time or delay in

asserting the Claims after the effective date of this Agreement, or to defend against any claim, action, or other proceeding that may be brought, instituted, or taken by one of the Parties against another in breach of this Agreement.

(5)     This Agreement can be modified only in a writing signed by the parties.  This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

(6)     This Agreement shall bind and benefit each of the Parties and their respective predecessors, successors, and assigns.

(7)     Each counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

(8)     Any notice, request, instructions, or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiffs, address to:

>    Deirdre A. Aaron
>    Outten & Golden LLP
>    685 Third Avenue, 25th Floor
>    New York, NY 10017
>    daaron@outtengolden.com

If to the Campaign, address to:

>    Elise M. Bloom
>    Proskauer Rose LLP
>    Eleven Times Square
>    New York, New York 10036
>    ebloom@proskauer.com

SO STIPULATED AND AGREED.

Dated:    May 18, 2021

Dated:    May 18, 2021

By: _____

Deirdre A. Aaron

**OUTTEN & GOLDEN LLP**
Deirdre A. Aaron
Justin M. Swartz
Michael C. Danna
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax:  (646) 509-2060
daaron@outtengolden.com
jms@outtengolden.com
mdanna@outtengolden.com

**OUTTEN & GOLDEN LLP**
Hannah Cole-Chu (admitted *pro hac vice*)
601  Massachusetts Avenue NW, Ste 200W
Washington D.C. 20001
Telephone: (202) 847-4400
Fax:  (646) 509-2060
hcolechu@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Tamra Givens
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:  (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone:  (800) 616-4000
Fax:  (561) 447-8831
mpalitz@shavitzlaw.com

*Attorneys for Plaintiffs and*
*the Putative Collective and Classes*

By: _____ *for*

Elise M. Bloom

**PROSKAUER ROSE LLP**
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com
amartin@proskauer.com

**PROSKAUER ROSE LLP**
Mark W. Batten
One International Place
Boston, Massachusetts 02110
Telephone:  (617) 526-9850
Fax:  (617) 526-9899
mbatten@proskauer.com

**VENABLE LLP**
Nicholas M. Reiter
1270 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 307-5500
Fax:  (212) 307-5598
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

4