**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, CAELAN DOHERTY, MAX GOLDSTEIN, BRIDGET LOGAN, JAMES KYLE NEWMAN, LAKISHA WATSON-MOORE, ALAN ROBINSON, ALEXANDRA MARIE WHEATLEY-DIAZ, ROBIN CEPPOS, NICK COKER, individually and on behalf all others similarly situated, and CHERYL BALDWIN, JONATHAN BARRIO, DESMOND BATTS, GARRETT BECKENBAUGH, COCHIESE BOWERS, MILES CEPLECHA, MELINDA CIRILO, JANE CONRAD, ROBERT CORDOVA, JR., CHRISTINE DOCZY, RACHEL DOUGLAS, THERESA EDWARDS, ELIZA FINK, JASON FINKELSTEIN, ILSE MENDEZ FRAGA, JOSH FREDRICKSON, MARIA GONZALEZ, NATHANIEL ROBERT GROH, BRANDI HARRIS, PETER KAMARA, MACK KENNEDY, MADISON OLIVER MAYS, PATRICK MCHUGH, FRIDA MICHELLE NARANJO, PAUL MONTEROSSO, REY MURPHY, JOSEPH NESTOR, LUKE NICHOLAS, JOSEPHINE OLINGER, ALEC SILVESTER, DANIEL SMITH, CHRIS SOTH, AUDRA TELLEZ, CARLOS TORRES, ELLIOTT TRICOTTI, GLORIA TYLER, JESSE WEINBERG, CLEM WRIGHT, ANOOSH YARAGHCHIAN, and JESUS ZAMORA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | No. 20 Civ. 02489 (LTS) (GWG) <br><br><br> Judge: Hon. Laura T. Swain <br> Magistrate Judge: Hon. Gabriel W. Gorenstein |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.    The Campaign's Motion to Dismiss Should be Denied ....................................... 2

      A.    Plaintiffs' PAGA Claims Meet All Filing Prerequisites and
Are Timely ........................................................................................... 2

            1.    The California Judicial Council Had Authority to
Issue Emergency Rule 9 ............................................................ 3

            2.    Emergency Rule 9 Applies in Federal Court ............................. 5

            3.    Emergency Rule 9 Tolled the PAGA Notice Filing
Deadline ..................................................................................... 7

            4.    The Parties' Tolling Agreement Also Tolled
Wheatley-Diaz's PAGA Claim .................................................. 8

            5.    Ceppos, Coker, and Wheatley-Diaz Timely Filed
Their PAGA Notices and the Claims in This Lawsuit ............. 10

            6.    If the Court Concludes that Plaintiffs' PAGA Claims
Are Not Timely, the PAGA Claims Should Still
Proceed Because Plaintiffs Are Entitled to Equitable
Tolling ...................................................................................... 12

      B.    Plaintiffs State a Claim under the FLSA ............................................ 13

            1.    The Court Should Reject the Campaign's Second
Attempt to Dismiss the Same FLSA Allegations .................... 13

            2.    Plaintiffs Sufficiently Plead Enterprise Coverage ................... 16

            3.    Plaintiffs Sufficiently Plead Individual Coverage ................... 17

      C.    Should the Court Grant Any Portion of the Campaign's
Motion, Plaintiffs Request Leave to Amend Their
Complaint ........................................................................................... 19

II.    The Campaign's Motion to Strike Should be Denied ....................................... 20

            1.    Legal Standard ......................................................................... 21

             2.    Plaintiffs Removed the Dismissed Causes of Action
Consistent with the Court's Order ............................................ 21

            3.    Plaintiffs' Factual Allegations Should Remain in the
Complaint .................................................................................. 22

            4.    The Campaign Is Not Prejudiced by the Allegations ............... 25

CONCLUSION .............................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*In re Alstom SA Sec. Litig.*,
   454 F. Supp. 2d 187 (S.D.N.Y. 2006) ...................................................................... 24

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   233 F.R.D. 327 (S.D.N.Y. 2005)............................................................................16

*Araujo v. Coachella Valley Water Dist.*,
   No. 20 Civ. 1800, 2021 U.S. Dist. LEXIS 241804 (S.D. Cal. Dec. 17, 2021) .................... 3, 5

*Arizona Graves v. Feld Care Therapy*,
   21 Civ. 1258, 2022 Cal. Super. LEXIS 6845 (Los Angeles Cnty. Super. Ct. Jan. 24, 2022) ....8

*Atl. City Elec. Co. v. Gen. Elec. Co.*,
   207 F. Supp. 620 (S.D.N.Y. 1962) ....................................................................... 23

*Aventis Env't Sci. USA LP v. Scotts Co.*,
   No. 02 Civ. 9315, 2003 U.S. Dist. LEXIS 5362 (S.D.N.Y. Apr. 2, 2003) ........................ 21

*Axel Johnson, Inc. v. Arthur Anderson & Co.*,
   847 F. Supp. 317 (S.D.N.Y. 1994) ....................................................................... 15

*Bartniak v. Cushman & Wakefield, Inc.*,
   No. 99 Civ. 11916, 2001 U.S. Dist. LEXIS 19227 (S.D.N.Y. Nov. 26, 2001) .................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 2

*Bowrin v. Cath. Guardian Soc'y*,
   417 F. Supp. 2d 449 (S.D.N.Y. 2006) .................................................................... 17

*Boyle v. N. Salem Cent. Sch. Dist.*,
   No. 19 Civ. 8577, 2020 U.S. Dist. LEXIS 82504 (S.D.N.Y. May 11, 2020) ........................ 6

*Brown v. Ralphs Grocery Co.*,
   28 Cal. App. 5th 824 (Cal. Ct. App. 2018) ............................................................ 10

*Cabble v. Rollieson*,
   No. 04 Civ. 9413, 2006 U.S. Dist. LEXIS 7385 (S.D.N.Y. Feb. 27, 2006) ........................ 24

*Cassese v. Wash. Mut., Inc.*,
   No. 05 Civ. 2724, 2011 U.S. Dist. LEXIS 173527 (E.D.N.Y. June 7, 2011) ....................... 24

*Citizens United v. Schneiderman*,
   882 F.3d 374 (2d Cir. 2018) ............................................................................ 2

*Cojocaru v. City Univ. of N.Y.*,
    No. 19 Civ. 5428, 2020 U.S. Dist. LEXIS 118907 (S.D.N.Y. July 7, 2020) .......................... 6

*Comm. for Sound Water & Land Dev. v. City of Seaside*,
    79 Cal. App. 5th 389 (Cal. Ct. App. 2022) ............................................................... 4

*Dilaura v. Power Auth. of N.Y.*,
    982 F.2d 73 (2d Cir. 1992) ...................................................................................... 14

*E.P. v. Superior Court*,
    59 Cal. App. 5th 52 (Cal. Ct. App. 2020) ............................................................... 5

*Elisa W. v. City of N.Y.*,
    No. 15 Civ. 5273, 2017 U.S. Dist. LEXIS 146342 (S.D.N.Y. Sept. 11, 2017) ...................... 14

*Falcon v. City Univ. of N.Y.*,
    No. 15 Civ. 3421, 2016 U.S. Dist. LEXIS 92396 (E.D.N.Y. July 15, 2016) ........................ 15

*Field Day, LLC v. County of Suffolk*,
    463 F.3d 167 (2d Cir. 2006) ...................................................................................... 2

*Fish v. Bread Loaf Constr. Co.*,
    No. 96 Civ. 9607, 1998 U.S. App. LEXIS 1208 (2d Cir. Jan. 27, 1998) ................................ 6

*Fleischer v. A. A. P., Inc.*,
    180 F. Supp. 717 (S.D.N.Y. 1959) ............................................................................ 23

*Foman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................. 20

*Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*,
    402 F. Supp. 636 (S.D.N.Y. 1975) .................................................................... 21, 23

*Galper v. JP Morgan Chase Bank, N.A.*,
    802 F.3d 437 (2d Cir. 2015) ...................................................................................... 2

*Gianelli v. Schoenfeld*,
    No. 21 Civ. 477, 2021 U.S. Dist. LEXIS 194530 (E.D. Cal. Oct. 6, 2021) ...................... 3, 5

*Gleason v. Chain Serv. Rest.*,
    300 F. Supp. 1241 (S.D.N.Y. 1969) .................................................................... 22, 23

*Glob. Network Commc'ns, Inc. v. New York*,
    458 F.3d 150 (2d Cir. 2006) ...................................................................................... 2

*Goerss v. Pac. Gas. & Elec. Co.*,
    No. 21 Civ. 4485, 2021 U.S. Dist. LEXIS 206129 (N.D. Cal. Oct. 18, 2021) ...................... 7

*Gonzales v. City of Los Angeles*,
   No. 20 Civ. 3519, 2022 U.S. Dist. LEXIS 151592 (C.D. Cal. July 12, 2022) ................... 3, 5

*Gonzalez v. Government Employees Insurance Co.,*
   No. RG21094836, 2021 Cal. Super. LEXIS 30464
   (Alameda Cnty. Super. Ct. July 9, 2021)............................................................. 7, 8

*Gonzalez v. Victoria G's Pizzeria LLC*,
   No. 19 Civ. 6996, 2022 U.S. Dist. LEXIS 51003 (E.D.N.Y. Mar. 22, 2022) ...................... 19

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*,
   No. 08 Civ. 019, 2009 U.S. Dist. LEXIS 52078 (N.D.N.Y. June 19, 2009) ......................... 22

*Horton v. Caine & Weiner Co.*,
   No. 21 Civ. 1160, 2022 U.S. Dist. LEXIS 145818 (S.D. Cal. Aug. 15, 2022) ...................... 3

*Humphrey v. Beauchamp Realty*,
   No. 37-2021-00003788, 2021 Cal. Super. LEXIS 86669 (San Diego Cnty. Super. Ct.
   Nov. 5, 2021) ................................................................................................ 3

*Ilya Orlov v. Gen. Ins. Co. of Am.*,
   No. 21 Civ. 9848, 2021 U.S. Dist. LEXIS 259010 (C.D. Cal. Mar. 16, 2021) ................... 3, 5

*Int'l Ore & Fertilizer Corp. v. SGS Control Servs.*,
   38 F.3d 1279 (2d Cir. 1994) .......................................................................... 13, 14

*James v. Circuit City Stores*,
   370 F.3d 417 (4th Cir. 2004) ............................................................................... 9

*Johnson v. Al Tech Specialties Steel Corp.*,
   731 F.2d 143 (2d Cir. 1984) ............................................................................... 13

*Jones v. SCO Fam. of Servs.*,
   202 F. Supp. 3d 345 (S.D.N.Y. 2016) .................................................................. 19

*Kitchings v. Fla. United Methodist Children's Home, Inc.*,
   393 F. Supp. 2d 1282 (M.D. Fla. 2005) ................................................................ 18

*Knox v. John Varvatos Enters.*,
   282 F. Supp. 3d 644 (S.D.N.Y. 2017) .................................................................. 12

*Koch v. Dwyer*,
   No. 98 Civ. 5519, 2000 U.S. Dist. LEXIS 14181 (S.D.N.Y. Sept. 27, 2000) ...................... 21

*Landsdown v. Bayview Loan Servicing LLC,*
   No. 22 Civ. 763, 2022 U.S. Dist. LEXIS 165187 (N.D. Cal. Sept. 13, 2022)........................ 7

*Laverpool v. N.Y.C. Transit Auth.*,
   760 F. Supp. 1046 (E.D.N.Y. 1991) ................................................................. 23, 25

*Lehman v. Garfinkle*,
   No. 08 Civ. 9385, 2013 U.S. Dist. LEXIS 53796 (S.D.N.Y. Mar. 7, 2013) ................... 14, 15

*Lessord v. Gen. Elec. Co.*,
   258 F. Supp. 2d 209 (W.D.N.Y. 2002) ................................................................... 6

*Levin v. Nirav Deepak Modi (In re Firestar Diamond, Inc.)*,
   634 B.R. 265 (Bankr. S.D.N.Y. 2021) .................................................................. 24

*Lipsky v. Commonwealth United Corp.*,
   551 F.2d 887 (2d Cir. 1976) ........................................................................21, 22

*Luce v. Edelstein*,
   802 F.2d 49 (2d Cir. 1986) .............................................................................. 20

*Lukianov v. Dewitt*,
   No. RG20084138, 2021 Cal. Super. LEXIS 33822 (Sacramento Cnty. Super. Ct.
   Feb. 22, 2021) ................................................................................................ 4

*Lynch v. Southampton Animal Shelter Found. Inc.*,
   278 F.R.D. 55 (E.D.N.Y. 2011) .................................................................. 23, 24

*Magee v. Christianson*,
   No. 21 Civ. 670, 2022 U.S. Dist. LEXIS 117283 (E.D. Cal. July 1, 2022) ........................ 3, 5

*Marcus v. Lominy*,
   No. 18 Civ. 1857, 2022 U.S. Dist. LEXIS 29065 (S.D.N.Y. Feb. 16, 2022) ....................... 19

*Marinelarena v. Allstate Northbrook Indem. Co.*,
   No. 20 Civ. 2230, 2022 U.S. Dist. LEXIS 24915 (C.D. Cal. Jan. 12, 2022) ...................... 3, 5

*Masters v. Wilhelmina Model Agency, Inc.*,
   No. 02 Civ. 4911, 2003 U.S. Dist. LEXIS 7143 (S.D.N.Y. Apr. 28, 2003) ........................ 23

*Melvin v. Cnty. of Westchester*,
   No. 14 Civ. 2995, 2016 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 29, 2016) ...................... 20

*Miller v. Pac. Inv. Mgmt. Co. LLC*,
   No. 12 Civ. 4122, 2013 U.S. Dist. LEXIS 63559 (S.D.N.Y. Apr. 23, 2013) ...................... 20

*Mitchell v. Lublin*,
   358 U.S. 207 (1959) ....................................................................................... 17

*Morse v. Weingarten*,
   777 F. Supp. 312 (S.D.N.Y. 1991) ..................................................................... 24

*Nachmany v. FXCM, Inc.*,
   No. 16 Civ. 225, 2020 U.S. Dist. LEXIS 7161 (S.D.N.Y. Jan. 9, 2020) ................................ 24

*Nimmons v. United States Tennis Ass'n*,
　　No. 18 Civ. 2499, 2019 U.S. Dist. LEXIS 14253 (E.D.N.Y. Jan. 7, 2019) .......................... 24

*O'Connor v. Pan Am.*,
　　No. 88 Civ. 5962, 1990 U.S. Dist. LEXIS 5403 (S.D.N.Y. May 4, 1990) ............................ 13

*Owusu v. Corona Tire Shop, Inc.*,
　　No. 09 Civ. 3744, 2013 U.S. Dist. LEXIS 55381 (E.D.N.Y. Apr. 15, 2013) ....................... 19

*Palacios v. Interstate Hotels & Resorts Inc.*,
　　No. 21 Civ. 5799, 2021 U.S. Dist. LEXIS 169334 (N.D. Cal. Sept. 7, 2021) .................... 3, 5

*Parayno-Bell v. S. Coast Glob. Med. Ctr.*,
　　No. 30-2021-01179958, 2021 Cal. Super. LEXIS 60658 (Orange Cnty. Super. Ct.
　　July 22, 2021) .................................................................................................................... 3

*Personis v. Oiler*,
　　889 F.2d 424 (2d Cir. 1989) ................................................................................................ 6

*Porter v. Hansen, 20 Civ. 1554*,
　　2022 U.S. Dist. LEXIS 83416 (E.D. Cal. May 6, 2022) .................................................. 3, 5

*Remmers v. Egor*,
　　332 F.2d 103 (2d Cir. 1964) .............................................................................................. 19

*Roe v. City of N.Y.*,
　　151 F. Supp. 2d 495 (S.D.N.Y. 2001) ................................................................................ 21

*Ronzani v. Sanofi S.A.*,
　　899 F.2d 195 (2d Cir. 1990) .............................................................................................. 20

*Rhyu v. Atieva United States*,
　　No. RG20084138, 2021 Cal. Super. LEXIS 14547 (Alameda Cnty. Super. Ct.
　　June 4, 2021) .............................................................................................................. 3, 4, 8

*Sears Petroleum & Transp. Corp. v. Ice Ban Am. Inc.*,
　　217 F.R.D. 305 (N.D.N.Y. 2003) ...................................................................................... 15

*Shields v. Citytrust Bancorp.*,
　　25 F.3d 1124 (2d Cir. 1994) .............................................................................................. 20

*Sholes v. Cates*,
　　No. 21 Civ. 1006, 2021 U.S. Dist. LEXIS 229107 (E.D. Cal. Nov. 29, 2021) .................... 7

*Shubin v. Universal Vacation Club*,
　　No. 22 Civ. 2748, 2022 U.S. Dist. LEXIS 149335 (C.D. Cal. Aug. 18, 2022)..................... 7

*Stanley v. Superior Court*,
   50 Cal. App. 5th 164 (1st Dist. Ct. App. 2020) .......................................................................... 4

*Streets v. Space Sys./Loral, LLC*,
   No. 20 Civ. 7901, 2021 U.S. Dist. LEXIS 173535 (N.D. Cal. Sept. 13, 2021) .................. 3, 5

*Tapia v. Hyatt Corp.*,
   No. 20 Civ. 2346, 2021 U.S. Dist. LEXIS 135530 (C.D. Cal. June 30, 2021) ................... 3, 5

*Teoba v. Trugreen Landcare LLC*,
   No. 10 Civ. 6132, 2013 U.S. Dist. LEXIS 52831 (W.D.N.Y. Apr. 10, 2013) ...................... 14

*Thomas v. Tks Rests.*,
   No. 30-2021C-01206884, 2021 Cal. Super. LEXIS 147773 (Orange Cnty. Super. Ct.
   Dec. 10, 2021) .................................................................................................................... 3, 8

*Thompson v. Hyun Suk Park*,
   No. 18 Civ. 6, 2019 U.S. Dist. LEXIS 36111 (E.D.N.Y. Mar. 5, 2019) ............................... 17

*Timboe v. Clark*,
   No. 20 Civ. 8719, 2022 U.S. Dist. LEXIS 61045 (N.D. Cal. Mar. 31, 2022)................. 3, 5, 6

*United States ex rel. Foreman v. AECOM*,
   19 F.4th 85 (2d Cir. 2021) ...................................................................................................... 9

*United States v. Plugh*,
   648 F.3d 118 (2d Cir. 2011) .................................................................................................. 14

*Watson v. United States*,
   133 F. Supp. 3d 502 (E.D.N.Y. 2015) .................................................................................... 13

*Wine Mkts. Int'l v. Bass*,
   177 F.R.D. 128 (E.D.N.Y. 1998) ............................................................................................ 25

*Wirtz v. Columbian Mut. Life Ins. Co.*,
   380 F.2d 903 (6th Cir. 1967) ................................................................................................. 18

*Wirtz v. Sherman Enters., Inc.*,
   229 F. Supp. 746 (D. Md. 1964) ............................................................................................ 18

*Xelo v. Mavros*,
   No. 03 Civ. 3665, 2005 U.S. Dist. LEXIS 21588 (E.D.N.Y. Sept. 28, 2005) ................. 17, 18

**Statutes**

Cal. Gov't Code § 8627 ............................................................................................................ 4
Cal. Lab. Code § 2699 .......................................................................................................... 1, 9

**Rules**

Federal Rule of Civil Procedure Rule 12 ........................................................................ 1, 15, 24

Federal Rule of Civil Procedure Rule 6.3 .................................................................................. 15

Federal Rule of Civil Procedure Rule 9 ............................................................................... *passim*

Federal Rule of Civil Procedure Rule 15 ................................................................................... 20

**Other Authorities**

Appendix I, Emergency Rules Related to COVID-19, https://www.courts.ca.gov/

documents/appendix-i.pdf ................................................................................................. 1, 10

## INTRODUCTION

The Court should deny Defendant's ("the Campaign's") motion to dismiss two of the claims that Plaintiffs bring in their Third Amended Complaint ("TAC"), one of which this Court has already ruled should proceed.

Plaintiffs timely raised their claims under California Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698-2699.5, first with the California Labor and Workforce Development Agency ("LWDA") and then in this Court. The Court should reject the Campaign's novel argument that the tolling rule issued by the Judicial Council of California ("the Judicial Council") at the beginning of the pandemic, "Emergency Rule 9,"[1] exceeded the Judicial Council's broad authority. Dozens of courts have enforced Emergency Rule 9, and no court has invalidated it. The Court should also reject the Campaign's request that it be relieved from its agreement to toll Plaintiff Wheatley-Diaz's claims.

With respect to Plaintiffs' Fair Labor Standards Act ("FLSA") unpaid overtime claims, the Court rejected the Campaign's first effort to avoid them, and should reject this one as well. Plaintiffs did not change any of the allegations that the Court has already deemed sufficient. The doctrine of law of the case prohibits the Campaign from again seeking to dismiss these claims and Rule 12(g)(2) prohibits the Court from considering any of the Campaign's new arguments.

Finally, the Campaign's motion to strike is unnecessary and unwarranted. There is nothing at all "inflammatory" or "scandalous" in the TAC. The allegations that the Campaign seeks to suppress simply provide background and context, which is within a plaintiff's right to provide. Especially given the Second Circuit's instruction that courts should be extremely

---

[1] Appendix I, Emergency Rules Related to COVID-19, https://www.courts.ca.gov/documents/appendix-i.pdf.

reluctant to grant motions to strike under any circumstances, the motion should be denied.

## ARGUMENT

**I.     The Campaign's Motion to Dismiss Should be Denied.**

At the pleading stage, a district court "is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)).  A claim is plausible when the plaintiff pleads facts that allow a reasonable inference that the defendant is liable for the misconduct alleged, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), or "raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged," *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Twombly*, 550 U.S. at 570, 556).

When reviewing a motion to dismiss, courts "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006).  The test of the substantive merits of a plaintiff's claims is reserved for summary judgment, after discovery.  *See Glob. Network Commc'ns, Inc. v. New York*, 458 F.3d 150, 155 (2d Cir. 2006).

**A.     Plaintiffs' PAGA Claims Meet All Filing Prerequisites and Are Timely.**

The Campaign's motion to dismiss Plaintiffs' PAGA claims should be denied.  Plaintiffs Ceppos, Coker, and Wheatley-Diaz all satisfy the PAGA requirements: they have standing to serve as PAGA representatives and, with applicable tolling, they timely filed PAGA notices with the LWDA and their claims in this lawsuit.

All of the Campaign's arguments regarding Emergency Rule 9 are wrong.  The
Campaign cites zero caselaw in support of any of its positions and asks this Court to be the first
in the nation to reach its conclusions.  Further, the Campaign should not be allowed to escape its
agreement to toll Wheatley-Diaz's claims.

### 1. The California Judicial Council Had Authority to Issue Emergency Rule 9.

The Campaign cites not a single case to support its arguments about the Judicial
Council's authority, and Plaintiffs are aware of none.  Federal and California state courts have
consistently recognized that the Judicial Council was authorized to issue Emergency Rule 9 and
have routinely applied it to toll statutes of limitations for California state law claims.[2]

All courts that have directly considered the issue have held that the Judicial Council acted
in accordance with the California constitution in issuing the Emergency Rules.  *See, e.g.*, *Rhyu v.*

---

[2]       *See Horton v. Caine & Weiner Co.*, No. 21 Civ. 1160, 2022 U.S. Dist. LEXIS 145818, at
*14 n.2 (S.D. Cal. Aug. 15, 2022); *Gonzales v. City of Los Angeles*, No. 20 Civ. 3519, 2022 U.S.
Dist. LEXIS 151592, at *10-11 (C.D. Cal. July 12, 2022); *Magee v. Christianson*, No. 21 Civ.
670, 2022 U.S. Dist. LEXIS 117283, at *27, *34 (E.D. Cal. July 1, 2022); *Porter v. Hansen*, 20
Civ. 1554, 2022 U.S. Dist. LEXIS 83416, at *5-9 (E.D. Cal. May 6, 2022); *Timboe v. Clark*, No.
20 Civ. 8719, 2022 U.S. Dist. LEXIS 61045, at *12-13 (N.D. Cal. Mar. 31, 2022); *Marinelarena
v. Allstate Northbrook Indem. Co.*, No. 20 Civ. 2230, 2022 U.S. Dist. LEXIS 24915, at *8, *10-
11 (C.D. Cal. Jan. 12, 2022); *Araujo v. Coachella Valley Water Dist.*, No. 20 Civ. 1800, 2021
U.S. Dist. LEXIS 241804, at *3, *9 n.1 (S.D. Cal. Dec. 17, 2021); *Gianelli v. Schoenfeld*, No. 21
Civ. 477, 2021 U.S. Dist. LEXIS 194530, at *52 (E.D. Cal. Oct. 6, 2021); *Streets v. Space
Sys./Loral, LLC*, No. 20 Civ. 7901, 2021 U.S. Dist. LEXIS 173535, at *12 (N.D. Cal. Sept. 13,
2021); *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21 Civ. 5799, 2021 U.S. Dist. LEXIS
169334, at *6-9 (N.D. Cal. Sept. 7, 2021); *Tapia v. Hyatt Corp.*, No. 20 Civ. 2346, 2021 U.S.
Dist. LEXIS 135530, at *16-17 (C.D. Cal. June 30, 2021); *Ilya Orlov v. Gen. Ins. Co. of Am.*,
No. 21 Civ. 9848, 2021 U.S. Dist. LEXIS 259010, at *2-3, *8 n.3 (C.D. Cal. Mar. 16, 2021);
*Thomas v. Tks Rests.*, No. 30-2021C-01206884, 2021 Cal. Super. LEXIS 147773, at *3 (Orange
Cnty. Super. Ct. Dec. 10, 2021); *Parayno-Bell v. S. Coast Glob. Med. Ctr.*, No. 30-2021-
01179958, 2021 Cal. Super. LEXIS 60658, at *2-3 (Orange Cnty. Super. Ct. July 22, 2021);
*Rhyu v. Atieva United States*, No. RG20084138, 2021 Cal. Super. LEXIS 14547, at *6 (Alameda
Cnty. Super. Ct. June 4, 2021); *Humphrey v. Beauchamp Realty*, No. 37-2021-00003788, 2021
Cal. Super. LEXIS 86669, *2-4 (San Diego Cnty. Super. Ct. Nov. 5, 2021).

*Atieva United States*, No. RG20084138, 2021 Cal. Super. LEXIS 14547, at *2-3 (Alameda Cnty.

Super. Ct. June 4, 2021) ("Emergency Rule 9 is constitutional.").  In *Stanley v. Superior Court*,

50 Cal. App. 5th 164 (1st Dist. Ct. App. 2020), a California appellate court rejected the

defendant's argument that emergency orders like Emergency Rule 9 are unlawful, noting the

emergency powers to "promulgate, issue, and enforce such orders and regulations as […]

necessary" pursuant to Cal. Gov't Code § 8627.  *Id.* at 168 & n.1; *see also Comm. for Sound*

*Water & Land Dev. v. City of Seaside*, 79 Cal. App. 5th 389, 396, 405 (Cal. Ct. App. 2022)

(noting the governor's issuance of Executive Order No. N-38-20 and rejecting defendant's

argument that Emergency Rule 9 was an "improper ex post facto law"); *Lukianov v. Dewitt*, No.

RG20084138, 2021 Cal. Super. LEXIS 33822, *11-13 (Sacramento Cnty. Super. Ct. Feb. 22,

2021) (rejecting arguments that "Judicial Council had overstepped its jurisdiction and invaded

the realm of the Legislature when enacting [Emergency Rule 9]" and that the use of emergency

powers was "ultra vires").  The Court should reject the Campaign's exaggerated contention that

the validity of Emergency Rule 9 is "unclear" or "uncertain."

  The Campaign is also wrong that the Judicial Council "expanded" the PAGA statute of

limitations.  ECF No. 302 at 11.  In *Rhyu v. Atieva United States*, a California court held that

Emergency Rule 9 "does not change the statute of limitation[s]," but rather tolls it.  2021 Cal.

Super. LEXIS 14547, at *2-3.  The court explained that equitable tolling is a "judicially created,

nonstatutory doctrine" which courts have authority to exercise pursuant to their "inherent

equitable powers."  *Id.* at *3 (quoting *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9

Cal. 5th 710, 719 (2020)).  Emergency Rule 9 "reflects a determination that the COVID-19

pandemic was a 'special situation' that warranted tolling the statute of limitations." [3]  *Id.*

Without citing a case in its favor, the Campaign asks the Court to ignore an overwhelming number of cases decided by state and federal courts and to be the first court in the nation to conclude that the Judicial Council of California issued the Emergency Rules in excess of its authority.  The Court should decline this invitation and apply Emergency Rule 9.

### 2.    Emergency Rule 9 Applies in Federal Court.

The Campaign is also wrong that Emergency Rule 9 is inapplicable in federal court, which no federal court has ever held.  In fact, *every* federal court to consider whether Emergency Rule 9 tolled California state law claims has concluded that it does.  *See Horton*, 2022 U.S. Dist. LEXIS 145818, at *13, *14 n.2 ("Emergency Rule 9(a) tolled statutes of limitations in civil cases from April 6, 2020, until October 1, 2020, 178 days.").[4]

These courts were correct to apply the California tolling rules in federal court because, under the *Erie* doctrine, where a state law claim is brought in federal court under diversity or

---

[3]    Further, the validity of Executive Order No. N-38-20, the Governor's executive order following Emergency Rule 9, is irrelevant because it only suspended statutes that were inconsistent with actions by the Judicial Council.  *E.P. v. Superior Court*, 59 Cal. App. 5th 52, 59 & n.7 (Cal. Ct. App. 2020).  Because Emergency Rule 9 is an exercise of judicially-authorized equitable tolling, however, there is no inconsistency triggering the Executive Order. *See id.* at 59.

[4]    *See also Magee*, 2022 U.S. Dist. LEXIS 117283, at *27 ("Emergency Rule 9 tolls civil statutes of limitations that exceed 180 days "from April 6, 2020 until October 1, 2020 . . . and federal courts in California have found that it has the practical effect of adding 178 days to statutes of limitations that had not run prior to April 6, 2020."); *Porter*, 2022 U.S. Dist. LEXIS 83416, at *8-9 (finding the statute of limitations for the plaintiff's claims were tolled pursuant to Emergency Rule 9); *Timboe*, 2022 U.S. Dist. LEXIS 61045, at *13; *Marinelarena*, 2022 U.S. Dist. LEXIS 24915, at *8, *10-11; *Araujo*, 2021 U.S. Dist. LEXIS 241804, at *3, *9 n.1; *Gianelli*, 2021 U.S. Dist. LEXIS 194530, at *52; *Streets*, 2021 U.S. Dist. LEXIS 173535, at *12; *Palacios*, 2021 U.S. Dist. LEXIS 169334, at *6-9; *Tapia*, 2021 U.S. Dist. LEXIS 135530, at *16-17; *Ilya Orlov*, 2021 U.S. Dist. LEXIS 259010, at *8 n.3; *Gonzales*, 2022 U.S. Dist. LEXIS 151592, at *5, *10-11 (same).

supplemental jurisdiction, the substantive law of the state applies, including statutes of limitations and associated tolling.  *See Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989) ("It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction. . . . State law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases."); *Fish v. Bread Loaf Constr. Co.*, No. 96 Civ. 9607, 1998 U.S. App. LEXIS 1208, at *2 (2d Cir. Jan. 27, 1998) ("[T]he running of the statute of limitations, including the tolling rules, is governed by state law.").  Federal courts are not free to disregard a state's tolling rules.  *See Boyle v. N. Salem Cent. Sch. Dist.*, No. 19 Civ. 8577, 2020 U.S. Dist. LEXIS 82504, at *8-9 (S.D.N.Y. May 11, 2020) ("[F]ederal courts are obligated not only to apply the analogous [state] statute of limitations to . . . , but also to apply the [state] rule for tolling that statute of limitations." (quoting *Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir. 1993))); *see also Lessord v. Gen. Elec. Co.*, 258 F. Supp. 2d 209, 212 (W.D.N.Y. 2002) (federal courts must apply "state rules that are an 'integral part of the statute of limitations,' including tolling rules"); *Cojocaru v. City Univ. of N.Y.*, No. 19 Civ. 5428, 2020 U.S. Dist. LEXIS 118907, at *9 (S.D.N.Y. July 7, 2020) (citing *Lessord* for principle that "federal courts exercising supplemental jurisdiction apply state tolling rules to state law claims").  In *Timboe v. Clark*, a federal court in California rejected similar arguments regarding Emergency Rule 9, carefully explaining the "hornbook law that state tolling doctrines apply to federal courts hearing state claims in diversity[.] . . . How California decides to empower its agencies is a matter for it.  But the Judicial Council has promulgated a binding rule about tolling and that rule applies here."  2022 U.S. Dist. LEXIS 61045, at *14.  In this case, also a diversity action, the Court must apply the California statute of limitations, including tolling.

The Campaign mischaracterizes the few cases it cites, which conclude only that
Emergency Rule 9 does not toll *federal* or *foreign* claims but say nothing about state law claims
like Plaintiffs bring here.  *See Sholes v. Cates*, No. 21 Civ. 1006, 2021 U.S. Dist. LEXIS 229107,
at *16 (E.D. Cal. Nov. 29, 2021) (finding that Emergency Rule 9 did not toll federal one-year
statute of limitation for filing a federal *habeas* petition); *Goerss v. Pac. Gas. & Elec. Co.*, No. 21
Civ. 4485, 2021 U.S. Dist. LEXIS 206129, at *16 (N.D. Cal. Oct. 18, 2021) (same for claims
under Title VII and Americans with Disabilities Act); *Shubin v. Universal Vacation Club*, No. 22
Civ. 2748, 2022 U.S. Dist. LEXIS 149335, at (C.D. Cal. Aug. 18, 2022) (finding that Emergency
Rule 9 did not toll statute of limitations period under Mexican Civil Code).  The Campaign
ignores other federal courts that have specifically recognized that the cases the Campaign cites
only address tolling of federal or foreign claims.  *See Landsdown v. Bayview Loan Servicing
LLC*, No. 22 Civ. 763, 2022 U.S. Dist. LEXIS 165187, at *11-13 (N.D. Cal. Sept. 13, 2022)
("The Court joins other courts in California in finding Emergency Rule 9 does not extend the
statute of limitations on federal claims." (citing *Sholes*, *Goerss*, and *Shubin*)).

### 3.   Emergency Rule 9 Tolled the PAGA Notice Filing Deadline.

The Campaign also fails to cite a single case holding that Emergency Rule 9 does not
apply to the LWDA's filing deadline.  Following the issuance of Emergency Rule 9, the courts
that have analyzed the issue have concluded that Emergency Rule 9 tolled the PAGA notice
deadline because it is "tied" to the statute of limitations for filing a PAGA claim in the statute.
The Court should defer to these courts, and their expertise in interpreting California law.

In *Gonzalez v. Government Employees Insurance Co.*, the court explained that the statute
of limitations to file the PAGA notice and the statute of limitations to file the PAGA action are
intertwined and "run concurrently."  No. RG21094836, 2021 Cal. Super. LEXIS 30464, at *9

(Alameda Cnty. Super. Ct. July 9, 2021); *see also Rhyu*, 2021 Cal. Super. LEXIS 14547, *10-11

(same).  The court held: "If . . . the [Cal. Cod Civ. Proc. §] 340 statute of limitations determines

the time to send the PAGA administrative notice, then Emergency Rule 9, which tolls the statute

of limitations, similarly applies to the time to send the PAGA administrative notice."  *Gonzalez*,

2021 Cal. Super. LEXIS 30464, at *8-9.  Similarly, in *Arizona Graves v. Feld Care Therapy*, No.

21 Civ. 1258, 2022 Cal. Super. LEXIS 6845 (Los Angeles Cnty. Super. Ct. Jan. 24, 2022), the

court found that the 178-day tolling period under Emergency Rule 9 applied to the plaintiff's

notice to the LWDA, making her PAGA notice timely.  *Id.* at *3-4.  The court explained:

> It is true that by its express language [Emergency Rule 9] applies only to statutes
> of limitations for civil cases.  But . . . what is before the court [is] the statute of
> limitations as set forth in [Cal. Code Civ. Proc.] § 340(a).  There is no limitations
> period set forth in Section 2699.3 or time in which a LWDA notice must be
> submitted.  Instead, the statute defines administrative requirements that must
> occur before a civil action can be commenced, and a tolling provision, among
> other things.  The only requirement with regard to a limitations period is that the
> administrative requirements must be commenced within the applicable statute.
> Accordingly with the emergency rule 178 day tolling period, plaintiff's notice to
> LWDA was within her limitations period.

*Id.*  Other California courts have also concluded that Emergency Rule 9 tolled the PAGA notice

deadline.  *See, e.g.*, *Thomas*, 2021 Cal. Super. LEXIS 147773, at *2-3 (applying Emergency

Rule 9 tolling to find Plaintiff's PAGA notice timely filed and rejecting defendant's argument

that the emergency rule "does not apply to time limits on the submission of the LWDA notice").

### 4.      The Parties' Tolling Agreement Also Tolled Wheatley-Diaz's PAGA Claim.

The parties' tolling agreement explicitly tolled Wheatley-Diaz's PAGA claim and she

timely filed it in this lawsuit.  The agreement tolled PAGA claims on behalf of "Potential PAGA

Members," defined as "aggrieved employees who worked for Defendant in California."  ECF

No. 303-1 at 1 (providing that the parties "agree to toll the PAGA claims of the California

Representatives and Potential PAGA Members"). An aggrieved employee is defined by Cal. Lab. Code § 2699(c) as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Wheatley-Diaz was employed by the Campaign in California and was subject to PAGA violations, ECF No. 296 (TAC) ¶¶ 80, 101-102, 399-407, and is therefore an aggrieved employee under PAGA and subject to the parties' private tolling agreement.[5] Nothing in the agreement excludes Wheatley-Diaz.

The Campaign's empty complaints that Wheatley-Diaz's withdrawal was the "explicit premise" of the agreement are beyond the four corners of Plaintiffs' complaint, contrary to the plain language of the tolling agreement, and revisionist. As the agreement explicitly states, its terms "constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject." ECF No. 303-1 at ¶ 5. Whatever strategic decisions motivated the Campaign's decision are irrelevant.[6]

The Campaign further argues, cynically and without any support, that it entered into the tolling agreement because it believed that Ceppos and Coker did not have standing to bring the PAGA claims and, therefore, if Wheatley-Diaz withdrew, the Campaign would avoid accountability. The agreement that it signed, however, does not mention this. Its clever calculation was wrong, and Wheatley-Diaz should not be penalized for its bad bet.

---

[5]     The Campaign's case, *James v. Circuit City Stores*, 370 F.3d 417 (4th Cir. 2004), is inapposite. There, the terms of the tolling agreement expressly defined the covered parties as those "who ha[d] retained" the lawyers negotiating the tolling agreement. *Id.* at 422.

[6]     To the extent the Campaign argues that evidence outside the Complaint is necessary to determine the application of the tolling agreement to Plaintiff Wheatley-Diaz, that is a subject for discovery, to be resolved at summary judgment. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106-07 (2d Cir. 2021).

### 5. Ceppos, Coker, and Wheatley-Diaz Timely Filed Their PAGA Notices and the Claims in This Lawsuit.

Applying Emergency Rule 9 and the parties' tolling agreement, Wheatley-Diaz, Ceppos, and Coker all timely filed their PAGA notices with the LWDA and timely sought to bring their PAGA claims in this lawsuit.  With respect to Wheatley-Diaz, there is no dispute that she filed a timely PAGA notice on March 31, 2020.  ECF No. 296 (TAC) ¶ 407.  She has also timely brought claims in this lawsuit.  The calculation of her deadline to file breaks down as follows:

- Plaintiff's deadline to file, absent tolling, was originally June 5, 2021 — i.e., 430 days (one year + 65 days) from March 31, 2020, the date of the last PAGA violation.  *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 ( Cal. Ct. App. 2018); Cal. Lab. Code § 2699.3(d).

- Plaintiff's 430-day period to file her PAGA action ran briefly from March 31, 2020 to April 5, 2020, as Emergency Rule 9 took effect on April 6, 2020.[7]

- This period was then tolled for 178 days from April 6, 2020 to October 1, 2020 when Emergency Rule 9 was in effect.  *Thomas*, 2021 Cal. Super. LEXIS 147773, at *3.  On October 1, 2020, 424 days remained on the statute of limitations.

- Plaintiff's time to file then ran for 229 days before it was again paused on May 18, 2021, the date the parties entered into the tolling agreement.  ECF No. 303-1 at 3. As of that date, 195 days remained in her 430-day period to file the claim.

In fact, her PAGA claim remains tolled, as the parties' tolling agreement remains in effect.  The tolling agreement explicitly provides for just one mechanism to cancel its effect and remains operative "until five (5) days after either party gives written notice of cancellation of tolling by email to the other party."  ECF No. 303-1 at ¶ 1.  Neither party has given such notice, still to this day.  Decl. of Justin M. Swartz ("Swartz Decl.") ¶ 12.  Misunderstanding the agreement it signed, the Campaign cites to a separate provision, which states only that "California Representatives shall refrain and forebear from seeking leave to add the Claims to

---

[7]   *See* Appendix I, Emergency Rules Related to COVID-19, https://www.courts.ca.gov/documents/appendix-i.pdf.

the Action . . . without giving the Campaign five (5) days written notice by email." *Id.* ¶ 13.

Plaintiffs complied with this notice requirement on May 20, 2022.[8] *Id.* ¶ 14.

In any event, even if the tolling agreement does not remain in effect because the Campaign failed to terminate it, Wheatley-Diaz's claims are timely. If the tolling agreement were suspended on May 30, 2022, when Plaintiffs sought leave to amend, as the Campaign claims, she would still have 195 days left to file, and her deadline to file would be December 11, 2022, months after Wheatley-Diaz filed the claim in the Third Amended Complaint. ECF No. 296 (TAC).

With respect to Ceppos and Coker, their calculations are similar as follows:

- Plaintiffs' last day of employment with the Campaign was March 31, 2020, and their original deadline to file the PAGA notice, absent tolling, was March 31, 2021.

- Beginning on April 6, 2020, Emergency Rule 9 tolled the time to file the notice for 178 days, meaning the new deadline to file was September 20, 2021.

- Prior to that deadline passing, the parties' May 18, 2021 tolling agreement took effect, continuing to toll their time to file the notice. While Plaintiffs understand that tolling agreement to still be in effect under its explicit terms, even if it ended on the date the Campaign claims, then Plaintiffs would have had until September 17, 2022 to file their notices.

- Plaintiffs filed their notices on June 21, 2022, long before the deadline to do so.

The Campaign's argument that Plaintiffs' PAGA claims are not timely requires a finding that Emergency Rule 9 was invalid, which for the reasons set forth above is wrong. With applicable tolling, Ceppos and Coker filed timely PAGA notices, and then timely filed the cause of action.

---

[8]     It would be unusual for a tolling agreement to be cancelled merely by the act of *seeking* to add claims to the complaint, as the parties could not be certain how long it would take the Court to rule on such a request. Accordingly, the plain terms of the agreement do not connect the filing of a request to amend a complaint with cancellation of the tolling.

6.      **If the Court Concludes that Plaintiffs' PAGA Claims Are Not Timely, the PAGA Claims Should Still Proceed Because Plaintiffs Are Entitled to Equitable Tolling.**

If the Court holds that Emergency Rule 9 is invalid, or the parties' tolling agreement did not toll Wheatley-Diaz's claims, Plaintiffs would be entitled to equitable tolling.  A party is entitled to equitable tolling when they (1) have been pursuing their rights diligently, and (2) some extraordinary circumstance stood in their way.  *See Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017).

As to the first element, which the Campaign concedes by failing to address, Plaintiffs have been pursuing their PAGA claim diligently for years.  First, Plaintiffs served Wheatley-Diaz's PAGA notice on the Campaign on March 31, 2020.  Swartz Decl. ¶ 4.  Second, Plaintiffs sent correspondence to the Campaign in October 2020, November 2020, January 2021, and May 2021, explaining that it intended to bring these claims – and the parties entered into the tolling agreement for the express purposes of protecting Plaintiffs' ability to plead the PAGA claims. *Id.* ¶¶ 6-10.  Following the Court's order granting in part and denying in part the motion to dismiss, ECF No. 258, the parties conferred and submitted a case management plan clearly indicating that Plaintiffs intended to amend the complaint to allege PAGA claims.  ECF No. 261 at 4.  The Court set a deadline for Plaintiffs to amend the complaint, ECF No. 262, and Plaintiffs duly met that deadline.  ECF No. 278.

Extraordinary circumstances are present here and warrant equitable tolling.  Plaintiffs relied on Emergency Rule 9 in concluding that their PAGA notices and claims were timely filed, a fact that the Campaign does not address.  This reliance was reasonable because Emergency Rule 9 was issued by the California court system itself, a judicial council including members of the legislature and the Chief Justice of California.  An overwhelming number of courts have

enforced Emergency Rule 9 and permitted litigants nationwide to benefit from it.  *Supra* note 2, at 3; *cf. Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (recognizing that equitable tolling applies where a federal agency official erroneously advised plaintiff that their complaint could be filed late); *Watson v. United States*, 133 F. Supp. 3d 502, 522-23 (E.D.N.Y. 2015) (equitable tolling applied to plaintiff's Federal Torts Claim Act claims "most significantly" because government officials told plaintiff he was not a United States citizen, so he believed he had no FTCA claim); *Bartniak v. Cushman & Wakefield, Inc.*, No. 99 Civ. 11916, 2001 U.S. Dist. LEXIS 19227, at *16 (S.D.N.Y. Nov. 26, 2001) (applying equitable tolling where plaintiff "was led by the agencies to believe that she had done everything required of her to file a complaint"); *O'Connor v. Pan Am.*, No. 88 Civ. 5962, 1990 U.S. Dist. LEXIS 5403, at *7 (S.D.N.Y. May 4, 1990) (equitable tolling appropriate when a federal agency misled complainant about nature of their rights).  If this Court deemed the rule invalid in the face of so much contrary authority, this would be an extraordinary outcome entitling Plaintiffs to equitable tolling.

**B.    Plaintiffs State a Claim under the FLSA.**

**1.    The Court Should Reject the Campaign's Second Attempt to Dismiss the Same FLSA Allegations.**

This Court has already considered and rejected every argument the Campaign raises regarding Plaintiffs' FLSA claims.  The Campaign should not be allowed to try again merely because it disagreed with the Court's order denying its motion to dismiss the claims.

Under the law of the case doctrine, the Court should adhere to its earlier decision denying the Campaign's second request to dismiss the FLSA claim in the TAC, which is identical to the FLSA claim in earlier iterations of the complaint.  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for

it again." *Int'l Ore & Fertilizer Corp. v. SGS Control Servs.*, 38 F.3d 1279, 1287 (2d Cir. 1994)

(quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964), *cert. denied*, 377 U.S. 934

(1964)); *see also United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) ("As a general matter,

this Court will adhere 'to its own decision at an earlier stage of the litigation.'"); *Dilaura v.*

*Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) ("[W]hen a court decides upon a rule of law,

that decision should continue to govern the same issues in subsequent stages in the same case."

(quoting *Liona Corp. v. PCH Assocs. (In Re PCH Assocs.)*, 949 F.2d 585, 592 (2d Cir. 1991))).

Exceptions to the law of the case doctrine should only be made where there is "an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Teoba v. Trugreen Landcare LLC*, No. 10 Civ. 6132,

2013 U.S. Dist. LEXIS 52831, at *13 (W.D.N.Y. Apr. 10, 2013).  The Campaign does not

attempt to make this showing, nor could it.  Instead, the Campaign makes the same arguments

again, hoping for a different result.  *See Elisa W. v. City of N.Y.*, No. 15 Civ. 5273, 2017 U.S.

Dist. LEXIS 146342, at *8-9 (S.D.N.Y. Sept. 11, 2017) (Swain, J.) (denying motion to dismiss in

part because earlier motion to dismiss decision on the same issues "governs here as law of the

case"); *Teoba*, 2013 U.S. Dist. LEXIS 52831, at *12-13 (holding that earlier decision on motion

to dismiss that claim should proceed is "law of the case" and denying second motion to dismiss

raising similar arguments); *Lehman v. Garfinkle*, No. 08 Civ. 9385, 2013 U.S. Dist. LEXIS

53796, at *4-5 (S.D.N.Y. Mar. 7, 2013) ("Garfinkle previously moved to dismiss Lehman's

claims for legal malpractice and injunctive relief, and the Court denied that motion. . . . Lehman

has not materially altered either of these claims in his Amended Complaint, and Garfinkle has

not materially altered his arguments for dismissal.  As the Court's prior decision is law of the

case, it should not be revisited, and Garfinkle's current request to dismiss these claims should

- 14 -

simply be denied without further review."); *Axel Johnson, Inc. v. Arthur Anderson & Co.*, 847 F.

Supp. 317, 321 (S.D.N.Y. 1994) (holding that motion to dismiss was "barred by the law of the

case" because the moving party raised the same argument in an earlier motion and was rejected).

The Court should not consider any of the Campaign's purportedly new arguments

because the Campaign had an opportunity to raise them before.  Under Federal Rule of Civil

Procedure 12(g)(2), a party that makes an earlier motion to dismiss "must not make another

motion under this rule raising a defense or objection that was available to the party but omitted it

from its earlier motion."  A defendant may not "advance arguments that could have been made in

the first motion to dismiss but neglected to do so."  *Sears Petroleum & Transp. Corp. v. Ice Ban*

*Am. Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003); *see also id.* ("[An] amended complaint does not

automatically revive all the defenses and objections the defendant may have waived in a first

motion to dismiss or to challenge the sufficiency of the amended complaint with arguments that

were previously considered and decided by the court in the first motion to dismiss."); *Falcon v.*

*City Univ. of N.Y.*, No. 15 Civ. 3421, 2016 U.S. Dist. LEXIS 92396, at *37 (E.D.N.Y. July 15,

2016) ("[C]ourts have refused to consider arguments that could have been made in an original

motion to dismiss that were re-asserted in a motion to dismiss an amended complaint or in

opposition to the filing of an amended complaint" and collecting cases).  As the Campaign

expressly acknowledges, Plaintiffs have not added or changed any factual allegations related to

their FLSA claims, ECF No. 302 at 17-18, and the Campaign could have raised all arguments in

its first motion to dismiss.  Accordingly, the Court should not consider this argument.

The Court should also reject the Campaign's argument that the Court reached the wrong

decision earlier in the case, which is really just an untimely motion for reconsideration.  *See*

S.D.N.Y. Local Civil Rule 6.3 (motions for reconsideration must be submitted within 14 days);

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 329 (S.D.N.Y. 2005) (holding that new arguments raised following Court's dismissal of several claims "amounts to an untimely motion for reconsideration").

### 2. Plaintiffs Sufficiently Plead Enterprise Coverage.

The Court previously "decline[d] to address" the issue of enterprise coverage, ECF No. 258 at 15, and it need not revisit the issue here. The Campaign does not provide a reason why it should. If the Court decides to address the substance of the Campaign's arguments, which it should not, Plaintiffs incorporate by reference the arguments and caselaw raised in their opposition to the Campaign's identical first motion to dismiss. ECF No. 133 at 23-28.

In short, Plaintiffs plead sufficient facts to establish that the Campaign is a covered enterprise under the FLSA because it had employees engaged in the sale of goods, in competition with other sellers, and had a gross volume of sales exceeding $500,000. There is no dispute that the Campaign meets the basic requirements for enterprise coverage: (1) it sold merchandise online, ECF No. 111 at 11; ECF No. 296 (TAC) ¶¶ 188-205; (2) its gross revenue from these sales was approximately $890,000, ECF No. 111 at 11-12; ECF No. 296 (TAC) ¶¶ 205-209; (3) its online sale of products was integral to its general operations, ECF No. 94 at 11 n.6; ECF No. 296 (TAC) ¶¶ 188, 212; and (4) it sold products in competition with other commercial sellers of similar products, ECF No. 111 at 13; ECF No. 296 (TAC) ¶¶ 194-96, 200-202. The Campaign's only argument on this point is that product sales should not count towards the FLSA's $500,000 threshold, a baseless argument belied by the authority. For these reasons, Plaintiffs sufficiently plead that the Campaign is a covered entity under the FLSA.

###   3.   Plaintiffs Sufficiently Plead Individual Coverage.

The Court has already carefully considered and rejected both of the Campaign's arguments regarding individual coverage – that interstate communications must be made for commercial purposes and that Plaintiffs' allegations are not sufficient.  *See* ECF No. 258 at 12-14 (stating that "individual employee activities need not be conducted for business purposes to implicate coverage under the FLSA"); *id.* at 14-15 (reviewing allegations and concluding that Plaintiffs "plausibly demonstrate[] that they were 'engaged in commerce' under the FLSA").  The Campaign's arguments here are identical to those it raised earlier.  *Compare* ECF No. 111 at 13-16 (arguing that activities must be conducted for commercial purposes and that the complaint "alleges only that Plaintiffs participated in some telephone calls or emails"), *with* ECF No. 302 at 18-21 (arguing again that activities must be conducted for commercial purposes and that the allegations were insufficient).  These arguments still fail, for the reasons stated in the Court's Order, and in Plaintiffs' July 17, 2020 Opposition to the first Motion to Dismiss, ECF No. 133 at 28-29, and further below.

As the Court stated, "it is well settled that any employee 'engaged in commerce' will be covered by the FLSA 'irrespective of whether his employer is an enterprise engaged in commerce.'"  ECF No. 258 at 12.  The Campaign does not identify any new or controlling caselaw that would change that analysis.  Contrary to the Campaign's arguments, the prevailing view in this circuit, which this Court has properly joined, is that the individual coverage test focuses "on the activities of the employees and not on the business of the employer," *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959), which is "unlike [the test] for enterprise coverage," *Thompson v. Hyun Suk Park*, No. 18 Civ. 6, 2019 U.S. Dist. LEXIS 36111, at *13 (E.D.N.Y. Mar. 5, 2019); *see also Bowrin v. Cath. Guardian Soc'y*, 417 F. Supp. 2d 449, 464-67 (S.D.N.Y. 2006); *Xelo v.*

*Mavros*, No. 03 Civ. 3665, 2005 U.S. Dist. LEXIS 21588, at *12-13 (E.D.N.Y. Sept. 28, 2005).

The Campaign's cases, in contrast, are out of circuit and pre-date the in-circuit cases supporting the Court's analysis.  The Court already reviewed and distinguished one of them, *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1294 (M.D. Fla. 2005), and concluded that the case "is not instructive in the current action."  As for the Campaign's 1964 District of Maryland case, *Wirtz v. Sherman Enters., Inc.*, 229 F. Supp. 746 (D. Md. 1964),[9] it is inapplicable because Plaintiffs here allege more interstate activity than the "the preparation and mailing of service reports" considered there.  *Id.* at 752.

Plaintiffs' allegations satisfy the plausibility test, as this Court already concluded.  ECF No. 258 at 14 (finding allegations "plausibly demonstrate[]" individual coverage).  As this Court summarized in its Order denying the Campaign's prior identical request to dismiss the FLSA claim, Plaintiffs:

> plead that they used the instrumentalities of interstate commerce to (1) participate in weekly all-state conference calls led by the Campaign's New York City headquarters; (2) communicate daily via email with Campaign officials in the Campaign's New York City headquarters; and (3) call prospective voters across state lines, including through the use of an auto-dialer that "regularly connected them with prospective voters across state lines."  (SAC ¶¶ 68-72; Pl. Mem. at 28-29.)  Plaintiffs further allege that calling prospective voters was one of their "primary duties" and they "regularly used telephones" to communicate with these voters across state lines.  (SAC ¶¶ 59, 70.)  Plaintiffs also allege that they directed attendees at Campaign events to the Campaign's online store to purchase Campaign merchandise.  (*Id.* ¶ 209.)

ECF No. 258 at 11-12.  These facts have not changed since the Court's March 25, 2022 decision, as the Campaign concedes.  ECF No. 302 at 17 ("The Third Amended Complaint repeats

---

[9]    The Campaign cited a different *Wirtz* case, *Wirtz v. Columbian Mut. Life Ins. Co.*, 380 F.2d 903, 907 (6th Cir. 1967), in its original motion to dismiss.  This new case is authority and argument it could have, and should have, raised in its first motion to dismiss, and as such should not be considered by the Court. In any event, the case lends little utility here.

verbatim the FLSA claims that Plaintiffs asserted in the Second Amended Complaint.").[10]

The Campaign's other cases do not support its arguments because they do not involve similar allegations as those here, and significantly, two of the three were decided at summary judgment after full discovery. *See Owusu v. Corona Tire Shop, Inc.*, No. 09 Civ. 3744, 2013 U.S. Dist. LEXIS 55381, at *9-12 (E.D.N.Y. Apr. 15, 2013) (at summary judgment, after full discovery, concluding that evidence was insufficient to show employer was "in the channels of commerce"); *Marcus v. Lominy*, No. 18 Civ. 1857, 2022 U.S. Dist. LEXIS 29065, at *40 (S.D.N.Y. Feb. 16, 2022) (at summary judgment, concluding there was insufficient evidence where, after full discovery, plaintiff "provide[d] no information about the frequency of those contacts"); *Gonzalez v. Victoria G's Pizzeria LLC*, No. 19 Civ. 6996, 2022 U.S. Dist. LEXIS 51003, at *6-7 (E.D.N.Y. Mar. 22, 2022) (in default judgment ruling, finding individual coverage not established because, contrary to the specific allegations here, the plaintiff alleged only vaguely that he "engaged in interstate commerce through his contacts with interstate businesses on behalf of Defendants" and that he "regularly handled goods in interstate commerce").

### C.   Should the Court Grant Any Portion of the Campaign's Motion, Plaintiffs Request Leave to Amend Their Complaint.

The Campaign's motion to dismiss should be denied.  However, if the Court concludes

---

[10]   The Court held that, "at this stage of the proceedings, Plaintiffs' account of their job responsibilities, read in the light most favorable to them, plausibly demonstrates that they were 'engaged in commerce' under the FLSA and entitled to overtime compensation for their work performed in excess of 40 hours per week."  ECF No. 258 at 14.  The Court further held that "Plaintiffs' allegations that they utilized instrumentalities of commerce daily with voters 'across state lines' as part of their 'primary job duties' are sufficient at the motion to dismiss stage."  *Id.* at 15 (citing *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280, 287-88 (S.D.N.Y. 2000); *Remmers v. Egor*, 332 F.2d 103, 104 (2d Cir. 1964); and *Jones v. SCO Fam. of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016)).

that the motion should be granted as to any issue, Plaintiffs request that the Court permit them to amend the complaint to cure any deficiencies. *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as [Rule 15(a) requires] be 'freely given.'"). Complaints dismissed under Rule 9(b), in particular, are "'almost always' dismissed with leave to amend." *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 9.03 at 9-34 (2d ed. 1986)). Further, when a plaintiff specifically requests leave to amend a complaint, it should be granted. *Cf. Shields v. Citytrust Bancorp.*, 25 F.3d 1124, 1132 (2d Cir. 1994) (declining leave to amend because, *inter alia*, plaintiff "did not ask the district court for leave to amend it further").

When courts do deny leave to amend, it is typically because the plaintiff had an opportunity to cure deficiencies identified by the court in response to an earlier motion to dismiss. *See Melvin v. Cnty. of Westchester*, No. 14 Civ. 2995, 2016 U.S. Dist. LEXIS 41120, at *80-81 n.19 (S.D.N.Y. Mar. 29, 2016); *Miller v. Pac. Inv. Mgmt. Co. LLC*, No. 12 Civ. 4122, 2013 U.S. Dist. LEXIS 63559, at *15 (S.D.N.Y. Apr. 23, 2013) (Swain, J.) (no leave to amend granted because complaint had been amended in response to earlier motions to dismiss). That is not the case here, as the Campaign is moving to dismiss Plaintiffs' PAGA claims for the first time, and the Court did not find Plaintiffs' FLSA claims deficient in any way in the first motion to dismiss. For these reasons, if the Court now finds any deficiencies in Plaintiffs' complaint, they have an opportunity to cure them.

## II.    The Campaign's Motion to Strike Should be Denied.

The Magistrate Judge ordered Plaintiffs to remove their claims for fraudulent inducement and promissory estoppel. ECF No. 303-3 at 34-35. Plaintiffs complied with the Court's order

and removed these causes of action from the TAC, along with the corresponding class allegations and prayers for relief.  The Magistrate Judge did not order Plaintiffs to re-write the fact sections of their complaint and the Campaign did not request this relief before the Magistrate Judge.  There is no basis for the Campaign's sweeping, burdensome request, and the Campaign's motion to strike should be denied.

### 1.     Legal Standard

"[M]otions to strike are disfavored, and should be granted only if 'there is a strong reason to do so.'"  *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).  To succeed on a motion to strike, the moving party must show "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; *and* (3) that to permit the allegations to stand would result in prejudice to the movant."  *Koch v. Dwyer*, No. 98 Civ. 5519, 2000 U.S. Dist. LEXIS 14181, at *4 (S.D.N.Y. Sept. 27, 2000) (emphasis added).

Critically, "allegations in a complaint which supply background or historical material or which are of an evidentiary quality will not be stricken unless unduly prejudicial to defendant."  *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 637-38 (S.D.N.Y. 1975).  "[C]ourts should not tamper with pleadings unless there is a strong reason for doing so."  *Aventis Env't Sci. USA LP v. Scotts Co.*, No. 02 Civ. 9315, 2003 U.S. Dist. LEXIS 5362, at *5 (S.D.N.Y. Apr. 2, 2003) (quoting *Lipsky*, 551 F.2d at 893; *see also Fuchs Sugars & Syrups, Inc.*, 402 F. Supp. at 637 ("Modern federal practice permits wide latitude in pleading.").

### 2.     Plaintiffs Removed the Dismissed Causes of Action Consistent with the Court's Order.

Plaintiffs' complied with the Court's order to remove the promissory estoppel and fraudulent inducement causes of action from the TAC.  The Campaign's repeated implications to

the contrary should be rejected.  ECF No. 302 at 21-22, 24.  At no point in the parties' filings

concerning amending the complaint, or at the hearing, did the Campaign suggest that any factual

allegations should be changed.  At the September 15, 2022 hearing on the TAC, the Court

ordered Plaintiffs to excise the "common law claims that have already been dismissed."  ECF

No. 303-3 at 34:25-35:2.  The Court was silent with respect to excising any factual allegations,

as that issue had not been raised by the Campaign.  *See generally* ECF No. 303-3 at 34-35.

The Campaign's reference to *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, No.

08 Civ. 019, 2009 U.S. Dist. LEXIS 52078, at *22 (N.D.N.Y. June 19, 2009), lends it no support.

First, the issue before the court in that case was not a motion to strike, but a motion to amend the

complaint.  *Id.* at *1.  There, the plaintiff filed an amended complaint including the *claims* that

had already been dismissed, arguing that she was preserving them in the event the claims were

revived on appeal.  *Id.* at *22.  Plaintiffs are not doing that here, the Magistrate Judge having

ruled that doing so is not necessary.  Plaintiffs excised the *claims* and but not the factual

background because it provides context regarding Plaintiffs' employment, bears on the issues of

the case, may be material, is not scandalous, and do not prejudice the Campaign in any way.

### 3.    Plaintiffs' Factual Allegations Should Remain in the Complaint.

The allegations are not redundant, immaterial, or impertinent and, in fact, allege facts that

bear on the issues of the case and would be admissible at trial.  Striking allegations based on

these related factors is especially disfavored given the difficulty of determining which facts will

be relevant to the claims based solely on the pleadings.  *Lipsky*, 551 F.2d at 893 ("[O]rdinarily

neither a district court nor an appellate court should decide to strike a portion of the complaint -

on the grounds that the material could not possibly be relevant - on the sterile field of the

pleadings alone."); *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969) ("A

motion to strike immaterial or impertinent matter from a pleading will ordinarily not be granted unless the matter sought to be stricken clearly can have 'no possible relation' to the matter in controversy."); *Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 620, 623 (S.D.N.Y. 1962) ("If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied."); *Fleischer v. A. A. P., Inc.*, 180 F. Supp. 717, 721 (S.D.N.Y. 1959).

The circumstances of Plaintiffs' employment provide context and are relevant to the wage claims in the case. "[W]here certain evidential facts, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." *Atl. City Elec. Co.*, 207 F. Supp. at 623; *see also Fuchs Sugars & Syrups, Inc.*, 402 F. Supp. at 637-68 (allegations that give context and background material should not be stricken). The allegations relate to the hiring of the field organizers, their job duties, and whether they were similarly situated in their employment. *See Masters v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2003 U.S. Dist. LEXIS 7143, at *14-15 (S.D.N.Y. Apr. 28, 2003) (granting motion to strike dismissed causes of action but not the factual allegations supporting those dismissed claims). At this early stage in the litigation, it is difficult to determine which facts will be relevant, material, and admissible at trial and, accordingly, Plaintiffs' should be permitted to have control over how they present their own stories. *See Fuchs Sugars & Syrups, Inc.*, 402 F. Supp. at 637-38; *see also id.* at 638 ("At this still early stage of the litigation, far from the jury, the pleadings are best left undisturbed.").[11]

Additionally, the factual allegations are not scandalous. To satisfy this element, "[i]t is not enough that the matter offends the sensibilities of the objecting party." *Lynch v.*

---

[11]     Despite the Campaign's repeated protests that the TAC is long, the length of the complaint is irrelevant to the analysis of the relevant factors. *See Laverpool v. N.Y.C. Transit Auth.*, 760 F. Supp. 1046, 1060-61 (E.D.N.Y. 1991) (denying motion to strike extraneous material from a lengthy complaint without showing prejudice or that the allegations have no relation to the controversy).

*Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 64-65 (E.D.N.Y. 2011).  Instead, "[a]

scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or

uses repulsive language that detracts from the dignity of the court."  *Nachmany v. FXCM, Inc.*,

No. 16 Civ. 225, 2020 U.S. Dist. LEXIS 7161, at *18 (S.D.N.Y. Jan. 9, 2020) (quoting *Cabble v.*

*Rollieson*, No. 04 Civ. 9413, 2006 U.S. Dist. LEXIS 7385, at *32 (S.D.N.Y. Feb. 27, 2006)); *see*

*also Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (scandalous allegations

"serves no purpose except to inflame the reader").  Here, the allegations at issue center on the

Campaign's hiring and termination of its staff.  While the actions that the Campaign took

towards the Plaintiffs with respect to their employment resulted in hardship for Plaintiffs, the

allegations do not rise to the level of scandalous under Federal Rule of Civil Procedure 12(f) or

even approximate "inflaming" the reader.  *See Nimmons v. United States Tennis Ass'n*, No. 18

Civ. 2499, 2019 U.S. Dist. LEXIS 14253, at *23-24 (E.D.N.Y. Jan. 7, 2019) (finding that "while

the allegations are not flattering , they do not rise to the level of 'scandalous' material," and

collecting cases).  Courts have denied motions to strike far more damaging allegations.  *See, e.g.*,

*Levin v. Nirav Deepak Modi (In re Firestar Diamond, Inc.)*, 634 B.R. 265, 311 (Bankr. S.D.N.Y.

2021) (denying motion to strike allegations including threats of murder); *Cabble*, 2006 U.S. Dist.

LEXIS 7385, at *32 (denying motion to strike allegations because, though "not flattering,"

allegations did not rise to the level of scandalous material).

      The Campaign's remaining cases are inapposite.  In two, the court rejected arguments

that plaintiffs need to retain the allegations in their complaint to preserve the right of appeal.  *See*

*Cassese v. Wash. Mut., Inc.*, No. 05 Civ. 2724, 2011 U.S. Dist. LEXIS 173527, at *5 (E.D.N.Y.

June 7, 2011); *In re Alstom SA Sec. Litig.*, 454 F. Supp. 2d 187, 216 (S.D.N.Y. 2006).  Plaintiffs

do not plead the factual allegations in order to preserve any right of appeal, but instead because

they provide context and are pertinent to the existing claims in the case.

### 4.      The Campaign Is Not Prejudiced by the Allegations.

The Campaign fails to identify how it would be prejudiced by the inclusion of the factual allegations, nor could it.  In its motion, the Campaign vaguely eludes that it would need to "respond and litigate" the factual allegations, ECF No. 302 at 24, which appears to be an argument that including the allegations will increase litigation costs.  This is baseless and wrong.  The parties are litigating the surviving *claims* in the case – Plaintiffs' state and federal wage claims.  The particular allegations that the Campaign chooses to address in discovery are up to the Campaign to choose, so the litigation costs are within its control.  Even if litigation costs were to increase, it would only be marginally, and courts have found this as insufficient to show prejudice.  *See, e.g.*, *Wine Mkts. Int'l v. Bass*, 177 F.R.D. 128, 134 (E.D.N.Y. 1998) (rejecting argument by defendant that allegations should be stricken "to avoid prejudice to the defendant through unnecessary costs in discovery").  Without this showing of prejudice, the Court should not grant the Campaign's motion to strike.  *See Laverpool*, 760 F. Supp. at 1060 (court refused to strike allegations from complaint without showing of prejudice).

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss and motion to strike should both be denied.

Respectfully submitted,

Dated:  October 18, 2022        By:   */s/ Justin M. Swartz*

Justin M. Swartz
Michael C. Danna
Theanne Liu
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: 212-245-1000
Fax: 646-509-2060
jms@outtengolden.com
mdanna@outtengolden.com
tliu@outtengolden.com

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW, Suite 1200B
Washington, DC, 20005
Tel.: 202-847-4400
Fax:  202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.S.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Tel.:  800-616-4000
Fax:  561-447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel.: 561-447-8888
Fax: 561-447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the Putative Classes*

*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin M. Swartz, hereby certify that on October 18, 2022, I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing system.

Dated: October 18, 2022

*/s/ Justin M. Swartz*
Justin M. Swartz
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: 212-245-1000
Fax: 646-509-2060