UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA WOOD, et al., individually and on behalf of all others similarly situated,

       Plaintiffs,

   v.

MIKE BLOOMBERG 2020, INC.,

       Defendant.

---

20 Civ. 2489 (LTS) (GWG)

**ORAL ARGUMENT REQUESTED**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.     PLAINTIFFS' PAGA CLAIMS ARE TIME-BARRED AND MUST BE DISMISSED.. 1

  A.   The Plaintiffs Cannot Avail Themselves of Emergency Rule 9 ..................................... 1

    1.   The Judicial Council Exceeded Its Authority................................................ 1

    2.   Emergency Rule 9 Does Not Apply in Federal Court .................................. 1

    3.   Emergency Rule 9 Did Not Extend Administrative Pre-Filing Requirements............. 3

  B.   The Tolling Agreement Does Not Revive Plaintiffs' Claims ......................................... 4

  C.   Plaintiffs Are Not Entitled to Equitable Tolling ............................................................ 4

II.    PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED. ............................................... 6

  A.   The Court Has Complete Discretion to Dismiss Plaintiffs' FLSA Claims ..................... 6

  B.   Plaintiffs Offer No Basis for Enterprise Coverage......................................................... 8

  C.   Plaintiffs Fail to Plead Individual Coverage. ................................................................. 8

III.   THE COURT SHOULD GRANT THE CAMPAIGN'S MOTION TO STRIKE ......... 9

CONCLUSION........................................................................................................................ 10

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ...................................................................7

*Baltazar v. Yates*,
  2010 WL 2195979 (C.D. Cal. Apr. 28, 2010), *report & recommendation adopted*, 2010 WL 2195983 (C.D. Cal. June 1, 2010) ...........................................2

*Contrera v. Langer*,
  278 F. Supp. 3d 702 (S.D.N.Y. 2017)..........................................................5

*DiLaura v. Power Auth. of N.Y.*,
  982 F.2d 73 (2d Cir. 1992), *cert. denied*, 506 U.S. 820 (1992)................................5

*Dougherty v. Barco Unifs.*,
  2022 Cal. Super. LEXIS 31112 (Super. Ct. L.A. Cnty. May 12, 2022) ...................4

*Elisa W. v. City of New York*,
  2017 WL 4005633 (S.D.N.Y. Sept. 11, 2017) (Swain, C.J.)...................................6

*Fernandez v. Zoni Language Ctrs., Inc.*,
  858 F.3d 45 (2d Cir. 2017).........................................................................4

*Fish v. Bread Loaf Constr. Co.*,
  1998 U.S. App. LEXIS 1208 (2d Cir. 1998) ..............................................3

*Goerrs v. Pac. Gas & Elec. Co.*,
  2021 WL 4932134 (N.D. Cal. Oct. 18, 2021).........................................2

*Gonzalez v. Victoria G's Pizzeria LLC*,
  2022 WL 842666 (E.D.N.Y. Mar. 22, 2022) ...........................................7, 9

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*,
  2009 WL 1748743 (N.D.N.Y. June 19, 2009).......................................10

*Huynh v. Quora, Inc.*,
  2020 WL 7408230 (N.D. Cal. June 1, 2020).........................................7

*In re Herman*,
  2020 WL 5351944 (C.D. Cal. Aug. 17, 2020 .......................................3

*In re Hill*,
  811 F.2d 484 (9th Cir. 1987) ....................................................................3

*Inland Concrete Enters., Inc. v. Kraft*,
   318 F.R.D. 383 (C.D. Cal. 2016) ........................................................2

*Lucente v. Int'l Bus. Machs. Corp.*,
   310 F.3d 243 (2d Cir. 2002)..............................................................6

*Maravilla v. Allied Dig. Servs.*,
   2021 Cal. Super. LEXIS 74799 ........................................................4

*Marcus v. Lominy*,
   2022 WL 493688 (S.D.N.Y. Feb. 17, 2022)...................................7, 9

*Menominee Indian Tribe of Wis. v. United States*,
   577 U.S. 250 (2016)..........................................................................5

*Milligan v. GEICO Gen. Ins. Co.*,
   2022 WL 433289 (2d Cir. Feb. 14, 2022).........................................7

*Mitchell v. Lublin, McGaughy and Associates*,
   358 U.S. 207 (1959)..........................................................................8

*Nachmany v. FXCM, Inc.*,
   2020 WL 178413 (S.D.N.Y. Jan. 9, 2020) ......................................10

*Owusu v. Corona Tire Shop, Inc.*,
   2013 WL 1680861 (E.D.N.Y. Apr. 17, 2013) ...................................9

*Pace v. DiGuglielmo*,
   544 U.S. 408 (2005)..........................................................................5

*Russo v. Navient Sols., LLC*,
   2018 WL 1474354 (D. Vt. Mar. 23, 2018) .......................................7

*Seaboard Acceptance Corp. v. Shay*,
   214 Cal. 361 (1931) ..........................................................................3

*Sholes v. Cates*,
   2021 WL 5567381 (E.D. Cal. Nov. 29, 2021)...................................2

*Thea v. Kleinhandler*,
   807 F.3d 492 (2d Cir. 2015)..............................................................2

*Thompson v. Hyun Suk Park*,
   2019 U.S. Dist. LEXIS 36111 (E.D.N.Y. Mar. 5, 2019)................8, 9

*Timboe v. Clark*,
   2022 WL 991721 (N.D. Cal. Mar. 31, 2022)....................................3

*Tripathy v. McClowski*,
    2022 WL 2069228 (2d Cir. June 9, 2022) ..................................................7

*U.S. Bank Nat'l Ass'n ex rel. Lima Acquisition LP v. PHL Variable Ins. Co.*,
    2014 WL 998358 (S.D.N.Y. Mar. 14, 2014) (McMahon, J.) ....................7

*United State v. Rodriguez*,
    2019 WL 112621 (E.D.N.Y. Jan. 4, 2019) ...............................................7

*United States ex rel. Kolchinsky v. Moody's Corp.*,
    238 F. Supp. 3d 550 (S.D.N.Y. 2017) .....................................................8

*Walia v. Napolitano*,
    2017 WL 10378189 (E.D.N.Y. Dec. 4, 2017) .........................................7

*Wirtz v. Sherman Enterprises, Inc.*,
    229 F. Supp. 746 (D. Md. 1964) .............................................................9

**STATUTES**

26 U.S.C. § 527(c)(3) ......................................................................................8

Cal. Code Civ. P. § 312 ...................................................................................1

N.Y. C.P.L.R. § 202 .........................................................................................2

**OTHER AUTHORITIES**

Cal. Const. Article VI, § 6(d) ..........................................................................3

California Rules of Court .................................................................................2

Emergency Rule 9, Advisory Committee Comment ......................................3

Emergency Rule 9(a) .......................................................................................3

Emergency Rules Related to COVID-19 (ca.gov),
    https://www.courts.ca.gov/43820.htm ...................................................2

The Campaign[1] respectfully submits this reply brief in further support of its partial motion to dismiss, and to strike allegations concerning the Dismissed Claims.

## I.    PLAINTIFFS' PAGA CLAIMS ARE TIME-BARRED AND MUST BE DISMISSED

Neither ER 9 nor the tolling agreement salvages Plaintiffs' untimely PAGA claims.

### A.    The Plaintiffs Cannot Avail Themselves of Emergency Rule 9

#### 1.    *The Judicial Council Exceeded Its Authority*

The Judicial Council had no authority to alter or contradict any statutory limitations periods under the guise of its procedural rule-making authority.  It is firmly established that the power to set—and change—statutes of limitations resides exclusively with the legislature "without exception."  *See* Cal. Code Civ. P. § 312.  The court did not consider the issue of the Judicial Council's authority in most of the cases Plaintiffs cite.  *See* Opp. at 3.  This is a novel and recent issue, and there is a dearth of courts that have considered it.  Only one case Plaintiffs cite directly addresses the constitutionality of ER 9, and it does not analyze the arguments the Campaign raises here, including the limits of the authority delegated to the Judicial Council, the conflict with § 312 of the California Code of Civil Procedure, or the limits on the California Governor's ability to suspend statutes.  For these reasons, as discussed in the Campaign's moving brief, the Judicial Council lacked the authority to promulgate ER 9.  *See* Mot. at 10-11.

#### 2.    *Emergency Rule 9 Does Not Apply in Federal Court*

The Court need not reach the issue of the Judicial Council's authority, however, because even if the Council was permitted to issue ER 9, it does not apply in federal court.  Contrary to Plaintiffs' suggestion, the authority cited by the Campaign explicitly held that ER 9 is

---

[1] Defined terms have the same meaning as in the Campaign's opening brief (Dkt. 302), which is referred to herein as "Mot."  Plaintiffs' opposition brief (Dkt. 305) is referred to herein as "Opp."

inapplicable in federal court.  *See* Mot. at 11-13.  In *Goerrs*, the court concluded that plaintiff

could not get around her untimely claim by invoking ER 9, holding "[plaintiff] cannot rely on the

California-issued emergency rule referenced above to get relief *because she is not in state*

*court*."  *Goerrs v. Pac. Gas & Elec. Co.*, 2021 WL 4932134, at *6 (N.D. Cal. Oct. 18, 2021)

(emphasis added).  In *Sholes*, the court stated that ER 9 tolled the statute of limitations "in

matters brought *before California state courts*" and held that "the 'Emergency Rule' tolling of

statutes of limitations for civil causes of action *pending in California state court* is not

applicable" to the plaintiff's claim.  *Sholes v. Cates*, 2021 WL 5567381, at *5 (E.D. Cal. Nov.

29, 2021) (emphasis added).  Neither opinion turned on whether the rule was being applied to a

claim under federal or state law.[2]

     The *Goerrs* and *Sholes* courts are correct.  ER 9 is a temporary procedural rule.  Like all

of California's COVID-19 Emergency Rules, ER 9 is contained in an appendix to the California

Rules of Court.  *See* Emergency Rules Related to COVID-19 (ca.gov),

https://www.courts.ca.gov/43820.htm.  The Rules of Court are state court procedural rules[3] that

<u>do not</u> apply in federal court.  *See, e.g., Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383,

405 (C.D. Cal. 2016); *Baltazar v. Yates*, 2010 WL 2195979 at *11 n. 8 (C.D. Cal. Apr. 28,

2010), *report & recommendation adopted*, 2010 WL 2195983 (C.D. Cal. June 1, 2010).

     Plaintiffs' argument that the *Erie* doctrine requires this court to apply ER 9 is incorrect.

A procedural rule "does not transform" into a substantive rule because it may impact a

---

[2] The Campaign does not address New York's statute of limitations because California's shorter one-year period applies to Plaintiffs' claims.  *See* N.Y. C.P.L.R. § 202; *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015).

[3] The California Rules of Court address formatting of papers (*e.g.* font size, style, and color (R 2.104-2.016), procedures for filing records under seal (R 2.551), case management (R 3.720-3.735), and the format of motion papers (R 3.1110-3.1116).  There are separate rules for California civil, criminal, family, probate and appellate courts.  *See* Tit. 2-5, 7, 8.

substantive right.  *In re Hill*, 811 F.2d 484, 486 (9th Cir. 1987).[4]  For example, in *In re Herman*,

a federal court sitting in diversity declined to apply a county emergency order and the

Emergency Rules to extend the appellant's deadline to file a notice of appeal.  2020 WL

5351944, at *1 (C.D. Cal. Aug. 17, 2020).[5]  ER 9 does not transform into a substantive rule

merely because Plaintiffs cannot otherwise avoid the untimeliness of their PAGA claims.

 Moreover, the California Constitution does not empower the Judicial Council to enact

substantive laws, and any such action would be an ultra vires act in direct contradiction with

California's founding charter.  *See* Cal. Const. Art. VI, Section 6(d).  Plaintiffs' claims are thus

time-barred for the independent reason that this federal court cannot apply ER 9.

### 3. *Emergency Rule 9 Did Not Extend Administrative Pre-Filing Requirements*

 Plaintiffs ignore the language of ER 9, which tolls the statute of limitations for "civil

causes of action," ER 9(a), and the Advisory Committee Comment emphasizes that ER 9 tolls

the statute of limitations "*on the filing of a pleading in court asserting a civil cause of action.*"

ER 9 thus does not extend pre-filing administrative requirements.  *See Seaboard Acceptance*

*Corp. v. Shay*, 214 Cal. 361, 365 (1931) ("This court has no power to rewrite the statute so as to

make it conform to a presumed intention which is not expressed.  This court is limited to

interpreting the statute, and such interpretation must be based on the language used."); *see also*

*Fernandez v. Zoni Language Ctrs., Inc.*, 858 F.3d 45, 50 (2d Cir. 2017).

---

[4] The Campaign respectfully submits that the court's holding in *Timboe v. Clark*, 2022 WL 991721 (N.D. Cal. Mar. 31, 2022) overlooks that ER 9 is a temporary procedural rule of court and contradicts the principle articulated in the Ninth Circuit's decision in *Hill*.

[5] Most of the cases Plaintiffs cited considered whether federal courts sitting in diversity must apply New York's statutory tolling rules passed by the New York Legislature (*see* Opp. at 6).  *Fish v. Bread Loaf Constr. Co.*, 1998 U.S. App. LEXIS 1208 (2d Cir. 1998) is irrelevant as it concerned whether service of process was an integral part of the statute of limitations under Vermont law.

While Plaintiffs have cherry-picked a few state trial court decisions, other California courts have correctly recognized that ER 9 does not toll the LWDA administrative deadlines. *See Maravilla v. Allied Dig. Servs.*, 2021 Cal. Super. LEXIS 74799, at *7-8 (Super. Ct. L.A. Cnty. Nov. 16, 2021); *Dougherty v. Barco Unifs.*, 2022 Cal. Super. LEXIS 31112, at *3-4 (Super. Ct. L.A. Cnty. May 12, 2022). These courts have properly adhered to the rule's text and the Judicial Council's expressed intent, and this Court should do the same.

### B.   The Tolling Agreement Does Not Revive Plaintiffs' Claims

The parties' tolling agreement is clearly not still in effect. The Plaintiffs agreed that they would not seek leave to add PAGA claims to the lawsuit while the agreement was in effect. *See* Dkt. 303-1, Bloom Ex. 1 ¶ 2.

Ceppos and Coker do not contest, and therefore concede, that the tolling agreement does not revive their PAGA claims if ER 9 does not apply to their pre-filing LWDA notice requirement. *See* Mot. at 15-16. Wheatley-Diaz cannot avoid the consequences of her representations in the tolling agreement (which Plaintiffs invoke in the TAC) and to this Court. The tolling agreement specifically provides that Ceppos and Coker would substitute as proposed California class representatives "in place of" Wheatley-Diaz. *See* Bloom Ex. 1. Wheatley-Diaz confirmed this in Plaintiffs' Motion for Leave. *See* Dkt. 279. Plaintiffs' arguments about the parties' motivations are irrelevant, and in any event it was Plaintiffs' responsibility to ensure that they timely satisfied the administrative prerequisites for claims they wished to toll. The Campaign contends only that Wheatley-Diaz should not be permitted to benefit from tolling on a cause of action she expressly represented she would not file.

### C.   Plaintiffs Also Are Not Entitled to Equitable Tolling

Plaintiffs also do not meet the requirements for equitable tolling. Plaintiffs' suggestion that the Campaign has conceded diligence is mistaken. The Campaign addressed in its opening

brief Plaintiffs' failure to plead pandemic-related extraordinary circumstances as several California federal courts have required litigants to do in order to avail themselves of ER 9. *See* Mot. at 13-14. Plaintiffs did not respond to this argument, conceding the point.[6]

Plaintiffs instead suggest that if the Court determines that ER 9 and/or the parties' tolling agreement is inapplicable, they are entitled to equitable tolling. *See* Opp. at 12. Plaintiffs were anything but reasonably diligent. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Wheatley-Diaz represented for more than a year that she would *not* serve as a California representative and thus not plead PAGA claims, and then suddenly reversed course months too late.[7] Ceppos and Coker failed to file PAGA notices with the LWDA for more than two years after their employment ended, *after* they sought leave to plead PAGA claims in court without first clearing that prerequisite.

Plaintiffs also do not offer sufficient justification to support the "drastic remedy" of equitable tolling. *Contrera v. Langer*, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017). A plaintiff must demonstrate that "the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016). Plaintiffs' reliance on an arguable interpretation of ER 9, a temporary California state rule of court, is a situation of their own making, and is unlike the cases they cited in which courts found tolling appropriate where an agency provided plaintiffs with erroneous information that

---

[6] Plaintiffs do not allege COVID-related hardship and could not given their level of activity in this case during the pandemic, including Ceppos filing a declaration (Dkts. 35-19, 65-19) and producing text messages showing involvement in the lawsuit during this time.

[7] Wheatley-Diaz continues to demonstrate a lack of diligence in pursuing her claims. The Campaign noticed Wheatley-Diaz's deposition on September 14, 2022 and despite that the Campaign offered multiple alternative dates, she did not provide any availability until hours before this filing, when she offered a single available date.

led to their filing delay.  *See* Opp. at 13.  Plaintiffs are not entitled to equitable tolling under these facts.

## II.   PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED.

### A.   The Court Has Complete Discretion to Dismiss Plaintiffs' FLSA Claims

Plaintiffs begin their argument on the FLSA claims not with the merits, but with a contention that the Campaign is "prohibit[ed] . . . from again seeking to dismiss" those claims. Opp. at 1.  The Court has already rejected that argument,[8] and the very cases Plaintiffs cite make clear that Plaintiffs mischaracterize the "law of the case" doctrine, which actually permits the Court to give the Campaign's motion fair consideration.  For example, in *DiLaura v. Power Auth. of N.Y.*, the Second Circuit noted that the law of the case doctrine "is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment," a power that a court may choose to exercise because of a change in law, new evidence, or merely because the court concludes "that the court's original ruling was erroneous." 982 F.2d 73, 76-77 (2d Cir. 1992) (internal citation omitted), *cert. denied*, 506 U.S. 820 (1992)), cited in Opp. at 14; *see also Elisa W. v. City of New York*, 2017 WL 4005633, at *2 (S.D.N.Y. Sept. 11, 2017) (Swain, C.J.), cited in Opp. at 14 ("the law of the case doctrine does not preclude the Court from revisiting its prior holdings," and electing to affirm an earlier decision only after "review[ing] carefully the . . . arguments").

More importantly, when an amended complaint has been filed, defendants must (as a matter of due process) be permitted the opportunity to respond substantively to any claim in the amended complaint because the earlier pleading is now inoperative.  *See Lucente v. Int'l Bus.*

---

[8]  In response to the Court's September 22, 2022 Order to Show Cause, Plaintiffs unsuccessfully argued that the Court should "deny Defendant's request to move to dismiss the same claim."  Dkt. 299.  The Court correctly recognized that Defendant was entitled to move to dismiss Plaintiff's FLSA claims in the TAC.  *See* Dkt. 300.

*Machs. Corp.*, 310 F.3d 243, 260 (2d Cir. 2002) ("[T]he court's decision contravened a cardinal rule of civil procedure: an amended complaint ordinarily renders the original complaint of no legal effect.  It is as though the original complaint was never served.  Consequently, 'a court may not deprive an affected party of the right to file a response to an amended pleading if the party so desires.'" (citations omitted)); *accord Tripathy v. McClowski*, 2022 WL 2069228, at *2 (2d Cir. June 9, 2022).  As a result, federal courts in the Second Circuit and elsewhere have consistently held that defendants may appropriately move to dismiss – and courts may dismiss – claims previously found sufficient.[9]  *See, e.g.*, *Milligan v. GEICO Gen. Ins. Co.*, 2022 WL 433289 (2d Cir. Feb. 14, 2022).[10]

Finally, Plaintiffs' strange insistence that some of the Campaign's "new arguments" should not be considered by the Court pursuant to 12(g)(2) misunderstands the rule.  Opp. at 15.  As a preliminary matter, Plaintiffs do not even identify which arguments are purportedly "new."  *See id.*  The lack of enterprise and individual coverage under the FLSA remains the same; any departures largely result from the citation of Second Circuit case law that *post-dates* the earlier motion and which further supports the conclusion that Plaintiffs have failed to adequately plead individual coverage under the FLSA.[11]  Rule 12(g) offers no basis for the Court to ignore this precedent.  *See*, *e.g.*, *Walia v. Napolitano*, 2017 WL 10378189, at *8 (E.D.N.Y. Dec. 4, 2017)

---

[9]  Plaintiffs' argument that the Motion to Dismiss the FLSA claims should somehow be treated as untimely motion for reconsideration wholly misses the point.  Opp. at 15-16.  When Plaintiffs chose to file a third amended pleading – over Defendant's objection and more than two and a half years after initiating the action – it rendered the prior pleading inoperative and required a response from the Campaign, including a motion dismiss.  *See, e.g.*, *Russo v. Navient Sols., LLC*, 2018 WL 1474354, at *6 (D. Vt. Mar. 23, 2018).

[10]  *See also U.S. Bank Nat'l Ass'n ex rel. Lima Acquisition LP v. PHL Variable Ins. Co.*, 2014 WL 998358, at *4 (S.D.N.Y. Mar. 14, 2014) (McMahon, J.); *United State v. Rodriguez*, 2019 WL 112621, at *5 n.9 (E.D.N.Y. Jan. 4, 2019); *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018); *Huynh v. Quora, Inc.*, 2020 WL 7408230, at *5 (N.D. Cal. June 1, 2020).

[11]  *See* Mot. at 21 (citing *Gonzalez v. Victoria G's Pizzeria LLC*, 2022 WL 842666, at *3 (E.D.N.Y. Mar. 22, 2022); *Marcus v. Lominy*, 2022 WL 493688, at *15 (S.D.N.Y. Feb. 17, 2022)).

("Although Rule 12 'bars successive motions premised on the differing <u>defenses</u> listed in Fed. R. Civ. P. 12(b)(2)–(5),' it does not necessarily prevent additional 12(b)(6) motions containing 'differing <u>arguments</u>.'") (quoting *United States ex rel. Kolchinsky v. Moody's Corp.*, 238 F. Supp. 3d 550, 555 (S.D.N.Y. 2017)).

Accordingly, the law of the case doctrine poses no bar to consideration of the Campaign's motion to dismiss the FLSA claims, and because the Third Amended Complaint is deficient as a matter of law, dismissal is a wholly appropriate exercise of discretion.

### B.   Plaintiffs Offer No Basis for Enterprise Coverage.

Plaintiffs' allegations fail to state a claim for enterprise coverage because the Campaign did not operate with a "business purpose" and did not "engage in commerce."  Plaintiffs ignore the first requirement, and as to "commerce," point again to the Campaign's sales of merchandise at cost.  They offer no further answer to the problem that, as a matter of law, that revenue constituted nontaxable campaign contributions not received in the ordinary course of a trade or business.  26 U.S.C. §527(c)(3).  Plaintiffs' argument adds nothing and should be disregarded.

### C.   Plaintiffs Fail to Plead Individual Coverage.

Plaintiffs rely on cases that do not stand for the proposition they assert.  Plaintiffs quote *Mitchell v. Lublin, McGaughy and Associates*, 358 U.S. 207, 211 (1959) for the idea that individual coverage "focus[es] on the activities of the employees" rather than on the employer's business, Opp. at 17, but that is not inconsistent with the Campaign's position.  The question is whether the employees qualify for individual coverage when their activities are directed solely to a non-commercial purpose, a question that *Mitchell* does not address.  Plaintiffs also cite *Thompson v. Hyun Suk Park*, 2019 U.S. Dist. LEXIS 36111, at *13 (E.D.N.Y. Mar. 5, 2019), but *Thompson* merely quotes *Mitchell* – and then goes on to find that the plaintiffs failed sufficiently to plead individual coverage because they did not allege that "work that directly involves

8

interstate commerce . . . [made] up a 'substantial part' of the employee's overall employment activities." *Id*. at *13-14.  The same is true here; Plaintiffs allege occasional interstate phone calls and emails, but none directed at any commercial purpose and not that they *performed work* directly involving interstate commerce for a substantial portion of their jobs.

Plaintiffs' efforts to distinguish the Campaign's cases fail because they do not address the holdings of those cases that the character of the work, rather than merely its volume, bears on the question of individual coverage.  Thus it does not matter whether Plaintiffs "allege more interstate activity" than the reports sent interstate in *Wirtz v. Sherman Enterprises, Inc.*, 229 F. Supp. 746 (D. Md. 1964), Opp. at 18; the reports in *Wirtz* were insufficient not because there were few of them but because they had "no direct and vital relation to interstate commerce."  229 F. Supp. at 752.  The same is true of Plaintiffs' alleged calls and emails here.  Nor does it matter that some of the Campaign's cases were decided at summary judgment, *see* Opp. at 19; we assume for purpose of this motion that Plaintiffs will be able to prove all of the facts they allege, but those claimed facts still are not sufficient under *Owusu* (which held allegations of *daily* use of interstate communications insufficient), *Gonzalez*, or *Marcus*.[12]

### III.   THE COURT SHOULD GRANT THE CAMPAIGN'S MOTION TO STRIKE

Plaintiffs do not explain why more than 100 paragraphs in the Third Amended Complaint concerning their Dismissed Claims, set off under a separate heading about "false promises" distinct from the allegations about misclassification (*see* Dkt. 303-2, Bloom Ex. 2 at 2, 14), are relevant to the wage-and-hour claims remaining in this lawsuit, beyond the vague assertion that they "provide context" otherwise unspecified.  None of these allegations are even tangentially related to their job

---

[12] *Owusu v. Corona Tire Shop, Inc.*, 2013 WL 1680861 (E.D.N.Y. Apr. 17, 2013); *Gonzalez v. Victoria G's Pizzeria LLC*, 2022 WL 842666, at *3 (E.D.N.Y. Mar. 22, 2022); *Marcus v. Lominy*, 2022 WL 493688, at *15 (S.D.N.Y. Feb. 17, 2022).

duties, their compensation or the hours they worked each week, and they do not offer even one specific example of a relevant allegation.

Plaintiffs' cases merely note that factual allegations relevant to pending causes of action will not be struck from a complaint.  As the authority the Campaign cited confirms, however, factual allegations that relate only to dismissed claims should be stricken.  *See* Mot. at 22-23. Plaintiffs also misconstrue the court's decision in *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, where the court took issue not only with the repetition of dismissed claims, but also with the "full-length recitation" of "each and every fact and allegation" from the plaintiff's previous complaint.  2009 WL 1748743, at *6 (N.D.N.Y. June 19, 2009).  The Campaign similarly requests that only the irrelevant allegations in the Third Amended Complaint be removed.

Plaintiffs' arguments about prejudice are irrelevant.  Courts have dismissed allegations that relate solely to dismissed claims as irrelevant without any explicit discussion or requirement of prejudice.  *See, e.g. Nachmany v. FXCM, Inc.,* 2020 WL 178413, at *8 (S.D.N.Y. Jan. 9, 2020) ("[M]otions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter *or* are likely to prejudice the movant.") (emphasis added).  But if a showing of prejudice is required, the Campaign has satisfied this factor, as it is inherently prejudicial to force a party to respond to an inflammatory narrative unconnected to any pending cause of action.  The Court should strike the Third Amended Complaint's allegations identified in Bloom Ex. 2 (Dkt. 303-2) and footnote 4 of the Campaign's moving brief.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the Campaign's moving papers, the Court should grant the Campaign's motion to dismiss the PAGA and FLSA claims in the Third Amended Complaint with prejudice, and strike the allegations relating to the Dismissed Claims.

Dated:  October 25, 2022                    PROSKAUER ROSE LLP

                                            */s/ Elise M. Bloom*
                                            Elise M. Bloom
                                            Rachel S. Philion
                                            Pinchos N. Goldberg
                                            Allison L. Martin

                                            Eleven Times Square
                                            New York, New York 10036
                                            (T)  212.969.3000
                                            ebloom@proskauer.com
                                            rphilion@proskauer.com
                                            pgoldberg@proskauer.com
                                            amartin@proskauer.com

                                            PROSKAUER ROSE LLP

                                            Mark W. Batten (admitted *pro hac vice*)
                                            One International Place
                                            Boston, Massachusetts 02110
                                            (T)  617.526.9850
                                            mbatten@proskauer.com

                                            VENABLE LLP

                                            Nicholas M. Reiter
                                            1270 Avenue of the Americas, 24th Floor
                                            New York, New York 10020
                                            (T)  212.307.5500
                                            nmreiter@venable.com

                                            *Attorneys for Defendant*
                                            MIKE BLOOMBERG 2020, INC.