

November 23, 2022

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter. We write to request a pre-motion conference regarding Plaintiffs' anticipated motion for protective order and/or to quash the harassing, duplicative, and grossly overbroad subpoenas Defendant has served and intends to serve on Named Plaintiff Alexandra Wheatley-Diaz's employers. Defendant's subpoenas seek *all* of Ms. Wheatley-Diaz's employment records from both her current and a former employer, the vast majority of which are irrelevant to the claims and defenses in this case.

      Plaintiffs seek to quash in part Defendant's subpoena served on Ms. Wheatley-Diaz's former employer, Genex Services, LLC ("Genex"). Ex. 5. Specifically, Plaintiffs are agreeable to a narrowly-tailored subpoena to Genex seeking only documents that reflect the hours Ms. Wheatley-Diaz worked for Genex during the weeks she also worked for the Bloomberg Campaign. Plaintiffs also seek to move for protection with respect to Defendant's planned subpoena on Ms. Wheatley-Diaz's current employer, VanRein Compliance ("VanRein"). Ex. 6. In the alternative, Plaintiffs request that the Court stay the subpoena process until a hearing is held and the Court rules on this dispute.

      The parties met and conferred by telephone on November 22, 2022, at 3:00 p.m. The telephone conference lasted approximately 30 minutes and was attended by Hannah Cole-Chu (Plaintiffs), Noa Baddish (Defendant), and Mark Batten (Defendant). As set forth in greater detail below, Plaintiffs' position is that the subpoenas are disproportionate to the needs of the case, not relevant, overbroad, and harassing. Defendant's position is that the subpoenas are proper and seek document relevant to the claims in the lawsuit and Ms. Wheatley-Diaz's adequacy as class representative. Plaintiffs informed Defendant that that parties were in disagreement on the issues and Plaintiffs intended to seek relief from the Court.

The Honorable Gabriel W. Gorenstein
November 23, 2022
Page 2 of 5

**I.     Background**

        **a.  Plaintiff Wheatley-Diaz's Deposition**

Plaintiff Wheatley-Diaz appeared for her deposition on November 11, 2022. Ex. 1 (A. Wheatley-Diaz Tr.). During that deposition, Defendant asked her questions about her employment with Genex Services, LLC, a company at which she worked part-time while she worked for the Bloomberg Campaign. Ex. 1 at 33:9-13. Ms. Wheatley-Diaz testified extensively regarding the hours she estimated working for Genex during the weeks she worked for the Campaign, as well as her job duties, her physical work location, how she reported her time, whether she worked and was paid overtime, dates of employment, how her hours and compensation changed at Genex during her employment with the Campaign, and whether Genex knew she was employed by the Campaign, among other topics. *See, e.g.*, Ex. 1 at 151:2-13 (Wheatley-Diaz worked about 30-35 hours a week in January); 155:2-10 (same in February), 156:5-9 (same in March).

Defendant also asked Ms. Wheatley-Diaz questions regarding her decision to proceed as the California and PAGA class representative; in or around the fall of 2020 she decided not to serve as class representative and in the summer of 2022, she decided she would. Ex. 1 at 69:23-70:11; *see also* ECF No. 291 (informing the Court that Ms. Wheatley-Diaz intended to proceed as class representative). Ms. Wheatley-Diaz initially testified that she stepped back as class representative because she began her new job at VanRein. Ex. 1 at 72:3-21. Later in the deposition, however, Defendant introduced documents that refreshed her recollection, and she confirmed, that she started her job at VanRein after she had decided to step back as class representative and, accordingly, the job at VanRein was not the reason she stepped back as class representative. Ex. 1 at 77:16-81:13. She gave testimony as to her reasons for stepping back and deciding again to move forward as class representative. Ex. 1 at 77:16-81:13.

        **b.  The Parties' Efforts to Meet and Confer**

On Tuesday, November 15, 2022, the Campaign informed Plaintiffs that it intended to serve subpoenas on Ms. Wheatley-Diaz's current employer, VanRein, and her former employer, Genex Services LLC, seeking virtually all of her employment records. Ex. 2 at 8. Plaintiffs responded that day, stating that they opposed the service of both subpoenas and requesting that the Campaign meet and confer with Plaintiffs regarding prior to serving them. Ex. 2 at 7. The Campaign agreed, stating that it would not serve the subpoenas and would provide Plaintiffs with advance notice if it intended to move forward with the subpoenas so Plaintiffs could move for protection if needed. Ex. 2 at 5-7.

On Wednesday, November 16, and Thursday, November 17, the parties exchanged several emails proposing times to meet and confer regarding the subpoenas. Exs. 3, 4. Defendant indicated that it wished to confer "quickly," and Plaintiffs confirmed on November 16 that they would confer that same week, offering times to confer on Friday, November 18. Ex. 2 at 2. Plaintiffs stated in each correspondence that they wished to resolve the dispute without involving the Court and offered additional slots for availability in each correspondence. Ex. 3 at 2; *see also id.* at 1; Ex. 4. On Thursday, November 17, Plaintiffs sent Defendant their position in

The Honorable Gabriel W. Gorenstein
November 23, 2022
Page 3 of 5

writing and offered additional times to confer over the weekend and on Monday, November 21, 2022.  Ex. 2 at 4-5.

On November 17, Defendant informed Plaintiffs that, despite Defendant's assurance that it would not serve either subpoena, it went ahead and served the subpoena on Ms. Wheatley-Diaz's employer, Genex Services, LLC, claiming that it was "under the impression that [Plaintiffs] did not have an issue with us serving the subpoena on GenEx."  Ex. 1 at 2.  Defendant intends to serve the subpoena on VanRein on November 28, 2022, Ex. 6, and has stated that it cannot agree to stay serving the subpoena while the Court's ruling on this issue is pending.

## II.     Defendant's Exceedingly Broad Subpoenas Seek Irrelevant Information.

As the party issuing the subpoena, Defendant bears the burden of proof to demonstrate relevance.  *Neogenix Oncology, Inc. v. Gordon*, No. 14 Civ. 4427, 2017 WL 1207558, at *7 (E.D.N.Y. Mar. 31, 2017).  Courts "examine" if the subpoena "is overly broad or seek[s] irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production."  *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003).[1]

Defendant's subpoenas are incredibly broad, seeking irrelevant documents relating to any and all aspects of Ms. Wheatley-Diaz's former and current employment, including her employment applications, resumes, offer letters, job descriptions, pay stubs, time sheets, payroll records, and documents reflecting promotions, demotions, reassignments, formal and informal warnings, suspensions, terminations, benefits, commissions, bonuses, any other financial compensation, work performance, or discipline.  *See* Ex. 5; Ex. 6.  Defendant's subpoenas also contain a catch-all request for Ms. Wheatley-Diaz's personnel files from both employers, which is unnecessarily overbroad.  Ex. 5 (Request No. 9); Ex. 6 (Request No. 9).  The temporal scope, in addition, is excessively broad, with the Genex subpoena covering the period between December 2019 and October 2020 and the VanRein subpoena covering the period between April 2021 and September 2022.  Such broad subpoenas are routinely quashed.  *See, e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, No. 15 Civ. 1789, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (quashing subpoenas to plaintiff's former employers where defendant requested "all" documents because "[t]he scope of the subpoenas themselves is problematic, to say the least[,] . . . [and] [b]lanket requests of this kind are plainly overbroad and impermissible"); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (S.D.N.Y. Aug. 28, 2019), ECF No. 828 (granting request to quash third-party subpoenas seeking employment records).

The documents that Defendant seeks are not relevant or proportional to the claims or

---

[1]     Plaintiffs have standing to challenge Defendant's subpoenas.  *See Padilla v. Sacks & Sacks, LLP*, No. 19 Civ. 10021, 2021 U.S. Dist. LEXIS 184557, at *2 (S.D.N.Y. Sep. 27, 2021) ("District courts in this Circuit consistently hold that an individual's privacy interest in his or her own employment records creates a personal right that confers standing to challenge a subpoena seeking such documents."); *Chen-Oster*, No. 10 Civ. 6950 (S.D.N.Y. Aug. 28, 2019), ECF No. 828 (granting request to quash third-party subpoenas seeking employment records).

defenses in this case. With respect to the subpoena that Defendant served on Genex – without meeting and conferring with Plaintiffs – Defendant contends that the documents may have some bearing on the hours that she worked for the Bloomberg Campaign and her adequacy as a class representative. Ex. 2 at 2-3. In this misclassification overtime lawsuit, however, documents and testimony regarding the job duties of plaintiffs and hours they worked *with Defendant* are relevant to the parties claims and defenses, not the details of their employment at other jobs. Ms. Wheatley-Diaz gave testimony regarding her job duties and hours with the Bloomberg Campaign and her hours for Genex during her deposition. Ex. 1 at 150:1-153:16; 155:2-10; 156:5-9; 246:5-247:12. This should be sufficient.

In an effort to compromise, and originally offered as a proposal to avoid involving the Court, Plaintiffs consent to the service of a subpoena on Genex limited to documents reflecting the hours that Ms. Wheatley-Diaz worked for the Bloomberg Campaign. Ex. 2 at 4. After disclosing that it had already served the subpoena on Genex, Defendant rejected this proposal.

With respect to the subpoena Defendant plans to serve on VanRein, there is no basis whatsoever for the subpoena as none of the information sought is relevant to any claim or defense in the case. Defendant's only basis for seeking this information is because Ms. Wheatley-Diaz initially testified in her deposition that she decided to step back as class representative because get got a job at VanRein. Ex. 1 at 72:3-21. She later clarified that this was not the case because she decided to step back as class representative in October 2020 but did not take the job at VanRein until May 2021. Ex. 1 at 78:22-81:13. Defendant is not seeking employment records from VanRein until the time period beginning April 2021, so documents responsive to the subpoena would not illuminate anything regarding her decision to step back as class representative in the fall of 2020. Similarly, Ms. Wheatley-Diaz did not testify that her employment at VanRein impacted her decision to move forward as class representative in the summer of 2022. Ex. 1 at 75:2-11. There is nothing that her employment records at VanRein could show that has any bearing on this case.

Even if Ms. Wheatley-Diaz's employment influenced her reasons to serve as a class representative in the case, which she testified it did not, this information is not relevant to her adequacy as class representative, which only requires that class representatives be "prepared to prosecute fully the action and have no known conflicts with any class member." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011) (adequacy requirement met where "class representatives are prepared to prosecute fully the action and have no known conflicts with any class member"). Ms. Wheatley-Diaz has provided discovery responses, which she will supplement as necessary, appeared for her deposition, and has no known conflicts with any class member. The employment records from VanRein, and her reasons for choosing to serve as class representative, have no relation to her adequacy to do so.

Defendant also falsely contends that Plaintiffs' counsel instructed Ms. Wheatley-Diaz not to answer Defendant's questions on the topic. This is not true. Plaintiffs' counsel did not instruct Ms. Wheatley-Diaz not to answer, she instead cautioned Ms. Wheatley-Diaz not to divulge information protected by attorney-client or attorney work product privilege. Ex. 1 at 70, 72. In any event, Ms. Wheatley-Diaz's entire employment file from VanRein would provide zero insight into the fact that Ms. Wheatley-Diaz did not – and could not – give testimony on

privileged issues.

### III. Defendant's Subpoenas Will Harm Plaintiffs' Employment and Are Harassing.

Serving subpoenas on current or former employers causes intimidation, embarrassment, or other harm, including interference with employment relationships, which provides yet another basis for quashing. *See, e.g.*, *Henry*, 2016 WL 303114, at *2 (granting motion to quash subpoenas to former employers and finding that they were not proportional to the needs of the case given the prejudicial harm to the plaintiff); *Guercia v. Equinox Holdings, Inc.*, No. 11 Civ. 6775, 2013 WL 2156496, at *4 (S.D.N.Y. May 20, 2013) (quashing subpoenas because they created an "undue burden on [plaintiff] by souring her reputation in what she describes as an insular business community"); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) ("[B]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."); *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791, 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (quashing subpoenas on job search firm for fear that subpoena "would subject plaintiff to unnecessary annoyance and embarrassment" and "might cause a search firm with a good 'lead' to offer it to another client").

Here, Defendant's subpoenas unnecessarily risk harming Ms. Wheatley-Diaz's reputation and economic well-being, particularly the subpoena on her current employer seeking employment records irrelevant to the lawsuit. *Gambale*, 2003 WL 115221, at *1. Further, with respect to the Genex subpoena, Defendant's refusal to meet and confer over the relevance of the subpoenaed information before serving the subpoenas illustrates that this was the intended effect. See *Henry*, 2016 WL 303114, at *1-2 (finding defendant violated Rule 45's notice requirement by serving subpoenas the same day it provided notice to plaintiff, which prejudiced plaintiff). To be clear, there is no urgency: more than two months remain in the discovery period. Defendant nonetheless went forward with its unnecessary subpoena without engaging with Plaintiffs.

\*   \*   \*

For these reasons, Plaintiffs respectfully request that the Court quash in Defendant's subpoena serve on Genex Services, LLC and limit the subpoena to documents that reflect the hours Ms. Wheatley-Diaz worked for Genex during the weeks she also worked for the Bloomberg Campaign. Plaintiffs further request that the Court grant Plaintiffs' motion for protective order regarding the VanRein Complaint subpoena. In the alternative, Plaintiffs request that the Court stay the subpoena process until a hearing can be held on this matter.

Respectfully submitted,

Justin M. Swartz

cc:   All Counsel of Record (via ECF)