# Exhibit 2

| | |
|---|---|
| **From:** | Cole-Chu, Hannah |
| **To:** | Bloom, Elise M. |
| **Cc:** | Batten, Mark W.; Baddish, Noa; Philion, Rachel S.; Bloomberg Plaintiffs Attorneys |
| **Subject:** | RE: Wood et al. v. MB2020 |
| **Date:** | Friday, November 18, 2022 5:34:11 PM |
| **Attachments:** | image001.png  image002.png  image003.png  image004.png  image511841.png  image952434.png  image922305.png  image738309.png |

Elise,

We asked you to confer with us before serving either subpoena and indicated our opposition to both. You responded that you would not only not serve the subpoenas but that if you did so you would give us advanced notice so we could move for protection. I wrote you four times between 11/16 and 11/17 indicating our interest in avoiding a dispute and our willingness to confer, and offering you several times to talk including over this weekend. I do not understand how you got the impression that we did not have an issue with you serving a subpoena on Genex and, needless to say, are surprised that you went ahead and did so.

We ask that you withdraw and re-serve the subpoena limited to the scope that we indicated we wouldn't contest in my email last night: documents reflecting the hours that Ms. Wheatley-Diaz worked during the weeks she worked for the Bloomberg Campaign. If you agree to do this, we will not seek relief from the Court as to this subpoena. If you do not, we will move to quash. Please advise. Please also let us know to whom you directed service of the subpoena so we can let Genex know that we plan to move to quash.

As for the subpoena you plan to serve on VanRein, we do not see any basis for it so Ms. Wheatley-Diaz will not be signing an authorization and we plan to move for protection. We expect that you will not serve the subpoena while the motion is under consideration.

To see if we are able to reach agreement and avoid involving the Court, please let us know if you are free to confer on Monday between 10am and 12pm, and between 1pm and 2pm. If none of these times work, please propose some times that work for you.

Thank you,

Hannah



**Hannah Cole-Chu | Associate**

Pronouns: she/her/hers

1225 New York Avenue, NW Suite 1200B | Washington, DC 20005

Main: 202-847-4400  Fax: 646-509-2006

Direct: 202-847-4424

Email: HColeChu@outtengolden.com

We have moved. Please note our new address



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*Please consider the environment before printing this e-mail.*

---

**From:** Bloom, Elise M. <ebloom@proskauer.com>
**Sent:** Friday, November 18, 2022 9:35 AM
**To:** Cole-Chu, Hannah <HColeChu@outtengolden.com>
**Cc:** Batten, Mark W. <mbatten@proskauer.com>; Baddish, Noa <nbaddish@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>
**Subject:** [EXTERNAL] Wood et al. v. MB2020

Hannah,

I am writing to respond to your email sent on the evening of November 17, 2022.

With regard to the subpoena on Ms. Wheatley-Diaz's former employer GenEx, I was clear in my email that we intended to proceed with service of the subpoena on GenEx.

We offered to delay service of the subpoena on Ms. Wheatley-Diaz's current employer as a courtesy to you and in response to the concern you expressed based on Ms. Wheatley-Diaz's continued employment with that Company.  At the time we agreed to delay service of that subpoena, and notwithstanding our belief that the subpoena was completely appropriate, I anticipated, incorrectly, that we would meet and confer quickly and see if we could resolve the issue. I also provided a proposal for resolution.  We made ourselves available on November 16 and 17 to confer with you on any subpoena-related issues but you did not respond to our emails requesting a call and did not make yourself available to meet and confer.  As a result, we were under the impression that you did not have an issue with us serving the subpoena on GenEx, and that subpoena was already served.

With respect to Ms. Wheatley-Diaz's current employer, we continue to believe that subpoena is appropriate. Ms. Wheatley-Diaz testified that her current job was the reason she withdrew as a class representative.  At your instruction, she refused to provide any further answers to our questions about her decision to withdraw based on an assertion of privilege. As I stated previously, that left us no option but to seek that information from a third party. The documents regarding her current employment are the only evidence we can obtain regarding her decision to withdraw as a class representative, and they are a proper basis for third-party discovery.  It is not appropriate for Ms. Wheatley-Diaz to cloak her decisions regarding whether or not she can serve as a class representative in privilege and then also obstruct our ability to obtain non-privileged documents

that, according to her testimony, would provide information regarding her proposed role as a class representative.  It is difficult for us to propose limits on the subpoena because we do not know (and Ms. Wheatley-Diaz refused to tell us) what about her job made her withdraw as a class representative.

That being said, we remain willing to agree to have Ms. Wheatley-Diaz execute an authorization for her employment records so that the subpoena does not appear adversarial in nature.  You did not respond to that suggestion in my prior email. Please let us know your position on that.  We intend to serve this subpoena on November 28 but are happy to meet and confer with you in advance of that date to try to reach a resolution. If she will provide an authorization, that authorization will need to be supplied before the 28th.

As to Ms. Wheatley-Diaz's supplemental responses, we understand that you will be supplementing Ms. Wheatley-Diaz's discovery responses in her capacity as a proposed class representative by November 28 and we look forward to receiving those responses.

Ms. Wheatley-Diaz plays a critical role in this litigation. We have been more than patient  in trying to get her deposition scheduled and obtaining discovery responses from her, which to date, are still not complete. There was absolutely no reason why you could not speak even for a few minutes after yesterday's deposition after having basically ignored all of my attempts to meet and confer with you. We just cannot delay any longer with regard to this plaintiff.

I hope that we can resolve the issue regarding the remaining subpoena without the necessity of involving the Court.

Elise


**Elise M. Bloom**
Member of the Firm

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3410
f  212.969.2900
ebloom@proskauer.com


greenspaces
Please consider the environment before printing this email

---

**From:** Cole-Chu, Hannah <HColeChu@outtengolden.com>

**Sent:** Thursday, November 17, 2022 6:48 PM
**To:** Bloom, Elise M. <ebloom@proskauer.com>
**Cc:** Baddish, Noa <nbaddish@proskauer.com>; Bloomberg Plaintiffs Attorneys <BloombergPlaintiffsAttorneys@outtengolden.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Martin, Allison L. <AMartin@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>; Reiter, Nicholas M. <NMReiter@venable.com>
**Subject:** RE: Wood et al. v. MB2020

*This email originated from outside the Firm.*

Elise,

We appreciate you holding off on serving these subpoenas until we have had an opportunity to confer. We have now further reviewed Defendant's subpoenas, the explanation you provided in your Tuesday email, and Ms. Diaz's testimony. Our position is that there is no basis for either subpoena, which are both harassing, duplicative of testimony already provided, and grossly overbroad. We will oppose and move for protection or to quash both if necessary in accordance with our position set out below.

With respect to Ms. Diaz's former employer, it is not correct that employment information is "clearly relevant" merely because Ms. Diaz worked simultaneously for two employers. In your September 21, 2022 letter, you indicated that the information Defendant requested about the hours worked at other employers was "probative of the amount of time they spent working for the Campaign during the same, overlapping period." We disagree, but in any event, Defendant already asked Ms. Diaz about the hours worked at Genex – and for the Campaign – in her deposition, and she provided that information. See Diaz Tr. at 151:2-13 (about 30-35 hours a week in January), 155:2-10 (same in February), 156:5-9 (same in March). Because the information sought by Defendant has already been provided, there is no basis to seek this information from a third party. Defendant has not even attempted to justify the wide-ranging requests about all aspects of Ms. Diaz's employment contained in the subpoena, including her employment application, "any documents concerning any position . . . held," her job offer, job description, financial compensation, tax documents, "any documents concerning . . . work performance," discipline, and other information contained in her personnel file. These requests are intrusive, overbroad, disproportionate to the needs of the case, and have no conceivable relevance to the claims or defenses in the case.

In an effort to compromise, however, we would not oppose a subpoena served on Genex limited to documents reflecting the hours that Ms. Wheatley-Diaz worked during the weeks she worked for the Bloomberg Campaign.

With respect to Ms. Diaz's current employer, you've stated only that you are seeking information about Ms. Diaz's personal decision to participate in this litigation as a proposed class representative. Ms. Diaz already provided that testimony. See Diaz Tr. at 72:16-76:15, 78:18-81:21, 85:13-86:9. We disagree that what motivated a plaintiff's decision to serve as a proposed class representative is a proper basis for a third party subpoena, and you have not offered any explanation for how documents in the possession of Ms. Diaz's current employer – ranging from job applications, employment agreements, "any documents concerning any position . . . held," financial

compensation, tax forms, "any documents concerning . . . work performance," discipline, and any other information contained in her personnel file – could even be relevant to that decision. These documents further have no relevance to any claims or defenses in the case. Defendant had sufficient opportunity to ask about what motivated Ms. Diaz's decisions, and she responded to those questions during her deposition. I did not instruct her not to answer, I instructed her not to disclose privileged communications.

If Defendant plans to proceed with the subpoenas, we are available for a call tomorrow, over the weekend, or on Monday to confer further prior to moving for protection or to quash. We are also evaluating Ms. Diaz's prior discovery responses and the need for any supplementation. We will agree to your request and will endeavor to provide supplemental responses by November 28.

Thank you,

Hannah



**Hannah Cole-Chu | Associate**
Pronouns: she/her/hers
1225 New York Avenue, NW Suite 1200B | Washington, DC 20005
Main: 202-847-4400  Fax: 646-509-2006
Direct: 202-847-4424
Email: HColeChu@outtengolden.com

We have moved. Please note our new address



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

---

**From:** Bloom, Elise M. <ebloom@proskauer.com>
**Sent:** Tuesday, November 15, 2022 7:30 PM
**To:** Cole-Chu, Hannah <HColeChu@outtengolden.com>
**Cc:** Baddish, Noa <nbaddish@proskauer.com>; Bloomberg Plaintiffs Attorneys <BloombergPlaintiffsAttorneys@outtengolden.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Martin, Allison L. <AMartin@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>; Reiter, Nicholas M. <NMReiter@venable.com>
**Subject:** [EXTERNAL] Re: Wood et al. v. MB2020

 Counsel,

Thank you for your email and for following up. First, we have asked the process server not to serve the subpoenas at this time. Second, I wanted to respond to the specific points in your email.

With regard to Ms. Wheatley-Diaz's discovery responses, as stated on the record during her deposition, her discovery responses were limited to her role as an opt-in and she had expressly refused to provide responses to many of the discovery requests on the basis that she was just participating in this case as an opt-in. We would have expected that when her status changed, she would have immediately supplemented those responses. Unfortunately, that did not happen. We also had hoped to take her deposition early on in the process to provide us with sufficient time for any follow up discovery given her increased and significant role in this case. That was not possible given her other commitments so our first opportunity was on November 11, 2022.

Accordingly, we are requesting that she provide supplemental responses to the interrogatories and document requests by November 28th. We will also send you a deposition notice for a continued deposition. Given the difficulty in scheduling her deposition, we want to get a date on the calendar which we can always cancel if we determine it is not necessary to re-open the deposition once we have a chance to review the supplemental answers and any additional documents that she produces.

With regard to the subpoenas, the subpoena directed at Genex is very limited in scope. While we appreciate your statement that Ms. Wheatley-Diaz might be able to provide some or all of the information we are seeking, we are entitled to get the information directly from Genex. Ms. Wheatley-Diaz worked for Genex simultaneously with her employment by the Campaign so the information is clearly relevant. In addition, she is no longer employed by them and while we disagree that this would be a basis to forgo a subpoena, it is not an issue with regard to Genex. Accordingly, we are going to proceed with service of that subpoena so that we have sufficient time to obtain the records and then conduct a third party deposition should that be necessary.

As to her current employer, the reason for the subpoena was her testimony about why she changed her mind about her role in the litigation (which she testified was due to her getting this job) and the discrepancies in her later testimony on that issue. When we attempted to probe further, we were not able to obtain any answers because you claimed privilege and instructed her not to answer the questions.

To be clear, our intent is not to harass her. The subpoena was necessitated by the fact that she was directed not to answer certain questions under the cloak of privilege and therefore we have no choice but to seek the information from a third party, which in this case would have to be her employer. We are separately evaluating the instruction not to answer but for purposes of the subpoena and the current dispute, we are willing to entertain other alternatives such as Ms. Wheatley-Diaz providing us with an employment authorization so that the request for the information does not appear to be driven by an adversarial proceeding. I am happy to discuss this with you tomorrow to see if we can reach an agreement. Whatever we do, it has to be done quickly so that we have sufficient time for follow up if necessary. We are not serving the subpoena at this time but depending on whether we can find an acceptable solution, we are reserving our rights to do

so but will give you advanced notice so that you can move for a protective order should you deem that appropriate.

I am available tomorrow at 1:30 p.m to speak.  Please let me know if you are available at that time.

**Elise M. Bloom**
Member of the Firm

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com


greenspaces
Please consider the environment before printing this email

> On Nov 15, 2022, at 3:02 PM, Cole-Chu, Hannah <HColeChu@outtengolden.com> wrote:
>
> *This email originated from outside the Firm.*
>
> Counsel,
>
> Before serving these subpoenas we ask that you meet and confer with us. Regarding the subpoena to Genex, we would like to discuss what documents the Campaign is seeking because Ms. Wheatley-Diaz may be able to provide them. During Ms. Wheatley-Diaz's deposition on Friday, just two business days ago, Elise indicated that she would reach out to confer with us regarding these documents and supplemental discovery responses from Ms. Wheatley-Diaz. We remain available to do that, which will reduce time and attorneys' fees on this issue.
>
> Further, we do not see any legitimate need for any documents from Ms. Wheatley-Diaz's current employer, VanRein, and view service of the subpoena as harassment and retaliation. We would like to confer with you regarding your basis for serving the subpoena before you serve it and, potentially, a protective order. If the Campaign serves this subpoena prior to meeting and conferring, we will seek all available relief.
>
> Thank you,
>
> Hannah



**Hannah Cole-Chu | Associate**
Pronouns: she/her/hers
1225 New York Avenue, NW Suite 1200B | Washington, DC 20005
Main: 202-847-4400  Fax: 646-509-2006
Direct: 202-847-4424
Email: HColeChu@outtengolden.com

We have moved. Please note our new address



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*Please consider the environment before printing this e-mail.*

---

**From:** Baddish, Noa <nbaddish@proskauer.com>
**Sent:** Tuesday, November 15, 2022 12:58 PM
**To:** Bloomberg Plaintiffs Attorneys <BloombergPlaintiffsAttorneys@outtengolden.com>
**Cc:** Bloom, Elise M. <ebloom@proskauer.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Martin, Allison L. <AMartin@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>; Reiter, Nicholas M. <NMReiter@venable.com>
**Subject:** [EXTERNAL] Wood et al. v. MB2020

Counsel,

Please see the attached, which we plan to serve today.

Thank you,
Noa

**Noa Michelle Baddish**
Senior Counsel

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3630
f  212.969.2900
nbaddish@proskauer.com

greenspaces
Please consider the environment before printing this email

**********************************************************************
**********************************************************************
**********

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.

If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.

Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**********************************************************************
**********************************************************************
**********