# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
No. 1:20-cv-02489 (LTS)(GWG)

| | |
|---|---|
| DONNA WOOD, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>　　　　　　Defendant. | **NOTICE OF SUBPOENA** |

TO:　Hannah Cole-Chu
　　　OUTTEN & GOLDEN LLP
　　　1225 New York Avenue NW, Suite 1200B
　　　Washington, DC 20005

　　　*Attorney for Alexandra Wheatley-Diaz*

　　　PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant Mike Bloomberg 2020, Inc. will serve the subpoena attached hereto as Exhibit 1 on non-party VanRein Compliance.

Dated: November 15, 2022　　　　　　PROSKAUER ROSE LLP

　　　　　　　　　　　　　　　　　　By:　*/s/ Elise M. Bloom*
　　　　　　　　　　　　　　　　　　　　Elise M. Bloom
　　　　　　　　　　　　　　　　　　　　PROSKAUER ROSE LLP
　　　　　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　　　　　New York, NY 10036-8299
　　　　　　　　　　　　　　　　　　　　Phone: (212) 969-3630
　　　　　　　　　　　　　　　　　　　　Fax: (212) 969-2900
　　　　　　　　　　　　　　　　　　　　ebloom@proskauer.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Mike Bloomberg 2020, Inc.*

# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| DONNA WOOD, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-02489 (LTS)(GWG) |
| MIKE BLOOMBERG 2020, INC. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VanRein Compliance

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A

| Place: Proskauer Rose LLP<br>11 Times Square, New York, NY 10036<br>Attn: Noa M. Baddish, nbaddish@proskauer.com | Date and Time:<br>11/29/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/15/2022

*CLERK OF COURT*

OR

_____        /s/ Elise M. Bloom
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mike Bloomberg 2020, Inc. , who issues or requests this subpoena, are:

Elise M. Bloom, 11 Times Square, New York, NY 10036, ebloom@proskauer.com, (212) 969-3630

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02489 (LTS)(GWG)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**I.     DEFINITIONS**

1.     "Document" or "Documents" shall have the broadest meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however recorded, produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to correspondence, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, maps, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, databases, worksheets, computer records, computer logs, photographs, video recordings and records of oral or other sound communications; all electronic mail and information about electronic mail; all social media content (including posts, comments or messages on Facebook, Twitter, Pinterest, Instagram, LinkedIn, Reddit or any other social networking or social media site), blog posts or comments, website postings or entries and content stored in applications including on mobile and wearable computing devices; text messages; all databases (including all records and fields, tables, table keys and structural information in such databases); all program files and file fragments; and any other electronically stored information not otherwise specified.

2.     "Communication" or "Communications" means the transmission of information by any means, whether written, oral or nonverbal, as well as any Documents reflecting or recording the content of any oral, written or other communications in any form, and specifically includes e-mails, phone records, voice mails, voice messages, text messages, letters, handwritten notes, tweets, blogs, posts and telegrams.

    3.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

    4.    "You" or "your" means VanRein Compliance and its officers, directors, current and former employees, counsel, agents, independent contractors, consultants, representatives, and any other persons or entities acting on behalf of VanRein Compliance and its affiliates, parents, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors in interest, and any entity that VanRein Compliance owns or controls, in whole or part.

## II. INSTRUCTIONS

    1.    In producing documents, you are requested to furnish all documents known or available to you regardless of whether the documents are possessed directly by you, your agents, employees, representatives, or investigators; by your present or former attorneys or their agents, employees, representatives or investigators; or by any other legal entity or entities controlled or in any manner affiliated with you.

    2.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    3.    The use of the singular form of any word includes the plural and vice versa.

    4.    If any documents cannot be produced in full, produce them to the extent possible, specifying the reasons for the inability to produce the remainder.

    5.    If any document is claimed to subject to any privilege, provide the following information with respect to each such document:

        a.  Type of document (*e.g.*, email, letter, memoranda, etc.);

        b.  Name of the author or preparer;

      c. Name of recipient;

      d. Date of recording or preparation;

      e. Description of the subject matter and content of the document sufficient to identify it;

      f. The reason for the claim of privilege; and

      g. The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication.

6. If any document is produced in redacted form, that portion of the document which is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the document in redacted form.

## III. DOCUMENTS TO BE PRODUCED

1. Any employment application, application to perform services as an independent contractor, and/or resume completed or submitted by Alexandra Wheatley-Diaz ("Ms. Wheatley-Diaz");

2. Any contracts or agreements between you and Ms. Wheatley-Diaz;

3. Any documents concerning any position offered to Ms. Wheatley-Diaz or held by Ms. Wheatley-Diaz during the time period beginning in April 2021 through September 2022, including but not limited to offer letters, job descriptions or any other written description of the duties and job responsibilities associated with the position;

4. Any documents concerning any offer to Ms. Wheatley-Diaz to perform services as an independent contractor or any services performed by Ms. Wheatley-Diaz as an independent contractor during the time period beginning in April 2021 through September 2022, including but not limited to offer letters, job descriptions or any

other written description of the duties and job responsibilities associated with Ms. Wheatley-Diaz's services as an independent contractor;

5. Any documents describing any financial compensation offered or paid to Ms. Wheatley-Diaz by you during the time period beginning in April 2021 through September 2022, including but not limited to documents concerning Ms. Wheatley-Diaz's salary or hourly rate, benefits, commissions or bonuses, wage and payroll records, as well as any other forms of payment, including Forms W-2 and/or 1099;

6. Any and all documents which demonstrate the hours Ms. Wheatley-Diaz worked on your behalf during the time period beginning in April 2021 through September 2022, including any time sheets, pay stubs and/or other payroll records;

7. Any documents concerning Ms. Wheatley-Diaz's work performance during the time period beginning in April 2021 through September 2022, including any documents concerning any promotions, demotions or reassignments;

8. Any documents concerning any discipline of Ms. Wheatley-Diaz during the time period beginning in April 2021 through September 2022, including but not limited to formal and informal warnings, suspensions and/or terminations; and

9. Ms. Wheatley-Diaz's personnel file.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2022, I served via email a copy of the foregoing Notice of Subpoena to the following counsel of record for Ms. Wheatley-Diaz:

Hannah Cole-Chu
hcolechu@outtengolden.com
Outten & Golden LLP
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005

*Attorney for Ms. Wheatley-Diaz*

By:   */s/ Elise M. Bloom*
Elise M. Bloom
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3630
Fax: (212) 969-2900
ebloom@proskauer.com

*Attorney for Defendant Mike Bloomberg 2020, Inc.*