

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

November 29, 2022

**VIA ECF**

Hon. Gabriel W. Gorenstein
U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 6B
New York, New York 10007-1312

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

> Re:   *Wood et al. v. Mike Bloomberg 2020, Inc.* (20 Civ. 2489) (LTS) (GWG)

Dear Judge Gorenstein:

We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign" or "Defendant") in the above-referenced matter. We write in opposition to Plaintiffs' anticipated motion to quash and/or for a protective order to the Campaign's subpoenas to proposed class and PAGA representative Alexandra Wheatley-Diaz's (i) former employer, Genex Services, LLC ("Genex"), for whom she worked remotely simultaneously with working for the Campaign; and (ii) current employer, VanRein Compliance ("VanRein"), which she identified as a potential reason for her decision to withdraw as a PAGA and class representative earlier in the litigation. Plaintiffs' requests should be denied because the subpoenas seek information that is critical to Wheatley-Diaz's class and individual overtime and other wage-and-hour claims, the Campaign's defenses to those claims, and to her credibility and ability to serve as a proposed class and PAGA representative. The Campaign has requested this information in written discovery and deposition testimony from Wheatley-Diaz but she has refused to provide it. Additionally, Wheatley-Diaz is a critical Plaintiff in this case due to her role as a class and PAGA representative.

I.   **Background**

    a.   **Wheatley-Diaz Refuses to Respond to Discovery and Withdraws as a Class and PAGA Representative in October 2020.**

In March 2020, Wheatley-Diaz joined this case as the sole proposed PAGA and California class representative. *See* Dkt. 29 ¶¶ 34, 49-50.[1] On August 14, 2020, the Campaign served written discovery requests on Wheatley-Diaz, which asked her to, among other things, (i) identify her other employers (Interrogatory No. 15); and (ii) produce documents concerning her employment at an "insurance firm," later determined to be Genex (RFP No. 31). (*See* **Exhibits A** and **B**.) On September 1, 2020, the parties entered into a stipulation confirming that the proposed representative Plaintiffs, including Wheatley-Diaz, would respond to the Campaign's written discovery requests by October 5, 2020. (*See* **Exhibit C**.)

Two weeks after the deadline, on October 19, 2020, Plaintiffs' counsel informed the Campaign that Wheatley-Diaz would be withdrawing as the PAGA and California class representative and that they wished to substitute another Plaintiff in her place (Robin Ceppos).

---

[1] Wheatley-Diaz worked for the Campaign between January and March 2020. Dkt. 296 ¶ 101.

**Proskauer»**

Hon. Gabriel W. Gorenstein
November 29, 2022
Page 2

(*See* **Exhibit D**.)  Wheatley-Diaz did not respond to the Campaign's discovery, and her counsel did not provide any explanation for Wheatley-Diaz's withdrawal.

It was not until February 5, 2021 that Wheatley-Diaz served her written objections and responses to the Campaign's discovery requests, and in those responses, she refused to respond to several requests on the grounds that she was only an opt-in Plaintiff and not a class or PAGA representative. Wheatley-Diaz did not provide any information about the other jobs she held during or after her employment with the Campaign as the Campaign requested.  (**Exhibits E** and **F**.)

### b.  Wheatley-Diaz Suddenly Rejoins the Litigation as a Representative of the PAGA and California Classes in September 2022.

More than eighteen months later, on September 8, 2022 – the eve of oral argument on Plaintiffs' motion for leave to file a third amended complaint ("TAC")[2] –, Plaintiffs notified the Campaign via email that Wheatley-Diaz planned to rejoin the case as a proposed PAGA representative. (*See* **Exhibit G**).  On September 13, 2022, Plaintiffs provided the Campaign with a proposed TAC with Wheatley-Diaz as a proposed PAGA and California class representative.[3] Nonetheless she did not supplement her discovery responses in that capacity nor did she produce any documents or information concerning her other employers in advance of her deposition.[4]

### c.  Wheatley-Diaz's Cryptic and Inconsistent Deposition Testimony.

#### i.  Wheatley-Diaz's Testimony Concerning Her Employment with Genex

During Wheatley-Diaz's deposition, she testified that she worked remotely for Genex as an insurance scheduler at the same time that she worked for the Campaign.  (**Exhibit H** at 31:24-32:5, 33:9-13, 34:9-24.)  Her testimony regarding her job responsibilities for Genex, the hours she worked for Genex, her compensation from Genex and whether she performed work for Genex at the same time she worked for the Campaign was cryptic and inconsistent. For example, Wheatley-Diaz testified that she performed work for Genex remotely at the Campaign's offices and that her

---

[2] On May 31, 2022, Plaintiffs filed a motion for leave to file a third amended complaint ("TAC") that did not identify Wheatley-Diaz as a class representative. It was not until after the Campaign raised timeliness issues regarding the claims of Ceppos and Nicholas Coker (the two new proposed PAGA and California representatives) in its opposition to that motion that Wheatley-Diaz resurfaced as a proposed representative.

[3] The Court granted in part, and denied in part, Plaintiffs' motion for leave to file the TAC.  The Campaign then moved to partially dismiss the TAC on the grounds that Wheatley-Diaz and the other two proposed PAGA class representatives do not have timely claims.  That motion was fully briefed as of October 25.

[4] On September 21 and October 6, 2022, the Campaign wrote to Plaintiffs regarding, among other things, their failure to produce documents concerning their employment at other entities during their employment with the Campaign.  Plaintiffs objected to producing any such documents besides documents "indicating hours worked at such employers" to the extent they exist and represented that those documents would be produced "no later than a week prior to their depositions."  Wheatley-Diaz recently supplemented her discovery responses on November 28, by removing all references to "opt-in," interposing additional objections and identifying Genex and VanRein but otherwise provided no additional information.  (*See* **Exhibits I** and **J**; *See also* **Exhibits K** and **L**, which are redlines comparing her original and supplemental responses).

**Proskauer»**

Hon. Gabriel W. Gorenstein
November 29, 2022
Page 3

responsibilities for Genex included being available to field calls. (*Id*. at 191:11-195:3.)  She testified that she was "available to take calls [for Genex] all day" and that she was paid by Genex for being available.  (*Id*. at 194:7-8, 195:9-12.)  As a result, Wheatley-Diaz potentially was being paid by the Campaign for the time she was also being paid by Genex.  But Wheatley-Diaz could not confirm whether she was paid by Genex and the Campaign for the same hours worked.  (*Id*. at 196:21-197:2.)  Wheatley-Diaz was also unable to recall any other details regarding her compensation at Genex. (*See, e.g.*, *id*. at 237:12-25 (her hourly rate at Genex or if her compensation at Genex changed when she worked for the Campaign).)[5]  Although Wheatley-Diaz worked at Genex at the time she decided to join this lawsuit, she testified that she did not have documents concerning her employment at Genex, such as those reflecting the hours that she worked or her compensation.[6]  (*Id*. 41:5-21.)

        ii.   Wheatley-Diaz's Testimony Concerning Her Role as a Representative

Wheatley-Diaz's testimony regarding her decisions to withdraw as a class representative and later to rejoin as a class representative was similarly cryptic and inconsistent.  At first, she testified that she was "unable" to serve as a class representative but, after her attorney objected and instructed her not to disclose any privileged communications, she refused to provide any further explanation.  (*Id*. at 69:23-71:6.)  Then, she testified that she was unable to proceed as a class representative at some point in time because she began or was planning to begin a new job at VanRein in 2021.  (*Id*. at 72:3-73:19.)  When shown the October 19, 2020 letter from her attorneys indicating her decision to withdraw as a class representative at that time, Wheatley-Diaz testified that she could not recall what led to that decision.[7]  (*Id*. at 78:8-79:3.)  When asked whether it was her position at VanRein, Wheatley-Diaz testified that she was "going to have to pause on that" and asked if she had to respond to that question.  (*Id*. at 79:4-12.)  When told that she did, Wheatley-Diaz testified that she "just want[ed] to stick with that statement, that my attorneys and I discussed . . . whether or not I had the time to be the class representative at that time and it was decided that I . . . didn't have the time to give this."  (*Id*. at 79:13-81:8.)

Wheatley-Diaz testified that she changed her mind and decided that she was able to serve as a class representative in or around the spring of 2022 while she was working for VanRein but would not explain why she made that decision or the circumstances leading to it.  (*Id*. at 85:13-86:9.)  Wheatley-Diaz also testified that since beginning her employment at VanRein in May 2021, her job responsibilities have increased.  (*Id*. at 75:10-76:12.)

---

[5] She also testified that her position as an insurance scheduler was a full-time position and she worked a minimum of 40 hours per week, but also that she worked 30-35 hours per week for Genex while she worked for the Campaign.  (*Id*. at 31:24-32:18, 151:2-13.)  Wheatley-Diaz testified that, although she told her "immediate boss" about her job with the Campaign, she did not request any adjustment to her schedule or change in her job duties at Genex.  (*Id*. at 62:25-64:3.)  Also, although Wheatley-Diaz testified she worked approximately 65 hours per week for the Campaign, she did not "feel confident" in making a statement that she worked 100 hours per week in both of her jobs.  (*Id*. at 239:4-240:10.)
[6] She testified that she believed she provided the documents concerning her compensation from Genex to her attorneys at the beginning of the case.  (*Id*. at 41:15-25.)
[7] At the time of the October 19, 2020 letter, Wheatley-Diaz worked at Genex.  (*Id*. at 81:14-16.)

**Proskauer»**

Hon. Gabriel W. Gorenstein
November 29, 2022
Page 4

### d.  The Campaign Provides Notice of its Subpoenas to Plaintiffs' Counsel.

On November 15, 2022, the Campaign notified Plaintiffs' counsel that it planned to subpoena Genex and VanRein later that day.  Plaintiffs' counsel requested that counsel for the Campaign meet and confer with them prior to effectuating service because they claimed that service of the subpoena on her current employer would potentially harm Wheatley-Diaz.  Counsel for the Campaign responded that they would not serve the subpoenas that day but that they were going to proceed with service of the subpoena on her former employer, Genex, to ensure that the Campaign had sufficient time to obtain the records and conduct a third party deposition, if necessary.   Counsel for the Campaign told Plaintiffs' counsel that they would wait to serve Wheatley-Diaz's current employer so that the parties could meet and confer. Counsel for the Campaign told Plaintiffs' counsel that they were available to meet and confer the following day, November 16, at 1:30 p.m.  Plaintiffs' counsel did not respond to defense counsel's email. Consistent with its email to Plaintiffs' counsel, the Campaign served Genex on November 16.[8]

### II.    The Subpoenas Seek Critical Information Regarding Wheatley-Diaz's Overtime Claims and Her Proposed Role as a Representative Plaintiff.[9]

### a.  The Subpoena to Genex is Appropriate.

Because Wheatley-Diaz seeks to recover alleged overtime from the Campaign, and she held another job at Genex while she worked for the Campaign (and even performed her duties for Genex remotely at the Campaign's offices), the Campaign is entitled to her employment records from Genex, beyond just her time records.  *See Anglin v. Maxim Healthcare Svcs., Inc.*, 2009 WL 928305 (M.D. Fla. Apr. 3, 2009) (defendant was entitled to subpoena personnel file of plaintiff at her second job to determine the credibility of her claim that defendant denied her overtime pay); *See, e.g.*, *Singh v. Lintech Electric, Inc.*, 2021 WL 3914478 (sanctioning plaintiff asserting minimum wage and overtime claims where he failed to produce documents regarding another job he had while he worked for the defendant). Wheatley-Diaz's compensation from Genex is relevant because if Wheatley-Diaz was compensated by Genex for hours she seeks to be compensated from the Campaign, that could impact issues of both liability and damages for the Campaign — not to

---

[8] Defense counsel followed up again on November 16 at 4:39 p.m. to meet and confer regarding the subpoena on Wheatley-Diaz's current employer, and Plaintiffs' counsel finally responded and said that she was not available to provide their position or meet and confer until Friday.  The parties ultimately met and conferred on November 22.  To date, the Campaign has not served VanRein, in accordance with this Court's November 23, 2022 order.  (Dkt. 309.)

[9] None of the cases Plaintiffs cite support their position that the instant subpoenas should be quashed in an overtime class action where a proposed class representative held two jobs while she claimed to have worked overtime for the defendant.  *See, e.g.*, *Neogenix Oncology, Inc. v. Gordon*, 2017 WL 1207558, at *7–12 (E.D.N.Y. Mar. 31, 2017) (breach of fiduciary duty and legal malpractice claims); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (alleged violations of non-competition and non-solicitation agreements); *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (discrimination case where the defendant sought any and all documents referring or relating to the plaintiff); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-cv-6950 (S.D.N.Y. Aug. 28, 2019), ECF No. 828 (discrimination claims and information sought by subpoena was duplicative of discovery already provided).

**Proskauer»**

Hon. Gabriel W. Gorenstein
November 29, 2022
Page 5

mention her credibility and ability to serve as a class representative if she is claiming she should be paid by the Campaign for hours when she was also paid by Genex. Additionally, Wheatley-Diaz's personnel file and performance records are likely to have relevant information regarding her job duties and schedule, including but not limited to whether there were any changes to her responsibilities or her schedule in light of her job with the Campaign. Wheatley-Diaz's performance at Genex while she was at the Campaign is also relevant, particularly given that one of her responsibilities was to "be available." Relatedly, although Wheatley-Diaz claims that she told her immediate boss at Genex about her job with the Campaign, it would be relevant to know whether she complied with any policies and procedures at Genex regarding that disclosure and whether any agreements she had with Genex prevented her from having a second job.[10]

### b. The Subpoena to VanRein is Appropriate.

The subpoena for Wheatley-Diaz's employment records from VanRein is also appropriate. First, Wheatley-Diaz put this information at issue by testifying about the impact of her current work on her decision and ability to be a class representative in this matter. *See Roth v. Cnty. of Nassau*, 2017 WL 75753, at *4–6 (E.D.N.Y. Jan. 6, 2017) (allowing defendant to subpoena plaintiff's employer where he alleged that his current employment supported his discrimination claim). Additionally, it is axiomatic that "[a] named plaintiff must have some commitment to the case, so that the representative in a class action is not a fictive concept." *In re Priceline.com Inc.*, 236 F.R.D. 89, 100 (D. Conn. 2006). Wheatley-Diaz testified that she originally believed she was unable to continue as a class and PAGA representative because of her job but then changed her mind and said that she was able to do so notwithstanding that her responsibilities at VanRein have increased over time. Based on this testimony, the Campaign should be permitted to explore details related to Wheatley-Diaz's employment at VanRein. Finally, the reasons that Wheatley-Diaz withdrew and rejoined this case as a class representative go to her adequacy and credibility, and the Campaign is entitled to obtain information directly from VanRein in light of her cryptic testimony on this topic. *See Garcia De Leon v. New York Univ.*, 2022 WL 2237452, at *14–15 (S.D.N.Y. June 22, 2022) (courts "may consider the honesty and trustworthiness of the named plaintiff" in deciding whether to appoint a class representative).[11]

For the reasons set forth above, the Campaign respectfully requests that the Court deny Plaintiffs' requests to quash and/or for a protective order with respect to the subpoenas.

---

[10] The temporal scope of the subpoena from December 2019 through October 2020 is also appropriate. Records going back to December 2019 are relevant because Wheatley-Diaz alleged that she reduced her hours at Genex by "nearly half" when she joined the Campaign in January 2020. (Dkt. 86, ¶ 95.) Additionally, records through October 2020 are relevant because she first withdrew as a class and PAGA representative while she worked for Genex in October 2020 and testified that decision had to do with a job.

[11] The temporal scope of the VanRein subpoena is similarly appropriate because it covers the period when Wheatley-Diaz began working for VanRein through the time when she re-joined the case as a class and PAGA representative.

**Proskauer**»

Hon. Gabriel W. Gorenstein
November 29, 2022
Page 6
Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel (via ECF)