# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                    Defendant. | 20 Civ. 02489 (KMW) (GWG)<br><br>**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.3 and 33.3 of the Local Rules of the United States District Court for the Southern District of New York, Defendant Mike Bloomberg 2020, Inc., by its attorneys, Proskauer Rose LLP and Venable LLP, hereby requests that Plaintiff Alexandra Marie Wheatley-Diaz answer the following Interrogatories, separately and fully, in writing, under oath and within thirty (30) days of service.  Answers to these interrogatories shall be served at the offices of Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attention: Elise M. Bloom, Esq.[1]

## **DEFINITIONS**

1.      These Interrogatories expressly incorporate by reference and utilize the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rule").

2.      The term "Interrogatory" shall refer to each individual interrogatory below and the term "Interrogatories" shall refer to the interrogatories collectively.

---

[1] These Interrogatories are served in accordance with the schedule ordered on the record by the Court during the July 16, 2020 initial case management conference.  In promulgating these Interrogatories, Defendant does not waive, and expressly reserves, all of its rights and arguments, including but not limited to those related to Defendant's Motion to Dismiss or Strike (Dkt. 110) and Motion for a Limited Stay of Discovery (Dkt. 134).

3.      The term "Action" refers to the above-captioned action.

4.      The term "Complaint" refers to the Second Amended Complaint filed in this action on May 18, 2020.  To the extent further amended complaints are filed hereafter, and for purposes of Plaintiff's duty to supplement the responses to these Requests, the term "Complaint" generally refers to the most recently filed complaint in this action.

5.      The terms "Defendant" or the "Campaign" shall refer to Defendant Mike Bloomberg 2020, Inc. and its officers, employees, agents, attorneys, contractors, representatives and any other person who acted or purported to act on its behalf at any and all times relevant to the issues raised in this Action.

6.      The term "Plaintiff" shall refer to Plaintiff Alexandra Marie Wheatley-Diaz.

7.      The term "communication" shall mean the transmission of information by any means, whether written, oral or nonverbal, as well as any documents reflecting or recording the content of any oral, written or other communications in any form, and specifically includes e-mails, phone records, voice mails, voice messages, letters and/or handwritten notes.

8.      The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, containing, constituting, dealing with, defining, describing, embodying, explaining, setting forth, showing, or in any way pertaining to the subject matter of the relevant Interrogatory.

9.      The term "document" shall have the broadest meaning ascribed to it by FRCP 34, including, without limitation, any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however recorded, produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to correspondence, handwriting, records, transcripts, minutes, agreements, contracts, memoranda,

2

notes, statements, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, worksheets, computer records, computer logs, video recordings and records of oral or other sound communications; and all readily identifiable electronic mail and other electronically stored information than can be accessed without the use of negotiated search terms.

10.     The term "including" is used when examples are given for the purpose of edifying the meaning of an Interrogatory and is never meant to limit the Interrogatory's scope.

11.     The term "possession," when used in relation to the terms "document(s)" or "communication(s)" shall refer to documents in the possession, custody or control of Plaintiff or Plaintiff's agents or attorneys.

**INSTRUCTIONS**

1.     Pursuant to the FRCP, Plaintiff is required to provide verified answers to these Interrogatories that set forth any information within the scope of these Interrogatories as in the possession or as may be acquired by Plaintiff and Plaintiff's agents and attorneys.

2.     Plaintiff is required to answer separately and fully each Interrogatory.  Pursuant to Local Rule 26.2, the full text of the Interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

3.     In answering these Interrogatories, Plaintiff shall furnish all information known or available to Plaintiff regardless of whether this information is possessed: directly by Plaintiff; by Plaintiff's agents or representatives; by Plaintiff's present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled by or in any manner affiliated with Plaintiff.

3

4.      If any of these Interrogatories cannot be answered in full, Plaintiff must answer to the extent possible, specifying the reasons for Plaintiff's inability to answer the remainder and stating whatever information, knowledge or belief Plaintiff has concerning the unanswered portion.

5.      If, in answering any of these Interrogatories, Plaintiff claims any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be used as a basis for refusing to answer, but there shall be set forth as part of the answer the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

6.      If any of the information requested is claimed to be immune from discovery on the grounds of privilege, describe the basis of the privilege or exemption claimed and the information alleged to be privileged in detail sufficient to enable Defendant and the Court to decide if the privilege has been properly invoked in accordance with Local Rule 26.2.

7.      If Plaintiff provides documents in response to any Interrogatory, Plaintiff shall follow the Instructions in Defendant's First Requests for the Production of Documents to Plaintiff that pertain to document production, which are incorporated herein by reference.

8.      By requesting or identifying any information or documents herein, Defendant does not concede the relevance of the subject to which they refer.  These Interrogatories are made expressly subject to, and without waiving, or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information or documents requested or identified herein in any proceeding, including the trial of this action or any subsequent proceeding.

9.      These Interrogatories are continuing in nature.  If, at any time after service of the initial answers hereto and prior to the trial of this action, Plaintiff obtains additional information responsive to these Interrogatories, Plaintiff is required to supplement or amend Plaintiff's answers hereto in accordance with FRCP 26(e).  Such supplementary answers and documents should be served upon counsel for Defendant within twenty (20) days after Plaintiff knows, or should know, of them.

10.      Unless otherwise stated, all Interrogatories relate to the period from December 1, 2019 through the date of Plaintiff's response or supplemental response.[2]

---

[2] Defendant reserves its rights to promulgate additional Requests for Production in accordance with the Federal Rules of Civil Procedure, pending the outcome of Defendant's Motions.  *See* note 1.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person, including, without limitation, present or former employees, agents, contractors or representatives of Defendant with whom Plaintiff, or anyone on Plaintiff's behalf, has spoken or communicated with concerning the subject matter of this action or the allegations set forth in the Complaint.

**INTERROGATORY NO. 2:**

Identify all present or former employees, agents, contractors or representatives of Defendant with whom Plaintiff communicated *prior to* accepting an offer of employment with the Campaign.

**INTERROGATORY NO. 3:**

Identify all present or former employees, agents, contractors or representatives of Defendant who allegedly "promised" to "employ and/or provide [Plaintiff] with the opportunity to work on the primary and general elections to support the Democratic presidential nominee, pay [Plaintiff] wages, and provide healthcare and other benefits through November 2020," as alleged in, *inter alia*, paragraphs 3, 7 and 37 of the Complaint.

**INTERROGATORY NO. 4:**

Identify each person who witnessed any communication between the Campaign, on one hand, and Plaintiff, on the other hand, in which the Campaign allegedly "promised" to "employ and/or provide [Plaintiff] with the opportunity to work on the primary and general elections to support the Democratic presidential nominee, pay [Plaintiff] wages, and provide healthcare and other benefits through November 2020," as alleged in, *inter alia*, paragraphs 3, 7 and 37 of the Complaint.

**INTERROGATORY NO. 5:**

Identify all individuals with knowledge concerning the allegations in paragraph 22 of the Complaint, including the allegations that "the Campaign instructed interviewers to communicate [statements regarding employment through November 2020] to prospective employees."

**INTERROGATORY NO. 6:**

Identify all individuals with knowledge concerning the allegations in paragraph 28 of the Complaint, including the allegations that Plaintiff "took actions to [Plaintiff's] detriment, including resigning from [Plaintiff's] then-current employment, relocating, and/or forfeiting other opportunities to work for the Campaign."

**INTERROGATORY NO. 7:**

Identify each "opportunity" Plaintiff allegedly "forewent" in order to work on the Campaign, as alleged in paragraph 39 of the Complaint.

**INTERROGATORY NO. 8:**

Identify each and every document that evidences or reflects each "opportunity" identified in response to the prior Interrogatory.

**INTERROGATORY NO. 9:**

Identify all individuals with knowledge concerning the nature and extent of the duties, tasks, responsibilities, and/or training Plaintiff performed or participated in on behalf of the Campaign during Plaintiff's employment with the Campaign.

**INTERROGATORY NO. 10:**

Identify each person who Plaintiff contends supervised, directed or assigned Plaintiff duties, tasks, responsibilities, and/or training during Plaintiff's employment with the Campaign.

**INTERROGATORY NO. 11:**

Identify each person who has knowledge, information, or documents concerning the hours that Plaintiff allegedly worked during Plaintiff's employment with the Campaign.

**INTERROGATORY NO. 12:**

To the extent not already identified in response to Interrogatory Nos. 1 through 11, identify each person whom Plaintiff believes has knowledge of relevant facts relating to the allegations in the Complaint.

**INTERROGATORY NO. 13:**

Identify all of the personal, home, non-work email accounts, and/or social media accounts that Plaintiff has used or accessed from December 1, 2019 to the present.  For each and every e-mail account, please provide the e-mail address.  For each and every social media account, please provide the user name and/or handle used by Plaintiff.

**INTERROGATORY NO. 14:**

Identify all persons and/or business entities from whom Plaintiff has *sought* employment and/or a remunerative relationship at any time from the start of Plaintiff's employment with the Campaign to the present, including, but not limited to, any full-time employment, part-time employment, self-employment, services as an independent contractor or consultant, *per diem* work assignments, or any other activity intended to generate income.

**INTERROGATORY NO. 15:**

Identify all persons and/or business entities for whom Plaintiff has worked and/or provided services (other than the Campaign) at any time from the start of Plaintiff's employment with the Campaign to the present, including, but not limited to, any full-time employment, part-

8

time employment, self-employment, services as an independent contractor or consultant, *per diem* work assignments, or any other activity that generated income.

**INTERROGATORY NO. 16:**

Provide a detailed calculation of each category of damages claimed, including but not limited to: the amount claimed; the method of calculation and the components of such claim; the period of time covered by such claim; and identify any documents in Plaintiff's possession concerning or relating to the response to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify all documents or other tangible items that were consulted or relied upon in any manner in answering these Interrogatories.

**INTERROGATORY NO. 18:**

Identify all persons answering or supplying information used in answering these Interrogatories.

Dated: August 14, 2020
      New York, New York

                                  PROSKAUER ROSE LLP

                                  */s/ Elise M. Bloom*
                                  Elise M. Bloom
                                  Rachel S. Philion
                                  Pinchos N. Goldberg

                                  Eleven Times Square
                                  New York, New York 10036
                                  (T)  212.969.3000
                                  ebloom@proskauer.com
                                  rphilion@proskauer.com
                                  pgoldberg@proskauer.com

                                  PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA WOOD, et al., individually and on
behalf of all others similarly situated,

                Plaintiffs,

     v.

MIKE BLOOMBERG 2020, INC.,

                Defendant.

20 Civ. 2489 (KMW) (GWG)

**CERTIFICATE OF SERVICE**

     I, Elise M. Bloom, hereby certify that on August 14, 2020, I caused to be served a true and accurate copy of **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ** by e-mail on the following counsel for Plaintiffs:

| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Sally J. Abrahamson<br>Hannah Cole-Chu (admitted *pro hac vice*)<br>601 Massachusetts Avenue NW, Ste 200W<br>Washington D.C. 20001<br>Telephone: 202-847-4400<br>Fax: (646) 509-2060<br>sabrahamson@outtengolden.com<br>hcolechu@outtengolden.com | **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz<br>Michael C. Danna<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Fax: (646) 509-2060<br>jms@outtengolden.com<br>mdanna@outtengolden.com |
| **SHAVITZ LAW GROUP, P.A.**<br>Gregg I. Shavitz<br>Tamra Givens<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Telephone: (561) 447-8888<br>Fax: (561) 447-8831<br>gshavitz@shavitzlaw.com<br>tgivens@shavitzlaw.com | **SHAVITZ LAW GROUP, P.A.**<br>Michael J. Palitz<br>800 3rd Avenue, Suite 2800<br>New York, New York 10022<br>Telephone: (800) 616-4000<br>Fax: (561) 447-8831<br>mpalitz@shavitzlaw.com |

Dated: New York, New York
August 14, 2020

/s/  Elise M. Bloom
Elise M. Bloom
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Fax: (212) 969-2900