# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA WOOD, et al., individually and on
behalf of others similarly situated,

Plaintiffs,

v.

MIKE BLOOMBERG 2020, INC.,

Defendant.

20 Civ. 02489 (KMW) (GWG)

**DEFENDANT'S FIRST REQUEST
FOR THE PRODUCTION OF
DOCUMENTS TO PLAINTIFF
ALEXANDRA MARIE
WHEATLEY-DIAZ**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Defendant Mike Bloomberg 2020, Inc., by its attorneys, Proskauer Rose LLP and Venable LLP, hereby requests that Plaintiff Alexandra Marie Wheatley-Diaz produce for inspection and copying the documents and information designated herein at the offices of Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attention: Elise M. Bloom, Esq., within thirty (30) days of service of this request in the manner prescribed by the FRCP.[1]

## DEFINITIONS

1.      These Requests expressly incorporate by reference and utilize the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rule").

2.      The term "Request" shall refer to each individual request below and the term "Requests" shall refer to the requests collectively.

---

[1] These Requests are served in accordance with the schedule ordered on the record by the Court during the July 16, 2020 initial case management conference.  In promulgating these Requests, Defendant does not waive, and expressly reserves, all of its rights and arguments, including but not limited to those related to Defendant's Motion to Dismiss or Strike (Dkt. 110) and Motion for a Limited Stay of Discovery (Dkt. 134).

3.      The term "Action" refers to the above-captioned action.

4.      The term "Complaint" refers to the Second Amended Complaint filed in this Action on May 18, 2020.  To the extent further amended complaints are filed hereafter, and for purposes of Plaintiff's duty to supplement Plaintiff's responses to these Requests, the term "Complaint" generally refers to the most recently filed complaint in this action.

5.      The terms "Defendant" or the "Campaign" shall refer to Defendant Mike Bloomberg 2020, Inc. and its officers, employees, agents, attorneys, contractors, representatives and any other person who acted or purported to act on its behalf at any and all times relevant to the issues raised in this Action.

6.      The term "Plaintiff" shall refer to Plaintiff Alexandra Marie Wheatley-Diaz.

7.      The term "communication" shall mean the transmission of information by any means, whether written, oral or nonverbal, as well as any documents reflecting or recording the content of any oral, written or other communications in any form, and specifically includes e-mails, phone records, voice mails, voice messages, letters, and/or handwritten notes.

8.      The term "document" shall have the broadest meaning ascribed to it by FRCP 34, including, without limitation, any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however recorded, produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to correspondence, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, worksheets, computer records, computer logs, video recordings and records of oral or other sound communications; and all readily identifiable electronic mail and

other electronically stored information than can be accessed without the use of negotiated search terms.

9.      The term "including" is used when examples are given for the purpose of edifying the meaning of a Request and is never meant to limit the Request's scope.

10.     The term "possession," when used in relation to the terms "document(s)" or "communication(s)" shall refer to documents in the possession, custody or control of Plaintiff or Plaintiff's agents or attorneys.

11.     The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, containing, constituting, dealing with, defining, describing, embodying, explaining, setting forth, showing, or in any way pertaining to the subject matter of the relevant Request.

## **INSTRUCTIONS**

1.      In accordance with Rule 34(b) of the FRCP, all documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, and shall be organized and labeled to correspond to the appropriate Request herein.  If there are no documents responsive to any particular Request, Plaintiff shall so state in writing.  If the same document is responsive to more than one Request, all Requests to which it is responsive should be identified.

2.      The relevant timeframe covered by these Requests is December 1, 2019 to the present, unless otherwise stated.

3.      Any objections to these Requests must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of Plaintiff's response or the production of any documents.  If Plaintiff is withholding responsive information pursuant to any general or specific objection, Plaintiff must so expressly indicate.

4.      In producing documents, Plaintiff is requested to furnish all documents known or available to Plaintiff regardless of whether the documents are possessed directly by Plaintiff, Plaintiff's agents or representatives; by Plaintiff's present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled by or in any manner affiliated with Plaintiff.

5.      If any document requested to be produced was, but is no longer in Plaintiff's possession or control or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

6.      If any document cannot be produced in full, produce the document to the extent possible, specifying the reasons for the inability to produce the remainder.

7.      If any document is produced in redacted form, the portion of the document which is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the document in redacted form.

8.      If, in answering any of these Requests, Plaintiff claims any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be used as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

9.      These Requests are continuing in nature.  If, at any time after the service of the initial responses and/or documents hereto and prior to the trial of this Action, Plaintiff obtains additional information and/or documents responsive to these Requests, Plaintiff is required

4

promptly to supplement or amend Plaintiff's responses and/or documents provided hereto in accordance with Rule 26(e) of the FRCP.

10.     Pursuant to Local Rule 26.2, Plaintiff's responses shall set forth each Request in full before each response or objection.

11.     If any of the information requested is claimed to be immune from discovery on the grounds of privilege or other immunity, Plaintiff shall describe the basis of the privilege claimed and describe the information alleged to be privileged in detail sufficient to enable Defendant and the Court to decide if the privilege has been properly invoked in accordance with Local Rule 26.2.

12.     By requesting or identifying any information or documents herein, Defendant does not concede the relevance of the subject to which it refers.  These Requests are made expressly subject to, and without waiving, or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information or documents requested or identified herein in any proceeding, including the trial of this action or any subsequent proceeding.[2]

---

[2] Defendant reserves its rights to promulgate additional Requests for Production in accordance with the Federal Rules of Civil Procedure, pending the outcome of Defendant's Motions.  *See* note 1.

## REQUESTS

### REQUEST NO. 1:

All documents concerning any litigation, action, charge or administrative or governmental or bankruptcy proceeding to which Plaintiff has been a party, other than the instant lawsuit, including, but not limited to: documents which reflect the index, docket, complaint, charge or other identification number of such matter; documents which reflect the name, address and telephone number of the court, agency or other forum in which each such matter was commenced; documents which reflect the date(s) upon which each matter was commenced; documents which reflect the claims advanced in each matter; and documents which reflect the outcome or resolution of each matter or its present status.

### REQUEST NO. 2:

All documents concerning Plaintiff's skills, educational background, professional qualifications, and/or practical experience, including but not limited to vocational, college and graduate school transcripts, resumes, letters of reference, applications for employment, awards, biographies, LinkedIn profiles, and/or correspondence concerning any practical experience Plaintiff possesses.

### REQUEST NO. 3:

All emails from Plaintiff's personal, home, non-work, or work email accounts that were sent or received by Plaintiff concerning the allegations in the Complaint and/or that otherwise support Plaintiff's claims, or Defendant's defenses, in this Action.

### REQUEST NO. 4:

All documents, correspondence, statements (written or recorded), or affidavits provided by or on behalf of Plaintiff, or received by or on behalf of Plaintiff, from any present or former

employee of the Campaign, relating in any manner to Defendant and/or any claim or allegation in the Complaint.

**REQUEST NO. 5:**

All documents (including but not limited to audio or video recordings, and/or voicemails) concerning or reflecting conversations between or among Plaintiff, on one hand, and the Campaign's current or former employees, contractors, consultants, or representatives, on the other hand, concerning any claim or allegation in the Complaint.

**REQUEST NO. 6:**

All written or audio-recorded statements or videos rendered by persons whom Plaintiff claims have knowledge concerning any of the facts alleged in or encompassed by the Complaint and/or the claims Plaintiff is making in this lawsuit, including by persons that Plaintiff may call as a witness in any trial of this matter.

**REQUEST NO. 7:**

All documents and communications concerning Plaintiff's application(s) for employment with the Campaign, including but not limited to job postings, job descriptions, resumes, letters of reference, and any other documents submitted by Plaintiff to the Campaign.

**REQUEST NO. 8:**

All documents that Plaintiff sent to, or received from, the Campaign prior to the commencement of Plaintiff's employment with the Campaign, including but not limited to documents concerning the interviewing, hiring and/or onboarding processes.

**REQUEST NO. 9:**

All communications between Plaintiff, on one hand, and the Campaign, on the other hand, prior to the commencement of Plaintiff's employment with the Campaign, including but not limited to communications concerning Plaintiff's interview(s) for employment with the

Campaign, Plaintiff's offer of employment with the Campaign, and/or Plaintiff's onboarding with the Campaign.

**REQUEST NO. 10:**

All documents and communications concerning the terms and conditions of Plaintiff's relationship with the Campaign, including but not limited to employment agreements, offer letters, job titles, job or position descriptions, pay records, reimbursements, expenses, benefits, compensation agreements, handbooks, manuals, policies, rules, guidelines, policy acknowledgments, training materials, presentation materials, letters, memoranda, notes or documents of any nature concerning Plaintiff's relationship with the Campaign.

**REQUEST NO. 11:**

All documents Plaintiff received, or obtained from, or sent to, the Campaign, at any time during Plaintiff's employment with the Campaign, relating to any of the allegations in the Complaint.

**REQUEST NO. 12:**

All documents reflecting any compensation or benefits Plaintiff received from the Campaign, including, but not limited to, wage notices, wage statements, payroll records, expense reimbursement forms or acknowledgments, and tax forms.

**REQUEST NO. 13:**

All documents and communications concerning the nature and extent of the duties, tasks, responsibilities, and/or training Plaintiff performed or participated in on behalf of the Campaign during Plaintiff's employment with the Campaign.  This Request includes but is not limited to documents and communications concerning Plaintiff's duties as alleged in paragraphs 59 and 221, and 224 of the Complaint.

**REQUEST NO. 14:**

All documents concerning or reflecting the hours Plaintiff worked while employed by the Campaign, including Plaintiff's allegation in paragraph 62 of the Complaint that Plaintiff "regularly worked in excess of 40 hours per week."

**REQUEST NO. 15:**

All documents concerning Plaintiff's allegations in paragraphs 3, 7, 48, and/or 50 of the Complaint, including but not limited to documents concerning Plaintiff's allegations that "the Campaign repeatedly promised prospective employees orally and in writing that their employment opportunities were guaranteed through November 2020."

**REQUEST NO. 16:**

A copy of the "writing[s]" referenced in paragraph 7 of the Complaint.

**REQUEST NO. 17:**

All documents concerning Plaintiff's allegations that "the Campaign knew the promises to be false and had the undisclosed intent of not performing the promises at the time the promises were made," as alleged in paragraph 8 of the Complaint

**REQUEST NO. 18:**

All "statements," "public statements and media interviews," as referenced in paragraph 12 of the Complaint.

**REQUEST NO. 19:**

All documents concerning Plaintiff's allegations in paragraph 17 of the Complaint, including but not limited to a copy of the email referenced in paragraph 17 of the Complaint.

**REQUEST NO. 20:**

All documents concerning Plaintiff's allegations in paragraphs 19 and 50 of the Complaint, including but not limited to documents concerning Plaintiff's allegation that "the

9

Campaign directed in writing that its regional managerial employees and other agents make [promises regarding employment through November 2020] while interviewing and recruiting prospective employees as well as after hire during onboarding."

**REQUEST NO. 21:**

All documents concerning Plaintiff's allegations in paragraph 20 of the Complaint that the Campaign's "interview notes template included the following: Employment through November 2020 with Team Bloomberg (not guaranteed location you are at now)," including but not limited to copies of any alleged "template[s]" in Plaintiff's possession.

**REQUEST NO. 22:**

All documents concerning Plaintiff's allegations in paragraph 24 of the Complaint, including but not limited to documents concerning any alleged "false statements" purportedly made by "Director-level individuals."

**REQUEST NO. 23:**

All documents concerning Plaintiff's allegations in paragraph 25 of the Complaint, including but not limited to Plaintiff's allegation that Plaintiff "reasonably relied on the promised opportunity to work on the primary and general election campaigns."

**REQUEST NO. 24:**

All documents concerning any staffer "lured" from "the campaigns of Mr. Bloomberg's competitors in the primary election," as alleged in Paragraph 30 of the Complaint.

**REQUEST NO. 25:**

All documents concerning Plaintiff's allegations in paragraphs 31 through 33 of the Complaint, including but not limited to Plaintiff's allegations that Plaintiff was "provided little to no time to begin working on the campaign after hire" and was "pressured to act very quickly."

**REQUEST NO. 26:**

All documents concerning Plaintiff's allegations in paragraph 34 of the Complaint that "many Plaintiffs had already begun working, including receiving work related emails, prior to their official 'start date.'"

**REQUEST NO. 27:**

All documents concerning Plaintiff's allegations in paragraph 35 of the Complaint that "[o]nce employed, the Campaign made additional false promises to Plaintiffs, other FOs, and other Field Employees that the Campaign would provide employment and the opportunity to work on both the primary and general election presidential campaigns, pay, and health insurance, and other benefits through November 2020."

**REQUEST NO. 28:**

All documents concerning Plaintiff's allegations in paragraph 40 of the Complaint that the "Campaign even encouraged Plaintiffs, FOs, and other Field Employees to incorporate the employment promise in their talking points to prospective employees."

**REQUEST NO. 29:**

All documents concerning Plaintiff's allegations in paragraph 51 of the Complaint, including but not limited to documents concerning Plaintiff's allegation that the Campaign made alleged "false statements… to induce [Plaintiff] to accept [a] position[] on the Campaign and continue to work on the Campaign."

**REQUEST NO. 30:**

All documents concerning Plaintiff's allegations in paragraphs 38, 39 and 53 of the Complaint, including but not limited to documents concerning any "opportunities" that Plaintiff allegedly "forwent pursuing" to work for the Campaign.

**REQUEST NO. 31:**

All documents concerning the allegations in paragraph 95 of the Complaint, including but not limited to documents concerning the terms and conditions of Plaintiff's employment at "an insurance firm."  This Request also includes but is not limited to documents concerning any reduction in Plaintiff's hours and/or Plaintiff's separation from employment with the "insurance firm," as well as employment agreements, offer letters, contracts, pay records, employee benefits, compensation agreements, handbooks, manuals, policies, rules, guidelines, letters, memoranda, notes, or documents of any nature concerning Plaintiff's employment at "an insurance firm."

**REQUEST NO. 32:**

All documents concerning the amounts, types, and sources of revenue or income earned or received by Plaintiff in the four (4) years prior to Plaintiff's employment with the Campaign and during Plaintiff's employment with the Campaign, including but not limited to Plaintiff's personal and business tax returns, payroll stubs, profit and loss statements, disability payments, Forms W-2 and 1099, and Schedules K-1.

**REQUEST NO. 33:**

All documents concerning any application Plaintiff submitted to work for the Democratic National Committee and/or state parties in 2020, including but not limited to documents concerning the outcome of any such application.

**REQUEST NO. 34:**

All documents concerning Plaintiff's relationship with any political campaign for which Plaintiff has worked in any capacity in the last four (4) years, including but not limited to employment agreements, offer letters, and/or contracts concerning Plaintiff's relationship with any campaign.

**REQUEST NO. 35:**

All documents concerning any employment that Plaintiff has held (whether paid or unpaid), since Plaintiff's separation from employment with the Campaign in March of 2020, including but not limited to documents reflecting: the employers' names and addresses (and, if Plaintiff was self-employed, all documents concerning Plaintiff's self-employment); positions held; duties performed within such positions; supervisors; rates of pay; employee benefits or any other compensation; dates of employment; disciplinary actions; and reasons for leaving such employment.

**REQUEST NO. 36:**

Signed authorizations in the form attached as Exhibit A to these Requests for (i) the employer from whom Plaintiff worked immediately preceding Plaintiff's employment with the Campaign; (ii) the employer(s) for whom Plaintiff worked during Plaintiff's employment with the Campaign (other than the Campaign itself), if any; and (iii) the employer for whom Plaintiff worked immediately following Plaintiff's separation from employment with the Campaign in March of 2020.

**REQUEST NO. 37:**

All documents concerning Plaintiff's efforts to obtain employment since March of 2020, including but not limited to:

a)      correspondence with prospective employers (and, with respect to each such correspondence, documents concerning the name and title of person(s) contacted, name of position(s) sought, description of position(s) sought, pay rate of position(s) sought, and whether Plaintiff was offered the position(s));

b)      correspondence with headhunters, recruiting firms, or employment agencies (and, with respect to each such correspondence, documents concerning the name and title of person(s)

contact, named of position(s) sought, description of position(s) sought, pay rate of position(s) sought, and whether Plaintiff was offered the position(s));

      c)      employment inquiries of any kind, responses to classified advertisements, resume cover letters, referral letters, letters of recommendation, and applications for employment; and

      d)      offers of employment made to Plaintiff since, and for each such offer, documents concerning terms and conditions of employment offered, name and description of position(s) offered, and whether Plaintiff accepted the offer(s).

**REQUEST NO. 38:**

All documents showing Plaintiff's efforts, if any, to mitigate any and all damages Plaintiff alleges, or will allege, Plaintiff incurred or sustained as a result of any of the acts alleged in the Complaint, or as a result of any other alleged acts of Defendant in this action.

**REQUEST NO. 39:**

All documents concerning the nature, basis, amount, and/or manner of calculation of monetary damages Plaintiff alleges, or will allege, Plaintiff incurred or sustained as a result of any of the acts alleged in the Complaint, or as a result of any other acts by Defendant in this action, including all documents showing specifically how such alleged damages were calculated.

**REQUEST NO. 40:**

All documents concerning the nature and basis of any declaratory, equitable, or other non-monetary relief, if any, sought by Plaintiff in this action.

**REQUEST NO. 41:**

All documents supporting or otherwise concerning any claims by Plaintiff in this litigation for attorneys' fees and costs.

**REQUEST NO. 42:**

All documents concerning Plaintiff's application (if any) for, attempts to collect, correspondence regarding, or receipt of workers' compensation, unemployment insurance benefits, Social Security benefits and/or any other government benefits in the last five (5) years.

**REQUEST NO. 43:**

To the extent not previously identified and produced, all documents identified in response to, or used in answering, Defendant's First Set of Interrogatories to Plaintiff, and all documents that are relevant to any of the claims and/or defenses in this action, and/or upon which Plaintiff intends to rely at the trial of this action, including any exhibits Plaintiff intends on introducing at trial.

**REQUEST NO. 44:**

All documents not otherwise identified by or responsive to the Requests herein concerning the allegations in the Complaint.

**REQUEST NO. 45:**

All documents and communications concerning any "necessary expenditures" that Plaintiff "incurred as a direct result of the duties [Plaintiff] performed for the Campaign['s] benefit and/or at the Campaign's direction," and that Plaintiff allegedly did not receive reimbursement for, as alleged in paragraphs 356-359 of the Complaint.  This Request includes but is not limited to documents concerning Plaintiff's submission of expenses to the Campaign and/or any responses from the Campaign concerning Plaintiff's submission of expenses, as well as any documents concerning Plaintiff's claim that such expenses were "incurred as a direct result of the duties [Plaintiff] performed for the Campaign['s] benefit and/or at the Campaign's direction."

Dated: August 14, 2020
       New York, New York

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
pgoldberg@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

# EXHIBIT A

**AUTHORIZATION FOR RELEASE OF INFORMATION**

I, **Alexandra Marie Wheatley-Diaz** (Date of Birth: _____ ), hereby give permission for the release of my employment information and/or any and all relevant information related to my application and employment as described in this form.

1. My employer, _____, may disclose any information relevant to my employment, including but not limited to, any and all personnel files, compensation information, benefits information, disciplinary actions, performance reviews, meetings, and/or communications, including but not limited to emails, letters and notes, both to and from me, letters of recommendation, actions and/or notes related to my application, terms and conditions of employment, jobs held and duties and responsibilities in connection with those jobs, termination and/or resignation, and any and all other materials that were accumulated before, during, and/or after my employment and are related to my employment to the Firm of Proskauer Rose LLP, located at 11 Times Square, New York, N.Y. 10036, and any employees or agents of Proskauer Rose LLP, including but not limited to, Elise M. Bloom, Esq.

2. The reason I am giving permission for the release of my employment information to the person(s) or entity listed in paragraph 1 above is for purposes of litigation.

3. I understand that a photocopy of this form is as valid as the original. I understand that I will receive a photocopy of this authorization form.

4. I understand that if I no longer want the person(s) or entity listed in paragraph 1 above to have the right to see my employment information, then I must send a written notice to my employer at the address listed above, telling the employer that I revoke this form. I understand that the employer cannot withdraw the information that it has already released before I tell it to stop releasing my information.

5. I understand that this authorization will expire upon the final resolution of the legal proceedings entitled Wood et al. v. Mike Bloomberg 2020, Inc. unless before that time, I notify the employer in writing that I want it to stop releasing my information to the

person(s) or entity listed in Paragraph 1 above.  In any event, this authorization will expire one year from the date of the signature below.


Signature _____ Date_____


Notary:

STATE OF _____       )

                            ) ss.:

COUNTY OF_____ )


_____ appeared before me
this ____ day of _____ 2020
and did execute this authorization.


_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>          Defendant. | 20 Civ. 2489 (KMW) (GWG)<br><br>**CERTIFICATE OF SERVICE** |

I, Elise M. Bloom, hereby certify that on August 14, 2020, I caused to be served a true and accurate copy of **DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ** by e-mail on the following counsel for Plaintiffs:

| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Sally J. Abrahamson<br>Hannah Cole-Chu (admitted *pro hac vice*)<br>601  Massachusetts Avenue NW, Ste 200W<br>Washington D.C. 20001<br>Telephone: 202-847-4400<br>Fax:  (646) 509-2060<br>sabrahamson@outtengolden.com<br>hcolechu@outtengolden.com | **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz<br>Michael C. Danna<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Fax:  (646) 509-2060<br>jms@outtengolden.com<br>mdanna@outtengolden.com |
| **SHAVITZ LAW GROUP, P.A.**<br>Gregg I. Shavitz<br>Tamra Givens<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Telephone:  (561) 447-8888<br>Fax: (561) 447-8831<br>gshavitz@shavitzlaw.com<br>tgivens@shavitzlaw.com | **SHAVITZ LAW GROUP, P.A.**<br>Michael J. Palitz<br>800 3rd Avenue, Suite 2800<br>New York, New York 10022<br>Telephone:  (800) 616-4000<br>Fax: (561) 447-8831<br>mpalitz@shavitzlaw.com |

Dated: New York, New York
      August 14, 2020

                                        */s/  Elise M. Bloom*
                                        Elise M. Bloom
                                        PROSKAUER ROSE LLP
                                        Eleven Times Square
                                        New York, New York 10036
                                        Telephone:  (212) 969-3000
                                        Fax: (212) 969-2900