# EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                                  Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                                  Defendant. | 20 Civ. 02489 (KMW) (GWG)<br><br>**OPT-IN PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.3 and 33.3 of the Local Rules of the United States District Court for the Southern District of New York, Opt-In Plaintiff Alexandra Marie Wheatley Diaz ("Plaintiff"), by and through Opt-In Plaintiff's attorneys, makes the following responses and objections to Defendant's First Set of Interrogatories, received August 14, 2020.

## PRELIMINARY STATEMENT

Opt-in Plaintiff responds to Defendant's Interrogatories as Opt-in Plaintiff interprets and understands them.  To the extent that Defendant subsequently asserts an interpretation of these Interrogatories that differs from Opt-in Plaintiff's interpretation or understanding, Opt-in Plaintiff reserves the right to supplement or amend Opt-in Plaintiff's objections and/or answers.

All responses to the following Interrogatories are based on information currently known to Opt-in Plaintiff and are provided without prejudice to Opt-in Plaintiff's rights to submit evidence of any subsequently discovered facts and information, should such become known.  Opt-in Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such

information as is presently known to Opt-in Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Opt-in Plaintiff's rights to rely on other facts or documents at trial.

Opt-in Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information requested by or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

If Defendant would like to discuss any of Opt-in Plaintiff's responses or objections, Opt-in Plaintiff requests that Defendant give notification in writing to arrange a meet and confer.

**RESPONSES AND OBJECTIONS TO**
**<u>FIRST SET OF INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1:</u>**

Identify each person, including, without limitation, present or former employees, agents, contractors or representatives of Defendant with whom Plaintiff, or anyone on Plaintiff's behalf, has spoken or communicated with concerning the subject matter of this action or the allegations set forth in the Complaint.

**<u>RESPONSE:</u>**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the

needs of the case, seeks information already in Defendant's possession, custody, or control, and

on the basis of attorney-client privilege.  The Interrogatory is disproportionate to the needs of the

case because the scope of discovery sought – to "identify each person," "without limitation," that

Opt-in Plaintiff has ever "spoken or communicated with" regarding "the subject matter of this

action or the allegations set forth in this complaint" – is likely large compared to how probative

that evidence is likely to be.  Additionally, this Interrogatory is objectionable due to the parties'

relative access to information and seeks information already in Defendant's possession, custody,

or control; specifically, Defendant seeks the identity of its own current employees, agents,

contractors or representatives.  Opt-in Plaintiff further objects to this Interrogatory to the extent it

seeks information protected by attorney-client privilege.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant

impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's

defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in

asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this

action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

information that has no connection with her claim, and instead pertains to claims in this matter

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member

of a certified class asserting common law claims, that is speculative.  Moreover, even if such a

class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these

claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See*

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action

plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course,

content in knowing that there are safeguards provided for his protection.").  By requesting that

Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, and to the best of Opt-in Plaintiff's knowledge and memory at this time, Opt-in Plaintiff identifies the following individuals:

1. Robin Ceppos

2. Rachel Douglas

3. Anoosh Yaraghchian

4. Maria Diaz

5. Ashley Diaz

**INTERROGATORY NO. 2:**

Identify all present or former employees, agents, contractors or representatives of Defendant with whom Plaintiff communicated *prior to* accepting an offer of employment with the Campaign.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the needs of the case and seeks information already in Defendant's possession, custody, or control. Specifically, Defendant has greater relative access to this information and can learn the identities of these individuals through its own resources.

Further, Opt-in Plaintiff objects to this Interrogatory to the extent that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

information that has no connection with her claim, and instead pertains to claims in this matter asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative.  Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, and to the best of Opt-In Plaintiff's knowledge and memory at this time, Plaintiff identifies the following individuals:

1.  Jamarah Hayner

**INTERROGATORY NO. 3:**

Identify all present or former employees, agents, contractors or representatives of Defendant who allegedly "promised" to "employ and/or provide [Plaintiff] with the opportunity to work on the primary and general elections to support the Democratic presidential nominee, pay [Plaintiff] wages, and provide healthcare and other benefits through November 2020," as alleged in, *inter alia*, paragraphs 3, 7 and 37 of the Complaint.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it seeks information within Defendant's possession, custody, or control.  Defendant has greater relative access to this information and can learn the identities of these individuals through its own resources.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide information that has no connection with her claim, and instead pertains to claims in this matter asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative.  Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**<u>INTERROGATORY NO. 4:</u>**

Identify each person who witnessed any communication between the Campaign, on one hand, and Plaintiff, on the other hand, in which the Campaign allegedly "promised" to "employ and/or provide [Plaintiff] with the opportunity to work on the primary and general elections to support the Democratic presidential nominee, pay [Plaintiff] wages, and provide healthcare and other benefits through November 2020," as alleged in, *inter alia*, paragraphs 3, 7 and 37 of the

Complaint.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the needs of the case and seeks information within Defendant's possession, custody, and control. The Interrogatory is disproportionate to the needs of the case because the scope of discovery sought – to identify "each person" who witnessed "any communication" – is likely large compared to how probative that evidence is likely to be. The Interrogatory is also objectionable to the extent it seeks information already in Defendant's possession, custody, or control, such as the identities of other employees of Defendant.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim. Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I). Opt-in Plaintiff presently has no other claims in this action. This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide information that has no connection with her claim, and instead pertains to claims in this matter asserted by other Plaintiffs. While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative. Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim,

this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**INTERROGATORY NO. 5:**

Identify all individuals with knowledge concerning the allegations in paragraph 22 of the Complaint, including the allegations that "the Campaign instructed interviewers to communicate [statements regarding employment through November 2020] to prospective employees."

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it seeks information in Defendant's possession, custody or control. The Interrogatory is disproportionate to the needs of the case due to the parties' relative access to information; specifically, Defendant can learn this information through its own resources. The Interrogatory is also objectionable to the extent it seeks information already in Defendant's possession, custody, or control, such as the identities of other employees of Defendant.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim. Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I). Opt-in Plaintiff presently has no other claims in this action. This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide information that has no connection with her claim, and instead pertains to claims in this matter asserted by other Plaintiffs. While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative. Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See*

8

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**INTERROGATORY NO. 6:**

Identify all individuals with knowledge concerning the allegations in paragraph 28 of the Complaint, including the allegations that Plaintiff "took actions to [Plaintiff's] detriment, including resigning from [Plaintiff's] then-current employment, relocating, and/or forfeiting other opportunities to work for the Campaign."

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the needs of the case because the scope of discovery sought — to identify "all individuals" with "knowledge" — is overbroad and unduly burdensome compared to how probative that evidence is likely to be.  Opt-in Plaintiff further objects that this Interrogatory seeks information that is not within Opt-in Plaintiff's possession, custody, or control and seeks information that is already in Defendant's possession, custody, or control, as Defendant is likely already aware of its former employees' work histories and residences prior to accepting employment with the Campaign.  Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this action.  This

9

Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide information that has no connection with her claim, and instead pertains to claims in this matter asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative.  Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**INTERROGATORY NO. 7:**

Identify each "opportunity" Plaintiff allegedly "forewent" in order to work on the Campaign, as alleged in paragraph 39 of the Complaint.

**RESPONSE:**

Opt-in Plaintiff objects that this Interrogatory impermissibly seeks information beyond the scope allowed by Local Rule 33.3, as it does not request witness names, computation of damages, or information as to the existence and location of relevant documents.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this

10

action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

information that has no connection with her claim, and instead pertains to claims in this matter

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member

of a certified class asserting common law claims, that is speculative.  Moreover, even if such a

class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these

claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See*

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action

plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course,

content in knowing that there are safeguards provided for his protection.").  By requesting that

Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim,

this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to

the needs of the case.

       In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

## INTERROGATORY NO. 8:

       Identify each and every document that evidences or reflects each "opportunity" identified

in response to the prior Interrogatory.

## RESPONSE:

       Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the

needs of the case because the scope of discovery sought — to identify "each and every

document" — is overbroad and unduly burdensome compared to how probative that evidence is

likely to be.  Opt-in Plaintiff further objects that this Interrogatory seeks information that is not

within Opt-in Plaintiff's possession, custody, or control.

       Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant

impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's

defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in

asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this

action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

information that has no connection with her claim, and instead pertains to claims in this matter

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member

of a certified class asserting common law claims, that is speculative.  Moreover, even if such a

class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these

claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See*

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action

plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course,

content in knowing that there are safeguards provided for his protection.").  By requesting that

Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim,

this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to

the needs of the case.

    In light of these objections, Opt-in Plaintiff will not answer this Interrogatory

**INTERROGATORY NO. 9:**

    Identify all individuals with knowledge concerning the nature and extent of the duties,

tasks, responsibilities, and/or training Plaintiff performed or participated in on behalf of the

Campaign during Plaintiff's employment with the Campaign.

**RESPONSE:**

    Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the

needs of the case because the scope of discovery sought — to identify "all individuals with

knowledge" — is unduly burdensome and so overbroad as to conceivably require identification

of any individual, such as potential voters, that Opt-in Plaintiff ever spoke to or interacted with in

the course of performing Opt-in Plaintiff's job duties.  Such information is not proportionate to

the needs of the case in light of how little probative value such evidence has to any claims or

defenses in this action.  Opt-in Plaintiff further objects that this Interrogatory seeks information

that is not within Opt-in Plaintiff's possession, custody, or control, and seeks information that is

already in Defendant's possession, custody, and control, as Defendant set, controlled, and

oversaw the duties, tasks, responsibilities, and/or training associated with Opt-in Plaintiff's

employment.

Subject to and without waiving these objections, and to the best of Opt-in Plaintiff's

knowledge and memory at this time, Opt-in Plaintiff identifies the following individuals:

1. Delmer Wilburn

2. Mark Blakeley

3. Jonathan Salvador

4. Jamarah Hayner

5. Sarah Deverman

6. Field Organizers working in the downtown Los Angeles, Pasadena, Santa Monica,
   Torrance, and the Valley field offices

7. Members of the IT department working in the downtown Los Angeles field office.

**INTERROGATORY NO. 10:**

Identify each person who Plaintiff contends supervised, directed or assigned Plaintiff

duties, tasks, responsibilities, and/or training during Plaintiff's employment with the Campaign.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it seeks information that is

already in Defendant's possession, custody, and control, as Defendant selected and employed the

individuals with authority to supervise, direct, or assign tasks to Opt-in Plaintiff.

13

Subject to and without waiving these objections, and to the best of Opt-in Plaintiff's knowledge and memory at this time, Opt-in Plaintiff identifies the following individuals:

1. Jonathan Salvador

2. Delmer Wilburn Jr.

3. Mark Blakely

**INTERROGATORY NO. 11:**

Identify each person who has knowledge, information, or documents concerning the hours that Plaintiff allegedly worked during Plaintiff's employment with the Campaign.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the needs of the case because the scope of discovery sought – to identify "each person who has knowledge" – is unduly burdensome and so overbroad as to conceivably require identification of any individual, such as potential voters, that Opt-in Plaintiff ever spoke to or interacted with in the course of performing Opt-in Plaintiff's job duties.  Such information is not proportionate to the needs of the case in light of how little probative value such evidence has to any claims or defenses in this action.  Opt-in Plaintiff further objects that this Interrogatory seeks information that is already in Defendant's possession, custody, and control, as Defendant determined and controlled the hours worked by Opt-in Plaintiff on behalf of the Campaign.

Subject to and without waiving these objections, and to the best of Opt-in Plaintiff's knowledge and memory at this time, Opt-in Plaintiff identifies the following individuals:

1. Delmer Wilburn, Jr.

2. Mark Blakeley

3. Jonathan Salvador

4. Jamarah Hayner

5. Sarah Devermann

6. Members of the IT department working in the downtown Los Angeles field office

7. Field Organizers working in the downtown Los Angeles, Pasadena, Santa Monica, Torrance, and the Valley field offices

**INTERROGATORY NO. 12:**

To the extent not already identified in response to Interrogatory Nos. 1 through 11, identify each person whom Plaintiff believes has knowledge of relevant facts relating to the allegations in the Complaint.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory on the basis that it is disproportionate to the needs of the case because the scope of discovery sought — to identify "each person whom Opt-in Plaintiff believes has knowledge" — is unduly burdensome and so overbroad as to conceivably require identification of any individual, such as potential voters, that Opt-in Plaintiff ever spoke to or interacted with in the course of performing Opt-in Plaintiff's job duties. Such information is not proportionate to the needs of the case in light of how little probative value such evidence has to any claims or defenses in this action. Opt-in Plaintiff further objects that this Interrogatory seeks information that is already in Defendant's possession, custody, and control, such as the identity of employees and agents of Defendant.

Further, Opt-in Plaintiff objects to this Interrogatory to the extent that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim. Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I). Opt-in Plaintiff presently has no other claims in this action. This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide information that has no connection with her claim, and instead pertains to claims in this matter

15

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting common law claims, that is speculative.  Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim, this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, and to the best of Opt-in Plaintiff's knowledge and memory at this time, Opt-in Plaintiff identifies the following individuals:

1.  Michael Bloomberg

2.  Kevin Sheekey

3.  Tim O'Brien

4.  Dan Kanninen

5.  Catherine Whelan

6.  Other individuals identified categorically in Plaintiffs' initial disclosures

**INTERROGATORY NO. 13:**

Identify all of the personal, home, non-work email accounts, and/or n accounts that Plaintiff has used or accessed from December 1, 2019 to the present.  For each and every e-mail account, please provide the e-mail address.  For each and every social media account, please provide the user name and/or handle used by Plaintiff.

**RESPONSE:**

16

Opt-in Plaintiff objects to this Interrogatory in that it is overly broad, seeks information which is neither relevant nor proportional to the needs of the case, and is harassing.  Subject to and without waiving these objections, Opt-in Plaintiff used the following personal email and/or social media accounts which she used for communications related to Opt-in Plaintiff's employment with the Bloomberg Campaign: Facebook (Alex Wheatley), Twitter (Alex Wheatley7), Instagram (Alex_Wheatley).

**INTERROGATORY NO. 14:**

Identify all persons and/or business entities from whom Plaintiff has *sought* employment and/or a remunerative relationship at any time from the start of Plaintiff's employment with the Campaign to the present, including, but not limited to, any full-time employment, part-time employment, self-employment, services as an independent contractor or consultant, *per diem* work assignments, or any other activity intended to generate income.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory in that it is overly broad and seeks information which is neither relevant nor proportional to the needs of the case.  Specifically, the Interrogatory is overbroad by seeking the identity of "all persons and/or business entities" from whom Opt-in Plaintiff has "*sought*" employment, and not proportional to the needs of the case because the identity of any persons or business entities from whom Opt-in Plaintiff has sought employment bears no relevance to the claims or defenses in this case.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

17

information that has no connection with her claim, and instead pertains to claims in this matter

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member

of a certified class asserting common law claims, that is speculative.  Moreover, even if such a

class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these

claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See*

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action

plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course,

content in knowing that there are safeguards provided for his protection.").  By requesting that

Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim,

this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to

the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**INTERROGATORY NO. 15:**

Identify all persons and/or business entities for whom Plaintiff has worked and/or

provided services (other than the Campaign) at any time from the start of Plaintiff's employment

with the Campaign to the present, including, but not limited to, any full-time employment, part-

time employment, self-employment, services as an independent contractor or consultant, *per*

*diem* work assignments, or any other activity that generated income.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory because it seeks information which is neither

relevant nor proportional to the needs of the case.  Specifically, the Interrogatory is not

proportional to the needs of the case because the identity of any persons or business entities from

whom Opt-in Plaintiff has sought employment bears no relevance to the claims or defenses in

this case.  Additionally, Opt-in Plaintiff objects that this Interrogatory impermissibly seeks

18

information beyond the scope allowed by Local Rule 33.3, as it seeks information beyond

witness names, computation of damages, or information as to the existence and location of

relevant documents.

Further, Opt-in Plaintiff objects to this Interrogatory on the basis that Defendant

impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's

defenses to this claim.  Opt-in Plaintiff has opted into this matter only to join Plaintiffs in

asserting FLSA overtime claims (Count I).  Opt-in Plaintiff presently has no other claims in this

action.  This Interrogatory seeks to impose a burden on Opt-in Plaintiff to search for and provide

information that has no connection with her claim, and instead pertains to claims in this matter

asserted by other Plaintiffs.  While Opt-in Plaintiff may in the future be an absent class member

of a certified class asserting common law claims, that is speculative.  Moreover, even if such a

class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these

claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See*

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action

plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course,

content in knowing that there are safeguards provided for his protection.").  By requesting that

Opt-in Plaintiff search for and produce information that has no relationship to her FLSA claim,

this Interrogatory therefore imposes a burden that is unduly burdensome and disproportionate to

the needs of the case.

In light of these objections, Opt-in Plaintiff will not answer this Interrogatory.

**INTERROGATORY NO. 16:**

Provide a detailed calculation of each category of damages claimed, including but not

limited to: the amount claimed; the method of calculation and the components of such claim; the

period of time covered by such claim; and identify any documents in Plaintiff's possession

concerning or relating to the response to this Interrogatory.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory in that it is overly broad, premature, seeks information in the possession of Defendant, and seeks information protected by the attorney-client and/or work product doctrine.  Subject to and notwithstanding these objections, Opt-in Plaintiff seeks damages in the amount of lost income and benefits plus unreimbursed business expenses.  Opt-in Plaintiff also seeks an award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and California law using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5; an award of liquidated and/or punitive damages as a result of the Defendant's failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA; an award of damages representing the Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; costs and expenses of this action together with reasonable attorneys' fees and expert fees (if any); and pre-judgment interest, as provided by law.  Plaintiff also seeks damages under California law for unpaid wages for all hours worked in excess of eight hours per day at a rate of time and one-half of the regular rate of pay; record-keeping violations pursuant to Cal. Lab. Code §§ 226, 1174, & 1174.5 and applicable wage orders, meal and rest break violations pursuant to Cal. Lab. Code §§ 218.5, 226.7, & 512 and applicable wage orders, unreimbursed business expenses pursuant to Cal. Lab. Code § 2802 and applicable wage orders, untimely payment of pre- and post-separation wages pursuant to Cal. Labor Code §§ 204, 210, and unfair competition pursuant to California Business & Professions Code §§ 17200 *et seq.*

**INTERROGATORY NO. 17:**

Identify all documents or other tangible items that were consulted or relied upon in any manner in answering these Interrogatories.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine.  Subject to and without waiving these objections, Opt-in Plaintiff refers Defendant to the documents produced in response to Defendant's Request for Production of Documents.

**INTERROGATORY NO. 18:**

Identify all persons answering or supplying information used in answering these Interrogatories.

**RESPONSE:**

Opt-in Plaintiff objects to this Interrogatory in that it is vague and ambiguous.  Subject to and without waiving this objection, Opt-in Plaintiff states that Opt-in Plaintiff supplied information used in answering these Interrogatories.

Dated: February 3, 2021        OUTTEN & GOLDEN LLP
New York, New York

*/s/ Justin M. Swartz*
Justin M. Swartz
Deirdre A. Aaron
Michael C. Danna
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
Email: jms@outtengolden.com
Email: daaron@outtengolden.com
Email: mdanna@outtengolden.com

Hannah Cole-Chu (admitted *pro hac vice*)
Outten & Golden LLP
601 Massachusetts Avenue NW, Ste 200W
Washington D.C. 20001
Telephone: (202) 847-4400
Fax: (646) 509-2060
Email: hcolechu@outtengolden.com

Gregg I. Shavitz
Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

***Attorneys for Plaintiffs and the Putative
Collective and Classes***

## **VERIFICATION**

I, Alexandra Marie Wheatley-Diaz, have read the foregoing **OPT-IN PLAINTIFF**

**ALEXANDRA MARIE WHEATLEY-DIAZ'S RESPONSES AND OBJECTIONS TO**

**DEFENDANT'S FIRST SET OF INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 2/3/2021

City/State: Redando beach ,ca

By: _DocuSigned by:_
    _Alexandra Wheatley_
    5E3B1CFB2A38491
    Alexandra Marie Wheatley-Diaz