# EXHIBIT J

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                   Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                   Defendant. | **20 Civ. 02489 (LTS) (GWG)**<br><br>**PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Alexandra Marie Wheatley-Diaz ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's First Request for the Production of Documents, received August 14, 2020.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent

disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of documents produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

Unless otherwise noted below, Plaintiff will produce responsive documents consistent with the objections and responses below by December 2, 2022.

**RESPONSES AND OBJECTIONS TO FIRST**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All documents concerning any litigation, action, charge or administrative or governmental or bankruptcy proceeding to which Plaintiff has been a party, other than the instant lawsuit, including, but not limited to: documents which reflect the index, docket, complaint, charge or other identification number of such matter; documents which reflect the name, address and telephone number of the court, agency or other forum in which each such matter was commenced; documents which reflect the date(s) upon which each matter was commenced; documents which reflect the claims advanced in each matter; and documents which reflect the outcome or resolution of each matter or its present status.

**RESPONSE:**

Plaintiff objects to this request on the basis that it is harassing, unduly burdensome, disproportionate to the needs of the case, and seeks documents that are part of the public record.

The request is harassing in that it seeks documents relating to Plaintiff's involvement in other legal proceedings for the purposes of harassing, annoying, and/or embarrassing Plaintiff. Plaintiff also objects that this request is disproportionate to the needs of the case because the scope of discovery sought—"all documents" concerning any litigation or proceeding to which Plaintiff has ever been a party—is minimally probative of the claims and defenses in this action. Plaintiff further objects that this request is oppressive and poses an undue burden because it requires Plaintiff to search for "all" documents concerning "any litigation, action, charge or administrative or governmental or bankruptcy proceeding" and the burden or expense of producing the proposed discovery outweighs its likely benefit. Further, Plaintiff objects because this request seeks documents that are part of the public record and thus can be located through Defendant's own efforts. Finally, Plaintiff objects to the extent these documents are protected by the attorney-client privilege or work product doctrine.

In light of these objections, Plaintiff will not search for or produce documents responsive to this request.

**REQUEST NO. 2:**

All documents concerning Plaintiff's skills, educational background, professional qualifications, and/or practical experience, including but not limited to vocational, college and graduate school transcripts, resumes, letters of reference, applications for employment, awards, biographies, LinkedIn profiles, and/or correspondence concerning any practical experience Plaintiff possesses.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is unduly burdensome, vague, and disproportionate to the needs of the case. The Request is disproportionate to the needs of the case because the scope of discovery sought—"all documents" relating not only to "educational

3

background" and "professional qualifications," but also "practical experience"—is unduly broad and will likely be only minimally probative of the claims and defenses in this case. The Request is also disproportionate to the needs of the case because the burden or expense of producing the proposed discovery outweighs its likely benefit. Specifically, reviewing and compiling any documents responsive to this Request will likely take several hours, which is unreasonable in light of their minimal relevance to the claims in the case. The Request is vague and ambiguous because "professional qualifications" and "practical experience" are unclear and susceptible to more than one meaning. For example, these terms could encompass only tasks and experience gained through formal employment or training (such as volunteer work), but it could also encompass everyday communication, problem-solving, and organizational skills that are not taught formally in any educational setting or on the job.

Subject to and without waiving these objections, Plaintiff will produce documents limited to Plaintiff's resume(s) since January 1, 2019 and copies of Plaintiff's LinkedIn profile.

**REQUEST NO. 3:**

All emails from Plaintiff's personal, home, non-work, or work email accounts that were sent or received by Plaintiff concerning the allegations in the Complaint and/or that otherwise support Plaintiff's claims, or Defendant's defenses, in this Action.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control. The Request is disproportionate to the needs of the case because the scope of discovery sought—"all emails" "concerning the allegations in the Complaint"—is unduly broad and will likely be only minimally probative of the claims and defenses in this case. Additionally, the Request is disproportionate to the needs of the case due to the parties' relative access to information,

specifically, the fact that the requested discovery is probative of a fact that Defendant can learn

through its own resources.  Plaintiff further objects to the extent that this request seeks

documents outside of Plaintiff's custody and control and within Defendant's custody and control.

Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent

of discovery otherwise allowed by these rules or by local rule if it determines that . . . the

discovery sought . . . can be obtained from some other source that is more convenient, less

burdensome, or less expensive."  In this matter, Defendant controls and possesses all emails sent

to or from Defendant's e-mail system.  Plaintiff also objects to this Request to the extent it seeks

documents reflecting communications between and among Plaintiffs and Opt-In Plaintiffs in this

case protected by the common interest privilege, and documents protected by the attorney-client

privilege and work-product doctrine

      Further, to the extent this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents in her possession, relating to her FLSA and California state claims, consisting of correspondence and communications between Plaintiff and employees of the Campaign relating to Plaintiff's interview, onboarding, hiring, and training with the Campaign, employment during the Campaign, and termination of her employment with the Campaign.

**REQUEST NO. 4:**

All documents, correspondence, statements (written or recorded), or affidavits provided by or on behalf of Plaintiff, or received by or on behalf of Plaintiff, from any present or former employee of the Campaign, relating in any manner to Defendant and/or any claim or allegation in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case because the scope of discovery sought—"all documents, correspondence, statements, or affidavits" "relating to Defendant's claims or allegations"—is unduly broad and will likely be only minimally probative of the claims and defenses in this case. Additionally, the Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Plaintiff further objects to the extent that this request seeks documents outside of Plaintiff's custody and control and within Defendant's custody and control.  Finally, Plaintiff objects to this Request to the extent it seeks documents reflecting communications between and among Plaintiffs and Opt-In Plaintiffs in this case

protected by the common interest privilege, and documents protected by the attorney-client privilege and work-product doctrine.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents in her possession, relating to her FLSA and California state claims, consisting of emails and other communications.  Plaintiff also directs Defendant to the declarations filed at ECF No. 65.

**REQUEST NO. 5:**

All documents (including but not limited to audio or video recordings, and/or voicemails) concerning or reflecting conversations between or among Plaintiff, on one hand, and the Campaign's current or former employees, contractors, consultants, or representatives, on the other hand, concerning any claim or allegation in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, unduly burdensome, and seeks privileged and protected communications.  The Request is disproportionate to the needs of the case because the scope of discovery sought—"all documents" "concerning or reflecting conversations"—is unduly broad and will likely be only minimally probative of the claims and defenses in this case.  Additionally, the Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Plaintiff further objects to the extent that this request seeks documents outside of Plaintiff's custody and control and within Defendant's custody and control.  Finally, Plaintiff objects to this request on the ground of privilege to the extent that it seeks documents reflecting communications between and among Plaintiffs and Opt-In Plaintiffs in this case protected by the common interest privilege.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents in her possession, relating to her FLSA and California state claims, consisting of correspondence and communications between Plaintiff and employees of the Campaign relating to Plaintiff's interview, onboarding, hiring, and training with the Campaign, her employment during the Campaign, and termination of her employment with the Campaign.

**REQUEST NO. 6:**

All written or audio-recorded statements or videos rendered by persons whom Plaintiff claims have knowledge concerning any of the facts alleged in or encompassed by the Complaint and/or the claims Plaintiff is making in this lawsuit, including by persons that Plaintiff may call as a witness in any trial of this matter.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and duplicative.  The Request is disproportionate to the needs of the case because the scope of discovery sought—"all written or audio-recorded statements or videos rendered by persons whom Plaintiff claims have knowledge concerning any of the facts alleged in or encompassed by the Complaint"—encompasses all statements and videos ever created relating to any subject, regardless of its relevance to the claims or defenses in this action. Additionally, the Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Plaintiff also objects that this request is

duplicative of Request No. 4.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive documents in her possession, relating to her FLSA and California state claims, consisting of documents prepared by the Campaign and correspondence to and from employees of the Campaign relating to Plaintiff's employment with the Campaign.

**REQUEST NO. 7:**

All documents and communications concerning Plaintiff's application(s) for employment with the Campaign, including but not limited to job postings, job descriptions, resumes, letters of reference, and any other documents submitted by Plaintiff to the Campaign.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control. The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents and communications concerning Plaintiff's application(s) for employment. Plaintiff further objects on the grounds of custody and control to the extent that these documents would already be in Defendant's possession. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all documents," including job postings, job descriptions, resumes, and letters of reference—will likely be only minimally probative of the claims and defenses in this case.

Subject to and without waiving these objections, Plaintiff will produce responsive documents in her possession, relating to her FLSA and California state claims, consisting of correspondence relating to Plaintiff's application for employment with the Campaign and Plaintiff's resume.

**REQUEST NO. 8:**

All documents that Plaintiff sent to, or received from, the Campaign prior to the commencement of Plaintiff's employment with the Campaign, including but not limited to documents concerning the interviewing, hiring and/or onboarding processes.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control. The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents that Plaintiff sent to or received from the Campaign prior to Plaintiff's employment.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive documents in her possession, relating to her FLSA and California state claims, consisting of documents and correspondence between Plaintiff and the Campaign relating to Plaintiff's interview, hiring, onboarding, and training with Campaign.

**REQUEST NO. 9:**

All communications between Plaintiff, on one hand, and the Campaign, on the other hand, prior to the commencement of Plaintiff's employment with the Campaign, including but not limited to communications concerning Plaintiff's interview(s) for employment with the Campaign, Plaintiff's offer of employment with the Campaign, and/or Plaintiff's onboarding with the Campaign.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control. The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all communications that Plaintiff sent to or received from the Campaign prior to Plaintiff's employment.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce all responsive, non-privileged documents in her possession, custody, or control, consisting of documents and correspondence between Plaintiff and the Campaign relating to Plaintiff's interview, hiring, onboarding, and training with Campaign.

**REQUEST NO. 10:**

All documents and communications concerning the terms and conditions of Plaintiff's relationship with the Campaign, including but not limited to employment agreements, offer letters, job titles, job or position descriptions, pay records, reimbursements, expenses, benefits, compensation agreements, handbooks, manuals, policies, rules, guidelines, policy acknowledgments, training materials, presentation materials, letters, memoranda, notes or documents of any nature concerning Plaintiff's relationship with the Campaign.

**REQUEST:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, vague and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents relating to Plaintiff's terms and conditions of employment.  Plaintiff further objects on the grounds of custody and control to the extent that these documents would already be in Defendant's possession.  Plaintiff also objects that the request is overbroad and unduly burdensome by seeking "all documents" "of any nature" concerning "the terms and conditions of Plaintiff's relationship with the campaign[,]" and the burden or expense of producing the proposed discovery outweighs its likely benefit. Finally, Plaintiff objects that the use of the terms "rules," "guidelines," and "notes" is vague and overbroad.

Subject to and without waiving these objections, Plaintiff will produce all responsive, non-privileged documents in her possession, custody, or control, including handbooks, team call notes, paystubs, documents and correspondence relating to job duties and campaign priorities, communications between Plaintiff and employees of the Campaign relating to job duties, tasks, and reimbursements, and documents and communications between Plaintiff and the Campaign relating to her interview, hiring, and onboarding with the Campaign.

**REQUEST NO. 11:**

All documents Plaintiff received, or obtained from, or sent to, the Campaign, at any time during Plaintiff's employment with the Campaign, relating to any of the allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all documents" concerning "any of the allegations in the Complaint"—is extremely broad and the majority of the discovery sought will likely be only minimally probative of the claims and defenses in this case.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents Plaintiff received or obtained from or sent to the Campaign during Plaintiff's employment.

Further, to the extent this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce all responsive,

non-privileged documents in her possession, custody, or control, including documents and

correspondence relating to Plaintiff's job duties, team call notes, and communications between

Plaintiff and Campaign staff.

**REQUEST NO. 12:**

All documents reflecting any compensation or benefits Plaintiff received from the

Campaign, including, but not limited to, wage notices, wage statements, payroll records, expense

reimbursement forms or acknowledgments, and tax forms.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the

case and seeks documents within Defendant's own custody and control.  The Request is

disproportionate to the needs of the case due to the parties' relative access to information,

specifically, the fact that the requested discovery is probative of a fact that Defendant can learn

through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must

limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it

determines that . . . the discovery sought . . . can be obtained from some other source that is more

convenient, less burdensome, or less expensive."  In this matter, Defendant should have within

its custody and control all documents concerning Plaintiff's compensation or benefits.

Further, the Request impermissibly attempts to shift Plaintiff's burden of proof because Defendant bears the obligation to maintain complete and accurate records of Plaintiff's dates and times of employment.  *See* 29 C.F.R. § 516.2.  This Request seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and subsequent case law.

Subject to and without waiving these objections, Plaintiff will produce documents limited to paystubs.

## REQUEST NO. 13:

All documents and communications concerning the nature and extent of the duties, tasks, responsibilities, and/or training Plaintiff performed or participated in on behalf of the Campaign during Plaintiff's employment with the Campaign.  This Request includes but is not limited to documents and communications concerning Plaintiff's duties as alleged in paragraphs 59 and 221, and 224 of the Complaint.

## RESPONSE:

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents and communications

concerning the nature and extent of Plaintiff's job duties, tasks, responsibilities and/or training. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all documents and communications" concerning "the nature and extent" of Plaintiff's job duties—is extremely broad and could potentially encompass any document or communication sent or received by Plaintiff during the course of performing Plaintiff's duties for Defendant, and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.

Subject to and without waiving these objections, Plaintiff will produce documents including handbooks, team call notes, documents and correspondence relating to employee benefits, job duties, campaign priorities, and reimbursements, communications between Plaintiff and employees of the Campaign relating to job duties and tasks, and documents and communications between Plaintiff and the Campaign relating to her interview, hiring, onboarding, and training with the Campaign.

**REQUEST NO. 14:**

All documents concerning or reflecting the hours Plaintiff worked while employed by the Campaign, including Plaintiff's allegation in paragraph 62 of the Complaint that Plaintiff "regularly worked in excess of 40 hours per week."

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control. The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources. Defendant should have within its custody and control documents and communications concerning Plaintiff's hours worked. The Request is

also disproportionate to the needs of the case because the scope of discovery sought—"all documents" concerning Plaintiff's hours—will likely be only minimally probative of the claims and defenses in this case.  Further, the Request impermissibly attempts to shift Plaintiff's burden of proof because Defendant bears the obligation to maintain complete and accurate records of Plaintiff's hours worked, *see* 29 C.F.R. § 516.2, and seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and subsequent case law.

Subject to and without waiving these objections, Plaintiff will produce documents including handbooks, team call notes, documents and correspondence relating to employee benefits, job duties, campaign priorities, and reimbursements, communications between Plaintiff and employees of the Campaign relating to job duties and tasks, and documents and communications between Plaintiff and the Campaign relating to her interview, hiring, onboarding, and training with the Campaign.

**REQUEST NO. 15:**

All documents concerning Plaintiff's allegations in paragraphs 3, 7, 48, and/or 50 of the Complaint, including but not limited to documents concerning Plaintiff's allegations that "the Campaign repeatedly promised prospective employees orally and in writing that their employment opportunities were guaranteed through November 2020."

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must

limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents relating to Defendant's promise of employment opportunities.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

## REQUEST NO. 16:

A copy of the "writing[s]" referenced in paragraph 7 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control the writings referenced in paragraph 7 of the Complaint.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 17:**

All documents concerning Plaintiff's allegations that "the Campaign knew the promises to be false and had the undisclosed intent of not performing the promises at the time the promises were made," as alleged in paragraph 8 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents relating to the Campaign's knowledge that the promises were false and that it had an undisclosed intent of not performing them.  The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all documents concerning Plaintiff's allegation"—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 18:**

All "statements," "public statements and media interviews," as referenced in paragraph 12 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks publicly available information.  The Request is disproportionate to the needs of the case due to the parties' relative access to information.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, the requested discovery is probative of a fact that Defendant has ample opportunity to obtain by other means—specifically, through publicly available information or its

own resources.  The Request is also disproportionate to the needs of the case because it seeks

production of "all public statements and media interviews" without limitation.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

**REQUEST NO. 19:**

All documents concerning Plaintiff's allegations in paragraph 17 of the Complaint,

including but not limited to a copy of the email referenced in paragraph 17 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the

case, overbroad, and seeks documents within Defendant's own custody and control.  The

Request is disproportionate to the needs of the case due to the parties' relative access to

25

information, specifically, the fact that the requested discovery is probative of a fact that

Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure

26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by

these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from

some other source that is more convenient, less burdensome, or less expensive."  In this matter,

Defendant should have within its custody and control the email referenced in paragraph 17 of the

Complaint.  The Request is also disproportionate to the needs of the case because the scope of

discovery sought—"all documents and communications" concerning "the nature and extent" of

Plaintiff's job duties—is extremely broad and the majority of the documents sought will likely be

only minimally probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 20:**

All documents concerning Plaintiff's allegations in paragraphs 19 and 50 of the Complaint, including but not limited to documents concerning Plaintiff's allegation that "the Campaign directed in writing that its regional managerial employees and other agents make [promises regarding employment through November 2020] while interviewing and recruiting prospective employees as well as after hire during onboarding."

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, and seeks documents within Defendant's own custody and control.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant should have within its custody and control all documents relating to its direction of RODs to communicate, and relating to its direct communication to other field staff, including Plaintiff, of the promises of, *inter alia*, employment and the opportunity to work on the general election.  The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all documents and communications" concerning "the nature and extent" of Plaintiff's job duties—is extremely broad and the majority of the documents sought will likely be

only minimally probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 21:**

All documents concerning Plaintiff's allegations in paragraph 20 of the Complaint that the Campaign's "interview notes template included the following: Employment through November 2020 with Team Bloomberg (not guaranteed location you are at now)," including but not limited to copies of any alleged "template[s]" in Plaintiff's possession.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, unduly burdensome, and seeks documents within Defendant's own custody and

control.  The Request is disproportionate to the needs of the case due to the parties' relative

access to information, specifically, the fact that the requested discovery is probative of a fact that

Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure

26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by

these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from

some other source that is more convenient, less burdensome, or less expensive."  In this matter,

Defendant should have within its custody and control any and all interview notes templates it

created or used.  The Request is also disproportionate to the needs of the case because the scope

of discovery sought—"all documents" concerning any opportunities Plaintiff forwent—is

extremely broad and the majority of the documents sought will likely be only minimally

probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

**REQUEST NO. 22:**

All documents concerning Plaintiff's allegations in paragraph 24 of the Complaint,

including but not limited to documents concerning any alleged "false statements" purportedly

made by "Director-level individuals."

**RESPONSE:**

Plaintiff objects to this Request on the basis that is disproportionate to the needs of the

case, overbroad, and unduly burdensome.  The Request is disproportionate to the needs of the

case due to the parties' relative access to information, specifically, the fact that the requested

discovery is probative of a fact that Defendant can learn through its own resources, particularly

as the complaint already provides the name and titles of individuals who made the alleged false

statement and the date when such statements were made; and because it asks Plaintiff to search

for documents that are already in Defendant's possession and control or are in the possession,

custody, or control of third parties.  Further, the Request is overbroad and unduly burdensome

because it requests "[a]ll" documents "concerning" the allegations.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

**REQUEST NO. 23:**

All documents concerning Plaintiff's allegations in paragraph 25 of the Complaint,

including but not limited to Plaintiff's allegation that Plaintiff "reasonably relied on the promised

opportunity to work on the primary and general election campaigns."

**RESPONSE:**

Plaintiff objects to this Request on the basis that is overbroad, unduly burdensome, and

disproportionate to the needs of the case, because the scope of discovery requested—"[a]ll"

documents, is extremely broad, without any limitation as to the scope or time period for

documents, and the majority of the documents sought will likely be only minimally probative of

the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

## REQUEST NO. 24:

All documents concerning any staffer "lured" from "the campaigns of Mr. Bloomberg's

competitors in the primary election," as alleged in Paragraph 30 of the Complaint.

## RESPONSE:

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad,

and unduly burdensome.  The Request is disproportionate to the needs of the case due to the

parties' relative access to information, specifically, the fact that the requested discovery is

probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of

Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery

otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . .

can be obtained from some other source that is more convenient, less burdensome, or less

expensive."  In this matter, Defendant is already in possession, custody, and control of

documents and information concerning the employees it hired and their prior work experiences.

The request is also overbroad and unduly burdensome because it requests "[a]ll" documents that concern "any staffer" lured from a competing campaign.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 25:**

All documents concerning Plaintiff's allegations in paragraphs 31 through 33 of the Complaint, including but not limited to Plaintiff's allegations that Plaintiff was "provided little to no time to begin working on the campaign after hire" and was "pressured to act very quickly."

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome.  The Request is disproportionate to the needs of the case due to the

parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant is already in possession, custody, and control of documents and information concerning the time periods between the Campaign's offers and expected start dates, as well as any documents or information relating to the Campaign's effort to have Plaintiff and other staffers begin their employment shortly after receiving employment offers. The request is also overbroad and unduly burdensome because it requests "[a]ll" documents "concerning" the allegations.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 26:**

All documents concerning Plaintiff's allegations in paragraph 34 of the Complaint that "many Plaintiffs had already begun working, including receiving work related emails, prior to their official 'start date.'"

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome.  The Request is also disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant is already in possession, custody, and control of documents and information concerning the employment start dates for its employees and any emails sent through Defendant's email system to such employees prior to their official start dates.  The request is also overbroad and unduly burdensome because it requests "[a]ll" documents "concerning" the allegations.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 27:**

All documents concerning Plaintiff's allegations in paragraph 35 of the Complaint that "[o]nce employed, the Campaign made additional false promises to Plaintiffs, other FOs, and other Field Employees that the Campaign would provide employment and the opportunity to work on both the primary and general election presidential campaigns, pay, and health insurance, and other benefits through November 2020."

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery

otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . .

can be obtained from some other source that is more convenient, less burdensome, or less

expensive."  In this matter, Defendant is already in possession, custody, and control of

documents and information concerning statements and communications made by the Campaign

to its employees.  The request is also overbroad and unduly burdensome because it requests

"[a]ll" documents that concern "any staffer" lured from a competing campaign.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

**REQUEST NO. 28:**

All documents concerning Plaintiff's allegations in paragraph 40 of the Complaint that the "Campaign even encouraged Plaintiffs, FOs, and other Field Employees to incorporate the employment promise in their talking points to prospective employees."

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome.  The Request is also disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant is already in possession, custody, or control of documents and information concerning the instructions given to Plaintiff and other FOs relating to call scripts, talking points, or other training.  The request is also overbroad and unduly burdensome because it requests "[a]ll" documents "concerning" the allegations.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 29:**

All documents concerning Plaintiff's allegations in paragraph 51 of the Complaint, including but not limited to documents concerning Plaintiff's allegation that the Campaign made alleged "false statements… to induce [Plaintiff] to accept [a] position[] on the Campaign and continue to work on the Campaign."

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  In this matter, Defendant is already in possession, custody, and control of information and documents, such as emails and offer letters, concerning statements and offers made to Plaintiff to accept a position with Defendant.  The Request is also overbroad and unduly burdensome because it requests "[a]ll" documents "concerning" the allegations.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 30:**

All documents concerning Plaintiff's allegations in paragraphs 38, 39 and 53 of the Complaint, including but not limited to documents concerning any "opportunities" that Plaintiff allegedly "forwent pursuing" to work for the Campaign.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome, because the scope of discovery sought—"all documents" concerning any opportunities Plaintiff forwent—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 31:**

All documents concerning the allegations in paragraph 95 of the Complaint, including but not limited to documents concerning the terms and conditions of Plaintiff's employment at "an insurance firm."  This Request also includes but is not limited to documents concerning any reduction in Plaintiff's hours and/or Plaintiff's separation from employment with the "insurance firm," as well as employment agreements, offer letters, contracts, pay records, employee benefits, compensation agreements, handbooks, manuals, policies, rules, guidelines, letters, memoranda, notes, or documents of any nature concerning Plaintiff's employment at "an insurance firm."

41

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome because the scope of discovery sought—"[a]ll documents" concerning other employment opportunities Plaintiff turned down—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case. Plaintiff further objects that this Request is duplicative of Request No. 30.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will search for documents sufficient to show the hours she worked for the insurance firm.

**REQUEST NO. 32:**

All documents concerning the amounts, types, and sources of revenue or income earned or received by Plaintiff in the four (4) years prior to Plaintiff's employment with the Campaign

and during Plaintiff's employment with the Campaign, including but not limited to Plaintiff's

personal and business tax returns, payroll stubs, profit and loss statements, disability payments,

Forms W-2 and 1099, and Schedules K-1.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad,

unduly burdensome, and harassing.  This Request is disproportionate to the needs of the case

because the scope of discovery sought is extremely broad and has no relevance to any claims or

defenses in this action.  Plaintiff additionally objects that this Request is harassing because it

seeks private, sensitive financial documents and information, and which are protected and

subject to a heightened burden for production.  *See, e.g.*, *Rosas v. Alice's Tea Cup, LLC*, 127 F.

Supp. 3d 4, 11 (S.D.N.Y. 2015) (holding that, while tax returns "are not inherently privileged,"

courts are "typically reluctant to compel their disclosure because of both the private nature of the

sensitive information contained therein and the public interest in encouraging the filing by

taxpayers of complete and accurate returns" and therefore "courts tend to place the burden on the

party seeking discovery [of tax returns] to demonstrate both relevancy and a compelling need")

(internal citations and quotation marks omitted); *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 212

(E.D.N.Y. 2010) (holding that plaintiffs' tax returns were not discoverable because defendants

had not demonstrated their relevance or a compelling need for the discovery).

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class

asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this

Request.

**REQUEST NO. 33:**

All documents concerning any application Plaintiff submitted to work for the Democratic

National Committee and/or state parties in 2020, including but not limited to documents

concerning the outcome of any such application.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad,

unduly burdensome because the scope of discovery sought—"[a]ll" documents "concerning" any

application submitted to the Democratic National Committee or state parties in 2020—is

extremely broad and the majority of the documents sought will likely be only minimally

probative of the claims and defenses in this case.  Plaintiff also objects that this Request is

duplicative of Request No. 37.

Further, because this Request seeks information related to the common law claims

originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis

that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or

Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 34:**

All documents concerning Plaintiff's relationship with any political campaign for which Plaintiff has worked in any capacity in the last four (4) years, including but not limited to employment agreements, offer letters, and/or contracts concerning Plaintiff's relationship with any campaign.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, and unduly burdensome, and vague.  The Request is disproportionate to the needs of the case due to the parties' relative access to information, specifically, the fact that the requested discovery is probative of a fact that Defendant can learn through its own resources, as Defendant is already in possession, custody, or control of documents and information concerning the prior work experience of its employees.  The Request is also overbroad and unduly burdensome because it requests "[a]ll" documents over a four-year period reflecting any "relationship" Plaintiff had

with any political campaigns, which is not likely to yield information probative of the claims and defenses in this case, and vague because it uses the undefined term "relationship."

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 35:**

All documents concerning any employment that Plaintiff has held (whether paid or unpaid), since Plaintiff's separation from employment with the Campaign in March of 2020, including but not limited to documents reflecting: the employers' names and addresses (and, if Plaintiff was self-employed, all documents concerning Plaintiff's self-employment); positions held; duties performed within such positions; supervisors; rates of pay; employee benefits or any

other compensation; dates of employment; disciplinary actions; and reasons for leaving such employment.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case and is overbroad. The Request is disproportionate to the needs of the case because the scope of discovery sought—"all documents" concerning "any employment" Plaintiff has held since Plaintiff's separation in March 2020, and including disciplinary actions and reasons for leaving employment—is extremely broad and the documents sought are not likely to be probative of the claims and defenses in this case.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 36:**

Signed authorizations in the form attached as Exhibit A to these Requests for (i) the employer from whom Plaintiff worked immediately preceding Plaintiff's employment with the Campaign; (ii) the employer(s) for whom Plaintiff worked during Plaintiff's employment with the Campaign (other than the Campaign itself), if any; and (iii) the employer for whom Plaintiff worked immediately following Plaintiff's separation from employment with the Campaign in March of 2020.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad,  harassing, and duplicative.  The Request is disproportionate to the needs of the case because the scope of discovery sought—disclosure of "any information relevant to [Plaintiff's] employment—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.  Plaintiff also objects that this request is beyond the scope of Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules because it does not ask Plaintiff to produce responsive documents but to create a document that will authorize Defendant to obtain documents from third parties.  Finally, the Request is duplicative of other Requests, including Requests No. 32 and 35.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not execute any authorizations in response to this Request.

**REQUEST NO. 37:**

All documents concerning Plaintiff's efforts to obtain employment since March of 2020, including but not limited to:

a)      correspondence with prospective employers (and, with respect to each such correspondence, documents concerning the name and title of person(s) contacted, name of position(s) sought, description of position(s) sought, pay rate of position(s) sought, and whether Plaintiff was offered the position(s));

b)      correspondence with headhunters, recruiting firms, or employment agencies (and, with respect to each such correspondence, documents concerning the name and title of person(s) contact, named of position(s) sought, description of position(s) sought, pay rate of position(s) sought, and whether Plaintiff was offered the position(s));

c)      employment inquiries of any kind, responses to classified advertisements, resume cover letters, referral letters, letters of recommendation, and applications for employment; and

d)       offers of employment made to Plaintiff since, and for each such offer, documents concerning terms and conditions of employment offered, name and description of position(s) offered, and whether Plaintiff accepted the offer(s).

**RESPONSE**:

Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad, unduly burdensome, and seeks documents outside of Plaintiff's custody and control.  The Request is disproportionate to the needs of the case because the scope of discovery sought— disclosure of "all" documents concerning Plaintiff's efforts to obtain employment since March 2020—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.  The Request is also unduly burdensome because the burden or expense of producing the proposed discovery outweighs its likely benefit.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no

50

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents in his possession, relating to her FLSA and California state law claims, consisting of her resumes and LinkedIn profile.

**REQUEST NO. 38:**

All documents showing Plaintiff's efforts, if any, to mitigate any and all damages Plaintiff alleges, or will allege, Plaintiff incurred or sustained as a result of any of the acts alleged in the Complaint, or as a result of any other alleged acts of Defendant in this action.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overbroad, premature, duplicative, and calls for a legal conclusion. This Request is disproportionate to the needs of the case because the scope of discovery sought—disclosure of "all" documents concerning Plaintiff's efforts to "mitigate" any and all damages Plaintiff alleges or will allege— is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case. Plaintiff also objects to this Request to the extent it calls for a legal conclusion. Finally, Plaintiff objects that this request is duplicative of other Requests, including Requests No. 35 and 37.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to

seek discovery from Plaintiff for these claims, as absent class member discovery is strongly

disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13

(1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for

his protection.").  By requesting that Plaintiff search for and produce information that has no

relationship to her FLSA or California state claims, this Request imposes a burden that is unduly

burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff directs Defendant to her responses to Request No.

37.

**REQUEST NO. 39:**

All documents concerning the nature, basis, amount, and/or manner of calculation of

monetary damages Plaintiff alleges, or will allege, Plaintiff incurred or sustained as a result of

any of the acts alleged in the Complaint, or as a result of any other acts by Defendant in this

action, including all documents showing specifically how such alleged damages were calculated.

**RESPONSE:**

Plaintiff objects that this Request is premature, overbroad, and seeks information within

Defendant's own custody and control, and seeks information protected by the attorney-client

privilege and work product doctrine.  This Request is premature because it seeks calculations

which rely on documents within Defendant's custody and control.  The Request is also

overbroad because the scope of discovery sought—disclosure of "all" documents concerning the

"nature, basis, amount, and/or manner of calculation of monetary damages" that Plaintiff

"alleges, or will allege"—is extremely broad and the majority of the documents sought will

likely be only minimally probative of the claims and defenses in this case.  Further, Plaintiff

objects that this Request impermissibly attempts to shift Plaintiff's burden of proof because

Defendant bears the obligation to maintain complete and accurate records of Plaintiff's hours worked, *see* 29 C.F.R. § 516.2, and seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and subsequent case law.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim. In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims. Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff will produce documents limited to her paystubs.

**REQUEST NO. 40:**

All documents concerning the nature and basis of any declaratory, equitable, or other non-monetary relief, if any, sought by Plaintiff in this action.

**RESPONSE:**

Plaintiff objects that this Request is overbroad, premature and seeks information

protected by the attorney-client privilege and work product doctrine.  The Request is also overbroad because the scope of discovery sought—disclosure of "all" documents concerning the "nature and basis" of any declaratory, non-monetary, or equitable relief—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.  Plaintiff also objects that this Request is premature as litigation and discovery in this case has just begun.

Subject to and without waiving these objections, Plaintiff does not have sufficient information to respond to this Request at this time.

**REQUEST NO. 41:**

All documents supporting or otherwise concerning any claims by Plaintiff in this litigation for attorneys' fees and costs.

**RESPONSE:**

Plaintiff objects that this Request is overbroad, vague and ambiguous, seeks information protected by the attorney-client privilege and work-product doctrine, and premature.  The Request is overbroad because the scope of discovery sought—disclosure of "all" documents "supporting or otherwise concerning" any claims by Plaintiff for attorneys' fees and costs—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.  Further, Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Plaintiff also objects that this Request is premature as litigation and discovery in this case has just begun and Plaintiff has not yet made any application for attorneys' fees and costs.

Subject to and without waiving these objections, Plaintiff does not have sufficient information to respond to this Request at this time.

**REQUEST NO. 42:**

All documents concerning Plaintiff's application (if any) for, attempts to collect, correspondence regarding, or receipt of workers' compensation, unemployment insurance benefits, Social Security benefits and/or any other government benefits in the last five (5) years.

**RESPONSE:**

Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad, and unduly burdensome.  The Request is disproportionate to the needs of the case because the scope of discovery sought—disclosure of "all" documents "concerning" any applications for workers' compensation, unemployment insurance, Social Security benefits "and/or other government benefits" over the last five years—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case. Further, the Request is overbroad because any applications made prior to Plaintiff's employment with Defendant bear no relevance to the claims or defenses in this case.  The Request is also unduly burdensome because the burden or expense of producing the proposed discovery outweighs its likely benefit.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and

allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

In light of these objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 43:**

To the extent not previously identified and produced, all documents identified in response to, or used in answering, Defendant's First Set of Interrogatories to Plaintiff, and all documents that are relevant to any of the claims and/or defenses in this action, and/or upon which Plaintiff intends to rely at the trial of this action, including any exhibits Plaintiff intends on introducing at trial.

**RESPONSE**:

Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad, unduly burdensome, premature, is duplicative of other Requests, and objects to the extent it seeks documents protected from disclosure by the attorney-client privilege or work-product doctrine.  The Request is disproportionate to the needs of the case because the scope of discovery sought—disclosure of "all" documents used or identified in response to Defendant's First Set of Interrogatories and "that are relevant to any of the claims and/or defenses in this action" or "upon which Plaintiff intends to rely at the trial"—is extremely broad and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case. The Request is also burdensome because the burden or expense of producing the proposed discovery outweighs its likely benefit.  Further, Plaintiff objects to this Request to the extent it seeks documents within Defendant's own custody and control, as Defendant is in possession of

documents relevant to the claims and defenses in this action.  Finally, Plaintiff objects that this Request is premature given that Plaintiff has not yet identified documents to introduce into evidence or otherwise rely upon at trial.

Subject to and without waiving these objections, Plaintiff has no responsive, non-privileged documents in her possession beyond those previously identified.

## REQUEST NO. 44:

All documents not otherwise identified by or responsive to the Requests herein concerning the allegations in the Complaint.

## RESPONSE:

Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad, seeks information in the custody or control of Defendant, and is vague and ambiguous, and objects to the extent it seeks documents protected from disclosure by the attorney-client privilege or work-product doctrine.  The Request is disproportionate to the needs of the case because the scope of discovery sought—disclosure of "all" documents not otherwise identified "concerning" the Complaint allegations—is extremely broad and vague, and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case. The Request is also burdensome because the burden or expense of producing the proposed discovery outweighs its likely benefit.  Further, Plaintiff objects to this Request to the extent it seeks documents within Defendant's own custody and control, as Defendant is in possession of documents relevant to the claims and defenses in this action.

Further, because this Request seeks information related to the common law claims originally asserted in this action but that have since been dismissed, Plaintiff objects on the basis that Defendant impermissibly seeks discovery that is not relevant to Plaintiff's claim or Defendant's defenses to this claim.  In the event of a reversal, a response from Plaintiff would

still not be appropriate as in that case she would be an absent class member of a putative class asserting common law claims.  Even if such a class is certified, Defendant will not be entitled to seek discovery from Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").  By requesting that Plaintiff search for and produce information that has no relationship to her FLSA or California state claims, this Request imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff has no responsive, non-privileged documents in her possession beyond those previously identified.


Dated: November 28, 2022
     New York, New York

OUTTEN & GOLDEN LLP

*/s/ Justin M. Swartz*
Justin M. Swartz
Michael C. Danna
Theanne Liu
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
Email: jms@outtengolden.com
Email: mdanna@outtengolden.com
Email: tliu@outtengolden.com

Hannah Cole-Chu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
1225 New York Avenue NW, Suite 1200B
Washington D.C. 20005
Telephone: (202) 914-5097
Fax: (202) 847-4410
Email: hcolechu@outtengolden.com

Gregg I. Shavitz (admitted *pro hac vice*)
Tamra Givens(admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

***Attorneys for Plaintiffs and the Putative
Collective and Classes***