

February 9, 2023

<u>Via CM/ECF</u>
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

Re: *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

    Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter. We write pursuant to the Court's Individual Rule of Practice 2(A)-(B) to request a pre-motion conference regarding Plaintiffs' anticipated motion pursuant to Federal Rule of Civil Procedure ("Rule") 20 to substitute a Rule 23 class representative.

    On March 30, 2020, Plaintiffs named Alan Robinson as the proposed class representative for the Wisconsin Rule 23 state class. ECF No. 29. Over the course of discovery, Mr. Robinson responded to Bloomberg's interrogatory requests, produced documents, and appeared for a deposition on November 1, 2022. After his deposition, however, Mr. Robinson decided that he longer wishes to represent the Wisconsin class, and Plaintiffs' counsel has determined that it would be in the best interest of the class to replace Mr. Robinson as a class representative.

    On January 27, 2023, Plaintiffs informed Bloomberg that they intended to substitute Tristan Angulo, who is already an Opt-in Plaintiff in this matter, ECF No. 76, as the class representative for the proposed Wisconsin class. On January 31, 2023, Bloomberg informed Plaintiffs that it would oppose any effort to substitute Mr. Angulo as Wisconsin class representative.

    The current deadline to complete fact discovery is March 31, 2023. Mr. Angulo is willing to produce discovery and available to appear for a deposition within that timeframe.

    Plaintiffs easily satisfy the liberal standard to substitute a class representative under Rule 21. That rule provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In deciding whether a party may be added under this rule, the Court is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 U.S. Dist. LEXIS 21377, at *2

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com   mail@outtengolden.com

(S.D.N.Y. Apr. 19, 2006) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). "The addition of new plaintiffs and class representatives in an FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions'" as the original complaint. *Id.* at *6 (quoting *Soler*, 86 F.R.D. at 528).

Notably, earlier in this matter, Bloomberg took the position that it is not necessary for Plaintiffs to amend their complaint in order to substitute a class representative if the new class representative is already a plaintiff in this case. Bloomberg argued that Plaintiffs can simply designate the new class representative at class certification. *See* ECF No. 282 at 9-10. A case that Bloomberg cited, *Rohrer v. FSI Futures*, No. 94 Civ. 6345, 1997 U.S. Dist. LEXIS 20475, at *3 (S.D.N.Y. Dec. 19, 1997), held exactly that, explaining that "plaintiffs may designate such potential class representatives as they choose and then submit those individuals to the discovery process."

Mr. Angulo is already a party plaintiff in this action and has claims involve the same factual and legal questions as Mr. Robinson and the other Plaintiffs. Further, Plaintiffs have not yet moved for class certification, and discovery is ongoing. Mr. Angulo is available to participate in discovery and Bloomberg cannot claim any prejudice related to the substitution.

Because Mr. Robinson has decided not to act as a class representative, the alternative to allowing this substitution is that the Wisconsin class members would have no representative and their claims would go unprotected. This seems to be Bloomberg's preferred result, and may explain its opposition to Plaintiffs' routine request. However, this would be unfair to the members of the Wisconsin class who have valid claims that should proceed.

We thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

CC: All Record of Counsel (via ECF)

The Court's premotion conference requirement is waived. Plaintiffs shall either file a formal motion or file a letter stating that they elect to have Docket # 318 serve as their moving papers. The briefing schedule shall be in accordance with paragraph 2.B of the Court's Individual Practices (and shall be disclosed either in the notice of motion or the letter just referenced). Defendant's opposition and plaintiff's reply may be in the form of a letter or a brief at their choosing.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
February 10, 2023