

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

February 28, 2023

**Via CM/ECF**

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

    We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter.  Pursuant to Rule 2.A of this Court's Individual Practices, the Campaign respectfully requests a pre-motion conference to address its anticipated motion for an order (1) compelling Plaintiffs Zia Oram ("Oram"), Daniel Smith ("Smith"), and Edrian Wright ("Wright") (collectively, the "Non-Compliant Plaintiffs") to respond to the Campaign's written discovery and/or provide deposition testimony pursuant to Fed. R. Civ. P. 37(a), and (2) warning the Non-Compliant Plaintiffs that their failure to do so will result in the dismissal of their claims under the Fair Labor Standards Act ("FLSA").

    On January 5, 2023 at approximately 10:00 a.m., counsel for the parties met and conferred via telephone for approximately 10 minutes regarding the Non-Compliant Plaintiffs' ongoing failure to comply with their discovery obligations.[1]  The Campaign informed Plaintiffs that it intended to move for an order directing the Non-Compliant Plaintiffs to fulfill their outstanding discovery obligations or their FLSA claims will be dismissed.  Plaintiffs' counsel stated that Plaintiffs consented to the Campaign's request for the issuance of such an order.[2]

---

[1] Rachel Philion, Noa Baddish, and Allison Martin of Proskauer Rose LLP participated in the meet and confer on behalf of the Campaign.  Theanne Liu and Michael Danna of Outten & Golden LLP participated in the meet and confer on behalf of Plaintiffs.

[2] Counsel for the Campaign also advised that, if the Non-Compliant Plaintiffs do not comply with such a Court order, then the Campaign intends to seek the dismissal of their FLSA claims with prejudice.  *See, e.g., Shi Ming Chen v. Hunan Manor Enter., Inc.,* 2020 WL 3527920 (S.D.N.Y. June 30, 2020) (Gorenstein, J.), *adopted by,* 2020 WL 4932777 (S.D.N.Y. Aug. 24, 2020) (dismissing claims with prejudice of plaintiffs who did not appear for their depositions).  Plaintiffs' counsel did not dispute that dismissal with prejudice would be appropriate as to Oram and Smith, but took the position that any such dismissal order should be without prejudice as to Wright.  Given that any dispute concerning the appropriate consequences of Wright's continued non-compliance with his discovery obligations is not presently ripe, the Campaign will not address the merits of its position that dismissal with prejudice is warranted in this letter, but reserves the right to do so if and when Wright disobeys a Court order and the Campaign moves for dismissal of his FLSA claims.  If the Court would prefer that the parties address the issue of whether any dismissal order should be with or without prejudice now, the Campaign is happy to do so in a supplemental letter.

**Proskauer»**

The Hon. Gabriel W. Gorenstein
February 28, 2023
Page 2

I. <u>Background</u>

    A. **Zia Oram and Daniel Smith**

Oram was the proposed Michigan class representative in the Amended Complaint (Dkt. 29 ¶ 32) and Second Amended Complaint. (Dkt. 86 ¶ 78.) He also filed a consent-to-join form with respect to the FLSA claim. (Dkt. 14-1.) Smith is a Named Plaintiff and an Opt-in Plaintiff. (Dkts. 7-1, 29, 86, 296 ¶¶162-63.)

On August 14, 2020, the Campaign served its First Requests for the Production of Documents and its First Set of Interrogatories (together, "Written Discovery") on the Named Plaintiffs and a small number of Opt-in Plaintiffs. Plaintiffs objected to providing discovery responses for all of the individuals served with Written Discovery. Following a meet and confer, on September 1, 2020, the parties entered into a Stipulation that provided the then-eight Representative Plaintiffs—including Oram—and ten Opt-in Plaintiffs of the Campaign's choosing would respond to the Campaign's Written Discovery. The Campaign subsequently advised Plaintiffs that it had selected Smith as one of the Opt-in Plaintiffs to respond to Written Discovery.

Oram's and Smith's responses to the Campaign's Written Discovery were due on October 19, 2020. Neither individual served their responses on October 19, 2020, nor have they done so at any time thereafter. Plaintiffs' counsel has informed the Campaign that they are not in contact with Oram and Smith.

    B. **Edrian Wright**

Wright is an Opt-in Plaintiff. (Dkt. 120-1.) In accordance with the aforementioned September 1, 2020 Stipulation, Wright also was selected by the Campaign to participate in discovery.[3] On September 14, 2022, the Campaign served a Notice of Deposition on Wright, which duly noticed his deposition for October 20, 2022. On October 7, 2022, Plaintiffs' counsel requested that Wright's deposition be adjourned to November 4, 2022. The Campaign agreed to this request and served an Amended Notice of Deposition that directed Wright to appear for his deposition on November 4, 2022.

On November 2, 2022—a mere two days before the scheduled deposition—Plaintiffs' counsel informed the Campaign that Wright was not going to appear for his deposition on November 4. The Campaign repeatedly sought to reschedule Wright's deposition, but, on November 17, 2022, Plaintiffs' counsel advised that Wright would not appear for a deposition.

---

[3] Wright responded to the Campaign's Written Discovery on October 19, 2020.

**Proskauer**

The Hon. Gabriel W. Gorenstein
February 28, 2023
Page 3

## II. The Non-Compliant Plaintiffs Should Be Compelled To Promptly Provide Outstanding Discovery And Warned That Failure to Do So Will Result In Dismissal.

The law is "well-settled that an opt-in FLSA plaintiff is required to participate in party discovery." *Julian v. Metro. Life Ins. Co.*, No. 17-cv-957 (AJN) (BCM), 2020 WL 1699983, at *1 (S.D.N.Y. Apr. 7, 2020); *see also Morangelli v. Chemed Corp.*, No. 10-cv-876 (BMC), 2011 WL 7475, at *2 (E.D.N.Y. Jan. 1, 2011) (finding that there is "nothing in the nature of collective actions or in the 'spirit' of the FLSA that would allow plaintiffs to flout their individual discovery obligations").

Where, like here, opt-in plaintiffs refuse to participate in written discovery or provide deposition testimony, district courts in the Second Circuit routinely will compel the plaintiffs to comply with their discovery obligations within a specified, limited period of time, and warn that their failure to so may result in dismissal of their claims. *See, e.g.*, *Julian*, 2020 WL 1699983, at *2 (compelling an opt-in plaintiff to appear for deposition within 30 days of order and warning that failure to comply could result in dismissal of claims); *Morangelli*, 2011 WL 7475, at *1-2 (compelling non-compliant opt-in plaintiffs to appear for depositions within three weeks or else "have their claims dismissed with prejudice"); *Ruiz v. Citibank, N.A.*, No. 10-cv-5950 (KPF) (RLE), 2014 WL 4635575, at *1-4 (S.D.N.Y. Aug. 19, 2014) (noting that the court previously had warned opt-in plaintiffs that their continued failure to respond to discovery would result in the dismissal of their claims with prejudice and finding dismissal to be the appropriate sanction for plaintiffs' non-compliance with that order).

Given the Non-Compliant Plaintiffs' continued disregard for their discovery obligations in this action and the looming April 1, 2023 deadline for completion of fact discovery, the Campaign respectfully requests that the Court issue such an order in this case directing the Non-Complaint Plaintiffs to respond to Written Discovery and/or appear for their depositions within 20 days, and cautioning them that their failure to do so will result in the dismissal of their FLSA claims. As set forth above, Plaintiffs have indicated that they will not oppose the Campaign's request for the issuance of such an order.

## III. Conclusion

For the foregoing reasons, the Campaign respectfully requests that the Court schedule a pre-motion conference to address the Campaign's anticipated motion to (1) compel Oram and Smith to respond to Written Discovery within 20 days of entry of the Court's Order; (2) compel Wright to appear for his deposition within 20 days of entry of the Court's Order; and (3) warn the Non-Compliant Plaintiffs that their failure to comply will result in the dismissal of their FLSA claims.

The Campaign thanks the Court for its attention to this matter.

**Proskauer**

The Hon. Gabriel W. Gorenstein
February 28, 2023
Page 4

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom


cc:      All Counsel of Record (via CM/ECF)