# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DONNA WOOD, ET AL., individually and on behalf of those similarly situated,

        Plaintiffs,

   v.

MIKE BLOOMBERG 2020, INC.,

        Defendant.

No. 20 Civ. 2489 (LTS) (GWG)

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION
## TO SUBSTITUTE CLASS REPRESENTATIVE

**INTRODUCTION**

The Court should permit Plaintiff Tristan Angulo to serve as the representative of the putative Wisconsin class in lieu of Plaintiff Alan Robinson.  Plaintiffs' request is timely, as the Court's April 11, 2022 Scheduling Order did "not set a deadline for joining parties but will instead apply the requirements of Rule 15."  ECF No. 262 (Scheduling Order) at 3.  Accordingly, Plaintiffs' request is reviewed under Rule 15, which requires leave to be freely granted when justice so requires, and Rule 21, which provides that "the court may at any time, on just terms, add or drop a party."  Plaintiffs satisfy the standard for joining new parties because the request is not futile and Defendant will not face prejudice.

Defendant's opposition is rife with overheated rhetoric, accusations, and inflammatory language, all of which is irrelevant to the question before the Court under Rules 15 and 21. Plaintiff Angulo, an opt-in, wishes to serve in place of Plaintiff Robinson as the proposed Wisconsin class representative, and has been standing by waiting to participate in discovery since January with months to go in the discovery period.  Without substitution, Wisconsin class members would have no representative and their claims would go unprotected.  The Court should reject Defendant's unsupported claims of undue prejudice and permit substitution here.

**ARGUMENT**

**I.      Rules 15 and 21 Govern Because the Court Did Not Set a Deadline for Joining Parties.**

The Court explicitly declined to "set a deadline for joining parties" in its April 2022 Scheduling Order, and ordered that it "will instead apply the requirements of Rule 15."  ECF No. 262 at 3.  Contrary to Defendant's argument, Plaintiffs' request is therefore timely and should be analyzed under the Rule 15 standard.  It should also be analyzed under Fed. R. Civ. P. 21, which applies the same lenient standard.  *See Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452,

1

2006 U.S. Dist. LEXIS 21377, at *2 (S.D.N.Y. Apr. 19, 2006) ("In deciding whether a party may be added under this rule, the Court is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980))).

Defendant refers the Court to a May 31, 2022 deadline which specifically concerned Plaintiffs' then-long-planned motion for leave to amend the complaint for the specific and limited purpose of alleging PAGA claims and substituting the California and Michigan class representatives. This deadline was limited to the "certain" class representatives the parties had already conferred about. Plaintiffs did not agree to a May 31, 2022 deadline for joinder of any other parties, and indeed identified that it may add other parties if necessary following discovery. *See* ECF No. 261 at 3-4 (Proposed Scheduling Order).

Because Plaintiffs have complied with the Court's Scheduling Order, Defendant is incorrect that Rule 16's higher standard should govern Plaintiffs' request. All of Defendant's cases applying Rule 16 involve a finding that the plaintiffs' requested substitution was untimely under deadlines to join new parties as ordered by the court. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (holding that motion to amend was untimely because filed after deadline to amend pleadings); *DeCastro v. City of N.Y.*, No. 16 Civ. 3850, 2020 U.S. Dist. LEXIS 153037, at *19, *33 (S.D.N.Y. Aug. 24, 2020) (motion to amend untimely where request was made "over three years" after the deadline to amend pleadings, "three years after the close of discovery, more than two years after summary judgment was granted, three months after class certification was denied, and mere weeks before pre-trial motions were due"); *Otegbade v. N.Y.C. Admin. for Child. Servs.*, No. 12 Civ. 6298, 2015 U.S. Dist. LEXIS 24580, at *7-11 (S.D.N.Y. Feb. 27, 2015) (request to name new defendants denied because filed after deadline to

join new parties); *Gullo v. City of N.Y.*, 540 F. App'x 45, 47-48 (2d Cir. 2013) (same).

In contrast, in *Chen v. Good Chows Inc.*, the court rejected the defendant's argument that

Rule 16 applied because, like here, the court had never set a deadline to join parties to the action.

No. 14 Civ. 5960, 2016 U.S. Dist. LEXIS 61691, at *4-5 (S.D.N.Y. May 3, 2016).  Rules 15 and

21 govern the analysis here.

## II.      Plaintiffs Meet the Rule 15 and 21 Standards for Substitution of a Class Representative.

Under Rules 15 and 21, leave to amend should be freely granted unless "the proposed

amendment would be futile" or it would "result in prejudice to the opposing parties."  *Soroof*

*Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012).  Defendant

concedes that substituting Mr. Angulo would not be futile by not addressing that factor.

Instead, Defendant's argument focuses on overblown claims of prejudice.  "Prejudice

arises when the amendment would '(i) require the opponent to expend significant additional

resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the

dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Id.* at

147 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  "[T]he need for

new discovery is not sufficient to constitute undue prejudice on its own."  *Duling v. Gristede's*

*Operating Corp.*, 265 F.R.D. 91, 100 (S.D.N.Y. 2010); *see also United States ex rel. Mar.*

*Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) (finding that an

"adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant

denial of a motion to amend a pleading"); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d

380, 386 (2d Cir. 1968); *Chen*, 2016 U.S. Dist. LEXIS 61691, at *6; *Town of New Windsor v.*

*Tesa Tuck, Inc.*, 919 F. Supp. 662, 679 (S.D.N.Y. 1996); *St. Paul Fire & Marine Ins. Co. v.*

*Heath Fielding Ins. Broking Ltd.*, No. 91 Civ. 0748, 1995 U.S. Dist. LEXIS 19847, at *22-23

(S.D.N.Y. Jan. 17, 1996).

Defendant is not prejudiced by the substitution and Plaintiffs did not unduly delay in seeking it.  Plaintiffs seek to substitute one class representative during the discovery period, before class certification.  Plaintiff Angulo and Plaintiff Robinson both worked in the same position, for the same period of time, in the same exact field office, under the same supervisor, and plead the same unpaid overtime claims against Defendant.  *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013) (finding no prejudice where defendant "w[ould] not have to expend significant additional resources because the same claims in the original complaint are being alleged against the new parties").  Discovery is ongoing and, at the time Plaintiffs notified Defendant of their intention to substitute Mr. Angulo, more than two months remained for Defendant to collect the discovery it needed from him.  Defendant's argument that only a month now remains in discovery is a problem of its own making by refusing to stipulate to the amendment and insisting on a full briefing schedule.  Nevertheless, Mr. Angulo remains standing by waiting to participate.

Defendant's assertions of burden boil down to the following:  it will need to export Mr. Angulo's email inbox to Plaintiffs, review discovery responses and productions, and take Mr. Angulo's deposition.  ECF No. 321 (Opp.) at 14.[1]  This routine description of discovery does not support Defendant's claim that it would "bear substantial costs" following substitution.  *Id.*  Indeed, undercutting Defendant's argument that its email productions are unduly burdensome,

---

[1]     Defendant's characterization of "unique issues" arising during depositions warrants correction.  Opp. at 15.  Defendant misrepresents discovery to date by claiming—in an otherwise irrelevant aside—that Plaintiffs were "working for other campaigns at the same time that they claim to have been working long hours seven days a week for the Campaign."  *Id.*  This is entirely untrue.  Each time Defendant's Counsel has asked in a deposition whether a Plaintiff performed work for another campaign while also working for Bloomberg, the answer has been no.  Declaration of Justin M. Swartz ("Swartz Decl.") ¶ 6.

Defendant voluntarily and unprompted by Plaintiffs produced the email inboxes of 25 additional Field Organizers as part of its ESI production in November-December 2022—the same step it would now take for Mr. Angulo.  Swartz Decl. ¶ 12.  Further, contrary to Defendant's arguments, the discovery it has taken to date from Plaintiff Robinson is directly relevant to the claims of the FLSA collective and the Wisconsin class, as Plaintiffs Robinson and Angulo both served in the same role, in the same office, at the same time, under the same supervisor.  Permitting the substitution will not require Bloomberg to "expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute."

Defendant's cases finding prejudice are distinguishable because the amendment was sought near to or even after the close of discovery.  In *Davis v. Lenox Hill Hospital*, the plaintiffs sought to name fourteen new class representatives after the close of discovery.  No. 03 Civ. 3746, 2004 U.S. Dist. LEXIS 17283, at *12-14 (S.D.N.Y. Aug. 31, 2004).  In *Lesnik v. Lincoln Financial Advisors Corp.*, the court denied the plaintiff leave to allege three new causes of action filed "immediately before the scheduled end of discovery" because the claims, which were entirely unrelated from the existing claims, "would . . . restart the clock on discovery."  No. 18 Civ. 3656, 2019 U.S. Dist. LEXIS 202253, at *8 (S.D.N.Y. Nov. 20, 2019).  In *Wade v. Kay Jewelers, Inc.*, the plaintiff filed the case against five John and Jane Doe defendants.  No. 17 Civ. 990, 2018 U.S. Dist. LEXIS 123050, at *2 (D. Conn. July 24, 2018).  Despite knowing that he would need to ascertain the identity of the defendants and amend the complaint from the start of the litigation, he did not do so until after the deadline to join new parties, discovery was complete, and the defendant had filed a motion for summary judgment.  *Id.* at *4.  In *In re Digital Music Antitrust Litigation*, the plaintiffs delayed *years* before seeking substitution.  No. 06 Civ. 1780, 2015 U.S. Dist. LEXIS 195055, at *30 (S.D.N.Y. Mar. 2, 2015).

In stark contrast with these cases, Plaintiffs seek to substitute one class representative whose work experience is exceedingly similar to the individual being replaced, before discovery has closed, before a motion for class certification has been filed, let alone briefed, and before any dispositive motions.

**III.     Even if Rule 16 Applied, Which it Does Not, Plaintiffs Have Good Cause for Substitution.**

If the Court concludes that Rule 16 governs here, which it should not, Plaintiffs have good cause to substitute Tristan Angulo as Wisconsin class representative.  "Good cause is demonstrated by a showing that 'despite its having exercised diligence, the applicable deadline could not have been reasonably met' by the plaintiff."  *Soroof Trading Dev. Co.*, 283 F.R.D. at 147 (quoting *Oscar v. BMW of N. Am.*, No. 09 Civ. 11, 2011 U.S. Dist. LEXIS 146395, at *2 (S.D.N.Y. Dec. 20, 2011)).  The inquiry hinges not on whether the plaintiff could have sought the relief sooner, but on the "information that the party knew or should have known *prior to the deadline*."  *Id.* (emphasis added).

Plaintiffs have good cause to substitute Plaintiff Robinson for Plaintiff Angulo as Wisconsin class representative.  Defendant did not depose Plaintiff Robinson until November 2022, more than five months after the May 31, 2022 deadline that Defendant claims would apply.  Swartz Decl. ¶ 3.  Following this deposition in early November 2022, Plaintiff Robinson decided, in consultation with counsel, that it would be in the best interests of the class to withdraw as the Wisconsin class representative.  *Id.* ¶ 5.  Because the events triggering the need for substitution did not arise until months after May 31, 2022, Plaintiffs could not have reasonably met a May 31, 2022 deadline for substitution, even if such a deadline applied.

Further, there was no undue delay on the part of Plaintiffs or Plaintiffs' Counsel.  In the period between Plaintiff Robinson's November 2022 decision to withdraw as representative and

Plaintiffs' January 2023 request that Defendant consent to substitution, in addition to discussing

substitution with Angulo, Plaintiffs' Counsel defended or took at least twelve depositions,

reviewed thousands of documents, opposed and successfully quashed Defendant's unnecessary

third-party subpoena, prepared additional written discovery responses for an additional witness at

Defendant's request, and spent significant time conferring with Defendant's counsel regarding

their supposedly necessary follow-up discovery requests for, as examples, paystubs from

Plaintiffs that Defendant had already produced in this litigation and duplicate copies of already-

produced LinkedIn profiles (some of which were publicly available), among others.[2]

Substitution of class representatives is routine in wage and hour cases. *See Gilliam*, 2006

U.S. Dist. LEXIS 21377, at *6 (providing that during pre-class certification discovery, adding

new class representatives is "generally allowed" in FLSA cases as long as the new parties have

"the same or related factual and legal questions" (quoting *Soler*, 86 F.R.D. at 528)); *Rohrer v.*

*FSI Futures*, No. 94 Civ. 6345, 1997 U.S. Dist. LEXIS 20475, at *3 (S.D.N.Y. Dec. 19, 1997)

(providing that "while discovery on [class certification] is proceeding . . . plaintiffs may

---

[2]     Defendant also refers to the 60-day discovery extension at least five times in its opposition, grossly misrepresenting the meet-and-confer process. During that meet-and-confer, Plaintiffs' Counsel cited the following reasons for an extension: (1) that Defendant had produced tens of thousands of documents in late November and early December, which Plaintiffs needed additional time to review; (2) that Defendant had postponed a key deposition until the final week of the discovery schedule, which would have precluded Plaintiffs from pursuing follow-on discovery; (3) that Plaintiffs may notice other depositions; (4) that Plaintiffs intended to seek additional affirmative discovery; (5) Defendant's insistence, under threat of litigation, that all of its 17 affirmative depositions occur in late October through early December; and (6) the time and resources required during this period by motion practice (quashing Defendant's overbroad subpoena and re-litigating the already-decided motion to dismiss). Swartz Decl. ¶¶ 8-9. Only after these reasons did Plaintiffs' Counsel additionally request agreement to the extension as a professional courtesy in light of trial preparation and the holiday period. *Id.* ¶ 10. When Plaintiffs sent Defendant a draft letter to the Court regarding the discovery extension, Defendant conditioned its consent to the request on Plaintiffs limiting their reasons for the extension to Plaintiffs' competing trial demands and the holiday period. *Id.* ¶ 11.

designate such potential class representatives as they choose and then submit those individuals to

the discovery process").  While Defendant attempts to malign this substitution as mere "litigation

strategy," ECF No. 321 (Opp.) at 11-12, both Plaintiff Robinson and Plaintiffs' counsel take

seriously their obligation to represent the best interests of the putative Wisconsin class.

Accordingly, Plaintiff Robinson has determined, in consultation with counsel, that it is in the

best interests of the class for another class representative to step in.[3]

Defendant's cases are inapplicable because they involve markedly different situations.

*See, e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (affirming denial

of motion to amend complaint with new claim after deadline, finding no good cause to amend

because plaintiff had at the outset of the case "all the information necessary" to support the claim

he sought to add); *DeCastro*, 2020 U.S. Dist. LEXIS 153037, at \*33 (no good cause where

substitution sought after discovery, class certification, and summary judgment, where trial was

scheduled, plaintiffs accepted offers of judgment, and the proposed substitution changed the

nature of the claims at issue); *Otegbade*, 2015 U.S. Dist. LEXIS 24580, at \*9 (no good cause to

amend where plaintiff was on notice that he had named the wrong defendant when defendant had

filed its answer two years prior, discovery had closed, and summary judgment was pending);

*Osakan v. Apple Am. Grp.*, No. 08 Civ. 4722, 2010 U.S. Dist. LEXIS 53830, at \*6 (N.D. Cal.

May 3, 2010) (no good cause where request to amend involved new legal theory and four new

class representatives two weeks ahead of the discovery deadline, purportedly to address a

---

[3]     Bloomberg's cases to this "strategy" point lend little support.  *See Furry Puppet Studio v. Fall Out Boy*, No. 19 Civ. 2345, 2020 U.S. Dist. LEXIS 155557, at \*5 (S.D.N.Y. Feb. 24, 2020), (denying second request for extension of discovery cut-off where request was not supported by any detail regarding the discovery remaining); *Oneida Indian Nation v. Cty. of Oneida*, 199 F.R.D. 61, 81 (N.D.N.Y. 2000) (finding bad faith after "drastic" strategy change where party reversed course on a position "despite 30 years of assurances to the contrary").

standing issue with the existing class representative known since the inception of the suit).  *Hitt*

*v. Ariz. Bev. Co., LLC*, which Defendant claims is "remarkably similar," is easily distinguishable.

No. 08 Civ. 809, 2009 U.S. Dist. LEXIS 109702, at *16 (S.D. Cal. Nov. 24, 2009).  In that case,

several months after the deadline for joinder or amending pleadings, the lone plaintiff sought to

entirely withdraw from the case and the plaintiff's counsel asked for 60 days to find a new

substitute.  The court denied the request and determined that there was no longer any case or

controversy before the court because the plaintiff was withdrawing her claim, and the court

therefore lacked jurisdiction.  *Id.* at *14-15.  Further, the court determined that, even if a case or

controversy still existed, Rule 16 would apply because the deadline had passed, and the plaintiff

had not shown good cause.  *Id.* at *15-16.  These facts are not similar to the case here, where

Angulo is already a Plaintiff, Plaintiff Robinson is not withdrawing from the case, and Defendant

has not argued that the proposed substitution would cause the Court to lack jurisdiction.

Plaintiffs could not have moved for substitution prior to Defendant's claimed May 31,

2022 deadline, have not unduly delayed in seeking substitution, and Defendant is not prejudiced.

For these reasons, Plaintiffs have good cause to substitute the Wisconsin class representative.

**IV.   Plaintiff Robinson Does Not Seek to Withdraw as Class Representative to Evade His Discovery Obligations.**

Defendant devotes a significant portion of its opposition unnecessarily recounting

Plaintiff Robinson's November 2022 deposition, needlessly maligning him as a "profane,

insolent convict," and accusing both Plaintiff Robinson and Plaintiffs' Counsel of attempting to

"evade" his discovery obligations.  The Court should reject Defendant's distracting arguments,

which are entirely irrelevant to the substitution request.

Plaintiff Robinson has fully participated in discovery to date.  He responded to written

discovery in October 2020 and has produced over 200 documents, including correspondence,

resumes, job applications, and others.  Swartz Decl. ¶ 7.  He also sat for a full deposition.[4]

Defendant's claimed document deficiencies concern a search for text messages that Plaintiff

Robinson sent (and Bloomberg destroyed, in Spring 2020) on his Bloomberg-issued cell phone, a

single social media post of a photograph of Robinson with Michael Douglas's son at a campaign

event, and an additional version of a LinkedIn profile that Robinson already produced and is

publicly available, as well as irrelevant documents regarding Robinson's conviction history to

which Plaintiffs have objected.  Swartz Decl. ¶ 7.  While Plaintiff Robinson is no longer willing

or able to serve as a Wisconsin class representative, he has undertook these additional searches

(with the exception of documents related to his conviction history).  *Id.*  Defendant's cases are

therefore inapposite.  *See In re Dig. Music Antitrust Litig.*, 2015 U.S. Dist. LEXIS 195055, at

*32-33 (describing plaintiffs' request to withdraw only after they had been ordered to produce

documents related to unauthorized downloads of music); *Counts v. Gen. Motors, LLC*, No. 26

Civ. 12541, 2019 U.S. Dist. LEXIS 239952, at *4-5 (E.D. Mich. Mar. 12, 2019) (denying

plaintiff's request to withdraw "without prejudice" as a class representative where plaintiff had

refused to engage in any written or deposition discovery).  The remaining, limited discovery

Defendant seeks from Plaintiff Robinson has no bearing on the Court's joinder analysis here.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to substitute Tristan

Angulo as Rule 23 class representative for the putative Wisconsin class.

---

[4]     Plaintiffs do not dispute that Plaintiff Robinson's deposition was difficult and involved profanity.  Despite Defendant's incorrect and gratuitous statements, ECF No. 321 (Opp.) at 6 & 7 n.5, Plaintiffs' Counsel promptly contacted Defendant's Counsel following the deposition on November 1, 2022 to apologize for Plaintiff Robinson's conduct.  Swartz Decl. ¶ 4.

Respectfully submitted,

Dated:       March 3, 2023          By: */s/ Justin M. Swartz*
             New York, NY

Justin M. Swartz
Michael C. Danna
Theanne Liu Svedman
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: 212-245-1000
Fax:  646-509-2060
jms@outtengolden.com
mdanna@outtengolden.com
tliu@outtengolden.com

Hannah Cole-Chu*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW, Suite 1200B
Washington, DC, 20005
Tel.: 202-847-4400
Fax:  202-847-4410
hcolechu@outtengolden.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
800 3rd Avenue, Suite 2800
New York, NY 10022
Tel.: 800-616-4000
Fax:  561-447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel.: 561-447-8888
Fax: 561-447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

***Attorneys for Plaintiffs, the Collective, and the Putative Classes***

*Admitted *pro hac vice*

11