

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 7, 2023

**Via CM/ECF**

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

    We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter.  Pursuant to Rule 2.A of this Court's Individual Practices, the Campaign respectfully requests a pre-motion conference to address its anticipated motion for an order (1) compelling Plaintiff Ayo Tillman ("Tillman") to respond to the Campaign's written discovery pursuant to Fed. R. Civ. P. 37(a) by no later than March 24, 2023, and (2) warning Tillman that her failure to do so will result in the dismissal of her claims under the Fair Labor Standards Act ("FLSA").

    This Court previously issued a similar order with respect to Plaintiffs Zia Oram, Daniel Smith and Edrian Wright on March 3, 2023.  (Dkt. 327.) While the Campaign had initially anticipated addressing Tillman's failure to comply with her discovery obligations in the pre-motion conference letter it filed on February 28, 2023 concerning Plaintiffs Oram, Smith and Wright who also have not fulfilled their discovery obligations (Dkt. 323), as set forth below, Plaintiffs' counsel had previously represented in late January 2023 that Tillman would be providing discovery responses and did not inform the Campaign that Tillman would not provide her discovery responses after all until last Friday afternoon.

### I.   Background

#### A.  Tillman's Initial Failure to Respond to Written Discovery

    Ayo Tillman joined this lawsuit as an Opt-in Plaintiff on April 14, 2020.  (Dkt. 50-1.)

    On August 14, 2020, the Campaign served its First Requests for the Production of Documents and its First Set of Interrogatories (together, "Written Discovery") on the Named Plaintiffs and a small number of Opt-in Plaintiffs.  Plaintiffs objected to providing discovery responses for all of the individuals served with Written Discovery.  Following a meet and confer, on September 1, 2020, the parties entered into a Stipulation that provided the then-eight Representative Plaintiffs and ten Opt-in Plaintiffs of the Campaign's choosing would respond to the Campaign's Written Discovery.  The Campaign subsequently advised Plaintiffs that it had

selected Tillman as one of the Opt-in Plaintiffs to respond to Written Discovery pursuant to the parties' September 1, 2020 Stipulation.

Tillman's responses to the Campaign's Written Discovery were due on October 19, 2020. She did not serve her responses on October 19, 2020 and, instead, Plaintiffs' counsel informed the Campaign that they were unable to get in contact with Tillman regarding her responses.

### B. After the Parties Meet and Confer About Tillman's Failure to Provide Discovery Responses, Tillman Represents She Will Serve Her Responses and Then Fails to Do So Again.

On January 5, 2023 at approximately 10:00 a.m., counsel for the parties met and conferred via telephone for approximately 10 minutes regarding the ongoing failure of Tillman and other plaintiffs (the "Non-Compliant Plaintiffs") to comply with their discovery obligations.[1] The Campaign informed Plaintiffs that it intended to move for an order directing the Non-Compliant Plaintiffs to fulfill their outstanding discovery obligations or their FLSA claims will be dismissed. Plaintiffs' counsel stated that Plaintiffs consented to the Campaign's request for the issuance of such an order.[2]

Following the meet and confer, on January 25, 2023, Plaintiffs' counsel advised that Tillman would be able to provide responses to the Campaign's Written Discovery. On February 27, 2023, counsel for the Campaign emailed Plaintiffs' counsel to inquire about the status of Tillman's responses. The Campaign did not receive a response to this email.

On February 28, 2023, the Campaign filed a letter to the Court requesting a pre-motion conference concerning the failure of Plaintiffs Oram, Smith and Wright to participate in discovery. (Dkt. 323.) This letter did not address Tillman in light of Plaintiffs' prior representation that her discovery responses would be forthcoming. Plaintiffs did not oppose the Campaign's February 28, 2023 request. (Dkt. 324.)

On March 2, 2023, the Campaign emailed Plaintiffs' counsel again and advised that if Tillman did not serve her Written Discovery responses by close of business on March 3, 2023, then the Campaign intended to supplement its February 28 letter to the Court to also address Tillman's ongoing non-compliance with her discovery obligations. In the afternoon on Friday, March 3, 2023, Plaintiffs' counsel advised that they would not be producing Tillman's responses

---

[1] Rachel Philion, Noa Baddish, and Allison Martin of Proskauer Rose LLP participated in the meet and confer on behalf of the Campaign. Theanne Liu and Michael Danna of Outten & Golden LLP participated in the meet and confer on behalf of Plaintiffs.

[2] Counsel for the Campaign also advised that, if the Non-Compliant Plaintiffs do not comply with such a Court order, then the Campaign intends to seek the dismissal of their FLSA claims with prejudice. *See, e.g., Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920 (S.D.N.Y. June 30, 2020) (Gorenstein, J.), *adopted by,* 2020 WL 4932777 (S.D.N.Y. Aug. 24, 2020) (dismissing claims with prejudice of plaintiffs who did not appear for their depositions). Plaintiffs' counsel did not dispute that dismissal with prejudice would be appropriate as to Tillman.

**Proskauer»**

The Hon. Gabriel W. Gorenstein
March 7, 2023
Page 3

to the Campaign's Written Discovery.  Plaintiffs' counsel further advised that they would not oppose the Campaign's request for the issuance of an order to compel Tillman to respond to written discovery with a warning that failure to do so may result in dismissal of her FLSA claims.

Shortly thereafter, on March 3, 2023, the Court issued an order: (i) directing Plaintiffs Oram and Smith to respond to Written Discovery on or before March 24, 2023; (ii) directing Plaintiff Wright to appear at a deposition on or before March 24, 2023, and (iii) warning Oram, Smith and Wright that "any failure to comply with this Order may result in dismissal of their claims."  (Dkt. 327.)

## II. Tillman Should Be Compelled To Promptly Provide Outstanding Discovery And Warned That Failure to Do So Will Result In Dismissal.

The law is "well-settled that an opt-in FLSA plaintiff is required to participate in party discovery."  *Julian v. Metro. Life Ins. Co.*, No. 17-cv-957 (AJN) (BCM), 2020 WL 1699983, at *1 (S.D.N.Y. Apr. 7, 2020); *see also Morangelli v. Chemed Corp.*, No. 10-cv-876 (BMC), 2011 WL 7475, at *2 (E.D.N.Y. Jan. 1, 2011) (finding that there is "nothing in the nature of collective actions or in the 'spirit' of the FLSA that would allow plaintiffs to flout their individual discovery obligations").

Where, like here, opt-in plaintiffs refuse to participate in written discovery or provide deposition testimony, district courts in the Second Circuit routinely will compel the plaintiffs to comply with their discovery obligations within a specified, limited period of time, and warn that their failure to so may result in dismissal of their claims.  *See, e.g.*, *Julian*, 2020 WL 1699983, at *2 (compelling an opt-in plaintiff to appear for deposition within 30 days of order and warning that failure to comply could result in dismissal of claims); *Morangelli*, 2011 WL 7475, at *1-2 (compelling non-compliant opt-in plaintiffs to appear for depositions within three weeks or else "have their claims dismissed with prejudice"); *Ruiz v. Citibank, N.A.*, No. 10-cv-5950 (KPF) (RLE), 2014 WL 4635575, at *1-4 (S.D.N.Y. Aug. 19, 2014) (noting that the court previously had warned opt-in plaintiffs that their continued failure to respond to discovery would result in the dismissal of their claims with prejudice and finding dismissal to be the appropriate sanction for plaintiffs' non-compliance with that order).

Given Tillman's continued disregard for her discovery obligations in this action and the looming April 1, 2023 deadline for completion of fact discovery, the Campaign respectfully requests that the Court issue such an order in this case directing Tillman to respond to Written Discovery on or before March 24, 2023,[3] and cautioning her that her failure to do so will result in the dismissal of her FLSA claims.  As set forth above, Plaintiffs' counsel has indicated that Plaintiffs will not oppose the Campaign's request for the issuance of such an order.

---

[3] This is the same deadline that the Court set for Plaintiffs Oram, Smith and Wright.  (*See* Dkt. 327.)

**Proskauer»**

The Hon. Gabriel W. Gorenstein
March 7, 2023
Page 4

### III.     Conclusion

For the foregoing reasons, the Campaign respectfully requests that the Court schedule a pre-motion conference to address the Campaign's anticipated motion to (1) compel Tillman to respond to Written Discovery by March 24, 2023; and (2) warn her that her failure to comply with this Order will result in the dismissal of her FLSA claims.

The Campaign thanks the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom


cc:     All Counsel of Record (via CM/ECF)