

March 13, 2023

<u>Via CM/ECF</u>
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

  Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter.  We write to briefly respond to Defendant's opposition to Plaintiffs' request for a 45-day extension of the current fact discovery deadlines, ECF No. 332.

  Good cause exists for this modest, final extension of the discovery deadline.  Plaintiffs have diligently pursued discovery to date, and the limited extension now sought is targeted to allow the completion of discovery that has been ongoing for months.  While Plaintiffs reasonably believed that sufficient time remained in the discovery period for their December and January requests, to date Defendant has not yet produced any documents in response to these requests.  Instead, Defendant has indicated that some documents will be produced by March 17 (just two weeks before the current deadline), and its efforts to locate user activity data are ongoing, with no prediction of a production date.  In light of this current status, Plaintiffs anticipate needing this additional 45 days simply to ensure these document productions are completed, and to allow any targeted follow-on discovery as needed (such as a deposition limited to understanding what user activity data may be produced).

  As in other recent court filings, Defendant continues to misrepresent the meet-and-confer process regarding Plaintiffs' first request for an extension.  The parties discussed the need for an extension by e-mail, and Plaintiffs' counsel explicitly informed Defendant of their intention to seek "additional affirmative discovery" during the extended period.  There is no basis for Defendant's suggestion that it is inappropriate for Plaintiffs to remain actively engaged in discovery ahead of the deadline.  Indeed, following the first discovery extension, Defendant has also very actively pursued its own discovery:  Defendant served eight wide-ranging sets of document requests on January 30, two additional sets of document requests on February 8, and nineteen sets of requests for admission on March 1, while taking a deposition on March 8, scheduling four additional depositions over the next few weeks, and indicating its intention to

Hon. Gabriel W. Gorenstein
March 13, 2023
Page 2 of 2

seek additional third-party deposition testimony.  In addition to spending resources responding to Defendant's ongoing discovery, Plaintiffs continue their own discovery efforts, which are aimed at closing any gaps in discovery to date.  While Defendant goes to great lengths to suggest that only Plaintiffs are actively using the discovery period, or there is something unusual about Plaintiffs seeking to make use of the entire discovery period, the reality is that both parties remain engaged and pursuing their discovery needs, as is routine.  Given that Defendant has not yet produced documents requested in December and January, Plaintiffs seek the additional time necessary to sufficiently review and use those productions in the discovery period.

      We thank the Court for its attention to this matter.

                                               Respectfully submitted,

                                               Justin M. Swartz

CC:    All Record of Counsel (via ECF)