

**MEMORANDUM ENDORSED**

March 8, 2023

<u>Via CM/ECF</u>
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      Along with co-counsel, we represent Plaintiffs and opt-in Plaintiffs in the above-referenced matter. We write to request a 45-day extension of the current fact discovery deadlines in order to complete ongoing discovery, as further described below. This is Plaintiffs' second request for an extension of discovery deadlines. Below in Section III are the current and proposed extended discovery deadlines. Defendant opposes this request.

**I.    Summary of Discovery to Date**

      A.    <u>June 2020 – May 2021: Limited Initial Discovery</u>

      For most of this litigation, discovery has been either strictly limited or stayed. In June 2020, shortly after the case began, Defendant moved for a complete stay of discovery while its motion to dismiss was pending. ECF Nos. 117, 134. The Court deferred ruling on the stay request and ordered the parties to confer regarding "a phased discovery schedule in an effort to postpone the most burdensome aspects of discovery." ECF No. 119 (June 29, 2020 Order). The parties agreed to proceed in phases, but disagreed on the scope of initial discovery, and Defendant opposed Plaintiffs' request to begin conferring on certain aspects of an ESI search process. ECF No. 130 at 6-8. Plaintiffs sought to begin conferring on the ESI search as early as possible because of their understanding that the vast majority of discovery here would be ESI-based and Counsel's experience that such conferrals can span months. Following the July 16, 2020 conference, the parties proceeded with this initial phase, which included production of a small number of plaintiffs' email inboxes and initial productions of only certain specific categories of documents, such as personnel files and general employment policies.

      In December 2020, the Court held a hearing to discuss the status of discovery and the stay request. Plaintiffs' Counsel noted that the parties had reached impasse on several discovery

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410
www.outtengolden.com

Hon. Gabriel W. Gorenstein
March 8, 2023
Page 2 of 4

disputes because Defendant resisted producing documents that in its view fell outside of the narrow categories of documents permitted by the Court. Plaintiffs' Counsel again sought to begin at least discussing the parameters of ESI searches given how much time that process usually requires and the efficiencies of doing it while other discovery remained deferred. Defendant opposed any effort to begin conferring regarding ESI. The Court again deferred ruling on the stay request and ordered the parties to confer regarding continuing under the limited scope of initial discovery ordered in July 2020, staying "short of . . . the full ESI" sought by Plaintiffs, Dec. 15, 2020 Hearing Tr. at 15:17-20, and the parties did so. For the months following, in light of the Court's guidance, discovery was very minimal.

      B.      May 2021 – March 2022: Discovery Is Stayed

In May 2021, Plaintiffs again sought to begin conferring on ESI searches and productions, and this time proposed beginning with a single document custodian. Defendant opposed, and at the June 9, 2021 conference the Court entered a general stay of discovery pending the resolution of Defendant's motion to dismiss, over Plaintiffs' objection.

      C.      March 2022 – Present

Following the Court's resolution of the Motion to Dismiss in late March 2022, pursuant to the Court's order, ECF No. 260, the parties conferred and submitted a new Joint Scheduling Order, which the Court endorsed, on April 11, 2022. ECF Nos. 261, 262. Beginning in May 2022, Plaintiffs initiated the meet-and-confer process to discuss Defendant's ESI searches and custodians. While Plaintiffs sought to be as efficient as possible, including largely adopting an approach to search terms and custodians the parties had agreed to in the related *Sinclair v. Mike Bloomberg 2020, Inc.* matter, the conferral process ultimately consumed four months of time, during which the parties negotiated the parameters of Defendant's ESI searches, including specific search terms and custodians. Given the importance of ESI discovery in this matter, Plaintiffs' affirmative discovery efforts, including review of key documents, follow-on discovery, and depositions, were largely paused until Defendant agreed to an ESI search process and began producing ESI.

During this time, the parties also conferred about supplementing Defendant's earlier limited discovery responses, which Defendant did in June 2022. The parties also spent time and resources litigating Defendant's opposition to Plaintiffs' request to amend the complaint and Plaintiffs' appeal of the Court's order on the Motion to Dismiss.

Beginning in September 2022, after agreement on the ESI, discovery could finally begin in earnest. Through December 2022, the parties engaged in significant deposition discovery. Defendant took 14 depositions, and Plaintiffs took two depositions and noticed two others. Plaintiffs' ability to pursue discovery in this period was hampered by Defendant's insistence that its deposition discovery take priority over Plaintiffs'. For example, Defendant's counsel initially stated by email on September 14 that it "will not produce witnesses for depositions until after Plaintiffs' depositions are completed," then later insisted under threat of litigation that its depositions of Plaintiffs occur over an aggressive four or five-week period, concluding in late

Hon. Gabriel W. Gorenstein
March 8, 2023
Page 3 of 4

November.  During this time, Defendant also began its production of ESI documents, ultimately producing over 28,000 documents, amounting to nearly 59,000 pages.  These productions concluded in December 2022.  Plaintiffs were actively engaged in defending depositions and reviewing these voluminous productions during this time, as well as spending time and resources on Defendant's renewed motion to dismiss and Plaintiffs' motion to quash a subpoena.

Plaintiffs sought and received a 60-day discovery extension in December, which was necessary to pursue additional written discovery and depositions and due to counsel's competing obligations in early 2023.  Since then, Plaintiffs and Defendant have both served additional discovery requests, Plaintiffs took two additional depositions, and Defendant has taken one and scheduled four additional depositions to be completed by late March.

**II.     Discovery Remaining**

Plaintiffs now seek a 45-day extension of the discovery timeline to allow sufficient opportunity to wrap up ongoing discovery efforts.  This discovery includes Plaintiffs' December 2022 document requests for user activity data showing Field Organizers' daily entries into Defendant's voter contact tracking system.  Plaintiffs expect that this data will bear on the uniformity of Plaintiffs' job duties, Defendant's consistent use of scripts and voter questions, and individual FLSA coverage from the daily transmission of data.  Defendant has represented to Plaintiffs that it has been coordinating with several of Defendant's vendors since December to confirm that such data exists and can be produced.  Most recently, on March 3, Defendant's counsel represented that it was continuing to evaluate and ascertain whether data was accessible from some vendors.  No documents have yet been produced, and at this point it appears unlikely that documents will be fully produced by the current April 1 deadline, and definitely not far enough in advance for Plaintiffs to use the discovery during the current period.  Plaintiffs therefore seek sufficient time to complete the document production and, if necessary, take a targeted deposition to understand the data that is produced.

Ongoing discovery also includes Plaintiffs' January 13, 2023 document requests, for which Defendant has indicated it will not produce responsive documents until by March 17, 2023.  Plaintiffs accordingly seek additional time in order to review these documents, and follow up as necessary with conferrals and an additional deposition.

Finally, the parties continue to confer regarding issues and questions associated with prior document responses and productions, and Plaintiffs anticipate these conferrals may extend beyond the April 1, 2023 deadline.  These include Defendant's privilege log, which has not been supplemented since 2021 despite productions of over 28,000 documents since then, and which Defendant has represented it will supplement by March 17.  Plaintiffs also requested that Defendant supplement a prior contention interrogatory response, which Defendant represented it will do by March 17.  Plaintiffs anticipate there may be a need to confer regarding these issues, particularly Defendant's privilege log, and such conferrals may extend past April 1.

Hon. Gabriel W. Gorenstein
March 8, 2023
Page 4 of 4

### III.  Proposed New Deadlines

In order to accomplish the limited remaining discovery, Plaintiffs request a 45-day extension of the current deadlines.  Plaintiffs' proposed extended deadlines are below:

| Event | Current Deadline | Deadline With Extension |
|---|---|---|
| Fact Discovery Deadline | Apr. 1, 2023 | May 16, 2023 |
| Deadline for Expert Reports | May 30, 2023 | July 14, 2023 |
| Deadline for Rebuttal Expert Reports | July 14, 2023 | Aug. 28, 2023 |
| Deadline for Reply Expert Reports | Aug. 14, 2023 | Sept. 28, 2023 |
| Deadline for Expert Depositions | Aug. 29, 2023 | Oct. 13, 2023 |
| Deadline for Letter re Intent to File Summary Judgment Motion | Aug. 29, 2023 | Oct. 13, 2023 |

Respectfully submitted,

Justin M. Swartz

CC:   All Record of Counsel (via ECF)

The proposed schedule is approved.

SO ORDERED.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
Dated: March 13, 2023