Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

MEMORANDUM ENDORSED

March 22, 2023

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

<u>VIA CM/ECF</u>

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to Rule 2.A of Your Honor's Individual Practices, the Campaign respectfully requests a pre-motion conference to address its anticipated motion for an order, pursuant to Federal Rule of Civil Procedure 30(a)(2), granting the Campaign leave to take a limited third-party deposition of Genex Services, LLC ("Genex") in excess of Rule 30(a)'s presumptive ten-deposition limit.[1]

In this class and collective action, Plaintiffs, on behalf of themselves and other Field Organizers who were employed by the Campaign, allege that they were misclassified as exempt under federal and state wage-and-hour laws and seek to recover overtime pay for hours they allegedly worked under those laws. Pursuant to Rule 30(a)(2), the Campaign requests leave to depose a representative from Genex for the limited purpose of obtaining testimony explaining the three sets of time records Genex provided in response to the Campaign's subpoena concerning proposed California class and sole PAGA representative, Alexandra Wheatley-Diaz, who was working remotely, full-time for Genex at the same time she was employed by the Campaign.

Rule 30(a)(2) provides that a court must grant a party leave to exceed ten depositions "to the extent consistent with Rule 26(b)(1) and (2)." Under Rule 26(b)(1), parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant . . . and proportional to the needs of the case." Rule 26(b)(2) "contains factors a court may consider when a party seeks to exceed the ten deposition limit, *i.e.*, whether (1) 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive,' [and] (2) 'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.'" *In re Actos Antitrust Litig.*, 2022 WL 16722235, at *1 (S.D.N.Y. Nov. 5, 2022) (quoting Rule 26(b)(2)(C)). Here, each of these factors weigh in favor of granting the Campaign leave to conduct the deposition.

With this Court's approval, the Campaign served a subpoena on Genex seeking Wheatley-Diaz's time records "for the time period December 20, 2019 through March 31, 2020 or other documents reflecting the hours Ms. Wheatley-Diaz worked on [Genex's] behalf during that time period" (the

---

[1] To date, the Campaign has conducted 16 depositions of Plaintiffs and the Campaign anticipates deposing three additional Plaintiffs this month for a total of 19 depositions: nine putative class representatives; three out of more than 40 named plaintiffs; and eight out of more than 700 opt-in plaintiffs.

**Proskauer»**

The Hon. Gabriel W. Gorenstein
March 22, 2023
Page 2

"Relevant Time Period"). In response, Genex initially produced (i) a summary of the total hours worked by Wheatley-Diaz over bi-weekly periods during the Relevant Time Period (**Exhibit A**); and (ii) Wheatley-Diaz's "Employee Pay Summary Report," which appears to reflect Wheatley-Diaz's punch-in and punch-out times for each workday during the Relevant Time Period. The "Employee Pay Summary Report" shows that Wheatley-Diaz was typically working for Genex from approximately 10:30 a.m. until 7:00 p.m. Monday through Friday during the Relevant Time Period but does not reflect the time zone associated with Wheatley-Diaz's punch-in and punch-out times while she was working for Genex remotely. In an attempt to address this issue, Genex subsequently produced a report, which the Campaign understands purports to show the IP addresses and IP address locations that were captured by Genex's timekeeping system when Wheatley-Diaz entered her work hours into Genex's system.[2]

While the time records produced by Genex reflect that Wheatley-Diaz's hours for Genex significantly overlapped with the hours she claimed she was working for the Campaign (for which she now seeks to be paid overtime), it is not clear how the three sets of records should be read together. Deposition testimony from Genex is the only means by which the Campaign can obtain a complete understanding of these records, as well as *when and how much* Wheatley-Diaz worked for Genex while she claims she was also working approximately 65 hours per week for the Campaign during what appears to be the exact same hours. Indeed, Wheatley-Diaz's testimony that she reduced the hours she worked for Genex by half once she started working for the Campaign, (Dkt. 310-08, Tr. 237:7-16), does not align with Genex's records, and Wheatley-Diaz has refused to produce any documents reflecting the hours she worked for Genex.[3] Finally, the information the Campaign seeks from this deposition about when Wheatley-Diaz was working for Genex while she worked for the Campaign is relevant and proportional to the needs of the case given Wheatley-Diaz's important role in this lawsuit as a proposed class and PAGA representative seeking overtime pay on behalf of other field organizers and the fact that her simultaneous employment with Genex bears directly on her adequacy to serve in that role.

Accordingly, the Campaign respectfully requests that the Court schedule a pre-motion conference to address the Campaign's anticipated motion for leave to conduct a limited deposition of Genex related to the time records it produced.[4]

---

[2] The "Employee Pay Summary Report" and the report containing the IP addresses were both labeled as "confidential" when they were produced by Genex and therefore the Campaign is not attaching them to this filing but will provide them to the Court for *in camera* review upon request.

[3] Indeed, Wheatley-Diaz testified at her deposition that, although she was still working at Genex at the time she joined this lawsuit, she did not have documents concerning her employment at Genex, such as those reflecting the hours that she worked or her compensation, but that she had "originally submitted" the latter category of records to her attorneys. (Dkt. 310-08, Tr. at 41:5-21.) Wheatley-Diaz has not provided the Campaign with any records from her employment with Genex.

[4] On March 1, 2023, counsel for the Campaign informed Plaintiffs' counsel that it intended to serve a deposition subpoena on Genex for this limited purpose and asked whether Plaintiffs would stipulate to this deposition pursuant to Rule 30(a)(2)(A). On March 6, 2023, counsel for the parties met and conferred telephonically regarding the anticipated deposition subpoena. This meet and confer, which also included discussion of several other discovery issues, lasted approximately 40 minutes. Plaintiffs' counsel refused to agree to the deposition, claiming it was not proportional, would unnecessarily increase fees, and because Genex's time records purportedly are consistent with

**Proskauer**

The Hon. Gabriel W. Gorenstein
March 22, 2023
Page 3

The Campaign thanks the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via CM/ECF)

The proposed area of inquiry -- the hours reflected in the time records --- is narrow.  Bloomberg should first see if Genex is willing to provide a sworn statement that clears up the issue.  If so, and if plaintiffs agree not to contest the facts in the sworn statement, that should be the end of the matter.  If Genex is not amenable to providing such a statement, or if plaintiff contests the facts in that statement, a deposition under Rule 30(b)(6) limited to 45 minutes (and taken by video or telephone) is proportional to the needs of the case.

So Ordered.

*[signature]*
GABRIEL W. GORENSTEIN
United States Magistrate Judge
March 27, 2023

---

Wheatley-Diaz's testimony regarding her employment with Genex.  The Campaign informed Plaintiffs that the parties were at impasse.  Rachel Philion and Allison Martin of Proskauer Rose LLP participated in the meet and confer on behalf of the Campaign.  Hannah Cole-Chu of Outten & Golden LLP participated on behalf of Plaintiffs.