```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
DONNA WOOD, et al., individually and on                         :
behalf of all others similarly situated,                        :
                                                                :         MEMORANDUM ORDER
                        Plaintiffs,                             :         20 Civ. 2489 (LTS) (GWG)
        -v.-                                                    :
                                                                :
MIKE BLOOMBERG 2020, INC.,                                      :
                                                                :
                        Defendant.                              :
                                                                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiffs, former employees of defendant Mike Bloomberg 2020, Inc. (the "Campaign"), have brought this suit alleging violations of various laws relating to their employment. The complaint includes a collective claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and claims under Wisconsin state law by a proposed Wisconsin class under Fed. R. Civ. P. 23. See Complaint, filed March 23, 2020 (Docket # 1); Third Amended Complaint, filed Sept. 20, 2022 (Docket # 296). Plaintiffs now seek to substitute a new class representative for their proposed Wisconsin class.[1] For the following reasons, the motion is granted.

I.      BACKGROUND

Shortly after this case was filed, plaintiffs amended their complaint to include Alan Robinson as a plaintiff. See First Amended Complaint, filed Mar. 30, 2020 (Docket # 29). The

---

[1] See Letter, filed Feb. 9, 2023 (Docket # 318) ("Mot."); Letter, filed Feb. 10, 2023 (Docket # 320) ("Feb 10 Ltr."); Memorandum of Law in Opposition, filed Feb. 24, 2023 (Docket # 321) ("Opp."); Declaration of Elise M. Bloom, Esq., filed Feb. 24, 2023 (Docket # 322) ("Bloom Decl."); Reply, filed Mar. 3, 2023 (Docket # 325) ("Pl. Reply"); Declaration of Justin M. Swartz, filed Mar. 3, 2023 (Docket # 326) ("Swartz Decl.").

complaint identified Robinson as a resident of Madison, Wisconsin, who worked as a field organizer ("FO") for the Campaign from approximately January to March 2020, id. ¶ 47, and named him the "Wisconsin Plaintiff," who brought an action "on behalf of himself and similarly situated FOs in Wisconsin pursuant to Rule 23 to remedy" Wisconsin state law violations, id. ¶ 33.  About a month later, Tristan Angulo consented to join the case as an opt-in plaintiff under the FLSA.  See Notice of Filing of Consent to Join, filed May 5, 2020 (Docket # 76).

The parties submitted a proposed scheduling order, see Proposed Scheduling Order, filed Apr. 11, 2022 (Docket # 261) ("PSO"), which the Court entered, see Scheduling Order, filed Apr. 11, 2022 (Docket # 262) ("Scheduling Order").  In relevant part, the Scheduling Order directed as follows:

> [3.]b.   The Court will not set a deadline for joining parties but will instead apply the requirements of Rule 15.  See Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012).
>
> c.   Deadline for Amending Pleadings:  To the extent Plaintiffs intend to add claims under the California Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA") and substitute certain class representatives, the deadline for Plaintiffs to move for leave to amend their pleading, which Defendant will oppose, is May 31, 2022.

Id. ¶ 3(b) and (c) (punctuation added).

On November 1, 2022, Robinson sat for a deposition.  See Exhibit A, annexed to Bloom Decl. (Docket # 322-1) ("Robinson Dep. Excerpts"); Swartz Decl. ¶ 3.  At the deposition, Robinson behaved in a bizarre and offensive manner.  See Opp. at 5-7; Bloom Decl. ¶ 6; Robinson Dep. Excerpts.  Plaintiffs acknowledge that "Robinson's deposition was difficult and involved profanity."  Swartz Decl. ¶ 4.  At some unspecified point in time after the deposition, Robinson and plaintiffs' counsel decided "it would be in the best interests of the class to withdraw [Robinson] as the Wisconsin class representative."  Id. ¶ 5.

Plaintiffs informed the Campaign on January 27, 2023, that Robinson would withdraw as class representative and that they would substitute Angulo. See Exhibit E, annexed to Bloom Decl. (Docket # 322-5) ("Substitution Emails"). The Campaign said it would oppose any such effort. Id. Plaintiffs filed the instant application to substitute Angulo on February 9, 2023. See Mot. At that time, the deadline for all fact discovery to be completed was March 31, 2023, see Order, filed Dec. 8, 2022 (Docket # 317), which was later extended to May 16, 2023, see Order, filed Mar. 13, 2023 (Docket # 334).

II.   DISCUSSION

The parties disagree over the effect of the Scheduling Order on the instant motion, which affects the standard of review. We first address the meaning of the Scheduling Order and then apply the governing standard of review.

A.   Effect of the Scheduling Order

Defendants contend that the Scheduling Order contained a deadline for the motion to substitute Angulo, that plaintiffs have not met this deadline, and thus that plaintiffs must meet the Rule 16(b) "good cause" standard for the proposed substitution rather than the more liberal Rule 15(a) standard. See Opp. at 9. Defendants point to paragraph 3.c of the Scheduling Order, which provides: "[t]o the extent Plaintiffs intend to add claims under the California Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA") and substitute certain class representatives, the deadline for Plaintiffs to move for leave to amend their pleading, which Defendant will oppose, is May 31, 2022." See id. at 3-4; Scheduling Order ¶ 3(c). Plaintiffs contend that this provision does not apply and instead that the controlling provision is the Scheduling Order's language on joinder, paragraph 3.b, which states: "[t]he Court will not set a

deadline for joining parties but will instead apply the requirements of Rule 15." See Pl. Reply at 2; Scheduling Order ¶ 3(b).

The language in paragraph 3.c was submitted to the Court by the parties. See PSO ¶ 3(c). Plaintiffs contend that paragraph 3.c does not apply because the reference to "certain" class representatives was addressed to a planned motion to substitute California and Michigan class representatives, though plaintiffs provide no contemporary evidence or explanation as to why this is so. Pl. Reply. at 2. For its part, the Campaign does nothing to explain what the parties meant by their use of the term "certain" in paragraph 3.c, instead arguing without any support that the paragraph necessarily applies to the Wisconsin class representatives. See Opp. at 3-4.

The problem with the Campaign's argument is that it ascribes no meaning to the word "certain." Instead, the Campaign's implicit argument is that the reference to "certain" class representatives in paragraph 3.C was in fact intended to refer to "all" class representatives. But this argument runs contrary to the ordinary usage of the word "certain." Also, the Campaign's position is undercut by the fact that after the Scheduling Order was issued, and on the very last date of the deadline in paragraph 3.c, plaintiffs in fact filed a motion seeking to substitute California and Michigan class representatives. See Motion for Leave to File Third Amended Complaint, filed May 31, 2022 (Docket # 278). In light of these circumstances, we view the deadline in paragraph 3.c as not applicable to the instant motion. This means that paragraph 3.b is the operative paragraph of the Scheduling Order. As a result, we review the instant motion to substitute under the liberal standard applicable under Rules 15 and 21 of the Federal Rules of Civil Procedure. See Clarke v. Fonix Corp., 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.") (citation omitted), aff'd, 199

F.3d 1321 (2d Cir. 1999); Soler v. G & U, Inc., 86 F.R.D. 524, 527-28 (S.D.N.Y. 1980) ("Although Rule 21, and not Rule 15, governs the addition of new parties to an action, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15.") (citations omitted).

      B.  Application of the Rule 15/Rule 21 Standard

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 178, 182). The "non-movant bears the burden of showing prejudice, bad faith[,] and futility of [] amendment." United States ex rel. Raffington v. Bon Secours Health Sys., Inc., 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (citing Grant v. Citibank (S.D.), N.A., 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

The Campaign's opposition does not show that plaintiff's motion is in bad faith or that it would be futile. As to delay, the Campaign focuses on the nearly three-month delay between the deposition of Robinson and plaintiff's current attempt to substitute. Def. Opp. at 13-14. We agree that this delay has not been explained by plaintiffs and thus, while not a lengthy period, must be found "undue" to some degree. However, in the absence of prejudice or bad faith, undue delay is not in itself a basis to reject a motion to amend. See State Tchrs. Ret. Bd. v. Fluor

Corp., 654 F.2d 843, 856 (2d Cir. 1981); accord Contrera v. Langer, 314 F. Supp. 3d 562, 575 (S.D.N.Y. 2018).

As to prejudice, the Campaign anticipates that the proposed substitution would require a new search for documents by the Campaign, a deposition of Angulo, development of a defense based on Angulo, and the possibility of litigating disputes over discovery. See Opp. at 14. Case law holds, however, that an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.'" United States v. Cont'l Ill. Nat'l Bank & Tr. Co., 889 F.2d 1248, 1255 (2d Cir.1989)); accord Perez v. Escobar Constr., Inc., 342 F.R.D. 378, 381 (S.D.N.Y. 2022) ("the need for new discovery is not sufficient to constitute undue prejudice on its own") (citation omitted). And while there has been some unnecessary delay here, it was not for a lengthy period and the motion was filed nearly two months before the discovery deadline. See generally Nat'l Rifle Ass'n of Am. v. Cuomo, 2020 WL 4732110, at *5 (N.D.N.Y. Aug. 14, 2020) (three months' delay in filing motion to amend found not to be "undue").

Moreover, because the Campaign has long been participating in discovery and preparing a defense with respect to claims over the Wisconsin class, we see little likelihood the additional tasks required based on the change in class representative — and before class certification has been briefed — would cause any great burden. We are certainly prepared to limit the burden by cabining discovery regarding the new class representative to the extent reasonable. Counterbalancing the minimal prejudice to defendants is the uncontested assertion by plaintiffs that without a substitution for Robinson, the entire putative Wisconsin class will be unable to litigate their claims against the Campaign.

In sum, a balancing of the Foman factors strongly favors granting leave to amend. Our analysis is in no way undermined by the cases cited by the Campaign denying motions to amend inasmuch as these cases involved far different circumstances. See Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F. Supp. 2d 244, 256-257 (S.D.N.Y. 2013) (plaintiffs failed to act on information available since "the time of filing" regarding the original plaintiff that required substitution of a new party, including defendant's informing plaintiffs of the infirmity of the original plaintiff on "three separate occasions" and where plaintiffs waited to make the motion to amend until after defendants had briefed a motion to dismiss); Davis v. Lenox Hill Hosp., 2004 WL 1926086, at *4 (S.D.N.Y. Aug. 31, 2004) (request to add 14 new plaintiffs made after the close of class discovery without justification and where plaintiff had been put on notice of the need to substitute "since the filing of this lawsuit"); Hitt v. Arizona Beverage Co., LLC, 2009 WL 4261192, at *4-5 (S.D. Cal. Nov. 24, 2009) (putative class had no standing, and the plaintiffs sought to substitute the absent representative "for an unnamed (and currently unknown) plaintiff.").

Conclusion

For the foregoing reasons, plaintiffs' motion to substitute Tristan Angulo as the proposed Wisconsin class representative (Docket # 318) is granted.

Dated: March 28, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge