April 11, 2023

**Via CM/ECF**

The Honorable Laura Taylor Swain
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Swain:

Plaintiffs and Defendant Mike Bloomberg 2020, Inc. (the "Campaign") write jointly to respectfully request that, pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2), the Court so-Order the Stipulation and [Proposed] Order of Voluntary Dismissal pursuant to Rule 41(a), filed by the Campaign and Plaintiffs Zia Oram and Daniel Smith ("Stipulation and Proposed Order") as Dkt. 339, regarding Oram's and Smith's voluntarily dismissal of their claims alleged under the Fair Labor Standards Act ("FLSA") with prejudice.

As set forth more extensively below, Oram and Smith did not respond to the Campaign's discovery requests served on them more than two years ago. After the Hon. Gabriel Gorenstein ordered them to serve discovery responses (Dkt. 327), Oram and Smith informed Plaintiffs' counsel that they wished to voluntarily dismiss their FLSA claims with prejudice. For the avoidance of all doubt, the Stipulation and Proposed Order is not the product of a settlement of any FLSA claims, and no settlement agreement has been entered into between Oram and Smith (collectively or individually) and the Campaign that would require judicial review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). However, the parties believe that, under Second Circuit precedent, the Court's approval remains necessary to effectuate the voluntarily dismissal of Oram's and Smith's FLSA claims and respectfully request that the Court so-Order the Stipulation and Proposed Order.

### I.   Background

Oram was the proposed Michigan class representative in the Amended Complaint (Dkt. 29 ¶ 32) and Second Amended Complaint.[1] (Dkt. 86 ¶ 78.) He also filed a consent-to-join form with respect to the FLSA claim. (Dkt. 14-1.) Smith is a Named Plaintiff and an Opt-in Plaintiff. (Dkts. 7-1, 29, 86, 296 ¶¶162-63.)

On August 14, 2020, the Campaign served its First Requests for the Production of Documents and its First Set of Interrogatories (together, "Written Discovery") on Oram and

---

[1] Oram is no longer the proposed Michigan class representative in the operative complaint, the Third Amended Complaint, and has been replaced by Lakisha Watson-Moore.

The Hon. Laura Taylor Swain
April 11, 2023
Page 2

Smith.  Their responses to the Campaign's Written Discovery were due on October 19, 2020.  Neither individual served their responses on October 19, 2020, nor have they done so at any time thereafter.

In January 2023, counsel for the parties met and conferred via telephone regarding Oram's and Smith's failure to provide discovery responses.  The Campaign informed Plaintiffs that it intended to move for an order directing Smith and Oram to respond to discovery or face dismissal of their claims.  Plaintiffs' counsel stated that Plaintiffs consented to the Campaign's request for the issuance of such an order.  On February 28, 2023, the Campaign filed a letter to Judge Gorenstein requesting a pre-motion conference concerning its anticipated motion for an order compelling Plaintiffs Oram, Smith and Wright to respond to Written Discovery.  (Dkt. 323.)  Plaintiffs did not oppose the Campaign's February 28, 2023 request.  (Dkt. 324.)

On March 3, 2023, Judge Gorenstein issued an order: (i) directing Oram and Smith to respond to Written Discovery on or before March 24, 2023; and (ii) warning Oram and Smith that "any failure to comply with this Order may result in dismissal of their claims."[2]  (Dkt. 327.)

On March 15, 2023, Plaintiffs' counsel informed the Campaign that Smith and Oram had advised that they did not intend to participate in written discovery.  Plaintiffs' counsel further stated that, in the interest of avoiding the time and expense associated with the Campaign's anticipated motion to dismiss, Smith and Oram had agreed to voluntarily withdraw their claims with prejudice.  The parties subsequently entered into the Stipulation and Proposed Order that has been filed herewith as Dkt. 339.

## II.   The Court Should So-Order the Stipulation and Proposed Order Dismissing Oram's and Smith's FLSA Claims.

Courts in this Circuit have recognized that stipulations of voluntary dismissal under Rule 41(a)(1)(A)(ii) must be approved by the court in order to effectuate the dismissal of FLSA claims.  *See Huang v. Shanghai City Corp.,* 2022 WL 2306870, at *3 (S.D.N.Y. June 27, 2022) ("A Rule 41(a)(1)(A)(ii) stipulation of dismissal of FLSA claims is not self-effectuating but must be approved by the Court."); *see also Cheeks*, 796 F.3d at 206 (holding that, in light of the unique policy considerations underlying the FLSA, FLSA claims fall within the "applicable federal statute" exception to Rule 41(a)(1)(A) stipulations of dismissal); *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022) (recognizing that FLSA claims cannot be voluntarily dismissed under either Rule 41(a)(1)(A)(i) or 41(a)(1)(A)(ii) without court approval).

Under *Cheeks*, a court must assess the fairness of the settlement agreement before approving a stipulation of dismissal of FLSA claims.  796 F.3d at 206-07.  Where, like here, a stipulation of voluntarily dismissal is not the product of a settlement of FLSA claims, the Second

---

[2] The March 24, 2023 deadline for responding to discovery in the Court's March 3, 2023 Order has since passed, and neither Smith nor Oram have served their discovery responses to date.

The Hon. Laura Taylor Swain
April 11, 2023
Page 3

Circuit has articulated that "the notice of dismissal should be so-ordered." *Samake*, 24 F.4th at 811.

     As explained above, the Stipulation and Proposed Order should be so-Ordered because it is not the product of any settlement of FLSA claims in this case. Rather, the parties agreed to enter into the Stipulation and Proposed Order because Oram and Smith made clear to their counsel that they did not intend to participate in discovery and they wished to withdraw their FLSA claims in a manner that would minimize the burden on the parties and Court with respect to motion practice regarding their dismissal.

     The parties also have agreed that voluntarily dismissal of Oram's and Smith's FLSA with prejudice is appropriate given, *inter alia*, (i) the length of time that has passed since the written discovery was initially due; (ii) Judge Gorenstein's Order directing Oram and Smith to respond to discovery by March 24, 2023 and warning them that failure to do should may result in dismissal of their claims; (iii) Oram's and Smith's failure to comply with Judge Gorenstein's Order; (iv) their representations to their counsel that they do not intend to proceed with their FLSA claims and that they wish to have such claims dismissed with prejudice; and (v) the parties' agreement in the Stipulation and Proposed Order that each side shall bear their own costs in connection with the dismissal of Oram's and Smith's FLSA claims with prejudice. Under similar circumstances involving plaintiffs who have failed to participate in discovery after being directed to do so by the court, courts have ordered the dismissal of plaintiffs' FLSA claims with prejudice. *See, e.g., Ruiz v. Citibank, N.A.*, 2014 WL 4635575, at *1-4 (S.D.N.Y. Aug. 19, 2014) (dismissing FLSA claims with prejudice of plaintiffs who did not participate in discovery); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920 (S.D.N.Y. June 30, 2020) (Gorenstein, J.), *adopted by*, 2020 WL 4932777 (S.D.N.Y. Aug. 24, 2020) (same).

     The Court accordingly should so-Order the Stipulation and Proposed Order to effectuate the dismissal of Oram's and Smith's FLSA claims with prejudice.

### III. Conclusion

     For the foregoing reasons, the parties respectfully request that the Court so-Order the Stipulation and Proposed Order filed herewith as Dkt. 339.

Respectfully submitted,

| | |
|---|---|
| _/s/ (signature)_ | */s/ Elise M. Bloom* |
| **OUTTEN & GOLDEN LLP** | **PROSKAUER ROSE LLP** |
| Justin M. Swartz | Elise M. Bloom |
| Michael C. Danna | Rachel S. Philion |
| 685 Third Avenue, 25th Floor | Noa M. Baddish |
| New York, New York 10017 | Pinchos N. Goldberg |
| Fax: (646) 509-2060 | Allison L. Martin |
| jms@outtengolden.com | Eleven Times Square |

The Hon. Laura Taylor Swain
April 11, 2023
Page 4

mdanna@outtengolden.com

**OUTTEN & GOLDEN LLP**
Hannah Cole-Chu (admitted *pro hac vice*)
1225 New York Ave NW, Suite 1200B
Washington D.C. 20005
Telephone: 202-847-4400
Fax:  (646) 509-2060
hcolechu@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Tamra Givens (admitted *pro hac vice*)
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael Palitz
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

*Attorneys for Plaintiffs*

New York, New York 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
rphilion@proskauer.com
nbaddish@proskauer.com
pgoldberg@proskauer.com

**PROSKAUER ROSE LLP**
Mark W. Batten
One International Place
Boston, Massachusetts 02110
Telephone: (617) 526-9850
Fax: (617) 526-9899
mbatten@proskauer.com

**VENABLE LLP**
Nicholas M. Reiter
1270 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 307-5500
Fax:  (212) 307-5598
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.