UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

        Plaintiffs,

  -v-                                                No.  1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

        Defendant.

-------------------------------------------------------x

## ORDER

        The Court has received and reviewed the joint letter from counsel for the Defendant and counsel for Plaintiffs Oram and Smith.  (Docket entry no. 340.)  In the letter, counsel jointly request that the Court approve and enter the stipulation and proposed order filed at docket entry no. 339, entry of which would result in the dismissal of Plaintiff Oram and Plaintiff Smith's claims under the Fair Labor Standards Act with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Counsel represent that the "stipulation of voluntary dismissal is not the product of a settlement of FLSA claims"  and therefore request the stipulation to be "so-ordered."  (Docket entry no. 340 at 2-3.)

        Following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."  The parties here submit that the proposed stipulation of voluntary dismissal should be "so-Ordered because it is not the product of any settlement of FLSA claims."   (Docket entry no. 340 at 3.)  In support, they rely on the Second Circuit's decision in Samake v. Thunder Lube, Inc., 24 F.4th 804 (2d Cir. 2022), where the Circuit reasoned that where parties file a Rule

41(a)(1)(A)(i) notice of dismissal, the district court should retain jurisdiction to inquire as to whether any settlement of FLSA claims existed between the parties.  24 F.4th at 811.  If a settlement had been reached, "the district court would then engage in a Cheeks fairness review, but in the absence of a settlement, the notice of dismissal [would] be so-ordered."  Id.

The Court recognizes that unlike the situation in Samake, where the plaintiff filed a notice of voluntary dismissal of their FLSA claim, without prejudice, pursuant to Rule 41(a)(1)(A)(i), here the parties have filed a proposed stipulation of voluntary dismissal of their FLSA claims, with prejudice pursuant to Rule 41(a)(1)(A)(ii).  Therefore, the proposed stipulation of voluntary dismissal with prejudice is subject to the Court's approval.

The Court has carefully considered the parties' joint submission, which includes their representations that: (1) Plaintiffs have not complied with discovery deadlines; (2) Plaintiffs have been warned via court order that failure to meet the requisite discovery deadlines "may result in dismissal of their claims" (docket entry no. 327); and (3) Plaintiffs' counsel has informed counsel for the Defendant that Plaintiffs Smith and Oram have "advised that they [do] not intend to participate in written discovery" and have "agreed to voluntarily withdraw their claims with prejudice."  (Docket entry no. 340 at 2-3.)  In light of these representations, and the fact that the parties have agreed to a joint stipulation of dismissal in which they have agreed to bear their own attorneys fees, expenses, and costs, the Court approves and will enter the stipulation of dismissal.

SO ORDERED.

Dated: April 12, 2023
     New York, New York

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge