# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                    Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF ROBIN CEPPOS' RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Robin Ceppos ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                           **Plaintiffs,**<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                           **Defendant.** | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF NICHOLAS COKER'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Nicholas Coker ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

<u>**PRELIMINARY STATEMENT**</u>

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                        Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF CAELAN DOHERTY'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Caelan Doherty ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                    Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF MAX GOLDSTEIN'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Max Goldstein ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                         Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF BRIDGET LOGAN'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Bridget Logan ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>          **Plaintiffs**,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>          **Defendant.** | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF JAMES KYLE NEWMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff James Kyle Newman ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                        Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF LAKISHA WATSON-MOORE'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Lakisha Watson-Moore ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                                        Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Alexandra Marie Wheatley-Diaz ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA WOOD, et al., individually and on
behalf of others similarly situated,

                                        Plaintiffs,

v.

MIKE BLOOMBERG 2020, INC.,

                                        Defendant.

20 Civ. 2489 (LTS) (GWG)

**PLAINTIFF DONNA WOOD'S
RESPONSES AND OBJECTIONS
TO DEFENDANT'S SECOND
REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and

Rule 26.3 of the Local Rules of the United States District Court for the Southern District of

New York, Plaintiff Donna Wood ("Plaintiff"), by and through Plaintiff's attorneys, makes the

following responses and objections to Defendant's Second Request for the Production of

Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of

any subsequently discovered facts and information, should such become known.  Plaintiff

anticipates that as investigation and trial preparation continue, it is possible that additional

facts may become known, which may in turn warrant additions to or changes in the responses

provided herein.  These responses are made in a good faith effort to supply such information

as is presently known to Plaintiff.  These responses and objections are made without prejudice

to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or

admissibility at trial of any information or documents requested or identified by any party.

**REQUEST NO. 11:** Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind against Plaintiff.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Plaintiff also objects to the extent that this Request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Plaintiff further objects because this information is part of the public record and thus can be located through Bloomberg's own efforts.  In addition, Plaintiff objects because this Request asks Plaintiff to search for "all" documents that relate in any way to "any arrests, criminal charges, criminal complaints, criminal convictions or criminal proceedings of any kind," which poses an undue burden on Plaintiff and is overbroad.  This Request is objectionable because Bloomberg served it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 12:** Documents regarding any liens, payments, debts, wage garnishments or financial liabilities owed by Plaintiff to any person or entity.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, privilege, and harassment.  Documents regarding liens, payments, debts, wage garnishments or financial liabilities are not relevant to the claims or defenses in this action and not proportional because the discovery sought has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).