# EXHIBIT B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ERIC FISHON, et al.,                                                   :
                                                                       :
                                        Plaintiffs,                    :
                                                                       :
                -v-                                                    :
                                                                       :
PELOTON INTERACTIVE, INC.,                                             :
                                                                       :
                                        Defendant.                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2022

19-cv-11711 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

  Plaintiffs move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order limiting the inquiry of Defendant Peloton Interactive, Inc. ("Peloton"), by way of written discovery or deposition testimony, into any crimes committed by Plaintiff Ishmael Alvarado for which more than ten years have passed since his conviction or release from confinement. Dkt. No. 216. Plaintiffs have agreed to provide the criminal history pursuant to a protective order. *Id.* Plaintiffs object also to any inquiry into Mr. Alvarado's financial history that is unbounded by time. *Id.* The motion is granted in part and denied in part.

  Defendants have served a request for production of documents on Mr. Alvarado calling for "[a]ll Documents and Communications Concerning any prior criminal convictions," Dkt. No. 218-2 at 11; Mr. Alvarado agreed to provide non-privileged, responsive documents reflecting prior criminal convictions in the past ten years, *id.* at 12.[1] Mr. Alvarado answered an interrogatory directed to the identification of crimes with which he has been charged by answering that the only criminal matter to which he has been a party in the past ten years was in connection with a charge of second-degree unlawful surveillance for which he was convicted and sentenced to a term of five years' probation. Dkt. No. 218-1 at 6. Defendants represent that Mr. Alvarado has "a thirty-year criminal history that appears to include at least 8 convictions, including for: rape, assault on a female, breaking and entering, unlawful surveillance, and other charges related to sexual misconduct." Dkt. No. 218. It appears that at least one of his convictions—for attempted burglary—related to his unauthorized entry into a women's locker room. Dkt. No. 218 at 3.

  Under Federal Rule of Civil Procedure 26(c), the court may issue a protective order, on good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Oppenheimer Fund, Inc. v. Sanders*, 437

---

[1] In addition, in response to a request for Documents concerning any testimony Mr. Alvarado provided in a criminal, civil, or bankruptcy proceeding or lawsuit, Mr. Alvarado agreed to produce documents related to criminal proceedings in the past ten years. *Id.* at 12.

1

U.S. 340, 352 n.17 (1978) (court should deny discovery when pursuant is to "embarrass or harass the person from whom he seeks discovery").

The Court previously adumbrated the principles applicable to the consideration of the adequacy of the class representative:

> "The adequacy of the proposed class representative . . . directly implicates the due process rights of absent class members who will be bound by the judgment." *Gordon v. Sonar Capital Mgmt. LLC*, 92 F. Supp. 3d 193, 198 (S.D.N.Y. 2015) (citations omitted). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *AmChem Prods., Inc.*, 521 U.S. at 625. "To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) (citing *Kline v. Wolf*, 702 F.2d 400, 402–03 (2d Cir. 1983)); *cf. Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949) (explaining that, when a representative sues on behalf "of a class comprising all who are similarly situated[,] [t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity"). "Such considerations of trustworthiness and credibility ... are restricted to their relevance to issues in the litigation." *In re NYSE Specialists Secs. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007). Thus, "[t]o defeat class representation, any allegations concerning the representative's adequacy must be relevant to the claims in the litigation, such that the problems could become the focus of cross-examination and unique defenses at trial, to the detriment of the class. Plaintiffs' testimony or credibility that is subject to attack must be on an issue critical to one of their ... causes of action." *German v. Federal Home Loan Mortg. Corp.*, 168 F.R.D. 145, 154 (S.D.N.Y. 1996) (internal quotation marks and citations omitted) (alteration adopted). If there are "serious concerns" about a named plaintiff's credibility and these concerns bear on an issue critical to a cause of action in the litigation, a district court may deny class certification on the basis that the plaintiff is not an adequate class representative. *Savino*, 164 F.3d at 87; *see also Koenig v. Benson*, 117 F.R.D.330, 338 (E.D.N.Y. 1987) ("In the Second Circuit a proposed class representative can be ruled inadequate under Rule 23(a)(4) if he is vulnerable to attacks on his credibility concerning the key facts at issue in the case."); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 177 (S.D.N.Y. 2008) ("[O]nly when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate.") (quoting *In re Colonial P'ship Litig.*, 1993 WL 306526, at *5 (D. Conn. Feb. 10, 1993)).

*Fishon v. Peloton Interactive, Inc.*, 2022 WL 179771, at *10 (S.D.N.Y. Jan. 19, 2022).

A person who has been convicted of a crime is not, by virtue of that fact, forever disabled from acting as a class representative. *See Stinson v. City of New York*, 282 F.R.D. 360, 373 (S.D.N.Y. Apr. 23, 2012) ("[M]ost courts have rejected challenges to adequacy based on allegations that plaintiffs' backgrounds were alleged to include unrelated unsavory, unethical or

2

even illegal conduct" (internal quotation marks and citations omitted)); *Jones v. Ford Motor Credit Co.*, 2005 WL 743213, at *19 (S.D.N.Y. Mar. 31, 2005) ("Courts that have disallowed prospective plaintiffs on the basis of prior convictions have done so only where a clear nexus existed between the conviction and the class claims"); *Jane B. by Martin v. New York City Dept of Soc. Servs*, 117 F.R.D. 64, 71 (S.D.N.Y. 1987) ("If the courts prevent persons with questionable moral characters from acting as class representatives, prisoners, mental patients, juvenile offenders or others capable of socially deviant behavior could never have an adequate representative and thus could never be certified"). The cases cited by Defendant all concern proposed class representatives who either had convictions for fraud or other forms of dishonesty or deception, *see Stewart v. Hudson Hall LLC*, 2021 WL 6285227, at *13 (S.D.N.Y. Nov. 29, 2021) (report and recommendation); *Villare v. ABIOMED, Inc.*, 2020 WL 3497285, at *7 (S.D.N.Y. June 29, 2020); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at * 4 (S.D.N.Y. July 1, 2005) (citing cases); *Weisman v. Darneille*, 78 F.R.D. 669, 670 (S.D.N.Y. Apr. 19, 1978), or who had an apparently more extensive and more recent criminal history, *see Porath v. Logitech, Inc.*, 2019 WL 6134936, at *5 (N.D. Cal. Nov. 18, 2019).

The Court will require Mr. Alvarado to answer the document requests directed to his criminal history, his convictions, and criminal proceedings in which he has been involved without any date limitation. Defendant is entitled to test whether Mr. Alvarado is an adequate class representative and whether any of his prior convictions would be disabling under the standards set forth above. On the other hand, Mr. Alvarado will only be required to turn over that information subject to a protective order in the form of that available on the Court's website which generally limits the disclosure of such information to persons involved in the litigation and which will require Defendants—if they seek to put such information before the Court—to file it under seal in the first instance.[2] In addition, Defendants have not demonstrated any need to take a deposition of Mr. Alvarado on any convictions or criminal proceedings outside the ten-year period. Such questioning will not be permitted at deposition.

Although Plaintiffs make passing reference to the requests for financial information, they do not identify anything objectionable in Defendant's requests other than those related to Mr. Alvarado's criminal history or criminal proceedings. Accordingly, to the extent Plaintiffs seek a protective order in connection with the requests or interrogatories going to Mr. Alvarado's financial history, the motion is denied.

The Clerk of Court is respectfully directed to close Dkt. No. 216.

SO ORDERED.

Dated: September 29, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[2] Plaintiffs may also make an application to place under seal documents previously filed by Defendants, including in connection with the instant dispute. Such application shall explain why sealing of the documents is appropriate under *Lugosch v. Pyramid Co. of Onondaga Cnty.*, 435 F.3d 110 (2d Cir. 2006).

3