# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>          Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF LAKISHA WATSON-MOORE'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Lakisha Watson-Moore ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

  All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

  Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, custody and because the request is overly broad and harassing.  The Request seeks *all* social media posts and communications that Plaintiff sent, from December 1, 2019 to Plaintiff's first day with Bloomberg and from Plaintiff's last day with Bloomberg in spring 2020 to the present day, nearly three years later.  This is overly broad and seeks discovery that is not relevant to the claims and defenses in this action.  The Request is not proportional to the needs of the case considering it seeks discovery that has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Additionally, this Request is objectionable to the extent it seeks documents that are not in the custody or control of Plaintiff.   Plaintiff further objects because Bloomberg is imposing it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 10:** All diaries, calendars, day planners, schedules, or other records of activity, prepared by or for Plaintiff, that cover any portion of the time period that Plaintiff was employed by the Campaign.  Such documents include but are not limited to: Google calendars, Microsoft Outlook calendars, Apple calendars, or other electronic calendars.

**RESPONSE:** Plaintiff objects on the basis of relevance and proportionality.  The Request seeks information that it is not relevant to any of the claims or defenses in this action, and the Request is not proportional given the information on the calendars is has minimal "importance . . . [to] resolving the issues." Fed. R. Civ. P. 26(b)(1).  This Request is also objectionable because Bloomberg provided Plaintiff with a work calendar during Plaintiff's employment, which Plaintiff lost access to upon termination and, upon information and belief, Bloomberg destroyed in spring 2020.  Without waiving these objections, Plaintiff will search for calendars that reflect their hours working for Bloomberg only.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>　　　　　　　　　　　　　　Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF ALEXANDRA MARIE WHEATLEY-DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Alexandra Marie Wheatley-Diaz ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received January 30, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.

**RESPONSE:** Plaintiff objects on the basis of relevance, proportionality, custody and because the request is overly broad and harassing.  The Request seeks *all* social media posts and communications that Plaintiff sent, from December 1, 2019 to Plaintiff's first day with Bloomberg and from Plaintiff's last day with Bloomberg in spring 2020 to the present day, nearly three years later.  This is overly broad and seeks discovery that is not relevant to the claims and defenses in this action.  The Request is not proportional to the needs of the case considering it seeks discovery that has no "importance . . . [to] resolving the issues" and the "burden and expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Additionally, this Request is objectionable to the extent it seeks documents that are not in the custody or control of Plaintiff.   Plaintiff further objects because Bloomberg is imposing it for the improper purpose of harassing, annoying, or embarrassing Plaintiff.  Based on the foregoing objections, Plaintiff will not search for documents responsive to this Request.

**REQUEST NO. 10:** All diaries, calendars, day planners, schedules, or other records of activity, prepared by or for Plaintiff, that cover any portion of the time period that Plaintiff was employed by the Campaign.  Such documents include but are not limited to: Google calendars, Microsoft Outlook calendars, Apple calendars, or other electronic calendars.

**RESPONSE:** Plaintiff objects on the basis of relevance and proportionality.  The Request seeks information that it is not relevant to any of the claims or defenses in this action, and the Request is not proportional given the information on the calendars is has minimal "importance . . . [to] resolving the issues." Fed. R. Civ. P. 26(b)(1).  This Request is also objectionable because Bloomberg provided Plaintiff with a work calendar during Plaintiff's employment, which Plaintiff lost access to upon termination and, upon information and belief, Bloomberg destroyed in spring 2020.  Without waiving these objections, Plaintiff will search for calendars that reflect their hours working for Bloomberg only.