# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**PLAINTIFF RONALD LUIPPOLD'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Ronald Luippold ("Plaintiff"), by and through Plaintiff's attorneys, makes the following responses and objections to Defendant's Second Request for the Production of Documents, received February 8, 2023.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of documents produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

Unless otherwise noted below, Plaintiff will produce responsive documents consistent with the objections and responses below on a rolling basis, beginning on March 3, 2023 and concluding on or before March 24, 2023.

## **REQUESTS**

**REQUEST NO. 1**: Signed authorizations in the form attached as Exhibit A to this Request for each hospital, emergency room, rehabilitation center, medical facility, or any other type of medical institution or medical care provider that Plaintiff sought treatment from, or was admitted into, during his employment with the Campaign.

**RESPONSE:**  Plaintiff objects that this Request is disproportionate to the needs of the case, overly broad, harassing, duplicative, and seeks documents protected by privacy laws.  The Request is disproportionate to the needs of the case because the discovery sought—*all* documents from *every* medical provider from whom Plaintiff sought treatment during his employment with the Campaign—is grossly overbroad and is likely to be minimally

probative, if relevant at all, to the claims and defense in the case. Plaintiff also objects that this request is beyond the scope of Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules because it does not ask Plaintiff to produce responsive documents "in the responding party's possession, custody, or control," but instead to create a document that will authorize Defendant to obtain documents from third parties. Plaintiff further objects that this Request is posed for the improper purpose of harassing, annoying, or embarrassing Plaintiff. Plaintiff further objects to the extent such documents are protected by privacy laws. Finally, the Request is duplicative of discovery that Plaintiff has already provided. Based on all of these objections, Plaintiff will not execute the authorization form.

Dated: March 10, 2023
New York, New York

OUTTEN & GOLDEN LLP

*/s/ Justin M. Swartz*
Justin M. Swartz
Michael C. Danna
Theanne Liu Svedman
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
Email: jms@outtengolden.com
Email: mdanna@outtengolden.com
Email: tliu@outtengolden.com

Hannah Cole-Chu (admitted *pro hac vice*)
Outten & Golden LLP
1225 New York Ave NW, Suite 1200B
Washington D.C. 20005
Telephone: (202) 847-4400
Fax: (646) 509-2060
Email: hcolechu@outtengolden.com

Gregg I. Shavitz

3

Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

***Attorneys for Plaintiffs, Opt-in Plaintiffs, and the Putative Classes***