# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | 20 Civ. 02489 (LTS) (GWG)<br><br>PLAINTIFF NICHOLAS COKER'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS |

　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Nicholas Coker ("Plaintiff"), by and through Plaintiff's attorneys, makes the following amended responses and objections to Defendant's First Request for the Production of Documents.

**PRELIMINARY STATEMENT**

　　　All responses to the following Document Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

　　　Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent

1

duties, tasks, responsibilities and/or training.

Subject to and without waiving these objections, Plaintiff does not have non-privileged or protected documents in his possession, custody, or control responsive to this request. Plaintiff is not withholding any documents on the basis of these objections.

**REQUEST NO. 21:**

All records or logs for any cellular phones that Plaintiff maintained or utilized while employed by the Campaign concerning or reflecting usage of the cellular phones, including the time and date of calls and text messages as well as the sender(s) and recipient(s).

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, seeks documents within Defendant's own custody and control, and is harassing. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents and communications concerning the nature and extent of Plaintiff's job duties, tasks, responsibilities and/or training. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all records or logs for any cellular phones that Plaintiff maintained or utilized while employed by the Campaign"—is extremely broad and could potentially encompass documents reflecting usage of personal cellular phones unrelated to Plaintiff's work for the Campaign, and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.

Subject to and without waiving these objections, Plaintiff will produce documents reflecting communications relating to job duties and campaign priorities, communications

22

between Plaintiff and employees of the Campaign relating to job duties, tasks, and training with the Campaign. Based on Plaintiff's objections, Plaintiff will not otherwise search for or produce any phone logs or records.

**REQUEST NO. 22:**

All posts, status updates, Tweets, messages to followers/friends, and/or other communications that Plaintiff shared on a social media account (including but not limited to Facebook, Twitter, Instagram, LinkedIn, YouTube, Pinterest, Tumblr, TikTok, Reddit, Snapchat, etc.) while employed by the Campaign. This should include but not be limited to the time, date, or location of any such post, status update, Tweet, message, and/or other communication.

**RESPONSE:**

Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, seeks documents within Defendant's own custody and control, and is harassing. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents and communications concerning the nature and extent of Plaintiff's job duties, tasks, responsibilities and/or training. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all posts, status updates, Tweets, messages to followers/friends, and/or other communications that Plaintiff shared on a social media account … while employed by the Campaign"—is extremely broad and could potentially encompass documents unrelated to Plaintiff's work for the Campaign, and the majority of the

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | 20 Civ. 2489 (LTS) (GWG)<br><br>**OPT-IN PLAINTIFF AARON SUMMERS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Opt-In Plaintiff Aaron Summers ("Opt-in Plaintiff"), by and through Opt-in Plaintiff's attorneys, makes the following amended responses and objections to Defendant's First Request for the Production of Documents, received November 16, 2022.

## PRELIMINARY STATEMENT

All responses to the following Document Requests are based on information currently known to Opt-in Plaintiff and are provided without prejudice to Opt-in Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Opt-in Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Opt-in Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Opt-in Plaintiff's right to rely on other facts or documents at trial.

1

claim. Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I). Opt-in Plaintiff presently has no other claims in this action. This Request seeks to impose a burden on Opt-in Plaintiff to search for and produce documents that have no connection with his claim, and instead pertains to claims in this matter asserted by other Plaintiffs. While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting California state law claims, that is speculative. Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."). By requesting that Opt-in Plaintiff search for and produce documents that have no relationship to his FLSA claim, this Request therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Based on these objections, Opt-in Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 22:**

All records or logs for any cellular phones that Plaintiff maintained or utilized while employed by the Campaign concerning or reflecting usage of the cellular phones, including the time and date of calls and text messages as well as the sender(s) and recipient(s).

**RESPONSE:**

Opt-in Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, seeks documents within Defendant's own custody and control, and is harassing. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the

frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents and communications concerning the nature and extent of Opt-in Plaintiff's job duties, tasks, responsibilities and/or training. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all records or logs for any cellular phones that Opt-in Plaintiff maintained or utilized while employed by the Campaign"—is extremely broad and could potentially encompass documents reflecting usage of personal cellular phones unrelated to Opt-in Plaintiff's work for the Campaign, and the majority of the documents sought will likely be only minimally probative of the claims and defenses in this case.

Further, Opt-in Plaintiff objects to this Request on the basis that Defendant impermissibly seeks discovery that is not relevant to Opt-in Plaintiff's claim or Defendant's defenses to this claim. Opt-in Plaintiff has opted into this matter only to join Plaintiffs in asserting FLSA overtime claims (Count I). Opt-in Plaintiff presently has no other claims in this action. This Request seeks to impose a burden on Opt-in Plaintiff to search for and produce documents that have no connection with his claim, and instead pertains to claims in this matter asserted by other Plaintiffs. While Opt-in Plaintiff may in the future be an absent class member of a certified class asserting California state law claims, that is speculative. Moreover, even if such a class is certified, Defendant will not be entitled to seek discovery from Opt-in Plaintiff for these claims, as absent class member discovery is strongly disfavored and rarely permitted. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 812-13 (1985) ("[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in

33

knowing that there are safeguards provided for his protection."). By requesting that Opt-in Plaintiff search for and produce documents that have no relationship to his FLSA claim, this Request therefore imposes a burden that is unduly burdensome and disproportionate to the needs of the case.

Based on these objections, Opt-in Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 23:**

All posts, status updates, Tweets, messages to followers/friends, and/or other communications that Plaintiff shared on a social media account (including but not limited to Facebook, Twitter, Instagram, LinkedIn, YouTube, Pinterest, Tumblr, TikTok, Reddit, Snapchat, etc.) while employed by the Campaign. This should include but not be limited to the time, date, or location of any such post, status update, Tweet, message, and/or other communication.

**RESPONSE:**

Opt-in Plaintiff objects to this Request on the basis that it is disproportionate to the needs of the case, overbroad, seeks documents within Defendant's own custody and control, and is harassing. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In this matter, Defendant should have within its custody and control all documents and communications concerning the nature and extent of Opt-in Plaintiff's job duties, tasks, responsibilities and/or training. The Request is also disproportionate to the needs of the case because the scope of discovery sought—"all posts, status updates, Tweets, messages to followers/friends, and/or other communications that Opt-in Plaintiff shared on a social media account … while employed by the Campaign"—is extremely