

May 19, 2023

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 1007

      Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS)(GWG)

Dear Judge Gorenstein:

      Pursuant to the Court's Order dated May 10, 2023, ECF No. 345, Plaintiffs file this opposition to Defendant's request for the production of unredacted versions of certain communications containing limited redactions. While Plaintiffs do not concede that Defendant's arguments are correct, in order to narrow the issues for the Court and avoid further dispute, Plaintiffs agree, without waiving their objections, to produce unredacted versions of P000021, P009022, and P001614. Plaintiffs also agree to remove all redactions with the exception of one phrase in P009024 and P009026.

      In the final days of fact discovery (which has now closed), Defendant raised a dispute concerning documents that Plaintiffs produced in late 2020, well over *two-and-a-half years ago*, and on which the parties conferred over two months ago. The Court should reject Defendant's extremely belated request. The redactions to the remaining documents in dispute[1] are appropriate because they reflect communications protected by attorney-client privilege, the common interest doctrine, and/or the attorney work product doctrine, and fall well within the established standards protecting such information from disclosure.

**I.    Factual Background**

      On October 19, 2020, Plaintiffs James Kyle Newman, Donna Wood, and Robin Ceppos served their responses to Defendant's First Set of Requests for Production of Documents. In response to Request Nos. 4 and 5, which sought communications between Plaintiffs and other Bloomberg employees, Plaintiffs objected that the requests sought documents protected by

---

[1] P000025 (ECF No. 343-2), P003968 (ECF No. 343-3), P009113 (ECF No. 343-7), P001613 (ECF No. 343-9), P001623 (ECF No. 343-11), P001648 (ECF No. 343-12), one line in P009024 (ECF No. 343-5), P001471 (ECF No. 343-8), one line in P009026 (ECF No. 343-6), and P002700 (ECF No. 343-13). To aid the Court's consideration of the issues raised, Plaintiffs will submit the thirteen documents at issue to the Court for *in camera* review if the Court so orders.

Hon. Gabriel W. Gorenstein
May 19, 2023
Page 2 of 6

attorney-client privilege, the common interest doctrine, and the work product doctrine. Plaintiffs produced the documents at issue with limited redactions applied reflecting communications protected by one or more of the three privileges in October, November, and December 2020, and in January 2021.

On April 27, 2021, Plaintiffs served a privilege log, identifying P000021, P000025, P003968, P009022, P009026, P009113, and P001471 as documents protected by attorney-client privilege and the work product doctrine.

After Plaintiffs Newman, Wood, and Ceppos appeared for their depositions in November 2022, Defendant sent correspondence to Plaintiffs requesting that certain documents be re-produced without redactions. As Defendant's opening letter indicates, the parties conferred in early March 2023, ECF No. 343 at 2 n.2. Despite the Court's requirement that, upon declaring impasse and intent to seek relief from the Court, the party must "promptly seek it," Individual Rule II.A, Defendant did not raise these issues with the Court until over two months later, and just five business days before the close of the discovery period.

As an *in camera* review of the documents will reveal, should the Court so request, none of the very limited redactions concern the issues material to the case: Field Organizer's job duties, their hours, or any issue relevant to the class certification inquiry. Instead, the redactions concern communications reflecting privileged attorney-client communications and attorney work product related to peripheral – but privileged and confidential – topics pertinent at the outset of the case, all of which should be protected from disclosure.

II.     **Legal Standard**

   A.     **Common Interest Exception to the Attorney-Client Privilege**

Communications containing privileged information may retain their protection from disclosure in the absence of an attorney's participation in the communication under the well-established common interest exception. This exception applies where "the party to whom the communication is disclosed [has] a common legal interest" and the communication is made "in the course of formulating a common legal strategy." *Obeid v. La Mack*, 2016 U.S. Dist. LEXIS 170826, at *9 (S.D.N.Y. Dec. 9, 2016); *see also A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07 Civ. 929, 2013 U.S. Dist. LEXIS 162331, at *1 (D. Conn. Nov. 14, 2013) (common interest doctrine "extends the attorney client privilege to privileged communications revealed to a third party who shares a common legal goal with the party in possession of the original privilege" (quoting *TIFD III–E Inc., v. United States*, 223 F.R.D. 47, 50 (D. Conn. 2004))).

"[A] common legal interest has been defined as one in which the parties have been, or may potentially become, co-parties to a litigation, or have formed a coordinated legal strategy." *Obeid*, 2016 U.S. Dist. LEXIS 170826, at *9. The parties do not need to be actively involved in the same matter; it is sufficient that they "demonstrate[] cooperation in formulating a common legal strategy." *See Cendant Corp v. Shelton*, No. 06 Civ. 00854, 2007 U.S. Dist. LEXIS 62491,

at *7 (D. Conn. Aug. 24, 2007) (citing *TIFD*, 223 F.R.D. at 50); *see also Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015) ("Parties may share a 'common legal interest' even if they are not parties in ongoing litigation." (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989))); *Matthews v. Lynch*, No. 07 Civ. 739, 2009 WL 2407363 (D. Conn. Aug. 6, 2009) (communications exchanged between group of employees raising whistleblowing claims against different employers, in meeting without attorney present, protected by common interest privilege).

In addition, "each party must reasonably understand that the communications are provided in confidence." *Cendant Corp v. Shelton,* No. 06 Civ. 00854, 2007 WL 2460701, at *2 (D. Conn. Aug. 24, 2007) (citation omitted). Contrary to Defendant's claim, there is no requirement that attorneys be copied on the communication, *see, e.g.*, *United States v. United Techs. Corp.*, 979 F. Supp. 108, 111 (D. Conn. 1997) (attorney communication forwarded by client to non-attorneys privileged under common interest rule), nor is there any requirement that there be "an agreement between the parties to jointly litigate." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 2015 U.S. Dist. LEXIS 69593, at *9 (S.D.N.Y. May 28, 2015). Instead, the parties may simply "demonstrate actual cooperation toward a common legal goal." *Id.*

      **B.**    **Work Product Doctrine**

When an attorney advises a class member, the communication is protected by the work product doctrine, *see SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 521 (D. Conn. 1976), and that communication retains its protected status even when repeated in another context by a client. *See Loftis v. Amica Mut. Ins. Co.*, 175 F.R.D. 5, 12-13 (D. Conn. 1997) (permitting defendant to redact references to attorney work product contained in internal correspondence between defendant's employees so that that work product would not be revealed). Further, a communication created by a party in anticipation of litigation is also protected by the doctrine and protected from disclosure. *See United States v. Stewart*, 287 F. Supp. 2d 461, 468 (S.D.N.Y. 2003) (email forwarded by defendant to family member not discoverable because defendant had created the document in anticipation of litigation); *see also United States v. Adlman*, 134 F.3d 1194, 1198 (2d Cir. 1998) (stating that to acquire work product protection, a document need not be prepared to assist in litigation, as long as it is prepared in anticipation of litigation).

**III.**    <u>Argument</u>

Plaintiffs address the basis for each challenged redaction in turn.

- **P000025 (ECF No. 343-2).** Plaintiff James Kyle Newman sent this text message to fellow Bloomberg Field Organizer, Jamea Simmons, regarding her efforts to speak with Plaintiffs' Counsel to obtain legal advice regarding her claims against Defendant. The redacted text reflects a communication from Plaintiffs' counsel regarding Ms. Simmons' claims.[2] Mr.

---

[2] These communications are privileged because, as is widely understood, "[a]n attorney-client relationship can arise prior to formal engagement. As a result, privilege may attach to a prospective client's 'initial statements' to an attorney who is not ultimately hired." *Newmarkets*

Newman and Ms. Simmons share a common legal interest because they both worked as Field Organizers for the Mike Bloomberg Campaign and were exploring raising claims against Defendant. *See Obeid*, 2016 U.S. Dist. LEXIS 170826, at *9 (providing common interest may apply when parties "may potentially become" co-parties to a litigation). The communication demonstrates that they were coordinating to get advice regarding their claims from Plaintiffs' counsel, and the face of the communication indicates that Mr. Newman and Ms. Simmons intended it as a confidential communication, as it is a private conversation taking place between the two of them over text message.

- **P003968 (ECF No. 343-3).** Plaintiff Donna Wood sent this email to Shreyas Amol Jethwani, who is also represented by Plaintiffs' counsel in this action. Ms. Wood's email reflects attorney work product related to Plaintiffs' strategy at the outset of this case, as well as the substance of privileged communications from Plaintiffs' counsel. As evidenced by the fact that Plaintiffs' counsel represents both of these individuals, and the fact that Mr. Jethwani specifically expressed, in his earlier email on the following page, that he "want[s] to help out with the lawsuit," Ms. Wood and Mr. Jethwani were engaged in formulating legal strategy; specifically, how to work together to prosecute the case. Further, the email indicates Ms. Wood intended to keep the communication confidential, as it was only sent to Mr. Jethwani, and she stated that her attorneys' email address could be circulated, not the rest of the content of the message. Finally, both individuals have a common legal interest, which, at that time, included pursuing promissory estoppel and fraudulent inducement claims against the Mike Bloomberg campaign.

- **P009022 (ECF No. 343-5) and P002024 (ECF No. 343-5).** Plaintiff Donna Wood sent this email to Jazmin Rodriguez, an individual represented by Plaintiffs' counsel in this matter. These individuals share a common interest because both worked for the Mike Bloomberg campaign, were terminated in violation of Mr. Bloomberg's promise, and both are represented by Plaintiffs' counsel in this action. The email thread demonstrates that the two are working together to push forward the litigation filed against Defendant by discussing the status of the case. The face of the email indicates Ms. Wood intended to keep the communication confidential, as it was only sent to Ms. Rodrigeuz and does not indicate that the information she provided should be disseminated. To narrow the disputes before the Court, Plaintiffs have agreed to remove all the redactions from these documents, except for the redaction applied to the rest of the sentence beginning, "I did not speak to the press." The content following that phrase references explicit conversations Ms. Wood had with her attorneys about her claims.

- **P009113 (ECF No. 343-7).** Plaintiff Donna Wood sent this email to Leticia Monteagudo, who is also represented by Plaintiffs' counsel in this action. Ms. Wood's email reflects attorney work product related to Plaintiffs' strategy at the outset of this case, as well as the substance of privileged communications from Plaintiffs' counsel. Ms. Wood and Ms. Monteagudo have common legal interests because both worked as Field Organizers, both have opted into this case as plaintiffs under 29 U.S.C. § 216(b), and both are represented by Plaintiffs'

---

*Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100 (S.D.N.Y. 2009) (citing *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir. 1988)).

counsel in this action.  Ms. Monteagudo's email also demonstrates that the two are coordinating to formulate legal strategy: Ms. Monteagudo wrote "we need to make some noise on this," and Ms. Wood responded with confidential and privileged information regarding case status and strategy obtained from her attorneys.  The face of the email indicates Ms. Wood intended to keep the communication confidential, as it was only sent to Ms. Monteagudo and does not indicate that the information she provided should be disseminated.

- **P001471 (ECF No. 343-8).**  This is a communication between Plaintiff Robin Ceppos and a fellow Bloomberg Field Organizer Matthew Jeweler.  The document reflects a communication from one of Ms. Ceppos' attorneys regarding the lawsuit.  Ms. Ceppos and Mr. Jeweler share a common legal interest because they both worked as Field Organizers for the Mike Bloomberg Campaign and, as the document demonstrates, were discussing the claims that were raising against Defendant.  The communication demonstrates that they were formulating legal strategy by discussing the status of the lawsuits raising claims against Defendant.  The face of the communication indicates that Ms. Ceppos and Mr. Jeweler intended it as a confidential communication, as it is a private conversation taking place between the two of them over direct message on LinkedIn.

- **P001613 (ECF No. 343-9).**  This communication is a text thread between three Plaintiffs in the case, Robin Ceppos, Alexandra Wheatley-Diaz, and Rachel Douglas.  The redacted text conveys both privileged information and attorney work product.  The three Plaintiffs share a common interest because all three are parties to this action, represented by Plaintiffs' counsel, and raising the same claims against Defendant.  The redacted communication demonstrates that the plaintiffs were formulating legal strategy because they were discussing whether and how to bring certain legal claims identified in the "Statement of Counsel" shared in the thread and the response reflects an attorney-client communication concerning that very issue.  Finally, the fact that this communication was communicated in a private text thread indicates that these individuals intended it to be a confidential communication.

- **P001623 (ECF No. 343-11).**  This is a text thread reflecting a communication between Plaintiff Alexandra Wheatley-Diaz and Opt-in Plaintiff Rachel Douglas, both represented by Plaintiffs' counsel, reflecting an image of a privileged communication from Plaintiffs' counsel to their clients, which included Plaintiff Wheatley-Diaz and Opt-in Plaintiff Douglas, regarding the lawsuit.  The redacted text conveys both privileged information and attorney work product.  As discussed above, Plaintiff Wheatley and Opt-in Plaintiff Douglas share a common interest.  The redacted communication demonstrates that the plaintiffs are formulating legal strategy because they are coordinating efforts related to investigation and development of the litigation.  Finally, the fact that this communication was communicated in a private text thread indicates that these individuals intended it to be a confidential communication.

- **P001648 (ECF No. 343-12).**  This is a text thread reflecting a communication between Plaintiff Alexandra Wheatley-Diaz and Opt-in Plaintiff Rachel Douglas, both represented by Plaintiffs' counsel, discussing advice that Plaintiff Douglas received from Plaintiffs' counsel concerning her claims in this case, reflecting both attorney-client privilege and work product.  As discussed above, Plaintiff Wheatley and Opt-in Plaintiff Douglas share a

common interest. The redacted communication demonstrates that the plaintiffs were formulating legal strategy related to the investigation and development of the litigation. Finally, the fact that these this communication was communicated in a private text thread indicates that these individuals intended it to be a confidential communication.

- **P002700 (ECF No. 343-13).** This is a text thread between Plaintiff Alexandra Wheatley-Diaz and Opt-in Plaintiff Rachel Douglas, both represented by Plaintiffs' counsel, reflecting advice and work product from Plaintiffs' counsel regarding Plaintiffs' strategy and legal analysis in the lawsuit. As discussed above, Plaintiff Wheatley and Opt-in Plaintiff Douglas share a common interest. The redacted communication demonstrates that the plaintiffs were coordinating in the prosecution of the case by discussing how to support the litigation. Finally, the fact that these this communication was communicated in a private text thread indicates that these individuals intended it to be a confidential communication.

For these reasons, the Court should reject Defendant's request. We thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

CC: All Counsel of Record (via ECF)