Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 22, 2023

<u>Via CM/ECF</u>

Mark W. Batten
Member of the Firm
d +1.617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to Rule 2.E of this Court's Individual Practices and the Stipulated Confidentiality Agreement and Protective Order entered in this action (Dkt. 169, the "Protective Order"), the Campaign respectfully submits this application for leave to file portions of its May 22, 2023 Letter under seal.

      The Campaign's May 22 Letter, filed herewith, concerns a discovery dispute between the parties. The Letter references and quotes the May 8, 2023 deposition testimony of Named Class Representative Tristan Angulo, which Plaintiffs designated as confidential in its entirety at Mr. Angulo's deposition pending Plaintiffs' counsel's review of the transcript, pursuant to the Protective Order. On May 20, 2023, the Campaign identified to Plaintiffs the pages of Mr. Angulo's testimony that it anticipated filing in connection with its Letter. When asked whether any of these pages or portions thereof should be filed under seal, Plaintiffs maintained their designation of the entirety of Mr. Angulo's deposition transcript as Confidential and directed the Campaign to file the transcript testimony it had identified under seal. Because Plaintiffs have not identified what they will specifically seek to seal, the Campaign has also redacted references to the underlying subject matter of the testimony, in an abundance of caution.

      Pursuant to Rule 2.E of this Court's Individual Practices, and the Protective Order, because Plaintiffs have designated the material as Confidential, Plaintiffs must submit the application explaining why the sealing of deposition testimony and/or any related references to its subject matter is justified. The deposition testimony quoted and referenced in the Letter include pages 55-66 and 139-143 of Mr. Angulo's deposition transcript. Other than related references to the testimony which the Campaign has redacted, the remaining contents of the Letter are to be filed publicly.

      For the foregoing reasons, the Campaign respectfully requests that the Court grant the Campaign's motion for leave to file under seal pending the Court's decision on Plaintiffs' forthcoming application to the Court to justify the proposed sealing.

      The Campaign thanks the Court for its attention to this matter.

**Proskauer**

Respectfully submitted,

*/s/ Mark W. Batten*

Mark W. Batten


cc: All Counsel of Record (via CM/ECF)