

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

**MEMORANDUM ENDORSED**

May 22, 2023

**Via CM/ECF**

Mark W. Batten
Member of the Firm
d +1.617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to Rule 2.A of this Court's Individual Practices, the Campaign respectfully requests a pre-motion conference to address its anticipated motion, pursuant to Fed. R. Civ. P. 37(a), to compel Plaintiff Tristan Angulo to answer questions that his counsel improperly instructed him not to answer at his deposition. Because Plaintiffs' counsel represented in a subsequent meet-and-confer call that Mr. Angulo likely would ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ if called upon to answer those questions, we also intend to request that the Court evaluate that claim.[1]

## I.   Background

      Plaintiff Tristan Angulo is the proposed class representative for the putative Wisconsin state-law class, a role he assumed after Plaintiffs successfully sought to substitute him for Alan Robinson after Mr. Robinson behaved rudely at his deposition.

      In responses to document requests, Mr. Angulo identified, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Asked about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in his May 8, 2023 deposition, Mr. Angulo testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

      The Campaign's counsel also noted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and asked him ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Angulo responded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Counsel next asked, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Angulo's counsel instructed him not to

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



answer that question.  Campaign counsel asked ███████████████, and Mr. Angulo testified that ████████████. In response to further questions he testified, over his counsel's objection, ████████████████████████████████████████. The Campaign's counsel then asked, ████████████████████████████████████████████████████ Mr. Angulo's counsel instructed him not to answer.  Asked ████████████████████" Mr. Angulo's counsel advised that he could answer, and he testified that ████████████████████████████████████████████.  Counsel then asked, ████████████████████████ Mr. Angulo's counsel instructed him not to answer.

    In a subsequent colloquy between counsel on the record, Campaign counsel asked for the basis for the instructions not to answer.  Mr. Angulo's counsel responded that the instructions were "based on the relevance, proportionality, privacy, harassment and all constitutional protections."  She declined to identify what "constitutional protections" she was asserting. Campaign counsel noted that "relevance" is not a legitimate basis for an instruction not to answer; that there was nothing disproportionate about answering a few questions at deposition; and that privacy interests were not implicated considering that, as Mr. Angulo's counsel herself had noted, ████████████████████.  Nevertheless, and despite Mr. Angulo's prior testimony about ████████ Mr. Angulo's counsel responded that he would not give "any testimony ████████████████████████████████████████.

    During the deposition, Campaign counsel ████████████████ and marked it as an exhibit.  Mr. Angulo was permitted to answer some questions about ████████████████████ Then, ████████, Campaign counsel asked ████████████████ Mr. Angulo responded by ████████████ He testified ████████████████████.  Campaign counsel then asked, ████████████ His attorney instructed him not to answer.

## II.   Counsel's Instructions Not to Answer Were Improper

    The Federal Rules clearly provide that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).  Mr. Angulo's counsel cited no privilege at the deposition.  This Court had ordered no limitation on the questions that counsel sought to enforce.  And counsel neither sought to pause the deposition for the purposes of presenting a Rule 30(d)(3) motion, nor has presented such a motion since then.[2]

    Even apart from the express limitations of the Rule, the grounds that counsel did assert at the deposition offer no basis for an instruction not to answer.  First, "it is improper to instruct a witness not to answer a question on the basis of relevance."  *Fashion Exchange LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (quoting *In re Omeprazole Patent Litig.*,

---

[2] Rule 30(d)(3) permits a deponent or party to move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

**Proskauer**

2005 WL 818821, at *11 (S.D.N.Y. Feb. 18, 2005) and citing *Weinrib v. Winthrop-University Hosp.*, 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016) ("lack of relevancy is not a proper basis for instructing a witness not to answer deposition questions")). ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ The court held the instructions improper and imposed sanctions.

Counsel also cited "proportionality," but there plainly was nothing "disproportionate" about asking Mr. Angulo to answer a few questions in a deposition that did not even take close to the full seven hours that the Federal Rules permit. The "privacy" objection ignores that Mr. Angulo had already testified that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. There would have been no materially greater intrusion on Mr. Angulo's privacy from answering similar questions about ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. And of course there is a protective order in place in this action permitting Plaintiffs to designate testimony as confidential, as counsel herself recognized in stating at the end of the deposition that she wanted the entire transcript treated as confidential pending more specific designations (which have not been provided).

Finally, the claim of "harassment," if it had any substance, could have been pursued through the Rule 30(d)(3) motion that the Rule specifically suggests, but no such motion has been filed. It would be groundless in any case. Mr. Angulo is the designated representative for the Wisconsin class, and ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ – are plainly relevant to his ability to serve as an adequate and typical class representative pursuant to Fed. R. Civ. P. 23(a). Beyond Rule 23, the Campaign also is entitled to cross-examine Mr. Angulo at trial, where his ▅▅▅▅▅▅▅▅ will be admissible, and the factual basis for those ▅▅▅▅▅▅▅ will bear on his credibility. *See, e.g.*, ▅▅▅▅▅▅▅▅▅▅▅▅

In a subsequent meet-and-confer call, Mr. Angulo's counsel said that the questions on which Mr. Angulo had been instructed not to answer implicated ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. There was no mention of such a privilege at the deposition. Even where such a privilege may be implicated, however, counsel's instructions not to answer questions on that ground are still improper. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

**III.** ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

![Proskauer]



███████████████████████████████████████[3]

## IV. Conclusion

For the foregoing reasons, the Campaign respectfully requests that the Court schedule a pre-motion conference to address the Campaign's anticipated motion to compel Plaintiff Tristan Angulo to answer questions concerning ████████████████████████████████.

The Campaign thanks the Court for its attention to this matter.

Respectfully submitted,

/s/ *Mark W. Batten*

Mark W. Batten

cc:   All Counsel of Record (via CM/ECF)

---

[3] On May 12, 2023, the parties met and conferred telephonically at 1:00 PM for approximately 10 minutes regarding this dispute. Mark Batten and Lexie Reynolds of Proskauer Rose LLP participated in the meet and confer on behalf of the Campaign, and Hannah Cole-Chu and Theanne Liu of Outten & Golden LLP participated on behalf of the Plaintiffs. As described above, Plaintiffs' counsel informed Campaign counsel that the questions on which Mr. Angulo was instructed not to answer implicated his ████████████████ and refused to elaborate further as to the basis for Mr. Angulo asserting the ████████████████████████. Counsel for the Campaign informed Plaintiffs' counsel the Campaign planned to seek court intervention after confirming ████████████████.

The Court's pre-motion conference requirement is waived. Defendant shall either file a formal motion or file a letter stating that it elects to have Docket # 350 serve as its moving papers. The briefing schedule shall be in accordance with paragraph 2.B of the Courts Individual Practices (and shall be disclosed either in the notice of motion or the letter just referenced). The opposition and reply may be in the form of a letter or a brief at the party's choosing.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

May 23, 2023