

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 25, 2023

**Via CM/ECF**

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter and respectfully submit this reply in further support of the Campaign's motion to compel Plaintiffs to produce unredacted versions of certain communications that Plaintiffs have withheld improperly.  (*See* Dkts. 343, 345 and 346.)

Plaintiffs' opposition fails entirely to show that they can meet their burden to establish that the withheld communications are both covered by the attorney-client privilege and subject to the common interest doctrine.  We address each of the ten documents still at issue in turn.[1]

- **Exhibit B (ECF No. 343-2, P000025).**  Even assuming that the redacted communication reflects legal advice from Plaintiffs' counsel (which the Court can assess by reviewing the document *in camera*), the common interest rule does not apply here because Plaintiffs do not dispute that no attorneys were active in the communication, which makes it "impossible to conclude that a common legal strategy was being formulated."  *Obeid v. Mack*, 2016 WL 7176653, at *9 (S.D.N.Y. Dec. 9, 2016).  That Simmons may have been a "potential" Plaintiff more than three years ago in March 2020 misses the point that she ultimately declined to opt in to this lawsuit, which negates any suggestion that Simmons formed a coordinated legal strategy with Newman, who, in contrast, has actively participated in this litigation as a proposed Class Representative.

---

[1].There is no merit to Plaintiffs' suggestion that the Campaign unduly delayed in raising this dispute.  As we explained in our moving letter, the parties confirmed that they had reached impasse on April 17, 2023.  Plaintiffs' privilege claims have come up with respect to more than one Plaintiff, and the Campaign has endeavored to engage in meet and confer efforts to narrow the scope of the parties' discovery dispute and to streamline the issues to be presented to the Court.  The Campaign believed that it would be more efficient to only burden the Court on a full record, rather than raising related issues in a piecemeal fashion.  In any event, Plaintiffs do not claim any burden associated with any purported delay, as simply re-producing a handful of documents without redactions would take little effort.

**Proskauer**»

- **Exhibit C (ECF No. 343-3, P003968), Exhibit E (ECF No. 343-5, P009024) and Exhibit F (ECF No. 343-6, P009026).** Plaintiffs do not dispute that no attorneys were active in these communications, or that Jethwani (Ex. C) and Rodriguez (Exs. E and F) are neither opt-in plaintiffs nor member of any proposed class. To the extent Plaintiffs claim that Jethwani and Rodriguez shared a common interest in pursuing the common law promissory estoppel and fraudulent inducement claims against the Campaign (which were subsequently dismissed with prejudice, *see* Dkt. 258), Plaintiffs notably do not claim that the redacted communications specifically concern those claims.

- **Exhibit G (ECF No. 343-7, P009133).** Plaintiffs claim that this email, which similarly did not include any attorneys, reflects "attorney work product related to Plaintiffs' strategy at the outset of the case," but fail entirely to satisfy their burden to establish that the work product doctrine applies here, as they do not even attempt to show that the materials to be protected "result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation." *See Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 88 (S.D.N.Y. 2019) (Gorenstein, J.) (rejecting applicability of work-product privilege where party's argument was "simply a conclusory recital of the governing test" but did "nothing to show that the test applies here"). Plaintiffs' reference to Monteagudo's statement that "we need to make some noise on this" as purported evidence that she and Wood were coordinating legal strategy is similarly unavailing, as this "noise" just as easily could refer to "discussions regarding a public relations strategy surrounding the filing of the instant lawsuit," which is not privileged. *Universal*, 331 F.R.D. at 88.

- **Exhibit H (ECF No. 343-8, P001471).** For the same reasons discussed above with respect to Exhibits B, C, E and F, there is no merit to Plaintiffs' claim that Ceppos (a proposed Class Representative in this case) shares a common legal interest with Jeweler (who has not opted-in to this case) merely because they both worked as Field Organizers for the Campaign. Again, no attorneys are actively involved in the communication and there is no evidence that it was made "in the course of formulating a common legal strategy." *Obeid*, 2016 WL 7176653, at *8.

- **Exhibit I (ECF No. 343-9, P001613), Exhibit K (ECF No. 343-11, P001623), Exhibit L (ECF No. 343-12, P001648) and Exhibit M (ECF No. 343-13, P002700).** Nothing in these text messages establishes that Plaintiffs were disclosing purportedly privileged communications for the purpose of formulating legal strategy with the other participants, as opposed to sharing case updates for information purposes only. Moreover, the fact that in at least one instance the purportedly privileged information was shared with individuals who never joined this lawsuit further belies any suggestion that the communications were intended

Proskauer »

to be kept strictly confidential.  *See* Ex. K (purportedly privileged email was shared with non-parties "Carolyn, Maxwell and Dylan").

\*      \*      \*

In sum, Plaintiffs have not offered any legitimate reason for maintaining the redactions in Exhibits B, C, E, F, G, H, I, K, L, and M.  To the extent that there is any ambiguity with respect to the appropriateness of any of these redactions, the Campaign respectfully requests that the Court accept Plaintiffs' offer to submit the documents at issue for *in camera* review so that the Court can evaluate the propriety of the claimed privileges.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom


cc:      All Counsel of Record (via CM/ECF)