

June 2, 2023

<u>Via CM/ECF</u>
The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 1007

    Re:    *Wood et al., v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS)(GWG)

Dear Judge Gorenstein:

    Pursuant to the Court's Order dated May 10, 2023, ECF No. 345, Plaintiffs file this opposition to Bloomberg's request ("Letter") to compel Plaintiff Tristan Angulo to reappear for a deposition, after the close of discovery, to answer questions related to REDACTED REDACTED that are completely unrelated to any claim or defense. ECF No. 345. A second deposition of Mr. Angulo would be inefficient, costly, and pointless because REDACTED.

    More generally, throughout the long discovery period in this case, Bloomberg has spared no expense in making this case painful for its former campaign workers and their counsel, and has shown little concern for conserving resources (its own lawyers' time, or Plaintiffs' time and that of their counsel). This is yet another example, hopefully the last, of the scorched-earth approach that Bloomberg has insisted on employing in response to Plaintiffs' assertion of their rights to claim unpaid wages.

**I.**    <u>**Background**</u>.

    Plaintiff Tristan Angulo appeared for a deposition on May 8, 2023. Prior to his deposition, REDACTED. After his deposition, Plaintiffs' counsel REDACTED.

    During the deposition, counsel for Bloomberg asked – and Mr. Angulo answered – questions regarding REDACTED. Mr. Angulo gave

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

testimony regarding REDACTED . However, when REDACTED . The questions at issue were: REDACTED [1]

## II. The Court Should Not Compel Another Deposition.

The Court should not compel Mr. Angulo to reappear for an additional deposition. Further deposition testimony on REDACTED is not probative of, and does not have any connection to, the claims or defenses in this action. Bloomberg has already obtained all of the information that it could conceivably acquire from Mr. Angulo's testimony through prior testimony, discovery responses, productions, and public records. In addition, as discussed further below, a second deposition would waste both parties' time and resources because Mr. Angulo REDACTED . Bloomberg's efforts to take further discovery appears designed to harass, embarrass and intimidate Mr. Angulo, and to waste the parties' resources needlessly.[2]

Notably, Mr. Angulo informed Bloomberg of REDACTED . See *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *50 (S.D.N.Y. Sep. 28, 2006) (finding it an "odd defense" to argue that proposed class representatives were not appropriate class representatives considering defendant "chose to hire" them). Even if Bloomberg's vague argument about the Rule 23 adequacy analysis had merit, which it does not, the discovery Bloomberg seeks is not proportional. Given that REDACTED

---

[1] Bloomberg suggests – and is wrong – that Mr. Angulo REDACTED . Letter at 4. Mr. Angulo did not at any point REDACTED Letter at 4. Instead, Mr. Angulo testified to REDACTED

[2] Bloomberg writes at length regarding the propriety of Plaintiffs' counsel's objections to its improper questions. Letter at 2-3. These arguments are beside the point, as Bloomberg undoubtedly would still have sought the same relief from the Court: REDACTED . If the parties were in that posture, reconvening the deposition would still be inappropriate for the reasons discussed here.

REDACTED

A second deposition is disproportionate to the needs of the case. Bloomberg is wrong that information REDACTED is relevant to Mr. Angulo's adequacy as the proposed class representative because the adequacy inquiry "is not an examination into their moral righteousness, but rather an inquiry directed at improper or questionable conduct arising out of or touching upon the very prosecution." *Torres*, 2006 U.S. Dist. LEXIS 74039, at *50 (quoting *Martin v. New York City Dept. of Soc. Servs.*, 117 F.R.D. 64, 71 (S.D.N.Y. 1987)); *see also In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) ("Such considerations of trustworthiness and credibility are not without limitation, however, but instead are restricted to their relevance to issues in the litigation."); *Jones v. Ford Motor Credit Co.*, No. 00 Civ. 8330, 2005 U.S. Dist. LEXIS 5381, at *58-59 (S.D.N.Y. Mar. 31, 2005) ("Courts that have disallowed prospective plaintiffs on the basis of prior convictions have done so only where a clear nexus existed between the conviction and the class claims"); *German*, 168 F.R.D. at 154 ("Plaintiffs' testimony or credibility that is subject to attack must be on an issue critical to one of their . . . causes of action."); *Koenig v. Benson*, 117 F.R.D. 330, 338 (E.D.N.Y. 1987) ("In the Second Circuit a proposed class representative can be ruled inadequate under Rule 23(a)(4) if he is vulnerable to attacks on his credibility concerning the key facts at issue in the case.").

Bloomberg is also wrong that REDACTED are material to either typicality or "cross-examination" at trial – notably, Bloomberg did not cite a single case to support those arguments. Letter at 1 n.1. REDACTED Bloomberg has already obtained this information through Mr. Angulo's deposition testimony, discovery responses, document productions, and public records.

With respect to typicality, REDACTED have no relevance whatsoever to that inquiry. As Plaintiffs will demonstrate in their forthcoming class certification motion, Mr. Angulo's claims are typical of the Wisconsin class because their claims arise from the same events and will rely on the same arguments as to liability. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

REDACTED



and the Court rejected its request. Bloomberg should not be entitled to any further discovery on the topic, especially through the costly method of convening another deposition.

III. **Defendant's Request for a Ruling on** REDACTED **Is Not Ripe.**

Bloomberg requests that the Court "evaluate" whether it would be appropriate REDACTED As is evident from Bloomberg's imprecise request for relief, this issue is not ripe for adjudication because REDACTED, there is no live dispute on which the Court can rule.

Notwithstanding, a second deposition to make the issue a live one would be wasteful for all the reasons discussed in this letter. Recognizing this, Plaintiffs' counsel made multiple proposals to resolve this issue without involving the Court and avoid the burdens and expense of a second deposition. First, Plaintiffs' counsel proposed that REDACTED Second, Plaintiffs' counsel suggested REDACTED Bloomberg refused. REDACTED

Even if the issue were ripe, REDACTED

Hon. Gabriel W. Gorenstein
June 2, 2023
Page 5 of 6

REDACTED [redacted]

REDACTED [redacted]

REDACTED [redacted]

REDACTED [redacted]

REDACTED [redacted]

We thank the Court for its attention to this matter.

Hon. Gabriel W. Gorenstein
June 2, 2023
Page 6 of 6

                                            Respectfully submitted,

                                            Justin M. Swartz

cc: All Counsel of Record (via ECF)