

Advocates for Workplace Fairness

June 2, 2023

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 1007

Re: *Wood et al., v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS)(GWG)

Dear Judge Gorenstein:

Pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), ECF No. 70, and Rule 2(E) of Your Honor's Individual Rules, Plaintiffs hereby move to seal certain redacted portions of Plaintiffs' letter response to Defendant's request to compel Plaintiff Tristan Angulo to appear for a deposition, ECF No. 350, filed concurrently with this letter motion. The redacted material is purely discovery-related, highly sensitive, and private.

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit set out a three-step process for determining whether a document may be filed under seal. First, the court must determine whether the document at issue is a "judicial document." *Lugosch*, 435 F.3d at 119. If so, the court must next determine the weight to be given to the presumption of public access. *Id.* After determining the weight of the presumption of access, the court must balance the competing considerations against it, including "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Despite the presumption in favor of public access to judicial documents, there is no presumed right of access to information filed concerning discovery issues. *See id.* at 119 (providing that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." (quoting *Amodeo*, 44 F.3d at 145))). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation (other than discovery motions and accompanying exhibits)," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). *See also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."); *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 U.S. Dist. LEXIS 103612, at *15 (S.D.N.Y. July 5, 2017) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents").

Hon. Gabriel W. Gorenstein
June 2, 2023
Page 2 of 2

Even if a document constitutes a "judicial document," the presumption of access is significantly weaker if the issue before the Court is discovery-related. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Whether the judicial document plays a significant role in "determining [a] litigants' substantive rights" is critical to this analysis, and as the judicial document becomes less relevant to a litigant's substantive rights, "the weight of the presumption decline." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *see also Bernstein*, 814 F.3d at 142.

The content Plaintiffs seek to seal are references to the subject matter of Plaintiff Tristan Angulo's deposition testimony REDACTED The limited redactions in Plaintiffs' Letter should remain under seal because the discussion concerns a discovery dispute: whether Mr. Angulo should appear again for a deposition and whether REDACTED. No parties' substantive rights in this litigation are implicated by the Court's resolution of the discovery dispute.

Additionally, Plaintiffs have a strong privacy interest in sealing the redactions in their letter because they concern highly sensitive subject matter and *anticipated* testimony REDACTED As described in Plaintiffs' letter, Mr. Angulo REDACTED Accordingly, references to both the testimony he provided and testimony he might provide in response to further questioning should remain under seal. *See Huaman v. Sirois*, No. 13 Civ. 484, 2015 U.S. Dist. LEXIS 51873, at *18 (D. Conn. Apr. 20, 2015) (holding that, "because there is no presumption of public access to discovery materials," REDACTED.

We thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

CC:   All Counsel of Record (via ECF)