

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

June 8, 2023

**Via CM/ECF**

Mark W. Batten
Member of the Firm
d +1.617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

  We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter and respectfully submit this reply in further support of the Campaign's motion to compel Plaintiff Tristan Angulo to answer questions that his counsel improperly instructed him not to answer at his deposition.  (*See* Dkts. 350, 352, 354).

  **I.** **As a Class Representative, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Relevant And Subject to Inquiry In Discovery**

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Angulo's credibility as a class representative is particularly important here where the facts as to the amount of overtime allegedly worked will be established primarily through testimony – where credibility will likely be a deciding factor. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This underscores the importance of the Campaign's ability to inquire into ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] None of the cases Plaintiffs cite in their Opposition (Dkt. 359) ("Pls Opp.") address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Proskauer**

Even if he were found to be an adequate class representative, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

In any case, Plaintiffs' reliance on whether ████████████████ is misplaced and premature. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

At this juncture, the Campaign should be permitted this discovery as there is sufficient possibility that ████████████████████████████████████████████████ Foreclosing discovery of this information would hinder the Campaign's ability to defend itself.

And that seems to be exactly Plaintiffs' counsel's goal in improperly impeding Mr. Angulo from answering questions at the deposition. Contrary to Plaintiffs' implication (Pls Opp. at 1), Plaintiffs' counsel produced very little regarding ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Consequently, the Campaign's counsel appropriately inquired as to ████████████████████ at the deposition. It was not until a few hours before Plaintiffs filed their opposition to this motion that Mr. Angulo produced the other records related to ████████████████, weeks after the deposition had already occurred. The ████████████ Plaintiffs belatedly produced, however, did not supplement Mr. Angulo's testimony. ████████████████████████████████████████████████████████████████ ████████████ and therefore offer no insight at all on the questions his counsel instructed him not to answer during his deposition.

II. **The Instructions Not to Answer Were Improper Wholly Apart From** ██ ████████████████████████████████████████

Plaintiffs' counsel attempts to downplay their improper instructions at the deposition by dismissing the misconduct in a footnote. *See* Pls Opp. at 2, n.2. At a minimum, it is sanctionable conduct to improperly instruct a deponent not to answer, and Plaintiffs offer no defense of counsel's instructions ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

2 ████████████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████

- 2 -

Proskauer

███████████████████████████████████████████████████ Indeed, Plaintiffs now try to rely on the improper instructions by arguing the issue is not ripe for that very reason – that Mr. Angulo did not yet ████████████████████████████ in response to the Campaign's questions.  *See* Pls Opp. at 4.  If we are to believe Plaintiffs' assertion, however, the only reason he did not do so at the deposition is because he was improperly instructed not to answer.  Any waste of the parties' resources is due to these improper instructions.  During the deposition, the Campaign counsel repeatedly addressed the impropriety of Plaintiffs' counsel's direction and tried to avoid the necessity of reconvening for an additional deposition, but neither Mr. Angulo nor his counsel specifically mentioned ██████████████ during the deposition and instead chose to reserve any reference to ██████████████ until counsel met and conferred following the deposition.

It is also incorrect that the parties would be in the same posture had Mr. Angulo not been improperly instructed not to answer, as Plaintiffs insist.  *See* Pls Opp. at 2 n.2.  We cannot know how the deposition would have transpired since Mr. Angulo was directed not to answer.  He may have ██████████████████████████████ or he may have answered one or multiple of Campaign counsel's questions and narrowed the discovery issues in conflict.  Plaintiffs should not be allowed to rely now on improper and sanctionable actions to obfuscate how the deposition might have proceeded otherwise.

**III.**  ████████████████████████████████████████████████



**Proskauer**

### IV. Conclusion

For the foregoing reasons, the Campaign respectfully requests that the Court grant the Campaign's motion to compel Plaintiff Tristan Angulo to answer questions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The Campaign thanks the Court for its attention to this matter.

Respectfully submitted,

*/s/ Mark W. Batten*

Mark W. Batten

cc: All Counsel of Record (via CM/ECF)