

Advocates for Workplace Fairness

June 20, 2023

**Via CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 1007

  Re: *Wood et al., v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS)(GWG)

Dear Judge Gorenstein:

  Pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), ECF No. 70, and Rule 2(E) of Your Honor's Individual Rules, Plaintiffs hereby request that the redacted portions of Defendant's June 8, 2023 letter reply ("Defendant's Reply"), ECF No. 363, remain under seal.[1] The redacted material is purely discovery-related, highly sensitive, and private.

  In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit set out a three-step process for determining whether a document may be filed under seal. First, the court must determine whether the document at issue is a "judicial document." *Lugosch*, 435 F.3d at 119. If so, the court must next determine the weight to be given to the presumption of public access. *Id.* After determining the weight of the presumption of access, the court must balance the competing considerations against it, including "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

  Despite the presumption in favor of public access to judicial documents, there is no presumed right of access to information filed concerning discovery issues. *See id.* at 119 (providing that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." (quoting *Amodeo*, 44 F.3d at 145))). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation (other than discovery motions and accompanying exhibits)," *Bernstein v. Bernstein Litowitz Berger & Grossmann*

---

[1]  Tristan Angulo's deposition took place on May 8, 2023. At the end of the deposition, Plaintiffs' counsel designated the entire transcript as confidential pending their review of the transcript for confidentiality designations, which must be made within 10 business days after receipt of a final and official deposition transcript. ECF No. 70 ¶ 4(b). Plaintiffs received Mr. Angulo's final and official deposition transcript on May 15, 2023, and notified Defendant of their confidentiality designations under the parties' Confidentiality Agreement on May 25, 2023.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

Hon. Gabriel W. Gorenstein
June 20, 2023
Page 2 of 2

*LLP*, 814 F.3d 132, 140 (2d Cir. 2016). *See also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."); *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 U.S. Dist. LEXIS 103612, at *15 (S.D.N.Y. July 5, 2017) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents").

Even if a document constitutes a "judicial document," the presumption of access is significantly weaker if the issue before the Court is discovery-related. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Whether the judicial document plays a significant role in "determining [a] litigants' substantive rights" is critical to this analysis, and as the judicial document becomes less relevant to a litigant's substantive rights, "the weight of the presumption decline." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *see also Bernstein*, 814 F.3d at 142.

The content Plaintiffs seek to seal are references to the subject matter of Plaintiff Tristan Angulo's deposition testimony, which Defendant did not attach to its reply letter. The redactions in Defendant's Reply should remain under seal because the discussion concerns a discovery dispute: whether Plaintiffs' objections and instructions during Mr. Angulo's deposition were proper, whether Mr. Angulo should appear again for a deposition, and whether ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 363. No parties' substantive rights in this litigation are implicated by the Court's resolution of the discovery dispute.

Additionally, Plaintiffs have a strong privacy interest in sealing the redactions in Defendant's Reply because they concern highly sensitive subject matter and *anticipated* testimony ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As described in Plaintiffs' opposition filing, ECF No. 359, Mr. Angulo ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Accordingly, references to both the testimony he provided and testimony he might provide in response to further questioning – in Defendant's Reply and this request – should remain under seal. *See Huaman v. Sirois*, No. 13 Civ. 484, 2015 U.S. Dist. LEXIS 51873, at *18 (D. Conn. Apr. 20, 2015) (holding that, "because there is no presumption of public access to discovery materials," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

We thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

CC:   All Counsel of Record (via ECF)