```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DONNA WOOD,                                      :
                                                                    ORDER
                        Plaintiff,               :
                                                                    20 Civ. 2489 (LTS) (GWG)
        -v.-                                     :

MIKE BLOOMBERG 2020, INC.,                       :

                                                 :
                        Defendant.
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Court is in receipt of letters from the parties concerning a motion to compel deposition testimony of plaintiff Tristan Angulo by defendant Mike Bloomberg 2020, Inc. See Docket ## 350, 354, 359, 363. Fed. R. Civ. P. 30(c)(2) permits an instruction not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of these bases were articulated with respect to the questions posed to Angulo. To the extent that the plaintiffs are making a motion under Rule 30(d)(3) now, the Court denies the motion as it has not been shown that the standards of Rule 30(d)(3) have been met. Accordingly, Angulo shall appear for a deposition for the limited purpose of answering the questions at issue and any question that reasonably follows up to those questions. This ruling shall not be construed to prevent counsel from instructing the witness not to answer based on privilege.[1]

      With respect to the requests to seal the letters raising this issue, see Docket ## 351, 358, 360, 364, 366, the standards for such requests are set forth in this Court's decision in In re New York City Policing During Summer 2020 Demonstrations, 2022 WL 7886182, at *3 (S.D.N.Y. Oct. 14, 2022). We accept that these letters are judicial documents. Nonetheless, because this is a discovery dispute, the presumption of public access is low. In light of this low presumption, we are prepared at this time to conclude that the plaintiff's privacy interests outweigh the presumption with respect to the instant dispute. This ruling, however, applies only to this particular discovery dispute and should not be taken as a ruling as to whether the subject matter of the questions at issue should not properly be revealed in other contexts.

Conclusion

      The motion to compel (Docket # 350) is granted. The motions to seal (Docket ## 351,

---

[1] If such an instruction is planned, plaintiffs' counsel should inform defendant of this fact, and the parties should simply stipulate that the instruction would be given in response to the questions on specific topic areas were the deposition to resume. The Court will consider the stipulation sufficient for defendant to move to object to the invocation of privilege should it later choose to do so.

358, 360, 364, 366) are also granted.

    SO ORDERED.

Dated: June 22, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge