

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 25, 2023

<u>Via CM/ECF</u>

Mark W. Batten
Member of the Firm
d +1.617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

      We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to Rule 2.A of this Court's Individual Practices, and following the Court's June 22, 2023 Order (Dkt. No. 367), the Campaign respectfully requests a further pre-motion conference to address its anticipated motion, pursuant to Fed. R. Civ. P. 37(a), to compel Plaintiff Tristan Angulo to answer questions that his counsel improperly instructed him not to answer at his deposition.

### I.   Background

      The background to this dispute is largely set forth in the Campaign's prior letter concerning Mr. Angulo's deposition, Dkt. No. 350.[1]  Plaintiff Tristan Angulo, the proposed class representative for the putative Wisconsin state-law class, acknowledged in deposition ▆▆▆▆▆▆▆▆▆▆ but was instructed not to answer questions about ▆▆▆▆▆▆▆▆▆▆

      In its initial Order, the Court granted the Campaign's motion to compel and directed Mr. Angulo to appear for a second deposition in order to answer "the questions at issue and any question that reasonably follow up to those questions."  Dkt. No. 367.  The Court further held, however, that if Plaintiffs' counsel anticipated that Mr. Angulo would assert a privilege to such questions, they should inform the Campaign's counsel of that intent, and that the Campaign could then move to object to the invocation of privilege upon that stipulation, without the need to go through the procedure of having Mr. Angulo appear and assert the privilege.  *Id.* at n.1.

      In subsequent communications between counsel, Plaintiffs' counsel has confirmed that Mr. Angulo will assert a privilege to any questions "related to ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ a position they note they have asserted "multiple times."  Rather than re-convene the deposition for Mr. Angulo to assert such a privilege, the Campaign respectfully

---

[1] Plaintiffs' response to the Campaign's prior letter is Dkt. No. 359 and the Campaign's reply is Dkt. No. 363.

**Proskauer**

requests that the Court now consider the Campaign's objections to the assertion of that privilege, as suggested by the June 22 Order.

## II. The Record Suggests That Mr. Angulo Has Waived Any Privilege.



In their response to the Campaign's last letter concerning Mr. Angulo's claimed privilege, Plaintiffs limited their merits argument to a suggestion that ████████ ████████ Dkt. No. 359 at 5. Even if that hypothetical possibility exists – ████████ ████████ – he has already ████████ ████████. The Campaign's questions are limited to ████████ ████████.

At the first deposition, Plaintiffs' counsel instructed Mr. Angulo not to answer several questions about ████████, and repeatedly remarked that she would not permit any questioning about ████████.[2] Such questions asked merely about ████████ ████████, and he has waived any privilege as to that information.

---

[2] Counsel's remarks included "He's not going to give any testimony regarding ████████ ████████"; "Again, I'm going to instruct him not to give any testimony regarding ████████ ████████"; later urging defense counsel to ask questions "perhaps worded in a slightly

# Proskauer

For example, Mr. Angulo acknowledged that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but when then asked ▮▮▮▮▮▮▮▮▮▮ his counsel instructed him not to answer.  This question, too, asked about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as to which any privilege had been waived.

Although Mr. Angulo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, they are not ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nor otherwise available.  He should be compelled to respond to deposition questions about those facts.

### III. Mr. Angulo Must Show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Even apart from waiver, Mr. Angulo bears the burden of demonstrating ▮▮▮▮▮▮▮; it is not enough for him merely to invoke the privilege ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As noted in the Campaign's initial letter, Dkt. No. 350, the Second Circuit requires the proponent of the privilege to demonstrate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In response to the Campaign's initial letter, Plaintiffs made no effort to satisfy this burden. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### IV. Conclusion

Mr. Angulo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ particularly relevant to his ability to serve as a class representative in an action where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

different way that doesn't ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"; "I'm instructing him not to give any testimony regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. . . . Regarding ▮▮▮▮▮▮▮▮▮▮, he's not going to give any testimony regarding that"; and "Mr. Angulo can't give any testimony regarding ▮▮▮▮▮▮▮▮▮.

**Proskauer**

███████████████████████████████████████████
███████████████████████████████████████████ They also will be fair game for cross-examination at trial, or may be admitted if Plaintiffs open the door to such testimony. Those scenarios need not be addressed now, however; the question presented merely concerns discovery, and Plaintiffs offer no legitimate basis to deny the Campaign discovery on ████████████████████████████.

For the foregoing reasons, the Campaign respectfully requests that the Court schedule a pre-motion conference to address the Campaign's anticipated motion to compel Plaintiff Tristan Angulo to answer questions concerning ████████████████████████████.

The Campaign thanks the Court for its attention to this matter.

                                        Respectfully submitted,

                                        /s/ Mark W. Batten

                                        Mark W. Batten


cc:     All Counsel of Record (via CM/ECF)