

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 25, 2023

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

<u>Via CM/ECF</u>

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Donna Wood, et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Gorenstein:

We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to Rule 1.E of this Court's Individual Practices, the Campaign respectfully requests a 30-day extension of the deadline for Rebuttal Expert Reports from August 28, 2023 to September 27, 2023. This is the Campaign's first request for an extension of the deadline for Rebuttal Expert Reports, and Plaintiffs consent to this request.

The Campaign makes this request because it requires a modest amount of additional time to produce its rebuttal to Plaintiffs' expert report, which was served on July 14, 2023. The Campaign did not have any prior notice of the subject on which Plaintiffs' proposed expert would opine before receiving the report and, because the deadlines for expert discovery have moved as a result of the Campaign's consent to Plaintiffs' multiple prior requests for extensions of the fact discovery deadlines, the current August 28 deadline for rebuttal reports poses challenges related to availability and defense counsel's pre-planned summer commitments.

Additionally, the Campaign observed that Plaintiffs' expert's report (i) cited a document that had not been produced in discovery, and (ii) indicated that the proposed expert had been provided "143,234 documents" to review, which is significantly more than the total number of documents produced in discovery in this case. Counsel for the Campaign promptly inquired about these discrepancies. On July 20, 2023, Plaintiffs' counsel provided the Campaign with the document cited by the expert that had not been provided to the Campaign with the report (nor had it been provided at any time prior to the Campaign's direct request for it). However, Plaintiffs have not yet explained why the report states that the expert was provided with "143,234 documents" when far fewer documents have been produced in this case, and it is unclear whether Plaintiffs will be providing the Campaign with any additional documents reviewed by their proposed expert that were not previously produced and, if so, how many new documents will be produced. Plaintiffs' belated production of the document cited in the report and the outstanding issue with respect to other documents provided to Plaintiffs' proposed expert further supports the Campaign's request for a 30-day extension of the current deadline for Rebuttal Expert Reports.

For all of the foregoing reasons, the Campaign respectfully requests that the Court grant its request for an extension and adopt the following proposed schedule, which sets forth a 30-day extension of the deadline for Rebuttal Expert Reports, as well as a corresponding extension of

**Proskauer**

the other remaining deadlines (with minor adjustments where a 30-day extension would result in a deadline falling on a weekend).

| Event | Current Deadline | Deadline with Extension |
|---|---|---|
| Deadline for Rebuttal Expert Reports | Aug. 28, 2023 | Sept. 27, 2023 |
| Deadline for Reply Expert Reports | Sept. 28, 2023 | Oct. 30, 2023 |
| Deadline for Expert Depositions | Oct. 13, 2023 | Nov. 13, 2023 |
| Deadline for Letter re Intent to File Summary Judgment Motion[1] | Oct. 13, 2023 | Nov. 13, 2023 |

The Campaign thanks the Court for its attention to this matter.

Respectfully submitted,

/s/ *Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel of Record (via CM/ECF)

---

[1] During a July 21, 2023 meet and confer, Plaintiffs' counsel proposed seeking a modification of this deadline so that that any letter indicating intent to file a summary judgment motion would be due three weeks after the Court issues a decision on Plaintiffs' anticipated motion for class certification and the Campaign's anticipated motion for decertification of the FLSA collective.  Because this is Plaintiffs' request (and not the Campaign's), we do not address it in this letter, but note that the Campaign would not oppose such a request if Plaintiffs were to make it.