# Exhibit 48

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>          Defendant. | 20 Civ. 02489 (LTS) (GWG)<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign"), by and through its attorneys, Proskauer Rose LLP and Venable LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to Defendant, dated February 17, 2023 (the "Requests For Admission") as set forth below.[1]

## PRELIMINARY STATEMENT

    This Preliminary Statement is expressly made part of and in addition to Defendant's specific objections and response to Request Nos. 1-14, as though fully set forth therein.

    1.  All objections and responses herein are based only upon Defendant's present knowledge of the matters covered by Plaintiff's Requests For Admission and its best efforts to identify information responsive to those Requests For Admission.

    2.  To the extent any of the Requests For Admission are premised on disputed allegations, Defendant's responses to the Requests For Admission shall not be deemed an

---

[1] Defendant does not waive, and expressly reserves, all of its rights and arguments, including but not limited to those related to Defendant's pending Motion to Dismiss and/or Strike, filed on October 4, 2022 (Doc. No. 301) ("Motion to Dismiss and/or Strike").

admission of any such disputed allegations. Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended. The fact that Defendant has either responded to or objected to a Request For Admission, or part thereof, should not be taken as an admission that Defendant have accepted or admitted the existence of any fact or facts set forth or assumed by such Request For Admission, or that such response or objection constitutes evidence. The fact that Defendant has responded to part or all of any Request For Admission is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any Request For Admission.

3. In providing these objections and responses to the Requests For Admission, Defendant does not waive or intend to waive, but, on the contrary, reserves and intends to reserve:

    a. all objections as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter thereof;

    b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

    c. the right to object on any ground at any time to a demand for further information or document production; and

    d. the right at any time to revise, supplement, correct, or add to its responses.

4. To the extent that Defendant references its answers and/or responses to Defendant's Interrogatories (the "Interrogatories") and/or Defendant's Responses and Objections to Plaintiffs' Requests for the Production of Documents to Defendant (the "Document

Requests"), Defendant's objections to Plaintiff's Interrogatories and/or Plaintiffs' Document Requests are incorporated herein and into the objections to that specific Request For Admission by reference.

## **GENERAL OBJECTIONS**

Defendant's General Objections to Plaintiffs' Definitions and Instructions are set forth below ("General Objections"). These General Objections are expressly made part of and in addition to Defendant's specific response and objections to Request Nos. 1-14, as though fully set forth therein.

1.      Defendant objects to the Definitions and Instructions (and the Requests For Admission applying the Definitions and Instructions) to the extent they seek to impose obligations on Defendant that exceed, or are inconsistent with, those imposed by the Federal Rules, the Local Rules, and and/or the Court's Individual Rules & Practices (the "Individual Rules" and collectively with the "Federal Rules" and the "Local Rules," the "Rules"). Defendant will apply the definitions and instructions established in Rules 26 and 36 of the Federal Rules and Rules 26.3 of the Local Rules, will respond to the Requests For Admission in accordance with those Rules, and will not provide information and/or documents insofar as they exceed the requirements of the Rules.

2.      Defendant objects to the Definitions and Instructions (and the Requests For Admission applying the Definitions and Instructions) to the extent they seek to impose a broader definition of any term or phrase than the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3. For purposes of Defendant's Responses and Objections to Plaintiffs' First Set of Requests For Admission, Defendant utilizes the definitions set forth in the Uniform Definitions in Discovery Requests in Local Rule 26.3.

3

3.  Defendant objects to the terms "Defendant," "You," "Your," and "Yourself" as defined by Plaintiff in Paragraph c. of the Definitions and Instructions (and the Requests For Admission applying the Definitions) because they are overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous to the extent the terms as defined by Plaintiffs may encompass individuals or entities who are not a party to this litigation, including agents, representatives, servants, supervisors, managers, advisors, attorneys, predecessors and successors in interest and "all other persons acting or purporting to act on [Defendant's] behalf." Defendant further objects to the extent Requests For Admission using these terms seek information that is irrelevant and immaterial to the subject matter of this lawsuit and to the extent they may seek information from persons who may be exempt from disclosure of such information under the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges and/or constitutional, statutory, or common law rights of privacy and confidentiality. For purposes of Defendant's Responses And Objections to Plaintiff's First Set of Requests For Admission, Defendant utilizes the definition of the terms "Defendant," "You," "Your," and "Yourself" set forth in Local Rule 26.3(c)(5), to the extent applicable.

4.  Defendant objects to Paragraph i. of the Definitions and Instructions (and the Requests For Admission applying the Definitions and Instructions) on the grounds that the phrase "terms of art" is vague and ambiguous.

5.  Defendant objects to the Definitions and Instructions (and the Requests For Admission applying the Definitions and Instructions) to the extent they seek information, documents, or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. Defendant will apply the definitions and instructions established in the Federal Rules and Local

4

Rule 26.2 concerning assertions of privilege and will not provide documents or information insofar as the Plaintiff's Definitions and Instructions or Requests For Admission exceed the requirements of those Rules.

6. Defendant objects to the omission of any definition and/or instruction pertaining to the applicable time period. Unless otherwise stated, to the extent that Defendant provides responsive information, it will do so for the "Relevant Time Period," which is defined as November 21, 2019 through April 30, 2020.

7. Defendant objects to the Definitions and Instructions (and the Requests For Admission applying the Definitions and Instructions) to the extent they seek information or documents that are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the Requests For Admission to the extent they are being used as a discovery mechanism in place of seeking the production of documents or testimony from Defendant, rather than seeking to have Defendant admit the truth of matters "relating to: (A) fact, the application of facts of law to fact, or opinions about either; and (B) the genuineness of any described documents" as provided under Fed R. Civ. P. 36, and/or will not narrow the issues for trial.

9. Defendant objects to the Requests For Admission to the extent they are drafted in a way that do not permit Defendant to admit or deny without clarification, improperly seek responses to legal questions, and/or are irrelevant.

10. Defendant objects to the Requests For Admission to the extent they seek to compel admission of fundamental or material issues or ultimate facts that can only be resolved after a full trial.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Defendant created a job description for the Field Organizer position. Sayers Tr. at 20:24-25:2; *see, e.g.*, MB2020_Wood_00097532, MB2020_Wood_00089188.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to this Request For Admission on the grounds that the terms and phrases "created" and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that the Campaign developed a job description for the Field Organizer position, but denies that the duties described in the job description completely reflect the duties actually performed by each of the Field Organizers on a day-to-day basis, which differed based on a number of factors, including the state in which they were employed, the nature of the "turf" to which they were assigned (*e.g.*, rural, suburban or urban), individualized choices made by the Field Organizer using their discretion and independent judgment as to how best to run field operations in their respective turf and maximize support for Mr. Bloomberg's election to the Presidency, and the extent of their political experience. *See* Sayers Tr. 20:24-22:9; Simpson Tr. 142:19-22, 145:5-8.

**REQUEST NO. 2:**

MB2020_Wood_00097532 is a job description that applied to all Field Organizers. Sayers Tr. at 22:18-21.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to this Request For Admission on the grounds that the terms and phrases "applied" and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that MB2020_Wood_00097532 is an example of a job description containing a non-exhaustive list of expected job duties for the Field Organizer position, but denies that the duties described in the job description completely reflect all of the duties actually performed by each of the Field Organizers on a day-to-day basis, which differed based on a number of factors, including the state in which they were employed, the nature of the "turf" to which they were assigned (*e.g.*, rural, suburban or urban), individualized choices made by the Field Organizer using their discretion and independent judgment as to how best to run field operations in their respective turf and maximize support for Mr. Bloomberg's election to the Presidency, and the extent of their political experience.

**REQUEST NO. 3 (1 of 2):**

MB2020_Wood_00089188 is a job description that applied to all Field Organizers. Sayers Tr. at 22:18-21.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3 (1 of 2):**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request for Admission on the grounds that the

7

admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to this Request For Admission on the grounds that the phrases "applied" and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

### Response

Subject to and without waiving the General Objections, Defendant admits that MB2020_Wood_00089188 is an example of a job description containing a non-exhaustive list of expected job duties for the Field Organizer position, but denies that the duties described in the job description completely reflect all of the duties actually performed by each of the Field Organizers on a day-to-day basis, which differed based on a number of factors, including the state in which they were employed, the nature of the "turf" to which they were assigned (*e.g.*, rural, suburban or urban), individualized choices made by the Field Organizer using their discretion and independent judgment as to how best to run field operations in their respective turf and maximize support for Mr. Bloomberg's election to the Presidency, and the extent of their political experience.

**REQUEST NO. 3 (2 of 2):**

The Field Organizer job description did not vary by state. Sayers Tr. at 22:15-17.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3 (2 of 2):**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to this Request For Admission on the grounds that the phrase "Field Organizer" (as defined in the Third Amended Complaint) is vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that the job description used to advertise for available Field Organizer positions, referenced in Request for Admission Nos. 1 and 2, did not vary from state to state, but denies that the duties described in the job description completely reflect all of the duties actually performed by each of the Field Organizers on a day-to-day basis, which differed based on a number of factors, including the state in which they were employed, the nature of the "turf" to which they were assigned (*e.g.*, rural, suburban or urban), individualized choices made by the Field Organizer using their discretion and independent judgment as to how best to run field operations in their respective turf and maximize support for Mr. Bloomberg's election to the Presidency, and the extent of their political experience.

**REQUEST NO. 4:**

Defendant determined the exemption status of the Field Organizer position prior to the creation of the Field Organizer job description. Sayers Tr. at 55:7-17.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to this Request For Admission on the grounds that it calls for a legal conclusion. Defendant further objects to the Request for Admission to this extent it calls for information that is subject to the attorney-client privilege, work-product privilege, and/or any other applicable privilege or immunity. Defendant further objects to this Request For Admission on the grounds that the phrase "Field Organizer" (as defined in the Third Amended Complaint) is vague and ambiguous.

9

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that the Campaign determined the exemption status for the Field Organizer position prior to the creation of the written job description for the Field Organizer position, but denies that it determined the exemption status without considering, among other things, the expected duties for the position.

**REQUEST NO. 5:**

Defendant used the same template wage statement and wage notice for all Field Employers employed in New York.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial.  Defendant further objects to this Request For Admission on the grounds that the phrases "template" and "Field Employers" are vague, ambiguous, and unintelligible.

**Response**

Subject to and without waiving the foregoing objections, Defendant denies this Request.

**REQUEST NO. 6:**

Defendant used the same template wage statement and wage notice for all Field Employers employed in California.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial.  Defendant further objects to this Request For Admission on the grounds that the phrases "template" and "Field Employers" are vague, ambiguous, and unintelligible.

10

**Response**

Subject to and without waiving the foregoing objections, Defendant denies this request.

**REQUEST NO. 7:**

MB2020_Wood_00037275 reflects the template wage statement Defendant used for all Field Organizers employed in New York.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial.  Defendant further objects to this Request For Admission on the grounds that the phrases "template" and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that MB2020_Wood_00037275 is an example of the wage statement provided by Defendant to Field Organizers employed in New York.

**REQUEST NO. 8:**

MB2020_Wood_00092420 reflects the template wage statement Defendant used for all Field Organizers employed in California.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial.  Defendant further objects to this Request For Admission on the grounds that the

"template" and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objection, Defendant admits that MB2020_Wood_00092420 is an example of the wage statement provided by Defendant to Field Organizers employed in California.

**REQUEST NO. 9:**

Defendant did not request or receive any opinion letters from any outside person, party, or entity regarding the exemption status of Field Organizers prior to this litigation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request For Admission on the grounds that it calls for a legal conclusion. Defendants further object to this Request for Admission on the grounds that it exceeds the scope of Fed. R. Civ. P. 36 in that it is not being utilized to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute or narrowing the scope of disputed issues, but rather is being used as a discovery device, and is overbroad and unduly burdensome. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial, particularly in that Defendant has not asserted any good faith affirmative defense. Defendant further objects to the Request for Admission to this extent it calls for information that is subject to the attorney-client privilege, work-product privilege, and/or any other applicable privilege or immunity. Defendant further objects to this Request For Admission on the grounds that the terms and phrases "opinion letters," "outside person," "party," "entity," and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

12

**Response**

Subject to and without waiving the General Objections, Defendant admits that it did not receive any "opinion letters" regarding the exemption status of Field Organizers.

**REQUEST NO. 10:**

Defendant did not request or receive any legal opinions from any outside person, party, or entity regarding the exemption status of Field Organizers prior to this litigation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request For Admission on the grounds that it calls for a legal conclusion. Defendants further object to this Request for Admission on the grounds that it exceeds the scope of Fed. R. Civ. P. 36 in that it is not being utilized to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute or narrowing the scope of disputed issues, but rather is being used as a discovery device, and is overbroad and unduly burdensome. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to the Request for Admission to this extent it calls for information that is subject to the attorney-client privilege, work-product privilege, and/or any other applicable privilege or immunity. Defendant further objects to this Request For Admission on the grounds that the terms and phrases "legal opinions," "outside person," "party," "entity," and "Field Organizers" (as defined in the Third Amended Complaint) are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant denies this Request For Admission.

13

**REQUEST NO. 11:**

Defendant created voter contact scripts for Field Organizers and volunteers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendants further object to this Request for Admission on the grounds that it exceeds the scope of Fed. R. Civ. P. 36 in that it is not being utilized to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute or narrowing the scope of disputed issues, but rather is being used as a discovery device, and is overbroad and unduly burdensome.  Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial.  Defendant further objects to this Request For Admission on the grounds that the terms and phrases "created," "voter contact scripts," "Field Organizers" (as defined in the Third Amended Complaint), and "volunteers" are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that members of the Campaign created sample scripts that were intended to be used as guides for communications concerning Mr. Bloomberg's message.

**REQUEST NO. 12:**

Defendant did not maintain records of the amount of time Field Organizers worked on a daily or weekly basis.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendants further object to this Request for Admission on the grounds that it exceeds the scope of Fed. R. Civ. P. 36 in that it is not being utilized to reduce the costs of

14

litigation by eliminating the necessity of proving facts that are not in substantial dispute or narrowing the scope of disputed issues, but rather is being used as a discovery device, and is overbroad and unduly burdensome.  Defendant further objects to this Request For Admission on the grounds that the terms and phrases "records," "time," "Field Organizers" (as defined in the Third Amended Complaint), "daily," and "weekly basis" are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that it did not maintain formal timekeeping records for the Field Organizers.

**REQUEST NO. 13:**

Defendant classified all Field Organizers as exempt from overtime requirements pursuant to the overtime provisions of the Fair Labor Standards Act and state overtime laws.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to this Request For Admission on the grounds that it calls for a legal conclusion.  Defendant further objects to this Request For Admission on the grounds that the terms and phrases "classified," "Field Organizers" (as defined in the Third Amended Complaint) and "overtime provisions" are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant admits that it treated all Field Organizers as exempt from overtime requirements under the Fair Labor Standards Act and state overtime laws.

**REQUEST NO. 14:**

Defendant did not conduct an individualized assessment of any particular Field Organizer's job duties to determine whether they were properly classified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and state overtime laws.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14:**

Defendant incorporates its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this Request For Admission on the grounds that it calls for a legal conclusion. Defendants further object to this Request for Admission on the grounds that it exceeds the scope of Fed. R. Civ. P. 36 in that it is not being utilized to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute or narrowing the scope of disputed issues, but rather is being used as a discovery device, and is overbroad and unduly burdensome. Defendant further objects to this Request for Admission on the grounds that the admission sought is not relevant to any party's claim or defense and will not narrow the issues for trial. Defendant further objects to the Request for Admission to this extent it calls for information that is subject to the attorney-client privilege, work-product privilege, and/or any other applicable privilege or immunity. Defendant further objects to this Request For Admission on the grounds that the phrases "individualized assessment," "Field Organizer" (as defined in the Third Amended Complaint), and "job duties" are vague and ambiguous.

**Response**

Subject to and without waiving the foregoing objections, Defendant denies this Request.

Dated: March 20, 2023
   New York, New York

PROSKAUER ROSE LLP
*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Pinchos N. Goldberg
Allison L. Martin
Eleven Times Square
New York, New York 10036
(T) 212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com

pgoldberg@proskauer.com
amartin@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.