

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 21, 2023

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Laura Taylor Swain
U.S. District Judge, Chief Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17C
New York, New York 10007-1312

Re:     *Wood et al. v. Mike Bloomberg 2020, Inc.*, 20 Civ. 2489 (LTS) (GWG)

Dear Judge Swain:

        We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter.  Consistent with Paragraph 5 of Your Honor's Individual Practices, we write in response to Plaintiffs' letter-motion to file portions of Plaintiffs' Motion for Class Certification and certain accompanying exhibits with redactions and/or under seal.  (Dkt. 385) ("Motion to Seal").

        For the reasons set forth below, the Campaign respectfully requests that the Court permit Exhibits 1, 17, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, and 42 to be filed with limited redactions, and Exhibit 16 to be filed entirely under seal.[1]   The Campaign otherwise does not object to Plaintiffs' public filing of the documents identified in their Motion to Seal.[2]

## I.     __Applicable Legal Standard.__

        In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated three steps that courts should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches.  *Lugosch*, 435 F.3d at 119.  Second, if the materials are

---

[1] Attached hereto as Exhibits A through U are the Campaign's proposed redacted versions of Exhibits 1, 17, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, and 42 .  The Campaign will provide the Court with unredacted copies of these documents under seal.

[2] Plaintiffs did not provide the Campaign with the lengthy list of documents designated as "Confidential" that they intended to file with their Motion for Class Certification until 4:40 PM on Friday, August 11, 2023.  We responded a few minutes later that we would review the documents and let Plaintiffs know the Campaign's position by Friday, August 18, but that it was not feasible to do so by Tuesday, August 22 as demanded by Plaintiffs given the need to confer with our client.  Plaintiffs' counsel did not respond to our email before filing Plaintiffs' Motion for Class Certification and this Motion to Seal.

Proskauer»

Hon. Laura Taylor Swain
August 21, 2023
Page 2

"judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id*. at 120; *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

Courts have repeatedly recognized that sealing is appropriate to protect the privacy interests of third parties. *See, e.g.*, *In re Google Dig. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (allowing redaction of personally identifying information because "the personal privacy interests of the relevant third-party individuals in information including personal cell phone numbers ... outweighs the presumption of public access."); *see also Burgess v. Town of Wallingford*, No. 11-cv-1129 (CSH), 2012 WL 4344194, at *11 (D. Conn. Sept. 21, 2012) (ordering the redaction of "such individual pieces of information as a 'home address, e-mail address, phone number, and the like[ ]'" because "'[t]he Internet has revolutionized the scope and manner in which information is available for public access ... and has also, unfortunately, provided criminals with a new medium through which to commit crimes'" and there was "minimal countervailing public interest in the disclosure of such personally identifying information."). In weighing the presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted).

Although blanket sealing of entire documents ... "is generally disfavored[,]" *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013), there are times when sealing a whole document is preferable to publicly filing a redacted version. *See U.S. v. Amodeo*, 71 F.3d 1044 (2d. Cir. 1995) (reversing the district court's unsealing of a heavily redacted document). For example, redaction is not a viable alternative to sealing when the necessary redactions are so extensive that the redacted document would provide little meaningful information to the public and would risk misleading it. *See id*. at 1048, 1052. Therefore, the decision to seal is an "all or nothing matter" when a document would be "rendered unintelligible as a result of redactions." *Id*. at 1052, 1053.

**Proskauer»**

Hon. Laura Taylor Swain
August 21, 2023
Page 3

II.   **The Campaign's Narrowly Tailored Sealing Requests are Consistent with _Lugosch_.**

A.   *Proposed Exhibits to be Filed with Limited Redactions (Exhibits 1, 17, 22-28, 30-37, 39-42).*

Exhibit 31 (Dkt. 384-31, MB2020_Wood_00173284) is an email exchange referencing an inquiry by Human Resources into a personnel issue concerning a third-party employee of the Campaign. Given the sensitive nature of this discussion, and to protect the privacy of this third-party, the Campaign requests that the name of the third-party employee be redacted from any publicly filed version of this exhibit. The Campaign also requests that the personal cell phone number of the Campaign employee who sent the email similarly be redacted, consistent with Your Honor's Individual Rule 5.b.i.[3]

The Campaign similarly requests that the personal cell phone numbers appearing in the following exhibits be redacted from any publicly filed versions of the exhibits:

- Exhibit 1 (Dkt. 384-1, MB2020_Wood_00018293)
- Exhibit 17 (Dkt. 384-17, MB2020_Wood_00110781)
- Exhibit 22 (Dkt. 384-22, MB2020_Wood_00165002)
- Exhibit 23 (Dkt. 384-23, MB2020_Wood_00165180)
- Exhibit 24 (Dkt. 384-24, MB2020_Wood_00165244)
- Exhibit 25 (Dkt. 384-25, MB2020_Wood_00165282)
- Exhibit 26 (Dkt. 384-26, MB2020_Wood_00165596)
- Exhibit 27 (Dkt. 384-27, MB2020_Wood_00165602)
- Exhibit 28 (Dkt. 384-28, MB2020_Wood_00165942)
- Exhibit 30 (Dkt. 384-30, MB2020_Wood_00172924)
- Exhibit 32 (Dkt. 384-32, MB2020_Wood_00173373)
- Exhibit 33 (Dkt. 384-33, MB2020_Wood_00173423)
- Exhibit 34 (Dkt. 384-34, MB2020_Wood_00173497)
- Exhibit 35 (Dkt. 384-35, MB2020_Wood_00173527)
- Exhibit 36 (Dkt. 384-36, MB2020_Wood_00173576)
- Exhibit 37 (Dkt. 384-37, MB2020_Wood_00174303)
- Exhibit 39 (Dkt. 384-39, MB2020_Wood_00175611)

---

[3] This Rule provides that personal telephone numbers "should be treated with caution" and "must not be included in any document filed publicly on ECF unless such inclusion is necessary and relevant to the case."

**Proskauer》》**

Hon. Laura Taylor Swain
August 21, 2023
Page 4

- Exhibit 40 (Dkt. 384-40, MB2020_Wood_00175799)
- Exhibit 41 (Dkt. 384-41, MB2020_Wood_00175878)
- Exhibit 42 (Dkt. 384-42, MB2020_Wood_00177876)

**B.    *Proposed Exhibit to be Filed Entirely Under Seal (Exhibit 16).***

Exhibit 16 (Dkt. 384-16, MB2020_Wood_00097877) is an email is between a Campaign employee and a non-party job candidate (who was never hired) that includes the personal email address and information about the non-party candidate's employment history and background, which the Campaign believes warrants sealing under Your Honor's Individual Rule 5.b.i.[4]  This information is personal in nature and is entirely irrelevant to Plaintiffs' motion for class certification and the claims in this lawsuit.  The Campaign seeks full sealing of Exhibit 16, as opposed to redaction, because the required redactions would be extensive and would render the remainder of the document meaningless.

**III.    Conclusion.**

The Campaign's sealing requests are narrowly tailored to protect the legitimate privacy interests of third parties and therefore are consistent with *Lugosch*.  Accordingly, the Campaign respectfully requests that the Court permit:

- Exhibits 1, 17, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, and 42 to be filed with limited redactions; and

- Exhibit 16 to be filed entirely under seal.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:    All Counsel (via ECF)

---

[4] This Rule provides that personal email addresses and information regarding employment history should be "treated with caution" and "must not be included in any document filed publicly on ECF unless such inclusion is necessary and relevant to the case."