

August 28, 2023

<u>Via CM/ECF</u>
The Honorable Laura T. Swain
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Wood et al. v. Mike Bloomberg 2020, Inc.*, 20 Civ. 2489 (LTS) (GWG)

Dear Chief Judge Swain,

  We represent Plaintiffs and opt-in Plaintiffs in this matter. Pursuant to the Court's Order, ECF No. 392, we write to respond to Defendant's sealing request, ECF No. 390.

  **Exhibits 1, 17, 22-28, 30, 32-37, and 39-42**. Defendant seeks to redact what it refers to as "personal cell phone numbers" from these documents. The documents in question are professional, work-related emails, and the phone numbers are located in email signatures. While it is not apparent from the documents (and Defendant submitted no other supporting evidence) that the phone numbers in question are personal, Plaintiffs will not oppose Defendant's sealing request, given that they are not important to the substance of the documents.

  **Exhibit 31**. Defendant seeks to redact telephone numbers and the name of the Bloomberg employee receiving the email. Plaintiffs disagree that the email references something "sensitive"; indeed, Defendant's letter referring to this as "an inquiry by Human Resources into a personnel issue" reveals more than the email itself. Nonetheless, Plaintiffs will not oppose Defendant's sealing request, given the lack of importance to the information to be redacted.

  **Exhibit 16**. Defendant seeks to seal the entirety of an email chain in which its former National Head of Human Relations described the common scheduling and hours expectations for the Field Organizer position, a key class certification and merits issue in this case. Plaintiffs disagree that the entirety of the document should be sealed, and relatedly disagree that quotations or references to the document in Plaintiffs' memorandum should be redacted. As described by Defendant, most of the document contains discussion of an individual's "employment history and background." ECF No. 390 (Def.'s Ltr.) at 4. Plaintiffs agree with Defendant's assertion that individuals' prior job history and background is "entirely irrelevant to Plaintiffs' motion for class certification and the claims in this lawsuit." *Id.* Therefore, while Plaintiffs oppose sealing the entire document, Plaintiffs do not oppose redaction of the remainder of the document after

New York   685 3rd Ave 25th Floor, New York, NY 10017   T (212) 245-1000   F (646) 509-2060
San Francisco   1 California Street, 12th Floor, San Francisco, CA 94111   T (415) 322-1391   F (415) 638-8810
Washington, DC   1225 New York Ave NW, Suite 1200B, Washington DC 20005   T (202) 914-5097   F (202) 847-4410
outtengolden.com   mail@outtengolden.com

Hon. Laura T. Swain
August 28, 2023
Page 2 of 2

Ms. Sayers's January 14, 2020 email.  Plaintiffs also do not oppose redaction of the email recipient's email address.

                                                Respectfully submitted,

                                                Justin M. Swartz