UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

                Plaintiffs,

 -v-                                               No. 1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,                   **Sealing Order**

                Defendant.

-------------------------------------------------------x

        Pursuant to the Parties' Confidentiality Agreement and Protective Order (docket entry no. 169) and the Court's Individual Practice A.5.b.ii, Plaintiffs filed portions of their Motion for Class Certification, supporting memorandum, and accompanying exhibits (docket entry nos. 382-384) with redactions and/or under seal. (Docket entry no. 385.) Defendant Mike Bloomberg 2020, Inc. ("Defendant" or the "Campaign") requests that the Court permit a number of exhibits accompanying Plaintiffs' Motion for Class Certification to remain under seal or with limited redactions pursuant to Federal Rule of Civil Procedure 5.2. (Docket entry no. 390.) Specifically, the Campaign requests that the Court permit docket entry nos. 387-1 ("Exhibit 1"), 387-15 ("Exhibit 17"), 387-20 ("Exhibit 22"), 387-21 ("Exhibit 23"), 387-22 ("Exhibit 24"), 387-23 ("Exhibit 25"), 387-24 ("Exhibit 26"), 387-25 ("Exhibit 27"), 387-26 ("Exhibit 28"), 387-28 ("Exhibit 30"), 387-29 ("Exhibit 31"), 387-30 ("Exhibit 32"), 387-31 ("Exhibit 33"), 387-32 ("Exhibit 34"), 387-33 ("Exhibit 35"), 387-34 ("Exhibit 36"), 387-35 ("Exhibit 37"), 387-37 ("Exhibit 39"), 387-38 ("Exhibit 40"), 387-39 ("Exhibit 41"), and 387-40 ("Exhibit 42") to be filed with limited redactions, and docket entry no. 387-14 ("Exhibit 16") to remain completely under seal. (Docket entry no. 390.) Plaintiffs do not object to the Campaign's

request for permission to file Exhibits 1, 17, 22-28, 30-37, and 39-42 with the limited redactions that the Campaign seeks.  (Docket entry no. 393.)  While Plaintiffs oppose sealing Exhibit 16 in its entirety, they do not oppose a limited redaction of the document.  (Id.)

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

Exhibits 1, 17, 22-28, 30-37, and 39-42 contain personally identifying information (i.e., telephone numbers).  For that reason, the request to file those documents with the redactions that the Campaign proposes is granted.  See Valassis Commc'ns, Inc. v. News Corp., No. 17-cv-7378-PKC, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (allowing redaction of personal cell phone numbers because "the personal privacy interests . . . outweigh[ed] the presumption of public access").

Exhibit 16 is an email is between a Campaign employee and a non-party job candidate (who was never hired) that includes the non-party's personal email address and information about the non-party's employment history and background.  While the Campaign maintains that "[t]his information is personal in nature and is entirely irrelevant to Plaintiffs' motion for class certification and the claims in this lawsuit" (docket entry no. 390), Exhibit 16 also includes a discussion of "the common scheduling and hours expectations for the Field Organizer position, a key class certification and merits issue in this case" (docket entry no. 393).  For this reason, the Campaign's request to seal Exhibit 16 in its entirety is not narrowly tailored to protecting the privacy of the non-party job candidate.  Because that individual's privacy can be protected by redacting the portions related to their employment history and background—

which can be found in the email chain after Ms. Sayers's January 14, 2020, email—the Campaign's request for Exhibit 16 to remain sealed in its entirety is denied.

For the foregoing reasons, the Campaign's request for permission to file Exhibits 1, 17, 22-28, 30-37, and 39-42 with redactions is granted, and the Campaign's request for permission to file Exhibit 16 entirely under seal is denied. Plaintiffs are hereby directed (1) to file redacted versions of Exhibits 1, 16, 17, 22-28, 29, 31-37, and 39-42 on the public docket and the non-redacted versions under seal with party level of access only. The remainder of the materials filed in support of Plaintiff's motion for class certification shall be refiled on the public docket without redactions.

This Sealing Order resolves docket entry no. 390.

SO ORDERED.

Dated: September 27, 2023
      New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge