


October 5, 2023

<u>Via CM/ECF</u>
The Honorable Laura T. Swain
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 1007

**MEMO ENDORSED**

Re:   *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS)(GWG)

Dear Judge Swain:

Pursuant to the Court's Individual Practice A.5.b.ii, Plaintiffs respectfully request that the Court permit Defendant's Exhibit 2 and related portions of Defendant's Memorandum of Law, ECF Nos. 406-1 and 405, to be filed with redactions. The redacted material is highly sensitive and private, and has no bearing on the substantive claims or defenses or any dispositive issues in this action. The Court has previously granted prior requests to seal letters concerning the same material in the context of earlier discovery disputes. *See* ECF Nos. 367, 377.

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit set out a three-step process for determining whether a document may be filed under seal. First, the court must determine whether the document at issue is a "judicial document." *Lugosch*, 435 F.3d at 119. If so, the court must next determine the weight to be given to the presumption of public access. *Id.* After determining the weight of the presumption of access, the court must balance the competing considerations, including "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Even if a document constitutes a "judicial document," the "presumption of public access in filings . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Whether the judicial document plays a significant role in "determining [a] litigants' substantive rights" is critical to this analysis, and as the judicial document becomes less relevant to a litigant's substantive rights, "the weight of the presumption decline." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Here, Plaintiffs' sealing request relates to their non-dispositive motion for class certification, and in particular relates only to Defendant's arguments concerning the adequacy requirement of Rule 23(a). The information Plaintiffs seek to redact has no relation to any of the claims or defenses in this action.

New York   685 3rd Ave 25th Floor, New York, NY 10017   T (212) 245-1000   F (646) 509-2060
San Francisco   1 California Street, 12th Floor, San Francisco, CA 94111   T (415) 322-1391   F (415) 638-8810
Washington, DC   1225 New York Ave NW, Suite 1200B, Washington DC 20005   T (202) 914-5097   F (202) 847-4410
outtengolden.com   mail@outtengolden.com

Hon. Laura T. Swain
October 5, 2023
Page 2 of 3

Specifically, Plaintiffs seek to seal excerpts from and characterizations of portions of Plaintiff Tristan Angulo's deposition testimony concerning his immigration and criminal history. The redactions in Defendant's Exhibit 2, ECF No. 406-1, and Memorandum of Law, ECF No. 405, should remain under seal because Plaintiffs have a strong privacy interest against disclosure of that information and the redactions are narrowly tailored. The information at issue here concerns an individual's previous immigration history and criminal convictions, which has no bearing on that individual's legal challenge to whether his employer failed to pay overtime wages. Notably, while Defendant included information from Mr. Angulo's deposition about his immigration history, Defendant did not even use or refer to that information in its memorandum, thereby conceding that it has no relevance whatsoever to the motion at issue. The unnecessary publicity of information concerning Plaintiff's immigration and criminal history may subject Plaintiff to harm to his reputation and may adversely harm Plaintiff's employment prospects in the future. Plaintiffs did not put this information at issue by filing this action seeking unpaid wages, and Plaintiff Angulo should therefore not be required to have his private, sensitive, and potentially embarrassing immigration and criminal history made public in court filings.[1]

The Second Circuit has noted that certain highly personal information, including that relating to "embarrassing conduct," is "traditionally considered private rather than public," which "weigh[s] more heavily against access[.]" *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, where the non-dispositive nature of the filing at issue lowers any presumption of public access, the strength of Plaintiffs' privacy interests weigh against access. Moreover, courts have also observed that parties should not be permitted to "weaponize the discovery process" and use information learned "to humiliate and embarrass their adversaries." *Brown*, 929 F.3d at 47. Plaintiffs note that footnote 47 of Defendant's Memorandum of Law, ECF No. 405 at 34—which contains a full paragraph of irrelevant, unnecessary, and prejudicial information about a separate plaintiff and putative class member—confirms that Defendant's primarily goal is merely to embarrass Plaintiffs with information obtained in discovery.

Given the strong privacy interest in Plaintiff's immigration and criminal history, the lack of connection to any substantive or dispositive issue in this action, and Plaintiffs' strong concern that Defendant's purpose in filing such information is merely to embarrass Plaintiffs, Plaintiffs believe that limited redactions are appropriate.

We thank the Court for its attention to this matter.

---

[1] As will be discussed at length in Plaintiffs' forthcoming reply brief, Plaintiffs dispute that a class representative's prior criminal history has any bearing on the Rule 23 analysis, including adequacy. *See Stinson v. City of N.Y.*, 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (rejecting defendants' challenge to certain plaintiffs' adequacy when their "backgrounds contain[ed] criminal arrests and convictions, a failure to pay taxes and examples of conduct demonstrating a proclivity for untruthfulness").

Hon. Laura T. Swain
October 5, 2023
Page 3 of 3

                                        Respectfully submitted,

                                        Justin M. Swartz

CC:    All Counsel of Record (via ECF)

The foregoing request is granted.  The material will remain sealed pending resolution of Plaintiffs' Motion for Class Certification (DE 382).
SO ORDERED.
October 6, 2023
/s/ Laura Taylor Swain, Chief USDJ