

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 16, 2024

**Elise M. Bloom**
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

<u>**VIA ECF**</u>

Hon. Laura Taylor Swain
U.S. District Judge, Chief Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17C
New York, New York 10007-1312

<u>**MEMO ENDORSED**</u>

Re:   *Wood et al. v. Mike Bloomberg 2020, Inc.*, 20 Civ. 2489 (LTS) (GWG)

Dear Judge Swain:

We represent Defendant Mike Bloomberg 2020, Inc. (the "Campaign") in the above-referenced matter. Pursuant to the Parties' Stipulated Confidentiality Agreement and Protective Order entered in this action (Dkt. 169, the "Protective Order"), as well as the Court's Individual Practices 5(b)(ii), the Campaign hereby seeks leave to file under seal a portion of the Campaign's Motion to Decertify the Conditional FLSA Collective. Specifically, the Campaign seeks leave to file Exhibit 26 to the Declaration of Elise M. Bloom with limited redactions.

**I.     <u>Applicable Legal Standard</u>.**

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated three steps that courts should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id*. at 120; *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

Courts have repeatedly recognized that sealing is appropriate to protect the privacy interests of third parties. *See, e.g.*, *In re Google Dig. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the

**Proskauer»**

Hon. Laura Taylor Swain
January 16, 2024
Page 2

presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"). In weighing the presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted).

## II. The Campaign's Narrowly Tailored Sealing Request is Consistent with *Lugosch*.

Exhibit 26 to the Declaration of Elise M. Bloom is a compilation of emails among Campaign staff in various states concerning the use of software known as "VAN" to measure field organizers' activity and whether they were meeting their goals. Two pages in this exhibit contain information that should be sealed to protect the privacy interest of third parties:

- MB2020_Wood_00162038 – The top of this page contains a list of volunteers who were recruited by the Campaign. Because the identity of volunteers is not public information, the Campaign requests that these names be redacted from the publicly filed version of this exhibit.

- MB2020_Wood_00097413 – This page contains a discussion of a performance improvement plan (PIP) for a third-party employee. Given the sensitive nature of this discussion of a personnel matter, the Campaign requests that the name of the third-party employee be redacted from the publicly filed version of this exhibit.

## III. Conclusion.

The Campaign's sealing request is narrowly tailored to protect the legitimate privacy interests of third parties and therefore is consistent with *Lugosch*. Accordingly, the Campaign respectfully requests that the Court permit Exhibit 26 to the Declaration of Elise M. Bloom to be filed with limited redactions.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel (via ECF)

The foregoing request is granted, and access to DE no. 436-1 shall remain limited to the parties and the Court. DE no. 435 resolved.
SO ORDERED.
1/30/2024
/s/ Laura Taylor Swain, Chief USDJ