UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

                Plaintiffs,

  -v-                                                           No.  1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,                   **Sealing Order**

                Defendant.

--------------------------------------------------------x

        This case is before the Court on three applications to seal—two from Plaintiffs (docket entries nos. 440, 459) and one from Defendant Mike Bloomberg 2020, Inc. (the "Campaign") (docket entry no. 450).  The Court considers the two sets of sealing requests in turn:

Plaintiffs' Requests

        Pursuant to the Parties' Confidentiality Agreement and Protective Order (docket entry no. 169) and the Court's Individual Practice rule A.5.b.ii, Plaintiffs filed (1) exhibits accompanying their Opposition to Defendant's Motion to Decertify the FLSA Collective and (2) exhibits accompanying their Motion for Partial Summary with redactions.  (Docket entries nos. 440, 459.)  Plaintiffs indicated that they "do not believe that any of the redacted materials meet the high standard for sealing[,]" (docket entries nos. 440, 459), and the Campaign "does not object to Plaintiff's public filing of the documents[,]" (docket entry no. 460).  The Court hereby directs Plaintiffs to refile the exhibits listed in docket entries nos. 440 and 459 on the public docket without redactions.

The Campaign's Requests

Pursuant to the Parties' Confidentiality Agreement and Protective Order (docket entry no. 169) and the Court's Individual Practice rule A.5.b.ii, the Campaign requested to file seven exhibits to their Motion for Partial Summary Judgment (docket entries nos. 451-2 ("Exhibit QQ"), 451-3 ("Exhibit VV"), 451-4 ("Exhibit III"), 451-5 ("Exhibit OOO"), 451-6 ("Exhibit PPP"), 452-1 ("Exhibit 9"), 452-2 ("Exhibit 12")) with redactions.  (Docket entry no. 450.)  The Campaign also filed one exhibit with redactions (docket entry no. 451-1 ("Exhibit B")) because the document had been marked "Confidential" by Plaintiffs.  Neither the Campaign nor Plaintiffs have requested continued sealing of Exhibit B.  (Docket entry no. 450 at 3.)

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

Exhibits QQ, VV, III, OOO, and PPP contain personally identifying information (i.e., home addresses and/or telephone numbers).  For that reason, the request to file those documents with the redactions that the Campaign proposes is granted.  See Valassis Commc'ns, Inc. v. News Corp., No. 17-CV-7378-PKC, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (allowing redaction of personal cell phone numbers because "the personal privacy interests . . . outweigh[ed] the presumption of public access").

Exhibits 9 and 12 contain non-public information about third-party volunteers and employees of the Campaign.  The Court granted a previous request from the Campaign to file these same documents with redactions.  (See docket entry no. 437.)   Because courts have courts have routinely recognized that sealing is appropriate to protect the privacy interests of third

parties, the request to file Exhibits 9 and 12 with the redactions that the Campaign proposes is granted.  See, e.g., In re Google Dig. Advert. Antitrust Litig., No. 21-CV-6841-PKC, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles, and email addresses of non-party employees where the "information of these employees have no apparent bearing on any issue in this dispute").

Because there is no request for the continued sealing of Exhibit B, the Campaign is hereby directed to refile Exhibit B on the public docket without redactions.

This Sealing Order resolves docket entries no. 440, 450, and 459.

SO ORDERED.

Dated: April 12, 2024
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge