UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

                Plaintiffs,

  -v-                                             No.  1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

                Defendant.

-------------------------------------------------------x

ORDER

This case is before the Court on a motion from Defendant Mike Bloomberg 2020, Inc. (the "Campaign" or the "Defendant") to stay pretrial deadlines and trial pending resolution of the cross motions for summary judgment.  (Docket entry no. 453 (the "Motion").)  Plaintiffs filed a response indicating that they "do not oppose a stay of the pretrial deadlines in this action[,]"  but propose that "the stay should extend only through the Court's decision on Plaintiffs' Motion for Class Certification" and "that (1) parties' summary judgment motions be held in abeyance until after the class certification motion is decided, and (2) the Court allow the parties an opportunity to supplement or amend their summary judgment motions, if necessary, based on the Court's decision on class certification."  (Docket entry no. 466 ("Pl. Resp.") at 1-2.) The Court has reviewed and considered thoroughly all of the parties' submissions filed in connection with the Motion.  For the following reasons, (1) the Campaign's request is granted, and (2) Plaintiffs' requests are granted in part and denied in part.

DISCUSSION

The Campaign's Request

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  APS Tech., Inc. v. Brant Oilfield Mgmt. & Sales, Inc., No. 13-CV-6500-LTS-KNF, 2014 WL 12539360, at *1 (S.D.N.Y. July 23, 2014) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  "The decision whether or not to stay . . . a proceeding rests within a district judge's discretion."  Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).  "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

After weighing the relevant factors and the interests of the parties and the public, and in light of the fact that Plaintiffs have not offered any reason as to why the stay should not be granted, the Court finds that issuance of a stay until the cross motions for summary judgment are resolved would be an appropriate exercise of its discretion.

Plaintiffs' Request

While "[t]he decision to award summary judgment before acting on class certification [is] well within the discretion of the district court[,]" Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998), "in general, issues relating to class certification should be decided before a decision on the merits is rendered[,]" DDMB, Inc. v. Visa, Inc., No. 05-MD-

1720-MKB, 2021 WL 6221326, at *10 (E.D.N.Y. Sept. 27, 2021) (quoting Mendez v. Radec Corp., 260 F.R.D. 38, 44 (W.D.N.Y. 2009)).  Courts in this Circuit and others have emphasized that "[a] court's decision on the merits . . . should ordinarily not occur before or simultaneous with a decision on class certification" because determining "[c]lass action status" will "clarify who will be bound by the decision." Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 335 (S.D.N.Y. 2009) (quoting Bertrand v. Maram, 495 F.3d 452, 455 (7th Cir. 2007)).  In its discretion, the Court will adhere to this "traditional route" and hold the parties' cross motions for summary judgment in abeyance until the motion for class certification has been resolved.  Kurtz v. Kimberly-Clark Corp., 321 F.R.D. 482, 507 (E.D.N.Y. 2017).

Plaintiffs, however, have not provided a reason—nor is the Court aware of any—to provide the parties with "an opportunity to supplement or amend their respective motions for summary judgment" after the motion for class certification has been resolved.  (Pl. Resp. at 2.)  Plaintiffs' request is therefore denied without prejudice to renewal, if the Court does not resolve the class certification and summary judgment motions simultaneously, after the motion for class certification has been resolved, with papers augmented to support such a request.

## Conclusion

For the foregoing reasons, (1) the Campaign's request to stay all pretrial deadlines and trial pending the resolution of the cross motions for summary judgment is granted, and (2) Plaintiffs' requests are granted in part and denied in part.  Once the summary judgment decision is issued, the parties must request a conference with Magistrate Judge Gorenstein, to be

held within 30 days, to discuss outstanding discovery, settlement, and any other pretrial issues.

   This Order resolves docket entry no. 453.

  SO ORDERED.

Dated: April 22, 2024
   New York, New York

                  /s/ Laura Taylor Swain
                  LAURA TAYLOR SWAIN
                  Chief United States District Judge