

Advocates for Workplace Fairness

May 14, 2024

**<u>Via ECF</u>**
The Honorable Laura Taylor Swain
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Wood et al. v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 2489 (LTS) (GWG)

Dear Judge Swain:

We represent the Plaintiffs and opt-in Plaintiffs in the above-referenced action.  We write to oppose the request of Defendant Mike Bloomberg 2020, Inc. ("Bloomberg") to submit a Local Rule 56.1 statement in connection with its summary judgment reply brief ("Reply 56.1 Statement").  *See* ECF No. 491.  Bloomberg's Reply 56.1 Statement unfairly gives it "the last word," makes improper legal arguments, and only serves to further burden the Court, confuse the issues, and expend the Court's and parties' resources unnecessarily.  For the reasons set forth below, the Court should deny Bloomberg's request for leave.

"Local Civil Rule 56.1 does not provide for a 'reply' in further support of a Rule 56.1 statement of undisputed facts."  *Cunningham v. Cornell Univ.*, No. 16 Civ. 6525, 2019 U.S. Dist. LEXIS 167868, at \*4 n.3 (S.D.N.Y. Sept. 27, 2019) (quoting *Capital Records, LLC v. Vimeo, LLC*, Nos. 09 Civ. 10101, 09 Civ. 10105, 2018 U.S. Dist. LEXIS 153998, at \*3 (S.D.N.Y. Sept. 10, 2018)).  Courts have "regularly disregarded them."  *Walker v. Carrozzo*, 664 F. Supp. 3d 490, 501 (S.D.N.Y. 2023).  In fact, most have found that "[a] Reply Rule 56.1 Statement is 'a procedurally improper attempt to have the last word in a manner that is not contemplated by the local rules.'"  *Pape v. Dircksen & Talleyrand Inc.*, No. 16 Civ. 5377, 2019 U.S. Dist. LEXIS 17717, at \*5 (E.D.N.Y. Feb. 1, 2019) (quoting *Killis v. Cabela's Retail II, Inc.*, No. 13 Civ. 6532, 2015 U.S. Dist. LEXIS 2030, at \*1 (N.D. Ill. Jan. 8, 2015)); *see also Mayagüez S.A. v. Citibank, N.A.*, No. 16 Civ. 6788, 2022 U.S. Dist. LEXIS 54936, at \*27-28 (S.D.N.Y. Mar. 25, 2022) (same); *G.S. v. Pleasantville Union Free Sch. Dist.*, No. 19 Civ. 6508, 2020 U.S. Dist. LEXIS 142589, at \*1 n.2 (S.D.N.Y. Aug. 10, 2020) (same).

The rationale is clear: to permit reply 56.1 statements would unfairly give the moving party another bite at the apple, by allowing it to set forth "'additional facts' that should have been included in defendant's moving Rule 56.1 Statement."  *Roth v. Cheesecake Factory Rests.*, No. 19 Civ. 6570, 2021 U.S. Dist. LEXIS 23801, at \*4 (S.D.N.Y. Feb. 5, 2021); *see also Pape*, 2019 U.S. Dist. LEXIS 17717, at \*5 (rejecting reply 56.1 statement that was a blatant attempt to "support anew, [the party's] original Rule 56.1 Statement, including by providing argument and citing to declarations and depositions that they did not cite in their original Statement").

**New York**  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
**San Francisco**  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
**Washington, DC**  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com   mail@outtengolden.com

Hon. Laura T. Swain
May 14, 2024
Page 2 of 3

This of course, does not prohibit parties from responding to *new* statements of material fact submitted pursuant to Local Rule 56.1(b). *Pape*, 2019 U.S. Dist. LEXIS 17717, at *6; *see also* Local Rule 56.1(b) (a party may submit "additional paragraphs containing a separate, short and concise statement of additional material facts as to which is contended that there exists a genuine issue to be tried"). One of Bloomberg's cases, *Del Villar v. Hyatt Hotel Corp.*, No. 19 Civ. 10891, 2022 U.S. Dist. LEXIS 114294, at *4 (S.D.N.Y. June 28, 2022), is in accord. There, the court took issue with the plaintiff asserting additional material facts *in her responses* to the defendant's statement, as opposed to submitting a separate statement of additional material facts. Notably, Plaintiffs here adhered with the Local Rules by submitting a separate statement of additional material facts. *See* ECF No. 476 (Response 56.1 Statement) at 109-136. Plaintiffs do not oppose Bloomberg's right to respond to those statements, as Plaintiffs did. *See* ECF No. 487.

The balance of Bloomberg's Reply 56.1 Statement – its "reply" statements in support of its original 56.1 statement – should be rejected as a transparent attempt to assert new facts and evidence that it failed to include in its original 56.1 statement. At bottom, Bloomberg takes issue with the fact that Plaintiffs' Response 56.1 Statement appropriately highlights facts that Bloomberg "omitted" in its original statement. ECF No. 476. This, however, is the unquestionable, and indeed unremarkable, purpose of Local Rule 56.1(b). As Plaintiffs have already demonstrated to the Court on multiple occasions, Bloomberg's practice is to cherry-pick the facts that suits its narrative, ignoring other material facts that undermine its position. *See* ECF No. 438 (Decert. Opp.) at 6 n.17; ECF No. 420 (Class Cert. Reply) at 6-8; Plaintiffs' Reply in Supp. of Renewed Mot. for Class Cert., *Sinclair v. Mike Bloomberg 2020, Inc.*, No. 20 Civ. 4528 (S.D.N.Y. Oct. 23, 2023), ECF No. 109. To allow Bloomberg's Reply 56.1 Statement would be unfair to Plaintiffs, because they did not have the same opportunity. *See Pape*, 2019 U.S. Dist. LEXIS 17717, at *5 (noting unfairness because "Plaintiffs were not given an opportunity to submit a Reply Rule 56.1 Statement"); *Mayagüez S.A.*, 2022 U.S. Dist. LEXIS 54936, at *28 (same).

Bloomberg's Reply 56.1 Statement should be rejected for the additional reason that it is rife with legal arguments. *See Sattar v. U.S. Dep't of Homeland Sec.*, 669 F. App'x 1, 3 (2d Cir. 2016) ("Rule 56.1 statements are statements of fact rather than legal arguments."). For example, in one of its "reply" statements, Bloomberg contends that the evidence it cites "further demonstrates that the Campaign did not engage in this activity for the purpose of generating income." ECF No. 491-1 ¶¶ 3, 4. This is improper and universally disregarded by courts. *See, e.g.*, *Cunningham*, 2019 U.S. Dist. LEXIS 167868, at *4 n.3 (stating that "[t]he Court will not consider legal argument" in 56.1 statement); *Greene v. City of New York*, No. 8 Civ. 243, 2017 U.S. Dist. LEXIS 37243, at *4 n.3 (E.D.N.Y. 2017) (noting that "it is inappropriate to include legal argument in a 56.1 statement"); *Alliance Sec. Prods., Inc. v. Fleming Co.*, 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007) ("[L]egal arguments . . . belong in briefs, not Rule 56.1 statements, and so are disregarded in determining whether there are genuine issues of material fact"); *U.S. Info. Sys., Inc. v. Int'l Brotherhood of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763, 2006 U.S. Dist. LEXIS 52870, at *9 (S.D.N.Y. Aug. 1, 2006) ("Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record. They should not contain conclusions.")

Hon. Laura T. Swain
May 14, 2024
Page 3 of 3

Bloomberg's Reply 56.1 Statement frustrates the purpose of Local Rule 56.1, which is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001); *Mayagüez S.A.*, 2022 U.S. Dist. LEXIS 54936, at *27-28 (finding that the reply 56.1 statement was "not only unnecessary, it undermines the purpose of Local Rule 56.1"). Bloomberg's lengthy, argumentative Reply 56.1 Statement is a distraction that confuses the issues and is unhelpful to the Court. The parties submitted their opening 56.1 statements, and each party had an opportunity to respond. The rest is left to the consideration of the Court, which is fully "capable of determining whether [the parties] improperly disputed a fact." *Pleasantville Union Free Sch. Dist.*, 2020 U.S. Dist. LEXIS 142589, at *1 n.3.

For these reasons, Plaintiffs respectfully request that the Court deny Bloomberg's request for leave to file its Reply 56.1 Statement. In the event the Court chooses to grant Bloomberg leave to submit its Reply 56.1 Statement, Plaintiffs request that, "to alleviate that potential unfairness," the Court allow them to submit either a reply in further support of their own Rule 56.1 statement or a sur-reply to Defendant's reply. *See Capital Records, LLC*, 2018 U.S. Dist. LEXIS 153998, at *3.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

CC:    All Record of Counsel (via ECF)