UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al., individually and
on behalf of all others similarly situated,

        Plaintiffs,

-v-                                                    No. 1:20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiffs Donna Wood, Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Lakisha Watson-Moore, Tristan Angulo, Alexandra Marie Wheatley-Diaz, Robin Ceppos, and Nick Coker (together, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this collective and putative class action against Mike Bloomberg 2020, Inc. (the "Campaign" or the "Defendant"), asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. sections 201, et seq., and state labor laws. (See docket entry no. 296 (the "Third Amended Complaint" or the "TAC").)[1]

The case is before the Court on Defendant's renewed motion to "strik[e] the

---

[1] The Third Amended Complaint also asserts state wage and hour law claims against the Campaign on behalf of Cheryl Baldwin, Jonathan Barrio, Desmond Batts, Garrett Beckenbaugh, Cochiese Bowers, Miles Ceplecha, Melinda Cirilo, Jane Conrad, Robert Cordova Jr., Christine Doczy, Rachel Douglas, Theresa Edwards, Eliza Fink, Jason Finkelstein, Ilse Mendez Fraga, Josh Fredrickson, Maria Gonzalez, Nathaniel Robert Groh, Brandi Harris, Peter Kamara, Mack Kennedy, Madison Oliver Mays, Patrick McHugh, Paul Monterosso, Rey Murphy, Frida Michelle Naranjo, Joseph Nestor, Luke Nicholas, Josephine Olinger, Alec Silvester, Daniel Smith, Chris Soth, Audra Tellez, Carlos Torres, Elliott Tricotti, Gloria Tyler, Jesse Weinberg, Clem Wright, Anoosh Yaraghchian, and Jesus Zamora, individually.

allegations in the Third Amended Complaint that related solely to the common law claims for fraudulent inducement and promissory estoppel the Court dismissed with prejudice in its March 25, 2022 Opinion and Order, pursuant to Fed. R. Civ. P. 12(f)." (Docket entry no. 395 (the "Motion") at 1.) The Court has jurisdiction of Plaintiffs' FLSA claim pursuant to 28 U.S.C. sections 1331 and 1337 and 29 U.S.C. section 216(b) and has supplemental jurisdiction of the Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1332(d).

The Court has reviewed and considered thoroughly all of the parties' submissions filed in connection with the motion. For the following reasons, Defendant's Motion is granted.

## BACKGROUND[2]

Plaintiffs commenced this lawsuit on March 23, 2020, asserting wage and hour claims under the FLSA and common law claims for fraudulent inducement and promissory estoppel. (See docket entry no. 1.) On March 30, 2020, Plaintiffs filed a First Amended Complaint in which they added wage and hour claims under the laws of various states. (See docket entry no. 29 ¶ 34.) On May 18, 2020, Plaintiffs filed their Second Amended Complaint. (See docket entry no. 86 (the "Second Amended Complaint" or "SAC").)

The Second Amended Complaint included the following allegations: Michael Bloomberg announced his candidacy for President of the United States on November 24, 2019. (SAC ¶ 1.) In or around January 2020, the Campaign began hiring Field Organizers ("FOs") and other employees to assist in its efforts to promote Mr. Bloomberg's candidacy and secure the Democratic Presidential nomination. (Id. ¶ 2.) To incentivize individuals to apply to work for

---

[2]   Familiarity with the general context and procedural history of this case is assumed for the purposes of this Memorandum Order.

the Campaign, Mr. Bloomberg and Campaign officials promised that employees would have guaranteed employment, including wages and healthcare and other benefits, through November 2020.  (Id. ¶¶ 3, 5.)  Plaintiffs are former Campaign FOs who accepted employment with the Campaign between January and February 2020, foregoing alternative employment and/or educational opportunities on the basis of these promises.  (Id. ¶¶ 81-96.)  On March 4, 2020, Mr. Bloomberg withdrew from the 2020 Presidential race.  (Id. ¶ 39.)  Beginning on or about March 9, 2020, the Campaign terminated Plaintiffs' employment.  (Id. ¶ 41.)

Plaintiffs subsequently brought this action, alleging that their terminations breached the Campaign's promise of continued employment, pay, and benefits through November 2020.  (Id. ¶¶ 47-49.)  They further alleged that they were damaged "by losing their jobs with the Campaign . . . losing their income, and losing their healthcare and other benefits" in addition to "leaving their [prior] jobs" in order to work for the Campaign.  (Id. ¶¶ 420, 423; see also id. ¶¶ 428, 430-31 (seeking damages related to reliance on promises of employment and "employer-paid healthcare and other benefits").)  Based on the Campaign's alleged failure to pay overtime compensation, to which Plaintiffs allege they were entitled under the FLSA, and the alleged harms stemming from their terminations in March 2020, Plaintiffs also asserted claims under the FLSA and for fraudulent inducement and promissory estoppel.  Plaintiffs sought declaratory and monetary relief, including unpaid overtime pay and compensatory and punitive damages.

Defendants moved to dismiss Plaintiffs' Second Amended Complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  (See docket entry no. 110.)  Defendant sought the dismissal of Plaintiffs' claims for unpaid overtime compensation under the FLSA and for fraudulent inducement and

promissory estoppel. (See SAC Counts 1, 16-17.) On March 25, 2022, the Court granted Defendant's motion to the extent that the Court dismissed Plaintiffs' fraudulent inducement and promissory estoppel claims and denied Defendant's motion with respect to Plaintiff's FLSA claims. (Docket entry no. 258 at 25.)

On September 20, 2022, Plaintiffs filed the Third Amended Complaint. The Third Amended Complaint also includes factual matter related to the Campaign's alleged promise to retain its employees through the 2020 Presidential Election. (See, e.g., TAC ¶¶ 3-58, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161, 162, 164, 166, 168, 170, 172, 174, 176, 178, & 180.) When the Campaign moved to dismiss the Third Amended Complaint, in part, for failure to state a claim upon which relief can be granted, it also moved to "strik[e] the allegations in the Third Amended Complaint that related solely to the common law claims for fraudulent inducement and promissory estoppel the Court dismissed with prejudice in its March 25, 2022 Opinion and Order, pursuant to Fed. R. Civ. P. 12(f)." (Docket entry no. 301 (the "Motion to Dismiss") at 1.) In an order dated September 6, 2023, the Court denied the Motion to Dismiss and declined to strike any allegations from the Third Amended Complaint "without prejudice to renewal based on papers augmented to identify the specific allegations the Campaign seeks to have stricken." (Docket entry no. 394 (the "Order") at 19-20.)[3] Shortly thereafter, the Campaign filed the instant Motion, along with "a true and correct copy of Plaintiffs' Third Amended Complaint in which the Campaign has identified, by

---

[3] Before the Court issued its decision on the Motion to Dismiss, Plaintiffs filed their Motion for Class Certification. (Docket entry no. 382). In briefing that motion, neither party referenced alleged promises related to continued employment through the November 2020 general election. (See docket entries no. 383, 402, 407.) Plaintiffs did, however, indicate that discovery had been completed. (See docket entry no. 384 ¶ 17.)

striking through in red, the specific allegations it respectfully requests that the Court order Plaintiffs to excise from the Third Amended Complaint." (See docket entry no. 397 ¶ 3.)

DISCUSSION

"Motions to strike are disfavored, and should be granted only if 'there is a strong reason to do so.'" Roe v. City of N.Y., 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976)). Federal Rule of Civil Procedure 12(f) authorizes courts to strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' materials consist of statements that do not pertain to, and are not necessary to resolve, the disputed issues." In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005). "A motion to strike on the ground that the matter is impertinent and immaterial should be denied 'unless it can be shown that no evidence in support of the allegation would be admissible.'" Id. (quoting In re Merrill Lynch & Co., Inc. Rsch. Reps., 218 F.R.D. 76, 78 (S.D.N.Y. 2003)). However, a Court may grant a motion to strike portions of an amended complaint that are "immaterial to . . . currently pending allegations that survived [an] initial motion to dismiss, and render an already lengthy complaint all the more unwieldy." In re Alstom SA Sec. Litig., 454 F. Supp. 2d 187, 216 (S.D.N.Y. 2006). Ultimately, "Rule 12(f) motions are left to the Court's discretion." Nachmany v. FXCM, Inc., No. 16-CV-225-DAB, 2020 WL 178413, at *8 (S.D.N.Y. Jan. 9, 2020).

The Campaign argues that many of Plaintiffs' allegations in the Third Amended complaint are immaterial and impertinent.[4] That is, the Campaign contends that "Plaintiffs'

---

[4] Specifically, the Campaign is seeking to strike the portions of paragraphs 3-58, 83, 85,

allegations that they and other field organizers were promised employment through the November 2020 general election . . . have no bearing" on Plaintiffs' remaining wage and hour claims, "and no evidence in support of any alleged promise of employment would be admissible to prove their claims." (Docket entry no. 396 ("Def. Mem.") at 5.)  The Court agrees.[5]

Plaintiffs, in response, vaguely insist that those allegations "bear on the issues of the case and would be admissible at trial" to the extent that "[t]he circumstances of Plaintiffs' employment provide context and are relevant to the wage claims in the case." (Docket entry no. 407 ("Pl. Mem.") at 3.)   Plaintiffs further argue that "[t]he allegations relate to the hiring of the field organizers, their job duties, and whether they were similarly situated in their employment." (Id. at 4.)  Plaintiffs do not, however, proffer support for the relevance of this "context."  Instead, the record reveals that Plaintiffs' allegations that they and other field organizers were promised employment through the November 2020 general election have no continued relevance in this case.  For instance, discovery has been completed, and both parties represent that no discovery was sought or produced related to the factual allegations that the Campaign seeks to strike.  (Id. at 5-6 ("Bloomberg did not seek discovery on the factual allegations it now seeks to strike."); see also docket entry no. 414 (the "Reply") at 3 (noting that Plaintiffs objected to the Campaign's

---

  87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161, 162, 164, 166, 168, 170, 172, 174, 176, 178, and 180 of the Third Amended Complaint "identified, by striking through in red, the specific allegations it respectfully requests that the Court order Plaintiffs to excise from the Third Amended Complaint." (See docket entry no. 397 ¶ 3; see also docket entry no. 397-1.)

[5]   Only one allegation that the Campaign seeks to strike appears to have some relevance to the remaining claims.  (See TAC ¶ 34 ("Many Plaintiffs had already begun working, including receiving work-related emails, prior to their official 'start date.'").)  Because it appears that this allegation may be related to Plaintiffs' wage and hour claims that remain in this case, the Court declines to strike it allegation from the Third Amended Complaint.

discovery requests related to alleged employment promises because "such documents 'have no connection with' and 'no relationship to' their wage and hour claims.").) Similarly, neither party referenced alleged promises related to continued employment through the November 2020 general election in recent briefing regarding Plaintiffs' pending motion for class certification. (See docket entries no. 382, 383, 402, 407.)

Plaintiffs further argue that the Campaign is not prejudiced by the inclusion of the allegations in the Third Amended Complaint. While some courts in this Circuit have required a showing "that to permit the allegations to stand would result in prejudice to the movant[,]" Koch v. Dwyer, No. 98-CV-5519, 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 27, 2000), others have stricken allegations in a Complaint without finding prejudice, Nachmany, 2020 WL 178413, at *8 ("[M]otions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." (emphasis added) (citation omitted)). The Court need not decide whether a showing of prejudice is required because, here, it is plain that the relevant allegations "have no relevance to this case and their only effect is to prejudice the defendant." Kent v. AVCO Corp., 815 F. Supp. 67, 71 (D. Conn. 1992). Plaintiffs' failure to explain how these allegations are relevant to the remaining claims—other than a vague allusion to their relevance to the "context" of "hiring of the field organizers, their job duties, and whether they were similarly situated in their employment" (Pl. Mem. at 3-4)—indicates that the "only conceivable purpose of Plaintiffs' insistence on repleading these allegations in the Third Amended Complaint . . . is to portray the Campaign and the candidate in a negative light" (Reply at 9).

In sum, Plaintiffs have failed to show how allegations related to promises for continued employment through the November 2020 election are relevant or pertinent to the

remaining claims in this case.

## CONCLUSION

For the reasons discussed above, Defendant's Motion pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of the Third Amended Complaint is granted. Plaintiffs are hereby directed to file a Fourth Amended Complaint without the specific allegations in paragraphs 3-33, 35-58, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161, 162, 164, 166, 168, 170, 172, 174, 176, 178, and 180 of the Third Amended Complaint. This case remains referred to Magistrate Judge Gorenstein for general pretrial management. This Memorandum Opinion and Order resolves docket entry no. 395.

SO ORDERED.

Dated: August 19, 2024
      New York, New York

                                             /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge