UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA WOOD, et al., individually and on behalf of all others similarly situated,

　　　　　　　　Plaintiffs,

　　v.

MIKE BLOOMBERG 2020, INC.,

　　　　　　　　Defendant.

20 Civ. 2489 (LTS) (GWG)

**ANSWER AND
AFFIRMATIVE DEFENSES TO
<u>FOURTH AMENDED COMPLAINT</u>**

　　　　　Defendant Mike Bloomberg 2020, Inc. (the "Campaign"), by its attorneys, Proskauer Rose LLP and Venable LLP, answers the Fourth Amended Class and Collective Action Complaint ("Complaint") filed by Plaintiffs Donna Wood, Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Lakisha Watson-Moore, Tristan Angulo, Alexandra Marie Wheatley-Diaz, Robin Ceppos, and Nick Coker (collectively, "putative representative plaintiffs") Cheryl Baldwin, Garrett Beckenbaugh, Cochiese Bowers, Miles Ceplecha, Melinda Cirilo, Robert Cordova Jr., Christine Doczy, Rachel Douglas, Theresa Edwards, Eliza Fink, Jason Finkelstein, Ilse Mendez Fraga, Maria Gonzalez, Brandi Harris, Peter Kamara, Mack Kennedy, Madison Oliver Mays, Patrick McHugh, Paul Monterosso, Rey Murphy, Frida Michelle Naranjo, Luke Nicholas, Josephine Olinger, Alec Silvester, Chris Soth, Audra Tellez, Carlos Torres, Elliott Tricotti, Gloria Tyler, Jesse Weinberg, Clem Wright, Anoosh Yaraghchian, and Jesus Zamora ("Plaintiffs") on or about September 10, 2024 (Dkt. 514), as follows:

<u><strong>AS TO "NATURE OF THE ACTION"</strong></u>

　　1.　　The Campaign admits the allegations in Paragraph 1 of the Complaint.

2.      The Campaign denies the allegations in Paragraph 2 of the Complaint, except admits that in or about January 2020, the Campaign's States teams began hiring Field Employees within their individual states and territories.

3.      The Campaign denies the allegations in Paragraph 3 of the Complaint.

4.      The Campaign denies the allegations in Paragraph 4 of the Complaint, except admits that calling prospective voters to promote Mr. Bloomberg's candidacy for president, door-to-door canvassing, and recruiting volunteers, were among the duties performed by FOs.

5.      The Campaign denies the allegations in Paragraph 5 of the Complaint.

6.      The Campaign denies the allegations in Paragraph 6 of the Complaint.

7.      The Campaign denies the allegations in Paragraph 7 of the Complaint.

8.      The Campaign admits the allegations in Paragraph 8 of the Complaint, and avers that FOs were properly classified as exempt from all applicable federal and state wage and hour laws, and paid fixed salaries intended to cover all hours worked each workweek.

9.      The Campaign denies the allegations in Paragraph 9 of the Complaint, except admits that the Campaign paid FOs fixed salaries of $6,000 per month, which were intended to cover all hours worked each workweek.

10.     Paragraph 10 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 65 of the Complaint.

11.     Paragraph 11 of the Complaint constitutes Plaintiffs' characterization of the relief sought by Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that Plaintiffs seek to recover overtime compensation, but denies that it has violated any federal or state wage and hour laws.

12.     Paragraph 12 of the Complaint constitutes Plaintiffs' characterization of the relief sought by Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that Plaintiffs make allegations pursuant to the FLSA, but denies that it has violated the FLSA.

13.     The Campaign denies the allegations in Paragraph 13 of the Complaint.

14.     The Campaign denies the allegations in Paragraph 14 of the Complaint.

15.     The Campaign denies the allegations in Paragraph 15 of the Complaint.

16.     The Campaign denies the allegations in Paragraph 16 of the Complaint.

17.     The Campaign denies the allegations in Paragraph 17 of the Complaint.

18.     The Campaign denies the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Illinois Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

20.     Paragraph 20 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

21.     Paragraph 21 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Minnesota Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to Minnesota law, but denies that it has violated Minnesota law.

22.     Paragraph 22 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the North Carolina Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations pursuant to North Carolina law, but denies that it has violated North Carolina law.

23.     Paragraph 23 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Michigan Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

24.     Paragraph 24 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the Wisconsin Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

25.     Paragraph 25 of the Complaint constitutes Plaintiffs' characterization of the claims alleged by the California Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiffs make allegations pursuant to California law, but denies that it has violated California law.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 26 of the Complaint.

27.     The Campaign denies the allegations in Paragraph 27 of the Complaint.

## AS TO "THE PARTIES"

### *Representative Plaintiffs*

**Plaintiff Donna Wood**

28.     The Campaign denies the allegations in Paragraph 28 of the Complaint, except admits that Plaintiff Wood worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wood's residence.

29.     The Campaign denies the allegations in Paragraph 29 of the Complaint, except admits that the Campaign paid Plaintiff Wood $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Robin Ceppos**

30.     The Campaign denies the allegations in Paragraph 30 of the Complaint, except admits that Plaintiff Ceppos worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Ceppos's residence.

31.     The Campaign denies the allegations in Paragraph 31 of the Complaint, except admits that the Campaign paid Plaintiff Ceppos $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Nick Coker**

32.     The Campaign denies the allegations in Paragraph 32 of the Complaint, except admits that Plaintiff Coker worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Coker's residence.

33.    The Campaign denies the allegations in Paragraph 33 of the Complaint, except admits that the Campaign paid Plaintiff Coker $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Caelan Doherty**

34.    The Campaign denies the allegations in Paragraph 34 of the Complaint, except admits that Plaintiff Doherty worked as an FO for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Doherty's residence.

35.    The Campaign denies the allegations in Paragraph 35 of the Complaint, except admits that the Campaign paid Plaintiff Doherty $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Max Goldstein**

36.    The Campaign denies the allegations in Paragraph 36 of the Complaint, except admits that Plaintiff Goldstein worked as an FO for the Campaign in New York, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Goldstein's residence.

37.    The Campaign denies the allegations in Paragraph 37 of the Complaint, except admits that the Campaign paid Plaintiff Goldstein $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Bridget Logan**

38.    The Campaign denies the allegations in Paragraph 38 of the Complaint, except admits that Plaintiff Logan worked as an FO for the Campaign in Minnesota, and denies knowledge

or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Logan's residence.

39.     The Campaign denies the allegations in Paragraph 39 of the Complaint, except admits that the Campaign paid Plaintiff Logan $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff James Kyle Newman**

40.     The Campaign denies the allegations in Paragraph 40 of the Complaint, except admits that Plaintiff Newman worked as an FO for the Campaign in North Carolina, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Newman's residence.

41.     The Campaign denies the allegations in Paragraph 41 of the Complaint, except admits that the Campaign paid Plaintiff Newman $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Tristan Angulo**

42.     The Campaign denies the allegations in Paragraph 42 of the Complaint, except admits that Plaintiff Angulo worked as an FO for the Campaign in Wisconsin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Angulo's residence.

43.     The Campaign denies the allegations in Paragraph 43 of the Complaint, except admits that the Campaign paid Plaintiff Angulo $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Lakisha Watson-Moore**

44.     The Campaign denies the allegations in Paragraph 44 of the Complaint, except admits that Plaintiff Watson-Moore worked as an FO for the Campaign in Michigan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Watson-Moore's residence.

45.     The Campaign denies the allegations in Paragraph 45 of the Complaint, except admits that the Campaign paid Plaintiff Watson-Moore $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Alexandra Marie Wheatley-Diaz**

46.     The Campaign denies the allegations in Paragraph 46 of the Complaint, except admits that Plaintiff Wheatley-Diaz worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wheatley-Diaz's residence.

47.     The Campaign denies the allegations in Paragraph 47 of the Complaint, except admits that the Campaign paid Plaintiff Wheatley-Diaz $6,000 per month and provided health insurance and other employee benefits.

*Individual Plaintiffs*

**Plaintiff Cheryl Baldwin**

48.     The Campaign denies the allegations in Paragraph 48 of the Complaint, except admits that Plaintiff Baldwin worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Baldwin's residence.

49.     The Campaign denies the allegations in Paragraph 49 of the Complaint, except admits that the Campaign paid Plaintiff Baldwin $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Garrett Beckenbaugh**

50.     The Campaign denies the allegations in Paragraph 50 of the Complaint, except admits that Plaintiff Beckenbaugh worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Beckenbaugh's residence.

51.     The Campaign denies the allegations in Paragraph 51 of the Complaint, except admits that the Campaign paid Plaintiff Beckenbaugh $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Cochiese Bowers**

52.     The Campaign denies the allegations in Paragraph 52 of the Complaint, except admits that Plaintiff Bowers worked as an FO for the Campaign in Georgia, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Bowers's residence.

53.     The Campaign denies the allegations in Paragraph 53 of the Complaint, except admits that the Campaign paid Plaintiff Bowers $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Miles Ceplecha**

54.     The Campaign denies the allegations in Paragraph 54 of the Complaint, except admits that Plaintiff Ceplecha worked as an FO for the Campaign in Minnesota, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Ceplecha's residence.

55.    The Campaign denies the allegations in Paragraph 55 of the Complaint, except admits that the Campaign paid Plaintiff Ceplecha $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Melinda Cirilo**

56.    The Campaign denies the allegations in Paragraph 56 of the Complaint, except admits that Plaintiff Cirilo worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Cirilo's residence.

57.    The Campaign denies the allegations in Paragraph 57 of the Complaint, except admits that the Campaign paid Plaintiff Cirilo $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Robert Cordova, Jr.**

58.    The Campaign denies the allegations in Paragraph 58 of the Complaint, except admits that Plaintiff Cordova worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Cordova's residence.

59.    The Campaign denies the allegations in Paragraph 59 of the Complaint, except admits that the Campaign paid Plaintiff Cordova $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Christine Doczy**

60.     The Campaign denies the allegations in Paragraph 60 of the Complaint, except admits that Plaintiff Doczy worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Doczy's residence.

61.     The Campaign denies the allegations in Paragraph 61 of the Complaint, except admits that the Campaign paid Plaintiff Doczy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Rachel Douglas**

62.     The Campaign denies the allegations in Paragraph 62 of the Complaint, except admits that Plaintiff Douglas worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Douglas's residence.

63.     The Campaign denies the allegations in Paragraph 63 of the Complaint, except admits that the Campaign paid Plaintiff Douglas $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Theresa Edwards**

64.     The Campaign denies the allegations in Paragraph 64 of the Complaint, except admits that Plaintiff Edwards worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Edwards's residence.

65.    The Campaign denies the allegations in Paragraph 65 of the Complaint, except admits that the Campaign paid Plaintiff Edwards $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Eliza Fink**

66.    The Campaign denies the allegations in Paragraph 66 of the Complaint, except admits that Plaintiff Fink worked as an FO for the Campaign in Connecticut, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Fink's residence.

67.    The Campaign denies the allegations in Paragraph 67 of the Complaint, except admits that the Campaign paid Plaintiff Fink $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jason Finkelstein**

68.    The Campaign denies the allegations in Paragraph 68 of the Complaint, except admits that Plaintiff Finkelstein worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Finkelstein's residence.

69.    The Campaign denies the allegations in Paragraph 69 of the Complaint, except admits that the Campaign paid Plaintiff Finkelstein $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Ilse Mendez Fraga**

70.    The Campaign denies the allegations in Paragraph 70 of the Complaint, except admits that Plaintiff Mendez Fraga worked as an FO for the Campaign in Texas, and denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mendez Fraga's residence.

71.    The Campaign denies the allegations in Paragraph 71 of the Complaint, except admits that the Campaign paid Plaintiff Mendez Fraga $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Maria Gonzalez**

72.    The Campaign denies the allegations in Paragraph 72 of the Complaint, except admits that Plaintiff Gonzalez worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gonzalez's residence.

73.    The Campaign denies the allegations in Paragraph 73 of the Complaint, except admits that the Campaign paid Plaintiff Gonzalez $6,000 per month for the FO position and provided health insurance and other employee benefits.

**Plaintiff Brandi Harris**

74.    The Campaign denies the allegations in Paragraph 74 of the Complaint, except admits that Plaintiff Harris worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Harris's residence.

75.    The Campaign denies the allegations in Paragraph 75 of the Complaint, except admits that the Campaign paid Plaintiff Harris $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Peter Kamara**

76.     The Campaign denies the allegations in Paragraph 76 of the Complaint, except admits that Plaintiff Kamara worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Kamara's residence.

77.     The Campaign denies the allegations in Paragraph 77 of the Complaint, except admits that the Campaign paid Plaintiff Kamara $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Mack Kennedy**

78.     The Campaign denies the allegations in Paragraph 78 of the Complaint, except admits that Plaintiff Kennedy worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Kennedy's residence.

79.     The Campaign denies the allegations in Paragraph 79 of the Complaint, except admits that the Campaign paid Plaintiff Kennedy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Madison Oliver Mays**

80.     The Campaign denies the allegations in Paragraph 80 of the Complaint, except admits that Plaintiff Mays worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mays's residence.

81. The Campaign denies the allegations in Paragraph 81 of the Complaint, except admits that the Campaign paid Plaintiff Mays $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Patrick McHugh**

82. The Campaign denies the allegations in Paragraph 82 of the Complaint, except admits that Plaintiff McHugh worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff McHugh's residence.

83. The Campaign denies the allegations in Paragraph 83 of the Complaint, except admits that the Campaign paid Plaintiff McHugh $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Paul Monterosso**

84. The Campaign denies the allegations in Paragraph 84 of the Complaint, except admits that Plaintiff Monterosso worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Monterosso's residence.

85. The Campaign denies the allegations in Paragraph 85 of the Complaint, except admits that the Campaign paid Plaintiff Monterosso $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Rey Murphy**

86. The Campaign denies the allegations in Paragraph 86 of the Complaint, except admits that Plaintiff Murphy worked as an FO for the Campaign in Arizona, and denies knowledge

or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Murphy's residence.

87.     The Campaign denies the allegations in Paragraph 87 of the Complaint, except admits that the Campaign paid Plaintiff Murphy $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Frida Michelle Naranjo**

88.     The Campaign denies the allegations in Paragraph 88 of the Complaint, except admits that Plaintiff Naranjo worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Naranjo's residence.

89.     The Campaign denies the allegations in Paragraph 89 of the Complaint, except admits that the Campaign paid Plaintiff Naranjo $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Luke Nicholas**

90.     The Campaign denies the allegations in Paragraph 90 of the Complaint, except admits that Plaintiff Nicholas worked as an FO for the Campaign in Virginia, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Nicholas's residence.

91.     The Campaign denies the allegations in Paragraph 91 of the Complaint, except admits that the Campaign paid Plaintiff Nicholas $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Josephine Olinger**

92.    The Campaign denies the allegations in Paragraph 92 of the Complaint, except admits that Plaintiff Olinger worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Olinger's residence.

93.    The Campaign denies the allegations in Paragraph 93 of the Complaint, except admits that the Campaign paid Plaintiff Olinger $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Alec Silvester**

94.    The Campaign denies the allegations in Paragraph 94 of the Complaint, except admits that Plaintiff Silvester worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Silvester's residence.

95.    The Campaign denies the allegations in Paragraph 95 of the Complaint, except admits that the Campaign paid Plaintiff Silvester $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Chris Soth**

96.    The Campaign denies the allegations in Paragraph 96 of the Complaint, except admits that Plaintiff Soth worked as an FO for the Campaign in Minnesota, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Soth's residence.

97.    The Campaign denies the allegations in Paragraph 97 of the Complaint, except admits that the Campaign paid Plaintiff Soth $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Audra Tellez**

98.    The Campaign denies the allegations in Paragraph 98 of the Complaint, except admits that Plaintiff Tellez worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tellez's residence.

99.    The Campaign denies the allegations in Paragraph 99 of the Complaint, except admits that the Campaign paid Plaintiff Tellez $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Carlos Torres**

100.    The Campaign denies the allegations in Paragraph 100 of the Complaint, except admits that Plaintiff Torres worked as an FO for the Campaign in Florida, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Torres's residence.

101.    The Campaign denies the allegations in Paragraph 101 of the Complaint, except admits that the Campaign paid Plaintiff Torres $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Elliot Tricotti**

102.    The Campaign denies the allegations in Paragraph 102 of the Complaint, except admits that Plaintiff Tricotti worked as an FO for the Campaign in Texas, and denies knowledge

or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tricotti's residence.

103.    The Campaign denies the allegations in Paragraph 103 of the Complaint, except admits that the Campaign paid Plaintiff Tricotti $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Gloria Tyler**

104.    The Campaign denies the allegations in Paragraph 104 of the Complaint, except admits that Plaintiff Tyler worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tyler's residence.

105.    The Campaign denies the allegations in Paragraph 105 of the Complaint, except admits that the Campaign paid Plaintiff Tyler $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jesse Weinberg**

106.    The Campaign denies the allegations in Paragraph 106 of the Complaint, except admits that Plaintiff Weinberg worked as an FO for the Campaign in Illinois, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Weinberg's residence.

107.    The Campaign denies the allegations in Paragraph 107 of the Complaint, except admits that the Campaign paid Plaintiff Weinberg $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Clem Wright**

108.    The Campaign denies the allegations in Paragraph 108 of the Complaint, except admits that Plaintiff Wright worked as an FO for the Campaign in Michigan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Wright's residence.

109.    The Campaign denies the allegations in Paragraph 109 of the Complaint, except admits that the Campaign paid Plaintiff Wright $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Anoosh Yaraghchian**

110.    The Campaign denies the allegations in Paragraph 110 of the Complaint, except admits that Plaintiff Yaraghchian worked as an FO for the Campaign in California, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Yaraghchian's residence.

111.    The Campaign denies the allegations in Paragraph 111 of the Complaint, except admits that the Campaign paid Plaintiff Yaraghchian $6,000 per month and provided health insurance and other employee benefits.

**Plaintiff Jesus Zamora**

112.    The Campaign denies the allegations in Paragraph 112 of the Complaint, except admits that Plaintiff Zamora worked as an FO for the Campaign in Texas, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Zamora's residence.

113.    The Campaign denies the allegations in Paragraph 113 of the Complaint, except admits that the Campaign paid Plaintiff Zamora $6,000 per month and provided health insurance and other employee benefits**.**

### As to "Defendant Mike Bloomberg 2020, Inc."

114.    The Campaign denies the allegations in Paragraph 114 of the Complaint, except admits that it was incorporated in Delaware as a non-profit political organization within the meaning of 26 U.S.C. § 527 and registered as a principal campaign committee with the Federal Election Commission, and maintained offices in various states.

115.    Paragraph 115 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in that paragraph, except admits that the Campaign employed Plaintiffs in various states.

116.    Paragraph 116 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in that paragraph, except admits that the Campaign employed Plaintiffs in various states.

117.    The Campaign avers that the document referenced by Plaintiffs in Paragraph 117 of the Complaint speaks for itself.

118.    Paragraph 118 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 118 of the Complaint.

119.    The Campaign denies the allegations in Paragraph 119 of the Complaint.

120.    The Campaign denies the allegations in Paragraph 120 of the Complaint.

121.    The Campaign denies the allegations in Paragraph 121 of the Complaint.

122.    The Campaign denies the allegations in Paragraph 122 of the Complaint.

123.     The Campaign denies the allegations in Paragraph 123 of the Complaint.

124.     The Campaign denies the allegations in Paragraph 124 of the Complaint.

125.     The Campaign denies the allegations in Paragraph 125 of the Complaint.

126.     The Campaign denies the allegations in Paragraph 126 of the Complaint.

127.     The Campaign avers that the websites referenced by Plaintiffs in Paragraph 127 of the Complaint speaks for themselves.

128.     The Campaign denies the allegations in Paragraph 128 of the Complaint.

129.     The Campaign denies the allegations in Paragraph 129 of the Complaint.

130.     The Campaign denies the allegations in Paragraph 130 of the Complaint.

131.     The Campaign denies the allegations in Paragraph 131 of the Complaint.

132.     The Campaign denies the allegations in Paragraph 132 of the Complaint.

133.     The Campaign avers that the websites referenced by Plaintiffs in Paragraph 133 of the Complaint speaks for themselves.

134.     The Campaign denies the allegations in Paragraph 134 of the Complaint.

135.     The Campaign denies the allegations in Paragraph 135 of the Complaint.

136.     The Campaign avers that the website referenced by Plaintiffs in Paragraph 136 of the Complaint speaks for itself.

137.     The Campaign avers that the website referenced by Plaintiffs in Paragraph 137 of the Complaint speaks for itself.

138.     The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 138 of the Complaint speaks for themselves.

139.     The Campaign denies the allegations in Paragraph 139 of the Complaint.

140.     Paragraph 140 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced federal election laws speak for themselves.

141.     The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 141 of the Complaint speaks for themselves.

142.     The Campaign avers that the FEC filings referenced by Plaintiffs in Paragraph 142 of the Complaint speaks for themselves.

143.     The Campaign denies the allegations in Paragraph 143 of the Complaint.

144.     The Campaign denies the allegations in Paragraph 144 of the Complaint.

145.     The Campaign denies the allegations in Paragraph 145 of the Complaint.

146.     The Campaign denies the allegations in Paragraph 146 of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

147.     Paragraph 147 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 147 of the Complaint.

148.     Paragraph 148 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 148 of the Complaint.

149.     Paragraph 149 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 149 of the Complaint.

150.    Paragraph 150 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 150 of the Complaint.

### AS TO "COLLECTIVE-WIDE FACTUAL ALLEGATIONS"

151.    Paragraph 151 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 151 of the Complaint and denies that certification of any collective is appropriate.

152.    The Campaign denies the allegations in Paragraph 152 of the Complaint.

153.    The Campaign denies the allegations in Paragraph 153 of the Complaint (including subparts (a) – (b)).

154.    The Campaign denies the allegations in Paragraph 154 of the Complaint.

155.    The Campaign denies the allegations in Paragraph 155 of the Complaint.

156.    The Campaign denies the allegations in Paragraph 156 of the Complaint.

157.    The Campaign denies the allegations in Paragraph 157 of the Complaint.

158.    The Campaign denies the allegations in Paragraph 158 of the Complaint.

159.    The Campaign denies the allegations in Paragraph 159 of the Complaint.

### AS TO "NEW YORK CLASS ALLEGATIONS"

160.    Paragraph 160 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 160 of the Complaint and denies that certification of any class is appropriate.

161.    Paragraph 161 of the Complaint contains a characterization of the New York Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 161 of the Complaint and denies that certification of any class is appropriate.

162.    The Campaign denies the allegations in Paragraph 162 of the Complaint, except admits that the number of FOs who worked for the Campaign in New York exceeds forty.

163.    The Campaign denies the allegations in Paragraph 163 of the Complaint (including subparts (a) – (e)).

164.    The Campaign denies the allegations in Paragraph 164 of the Complaint.

165.    The Campaign denies the allegations in Paragraph 165 of the Complaint.

166.    The Campaign denies the allegations in Paragraph 166 of the Complaint.

167.    The Campaign denies the allegations in Paragraph 167 of the Complaint.

168.    The Campaign denies the allegations in Paragraph 168 of the Complaint.

169.    The Campaign denies the allegations in Paragraph 169 of the Complaint.

## AS TO "CALIFORNIA CLASS ALLEGATIONS"

170.    Paragraph 170 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 170 of the Complaint and denies that certification of any class is appropriate.

171.    Paragraph 171 of the Complaint contains a characterization of the California Plaintiffs' proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 171 of the Complaint and denies that certification of any class is appropriate.

172.    The Campaign denies the allegations in Paragraph 172 of the Complaint, except admits that the number of FOs who worked for the Campaign in California exceeds forty.

173.    The Campaign denies the allegations in Paragraph 173 of the Complaint (including subparts (a) – (f)).

174.    The Campaign denies the allegations in Paragraph 174 of the Complaint.

175.    The Campaign denies the allegations in Paragraph 175 of the Complaint.

176.    The Campaign denies the allegations in Paragraph 176 of the Complaint.

177.    The Campaign denies the allegations in Paragraph 177 of the Complaint.

178.    The Campaign denies the allegations in Paragraph 178 of the Complaint.

179.    The Campaign denies the allegations in Paragraph 179 of the Complaint.

**AS TO "MICHIGAN CLASS ALLEGATIONS"**

180.    Paragraph 180 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 180 of the Complaint and denies that certification of any class is appropriate.

181.    Paragraph 181 of the Complaint contains a characterization of the Michigan Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 181 of the Complaint and denies that certification of any class is appropriate.

182.    The Campaign denies the allegations in Paragraph 182 of the Complaint, except admits that the number of FOs who worked for the Campaign in Michigan exceeds forty.

183.    The Campaign denies the allegations in Paragraph 183 of the Complaint (including subparts (a) – (b)).

184.    The Campaign denies the allegations in Paragraph 184 of the Complaint.

185.    The Campaign denies the allegations in Paragraph 185 of the Complaint.

186.    The Campaign denies the allegations in Paragraph 186 of the Complaint.

187.    The Campaign denies the allegations in Paragraph 187 of the Complaint.

188.    The Campaign denies the allegations in Paragraph 188 of the Complaint.

189.    The Campaign denies the allegations in Paragraph 189 of the Complaint.

## AS TO "WISCONSIN CLASS ALLEGATIONS"

190.    Paragraph 190 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 190 of the Complaint and denies that certification of any class is appropriate.

191.    Paragraph 191 of the Complaint contains a characterization of the Wisconsin Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 191 of the Complaint and denies that certification of any class is appropriate.

192.    The Campaign denies the allegations in Paragraph 192 of the Complaint.

193.    The Campaign denies the allegations in Paragraph 193 of the Complaint (including subparts (a) – (b)).

194.    The Campaign denies the allegations in Paragraph 194 of the Complaint.

195.    The Campaign denies the allegations in Paragraph 195 of the Complaint.

196.    The Campaign denies the allegations in Paragraph 196 of the Complaint.

197.    The Campaign denies the allegations in Paragraph 197 of the Complaint.

198.    The Campaign denies the allegations in Paragraph 198 of the Complaint.

199.    The Campaign denies the allegations in Paragraph 199 of the Complaint.

### AS TO "ILLINOIS CLASS ALLEGATIONS"

200.    Paragraph 200 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 200 of the Complaint and denies that certification of any class is appropriate.

201.    Paragraph 201 of the Complaint contains a characterization of the Illinois Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 201 of the Complaint and denies that certification of any class is appropriate.

202.    The Campaign denies the allegations in Paragraph 202 of the Complaint, except admits that the number of FOs who worked for the Campaign in Illinois exceeds forty.

203.    The Campaign denies the allegations in Paragraph 203 of the Complaint (including subparts (a) – (b)).

204.    The Campaign denies the allegations in Paragraph 204 of the Complaint.

205.    The Campaign denies the allegations in Paragraph 205 of the Complaint.

206.    The Campaign denies the allegations in Paragraph 206 of the Complaint.

207.    The Campaign denies the allegations in Paragraph 207 of the Complaint.

208.    The Campaign denies the allegations in Paragraph 208 of the Complaint.

209.    The Campaign denies the allegations in Paragraph 209 of the Complaint.

### AS TO "MINNESOTA CLASS ALLEGATIONS"

210.    Paragraph 210 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the

allegations in Paragraph 210 of the Complaint and denies that certification of any class is appropriate.

211.    Paragraph 211 of the Complaint contains a characterization of the Minnesota Plaintiff's proposed class to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 211 of the Complaint and denies that certification of any class is appropriate.

212.    The Campaign denies the allegations in Paragraph 212 of the Complaint.

213.    The Campaign denies the allegations in Paragraph 213 of the Complaint (including subparts (a) – (b)).

214.    The Campaign denies the allegations in Paragraph 214 of the Complaint.

215.    The Campaign denies the allegations in Paragraph 215 of the Complaint.

216.    The Campaign denies the allegations in Paragraph 216 of the Complaint.

217.    The Campaign denies the allegations in Paragraph 217 of the Complaint.

218.    The Campaign denies the allegations in Paragraph 218 of the Complaint.

219.    The Campaign denies the allegations in Paragraph 219 of the Complaint.

## AS TO "NORTH CAROLINA CLASS ALLEGATIONS"

220.    Paragraph 220 of the Complaint contains a characterization of this action to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 220 of the Complaint and denies that certification of any class is appropriate.

221.    Paragraph 221 of the Complaint contains a characterization of the North Carolina Plaintiff's proposed class to which no response is required.  To the extent a response is deemed

required, the Campaign denies the allegations in Paragraph 221 of the Complaint and denies that certification of any class is appropriate.

222.    The Campaign denies the allegations in Paragraph 222 of the Complaint, except admits that the number of FOs who worked for the Campaign in North Carolina exceeds forty.

223.    The Campaign denies the allegations in Paragraph 223 of the Complaint (including subparts (a) – (b)).

224.    The Campaign denies the allegations in Paragraph 224 of the Complaint.

225.    The Campaign denies the allegations in Paragraph 225 of the Complaint.

226.    The Campaign denies the allegations in Paragraph 226 of the Complaint.

227.    The Campaign denies the allegations in Paragraph 227 of the Complaint.

228.    The Campaign denies the allegations in Paragraph 228 of the Complaint.

229.    The Campaign denies the allegations in Paragraph 229 of the Complaint.

### AS TO "FIRST CAUSE OF ACTION"
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

230.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

231.    The Campaign denies the allegations in Paragraph 231 of the Complaint.

232.    Paragraph 232 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign avers that the referenced consent to join forms filed in this case speak for themselves.

233.    Paragraph 233 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 233 of the Complaint.

234.    Paragraph 234 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 234 of the Complaint.

235.    Paragraph 235 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 235 of the Complaint.

236.    Paragraph 236 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 236 of the Complaint.

237.    The Campaign denies the allegations in Paragraph 237 of the Complaint.

238.    Paragraph 238 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 238 of the Complaint.

239.    Paragraph 239 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 239 of the Complaint.

240.    Paragraph 240 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 240 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**
**NYLL – Unpaid Overtime**
**NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.***
**(Brought by the New York Plaintiff on Behalf of Himself and the New York Class)**

241.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

242.    The Campaign denies the allegations in Paragraph 242 of the Complaint.

243.    Paragraph 243 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 243 of the Complaint.

244.    Paragraph 244 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 244 of the Complaint, except admits that the New York Plaintiff worked for the Campaign.

245.    Paragraph 245 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 245 of the Complaint.

246.    The Campaign denies the allegations in Paragraph 246 of the Complaint.

247.    The Campaign denies the allegations in Paragraph 247 of the Complaint.

248.    Paragraph 248 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

249.    Paragraph 249 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the New York Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the New York Plaintiff makes allegations pursuant to New York law, but denies that it has violated New York law.

### AS TO "THIRD CAUSE OF ACTION"
**NYLL – Failure to Provide Wages Notices**
**(Brought by the New York Plaintiff on Behalf of Himself and the New York Class)**

250.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

251.    The Campaign denies the allegations in Paragraph 251 of the Complaint.

252.    The Campaign denies the allegations in Paragraph 252 of the Complaint.

253.    The Campaign denies the allegations in Paragraph 253 of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION"
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought by Plaintiff Goldstein on Behalf of Himself and the New York Class)**

254.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

255.    The Campaign denies the allegations in Paragraph 255 of the Complaint.

256.    The Campaign denies the allegations in Paragraph 256 of the Complaint.

257.    The Campaign denies the allegations in Paragraph 257 of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION"
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

258.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

259.    The Campaign denies the allegations in Paragraph 259 of the Complaint.

260.    Paragraph 260 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 260 of the Complaint.

261.    Paragraph 261 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 261 of the Complaint, except admits that the California Plaintiffs worked for the Campaign.

262.    Paragraph 262 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 262 of the Complaint.

263.    The Campaign denies the allegations in Paragraph 263 of the Complaint.

264.    The Campaign denies the allegations in Paragraph 264 of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"
**California Wage Laws – Record-Keeping Violations**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 226, 1174, & 1174.5**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

265.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

266.    The Campaign denies the allegations in Paragraph 266 of the Complaint.

267.    The Campaign denies the allegations in Paragraph 267 of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION"
**California Wage Laws – Meal and Rest Period Provisions**
**Cal. Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 218.5, 226.5, 226.7, & 512**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

268.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

269.    The Campaign denies the allegations in Paragraph 269 of the Complaint.

270.    The Campaign denies the allegations in Paragraph 270 of the Complaint.

271.    The Campaign denies the allegations in Paragraph 271 of the Complaint.

## AS TO "EIGHTH CAUSE OF ACTION"
**California Wage Laws – Business Expenses**
**Cal. Lab. Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

272.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

273.    Paragraph 273 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 273 of the Complaint.

274.    The Campaign denies the allegations in Paragraph 274 of the Complaint.

275.    Paragraph 275 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiff makes allegations pursuant to California law, but denies that it has violated California law.

## AS TO "NINTH CAUSE OF ACTION"
**California Wage Laws – Untimely Payment of Wages**
**Cal. Labor Code §§ 204, 210**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

276.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

277.    Paragraph 277 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 278 of the Complaint.

278.    The Campaign denies the allegations in Paragraph 278 of the Complaint.

279.    The Campaign denies the allegations in Paragraph 279 of the Complaint.

## AS TO "TENTH CAUSE OF ACTION"
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200 *et seq*.**
**(Brought by the California Plaintiffs on Behalf of Themselves and the California Class)**

280.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

281.    The Campaign denies the allegations in Paragraph 281 of the Complaint.

282.    The Campaign denies the allegations in Paragraph 282 of the Complaint.

283.    The Campaign denies the allegations in Paragraph 283 of the Complaint.

284.    The Campaign denies the allegations in Paragraph 284 of the Complaint.

285.    The Campaign denies the allegations in Paragraph 285 of the Complaint.

286.    Paragraph 286 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiffs make allegations pursuant to California law, but denies that it has violated California law.

287.    Paragraph 287 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiffs make allegations pursuant to California law, but denies that it has violated California law.

## AS TO "ELEVENTH CAUSE OF ACTION"
**Michigan Wage Law – Overtime**
**MWOWA, Mich. Comp. Laws §§ 408.414a; 408.412**
**(Brought by the Michigan Plaintiff on Behalf of Himself and the Michigan Class)**

288.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

289.    The Campaign denies the allegations in Paragraph 289 of the Complaint.

290.    Paragraph 290 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 290 of the Complaint.

291.    Paragraph 291 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 291 of the Complaint, except admits that the Michigan Plaintiff worked for the Campaign.

292.    Paragraph 292 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 292 of the Complaint.

293.    The Campaign denies the allegations in Paragraph 293 of the Complaint.

294.    The Campaign denies the allegations in Paragraph 294 of the Complaint.

295.    Paragraph 295 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Michigan Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

296.    Paragraph 296 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Michigan Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Michigan Plaintiff makes allegations pursuant to Michigan law, but denies that it has violated Michigan law.

**AS TO "TWELFTH CAUSE OF ACTION"**
**Wisconsin Wage Law – Overtime**
**Wis. Stat. §§ 103 and 104, and Wis. Admin. Code § DWD 274.03**
**(Brought by the Wisconsin Plaintiff on Behalf of Himself and the Wisconsin Class)**

297.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

298.    The Campaign denies the allegations in Paragraph 298 of the Complaint.

299.    Paragraph 299 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 299 of the Complaint.

300.    Paragraph 300 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 300 of the Complaint, except admits that the Wisconsin Plaintiff worked for the Campaign.

301.    Paragraph 301 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 301 of the Complaint.

302.    The Campaign denies the allegations in Paragraph 302 of the Complaint.

303.    The Campaign denies the allegations in Paragraph 303 of the Complaint.

304.    Paragraph 304 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Wisconsin Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

305.    Paragraph 305 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Wisconsin Plaintiff to which no response is required.  To the extent a response is

deemed required, the Campaign admits that the Wisconsin Plaintiff makes allegations pursuant to Wisconsin law, but denies that it has violated Wisconsin law.

**AS TO "THIRTEENTH CAUSE OF ACTION"**
**Illinois Wage Law – Overtime**
**IMWL, 820 ILCS 105/1 *et seq*.,**
**(Brought by the Illinois Plaintiff on Behalf of Herself and the Illinois Class)**

306. The Campaign repeats and restates each of the above responses as if fully set forth herein.

307. Paragraph 307 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 307 of the Complaint, except admits that the Illinois Plaintiff worked for the Campaign.

308. Paragraph 308 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 308 of the Complaint.

309. The Campaign denies the allegations in Paragraph 309 of the Complaint.

310. The Campaign denies the allegations in Paragraph 310 of the Complaint.

311. Paragraph 311 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Illinois Plaintiff to which no response is required. To the extent a response is deemed required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

312. Paragraph 312 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Illinois Plaintiff to which no response is required. To the extent a response is deemed required, the Campaign admits that the Illinois Plaintiff makes allegations pursuant to Illinois law, but denies that it has violated Illinois law.

## AS TO "FOURTEENTH CAUSE OF ACTION"
**Minnesota Wage Law – Overtime**
**MFLSA §§ 177.23, 177.25 and Minn. R. 5200 *et seq*.**
**(Brought by the Minnesota Plaintiff on Behalf of Herself and the Minnesota Class)**

313.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

314.    The Campaign denies the allegations in Paragraph 314 of the Complaint.

315.    Paragraph 315 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 315 of the Complaint.

316.    Paragraph 316 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 316 of the Complaint, except admits that the Minnesota Plaintiff worked for the Campaign.

317.    Paragraph 317 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 317 of the Complaint.

318.    The Campaign denies the allegations in Paragraph 318 of the Complaint.

319.    The Campaign denies the allegations in Paragraph 319 of the Complaint.

320.    Paragraph 320 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Minnesota Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to Minnesota law, but denies that it has violated Minnesota law.

321.    Paragraph 321 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the Minnesota Plaintiff to which no response is required.  To the extent a response is

deemed required, the Campaign admits that the Minnesota Plaintiff makes allegations pursuant to

Minnesota law, but denies that it has violated Minnesota law.

**AS TO "FIFTEENTH CAUSE OF ACTION"**
**North Carolina Wage Law – Overtime**
**NCWHA, N.C. Gen. Stat. Ann. § 95-25.1 *et seq*.**
**(Brought by the North Carolina Plaintiff on Behalf of Himself and the North Carolina**
**Class)**

322.    The Campaign repeats and restates each of the above responses as if fully set forth

herein.

323.    The Campaign denies the allegations in Paragraph 323 of the Complaint.

324.    Paragraph 324 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is deemed required, the Campaign denies the allegations in

Paragraph 324 of the Complaint.

325.    Paragraph 325 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is deemed required, the Campaign denies the allegations in

Paragraph 325 of the Complaint, except admits that the North Carolina Plaintiff worked for the

Campaign.

326.    Paragraph 326 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is deemed required, the Campaign denies the allegations in

Paragraph 326 of the Complaint.

327.    The Campaign denies the allegations in Paragraph 327 of the Complaint.

328.    The Campaign denies the allegations in Paragraph 328 of the Complaint.

329.    Paragraph 329 of the Complaint constitutes Plaintiffs' characterization of the relief

sought by the North Carolina Plaintiff to which no response is required.  To the extent a response

is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations

pursuant to North Carolina law, but denies that it has violated North Carolina law.

330.    Paragraph 330 of the Complaint constitutes Plaintiffs' characterization of the relief sought by the North Carolina Plaintiff to which no response is required.  To the extent a response is deemed required, the Campaign admits that the North Carolina Plaintiff makes allegations pursuant to North Carolina law, but denies that it has violated North Carolina law.

### AS TO "SIXTEENTH CAUSE OF ACTION"
### California Private Attorney General Act of 2004 ("PAGA")
**(Brought on Behalf of the California Plaintiffs and All Aggrieved Employees)**

331.    The Campaign repeats and restates each of the above responses as if fully set forth herein.

332.    Paragraph 332 of the Complaint contains legal conclusions to which no response is required.

333.    Paragraph 333 to the Complaint constitutes Plaintiffs' characterization of the relief sought by the California Plaintiffs to which no response is required.  To the extent a response is deemed required, the Campaign admits that the California Plaintiffs make allegations pursuant to PAGA but denies that it has violated any provision of the California Labor Code that could entitle the California Plaintiffs or any "Aggrieved Employees" to any relief.

334.    The Campaign denies the allegations in Paragraph 334 of the Complaint.

335.    Paragraph 335 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 335 of the Complaint.

336.    Paragraph 336 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Campaign denies the allegations in Paragraph 336 of the Complaint.

337.    The Campaign denies the allegations in Paragraph 337 of the Complaint.

338.    The Campaign denies the allegations in Paragraph 338 of the Complaint.

339.    The Campaign denies information sufficient to form a belief as to the allegations in Paragraph 339 of the Complaint concerning Plaintiffs' filings with the LWDA and the LWDA's response to Plaintiffs' filings.   The Campaign denies the remainder of the allegations in Paragraph 339 of the Complaint, except avers that Plaintiffs' counsel, Hannah Cole-Chu, represented in correspondence to counsel for the Campaign that she sent the PAGA notices filed on behalf of Plaintiffs Ceppos and Coker to the Campaign "via Certified Mail" on June 23, 2022.

## AS TO "PRAYER FOR RELIEF"

The Campaign denies that the Representative Plaintiffs are entitled (on behalf of themselves or any other individuals) to the relief set forth in the "WHEREFORE" paragraphs of the Complaint and each subpart thereof.

## AS TO "JURY DEMAND"

The Campaign denies that the trial of any issue to a jury is warranted and denies that Plaintiffs are entitled (on behalf of themselves or any other individuals) to any relief.   The Campaign does not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

The Campaign denies each and every allegation in the Complaint that has not previously been specifically admitted or denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state, in whole or in part, a claim as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, because they were properly classified as exempt from overtime requirements under the state laws that purportedly serve as a basis for the claims alleged in the Complaint, including but not limited to as bona fide executive and/or administrative persons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, to the extent that individual's claims were not filed within the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent that individual failed to exhaust administrative remedies and/or fulfill all conditions precedent to suit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent that they seek injunctive, declaratory, and/or other equitable relief, because Plaintiffs and/or any individual Plaintiffs seek to represent have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of the Campaign.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, because they have not suffered any injury or damage as a result of any act or omission of the Campaign.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred because they have been paid all monies that they are owed by the Campaign, if any.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, to the extent that Plaintiffs and/or any individual Plaintiffs seek to represent failed to mitigate or avoid any of the damages alleged in the Complaint.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

If the Campaign is found to have failed to pay Plaintiffs and/or any individual Plaintiffs seek to represent any amount due, which the Campaign denies, the Campaign is entitled to set off any overpayments or other sums owed against any judgment.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

Subject to proof through discovery, Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred, in whole or in part, by the doctrine of unjust enrichment, including to the extent that Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent has been overpaid for time worked or paid for time not worked.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are or may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

To the extent that during the course of this litigation the Campaign acquires any evidence of wrongdoing by Plaintiffs and/or any individual Plaintiffs seek to represent, which wrongdoing

would have been a breach of any agreement with the Campaign or would have resulted in termination or alteration of the relationship of that individual with the Campaign, such after-acquired evidence bars that individual's claims of liability or damages or shall reduce such claims as provided by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiffs seek to represent are barred to the extent covered by a prior compromise or release of claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Campaign is not an "employer," and Plaintiffs or any other individuals Plaintiff seeks to represent, are not "employees" within the meaning of all applicable federal and state wage and hour laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

If the Campaign is found to have failed to pay any amount to Plaintiffs or any individual Plaintiffs seek to represent, which the Campaign specifically denies, any remedy should be calculated at the rate of one-half of the hourly rate of such individual.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are inherently individualized and Plaintiffs cannot establish the requirements for certification of any class under Federal Rule of Civil Procedure 23.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any individual Plaintiff seeks to represent are, in whole or in part, insufficient to establish a right to attorneys' fees.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

In the event the Court certifies any class, the Campaign incorporates by reference and realleges each of its defenses to Plaintiffs' individual claims as if asserted in response to the claims of any member of the class.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any penalties in this action should be reduced under California Labor Code Section 2699(e)(2) as "unjust, arbitrary and oppressive, or confiscatory."

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from obtaining relief against the Campaign, because California Labor Code Section 2699, *et seq.* does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action contained therein, is barred because the Campaign had no knowledge of any uncompensated work performed and/or unreimbursed expenses incurred by Plaintiff or putative class members.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The California Plaintiffs' claims are barred to the extent the California Plaintiffs or putative class members waived their right to take meal or rest breaks pursuant to the California Labor Code and/or the applicable wage order.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The California Plaintiffs' claims are barred because the Campaign provided meal and rest breaks, as required by law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The California Plaintiffs' claims are barred because they cannot show an injury to competition, as distinguished from injury to themselves, which such injury the Campaign denies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any recovery on the California Plaintiffs' claims may be barred by the Campaign's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claims of violation of the California Labor Code and violation of the Business & Professions Code. Therefore, the Campaign's business practices were not unfair or unlawful under California Business and Professions Code Section 17200.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The California Plaintiffs' purported representative claim for penalties pursuant to the PAGA, California Labor Code section 2698 *et seq.*, is barred, in whole or in part, to the extent that Plaintiff's request for PAGA penalties exceeds the scope of the notice(s) Plaintiff provided to the LWDA.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported representative claim for penalties pursuant to the PAGA is barred, in whole or in part, to the extent that Plaintiffs' failed to timely provide notice to the Campaign and the LWDA of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  *See* Cal. Lab. Code § 2699.3; Cal. Code Civ. P. § 340.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As to Plaintiffs' claims under state law, and to the extent that the Fair Labor Standards Act is interpreted to apply to the Campaign, which the Campaign denies, Plaintiffs' claims

and/or the claims of any individual Plaintiffs seek to represent are barred by the First

Amendment to the Constitution of the United States.

The Campaign reserves the right to assert such other affirmative defenses as may become

known to it through discovery or investigation.

WHEREFORE, the Campaign prays for judgment as follows:

(1)  Dismissing the Complaint, and each claim therein, in its entirety with prejudice;

(2)  Denying class action certification;

(3)  Striking the class allegations;

(4)  Striking the PAGA allegations;

(5)  Denying all of the relief prayed for in the Complaint;

(6)  Entering judgment against Plaintiff and in favor of the Campaign;

(7)  Awarding the Campaign its costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(8)  Granting the Campaign such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 19, 2024

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Rachel S. Philion
Noa M. Baddish
Pinchos N. Goldberg
Allison L. Martin

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
rphilion@proskauer.com
nbaddish@proskauer.com
pgoldberg@proskauer.com

amartin@proskauer.com

PROSKAUER ROSE LLP
Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com

VENABLE LLP
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.