UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>        Defendant. | 20 Civ. 2489 (LTS) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION**

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") respectfully moves for reconsideration of the portion of the Court's March 31, 2025 Memorandum Opinion and Order denying the Campaign's motion for summary judgment on the individual coverage claim under the Fair Labor Standards Act ("FLSA"). ECF 539 at 19–24. The Campaign respectfully submits that the Court overlooked precedent from district courts in New York and elsewhere holding that an employee does not trigger individual coverage under the FLSA merely by inputting data that is ultimately transmitted electronically across state lines. As one decision from the Southern District of New York (which was cited favorably by the Court in its Order) explained, "activities related to [] phone and online use at best affect or indirectly relate to interstate commerce. To conclude otherwise would lead to untenable results, as it is difficult to imagine anyone, in the modern age, who does not meet this definition." *Marcus v. Lominy*, 2022 WL 493688, at *16 (S.D.N.Y. Feb. 17, 2022) (cleaned up) (cited in ECF 539 at 20). Because the *only* basis for individual FLSA coverage cited by the Court was Plaintiffs' use of software to input data that was later transmitted and accessed across state lines, the individual coverage claim should have been resolved against Plaintiffs as a matter of law.

## RELEVANT BACKGROUND

Plaintiffs worked for the Campaign as Field Organizers ("FOs") between January and March 2020. They initiated this lawsuit in March 2020, alleging that they were denied overtime pay under the FLSA and various state laws. ECF 296 ("Compl.").[1]

Discovery showed that Plaintiffs' responsibility was to promote the Campaign within their home state. ECF 446 ("SUMF") & ECF 476 ("Pls. Resp.") ¶¶ 8–10, 20–23, 33, 144, 152–53, 158,

---

[1] The operative complaint at the time the Campaign moved for summary judgment was the Third Amended Complaint. ECF 296.

210, 213, 224, 268, 274. Plaintiffs communicated almost exclusively with voters in their home state and, with the exception of passively listening in to conference calls initiated by the national office, had little contact with supervisors outside their home states.[2]

Discovery further showed that Plaintiffs used certain software—VAN and ThruTalk—provided by the Campaign to enter data about the voters with whom they spoke. *See, e.g.*, ECF 490 ¶ 24. Plaintiffs submitted expert testimony purporting to show that the data entered by Plaintiffs crossed state lines and that the FOs helped move the data across state lines by pressing a "sync" button or by setting the software to "auto-sync." ECF 458-15 ("Jaffe Rpt.") ¶¶ 83 n.42, 95, 98.

The Campaign moved for summary judgment in March 2024. ECF 444, 445. Relevant to this motion, the Campaign argued that Plaintiffs failed to establish individual coverage under the FLSA. ECF 445 at 6–10. As the Campaign explained, Plaintiffs were not employees within the channels of interstate commerce because they worked and interacted with voters almost exclusively within their home states. The Campaign further explained that Plaintiffs' use of the VAN and ThruTalk software did not trigger individual coverage because the software was primarily used for intrastate communications, and the FOs did not use the software to engage in interstate communications on a regular and recurring basis.

The Court denied the Campaign's motion for summary judgment on the individual coverage issue. ECF 539 at 19–24. In the Court's view, there was a material dispute concerning whether Plaintiffs' act of inputting data into the VAN and ThruTalk software constituted regular and recurrent use of interstate commerce. *Id.* In support of its decision, the Court cited evidence

---

[2] *Id.* ¶¶ 18–19, 33, 48–49, 51, 61–62, 65, 67, 88–89, 107, 117–18, 136–37, 140, 144–46, 152–53, 158, 165, 167, 170, 172, 179, 189, 192, 210, 213–14, 224, 231, 245, 263, 266, 268.

2

showing that Plaintiffs used the software regularly and that the data they collected was available to Campaign employees outside each FO's home state.  *Id.* at 23.

The Campaign now seeks reconsideration of the Court's ruling that Plaintiffs are entitled to individual coverage under the FLSA.

## LEGAL STANDARD

Reconsideration under Local Rule 6.3 and Federal Rule 59 is proper where there is an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Schoolcraft v. City of N.Y.*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).  Reconsideration is proper where a court has overlooked "controlling decisions or data" that "might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Lawyer v. Cota*, 764 F. App'x 65, 66–67 (2d Cir. 2019) (district court "overlooked controlling precedent, giving [the court] grounds to grant the motion for reconsideration").  Reconsideration serves the "the interests of finality and conservation of scarce judicial resources" by allowing the court to review matters that were "overlooked."  *Schoolcraft*, 298 F.R.D. at 136–38 (granting reconsideration where defendant's briefing provided additional color to several facts the court overlooked and would have "alter[ed] the conclusion reached by the court").

## ARGUMENT

**I. THE COURT SHOULD RECONSIDER ITS DECISION ON INDIVDUAL COVERAGE.**

In its summary judgment Order, the Court correctly recognized that the test for individual coverage under the FLSA is "whether the plaintiff was an employee in the 'channels of interstate commerce' as distinguished from [one] who merely affected that commerce."  ECF 539 at 19 (quoting *Gonzalez v. Victoria G's Pizzeria LLC*, 2021 WL 6065744, at *6 (E.D.N.Y. Dec. 22,

3

2021)). As the Court noted, a plaintiff satisfies that test only if his or her work is "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Id.*

Respectfully, although the Court applied the correct test, it erred in its application. The sole basis for individual coverage identified by the Court was Plaintiffs' use of the VAN and ThruTalk software. ECF 539 at 20–24. Indeed, as the Court recognized, Plaintiffs waived any other basis for individual coverage. *Id.* at 20 n.8. But, as a matter of law, merely entering data into an electronic system that ultimately transmits the data across state lines is insufficient to trigger individual coverage under the FLSA.

In *Marcus v. Lominy*, for example, the plaintiff alleged that he used the telephone and internet as part of his regular job duties, including to interact with parties beyond state lines. 2022 WL 493688, at *15. The court held that internet use was insufficient to trigger individual coverage under the FLSA because nearly every worker in the United States uses the internet to transfer data across state lines. *Id.* at *15–16. If using an electronic system that transfers data to other states were sufficient to put an employee within the channels of interstate commerce, the result would be "untenable." *Id.* at *16. "It is difficult to imagine anyone, in this modern day and age, who does not meet this definition." *Id.* (cleaned up).

Similarly, in *Katz v. DNC Services Corp.*, the court rejected a claim for individual coverage under the FLSA brought by campaign workers under facts nearly identical to here. Like Plaintiffs here, the *Katz* plaintiffs were field organizers for state democratic parties who entered data about voters into an electronic database that was accessible to out-of-state campaign workers. 2018 WL 692164, at *1, 5 (E.D. Pa. Feb. 2, 2018). The *Katz* court held that the plaintiffs did not have individual coverage under the FLSA because gathering and entering electronic voter data within a

4

single state does not place an employee within the channels of interstate commerce even if the data is ultimately transmitted out of state. *Id.* at *5. If that were sufficient, "any employee who ever saved a document to ICloud or ever uploaded a document to the internet would come under the FLSA's protection for having 'moved' information across state lines." *Id.*

This Court's decision on individual coverage cannot be squared with *Marcus* or *Katz*. The Court held that Plaintiffs may be considered "in the channels of interstate commerce" because, although they worked almost entirely within a single state,[3] they regularly entered electronic data into the VAN and ThruTalk software—and that data, in turn, may have crossed state lines. ECF 539 at 20–24. But *Marcus* and *Katz* flatly rejected the notion that merely interacting with electronic systems that transmit data across state lines can trigger individual FLSA coverage. As those cases explain, if using an electronic system that sends data over state lines were sufficient to trigger individual coverage under the FLSA, the FLSA would reach nearly every worker in the United States. *Marcus*, 2022 WL 493688, at *15; *Katz*, 2018 WL 692164, at *5; *see also Dean v. Pac. Bellwether, LLC*, 996 F. Supp. 2d 1044, 1050 (D. N. Mar. Is. 2014) (rejecting notion that internet use triggers individual coverage).

Critically, there is no evidence that Plaintiffs communicated directly with anyone outside the state where they canvassed local voters. While the data Plaintiffs collected in each state was available to Campaign headquarters in New York, that data was transmitted to New York only when a headquarters employee requested it—in an interstate communication entirely separate from

---

[3] No Plaintiff other than Angulo and Robinson attested to ever working in any other state, and even those two Plaintiffs testified that such work was limited to a single weekend. SUMF & Pls. Resp. ¶¶ 48, 204; *see also, e.g., id.* ¶¶ 67, 88, 144, 158, 192, 210, 213, 217, 245, 268; ECF 539 at 20 n.8 (recognizing that Plaintiffs conceded that they could not establish individual coverage based on phone calls to out-of-state voters or passive attendance on conference calls).

5

any communication to which a Field Organizer was a party.[4]  The mere fact that the data crossed state lines in order for the software to function did not transform Plaintiffs into employees in the channels of interstate commerce.  As this Court recognized, an employee is not covered by the FLSA just because he or she uses a cell phone to make intrastate calls.  ECF 539 at 20–21 n.9.  That conclusion would be no different if the employee called someone in the same state, had to leave a voice mail, and then the recipient later picked up the voice mail by calling in from another state.  *Cf. Hearns v. MEJ Plumbing, LLC*, 2024 WL 3754869, at *4 (S.D. Fla. June 5, 2024) (local workers' regular calls, multiple times per week, to their supervisor when he was out of state did not subject the plaintiffs to individual coverage).  Plaintiffs are not covered by the FLSA merely because they used software to memorialize intrastate communications, even if the notes from those communications could be accessed from outside the state.  This case accordingly is closely analogous to the cases that concern incidental interstate communication in furtherance of an intrastate communication.  ECF 539 at 11 n.6 (discussing *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300 (E.D.N.Y. 2014) and *Leyva v. Avila*, 634 F. Supp. 3d 670 (D. Ariz. 2022)).

Although the Court cited *Marcus* favorably (ECF 539 at 20), it did not address or distinguish its holding that merely using the internet as part of one's job does not entitle a plaintiff to individual coverage.  The Court tried to distinguish *Katz* on the ground that there was no evidence in that case showing plaintiffs "actively transported the [voter data] information across state lines."  ECF 539 at 21 (quoting *Katz*, 2018 WL 692164, at *5).  But the same is true here.  Plaintiffs' expert report does not support a finding that Plaintiffs "actively" transmitted voter data across state lines.  At most, the report asserts that FOs pressed a "sync" button (or set their program

---

[4] Further, there is no evidence that headquarters employees made such requests "daily," as Plaintiffs contended in response to SUMF ¶ 275.  The testimony they cite for that claim do not establish the frequency of these employees' requests.  Pls. Resp. ¶ 275.

6

to "auto-sync"), which allowed the software to send the data across state lines. Jaffe Rpt. ¶¶ 83 n.42, 95, 98. Even accepting that factual assertion as true, it would be insufficient to place Plaintiffs in the channels of interstate commerce. The Court analogized pressing the "sync" button to making long-distance phone calls or shipping packages to out-of-state parties. ECF 539 at 23. But that analogy fails because a party making a phone call or sending a package knowingly and intentionally reaches out to a party across state lines.[5] By pressing the "sync" button, Plaintiffs did not actively send data across state lines any more than an employee pressing "send" on an email actively transmits data across state lines. And under *Marcus* and *Katz*, pressing "send" on an email is insufficient to trigger individual FLSA coverage.

## CONCLUSION

For the foregoing reasons, the Campaign respectfully requests that the Court reconsider its ruling that Plaintiffs have established individual coverage under the FLSA and grant summary judgment to the Campaign on that issue.

Dated: April 14, 2025

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Noa M. Baddish
Allison L. Martin

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
nbaddish@proskauer.com
amartin@proskauer.com

---

[5] In all events, "merely making calls to entities in other states or mailing letters out of state as part of a job is not sufficient to show that an employee is engaged in interstate commerce for purposes of establishing individual coverage." *Gonzalez*, 2021 WL 6065744, at *7.

7

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com


VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

## LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with a computer; contains 2,224 words (excluding the caption, signature blocks, and this certification), including footnotes; and complies with the word count limitation set forth in Local Rule 6.3.

Dated: New York, New York
April 14, 2025

*/s /Elise M. Bloom*
Elise M. Bloom
