UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>            v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>                        Defendant. | 20 Civ. 2489 (LTS) (GWG) |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION**

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") respectfully submits this reply in support of its motion for reconsideration (ECF 543) of the portion of the Court's March 31, 2025 Memorandum Opinion and Order (ECF 539) denying the Campaign's motion for summary judgment on the individual coverage claim under the Fair Labor Standards Act ("FLSA").

## ARGUMENT

In its motion for reconsideration, the Campaign explained that the Court's decision concerning individual coverage under the FLSA cannot be reconciled with decisions from this Court and others holding that coverage is not triggered merely because an employee inputs data that is ultimately transmitted electronically across state lines. Mot. 3–7 (citing *Marcus v. Lominy*, 2022 WL 493688, at *16 (S.D.N.Y. Feb. 17, 2022) and *Katz v. DNC Servs. Corp.*, 2018 WL 692164, at *1, 5 (E.D. Pa. Feb. 2, 2018)). As the motion showed, *Marcus* and *Katz* held that entering data into an electronic system that transmits the data into another state alone is insufficient to trigger individual coverage under the FLSA. *Id.*

Plaintiffs nevertheless contend that reconsideration should be denied because the Court "addressed and analyzed" *Marcus* and *Katz* in its summary judgment decision. Opp. 3. That misses the point. The issue is not that the Court failed to analyze the two cases but that it analyzed them incorrectly.

Plaintiffs' attempts to distinguish *Marcus* and *Katz* are likewise meritless. They argue that the factual record in *Katz* differs from the factual record here because the *Katz* plaintiffs did not allege that they "actively" transmitted data across state lines. Opp. 3. But the expert in this case did not opine that Plaintiffs actively transmitted data across state lines, either, so the facts of this case are identical to the facts in *Katz*. Indeed, in *Katz*, the same type of employees entered

the same type of data into the same software as here—and the legal question was identical in both cases. Mot. 4–5. There is simply no basis to distinguish *Katz*.

The facts in *Marcus* are likewise materially indistinguishable. There, the plaintiff used the internet as part of his job at an intrastate business. 2022 WL 493688, at *15. The court held that internet use is insufficient to trigger individual coverage under the FLSA because it "at best, affect[s] or indirectly relate[s] to interstate commerce." *Id.* at *16 (quotation marks omitted). "To conclude otherwise would lead to untenable results as it is difficult to imagine anyone, in this modern day and age, who does not meet this definition." *Id.* (cleaned up). Although the plaintiff in *Marcus* held a different job from the Plaintiffs here, the *Marcus* court was presented with the identical question—namely, whether using an electronic system that transfers data to other states alone is sufficient to put an employee within the channels of interstate commerce for purposes of the FLSA. *Marcus* reached the opposite conclusion from this Court on that question. Contrary to Plaintiffs' contention, *Marcus*'s holding concerning internet use did not turn on the plaintiff's failure to allege the frequency of his activities. *Contra* Opp. 4. To be sure, in a different portion of its decision, the *Marcus* court faulted the plaintiff for failing to allege how often he interacted with out-of-state parties. *See* 2022 WL 493688, at *16. But the court's decision about whether using an electronic system that transmits data across state lines can trigger FLSA coverage did not turn on any pleading failure.

*Marcus* and *Katz* thus both rejected the notion that merely interacting with electronic systems that transmit data across state lines can trigger individual FLSA coverage. Respectfully, the Court misapprehended the holdings in those cases, and the holding in this case conflicts with those holdings. And contrary to Plaintiffs' contention, the fact that *Marcus* and *Katz* are not controlling authority does not preclude the Court from granting reconsideration. *See Shrader v.*

2

*CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming grant of reconsideration motion in part based on citations to out-of-Circuit cases).[1]

Plaintiffs are wrong that the Campaign seeks to raise factual disputes in this motion. The motion does not turn on the precise mechanism by which the software at issue transmitted data across state lines. *Contra* Opp. 5. The Campaign's position is that, as matter of law, merely inputting data into software as part of one's job is insufficient to trigger FLSA coverage—regardless of whether or how that data is ultimately transmitted across state lines (and regardless of whether the employee had to press a button to facilitate the data's transmission). The Court does not need to consider competing factual showings to make that legal determination.

## CONCLUSION

For the foregoing reasons and those explained in the Campaign's motion, reconsideration should be granted.

Dated: May 19, 2025

PROSKAUER ROSE LLP

*/s/ Elise M. Bloom*
Elise M. Bloom
Noa M. Baddish
Allison L. Martin

Eleven Times Square
New York, New York 10036
(T)  212.969.3000
ebloom@proskauer.com
nbaddish@proskauer.com
amartin@proskauer.com

---

[1] It is irrelevant whether "numerous uses of the Internet [] *could* constitute commerce." Opp. 4 (emphasis added). Here, the undisputed evidence shows that Plaintiffs' *only* connection to the internet consisted of inputting data about voter interviews conducted intrastate into the VAN and TruTalk software, which then later transmitted the data across state lines. Using the internet in such a tangential way does not place an employee within the channels of interstate commerce. *See Marcus*, 2022 WL 493688, at *16; *Katz*, 2018 WL 692164, at *5.

3

PROSKAUER ROSE LLP

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
(T)  617.526.9850
mbatten@proskauer.com


VENABLE LLP

Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(T)  212.307.5500
nmreiter@venable.com

*Attorneys for Defendant*
MIKE BLOOMBERG 2020, INC.

5

**LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION**

Pursuant to Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with a computer; contains 867 words (excluding the caption, signature blocks, and this certification), including footnotes; and complies with the word count limitation set forth in Local Rule 6.3.

Dated: New York, New York
May 19, 2025

                                                                    */s /Elise M. Bloom*
                                                                    Elise M. Bloom