UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DONNA WOOD, et al.,

       Plaintiffs,

    -v-                              No.  20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

       Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

On March 31, 2025, the Court issued an Opinion and Order (docket entry no. 539 ("SJ Opinion")) which, among other things, partially granted and partially denied the motion of Defendant Mike Bloomberg 2020, Inc. (the "Campaign" or "Defendant"), for partial summary judgment (docket entry no. 444). Now before the Court are two additional motions by the Campaign: (1) a motion for reconsideration (docket entry no. 542 ("Motion for Reconsideration")) and (2) a motion seeking certification under 28 U.S.C. section 1292(b) of an intermediate interlocutory appeal from the SJ Opinion (docket entry no. 547 ("Motion for Interlocutory Appeal")).

<u>First</u>, the Campaign requests that the Court reconsider its holding that material disputes of fact preclude summary judgment on the issue of whether Plaintiffs are individually covered under the Fair Labor Standards Act ("FLSA"). The Campaign asks the Court to modify its SJ Opinion under Local Rule 6.3 and Fed. R. Civ. P. 59(e) to grant the Campaign's motion for partial summary judgment and hold that the Plaintiffs are not individually covered under the FLSA. Plaintiffs have filed their opposition to the motion for reconsideration (docket entry no. 553 ("Plaintiffs' Reconsideration Memorandum" or "Pls. Reconsid. Mem.")), and Defendant

filed a reply (docket entry no. 557 ("Reply in Support of Reconsideration" or "Reply ISO Reconsid.")).

Second, the Campaign requests that the Court certify for interlocutory appeal two aspects of the Court's SJ Opinion—the holding with respect to the issue of individual coverage under the FLSA and the Court's holding that the FLSA is a generally applicable law that does not trigger First Amendment scrutiny in the campaign worker context. Plaintiffs have filed their opposition (docket entry no. 554 ("Plaintiffs' Interlocutory Appeal Memorandum" or "Pls. Interloc. App. Mem.")), and Defendant filed a reply (docket entry no. 556 ("Reply in Support of Interlocutory Appeal" or "Reply ISO Interloc. App.")).

The Court has carefully considered the parties' submissions on both motions, and, for the following reasons, the Court denies both motions in their entirety.

BACKGROUND

The Court assumes the parties' familiarity with the factual background and procedural history of the case and adopts the findings of fact previously set forth in the SJ Opinion.[1]

DISCUSSION

Motion for Reconsideration

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (citations omitted). To prevail on a motion for reconsideration under Local Rule 6.3 or Rule 59(e), the movant must point to an "intervening

---

[1]    Defendant's motions did not take issue with the recitation of facts in the SJ Opinion.

change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Nguyen v. MaxPoint Interactive, Inc., No. 15-CV-6880-LTS, 2017 WL 3084583, at *1 (S.D.N.Y. 2017) (quoting Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Cohen v. N.Y.C. Dep't of Educ., No. 19-CV-3863-LTS-SDA, 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021) (quoting Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).  To the contrary, "reconsideration is not warranted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Noel v. City of New York, No. 15-CV-5236-LTS-KHP, 2023 WL 8850070, at *1 (S.D.N.Y. Dec. 21, 2023) (citations omitted).

Here, while the Campaign correctly states the legal standard (docket entry no. 543 ("Defendant's Reconsideration Memorandum" or "Def. Reconsid. Mem.") at 5 (quoting Schoolcraft v. City of N.Y., 298 F.R.D. 134, 136 (S.D.N.Y. 2014))), it does not argue that any of the criteria warranting reconsideration were satisfied.  The Campaign does not argue that the Court's SJ Opinion constituted clear error or manifest injustice, nor does it identify an intervening change of controlling law or data that the Court overlooked that would warrant reconsideration of the SJ Opinion.

Instead, the Campaign makes just one argument: that the Court's SJ Opinion "cannot be squared" with the Katz decision from the Eastern District of Pennsylvania and the Marcus decision from this District.  (Def. Reconsid. Mem. at 5 (citing Katz v. DNC Servs. Corp., No. 16-CV-5800, 2018 WL 692164 (E.D. Pa. Feb. 2, 2018); Marcus v. Lominy, No. 18-CV-

1857-NSR, 2022 WL 493688 (S.D.N.Y. Feb. 17, 2022)).)  The Campaign acknowledges that the Court's SJ Opinion not only reviewed, but actually cited both Katz and Marcus (Def. Reconsid. Mem. at 6 (citing SJ Opinion at 20, 5)), but argues that reconsideration is nonetheless warranted because the Court "analyzed [these cases] incorrectly" (Reply ISO Reconsid. at 2).  The Campaign's argument is unavailing: the fact that the Court has already addressed and analyzed both cases necessarily means that they were neither intervening nor overlooked law—very strong evidence that "reconsideration is not warranted" absent clear error or manifest injustice.  Noel, 2023 WL 8850070, at *1.

Indeed, the Campaign's sole basis for reconsideration is its belief that "the Court misapprehended the holdings in these cases."  (Reply ISO Reconsid. at 2.)  In other words, Defendant disagrees with the Court's reading of the cases and wishes to litigate the issue anew. But "[t]he fact that [a party] disagrees with the Court's ruling does not justify a motion for reconsideration, which must be limited to matters that were before the Court and overlooked."  OSRecovery, Inc. v. One Groupe Int'l, Inc., No. 02-CV-8993-LAK, 2003 WL 21285539, at *1 (S.D.N.Y. June 4, 2003) (citation omitted).  The Court did not overlook Katz or Marcus in its SJ Opinion, and Defendant has failed to persuade the Court that it should reconsider its interpretation of those cases, much less that its determination regarding individual coverage under the FLSA was erroneous.

The bottom-line conclusion that the Campaign wants the Court to draw by reference to these two cases is that, "as a matter of law, merely entering data into an electronic system that ultimately transmits the data across state lines is insufficient to trigger individual coverage under the FLSA."  (Def. Reconsid. Mem. at 4.)  This is just a reiteration, framed as a declaration of legal principle, of the factual assertion that the Court held is materially disputed.

(See SJ Opinion at 23 (holding that "evidence demonstrating that FOs regularly and recurrently collected voter data and inputted that data" into the electronic systems VAN and ThruTalk was a "material fact that supports [Plaintiffs'] claim of individual coverage under the FLSA").)  When issuing its SJ Opinion, the Court was not persuaded by Defendant's position, nor was it convinced that the holdings of Katz and Marcus "cannot be reconciled with the Court's decision concerning individual coverage."  (Reply ISO Reconsid. at 2).  The reconsideration motion provides no basis for revisitation of that conclusion.

In sum, Defendant "merely expresses a disagreement with the Court and does not identify clear error," overlooked data, or intervening controlling law.  See Noel, 2023 WL 8850070, at *4.  The Campaign's motion for reconsideration is therefore denied.

Motion to Certify Interlocutory Appeal

Defendant's motion to certify an interlocutory appeal fares no better than its motion for reconsideration.  Certification of an interlocutory order for immediate appeal is governed by 28 U.S.C. section 1292(b) ("Section 1292(b)").  Under that statute, certification is only appropriate if the district court determines: "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation."  In re Facebook, Inc., IPO Sec. and Derivative Litig., 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (quoting 28 U.S.C. § 1292(b)).  Because "[i]nterlocutory appeals are strongly disfavored in federal practice," In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010), courts must strictly construe the requirements of Section 1292(b) and, even then, will require "exceptional circumstances" to justify departure from "the basic policy of postponing appellate review until after the entry of a final judgment."  Alphonse Hotel Corp. v.

Tran, No. 13-CV-7859-DLC, 2014 WL 516642, at *3 (S.D.N.Y. Feb. 10, 2014) (quoting Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996)).  "The Court has discretion in determining whether the three conjunctive requirements of section 1292(b) have been met[,] and "[d]istrict courts are urged to 'exercise great care in making a § 1292(b) certification.'"  Quinn v. Altria Grp., Inc., No. 07-CV-8783-LTS-RLE, 2008 WL 3518462, at *2-3 (S.D.N.Y. Aug. 1, 2008) (quoting Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir.1992)).

Here, the Campaign asks the Court to certify two issues for interlocutory appeal. In the Campaign's words, those two questions are:

1. Does an employee work in the channels of interstate commerce for purposes of triggering individual coverage under the FLSA if he or she enters data into electronic software, and that data is ultimately transmitted across state lines as part of the software's functionality?

2. Does the First Amendment preclude the application of federal and state overtime laws to political campaigns?

(Docket entry no. 548 ("Defendant's Interlocutory Appeal Memorandum" or "Def. Interloc. App. Mem.") at 5.)

The Court will address each question in turn.

Individual Coverage under the FLSA

As discussed above, to properly certify an interlocutory order for immediate appeal under Section 1292(b), a court must find that the following criteria are met: "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation."  In re Facebook, 986 F. Supp. 2d at 529.  The Campaign has not shown that any of the three criteria are satisfied.

Defendant claims that there is a controlling question of law because a favorable ruling would "result in the dismissal of Plaintiffs' FLSA claims." (Def. Interloc. App. Mem. at 6.) While this may indicate that the question is controlling, it says little as to whether this is properly a question of law. As Plaintiffs rightly note (Pls. Interloc. App. Mem. at 3), courts in this District, including several of Defendant's cited authorities, typically certify interlocutory appeal only where there is "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." Capitol Recs., LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (citation omitted); see also Sec. & Exch. Comm'n v. Coinbase, Inc., 761 F. Supp. 3d 702, 713 (S.D.N.Y. 2025) (citation omitted) (same). While Defendant seeks to frame its question on FLSA individual coverage as "strictly" a legal question (Def. Interloc. App. Mem. at 7), its briefing on the Motion for Reconsideration of this same issue tellingly derives from the premise that the Court "applied the correct test" but "erred in its application" (Def. Reconsid. Mem. at 4). In supporting that reconsideration motion, the Campaign relied extensively on the factual record, just as it relies on the factual record in its Motion for Interlocutory Appeal when attempting to show a substantial ground for difference of opinion (Def. Interloc. App. Mem. at 9-10). Defendant's arguments in support of interlocutory appeal do not implicate controlling questions of law, but rather "represent disagreements with the Court" regarding its reading of the factual record. See Quinn, 2008 WL 3518462, at *3. The Court is therefore not satisfied that an appellate court would be well-equipped to analyze, much less to "quickly and cleanly" resolve, the numerous technical questions underlying Defendant's first question presented "without having to study the record." Capitol Recs., 972 F. Supp. 2d at 551.

Defendant similarly fails to show that there are substantial grounds for differences of opinion on a controlling issue of law.  In supporting its argument on this factor, the Campaign points to precisely one decision: the <u>Katz</u> decision from the Eastern District of Pennsylvania. (Def. Interloc. App. Mem. at 8 (citing <u>Katz</u>, 2018 WL 692164, at *5).)  Even if disagreement with one out-of-circuit district court <u>were</u> sufficient to satisfy the second factor, <u>contra</u> <u>Adkins v. Stanley</u>, No. 12-CV-7667-HB, 2013 WL 6585389, at *2 (S.D.N.Y. Dec. 13, 2013), Defendant has failed to show even that.  Contrary to its assertion that the <u>Katz</u> court "reached a different conclusion on nearly identical facts" (Def. Interloc. App. Mem. at 8), this Court and the <u>Katz</u> court reached different conclusions because of differences in the factual records presented to them, not due to differences in interpretation of the FLSA (SJ Opinion at 21).[2]

Finally, Defendant has not convinced the Court that interlocutory appeal would advance the termination of the litigation.  Defendant argues that the trial might be shorter and more straightforward if the FLSA claims were resolved, but it concedes that many state labor law claims would remain.  (Def. Interloc. App. Mem. at 13.)  Many of those claims are "predicated upon the same underlying factual events" as the FLSA claims and would still need to be litigated at trial, <u>see</u> <u>In re Facebook</u>, 986 F. Supp. 2d at 532, which weighs against finding that the third Section 1292(b) factor is met, <u>Westwood Pharms., Inc.</u>, 964 F.2d at 88.

In sum, Defendant has failed to show the "exceptional circumstances" required to justify interlocutory appeal.  <u>Alphonse Hotel Corp.</u>, 2014 WL 516642, at *3.  Defendant's Motion is therefore denied as to the first question presented.

---

[2]     The Court declined to reconsider its reading of <u>Katz</u> above.

The First Amendment

        The Campaign's second question presented, which concerns whether the First

Amendment precludes the application of federal and state overtime laws to political campaigns,

has a more colorable basis for interlocutory appeal than the first question presented.  The first

and third factors under Section 1292(b) are likely met here: This question is controlling and

better resembles a pure question of law, and its resolution could materially advance the

termination of this litigation by dispensing of all federal and state overtime claims in this case.

The three requirements of Section 1292(b) are conjunctive, however, Quinn, 2008 WL 3518462,

at *3, so the Campaign must also convince the Court that there is a substantial ground for

difference of opinion as to the resolution of its First Amendment question.

        Defendant has not made this showing.  In its SJ Opinion, the Court held that it

was "well-established that generally applicable laws that neither target nor disparately affect

protected speech, but may have an incidental effect on speech, do not trigger First Amendment

scrutiny" and that "generally applicable labor law[s]" like the FLSA do not trigger First

Amendment scrutiny.  (SJ Opinion at 24.)  By contrast, the Campaign asserts that all overtime

laws are facially unconstitutional under the First Amendment when applied to any political

campaign.  (Reply ISO Interloc. App. at 7.).  The Campaign claims that "reasonable jurists could

disagree with the Court's holding" (Def. Interloc. App. Mem. at 11), but the sole disagreement

that the Campaign identifies with the Court's holding is its own.  Defendant has not pointed to a

single case suggesting that generally applicable laws like the FLSA trigger First Amendment

scrutiny.[3]  Instead, Defendant supports its so-called substantial ground for difference of opinion

---

[3]    Defendant addresses this argument for the first time in reply but does not do so
convincingly.  It claims the "contention that the First Amendment never forbids laws of
general applicability is incorrect and unsupported" because "[t]he Supreme Court has

by pointing to arguments "in its summary judgment briefing" (Def. Interloc. App. Mem. at 11), and then, in reply, pointing back to the portion of its Motion that cited its summary judgment briefing, (Reply ISO Interloc. App. at 7 ("The Campaign's motion explained why there is substantial ground for difference of opinion . . . .")).  It simply does not constitute substantial ground for difference of opinion within the meaning of Section 1292(b) that a litigant, after raising arguments that the Court already considered and rejected, continues to believe in the merits of its own position.[4]

Because Defendant's Motion for Interlocutory Appeal does not show that there is a substantial ground for difference of opinion regarding the well-settled precept that generally applicable laws do not trigger First Amendment scrutiny, Defendant's Motion is denied as to the second question presented.

---

held that any statute that 'reduce[s] the quantity of expression by restricting . . . the size of the audience reached' triggers First Amendment scrutiny."  (Reply ISO Interlocutory Appeal at 8 (quoting McCutcheon v. Fed. Election Comm'n, 572 U.S. 185, 197 (2014).)  The sole case it provides for support, McCutcheon, evaluated a First Amendment challenge to a law concerning campaign contributions—obviously not a law of general applicability.  572 U.S. at 193-94.  What McCutcheon said was that expenditure limits trigger First Amendment scrutiny in part because they reduce the quantity of expression, id. at 197, not that "any statute" that reduced the quantity of expression would trigger such scrutiny (contra Reply ISO Interloc. App. at 8).

[4]    It does not help Defendant's case that, in its Motion for Interlocutory Appeal, Defendant cited the same string of cases regarding campaign financing that it cited in its motion for summary judgment.  (Compare docket entry no. 445, at 12-14, with Def. Interloc. App. Mem. at 10 n.7).  The Court's SJ Opinion explained that these cases were inapposite because they applied only to political campaigns and were not generally applicable. (SJ Opinion at 24-25 n.11.)

<u>CONCLUSION</u>

For the foregoing reasons, the Campaign's Motion for Reconsideration and its

Motion for Interlocutory Appeal are denied in their entirety.  This Memorandum Order resolves

docket entry nos. 542 and 547.


SO ORDERED.

Dated: June 17, 2025
        New York, New York

/s/  Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge