UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>        Defendant. | 20 Civ. 2489 (LTS) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MIKE BLOOMBERG 2020, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
REGARDING DAMAGES CALCULATIONS BASED ON AN OVERTIME PREMIUM
RATE OTHER THAN ONE-HALF THE REGULAR RATE OF PAY**

Defendant Mike Bloomberg 2020, Inc. (the "Campaign") respectfully moves to exclude all evidence and arguments regarding damages calculations based on an overtime premium rate other than one-half the regular rate of pay.

## PRELIMINARY STATEMENT

In this case, it is undisputed that all field organizers ("FOs") were paid a substantial salary of $6,000 a month. That salary was intended to compensate them for their work on the Campaign, including any hours in excess of 40 hours a week. Thus, all Plaintiffs were paid a fixed wage regardless of their hours worked each week. If a jury determines that any of the Plaintiffs, class members, or collective members were misclassified and are owed overtime, there will remain the question of how to calculate the overtime premium. In *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 580 & n.16 (1942), the Supreme Court expressly held that employees who are paid "a fixed weekly wage" for all hours worked are entitled to unpaid overtime at a rate of one-half their regular rate of pay. This case fits squarely within the paradigm for which the Fluctuating Work Week ("FWW") method of calculating damages (as endorsed in *Missel*) was designed. The Campaign anticipates that Plaintiffs will present evidence at trial and suggest to the jury that they should be compensated for unpaid overtime at one and one-half times their regular rate of pay. Plaintiffs' approach is contrary to the law and should be barred.

## ARGUMENT

The Second Circuit has held that the FWW method of calculating damages applies "[s]o long as employees receive as compensation for straight time pay a weekly rate that is truly fixed and guaranteed" and there is an understanding "that the salary covers whatever hours the job may demand in a particular workweek." *See Thomas v. Bed Bath & Beyond Inc.*, 961 F.3d 598, 610-11 (2d Cir. 2020); *also Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 438 (S.D.N.Y. 2013)

(holding that the FWW method applies to misclassification cases); *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322 (S.D.N.Y. 2021) (same). Under the FWW method, the employee's regular rate of pay for a given week is calculated by dividing the fixed weekly salary by the total number of hours worked in that week. *Missel*, 316 U.S. at 280 & n.16. The employee is then entitled to an overtime premium of 50% that regular rate. *Id*.

In this case, it is undisputed that all FOs were paid $3,000 bimonthly (totaling $6,000 per month) and that they received that amount no matter how many hours they worked each week. *See* Bloom Decl. Exs. A & B. Their salaries were not garnished for weeks when FOs worked less than 40 hours a week. Neither the employee handbook nor the employment contracts provided to FOs indicated that this amount was meant to compensate them for 40 hours of work a week or even stated how much FOs were expected to work. *See id.*; *cf. Dingwall v. Friedman Fisher Assocs., P.C.*, 3 F. Supp. 2d 215, 221 (N.D.N.Y. 1998) (declining to apply the FWW method where employee manuals stated that personnel were "expected to work a 40 hour week"). On the contrary, numerous of the FOs testified that they understood that they would be paid $3,000 semi-monthly no matter how many hours they worked for the Campaign. *See* Bloom Decl. Ex. C, Angulo Tr. 75:15-18 ("Q: Did you understand that the [C]ampaign was going to pay you $3,000 semi-monthly no matter how many hours you worked? A: Yes."); Bloom Decl. Ex. D, Logan Tr. 138:15-21 ("Did you have an understanding that you would be paid a salary on a semi-monthly basis regardless of the number of hours you worked in a workweek? A: That's what they told us they were going to do, yes."); Bloom Decl. Ex. E, Ruiz Tr. 48:24-49:4, 57:7-12 ("Q: So did you understand when you started that the $6,000 a month was what you were going to receive regardless of how many hours you worked? . . . A: That was my understanding."); Bloom Decl. Ex. F, Wood Tr. 82:21-23, 83:21-84:2 ("Q: And you understood that that was what they were

going to pay you regardless of how many hours you worked, right? . . . A: Yes."). Thus, if any overtime compensation is due to Plaintiffs, they are owed half-time compensation for all hours worked over 40 in that particular week and Plaintiffs should be barred from presenting evidence to or arguing the contrary.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion *In Limine* to exclude evidence regarding damages calculations based on an overtime premium rate other than one-half the regular rate of pay in its entirety.

Dated: New York, New York
August 26, 2025

                                          PROSKAUER ROSE LLP

                                          By: */s/ Elise M. Bloom*
                                          Elise M. Bloom
                                          Noa M. Baddish
                                          Eleven Times Square
                                          New York, New York 10036
                                          (t) 212-969-3000
                                          (f) 212-969-2900
                                          ebloom@proskauer.com
                                          nbaddish@proskauer.com

                                          Mark W. Batten (admitted *pro hac vice*)
                                          One International Place
                                          Boston, Massachusetts 02110
                                          (t) 617-526-9850
                                          (f) 617-526-9899
                                          mbatten@proskauer.com
                                          *Attorneys for Defendant*
                                          *Mike Bloomberg2020, Inc.*

## LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with a computer; contains 790 words (excluding the caption, tables, signature blocks, and this certification), including footnotes; and complies with the word count limitation set forth in Local Rule 6.3.

Dated: New York, New York
August 26, 2025

        */s / Elise M. Bloom*
        Elise M. Bloom