**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | Case No. 20-cv-2489 (LTS)(GWG) |
| RODNEY SINCLAIR, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MIKE BLOOMBERG 2020, INC., <br><br> Defendant. | Case No. 20-cv-4528 (LTS)(GWG) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF A MASSACHUSETTS CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion to Consolidate Cases and for Preliminary Approval of Class and Collective Action Settlement, Certification of a Massachusetts Class for Settlement Purposes, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant agreed, for settlement purposes only, not to oppose the motion.

1.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of their Unopposed Motion to Consolidate and for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Stipulation and Release ("Settlement Stipulation") between Plaintiffs and Defendant Mike Bloomberg 2020, Inc. ("Campaign" or "Defendant"), attached to the Swartz Decl. as Exhibit 1.

2.      Pursuant to Federal Rule of Civil Procedure 42(a), the Court finds that the *Wood* and *Sinclair* matters satisfy the requirements for consolidation for the limited purposes of settlement approval, and consolidates the two actions.  The Court further finds that the *Wood* matter shall be designated the lead case for the purpose of settlement approval and related filings.

3.      The Court finds that the Settlement Stipulation satisfies the requirements for preliminary approval outlined in Federal Rule of Civil Procedure 23(e) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).  Specifically, after review of those requirements, the Court concludes that the proposed Settlement Stipulation is within the range of possible settlement approval such that notice to the Class is appropriate, in light of the complexity, costs, stage of proceedings, risks, and recovery.

4.      The Court further finds that the Class Representatives and Class Counsel have adequately represented the Settlement Classes; the Settlement Stipulation is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions, with the assistance of a private mediator; the relief provided is adequate; and the proposed Settlement treats Settlement Class Members equitably.

5.      For settlement purposes only, the Court provisionally certifies the following Massachusetts Class under Fed. R. Civ. P. 23(e): All individuals who worked as a Field Organizer for the Campaign in Massachusetts between November 7, 2019 and April 30, 2020.

6.      For settlement purposes only, the Court finds that Plaintiff and the Massachusetts Settlement Class meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  The Court appoints Plaintiff Sinclair as the Class Representative of the Massachusetts Class, and appoints Outten & Golden LLP and Shavitz Law Group, P.A. as Massachusetts Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7.      The Court approves, as to form and content, the proposed Notice, Request for Exclusion form, and Reminder Notices, which are attached as Exhibits A through C to the Settlement Stipulation.

8.      The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the distribution of the Notice Package in accordance with the Settlement Stipulation.

9.      The Court approves CAC Services Group, LLC as the Settlement Administrator.

10.     Pursuant to the Settlement Stipulation, within seven (7) days after the Preliminary Approval Date, the Settlement Administrator shall prepare and mail the notices required by 28 U.S.C. § 1715, and Class Counsel shall notify the California Labor and Workforce Development Agency of the Settlement pursuant to California Labor Code section 2699(l)(2).

11.     Class Members may object to the Settlement by following the instructions described in the Settlement Stipulation and Notice.

12.     Settlement Collective and Class Members may exclude themselves from the

3

Settlement by following the instructions described in the Settlement Stipulation and Notice.

13.     Plaintiffs will file their Motion for Final Approval of Settlement at least seven (7) days prior to the fairness hearing.  Class Counsel will also file their motion for attorneys' fees, litigation costs and expenses, and Service Awards at least seven (7) days prior to the fairness hearing.

14.     The Court will hold a final fairness hearing on _____ *(no earlier than 140 days following the date of preliminary approval)* at _____ a.m./p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 17C.

It is so ORDERED this _____ day of _____, 2026.


_____
Hon. Laura Taylor Swain
United States District Judge

4