# EXHIBIT 1

## SETTLEMENT STIPULATION

This Settlement Stipulation ("Settlement Stipulation") is made by and between the Class Representatives (as defined below) and Defendant Mike Bloomberg 2020, Inc. (the "Campaign") (collectively, the "Parties") to fully, completely, and finally settle *Wood v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ. 2489 (the "Wood Matter") and *Sinclair v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ. 4528 (the "Sinclair Matter") (collectively, the "Class Litigation");

WHEREAS, in the Class Litigation, the Class Representatives, on behalf of themselves and other purportedly similarly situated individuals, have asserted claims under federal, California, Illinois, Massachusetts, Michigan, Minnesota, New York, North Carolina, and Wisconsin and any applicable local wage and hour laws for overtime and other relief, and asserted common law claims relating to their separation of employment from the Campaign;

WHEREAS, the Campaign denies that it has committed any wrongdoing or violated any federal, state, or local laws or the common law, vigorously disputes the claims asserted in the Class Litigation and continues to assert that it has strong and meritorious defenses to any and all such claims;

WHEREAS, on or about September 3, 2020, the Court in the Wood Matter granted Plaintiffs' motion to conditionally certify a Fair Labor Standards Act ("FLSA") Collective of Field Organizers who worked for the Campaign throughout the country;

WHEREAS, on or about August 27, 2024, the Court in the Wood Matter granted Plaintiffs' motion for certification of seven state Rule 23 subclasses (California, Illinois, Michigan, Minnesota, New York, North Carolina and Wisconsin) and denied the Campaign's motion to decertify the FLSA Collective;

WHEREAS, on or about August 25, 2023, the Court in the Sinclair Matter denied Plaintiff's motion for certification of a Massachusetts class;

WHEREAS, on or about August 19, 2024, the Court in the Sinclair Matter denied Plaintiff's renewed motion for certification of a Massachusetts class;

WHEREAS, the Parties participated in mediation before David Geronemus, Esq. of JAMS on January 29, 2025, and continued negotiations for several months following the mediation;

WHEREAS, on or about March 31, 2025, the Court in the Wood Matter granted, in part, and denied, in part, the Campaign's motion for summary judgment and denied the Class Representatives' motion for summary judgment; and

WHEREAS, to avoid uncertainty and the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve the Class Litigation.

NOW, THEREFORE, the Parties agree as follows:

1. **Definitions.** As used in this Settlement Stipulation, the following terms have the following meanings:

   a. **"Attorneys' Fees"** means the amount to be paid to Class Counsel pursuant to Class Counsel's motion and subject to the Court's approval and the limitations described in Section 8 below.

   b. **"Class Counsel"** means Outten & Golden LLP and Shavitz Law Group, P.A.

   c. **"Class Litigation"** means *Wood v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ. 2489 and *Sinclair v. Mike Bloomberg, 2020, Inc.*, Case No. 20 Civ. 4528.

   d. **"Class Members"** mean the individuals falling within the Settlement Classes, as described in Section 5 below.

   e. **"Class Representatives"** means Donna Wood, Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Lakisha Watson-Moore, Tristan Angulo, Alexandra Marie Wheatley-Diaz, Robin Ceppos, Nick Coker and Rodney Sinclair.

   f. **"Court"** means the United States District Court for the Southern District of New York.

   g. **"Discovery Participants"** means Aaron Summers, Edrian Wright, Ronald Luippold, Angelo Jaramillo, Anjelica Lewis, Kyle Morton, Matt Ruiz, Gloria Tyler, and Josephine Olinger.

   h. **"Effective Date"** means: (i) if no appeal is taken from the Final Approval Order, thirty-five (35) days after the Court's entry of the Final Approval Order; or (ii) if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer be appealed or reviewed.

   i. **"Field Organizer" or "FO"** means any individual who worked for the Campaign as a Field Organizer.

   j. **"Final Approval Hearing"** means the final hearing scheduled in front of the Court on the question of whether the Settlement, including payment of Attorneys' Fees, Lawsuit Costs, Settlement Administrator Fees and Costs and the Service Payments, should be finally approved as fair, reasonable and adequate as to the Class Members.

   k. **"Final Approval Order"** means the Court's order granting final approval of the Settlement and dismissing all claims in the Class Litigation with prejudice.

   l. **"FLSA"** means the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

   m. **"Full Workweek"** means the Campaign's designated seven-day workweek running

2

from Saturday to Saturday (i.e., beginning 12:00 a.m. on Saturday and ending at 11:59 p.m. the following Friday), during which the FO worked at least five (5) days of work for the Campaign.

n.   **"Lawsuit Costs"** means the monies to be paid to Class Counsel for litigation expenses, subject to the Court's approval and the limitations and procedures described in Section 8 below.

o.   **"LWDA"** means the California Labor and Workforce Development Agency.

p.   **"LWDA Payment"** means the amount to be paid to the LWDA to pursuant to PAGA, subject to the Court's approval and the limitations described in Section 10 below.

q.   **"Maximum Settlement Amount"** means the maximum total amount that the Campaign shall be required to pay under this Stipulation. This amount shall not exceed six million dollars and no cents ($6,000,000.00), which the Campaign will pay to fund the Qualified Settlement Fund at the appropriate time as provided for in this Settlement Stipulation.

r.   **"Net Settlement Amount"** means the Maximum Settlement Amount less the amount of Attorneys' Fees, Lawsuit Costs, Service Payments, LWDA Payment, and Settlement Administrator Fees and Costs approved by the Court and shall be the amount available for Participating Class Member Payments, and the Campaign's share of payroll taxes on Participating Class Member Payments. Participating Class Members will be responsible for the employees' share of income and payroll taxes as described in Section 15(g) below.

s.   **"Notice Form"** means the notice form attached as part of Exhibit A.

t.   **"Notice Package"** means, for each Class Member, the package compiled by the Settlement Administrator, which shall include the applicable Notice Form, the Exclusion Form, and a postage-paid, pre-addressed return envelope that the Class Member may use to return the Exclusion Form to the Settlement Administrator.

u.   **"Notice Period"** means the later of: (i) the 60-calendar day period beginning immediately after the Settlement Administrator first mails and/or emails a Notice Form to any of the Class Members; or (ii) thirty (30) calendar days from the Settlement Administrator re-mailing a Notice Form that was returned as undeliverable. Both periods to run continuously, without interruption or extension.

v.   **"Opt-Out List"** means the list of all Valid Exclusions compiled and certified by the Settlement Administrator following the close of the Notice Period, including the name of each Settlement Class or Collective Member who submitted a Valid Exclusion and the date received.

w.   **"PAGA"** means the Private Attorneys General Act, Cal. Lab. Code §§ 2698 *et seq.*

3

x.     **"Participating Class Member"** means a Class Member (as defined in Section 5 below) who does not timely request exclusion from the Settlement.

y.     **"Participating Class Member Payment"** means, for each Participating Class Member, his or her individual settlement payment, as described in Section 6 below.

z.     **"Parties"** means the Campaign and Class Representatives.

aa.    **"Preliminary Approval Date"** means the date the Preliminary Approval Order is entered by the Court.

bb.    **"Preliminary Approval Order"** means the Court's order preliminarily approving this Settlement.  The Parties agree that they shall request that the Court enter a Preliminary Approval Order in substantially in the form attached as Exhibit D.

cc.    **"QSF"** means the Qualified Settlement Fund to be established and administered by the Settlement Administrator, which will consist of Attorneys' Fees and Lawsuit Costs (as defined below in Section 8), Service Payments to the Class Representatives and Discovery Participants (as defined below in Section 9), Settlement Administrator Fees and Costs (as defined below in Section 11), LWDA Payment (as defined below in Section 10), and the Net Settlement Amount (as defined in Section 1(r)).

dd.    **"Released Claims"** means any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities of any kind – whether arising under federal, state, or local statute, regulation or ordinance, including, but not limited to, the Fair Labor Standards Act, the California Labor Code, California's Unfair Competition Law, the California Private Attorney General Act, the Illinois Minimum Wage Law,  Mass. Gen. L. c. 149, §§ 148-150, Mass. Gen. L.c. 151, the Michigan Workforce Opportunity Wage Act, the Minnesota Fair Labor Standards Act, the New York Labor Law, the North Carolina Wage and Hour Act, Wisconsin Statute §§ 103 and 104 *et seq*., Wis. Admin Code § DWD 274.03, and common law, including but not limited to, contract, quasi-contract, tort, or equity – that are based on, arise out of, or relate to an FO's employment with the Campaign, including without limitation, claims related to recruitment, hiring, payment of wages, classification, hours worked, overtime, wage payments, benefits, and/or separation from employment as well as any other such claims that were alleged or could have been alleged in the Class Litigation based on, or arising out of, or related to the same factual predicate as the Class Litigation, including, but not limited to, any claim for breach of contract, promissory estoppel or fraudulent inducement alleging that the Campaign promised or represented that FO employment would be for a fixed or minimum term or continue through a certain date/event, or that early termination would entitle an FO to continued pay or other benefits.

ee.    **"Released Parties"** means (a) the Campaign, its past and present affiliates, related entities, employee benefit and/or pension plans or funds, successors and assigns,

4

and any and all of its or their respective past and present officers, directors, candidates, chairpersons, co-chairpersons, managers, employees, consultants, contractors, service providers, representatives, attorneys, insurers, fiduciaries, agents, predecessors, administrators, and assigns (whether acting as agents for the Campaign, its affiliates or related entities, or in their individual capacities) and (b) Michael Bloomberg and his heirs, beneficiaries, trustees, administrators, executors, agents, assigns, and legal representatives.

ff.    **"Request for Exclusion"** means a request by any Class Member (as defined in Section 5 below) to be excluded from the Settlement using the form attached as Exhibit B.

gg.    **"Rule 23"** means Rule 23 of the Federal Rules of Civil Procedure.

hh.    **"Service Payments"** means the payments to the Class Representatives and Discovery Participants, subject to the Court's approval and the limitations/procedures described in Section 9 below.

ii.    **"Settlement"** means the terms described in this Settlement Stipulation.

jj.    **"Settlement Administrator"** means CAC Services Group.

kk.    "**Settlement Administrator Fees and Costs"** means a reasonable amount to be paid to the Settlement Administrator for administering the Settlement, subject to the Court's approval and the limitations described in Section 11 below.

ll.    **"Settlement Classes"** means the groupings of Class Members described in Section 5 below.

mm.    **"The Campaign's Counsel"** means Proskauer Rose LLP.

nn.    **"Valid Exclusion"** means timely complete Requests for Exclusion submitted during the Notice Period that comply with the Court-approved procedures, as certified by the Settlement Administrator.

2.    **Maximum Settlement Amount.**  The Campaign will pay no more than the Maximum Settlement Amount of six million dollars and no cents ($6,000,000.00) to resolve the Class Litigation.

3.    **No Admission of Liability and No Concession as to the Merits.**

(a)    The Campaign denies that it violated the law in any manner alleged in or related to the Class Litigation.  The Parties enter into this Settlement Stipulation to avoid the risks, uncertainty, expense and burden of further litigation.  This Settlement shall not be construed or deemed to be an admission of liability or wrongdoing on the part of the Campaign.

(b)    The Campaign continues to believe that the Class Representatives' claims

5

are without merit and that Field Organizers who worked for the Campaign were properly classified as exempt from the overtime requirements of the FLSA and state wage and hour laws and that all FOs were employed at-will and no promises were made to guarantee their employment through a date certain or to alter the at-will nature of their employment.

4.   **Process for Preliminary Approval of Settlement**.  Within thirty (30) days of the complete execution of this Settlement Stipulation, the Parties shall jointly move to consolidate the Wood Matter and the Sinclair Matter for settlement purposes only, and shall submit to the Court all papers necessary to obtain preliminary approval of this Settlement and class certification (for the sole purpose of Settlement) of the Rule 23 Settlement Classes and FLSA Settlement Collective.  Concurrently, with the Motion for Preliminary Approval, the Parties shall submit under seal (or in camera) a confidential side letter setting forth the numerical Opt-Out Threshold referenced in Section 14(i), below, which shall not be disclosed publicly in the filed papers or the Class Notice.  Class Counsel shall be responsible for drafting the Motion for Preliminary Approval and the side letter, which draft shall be presented to the Campaign's Counsel for comment and approval at least seven (7) days prior to submission to the Court.  Class Counsel will closely coordinate with the Campaign's Counsel to schedule the submission of the papers necessary to obtain Preliminary Approval of this Settlement, and Class Counsel will notify the Campaign's counsel at least one (1) business day prior to e-filing the papers.  Upon Preliminary Approval, Class Counsel will also notify the California Labor and Workforce Development Agency of the Settlement, pursuant to Labor Code Section 2699(*l*)(2).

5.   **Settlement Classes.**  This Settlement is on behalf of the following:

   (a)   **FLSA Settlement Collective**:  All individuals who, prior to the Preliminary Approval Date, filed written consents to join the Class litigation and worked as an FO for the Campaign between November 7, 2019 and April 30, 2020.

   (b)   **CA Rule 23 Settlement Class**:  All individuals who worked as an FO for the Campaign in California between November 7, 2019 and April 30, 2020, and who did not opt out of the California Class.

   (c)   **IL Rule 23 Settlement Class:**  All individuals who worked as an FO for the Campaign in Illinois between November 7, 2019 and April 30, 2020, and who did not opt out of the Illinois Class.

   (d)   **MA Rule 23 Settlement Class**:  All individuals who worked as an FO for the Campaign in Massachusetts between November 7, 2019 and April 30, 2020.  The Parties will ask the Court to certify the MA Rule 23 Settlement Class for settlement purposes only.

6

(e)     **MI Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Michigan between November 7, 2019 and April 30, 2020, and who did not opt out of the Michigan Class.

(f)     **MN Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Minnesota between November 7, 2019 and April 30, 2020, and who did not opt out of the Minnesota Class.

(g)     **NY Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in New York between November 7, 2019 and April 30, 2020, and who did not opt out of the New York Class.

(h)     **NC Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in North Carolina between November 7, 2019 and April 30, 2020, and who did not opt out of the North Carolina Class.

(i)     **WI Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Wisconsin between November 7, 2019 and April 30, 2020, and who did not opt out of the Wisconsin Class.

Collectively, as defined above in Section 1(ll), the FLSA Settlement Collective and Rule 23 Settlement Classes for CA, IL, MA, MI, MN, NY, NC and WI are the "Settlement Classes." This is not a claims-made settlement. Each member of the FLSA Settlement Collective and the Rule 23 Settlement Classes who does not timely request exclusion (a "Participating Class Member") will automatically receive a payment from the QSF, calculated pro rata based on the number of Full Workweeks the individual worked as an FO for the Campaign. An individual may belong to the FLSA Settlement Collective, one of the Rule 23 Settlement Classes, or both; however, no person will receive more than one payment for the same Full Workweek, and any amounts attributable to overlapping membership will be combined into a single Participating Class Member Payment.

6.     **Determining the Participating Class Member Payments.** Participating Class Member Payments and the Campaign's share of payroll taxes shall be made from the Net Settlement Amount. Within seven (7) days of receiving the Class Data, the Settlement Administrator will calculate the Participating Class Member Payments by allocating the following payments for each Participating Class Member:

- The Settlement Administrator will calculate for each Participating Class Member the number of Full Workweeks the individual worked as an FO for the Campaign. No Payment shall be made for any week that is not a Full Workweek.

- The Settlement Administrator will then allocate a pro rata share of the Net Settlement Amount to each Participating Class Member based on the number of Full Workweeks calculated for each such individual. The Settlement Administrator will then calculate the portion of such pro rata share to be remitted to taxing authorities, including the Campaign's share of payroll taxes, and submit those amounts to taxing authorities, and pay the remainder to each Participating

7

Class Member.

The Settlement Administrator will determine the number of Full Workweeks for each Participating Class Member using the Campaign's personnel records.  The Settlement Administrator will provide its calculations to Class Counsel and to the Campaign's Counsel within three (3) business days after completing the calculations referenced in this Section 6. Each Class Member's estimated Participating Class Member Payment shall be included in that Class Member's notice form.  The Settlement Administrator will recalculate each Participating Class Member Payment after Final Approval to account for redistributing funds otherwise allocated to Class Members who excluded themselves from the Settlement, if any.  If the number of Participating Class Member Payments would result in the Campaign paying more than the Net Settlement Amount as defined in Section 1(r), then each Participating Class Member's Payment will be reduced, on a pro rata basis, such that the Campaign's total payments, including the Participating Class Members payments and the Campaign's share of payroll taxes will not exceed the Net Settlement Amount.

7.   **Funding the QSF.**   Within five (5) days after the Effective Date, the Settlement Administrator shall provide the Campaign with wire transfer information.  Within thirty (30) days after the Effective Date, or as soon thereafter as is commercially reasonable to comply with the Settlement Administrator's instructions, the Campaign shall deposit into the QSF an amount not to exceed the Maximum Settlement Amount to cover the Participating Class Member Payments, Attorneys' Fees and Costs, Service Payments, the Settlement Administrator's Fees and Costs, and the Campaign's share of payroll taxes on the Participating Class Member payments.

8.   **Attorneys' Fees and Lawsuit Costs.**

(a)   Class Counsel shall move for Court approval of Attorneys' Fees and Lawsuit Costs in the amount of four million, two hundred thousand dollars and no cents ($4,200,000.00), which shall be deducted from the Maximum Settlement Amount.  The Attorneys' Fees and Lawsuit Costs awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Attorneys' Fees and/or Lawsuit Costs.  The Campaign shall not oppose Class Counsel's motion for the recovery of Attorneys' Fees and/or Lawsuit Costs, subject to the limitations herein.

(b)   The Settlement Administrator shall pay the funds to Class Counsel no later than fifteen (15) days after the date the Campaign funds the QSF.

(c)   Payments made pursuant to this Section 8 shall be reported to all governmental taxing authorities by the Settlement Administrator on IRS Form 1099s.

(d)   Any portion of the Attorneys' Fees not approved by the Court shall be included in the Net Settlement Amount and available for distribution to

8

Participating Class Members.

9. **Service Payments.**

    (a)    Class Counsel shall move for Court approval of the payment from the Maximum Settlement Amount of Service Payments of twelve thousand, five hundred dollars and no cents ($12,500.00) for each Class Representative and one thousand, five hundred dollars and no cents ($1,500.00) for each Discovery Participant. Such Service Payments shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Service Payments. The Campaign shall not oppose Class Counsel's motion for the payment of such Service Payments, subject to the limitations herein.

    (b)    Any Service Payments approved by the Court in conjunction with the Settlement shall be paid from the QSF and shall be in addition to the Participating Class Member Payments otherwise owed to each Class Representative and Discovery Participant. The Service Payments shall be distributed by the Settlement Administrator in separate checks mailed to the Class Representatives and Discovery Participants no later than fifteen (15) days after the Campaign funds the QSF.

    (c)    Payments made pursuant to this Section 9 shall be reported to all governmental taxing authorities by the Settlement Administrator on IRS Form 1099s.

    (d)    Any portion of the Service Payments not approved by the Court shall be included in the Net Settlement Amount and available for distribution to Participating Class Members on a pro rata basis.

10. **LWDA Payment.** Subject to Court approval, the Parties agree that the amount of ten thousand dollars and no cents ($10,000.00) from the Maximum Settlement Amount will be paid in settlement of all individual and representative claims brought in the Class Litigation by or on behalf of allegedly aggrieved employees under PAGA. Pursuant to the version of PAGA applicable to the Class Litigation (which was commenced before the June 2024 amendments to PAGA took effect), seventy-five percent (75%), or seven thousand, five hundred dollars and no cents ($7,500.00), of this sum will be paid to the LWDA and twenty-five percent (25%), or two thousand, five hundred dollars and no cents ($2,500.00), will remain in the Net Settlement Amount.

11. **Settlement Administrator Fees and Costs.**

    (a)    Class Counsel has retained the Settlement Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Settlement Stipulation and any other services mutually agreed to by the Parties. The Settlement Administrator shall be required to sign an

9

undertaking in the form of the Agreement to be Bound by Stipulation and Confidentiality Order which is attached as Exhibit A to the Stipulation and Confidentiality Order that was so ordered on October 30, 2020 in the Class Litigation.

(b)     The Parties, through their counsel, will cooperate in good faith to resolve any disputes regarding the Settlement Administrator's ability or need to perform certain duties under this Settlement Stipulation and any unresolved disputes shall be referred to the Court.  The Settlement Administrator will create the Notice Forms and documentation, using the attachments to this Settlement Stipulation and records provided by the Campaign in accordance with this Settlement Stipulation.  The Settlement Administrator shall report on an at least bi-weekly basis, in summary or narrative form, the substance of its findings as described in Section 14.

(c)     The Parties shall provide the Settlement Administrator with certain data regarding the Class Members, as described in Section 13, in order for the Settlement Administrator to perform its duties.

(d)     The Parties will have equal access to the Settlement Administrator and all information related to the mailing of the Notice Forms and processing of the Settlement.  Access to information about Class Members will be available as provided in Section 13.  The Settlement Administrator will also provide regular reports to the Parties' Counsel regarding the status of the mailing of the Notice Package to Class Members, the administration process and the distribution of Participating Class Member Payments.

(e)     The Settlement Administrator shall be paid its reasonable and actual fees and costs in connection with the Class Litigation, which, subject to being approved by the Court, shall be paid from the Maximum Settlement Amount.  The funds shall be paid to the Settlement Administrator no later than fifteen (15) days after the Campaigns funds the QSF.

12.     **Notices Mandated by Statute**.  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials" as required by 28 U.S.C. § 1715, the Class Action Fairness Act.

13.     **Information to be Provided by the Parties.**   The Campaign shall work cooperatively and in good faith with Class Counsel and the Settlement Administrator to attempt to facilitate the notice process.  Within thirty (30) days of the Court's Preliminary Approval Order, for Class Members whose names the Campaign has been able to identify after a good faith search of centrally-maintained, electronic data, the Campaign will provide to the Settlement Administrator, to the extent the information is reasonably accessible or available in that centrally-maintained, electronic data, materials containing Class Members' names, street addresses, email addresses and telephone numbers, work

10

location and dates of employment. Class Counsel may also provide the Settlement Administrator with updated contact information for Class Members.

14.    **Notice Process.**

(a)    Form of Notice. Notice to each respective Class Member shall inform him or her of the Settlement, the claims he or she is releasing, his or her estimated gross share of the settlement, and the formula used to calculate the payments to Class Members under the Settlement.

(b)    Sending the Notice Package. Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator, to the extent such information is available, will send by first class mail and email (to the extent both addresses are available in the data described in Section 13) the appropriate Notice Package to each Class Member that has been identified.

(c)    Website. In addition to sending the Notice Package as described in Section 14(b), the Parties agree that Class Counsel will post links to the general notice, in the basic format set forth in Exhibit A on a website approved by the Campaign, which is not connected or linked to Class Counsel's firm website and that will only be active during the Notice Period.

(d)    Returned Notice Packages. If a Class Member's Notice Package is returned with a forwarding address, the Settlement Administrator shall promptly re-mail the Notice Package to the forwarding address. If a Class Member's Notice Package is returned without a forwarding address, the Settlement Administrator shall attempt to locate the Class Member in an effort to determine the Class Member's current address, including by calling the Class Member if a telephone number is available. If a new address is obtained, the Settlement Administrator will promptly re-mail the Notice Package to the Class Member. If a new address is not obtained from the U.S. Post Office, from the Class Member or, to the extent the information is available, through a standard Level 2 Skip Trace in the manner that the Settlement Administrator customarily performs such skip traces, the Settlement Administrator shall notify the Parties' Counsel, who will confer in good faith, on a case-by-case basis, regarding whether to instruct the Settlement Administrator to conduct further traces. No Notice Packages shall be mailed after the Notice Period, unless otherwise agreed by the Parties or ordered by the Court.

(e)    List from the Settlement Administrator. Fourteen (14) days prior to the end of the Notice Period, the Settlement Administrator shall provide Class Counsel and Counsel for the Campaign with a list of the Class Members who have excluded themselves from the Settlement.

(f)    Declaration of Settlement Administrator. The Parties shall provide to the Court with the Final Approval motion, a declaration by the Settlement

11

Administrator detailing its due diligence and providing proof of mailing and/or emailing with regard to the Notice Forms. The declaration will also identify the number of exclusion requests and any objections.

(g)    Objecting to the Settlement. Class Members may object to the Settlement by following the instructions described in the pertinent Notice Form. For the avoidance of doubt, Class Members who exclude themselves from the Settlement may not object to the Settlement. To be valid, an objection must be postmarked or otherwise returned (via, for example, fax or e-mail) to the Settlement Administrator within the Notice Period. The Settlement Administrator shall send to the Parties' Counsel copies of all objections within three (3) business days of their receipt, and Class Counsel shall file such objections with the Court along with the Settlement Administrator's declaration in connection with the Final Approval Motion, as described above in Section 14(f). In the event a Class Member disputes a Participating Class Member Payment amount under this Settlement Stipulation or the number of weeks they worked, the Campaign will attempt to confirm the information using regularly maintained business records. If the Campaign seeks to dispute the information or claim provided or asserted by the Class Member, it shall submit records and/or information to the Settlement Administrator and Class Counsel and the Settlement Administrator shall consider the information submitted by the Campaign and the Class Member before it makes a decision as to payment in accordance with Section 6. A copy of the information submitted by the Campaign shall also be provided to Class Counsel. If the Campaign does not submit records confirming or disputing the information, the information, and any corresponding payment amount(s) set forth in Section 6, identified by the Class Member shall be deemed to control.

(h)    Exclusions from the Settlement. Settlement Collective and Class Members may exclude themselves from the Settlement by following the instructions described in the pertinent Notice Form – i.e., by filing a Request for Exclusion. To be valid, a Request for Exclusion must be postmarked or otherwise returned (via, for example, fax or e-mail) to the Settlement Administrator within the Notice Period. The Settlement Administrator shall send to the Parties' Counsel copies of all exclusions within three (3) business days of their receipt. Within three (3) days after the Notice Period ends, the Settlement Administrator will certify the total number of Valid Exclusions and deliver the Opt-Out List to the Campaign's Counsel and Class Counsel.

(i)    Opt-Out Threshold. The Campaign, in its sole discretion, may terminate this Agreement if the number of Valid Exclusions exceeds the confidential opt-out threshold set forth in the Parties' side letter to be filed under seal or submitted *in camera*. Within fourteen (14) days after the end of the Notice Period and only after receiving the Settlement Administrator's certification of the total number of Valid Exclusions and the Opt-Out List in accordance

12

with Section 14(h), the Campaign may elect termination by written notice to Class Counsel. If not exercised within that window, the right is waived. Upon termination, this Agreement shall be null and void, no portion of the Maximum Settlement Amount (including any attorneys' fees, costs, or service awards) shall be due, the Parties shall be restored to their pre-settlement positions and the provisions regarding confidentiality, no admission, mediation privilege, and return/destruction of materials in Sections 3, 19 and 20, shall survive. The Settlement Administrator shall continue to handle notifications consistent with the Notice Process and Exclusions Sections, including providing copies of Requests for Exclusion to counsel within three (3) business days of receipt and supplying the Opt-Out List as required. The Preliminary Approval Papers may state that the Settlement may not proceed if exclusions are excessive, but shall not disclose the numerical threshold.

15.    **Payments to Participating Class Members.**

(a)    Within fifteen (15) days after the Campaign funds the QSF, the Settlement Administrator shall recalculate each Class Member's Participating Class Member Payment as described in Section 6 above and shall mail to each Participating Class Member settlement checks written from the QSF's bank account(s) and equaling his/her Participating Class Member Payment. Fifty percent (50%) of the Participating Class Member Payment shall be in the form of a non-payroll check from which no payroll taxes or withholdings shall be made. This payment will be reflected on an IRS 1099 Form and its state and local equivalents issued by the Settlement Administrator. The remaining fifty percent (50%) shall be in the form of a payroll check from which the Settlement Administrator shall withhold all taxes and withholdings ordinarily borne by employees. This payment will be reflected on an IRS Form W-2 and its state and local equivalents.

(b)    Unless the Settlement Administrator has received updated contact information, the settlement checks issued pursuant to this Section will be mailed by the Settlement Administrator to the Participating Class Member at the address to which their Notice Form was sent. If a Participating Class Member's settlement check is returned with a forwarding address, the Settlement Administrator shall promptly re-mail the settlement check to the forwarding address. If a Participating Class Member's settlement check is returned without a forwarding address, the Settlement Administrator will perform a standard Level 2 Skip Trace in the manner that the Settlement Administrator customarily performs skip traces in an effort to determine the Participating Class Member's current address, and, to facilitate this process, use the Class Member's social security number, if available. If a new address is obtained, the Settlement Administrator will promptly re-mail the settlement check to the Class Member. If a new address is not obtained from the U.S. Post Office or through a standard Level 2 skip tracing, the Settlement Administrator shall notify the Parties' Counsel, who

13

will confer in good faith, on a case-by-case basis, regarding whether to instruct the Settlement Administrator to conduct further traces or to contact the Class Member by other means. For Class Members whose checks are re-mailed, the 90-day period during which Class Members must cash their checks will run from the date that appears on the check. If a settlement check is returned as undeliverable 60 days or more after it is dated and a new mailing address is obtained, the Settlement Administrator will re-issue the settlement check for that Class Member. No checks will be re-issued more than 120 days after the date of the first check to that class member.

(c)    If a Participating Class Member reports that his or her settlement check was lost, stolen, or undelivered, the Settlement Administrator shall promptly issue a stop payment order on the original check and, after investigating, if appropriate, issue a new check to such Participating Class Member.

(d)    Each settlement check shall expire ninety (90) days after it is dated and the unclaimed funds shall revert as set forth in Section 15(i).

(e)    The Settlement Administrator shall report to the Campaign's Counsel and Class Counsel all checks mailed and cashed, and the dates thereof.

(f)    The Settlement Administrator shall send out reminders via email and First Class U.S. Mail in the form attached as Exhibit C within thirty (30) days prior, and a final reminder via email and text message within seven (7) days prior, to the 90-day deadline to Participating Class Members reminding them to cash their checks.

(g)    Payroll Taxes. The Settlement Administrator shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement including the handling of tax-related issues and payments. Specifically, the Settlement Administrator shall be responsible for withholding, remitting and reporting the Campaign's and the Participating Class Members' share of the payroll taxes from the Net Settlement Fund. The Settlement Administrator shall be responsible to satisfy from the Net Settlement Fund any and all federal, state and local employment and withholding taxes due on behalf of Participating Class Members and the Campaign, including, without limitation, federal, state, and local income tax withholding, FICA, FUTA, SUTA, Medicare, and any state and local employment taxes. The Settlement Administrator shall satisfy all federal, state, local and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, penalties, and other obligations with respect to payments from the Net Settlement Fund not otherwise addressed herein. The Settlement Administrator will provide the Campaign, within ten (10) days after each payment, written documentation sufficient to show (i) the calculation of the Campaign's payroll tax amounts; and (ii) the timely remittance of those amounts to the applicable taxing authorities. The Settlement Administrator

14

will also provide the Campaign, at the time reasonably needed for the Campaign's tax reporting compliance, any additional tax documentation relating to the Settlement Payments and Employer Payroll Taxes to the extent necessary for the Campaign to prepare and support its federal, state and local tax filings. To the extent permitted by law, the Settlement Administrator shall indemnify and hold harmless the Campaign from any penalties, interest, or additions to tax imposed by a taxing authority to the extent arising from the Settlement Administrator's failure to timely remit, file, or accurately calculate payroll taxes that the Settlement Administrator is obligated to withhold, report or remit under this Agreement.

(h)     Class Members' & Class Counsel's Responsibility for Any Additional Taxes. Should any government authority determine that all or any part of the payment(s) made under a Form 1099 to any Class Member under this Settlement Stipulation are taxable as wages, that Class Member will be solely responsible for the payment of the Class Member's share of withholding taxes, plus applicable interest. Class Counsel agrees that it will be solely responsible for the payment any and all taxes due as a result of Class Counsel's receipt of all or any part of the payments made for Attorneys' Fees and/or Lawsuit Costs under this Settlement Stipulation.

(i)     Residual/Unclaimed Funds; Cy Pres. Within twenty (20) days after the expiration of the 90-day period specified in Section 15(d) the Settlement Administrator shall provide the Parties with a final accounting identifying the portion of the QSF used for Participating Class Member Payments and employer-side payroll taxes. Any portion of the QSF not needed for those items (or for Court-approved fees, costs, Service Awards, or Administration Costs) shall not revert to the Campaign and shall be distributed as a *cy pres* award to Legal Services NYC.

16.     **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Settlement Collective and Class Members shall be deemed to be paid to such Collective and Class Members solely in the year in which such payments actually are received by the Collective and Class Members. The Parties agree and the Collective and Class Members acknowledge that the payments provided for in this Settlement Stipulation are the sole payments to be made to the Collective and Class Members, and that the Collective and Class Members are not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

17.     **Release.**

(a)     Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Participating Class Member, on their own behalf and on behalf of their respective current, former and future heirs, spouses, executors, administrators, trustees, agents, assigns and legal representatives fully

15

release and discharge the Released Parties (as defined in Section 1(ee)) from any and all Released Claims (as defined in Section 1(dd)) whether known and/or unknown, suspected and/or unsuspected, from November 2019 through the Preliminary Approval Date relating to their employment with the Campaign, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs. In addition, each Participating Class Member forever agrees not to institute, participate in, or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of Preliminary Approval of this Settlement, as to any claims covered by this Release.

(b)     In consideration of the terms and conditions set forth herein, Plaintiffs Alexandra Marie Wheatley-Diaz, Robin Ceppos, and Nick Coker, Participating Class Members in the CA Rule 23 Settlement Class, and the State of California, shall from November 2019 through the Preliminary Approval Date, fully and finally waive, release, and forever discharge the Released Parties (as defined in Section 1(ee)) from any and all actual or potential claims, rights, or causes of action for civil penalties (and for all resulting penalties, attorneys' fees, litigation costs, interest, and any other relief) under California Labor Code Sections 2698 *et seq.*, (i) asserted in the Class Litigation or in any notices submitted to the LWDA related to the Class Litigation, or (ii) arising from, reasonably related to, or derivative of, the claims or factual allegations asserted in the Class Litigation regarding the Campaign's alleged failure to: pay minimum and overtime wages, provide proper meal and rest breaks, reimburse business expenses, provide accurate wage statements, or timely pay wages during and at termination of employment in violation of California Labor Code §§ 201, 202, 203, 204, 210 226, 226.7. 510, 512, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, or 2802.

(c)     Plaintiffs Alexandra Marie Wheatley-Diaz, Robin Ceppos, Nick Coker, and Participating Class Members in the CA Rule 23 Settlement Class expressly waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.   **Settlement Contingent on Court Approval.**

This Settlement Stipulation is contingent upon the Court's approval of the Settlement. If the Court does not grant preliminary or final approval or the Effective Date does not occur, this Settlement Stipulation may be voided at either party's option, in which case

16

this Settlement Stipulation (including its Exhibits) will become void and will not be used for any purpose in connection with any further litigation in the Class Litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in Section 19 below – including, without limitation, the obligation of Class Representatives, Discovery Participants and Class Members not to disclose (i) information or documents designated as "Confidential" in the Class Litigation, except if such information or documents were publicly filed; and (ii) information relating to the Parties' settlement negotiations – will remain in full force and effect.  In the event this Settlement becomes void, nothing in this section or in Section 19 below shall be interpreted to limit any Class Representative's, Discovery Participant's, or Class Member's ability to speak about their employment with the Campaign or participation in this Litigation, including by testifying at trial or in any post-trial proceedings, provided that such communications do not disclose information or documents designated as "Confidential" in the Class Litigation, except if such information or documents were publicly filed or information relating to the Parties' settlement negotiations. In such an event, the Parties shall resume the Class Litigation unless the Parties jointly agree to:  seek reconsideration or appellate review of the decision denying preliminary or final approval; or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

    (a)    The Class Litigation will proceed as if no settlement had been attempted. In that event, any classes certified for purposes of settlement shall be decertified, and the Campaign may contest whether this Litigation should be maintained as a class or collective action and contest the merits of the claims being asserted by the Plaintiffs in this action.

    (b)    The Settlement Administrator will provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement.  Such notice shall be mailed and emailed to the Class Members using the addresses used by the Settlement Administrator in sending the Notice Forms.

19.    **Non-Disclosure and Communications.**

    (a)    Neither the Class Representatives, Discovery Participants nor their counsel nor anyone acting at their direction, on their behalf, or in concert with them ("Restricted Parties") will make any public statements relating to the negotiation of the Settlement, including the Parties' mediation and related settlement discussions, or disclose or describe any information or documents designated as "Confidential" in the Class Litigation, except if such information or documents were publicly filed, including but not limited to by use of social media, blogs, advertising, and/or to members of the media or private organizations, unless authorized under Section 14(c) or

17

expressly permitted by Section 19(c), below. If contacted regarding this Settlement, the Restricted Parties' response shall only be to respond in accordance with the terms and information set forth in public information, including that in this Settlement Stipulation, and in no event shall they disclose or describe any information or documents designated a "Confidential" in the Class Litigation, except if such information or documents were publicly filed. Class Counsel agrees that it, and anyone acting at its direction or on its behalf, will not discuss the negotiation of this Settlement, including the Parties' mediation and related settlement discussions, or any information or documents designated as "Confidential" in the Class Litigation, except if such information or documents were publicly filed, with any individual whom they reasonably know to be current or former personnel at the Campaign, other than the Class Members in this Class Litigation or then-current clients of Class Counsel but only where necessary to comply with Class Counsel's ethical obligations. Nothing in this section is intended to limit Class Counsel's ability to respond to inquiries from former Campaign employees about participating in the Settlement that routinely arise in the course of administering class action settlements.

(b) Class Counsel will remove any reference to the dismissed claims for fraudulent inducement or promissory estopped or related allegations in the Class Litigation from its website(s) and any promotional material within (fourteen) 14 days of the date this Settlement Stipulation is fully executed.

(c) Nothing in this Settlement Stipulation shall prevent the Campaign from filing any required regulatory disclosures regarding the Class Litigation or the Parties or their counsel from complying with their obligations under the law.

(d) Class Representatives, Discovery Participants and Class Counsel will promptly notify the Campaign's Counsel of any (i) media inquiry concerning this Settlement, for the period through sixty (60) days following the Final Approval Order; and (ii) any subpoena or third-party demand seeking disclosure of information designated as "Confidential" in the Class Litigation or relating to the Parties' settlement negotiations. They shall not respond to any such media inquiry other than to state "We are pleased that the parties were able to reach a resolution." With respect to subpoenas or third-party demands, they agree not to disclose any such Confidential information until at least five (5) business days after providing such notice, except to the extent that an earlier response or production is required by court order.

20. **Return of Documents/Data.** Within sixty (60) days of the Effective Date, Class Counsel agrees to return or destroy all non-public documents and information produced by the Campaign in the Class Litigation, other than documents and/or information containing and/or covered by Class Counsel's attorney work product, and provide written

18

Docusign Envelope ID: 6C82592C-C1F2-4964-959C-68DAC382D95C

notice to the Campaign's Counsel, addressed to the attention of Elise M. Bloom, Esq., certifying that it has returned and/or destroyed all such documents.

21. **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Settlement Administrator to accomplish the terms of this Settlement Stipulation, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Stipulation.  The Parties will use their best efforts to effectuate this Settlement Stipulation, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

22. **Complete Agreement.**  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Stipulation, which contains the entire, complete, and integrated statement of all settlement terms and supersedes all previous oral or written agreements.  This Settlement Stipulation may not be amended or modified except by a writing signed by the Parties' authorized representatives.

23. **Knowing and Voluntary Agreement.**  The Parties enter into this Settlement Stipulation knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Stipulation and have consulted with legal counsel regarding the Settlement Stipulation.

24. **Notifications and Communications.**  Any notifications or communications made in connection with this Settlement Stipulation shall be sent to the Parties at the addresses of their respective counsel as follows:

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

19

*For the Class Representatives and Class Members*

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael C. Danna
Cara E. Greene
685 Third Avenue, 25th Floor
New York, New York 10017
Fax: (646) 509-2060
jms@outtengolden.com
mdanna@outtengolden.com
ceg@outtengolden.com

Jennifer Davidson
1225 New York Ave NW, Suite 1200B
Washington D.C. 20005
Telephone: 202-847-4400
Fax: (646) 509-2060
jdavidson@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Tamra Givens (admitted *pro hac vice*)
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

*For Defendant Mike Bloomberg 2020, Inc.*

**PROSKAUER ROSE LLP**
Elise M. Bloom
Noa M. Baddish
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
nbaddish@proskauer.com

Mark W. Batten (admitted *pro hac vice*)
One International Place
Boston, Massachusetts 02110
Telephone: (617) 526-9850
Fax: (617) 526-9899
mbatten@proskauer.com

**VENABLE LLP**
Nicholas M. Reiter
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Fax: (212) 307-5598
nmreiter@venable.com

.

25.    **Severability.**  If any part of this Settlement Stipulation is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Settlement Stipulation, which shall be construed, reformed and enforced to affect the purposes thereof to the fullest extent permitted by law.

26.    **Captions and Interpretations.**  Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Stipulation or any provision hereof.  Each term of this Settlement Stipulation is contractual and not merely a recital.

27.  **Binding on Assigns.**  This Settlement Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

28.  **Enforcement of Settlement Stipulation and Governing Law.**  This Settlement Stipulation will be governed by New York law.  The Parties submit to the jurisdiction of the Court for all purposes relating to the review, approval, and enforcement of this Settlement Stipulation.

29.  **Settlement Stipulation Form and Construction.**

    (a)  The terms and conditions of this Settlement Stipulation are the result of lengthy, carefully considered, arms-length negotiations between the Parties and this Settlement Stipulation shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Stipulation.

    (b)  This Settlement Stipulation may be executed in electronic counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Settlement Stipulation.

    (c)  This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Class Litigation.

30.  **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

21

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

*Donna Wood*                                    04/02/2026
_____        _____
DONNA WOOD                                          Date


_____        _____
CAELAN DOHERTY                                      Date


_____        _____
MAX GOLDSTEIN                                       Date


_____        _____
BRIDGET LOGAN                                       Date


_____        _____
JAMES KYLE NEWMAN                                   Date


_____        _____
LAKISHA WATSON-MOORE                                Date


_____        _____
TRISTAN ANGULO                                      Date


_____        _____
ALEXANDRA MARIE WHEATLEY-DIAZ             Date


_____        _____
ROBIN CEPPOS                                        Date


_____        _____
NICHOLAS COKER                                      Date


_____        _____
RODNEY SINCLAIR                                     Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____        _____
DONNA WOOD                                              Date

*Caelan Doherty*

                                                                        04/03/2026
_____        _____
CAELAN DOHERTY                                        Date


_____        _____
MAX GOLDSTEIN                                          Date


_____        _____
BRIDGET LOGAN                                          Date


_____        _____
JAMES KYLE NEWMAN                               Date


_____        _____
LAKISHA WATSON-MOORE                       Date


_____        _____
TRISTAN ANGULO                                       Date


_____        _____
ALEXANDRA MARIE WHEATLEY-DIAZ        Date


_____        _____
ROBIN CEPPOS                                             Date


_____        _____
NICHOLAS COKER                                        Date


_____        _____
RODNEY SINCLAIR                                      Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:


_____          _____
DONNA WOOD                                                    Date


_____          _____
CAELAN DOHERTY                                              Date

*Max Goldstein*
_____          04/04/2026
MAX GOLDSTEIN                                                Date


_____          _____
BRIDGET LOGAN                                                 Date


_____          _____
JAMES KYLE NEWMAN                                     Date


_____          _____
LAKISHA WATSON-MOORE                             Date


_____          _____
TRISTAN ANGULO                                             Date


_____          _____
ALEXANDRA MARIE WHEATLEY-DIAZ          Date


_____          _____
ROBIN CEPPOS                                                   Date


_____          _____
NICHOLAS COKER                                             Date


_____          _____
RODNEY SINCLAIR                                           Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____     _____
DONNA WOOD                                    Date

_____     _____
CAELAN DOHERTY                                Date

_____     _____
MAX GOLDSTEIN                                 Date

*Bridget Logan*
_____     04/02/2026
BRIDGET LOGAN                                 Date

_____     _____
JAMES KYLE NEWMAN                             Date

_____     _____
LAKISHA WATSON-MOORE                          Date

_____     _____
TRISTAN ANGULO                                Date

_____     _____
ALEXANDRA MARIE WHEATLEY-DIAZ                 Date

_____     _____
ROBIN CEPPOS                                  Date

_____     _____
NICHOLAS COKER                                Date

_____     _____
RODNEY SINCLAIR                               Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:


_____          _____
DONNA WOOD                                               Date


_____          _____
CAELAN DOHERTY                                         Date


_____          _____
MAX GOLDSTEIN                                           Date


_____          _____
BRIDGET LOGAN                                           Date

*James Kyle Newman*                                      04/02/2026
_____          _____
JAMES KYLE NEWMAN                                   Date


_____          _____
LAKISHA WATSON-MOORE                        Date


_____          _____
TRISTAN ANGULO                                         Date


_____          _____
ALEXANDRA MARIE WHEATLEY-DIAZ    Date


_____          _____
ROBIN CEPPOS                                             Date


_____          _____
NICHOLAS COKER                                        Date


_____          _____
RODNEY SINCLAIR                                       Date


22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____          _____
DONNA WOOD                                        Date


_____          _____
CAELAN DOHERTY                                  Date


_____          _____
MAX GOLDSTEIN                                    Date


_____          _____
BRIDGET LOGAN                                    Date


_____          _____
JAMES KYLE NEWMAN                         Date

*Lakisha Watson-Moore*
                                                          04/02/2026
_____          _____
LAKISHA WATSON-MOORE                  Date


_____          _____
TRISTAN ANGULO                                  Date


_____          _____
ALEXANDRA MARIE WHEATLEY-DIAZ    Date


_____          _____
ROBIN CEPPOS                                      Date


_____          _____
NICHOLAS COKER                                 Date


_____          _____
RODNEY SINCLAIR                               Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:


_____    _____

DONNA WOOD                                        Date


_____    _____

CAELAN DOHERTY                                   Date


_____    _____

MAX GOLDSTEIN                                     Date


_____    _____

BRIDGET LOGAN                                     Date


_____    _____

JAMES KYLE NEWMAN                            Date


_____    _____

LAKISHA WATSON-MOORE                     Date

*Tristan Angulo*                                      04/02/2026
_____    _____

TRISTAN ANGULO                                   Date


_____    _____

ALEXANDRA MARIE WHEATLEY-DIAZ    Date


_____    _____

ROBIN CEPPOS                                        Date


_____    _____

NICHOLAS COKER                                   Date


_____    _____

RODNEY SINCLAIR                                  Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____          _____
DONNA WOOD                                                    Date


_____          _____
CAELAN DOHERTY                                             Date


_____          _____
MAX GOLDSTEIN                                               Date


_____          _____
BRIDGET LOGAN                                               Date


_____          _____
JAMES KYLE NEWMAN                                      Date


_____          _____
LAKISHA WATSON-MOORE                             Date


_____          _____
TRISTAN ANGULO                                            Date

*Alexandra Marie Wheatley-Di*                              04/02/2026
_____          _____
ALEXANDRA MARIE WHEATLEY-DIAZ         Date


_____          _____
ROBIN CEPPOS                                                  Date


_____          _____
NICHOLAS COKER                                             Date


_____          _____
RODNEY SINCLAIR                                          Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:


_____          _____
DONNA WOOD                                        Date


_____          _____
CAELAN DOHERTY                                    Date


_____          _____
MAX GOLDSTEIN                                     Date


_____          _____
BRIDGET LOGAN                                     Date


_____          _____
JAMES KYLE NEWMAN                                 Date


_____          _____
LAKISHA WATSON-MOORE                              Date


_____          _____
TRISTAN ANGULO                                    Date


_____          _____
ALEXANDRA MARIE WHEATLEY-DIAZ                     Date

*Robin Ceppos*
_____          04/03/2026
ROBIN CEPPOS                                      Date


_____          _____
NICHOLAS COKER                                    Date


_____          _____
RODNEY SINCLAIR                                   Date


22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____     _____

DONNA WOOD                                             Date

_____     _____

CAELAN DOHERTY                                    Date

_____     _____

MAX GOLDSTEIN                                       Date

_____     _____

BRIDGET LOGAN                                       Date

_____     _____

JAMES KYLE NEWMAN                          Date

_____     _____

LAKISHA WATSON-MOORE               Date

_____     _____

TRISTAN ANGULO                                     Date

_____     _____

ALEXANDRA MARIE WHEATLEY-DIAZ     Date

_____     _____

ROBIN CEPPOS                                           Date

*Nicholas M Coker*                                          04/02/2026

_____     _____

NICHOLAS COKER                                     Date

_____     _____

RODNEY SINCLAIR                                   Date

22

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____      _____

DONNA WOOD                                                Date

_____      _____

CAELAN DOHERTY                                         Date

_____      _____

MAX GOLDSTEIN                                           Date

_____      _____

BRIDGET LOGAN                                           Date

_____      _____

JAMES KYLE NEWMAN                                 Date

_____      _____

LAKISHA WATSON-MOORE                         Date

_____      _____

TRISTAN ANGULO                                         Date

_____      _____

ALEXANDRA MARIE WHEATLEY-DIAZ       Date

_____      _____

ROBIN CEPPOS                                              Date

_____      _____

NICHOLAS COKER                                         Date

*Rodney Sinclair*                                              04/06/2026

_____      _____

RODNEY SINCLAIR                                       Date

22

OUTTEN & GOLDEN LLP

By: _____            4/7/2026
                                           Date

SHAVITZ LAW GROUP P.A.

By: _Michael Palitz_____                 April 6, 2026
                                           Date

MIKE BLOOMBERG 2020, INC.

By: _____            _____
        *[Title]*                          Date

23

OUTTEN & GOLDEN LLP

By: _____          _____
                                          Date

SHAVITZ LAW GROUP P.A.

By: _____          _____
                                          Date

MIKE BLOOMBERG 2020, INC.

Signed by:

*Thomas H. Golden*

By: _____          _____
    1815227C17114B8...                    Date