UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DONNA WOOD, et al.,

       Plaintiffs,

   -v-                               No.   20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

       Defendant.

--------------------------------------------------------x

<u>ORDER</u>

       The Court has received and reviewed Plaintiffs' unopposed motion (docket entry no. 605) which seeks, <u>inter alia</u>, preliminary approval of a proposed class and collective action settlement (docket entry no. 607-1 (the "Proposed Settlement")).  Plaintiffs in this action assert claims on behalf of multiple state law classes under Rule 23 of the Federal Rules of Civil Procedure and a nationwide collective under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.A. § 201 <u>et seq.</u> (Westlaw through P.L. 119-93).[1]

       As the parties are aware, a Rule 23 class member typically must opt out of a class-wide settlement to avoid being bound by it, <u>Medina v. NYC Harlem Foods Inc.</u>, No. 21-CV-1321-VSB, 2022 WL 1184260, at *3 (S.D.N.Y. Apr. 21, 2022), while a FLSA collective member must opt in to a collective action by filing written consent to join, 29 U.S.C. § 216(b).  Here, the Proposed Settlement is brought on behalf of both the state law classes and the FLSA collective, and it

---

[1]     There are seven state law classes in the <u>Wood</u> action (docket entry no. 506, at 27), and for settlement purposes Plaintiffs now seek to consolidate <u>Wood</u> and <u>Sinclair v. Mike Bloomberg 2020, Inc.</u>, 20-CV-4528-LTS (S.D.N.Y.), bringing the total number of state law classes to eight.

collectively refers to all Plaintiffs as "Participating Class Members" and treats them "identically." (Docket entry no. 606 at 8 n.4.) This presents two potential issues for which the Court requires additional clarification.

First, because the Proposed Settlement treats all Participating Class Members identically, it uses the same method to calculate all their settlement payments, regardless of whether "[a]n individual . . . belong[s] to the FLSA Settlement Collective, one of the Rule 23 Settlement Classes, or both[.]" (See Proposed Settlement § 5.) This means that "no person will receive more than one payment for the same Full Workweek, and any amounts attributable to overlapping membership will be combined into a single Participating Class Member Payment," even if a Member has potentially viable claims under both the FLSA and state law. (Id.)

Second, the Proposed Settlement provides that, by failing to opt out of the Proposed Settlement, all Participating Class Members agree to release all claims arising under both federal and state law, including FLSA claims. (See id. §§ 1(dd), 17 ("Release Provision").) A potential consequence of the Release Provision is that some Participating Class Members who fail to opt out of the Proposed Settlement could lose the right to bring a FLSA claim, even if they never opted into the FLSA collective. Courts in this Circuit evaluating comparable provisions have found them "legally incorrect" because "an individual who chooses not to opt in" to a FLSA collective "cannot then be held to have released his or her FLSA claims by a collective settlement." Rodpracha v. Pongsri Thai Rest. Corp., No. 14-CV-02451-DF, 2020 WL 9423920, at *1-2 (S.D.N.Y. Aug. 18, 2020); see also Medina, 2022 WL 1184260, at *4. Other courts have directly revised the parties' settlement papers to clarify that "FLSA rights are not affected unless a FLSA Opt-In and Consent Form is filed." Morales v. Rochdale Vill., Inc., No. 15-CV-502-SJB, 2019 WL 9197991, at *7 (E.D.N.Y. Dec. 6, 2019).

WOOD – ORDER                          JUNE 2, 2026                                    2

The Court directs the plaintiffs to file a supplemental brief, no later than **14 days** from the entry of this Order, that addresses the following issues:

(1)    whether it is fair and appropriate under Rule 23 and the FLSA to use an identical methodology to calculate settlement payments for all Participating Class Members, notwithstanding the fact that Participating Class Members may belong to both the FLSA collective and a Rule 23 state law class.  The supplemental memorandum must address why it is appropriate to compensate all plaintiffs out of one qualified settlement fund rather than creating separate settlement funds for FLSA claims and state law claims.

(2)    whether the law permits the release of FLSA claims for no separate consideration and by persons who did not opt into the FLSA collective.

The supplemental brief shall not exceed **8 pages** in length.

SO ORDERED.

Dated: New York, New York
        June 2, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge