UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONNA WOOD, et al.,

Plaintiffs,

-v- No. 20-CV-2489-LTS-GWG

MIKE BLOOMBERG 2020, INC.,

Defendant.

-------------------------------------------------------x

ORDER

Currently before the Court is Plaintiffs' motion (docket entry no. 605) seeking preliminary approval of a proposed class and collective action settlement (docket entry no. 607-1 (the "Proposed Settlement")). On June 2, 2026, the Court issued an Order directing the parties to file a supplemental memorandum of law to address the following issues:

(1) whether it is fair and appropriate under Rule 23 and the FLSA to use an identical methodology to calculate settlement payments for all Participating Class Members, notwithstanding the fact that Participating Class Members may belong to both the FLSA collective and a Rule 23 state law class; and

(2) whether the law permits the release of FLSA claims for no separate consideration and by persons who did not opt into the FLSA collective.

(Docket entry no. 610 ("June Order") at 3.)

The Court has received Plaintiffs' supplemental memorandum of law. (Docket entry no. 611 ("Supplemental Memorandum" or "Supp. Mem.")). Having carefully reviewed the Supplemental Memorandum, the Court is persuaded that the Proposed Settlement may fairly and

appropriately use an identical methodology to calculate settlement payments for all Participating Class Members.

The Court is not persuaded, however, that the law permits release of FLSA claims for no separate consideration and by persons who did not opt into the FLSA collective. As the Court previously explained in the June Order, "courts in this Circuit evaluating comparable provisions" to the Release Provision of the Proposed Settlement (Proposed Settlement §§ 1(dd), 17 ("Release Provision")) have found such provisions "'legally incorrect' because 'an individual who chooses not to opt in' to a FLSA collective 'cannot then be held to have released his or her FLSA claims by a collective settlement.'" (June Order at 2 (quoting Rodpracha v. Pongsri Thai Rest. Corp., No. 14-CV-02451-DF, 2020 WL 9423920, at *1 (S.D.N.Y. Aug. 18, 2020)).) The Supplemental Memorandum focuses on the likely practical consequences (or the lack thereof) of its Release Provision, the clear notice Settlement Class Members will receive regarding the opt-out process, and the extensive compromise and negotiation that preceded the Proposed Settlement. (Supp. Mem. at 3-5.) While these arguments are well taken, the Supplemental Memorandum still does not demonstrate that the Court has legal authority to approve an opt-out settlement that releases FLSA claims for individuals who never affirmatively opted into a FLSA collective.

Accordingly, Plaintiffs have not convinced the Court that the Release Provision in its current form comports with the opt-in requirement of the Fair Labor Standards Act. In their Supplemental Memorandum, Plaintiffs requested that the Court permit the parties to confer and submit a revised Proposed Settlement that addresses this issue. Plaintiffs anticipate that the revised agreement would "provide that each settlement check issued to a Participating Class Member who did not previously opt into the litigation will contain language describing the relevant information on the back of the check, such that endorsement of the check serves as agreement to opt into the action

and release their FLSA claims." (Supp. Mem. at 5-6.) It appears that such a back-of-the-check FLSA opt-in and release procedure, if the language is sufficiently prominent and clear, would comport with the FLSA. See Solis v. OrthoNet LLC, No. 19-CV-4678-VSB, 2022 WL 19694459, at *1 (S.D.N.Y. Mar. 28, 2022).

The Court has carefully reviewed all the materials submitted in connection with the Proposed Settlement and is prepared to grant preliminary approval of the Proposed Settlement, subject to revision of the Release Provision. The parties are therefore directed to confer and submit a revised Proposed Settlement that addresses the need for Settlement Class Members to affirmatively release their FLSA claims. The parties are also directed to revise the notice forms and any other relevant submissions in a manner consistent with the revised Proposed Settlement. The parties shall submit blackline and redline copies of the revised Proposed Settlement and related submissions as soon as possible, but no later than **21 days** from the entry of this Order.

SO ORDERED.

Dated: New York, New York
July 8, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge