**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA WOOD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | Case No. 20-cv-2489 (LTS)(GWG) |
| RODNEY SINCLAIR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | Case No. 20-cv-4528 (LTS)(GWG) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF A MASSACHUSETTS CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF PLAINTIFFS' <u>PROPOSED REVISED NOTICE OF SETTLEMENT</u>**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion to Consolidate Cases and for Preliminary Approval of Class and Collective Action Settlement, Certification of a Massachusetts Class for Settlement Purposes, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant agreed, for settlement purposes only, not to oppose the motion.

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of their Unopposed Motion to Consolidate and for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Revised Settlement Agreement ("Settlement Stipulation") between Plaintiffs and Defendant Mike Bloomberg 2020, Inc. ("Campaign" or "Defendant"), attached to Plaintiffs' July 28, 2026 Letter (docket entry no. 615) as Exhibit 1.

2. Pursuant to Federal Rule of Civil Procedure 42(a), the Court finds that the *Wood* and *Sinclair* matters satisfy the requirements for consolidation for the limited purposes of settlement approval, and consolidates the two actions. The Court further finds that the *Wood* matter shall be designated the lead case for the purpose of settlement approval and related filings.

3. The Court finds that the Settlement Stipulation satisfies the requirements for preliminary approval outlined in Federal Rule of Civil Procedure 23(e) and *City of Detroit v. Grinnell Corp*., 495 F.2d 448 (2d Cir. 1974). Specifically, after review of those requirements, the Court concludes that the proposed Settlement Stipulation is within the range of possible settlement approval such that notice to the Class is appropriate, in light of the complexity, costs, stage of proceedings, risks, and recovery.

4. The Court further finds that the Class Representatives and Class Counsel have adequately represented the Settlement Classes; the Settlement Stipulation is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions, with the assistance of a private mediator; the relief provided is adequate; and the proposed Settlement treats Settlement Class Members equitably.

5. For settlement purposes only, the Court provisionally certifies the following Massachusetts Class under Fed. R. Civ. P. 23(e): All individuals who worked as a Field Organizer for the Campaign in Massachusetts between November 7, 2019 and April 30, 2020.

6. For settlement purposes only, the Court finds that Plaintiff and the Massachusetts Settlement Class meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). The Court appoints Plaintiff Sinclair as the Class Representative of the Massachusetts Class, and appoints Outten & Golden LLP and Shavitz Law Group, P.A. as Massachusetts Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7. The Court approves, as to form and content, the proposed Revised Notice of Settlement (docket entry no. 615-3) subject to the additional changes marked on the Notice pages appended hereto as Exhibit A, the Request for Exclusion form (docket entry no. 607-3), and the Reminder Notices (docket entry no. 607-4).

8. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the distribution of the Notice Package in accordance with the Settlement Stipulation.

9. The Court approves CAC Services Group, LLC as the Settlement Administrator.

10. Pursuant to the Settlement Stipulation, within seven (7) days after the Preliminary Approval Date, the Settlement Administrator shall prepare and mail the notices required by 28 U.S.C. § 1715, and Class Counsel shall notify the California Labor and Workforce Development Agency of the Settlement pursuant to California Labor Code section 2699(l)(2).

11. Class Members may object to the Settlement by following the instructions described in the Settlement Stipulation and Notice.

12. Settlement Collective and Class Members may exclude themselves from the

Settlement by following the instructions described in the Settlement Stipulation and Notice.

13. Plaintiffs will file their Motion for Final Approval of Settlement at least fourteen (14) days prior to the fairness hearing. Class Counsel will also file their motion for attorneys' fees, litigation costs and expenses, and Service Awards at least fourteen (14) days prior to the fairness hearing. Class Counsel will also file a motion for designation of a cy pres recipient at least fourteen (14) days prior to the fairness hearing.

14. The Court will hold a final fairness hearing on **January 12, 2027 at 2:30 PM** at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 17C. The hearing may be adjourned or rescheduled from time to time in the Court's discretion, with notice being put on the Court docket.

15. This Order resolves docket entry no. 605. This action and the related action, Sinclair v. Mike Bloomberg 2020, Inc., 20-CV-4528-LTS-GWG, shall be consolidated pursuant to the Order filed contemporaneously herewith. This Order resolves docket entry no. 605.

It is so ORDERED this 4th day of August, 2026.

/s/ Laura Taylor Swain

Hon. Laura Taylor Swain
Chief United States District Judge

# Exhibit A

<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS>> <<ADD ADDRESS 2>>
<<CITY>> <<STATE>> << ZIP>>
<<COUNTRY>>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# NOTICE OF PROPOSED CLASS & COLLECTIVE ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.*

**You are receiving this notice because records reflect that you are a Collective and/or Class Member in the lawsuits** *Wood v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ. 2489 (LTS) (GWG) (the "Wood Matter") or *Sinclair v. Mike Bloomberg, 2020, Inc.*, Case No. 20 Civ. 4528 (the "Sinclair Matter"). **These lawsuits were brought on behalf of Field Organizers employed by Mike Bloomberg 2020, Inc. (referred to as the "Campaign" in this notice). Records indicate that you were a Field Organizer in [insert state]** from **[start date]** to **[end date]**. The Campaign's records reflect that you worked **[insert number]** full workweeks for the Campaign.

A proposed settlement has been reached currently pending in the United States District Court for the Southern District of New York. Because your rights may be affected by this Settlement, it is important that you read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| PARTICIPATE IN THE SETTLEMENT | If you do nothing, you will receive your share of money under the settlement and be bound by the settlement and its release of claims. Your share of the settlement is estimated to be **[insert amount]**, before any applicable tax withholdings, based on the Campaign's records that you worked **[insert number]** full workweeks for the Campaign and subject to the conditions explained in Section 7 below.<br><br>Payments will be made via check and mailed to you at the address listed below in Section___.<br>• If no address is shown in Section __, you must provide an address by [**insert date**].<br>• If the address shown in Section __, is incorrect, you should provide an updated address to avoid issues receiving your check by [**insert date**]. |
| OPT-OUT OR EXCLUDE YOURSELF FROM THE SETTLEMENT | If you do not wish to participate in this settlement, you must follow the instructions in this Notice and submit a Request for Exclusion Form available by [**60 days after notice date**] as explained in Section __ below. Your rights will be affected if you exclude yourself as explained in Section __ below. |

| | |
|---|---|
| **OBJECT** | If you do not exclude yourself from the settlement but do not believe that the settlement is fair and reasonable, you may write to the Court to tell them why. Written objections must be submitted to the Court by **[insert date]**. If the Court rejects your objection, you will be bound by the terms of the settlement. |

## BASIC INFORMATION

### 1. What is the purpose of this notice?

This notice is to inform you that the Court has preliminarily approved a proposed settlement of the Wood Matter and the Sinclair Matter and to give you information about your legal rights under the settlement. Because you have been identified as a Collective and/or Class Member in one of these cases you are eligible to receive money from the settlement if you worked at least one full workweek for the Campaign as a Field Organizer.

The Court has scheduled a hearing on whether to grant final approval of the settlement on **[insert date/time]** at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10017-1312, Courtroom 17C. The hearing may be conducted in person or remotely via video or telephone conference. The date of the hearing may change without further notice to the class, so check the settlement website or the Court's Public Access to Court Electronic Records ("PACER") website (see Section __, below) to confirm the date and whether the hearing will be conducted in person or remotely.

The Campaign's records show that you previously worked as a Field Organizer for the Campaign. This notice is intended to inform you of the class action and collective action settlement and your options: (1) participate in the settlement, (2) request to be excluded from the settlement, or (3) object to the settlement. You have legal rights and options that you may exercise within the next 60 days. Chief Judge Laura Taylor Swain of the United States District Court for the Southern District of New York is overseeing this class action. The lawsuits are known as *Wood v. Mike Bloomberg 2020, Inc.*, Case No. 20-Civ-2489 and *Sinclair v. Mike Bloomberg, 2020, Inc.*, Case No. 20 Civ. 4528.

### 2. What is this lawsuit about and why did it settle?

This lawsuit is primarily about whether Field Organizers were misclassified by the Campaign as exempt from overtime laws and have the right to claim additional overtime compensation for hours worked in excess of 40 hours per week. The Plaintiffs also alleged that they were promised employment through the end of November 2020 and that the Campaign's termination of their employment once the Campaign ended prior to that date violated the law. The Campaign denies violating any laws and contends that Field Organizers were not entitled to overtime and that their employment was at-will and no promises were made to guarantee FOs employment through a date certain or to alter the at-will nature of their employment.

Even though the parties believe their respective claims and defenses are strong, they have decided to settle to avoid further burdens and risks associated with litigation. The Plaintiffs and their attorneys, who are referred to as "Class Counsel," believe the settlement benefits former Field Organizers because it ensures that class and collective members will recover money without the delay that would result if the parties were going to continue to litigate the case. The Court overseeing the lawsuit has "preliminarily approved" the settlement as fair. The Court will make a final decision regarding the settlement's fairness at the hearing described in Section __ below.

## 3. What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Donna Wood, Caelan Doherty, Max Goldstein, Bridget Logan, James Kyle Newman, Lakisha Watson-Moore, Tristan Angulo, Alexandra Marie Wheatley-Diaz, Robin Ceppos, Nick Coker, and Rodney Sinclair) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued—and all the class members like them—are called the Plaintiffs. The employer they sued (in this case Mike Bloomberg 2020, Inc.) is called the Defendant. Individual class members do not have to file a lawsuit to participate in the class action. Class members who do not exclude themselves will be bound by any judgment or settlement in the case. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

The Court in this case certified Classes of Field Organizers who worked in California, Illinois, Massachusetts, Michigan, Minnesota, New York, North Carolina, and Wisconsin. The Classes in this case are defined in Section __ below. If you worked for the Campaign as a Field Organizer in one of these states and did not previously request to be excluded from the class, then you are a Class Member.

## 4. What is the FLSA Collective?

In cases involving FLSA claims, the court can certify what is known as a "collective action." A collective action is very similar to a class action described above in that a plaintiff may bring their claims on behalf of similarly situated employees. In a litigation, the chief difference between the two is that persons are not automatically included in an FLSA collective. Instead, persons who want to be included in an FLSA collective and be bound by any settlement or judgment must affirmatively "opt in" by giving written consent to the court. The Court in this case certified a Collective and individuals were given the opportunity to join. The settlement described in this notice is on behalf of the individuals who joined, or opted into, the litigation, as well as members of the Classes. Even if you have not previously joined the collective, if you receive and cash your settlement payment check, you will be joining the collective.

The FLSA Settlement Collective is defined in Section __ below.

## 5. Who is in the classes in this case?

This case involves multiple Rule 23 classes and the FLSA collective defined as follows:

- **FLSA Settlement Collective**: All individuals who, prior to the Preliminary Approval Date, filed written consents to join the Class litigation and worked as an FO for the Campaign between November 7, 2019 and April 30, 2020, and all individuals who do not opt out of this litigation who sign or negotiate settlement checks received in this settlement.

- **CA Rule 23 Settlement Class**: All individuals who worked as an FO for the Campaign in California between November 7, 2019 and April 30, 2020, and who did not opt out of the California Class.

- **IL Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Illinois between November 7, 2019 and April 30, 2020, and who did not opt out of the Illinois Class.

- **MA Rule 23 Settlement Class**: All individuals who worked as an FO for the Campaign in Massachusetts between November 7, 2019 and April 30, 2020. The Parties will ask the Court to certify the MA Rule 23 Settlement Class for settlement purposes only.

- **MI Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Michigan between November 7, 2019 and April 30, 2020, and who did not opt out of the Michigan Class.

- **MN Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Minnesota between November 7, 2019 and April 30, 2020, and who did not opt out of the Minnesota Class.

- **NY Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in New York between November 7, 2019 and April 30, 2020, and who did not opt out of the New York Class.

- **NC Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in North Carolina between November 7, 2019 and April 30, 2020, and who did not opt out of the North Carolina Class.

- **WI Rule 23 Settlement Class:** All individuals who worked as an FO for the Campaign in Wisconsin between November 7, 2019 and April 30, 2020, and who did not opt out of the Wisconsin Class.

You may be a member of the FLSA Settlement Collective, one or more state Rule 23 Settlement Classes, or both. You do not need to take action to be included in a class. If you do not opt out, you will receive one payment covering all applicable claims and workweeks.

### 6. Who represents the classes?

The court appointed the law firms Outten & Golden LLP and Shavitz Law Group, P.A. as class counsel to represent the Settlement Class and Collective Members as defined in Section __ above. Contact information for the lead attorneys working on the case from these firms is listed below:

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael C. Danna
Jennifer Davidson
Jon Ostrowsky
jms@outtengolden.com
mdanna@outtengolden.com
jdavidson@outtengolden.com
jostrowsky@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Tamra Givens
Michael Palitz
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com
mpalitz@shavitzlaw.com

If you want to be represented by your own lawyer, you are free to hire one at your own expense.

## THE SETTLEMENT BENEFITS

### 7. What are the benefits under the proposed settlement?

The Campaign has agreed to pay a total of six million dollars ($6,000,000.00) to settle the case (the "maximum settlement amount"). If you do not opt-out, you will receive a share of this money based on estimates of the number of full workweeks that you worked for the Campaign.

The following amounts will be deducted from the maximum settlement amount: (i) any court-awarded

attorneys' fees and costs (which will be no more than $4,200,000.00); (ii) any court-awarded service payments for the class representatives (which will not exceed **[insert amount]**); (iii) the fees and expenses for settlement administration; and (iv) the **[insert amount]** allocated to California's Labor and Workforce Development Agency for the PAGA penalty.

Your settlement share is estimated to be **[insert amount]**, prior to applicable tax withholdings. The settlement administrator has calculated the amount for each participating class member based on a formula that takes into account the number of full workweeks the individual worked as a Field Organizer for the Campaign. A full workweek means the Campaign's designated seven-day workweek running from Saturday to Saturday during which the Field Organizer worked at least five (5) days for the Campaign. After the amounts identified above are deducted from the maximum settlement amount, the settlement administrator will allocate a pro rata share of the remaining amount to each participating class member based on the number of full workweeks calculated for each individual. The settlement administrator will then calculate the portion of such pro rata share to be remitted to taxing authorities, including the Campaign's share of payroll, and shall submit those amounts to taxing authorities, and pay the remainder to each participating class member.

The number of full workweeks we have determined that you worked are shown on Page 1 of this notice.

The estimate of your payment on this notice represents the gross amount you will receive if the Court approves the settlement, assuming the following: (1) all of the potential deductions from the maximum settlement amount set forth above are approved by the Court; (2) no potential class or collective member requests exclusion from the settlement; and (3) there is no change to the number of full workweeks originally identified for each class member. The estimate will not guarantee any specific recovery. The final amount you may receive may be different than the estimate.

Be aware that a portion of your settlement payment has been characterized as "back wages" and is subject to mandatory withholding for federal, state and local payroll taxes. The net amount of your settlement payment will depend on how much is required to be withheld for taxes, as well as other mandatory deductions that might apply like garnishments, tax liens and child support. If you have any questions regarding any issues related to taxes, please check with your tax professional.

## 8. What am I giving up in return for receiving the settlement benefits?

In order to receive the monetary benefits, participating class members and FLSA collective members must give the Released Parties (defined below) a release of claims. A release of claims is where one party agrees to give up legal claims (or causes of action) he has against another party in exchange for something of value. A release operates to cut off the releasing party's ability to sue the released party on the released claims.

The claims and parties you will release if you do not exclude yourself from the settlement are described in detail in the settlement agreement. In summary:

*"Released Parties" means (a) the Campaign, its past and present affiliates, related entities, employee benefit and/or pension plans or funds, successors and assigns, and any and all of its or their respective past and present officers, directors, candidates, chairpersons, co-chairpersons, managers, employees, consultants, contractors, service providers, representatives, attorneys, insurers, fiduciaries, agents, predecessors, administrators, and assigns (whether acting as agents for the Campaign, its affiliates or related entities, or in their individual capacities) and (b) Michael Bloomberg and his heirs, beneficiaries, trustees, administrators, executors, agents, assigns, and legal representatives.*

*"Released Claims" means any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities of any kind – whether arising under federal, state, or local*

*statute, regulation or ordinance, including, but not limited to, the Fair Labor Standards Act, the California Labor Code, California's Unfair Competition Law, the California Private Attorney General Act, the Illinois Minimum Wage Law, Mass. Gen. L. c. 149, §§ 148-150, Mass. Gen. L.c. 151, the Minnesota Fair Labor Standards Act, the New York Labor Law, the North Carolina Wage and Hour Act, Wisconsin Statute §§ 103 and 104 et seq., Wis. Admin Code § DWD 274.03, and common law, including but not limited to, contract, quasi-contract, tort, or equity – that are based on, arise out of, or relate to an FO's employment with the Campaign, including without limitation, claims related to recruitment, hiring, payment of wages, classification, hours worked, overtime, wage payments, benefits, and/or separation from employment as well as any other such claims that were alleged or could have been alleged in the Class Litigation based on, or arising out of, or related to the same factual predicate as the Class Litigation, including, but not limited to, any claim for breach of contract, promissory estoppel or fraudulent inducement alleging that the Campaign promised or represented that FO employment would be for a fixed or minimum term or continue through a certain date/event, or that early termination would entitle an FO to continued pay or other benefits. any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities of any kind – whether arising under federal, state, or local statute, regulation or ordinance; common law (contract, quasi-contract tort or otherwise), or equity – that are based on, arise out of, or relate to an FO's employment with the Campaign, including without limitation claims related to recruitment, hiring, payment of wages, classification, hours worked, wage payments, benefits, and/or separation from employment as well as any other such claims that were alleged or could have been alleged in the Class Litigation based on, or arising out of, or related to the same factual predicates as the Class Litigation. Without limiting the foregoing, this release includes any claim alleging that the Campaign promised or represented that FO employment would be for a fixed or minimum term or continue through a certain date/event, or that early termination would entitle an FO to continued pay or other benefits.*[1]

If you are a member of a Rule 23 Settlement Class but not the FLSA Settlement Collective, you will not release any claims under the Fair Labor Standards Act unless you deposit, cash, or otherwise negotiate your settlement check and sign the CONSENT TO JOIN AND RELEASE OF CLAIMS paragraph on the back of the check. If you do not exclude yourself from the settlement and do not deposit, cash, or otherwise negotiate your settlement check, you will still release the claims describe above, **except for** claims under the Fair Labor Standards Act.

Participating class members in the California Rule 23 Settlement Class expressly waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

## 9. How will class counsel be paid?

[1] This release may include claims in two putative class actions against Mike Bloomberg 2020, Inc., filed in June 2025, are pending. Those cases involve claims of breach of contract and statutory claims for alleged unpaid wages but do not include any misclassification/overtime claims. One case is a nationwide class action pending in the U.S. District Court for the District of Massachusetts, and the other is pending in Massachusetts State Court: *Sipp-Alpers v. Mike Bloomberg 2020, Inc.*, No. 25-cv-11822 (D. Mass.) and *Doty v. Mike Bloomberg 2020, Inc.*, No. 2581-cv-01556 (Mass. Super. Ct.). In the federal action, the Campaign moved to dismiss all but one plaintiff's claims in their entirety, and certain state law claims, and the Campaign's motion remains pending. In the state court action, the court granted the Campaign's motion to dismiss the wage claims. No class certification motion has been filed in either case, and no class has been certified.

Class counsel will request an award of attorneys' fees and costs up to $4,200,000.00. Class counsel's motion for an award of fees and costs will include the final amount of fees and costs requested and the supporting law and facts. The motion will be filed with the Court by **[insert date]** and will be posted at **[insert website]**. The Court will determine the actual amounts to award to class counsel for fees and costs after the final approval hearing once it has ensured the amounts are reasonable. The settlement administrator will pay any Court-awarded attorneys' fees and costs directly from the maximum settlement amount.

### 10. Are there any other payments to Class or Collective Members?

In addition to any amount they are entitled to receive by participating in the settlement, the Class Representatives who brought this lawsuit will ask the Court to approve "service awards" for themselves and other individuals who participated in the litigation by giving deposition testimony. Service awards are amounts given to individuals who bring and advance a class action to recognize the risk they took in bringing the lawsuit and the effort they put into advancing the interests of the class by doing things like answering written discovery and sitting for depositions. The Class Representatives will request awards of $12,500 for each Class Representative and $1,500 for additional individuals who participated in discovery. The motion for incentive awards will be filed with the Court by **[insert date]** and will be posted at **[insert website]**. The Court will decide the actual amount, if any, of the incentive award to be given to each Class Representative after the final approval hearing.

## Your Rights and Options

### 11. What are my options under the settlement?

You have several options: (1) participate in the settlement and receive your share of the net settlement fund; (2) participate in the settlement but object by submitting a written objection; or (3) opt-out of the settlement by submitting a request for exclusion. Details about each option and how each option will affect your legal rights are explained below. You can both participate in the settlement and object, but if you opt-out of the settlement, you cannot participate in the settlement or object.

### 12. How do I participate in the settlement and receive money from it?

If you do not opt out, once the settlement approval process and administration process is finalized you will be sent a check for your pro rata portion of the settlement proceeds to the below listed address:

**[insert address]**

*If no address is shown above, contact the administrator to provide an address at [email] or [phone number].*

If you are a member of one of the state settlement classes and the FLSA settlement collective, you will only receive one settlement payment.

Payments will be made after final approval and after the settlement becomes "effective." The settlement will become effective after the time for appealing the Court's decision granting final approval of the settlement has passed or, if an appeal is filed, after all appeals are finally resolved in favor of final approval.

If you do not cash your settlement check within 90 days of receipt, we will consider your share "unclaimed" and the unclaimed funds will be paid to a Court-appointed charity under the doctrine of "*cy pres*." The parties have asked the Court to appoint **[insert organization]** as the *cy pres* awardee in this case, and the Court will consider the matter at the final approval hearing.

If the Court grants final approval of the settlement, no amount of money will be returned to the Campaign under any circumstances. In other words, every penny of the maximum settlement amount will go to participating class and collective members, their counsel, settlement administration costs, the PAGA penalties and any *cy pres* awardee.

## 13. What if I have an objection to the settlement?

Participating class and collective members who do not submit a request for exclusion may object to the settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement described in this Notice. If the Court denies approval, no settlement payments will be made and the lawsuit will continue.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly state your name and identify the case name and number (*Wood v. Mike Bloomberg 2020, Inc.*, Case No. 20 Civ2489 and *Sinclair v. Mike Bloomberg, 2020, Inc.*, Case No. 20 Civ. 4528), (b) be submitted to the Court by mailing them to [**insert contact**] on or before [**response deadline**].

EVEN IF YOU OBJECT, YOU WILL BE CONSIDERED TO HAVE PARTICIPATED IN THE SETTLEMENT AND WILL RECEIVE YOUR SHARE OF THE SETTLEMENT FUND AND BE BOUND BY THE RELEASE OF CLAIMS IF THE COURT APPROVES THE SETTLEMENT OVER YOUR OR ANY OTHER OBJECTION.

## 14. How do I exclude myself from (opt out of) the class?

If you do not want to be included in the class, you need to "opt out" by sending the attached Request for Exclusion Form by email or mail to the settlement administrator by [**response deadline**].

You may submit the Request for Exclusion Form by email or mail it to the settlement at the email or mailing address listed below:

**INSERT ADMINISTRATOR MAILING ADDRESS**

**INSERT ADMINISTRATOR E-MAIL ADDRESS**

## 15. What happens if I exclude myself (opt out of) the class?

If you timely submit a Request for Exclusion, you will not be a class or collective member. You will not participate in these proceedings or the settlement. You will not be subject to the release of claims or receive any money from the settlement.

## 16. What happens if I previously excluded myself from this class action?

If you previously submitted a valid request for exclusion, you are not eligible to participate in the settlement. All previously submitted requests for exclusion will remain in effect and you will not be subject to the release of claims or receive any money from the settlement.

**17. What happens if I stay in the class or collective?**

Settlement class and collective members will be bound by the settlement and the judgment the Court enters in the case. If finally approved, the settlement agreement will have the same force and effect on absent class or collective members as if each of them had signed it personally. This includes any applicable release of claims. If you are a member of one of the Settlement Classes or the Settlement Collective as defined in Section __, unless you timely request exclusion, the release of claims applies to you regardless of whether you accept payment under the settlement or object. However, if you are a member of one of the Settlement Classes but not the Settlement Collective, and you do not timely request exclusion, you will not release any Fair Labor Standards Act claims unless you deposit, cash, or otherwise negotiate your settlement check.

**18. How do I update my contact information, receive an electronic payment or update my location/dates of employment/number of workweeks?**

Please visit **[insert website]** by [**the response deadline**] and follow the instructions if you need to do any of the following:

- Update your email or physical mailing address; or
- Report an inaccuracy in the work location, dates of employment or number of full workweeks we have listed for you on Page 1 of this notice. If you claim that you are eligible for additional workweeks, the settlement administrator will determine whether you are eligible for any additional claimed workweeks based on review of the Campaign's records and consultation with class counsel. You will be informed of the decision to accept or reject any additional claimed workweeks, and the settlement administrator's will be final.

## THE FINAL APPROVAL HEARING

**19. When and where will the court decide whether to approve the settlement?**

The court will hold a final approval hearing at _____ ___.m on _____, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10017-1312, Courtroom 17C. The hearing may be conducted in person or remotely via video or telephone conference. At the hearing, the Court will listen to anyone who wishes to speak in support of or in opposition to the settlement and will consider whether the settlement is fair, reasonable and adequate. The Court will also consider class counsel's request for attorneys' fees and costs and the request for the class representative's service awards. The Court may reschedule the final approval hearing without further notice to the class. Please check the settlement website or the Court's Public Access to Court Electronic Records ("PACER") website at https://efc.sdny.uscourts.gov to confirm the date and whether the hearing will be conducted in person or remotely.

WHILE YOU ARE WELCOME TO ATTEND THE FINAL APPROVAL HEARING EITHER PERSONALLY OR BY COUNSEL HIRED AT YOUR OWN EXPENSE, YOU DO NOT NEED TO APPEAR. CLASS COUNSEL WILL APPEAR AT THE HEARING ON BEHALF OF THE SETTLEMENT CLASSES, INCLUDING YOU.

## GETTING MORE INFORMATION

## 20. How do I get more information?

This notice only summarizes the proposed settlement. You can find the settlement agreement and other important documents in the case on the settlement website: << website >>.

You may access the Court docket and any other publicly filed documents in this case, for a fee, through the Court's PACER system at https://efc.sdny.uscourts.gov or in person without charge by visiting the office of the Clerk of Court for the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10017-1312 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

If you have questions about the settlement, please contact class counsel (contact information in Section __, above) or the Court-appointed settlement administrator **[insert name and contact information].**