UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE MIKE BLOOMBERG 2020, INC

MASTER FILE
No. 20-CV-2489-LTS-GWG

This Document Relates To: All Actions

-------------------------------------------------------x

ORDER

The Court has received the parties' joint letter motion (docket entry no. 608 (the "Motion")). The Motion seeks to maintain under seal a side letter ("Side Letter") that sets forth the numerical opt-out threshold referenced in Section 14(i) of the Stipulated Settlement Agreement (docket entry no. 615-1 (the "Settlement")). Section 14(i) is a so-called "blow-up provision," which provides Defendant the option to terminate the Settlement if the proportion of class members who opt out of the Settlement exceeds the threshold specified in the Side Letter.

Because there is a strong presumption of public access to judicial documents, courts may permit a party to file documents under seal only if the party can overcome that strong presumption and, even then, sealing and redactions must be "narrowly tailored." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). However, in class action settlements, the opt-out threshold in blow-up provisions is commonly maintained under seal. See, e.g., Friedman v. Guthy-Renker, LLC, No. 2:14-CV-06009-ODW-AGRX, 2016 WL 5402170, at *3 (C.D. Cal. Sept. 26, 2016) (collecting cases). Courts have found that the public's interest in accessing the opt-out threshold is relatively low because the threshold is unlikely to have any bearing on whether the lion's share of class members individually decide to opt out. Id. at *2. The risks associated with disclosure of the opt-out threshold, on the other hand, are

significant. Id. In particular, "[c]lass action litigation is riddled with 'professional objectors': attorneys for class members who extort additional payments from the parties in exchange for not delaying or tanking the whole settlement. . . . Publicly disclosing the opt-out threshold would practically invite professional objectors to threaten the settlement by soliciting opt-outs." Id.

Like many other courts who have considered this issue, including courts within this Circuit,[1] the Court finds that sealing is appropriate here because the parties' interests in keeping the opt-out threshold confidential outweigh the public interest in knowledge of that threshold. The Court further finds that the parties' sealing request is appropriately tailored. The Settlement itself publicly discloses the blow-up provision, explains how it operates, and references the Side Letter. (See Settlement § 14(i).) The sole information the parties seek to maintain under seal is the numerical opt-out threshold itself, which is the information that, if disclosed, would risk creating perverse incentives for third parties. The Court thus finds that the sealing request is properly founded and narrowly tailored as required under Lugosch, 435 F.3d at 124.

---

1 See, e.g., Hasemann v. Gerber Prods. Co., No. 15-CV-2995-EK-JAM, 2025 WL 2979545, at *8 n.11 (E.D.N.Y. May 2, 2025) (permitting plaintiffs to file opt-out threshold in sealed side letter because "[c]onfidentiality 'prevents third parties from utilizing' the blow up provision 'for the improper purpose of obstructing the settlement and obtaining higher payouts'" (citation omitted)); In re 3D Sys. Sec. Litig., No. 21-CV-1920-NGG-TAM, 2024 WL 50909, at *13 (E.D.N.Y. Jan. 4, 2024) (same); see also 4 Newberg and Rubenstein on Class Actions § 13:6 (6th ed.) ("While courts generally prefer that such material terms be transparent to the class, a settlement that reveals the provision without revealing the trigger point is not fatal to settlement approval.")

Accordingly, the parties' Motion to maintain the Side Letter under seal is granted, and the Side Letter (docket entry no. 609) shall be maintained under seal with Court- and party-level access only. This Order resolves docket entry no. 608.

SO ORDERED.

Dated: New York, New York
August 7, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge