UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE MIKE BLOOMBERG 2020, INC

MASTER FILE
No. 20-CV-2489-LTS-GWG

This Document Relates To: All Actions

-------------------------------------------------------x

ORDER

The Court has received and reviewed the letter filed by Shannon Liss-Riordan on August 14, 2026 (docket entry no. 616), the parties' joint submissions in response to that letter (docket entry nos. 621, 622), and Ms. Liss-Riordan's further reply (docket entry no. 623 (the "Liss-Riordan Reply")). While it is recognized by all that Ms. Liss-Riordan does not have individual standing to formally object to the Settlement Agreement, her submissions raise an issue of sufficient concern that the Court requires further response from the parties before they may proceed with distribution of the notice and settlement.

Specifically, the Liss-Riordan Reply identifies a line of cases wherein courts have declined to approve FLSA collective action and Rule 23 class action settlements that contained release provisions that the courts found overbroad. (Liss-Riordan Reply at 3.) Those courts held that, in class settlements involving FLSA claims and state wage-and-hour claims, release provisions may waive only future wage-and-hour claims and may not "waive practically any possible claim against the defendants." See, e.g., Sanders v. CJS Sols. Grp., LLC, No. 17-CV-3809-ER, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018) (collecting cases). These courts were particularly disinclined to approve such overbroad releases when they were non-mutual. Id. Courts in this District have rejected these releases pursuant to "their duty to 'police unequal

bargaining power between employees and employers.'" Id. (quoting Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016)).

By **September 21, 2026**, the parties are directed to file a submission that (1) addresses the permissible scope of release provisions in cases involving FLSA and wage-and-hour claims and (2) establishes the propriety of the Settlement Agreement's release provision. That submission shall not exceed 7 pages in length. Upon receipt and review of the further submission, the Court will take the matter under advisement. The stay of distribution of the notice of the proposed class settlement shall remain in place pending further order of the Court.

SO ORDERED.

Dated: New York, New York
September 11, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge